UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| D. George Sweigert, a/k/a *David George Sweigert*, | ) C/A: 2:18-1633-RMG-BM ) ) |
| Plaintiff, | ) ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| Jason Goodman, | ) ) ) |
| Defendant. | ) |

This is a civil action filed by the D. George Sweigert, also known as David George Sweigert, pro se, and is before the Court for pre-service review. See 28 U.S.C. § 1915(e)(2)(B); In re Prison Litigation Reform Act, 105 F.3d 1131, 1134 (6th Cir.1997)[pleadings by non-prisoners should also be screened]. Although Plaintiff is not proceeding in forma pauperis, this filing is nonetheless subject to review pursuant to the inherent authority of this Court to ensure that a plaintiff has standing; that subject matter jurisdiction exists; and that a case is not frivolous.[1] See Ross v. Baron, 493 F. App'x 405, 406 (4th Cir. Aug. 22, 2012); Fitzgerald v. First East Seventh St. Tenants Corp., 221 F.3d 362, 363–64 (2d Cir. 2000); see also Pillay v. INS, 45 F.3d 14, 16–17 (2d Cir. 1995)[noting that although 28 U.S.C. § 1915(d) was not applicable where a pro se party filed an appeal and paid the filing fee, the court had "inherent authority, wholly aside from any statutory warrant, to dismiss an appeal or petition for review as frivolous"]. Therefore, this Complaint is subject to review pursuant to the inherent authority of this Court to ensure that subject matter jurisdiction exists and that the case is not frivolous. See, e.g., Carter v. Ervin, No. 14–0865, 2014

---

[1] Pre-screening under 28 U.S.C. § 1915 is inapplicable in pro se, non-prisoner, fee-paid cases. See Bardes v. Magera, C/A No. 2:08-487-PMD-RSC, 2008 WL 2627134, at *8–10 (D.S.C. June 25, 2008) [finding persuasive the Sixth Circuit's opinion in Benson v. O'Brian, 179 F.3d 1014 (6th Cir. 1999), that § 1915(e)(2) is inapplicable to actions that are not pursued in forma pauperis].



WL 2468351 (D.S.C. June 2, 2014), appeal dism'd, 585 F. App'x 98 (4th Cir. 2014); Cornelius v. Howell, No. 06–3387, 2007 WL 397449, *3 (D.S.C. Jan. 8, 2007), adopted by, 2007 WL 4952430 (D.S.C. Jan. 30, 2007), aff'd, 251 F. App'x 246 (2007), cert. denied, 553 U.S. 1057 (2008).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow for the development of a potentially meritorious case. See Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)); Hughes v. Rowe, 449 U.S. 5, 9 (1980). Even so, the requirement of liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009) [outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"]. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Background

In his rambling Amended Complaint, Plaintiff appears to be attempting to assert claims pursuant to the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961–1968. Plaintiff, a citizen of California, states that Defendant Jason Goodman, a citizen of



2

New York, is the owner of Multimedia System Design, Inc., which operates the CrowdSource the Truth (CSTT) internet website. Plaintiff alleges that there is a racketeering pattern of a CSTT journalist claiming to have specialized access to sensational information, an assertion that a reporter/researcher is in danger from deep state operatives because of the research efforts, broadcasts by CSTT of the need for money, targeting of those who question the need for funds with actions directed to ruin the questioner's reputation, and financial gain by the enterprise from silencing its critics. Amended Complaint, ECF No. 5 at 4.

Plaintiff discusses a "dirty [radioactive] bomb" threat made concerning an inbound container ship (the Maersk Memphis) at the Wando Terminal of the Charleston, South Carolina port on June 14, 2017. He alleges that the United States Coast Guard (USCG) shortly thereafter attributed the bomb threat to a "Midwestern conspiracy theorist" (Id. at 2), but failed to find the true perpetrator of the bomb hoax. Plaintiff claims that Goodman and his "associates," including Plaintiff's brother George Webb Sweigert (also known as George Webb) and CSTT were responsible for spreading information and rumors that lead to the bomb threat (allegedly based on information provided to George Webb Sweigert by a contract FBI informant). Plaintiff contends that the Defendant and others (Plaintiff has not named any of these other persons as defendants to this action) pose as investigative journalists, intelligence experts, or researchers, and that they fabricate news reports or "junk science" and coordinate attacks on individuals. Plaintiff claims that the Defendant and his associates have harassed and humiliated him[2] by discrediting Plaintiff's articles and a book

---

[2]It should be noted that courts have found that RICO claims for injuries of harassment and humiliation fail on the ground that such injuries are "not [of] the sort ... cognizable under RICO." Savine–Rivas v. Farina, 1992 WL 193668, at *3 (E.D.N.Y. Aug. 4, 1992); see also Burdick v. Am. Exp. Co., 865 F.2d 527, 529 (2d Cir. 1989) [interference with business and ability to earn living are
(continued...)



