IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

JURISDICTION

| | |
|---|---|
| D. GEORGE SWEIGERT,<br><br>Plaintiff,<br><br>vs.<br><br>JASON GOODMAN,<br><br>Defendant | Case No.: 1:18-cv-08653-UA<br><br>DEFENDANT'S ANSWER TO AMENDED COMPLAINT |

**DEFENDANT'S ANSWER TO AMENDED COMPLAINT**

Comes now Defendant Jason Goodman, Pro Se, in answering the allegations of the Amended Complaint on file herein, affirms, denies and alleges ad follows:

**AFFIRMATIVE DEFENSE**

Plaintiff's cause of action fails to state a claim for relief

Answering the allegations of page 1 of the Amended Complaint, lines 13 – 24 Defendant denies involvement in a wire fraud or racketeering scheme.

Answering the allegations of page 2 of the Amended Complaint, lines 4 – 8 Defendant lacks sufficient knowledge to form a belief about the truth of Plaintiff's allegation because the FBI and Coast Guard have refused to share information with regard to the nature or existence of any investigation into the alleged matters.

Answering the allegations of page 2 of the Amended Complaint, lines 9 – 11 Defendant denies the accusation that Defendant was the "chief architect of the public hysteria" .

Answering the allegations of page 2 of the Amended Complaint, lines 12 – 13 Defendant denies the existence of any agreement related to a business partnership with the alleged Midwestern Conspiracy theorist, Plaintiff's brother George Webb Sweigert.

DEFENDANT'S ANSWER TO AMENDED COMPLAINT - 1

Answering the allegations of page 2 of the Amended Complaint, lines 14 – 18 Defendant lacks sufficient knowledge to form a belief about the truth of Plaintiff's allegation because the Defendant was not present for the alleged events and has no information about what was asked or answered, and the FBI has not confirmed or denied any details of the alleged investigation.

Answering the allegations of page 2 of the Amended Complaint, lines 19 – 21 Defendant denies any involvement in illegal racketeering activities.

Answering the allegations of page 2 of the Amended Complaint, lines 22 – 28 Defendant denies involvement in the alleged activities.

Answering the allegations of page 3 of the Amended Complaint, lines 1 – 4 Defendant lacks sufficient knowledge to form a belief about the truth of Plaintiff's allegation because the U.S. Government has not confirmed or denied any details of the alleged investigation.

Answering the allegations of page 3 of the Amended Complaint, lines 5 – 17 Defendant admits that the U.S. Government has never acknowledged any culpability on the part of the alleged racketeering players.

Answering the allegations of page 4 of the Amended Complaint, lines 3 and 4, Defendant admits that viewers of the video program Crowdsource the Truth (CSTT) do financially sponsor the program with credit card and other forms of payment.

Answering the allegations of page 3 of the Amended Complaint, lines 17 – 28 Defendant Plaintiff's allegations and denies involvement with the alleged activities.

Answering the allegations of page 4 of the Amended Complaint, line 5, Defendant denies raising $20,000 per month.

Answering the allegations of page 4 of the Amended Complaint, line 6 through 28 , Defendant denies all allegations therein.

Answering the allegations of page 5 of the Amended Complaint, line 1 - 24, Defendant lacks sufficient knowledge to form a belief about the truth of Plaintiff's allegation .

Answering the allegations of page 5 of the Amended Complaint, line 25 through page 6 line 23, Defendant admits that the press reported Coast Guard received reports of a possible radiological threat on board the Maersk Memphis freight vessel in the Port of Charleston, SC.

