1  D. GEORGE SWEIGERT, C/O
   P.O. BOX 152
2  MESA, AZ 85211



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
(FOLEY SQUARE)

| | |
|---|---|
| D. GEORGE SWEIGERT<br><br>Plaintiff,<br><br>vs.<br><br>JASON GOODMAN<br><br>And<br><br>PATREON, INC. (proposed)<br><br>Defendants | Case No.: 1:18-cv-08653-UA<br><br>JURY TRIAL DEMANDED<br><br>MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF PLAINITIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT PER FRCP 15(A) |

1. In this Federal RICO action, Plaintiff seeks to AMEND the present operative complaint, (Doc. No. 5, filed 06/29/2018 [herein the **South Carolina AC**]). As the Court is aware, certain legal issues have been created by the CHANGE OF VENUE as articled in the decision of the U.S. District Judge (Doc. No. 27, 09/17/2018 [**herein ORDER**]) and the recommendation of the U.S. Magistrate (Doc. No. 22, 08/29/2018).

2. Accordingly, the Plaintiff has conducted a rigorous review of the laws of the State of New York (N.Y. State); which includes N.Y. State Consolidated Laws **Penal Law - PEN § 460.00** (herein **N.Y. State RICO**). Following the review of the laws in the state of New York (N.Y.) the plaintiff notes that New York has a state racketeering law, while South Carolina does not.

3. The plaintiff now requests the leave of the Court to correct the legal deficiencies of the South Carolina **AC** in light of N.Y. racketeering law (as South Carolina has no such equivalent law).

4. Additionally, the South Carolina summons was never been issued by the South Carolina Clerk of the Court and the operative South Carolina **AC** was not stamped by the Clerk and returned to the Plaintiff. Therefore these South Carolina documents have **not** been served upon the Defendant Goodman. The Court should

1
MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR
LEAVE TO FILE AMENDED COMPLAINT PER FRCP 15(A)

note that the Plaintiff attempted to rectify this service irregularity with his "PRACIPE TO RE-ISSUE SUMMONS" filed as Docket No. 16, 08/28/2018 (with an attached declaration).

5. Meanwhile, Goodman has filed an answer to the South Carolina **AC** (Doc. No. 35, 10/10/2018 [herein **ANSWER**]). Prior to filing his ANSWER the Defendant had only submitted one (1) pleading seeking a dismissal of this case (doc. No. 10, 08/06/2018); Defendant's MOTION to DISMISS. Defendant's MOTION to DISMISS was dismissed without prejudice as articulated in the South Carolina judge's ORDER; quoting in relevant part:

> III.   Discussion
>
> The Court finds that the Magistrate Judge ably addressed the issues raised by Plaintiff's and Defendant's motions and correctly concluded, to which the Plaintiff has not objected, that each motion should be denied as premature. Federal Rule of Civil procedure 4 dictates that the Plaintiff present a properly completed summons to the clerk, who must issue it for service on the Defendant. Here, no summons has been issued and, therefore, service of process by Plaintiff is premature. As a result, Plaintiff's motions are also premature, as is Defendant's motion to dismiss.

6. Therefore Defendant's ANSWER is premature.

7. Other harmless errors present in this case have been addressed in the analogous *Wash. v. N.Y. City Bd. of Estimate*, 709 F.2d 792, 795 (2d Cir.1983). In this instance, the Plaintiff is attempting to correct the legal deficiencies of the South Carolina **AC** in the context of New York law, and to correct the procedural and administrative deficiencies (no summons issued by the South Carolina Clerk).

8. Defendant Goodman will not be prejudiced by the Court's approval of this instant MOTION FOR LEAVE TO AMEND as the Defendant has prematurely filed his ANSWER in the shadow of the judge's ORDER dismissing such pleadings as premature until personal service accomplished pursuant to F.R.C.P. Rule 4. Defendant proceeded at his own peril in the shadow of the judge's ORDER to file a premature ANSWER prior to awaiting personal service as required by F.R.C.P. Rule 4. The Defendant is therefore not prejudiced by this motion.

9. The reverse is true for the Plaintiff, who will be prejudiced by the Court's failure to approve the request to file a Second Amended Complaint. The initial South Carolina complaint and **AC** (filed as a matter of right per FRCP Rule 15(a)) were crafted for the jurisdiction serving the Port of Charleston, S.C. The judge's ORDER of Change of Venue has deposited the Plaintiff's pleadings into the State of New York, which has its own form of a state racketeering law. The operative South Carolina complaint needs to be aligned with New York State

1 | racketeering law. The Plaintiff should be allowed to make appropriate adjustments as necessary to correct the legal
2 | deficiencies created by N.Y. law in the new jurisdiction.

3 | Dated this day of October 12, 2018

4 |                                           Respectfully submitted.

5 | *[signature]*
6 | D. GEORGE SWEIGERT
    Pro se non-attorney acting as a private attorney general
    for this public interest lawsuit

3

**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT PER FRCP 15(A)**

U.S. POSTAGE $12.90
PRML 0006
Orig: 95835
Dest: 10007
10/12/18
11113386

PRIORITY MAIL 2-Day®
1 Lb 8.30 Oz
0006
C014

EXPECTED DELIVERY DAY: 10/15/2018

USPS TRACKING NUMBER
9505 5265 4437 8285 3026 98

D. SWEIGERT, C/O
BOX 152
MESA, AZ 85211

200

PRO SE DIVISION
Clerk of the Court
U.S. District Court for the SDNY
(FOLEY SQUARE)
500 Pearl Street
New York, New York 10007-1312

PRIORITY MAIL★
TRACKED ★★★ INSURED
UNITED STATES POSTAL SERVICE®
For Domestic and International Use
Label 107R, May 2014

PRIORITY MAIL★
TRACKED ★★★ INSURED
UNITED STATES POSTAL SERVICE®
For Domestic and International Use
Label 107R, May 2014