3

he wrote about the Charleston Port incident, wrongly accusing him of committing crimes, and wrongly accusing him of protecting pedophiles. Id. at 40, 42. He requests injunctive relief and monetary damages. Id. at 41-42.

## Discussion

This court can raise the issue of venue sua sponte. See Feller v. Brock, 802 F.2d 722, 729 n. 7 (4th Cir.1986); Magic Toyota, Inc. v. Southeast Toyota Distribs., Inc., 784 F.Supp. 306, 321 (D.S.C.1992). Plaintiff has failed to allege sufficient facts to indicate that venue is proper in the District Court for the District of South Carolina. In general, venue is only proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

A plain reading of the Amended Complaint reveals that the District of South Carolina does not satisfy any of the subsections of 28 U.S.C. § 1391(b) for venue to be proper in this District. Defendant is alleged to be a citizen of New York. Although Plaintiff complains about the dirty bomb hoax at the Wando port, the only allegations of activities taken by the Defendant in South Carolina are that the Defendant allegedly placed a telephone call to the USCG on June 14, 2017. While

---

²(...continued)
"type[s] of harm [that are] simply too remotely related to the predicate acts of mail and securities fraud to support a claim under RICO"]).



Plaintiff also asserts claims about incidents that occurred both prior to and after the bomb threat, the majority of the Defendant's alleged actions were taken in or from New York, with other incidents allegedly occurring in the District of Columbia, Maryland, and places other than South Carolina.

In a RICO action, the general venue provision as well as the RICO venue provision apply. Because venue is not proper here pursuant to § 1391 and because Plaintiff also purports to bring a RICO claim,³ venue must also be analyzed under the RICO venue provision that states:

> Any civil action or proceeding under this chapter against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs.

18 U.S.C. § 1965(a). Plaintiff has not alleged that the Defendant transacts any business in South Carolina, has an agent here, resides here, or may be "found" in this state. Consequently, venue is not proper under 18 U.S.C. § 1965(a).⁴

A district court has the power to dismiss an action, or if it is in the interest of justice, transfer an action if venue is improper in the transferor court. See 28 U.S.C. § 1406(a). A court may also transfer a case to any other district where it might be brought "[f]or the convenience of parties and witnesses, in the interests of justice." 28 U.S.C. § 1404(a). The Court may transfer venue under either 28 U.S.C. § 1404(a) or § 1406(a), or both. See In re Carefirst of Md., Inc., 305 F.3d 253,

---

³A plaintiff seeking civil damages under RICO must allege and prove four elements: "(1) conduct [causing injury to business or property], (2) of an enterprise, (3) through a pattern, (4) of racketeering activity." Sedima S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479, 496 (1985).

⁴Nor has Plaintiff alleged facts indicating that the RICO "ends of justice" provision should apply for venue to be proper in this court. See 18 U.S.C. § 1965(b)["In any action under section 1964 of this chapter in any district court of the United States in which it is shown that the ends of justice require that other parties residing in any other district be brought before the court, the court may cause such parties to be summoned, and process for that purpose may be served in any judicial district of the United States by the marshal thereof."].



5

255–56 (4th Cir. 2002). Accordingly, as venue is not proper in the District of South Carolina, and in the interests of justice, this case should be transferred to the appropriate federal district court where venue is proper. Indeed, because venue is improper by statute, Plaintiff's choice of venue is almost immaterial to the analysis, and under 28 U.S.C. § 1406(a), if Plaintiff desires to maintain his action, transfer is virtually mandated. See Blevins v. Pension Plan, No. 10-3261, 2011 WL 2670590, at *7 (D.S.C. July 8, 2011).