DEFENDANT'S ANSWER TO AMENDED COMPLAINT - 2

1   Answering the allegations of page 6 of the Amended Complaint, line 24 through Page 8 line18, Defendant
2   lacks sufficient knowledge to form a belief about the truth of Plaintiff's allegation.
3   Answering the allegations of page 8 of the Amended Complaint, line 19 through 27, Defendant denies
4   Plaintiff's allegations.
5   Answering the allegations of page 9 of the Amended Complaint, line 1 through 14, Defendant lacks
6   sufficient knowledge to form a belief about the truth of Plaintiff's allegations and is unable to determine the
7   authenticity of exhibits.
8   Answering the allegations of page 9 of the Amended Complaint, line 15 through 19, Defendant admits
9   Plaintiff has become publicly critical of Defendant and Defendant's actions and associates.
10   Answering the allegations of page 9 of the Amended Complaint, line 20 through Page 10 line 19,
11   Defendant denies Plaintiff's allegations.
12   Answering the allegations of page 10 of the Amended Complaint, line 20 through Page 11 line 1,
13   Defendant admits association with the listed entities.
14   Answering the allegations of page 11 of the Amended Complaint, line 2 through 3, Defendant denies
15   Plaintiff's allegations.
16   Answering the allegations of page 11 of the Amended Complaint, line 4 through page 12 line 2, Defendant
17   denies Plaintiff's allegations.
18   Answering the allegations of page 12 of the Amended Complaint, line 2 3, Defendant admits to residing at
19   252 7th avenue apt 6s new York ny 10001.
20   Answering the allegations of page 12 of the Amended Complaint, line 4 through page 13 line 3, Defendant
21   denies Plaintiff's allegations.
22   Answering the allegations of page 13 of the Amended Complaint, line 4 through 24, Defendant admits
23   George Webb Sweigert was the primary source of information to the Defendant and is the Plaintiff's brother.
24   Answering the allegations of page 13 of the Amended Complaint, line 24 through page 15 line 4,
25   Defendant denies Plaintiff's allegations
26   Answering the allegations of page 15 of the Amended Complaint, line 5 through page 16 line 22,
27   Defendant denies Plaintiff's allegations.
28

DEFENDANT'S ANSWER TO AMENDED COMPLAINT - 3

Answering the allegations of page 16 of the Amended Complaint, line 23 through 28, Defendant admits he had not learned Okey Marshall Richards' true identity until April 2018 many months after the alleged incident.

Answering the allegations of page 17 of the Amended Complaint, line 1 and 2 Defendant lacks sufficient knowledge to form a belief about the truth of Plaintiff's allegation because the Defendant is still not aware of the true identity of other individuals Defendant was led to believe were working with Richards.

Answering the allegations of page 17 of the Amended Complaint, line 3 through 15 Defendant denies Plaintiff's allegations.

Answering the allegations of page 17 of the Amended Complaint, line 16 and 17 Defendant admits that Quinn Michaels has accused Plaintiff of protecting pedophiles as part of the "Red Covenant Church" or Process Church.

Answering the allegations of page 17 of the Amended Complaint, line 18 through 28 Defendant lacks sufficient knowledge to form a belief about the truth of Plaintiff's allegation because the Defendant has no direct understanding or evidence of the Artificial Intelligence programming, capabilities or activities claimed by Quinn Michaels.

Answering the allegations of page 18 of the Amended Complaint, line 1 through 14 Defendant denies Plaintiff's allegations.

Answering the allegations of page 18 of the Amended Complaint, line 15 through 16 Defendant admits he has repeatedly made public claims of his innocence of Plaintiff's criminal allegations against Defendant.

Answering the allegations of page 18 of the Amended Complaint, line 17 through page 20 line 8 Defendant denies Plaintiff's allegations.

Answering the allegations of page 20 of the Amended Complaint, line 9 through 15 Defendant admits he owns an active corporation titled Multimedia System Design, INC which also has an active and authorized D.B.A. 21st Century 3D.

Answering the allegations of page 20 of the Amended Complaint, line 16 through page 18 Defendant lacks sufficient knowledge to form a belief about the truth of Plaintiff's allegation because the Defendant is unaware of Plaintiff's attempts to locate information Plaintiff claims he is unable to find.

Answering the allegations of page 20 of the Amended Complaint, line 19 through 28 Defendant admits he worked in Hollywood and was a highly respected member of the international motion picture production community

DEFENDANT'S ANSWER TO AMENDED COMPLAINT - 4

who was frequently invited to speak around the world on various aspects of motion picture production and cinematographic techniques.

Answering the allegations of page 21 of the Amended Complaint, line 1 through 14 Defendant denies allegations of fraudulent statements and denies ever making any representation that Crowdsource the Truth (CSTT) is or was a corporation or D.B.A.

Answering the allegations of page 21 of the Amended Complaint, line 15 through page 22 line 8 Defendant denies Plaintiff's allegations.

Answering the allegations of page 22 of the Amended Complaint, line 9 through page 25 line 4 Defendant denies Plaintiff's allegations, due to material misrepresentation of facts related to the actions. Defendant acted out of an abundance of caution based on the best information available at the time and the serious and devastating nature of the perceived threat.