It appears that this action could have been brought in New York, where the Defendant is located, where the majority of the alleged acts giving rise to this case occurred, and where, presumably, records and other evidence relevant to this action are maintained. See 28 U.S.C. § 1391. Transfer to the District Court for the Southern District of New York would also be at no substantial cost to the Defendant or to the judicial system, while by transferring the case, Plaintiff is saved the additional time and expense of refiling. The interests of justice also weigh in favor of transferring this action, as transferring this case is in keeping with the goal of allowing cases to be decided on their substantive merits, as opposed to being decided on procedural grounds. See Goldlawr v. Heiman, 369 U.S. 463, 466-467 (1962); Dubin v United States, 380 F.2d 813, 815 (5th Cir. 1967). Therefore, it is recommended that this action be transferred to the United States District Court for the Southern District of New York.

Finally, because the Court has raised the issue of transfer of venue sua sponte, before transferring the case the Plaintiff must be given an opportunity to be heard before a final decision on transfer is rendered. "It is well established that a federal district court has the power to make a sua sponte transfer of venue under 28 U.S.C. § 1404(a) to another district where the case could have been brought" when the parties have notice and have had "the opportunity to brief the issue." See



6

ING Bank N.V. v. Temara, No. JKB-15-1488, 2016 WL 67254, at *2 (D. Md. Jan. 5, 2016); Feller v. Brock, 802 F.2d at 729 n.7 ["Although a motion by one of the parties is ordinarily required for transfer, the district court may consider the possibility of transfer sua sponte. If the matter is raised sua sponte, the parties deserve an opportunity to be heard before a decision is rendered."]; see also Magic Toyota, Inc. v. Southeast Toyota Distribs., Inc., 784 F.Supp at 321; Sadighi v. Daghighfekr, 36 F. Supp. 2d 267, 278 (D.S.C. 1999). **Plaintiff's opportunity to file timely objections to this Report and Recommendation is considered to be the required opportunity to be heard under Feller before a final decision on transfer is rendered by the district judge.** Cf. Harmon v. Sussex County, No. 17-2931, 2017 WL 6506396, at n. 1 (D.S.C. Nov. 13, 2017), adopted by 2017 WL 6498165 (D.S.C. Dec. 19, 2017).

### Motions to Show Cause, Motion to Dismiss, and Motion to Strike

On July 5, 2018, Plaintiff filed a motion to show cause in which he appears to argue that the Defendant should be held to have constructive notice of the filing of this action based on Defendant's alleged internet broadcast concerning the original Complaint filed in this action. Plaintiff also filed a motion to show cause on July 9, 2018, in which he appears to request that this Court issue an injunction to stop the Defendant from broadcasting Plaintiff's alleged copyrighted material. Defendant, proceeding pro se, filed a motion to dismiss on August 3, 2018, arguing that this action should be dismissed for improper service, lack of standing, and failure to state a claim. Plaintiff then filed a motion to strike the motion to dismiss on August 13, 2018. On August 28, 2018, Plaintiff filed a motion for leave to supplement his second motion to show cause.

Service of process has not yet been authorized in this case, and the Clerk of Court has not issued a summons for Plaintiff to serve Defendant. See Fed. R. Civ. P. 4 [Summons]; see also



7

General Order In Re: Procedures in Civil Actions Filed by Non-Prisoner Pro Se Litigants, No. 3:07-mc-5015-JFA (D.S.C. Sept. 18, 2007)[Procedures in Civil Actions Filed by Non-Prisoner Pro Se Litigants). Thus, any service of process by Plaintiff is premature, as are his motions to show cause and to amend his motion to show cause, his motion to strike, as well as the Defendant's motion to dismiss. It is therefore recommended that Plaintiff's motions to show cause and for leave to amend his motion to show cause (ECF Nos. 7, 8, and 17), Defendant's motion to dismiss (ECF No. 9), and Plaintiff's motion to strike (ECF No. 12), all be denied without prejudice.

### Recommendation

Based on the foregoing, it is recommended that Plaintiff's motions to show cause, to strike, and for leave to amend his motion to show cause (ECF Nos. 7, 8, 12, and 17) and Defendant's motion to dismiss (ECF No. 9) be denied, without prejudice, and that this case be transferred in the interests of justice to the United States District Court for the Southern District of New York for further handling.

Plaintiff's attention is directed to the important notice on the next page.

Bristow Marchant
United States Magistrate Judge

August 29, 2018
Charleston, South Carolina



### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