Answering the allegations of page 25 of the Amended Complaint, line 4 through page 27 line 3 Defendant denies Plaintiff's allegations.

Answering the allegations of page 27 of the Amended Complaint, line 4 through page 29 line 9 Defendant denies Plaintiff's allegations of fraudulent representation. Additionally, reporting and commentary on information from Vesselfinder.com is covered by the Fair Use clause of the Digital Millennium Copyright act and Plaintiff has no standing to make claims on behalf of the owners of Vesselfinder.com.

Answering the allegations of page 29 of the Amended Complaint, line 10 through page 30 line 6 Defendant denies Plaintiff's allegations of involvement in murder for hire. Plaintiff's reliance on unsubstantiated claims from anonymous YouTube account holders such as "Billy Bob" speaks directly to the speculative nature and overwhelmingly inaccurate and unfounded nature of nearly all claims in this matter.

Answering the allegations of page 30 of the Amended Complaint, line 1 through 6 Defendant lacks sufficient knowledge to form a belief about the truth of Plaintiff's allegation because it addresses alleged actions of a person Defendant has no control over or direct relationship with and relies on speculation Defendant cannot verify.

Answering the allegations of page 30 of the Amended Complaint, line 8 through page 31 line 25 Defendant denies the allegations.

DEFENDANT'S ANSWER TO AMENDED COMPLAINT - 5

1  Answering the allegations of page 32 of the Amended Complaint, line 1 through 12 Defendant denies
2  Plaintiff's allegations, Defendant has no influence over, nor any unusual access to resources of the FBI beyond that
3  of a normal citizen calling the public phone number of the FBI to file a complaint.
4  Answering the allegations of page 32 of the Amended Complaint, line 13 through 17 Defendant admits to
5  contacting the New York field office of the FBI and receiving a return call from Special Agent Brittany Custer. The
6  statement of "extreme interest" was a matter of Defendant's opinion based on the prompt response from FBI and
7  lengthy phone call during which testimony was given. .
8  Answering the allegations of page 32 of the Amended Complaint, line 18 through page 33 line 9 Defendant
9  admits that the ongoing, excessive and irresponsible activities of Plaintiff have raised public awareness of Plaintiff's
10 false allegations to the point that other members of the public, including Seth Abramson have made defamatory
11 public commentary on the matter.
12 Answering the allegations of page 33 of the Amended Complaint, line 10 through 12 Defendant admits that
13 the Plaintiff's brother George Webb Sweigert did, independently of Defendant, arrange a YouTube based
14 fundraising campaign to benefit former FBI Special Agent Robyn Gritz.
15 Answering the allegations of page 33 of the Amended Complaint, line 12 through 13 Defendant denies any
16 foreknowledge of George Webb Sweigert's fund raising activities or coordination with George Webb Sweigert in
17 the alleged regard. Defendant further denies any affiliation with George Webb Sweigert during the time frame
18 specified. Retired special agent Robyn Gritz has never to Defendant's knowledge appeared on video with George
19 Webb Sweigert and Retired special agent Robyn Gritz has never appeared on video with Defendant Goodman and
20 George Webb Sweigert together or in any coordinated campaign.
21 Answering the allegations of page 33 of the Amended Complaint, line 14 through 20 Defendant denies
22 Plaintiff's allegations. Defendant has no access to and has never attempted to access FBI resources in any regard
23 beyond calling public telephone numbers to file complaints in the standard method any member of the public is
24 legally allowed.
25 Answering the allegations of page 33 of the Amended Complaint, line 21 through page 35 line 15
26 Defendant denies Plaintiff's allegations. Plaintiff's brother George Webb Sweigert was once again the primary
27 source of information in the event referenced as "Who Spoofed The Seth Rich Files?" The entire incident represents
28 an effort to damage the reputation of Defendant Goodman and chill his journalistic endeavors. It was learned in less

DEFENDANT'S ANSWER TO AMENDED COMPLAINT - 6

than 24 hours that the allegedly important exciting new material had been released into the public domain months prior, and this was just a dummy file intended to make Defendant look foolish or dishonest to the public viewing audience and deliberately damage Defendant's reputation. Furthermore, even if the alleged files were stolen by a third party and delivered to Defendant through Patricia Negron (also introduced to Defendant by Plaintiff's brother George Webb Sweigert) Defendant's actions are protected by the legal precedent set in *New York Times Co. v. United States*, 403 U.S. 713.

Answering the allegations of page 35 of the Amended Complaint, line 16 through page 36 line 6, Defendant denies Plaintiff's allegations. Defendant was contacted by Laurel Everly by telephone having no prior knowledge of this individual. Laurel Everly had watched Defendant's broadcasts on YouTube and requested that Defendant interview her to share her story. Defendant drove Everly to U.S. Capitol Police HQ in Washington D.C. and had no direct physical contact with the evidence or decision-making power with regard to Everly's evidence or the actions of U.S. Capitol Police.

Answering the allegations of page 36 of the Amended Complaint, line 7 through page 36 line 15, Defendant denies making any videos or acting in coordination with George Webb Sweigert in the way described at the specified time. In fact, Plaintiff's brother George Webb Sweigert was actively working against the efforts of Defendant to protect Laurel Everly as a journalistic source and provide her evidence to the proper authorities. False accusations against Laurel Everly and her family members, including the use of fake names, fake identities and commissions of crimes were made exclusively by Plaintiff's brother George Webb Sweigert and are falsely attributed to Defendant in the Amended Complaint.

Answering the allegations of page 36 of the Amended Complaint, line 16 through page 37 line 16, Defendant admits to interviewing the attorney of now convicted fraudster Imran Awan in public, outside the courthouse at 333 Constitution Avenue in Washington D.C. Plaintiff's disparaging mischaracterization of this interview speaks to his desire to suppress the 1st Amendment and chill Defendant Goodman's ongoing journalistic efforts.

Answering the allegations of page 37 of the Amended Complaint, line 17 through page 38 line 20, Defendant denies any knowledge of the activities or motivations of Jenny Moore. Defendant spoke to Jenny Moore on one occasion only when Moore (previously unknown to Defendant) introduced herself at a public press conference in Washington D.C. on July 10, 2018. Defendant Goodman had no communication with Moore prior to

DEFENDANT'S ANSWER TO AMENDED COMPLAINT - 7

1. or after this meeting and nothing of consequence was discussed beyond cordial greetings. This allegation is yet
2. another attempt to blame actions taken by associates of Plaintiff and Plaintiff's brother George Webb Sweigert on
3. Defendant. Defendant has no firsthand knowledge of Jenny Moore's alleged employment as a law enforcement
4. officer. Defendant Goodman has no firsthand knowledge of her alleged service of process to Imran Awan beyond
5. what is available in the public domain via her own YouTube broadcasts. Defendant Goodman's YouTube channel
6. has over 68,000,000 regular viewers and any information Moore would have required with regard to Goodman's
7. ongoing activities could have been gleaned from viewing Defendant's daily broadcasts on YouTube.
8.     Answering the allegations of page 38 of the Amended Complaint, line 21 through 26, Defendant admits
9. visiting the law offices of Gowen, Silva and Winnograd on June 11, 2018 prior to 9 am, waiting for employees to
10. arrive and speaking with attorney Jesse Winnograd. https://www.youtube.com/watch?v=tx-jK8xH-WU&t=143s
11. Through the process of investigative journalism Defendant learned that Imran Awan was working for his defense
12. attorney in the midst of a case that included allegations of fraud, hacking and other serious crimes. The defense
13. attorney spoke with Defendant voluntarily.
14.     Answering the allegations of page 39 of the Amended Complaint, line 1 through 28 Defendant admits that
15. journalist Jenny Moore also visited Gowen, Winnograd and Silva on Jun 11, 2018
16. https://www.youtube.com/watch?v=icU6Yj2H4nQ at what appears to be sometime after 9 am because Mr.
17. Goodman is not seen, the lights in the office are on and the sky outside is much darker than it was on the same day
18. when Goodman was therre. Rather than a coordinated effort as Plaintiff alleges, this is very possibly a response by
19. Moore to Goodman's earlier video and further indication that the indictment of Imran Awan as an IT aide to
20. members of congress is a matter of public interest worthy of journalistic attention. Plaintiffs efforts in this lawsuit
21. are further evidence of his intention to chill journalistic efforts, hinder the 1st amendment of the constitution and
22. entrap journalists in false criminal allegations.

DEFENDANT'S ANSWER TO AMENDED COMPLAINT - 8

**JURY DEMAND**

Defendant demands trial by jury on all issues so triable.

Respectfully submitted

*[signature]*

Jason Goodman, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
truth@crowdsourcethetruth.org

DEFENDANT'S ANSWER TO AMENDED COMPLAINT - 9