D. GEORGE SWEIGERT, C/O
P.O. BOX 152
MESA, AZ 85211

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
(FOLEY SQUARE)

| | |
|---|---|
| D. GEORGE SWEIGERT<br><br>Plaintiff,<br><br>vs.<br><br>JASON GOODMAN<br><br>And<br><br>PATREON, INC. (proposed)<br><br>Defendant | Case No.: 1:18-cv-08653-UA<br><br>PLAINTIFF'S MOTION PURSUANT TO FRCP RULE 12(F) TO STRIKE DEFENDANT'S "COUNTER-CLAIM" |

### PLAINTIFF'S MOTION PURSUANT TO FRCP RULE 12(F) TO STRIKE DEFENDANT'S "COUNTER-CLAIM"

NOW COMES THE PRO SE plaintiff, a layman non-attorney who is acting in the capacity of a private attorney general in a public interest lawsuit, to respectfully **MOTION** this Court to **STRIKE** the Defendant's "COUNTER-CLAIM", appearing as Doc. No. 44, filed 10/22/2018 (herein "**COUNTER-CLAIM**"). Plaintiff herein invokes **F.R.C.P. Rule 12(f)** and New York Civil Practice Laws and Rules **(CPLR) 3024(a) and (b).**

1. To support this motion the following pleadings appearing on the docket are hereby incorporated by reference as if fully restated:

- Docket No. 41, filed 10/19/2018
- Docket No. 42, filed 10/19/2018
- Docket No. 43, filed 10/22/2018
- Docket No. 8, filed 07/09/2018

1

PLAINTIFF'S MOTION PURSUANT TO FRCP RULE 12(F) TO STRIKE DEFENDANT'S "COUNTER-CLAIM"

2. Defendant has filed an illegitimate bifurcated "counterclaim" that is disembodied and amputated from the ANSWER to which it is supposedly connected (See N.Y. Civil Practice Law and Rules (**CPLR**) § 3011). Not only is the "COUNTER-CLAIM", but the Defendant's ANSWER (Doc. No. 35, 10/10/2018) in NOT in conformance with CPLR § 3011 as it is an UNVERIFIED pleading. In sum, the totality of the above cited pleadings indicate that the Defendant's ANSWER and COUNTER-CLAIM are fatally flawed, in error, and legally insufficient to be further considered by the Court, see **CPLR § 3022**.

3. In general terms the bulk of the "COUNTER-CLAIM" should be dismissed pursuant to **CPLR § 3024(a)** as it is unduly vague and ambiguous. Defendant, at best, has merely provided slurs, unfounded insinuations and hyperbolic rhetoric. The Defendant cites unrecognizable legal torts such as "cyber stalking" without any indications as to what specific activity he is complaining of.

4. Not unsurprisingly, again, Defendant Goodman -- in open defiance of **F.R.C.P. Rule 5 and CPLR § 2103** -- has **NOT** filed an appropriate <u>Certificate of Service</u> with his latest "COUNTER-CLAIM" pleading. This sloppy conduct is inexcusable following the transmission of the electronic file copy of a "Certificate of Service" by Goodman on 08/11/2018 to the Plaintiff's e-mail account. For unknown reasons Goodman sought fit to transmit an electronic "Certificate of Service" on 08/11/2018 (infected with a malware virus); but, no longer sees the need to follow such judicial formalities with the Clerk of the Court (no service attestation accompanying the flawed "COUNTER-CLAIM").

5. Defendant only provides scandalous slurs and insinuations about the alleged misconduct of the Plaintiff's purported involvement in; "an organized defamation, slander, harassment, cyber stalking, and actual stalking campaign (The Campaign)" as stated in lines 14,15 (**ln.14,15**) page 1 (pg.1) of ANSWER.

6. Goodman offers the most vague and ambiguous assertion of the Plaintiff's conduct; "willful and wanton malicious intent" that would "damage Goodman's reputation in a public worldwide forum". (**lns.15,16,pg.1**). ".

7. Self-avowed conspiracy theorist Goodman then alludes that the Plaintiff is involved in "actions taken in concert with a group of individuals who acted against Goodman for the purpose of wanton and willful tortious interference, defamation, slander, harassment, invasion of privacy, infringement of first amendment rights,

2

**PLAINTIFF'S MOTION PURSUANT TO FRCP RULE 12(F) TO STRIKE DEFENDANT'S "COUNTER-CLAIM"**

menacing and stalking both online and in the real world". (**lns.16-19,pg.1**). Such statements are scandalous in nature, vague and ambiguous and accompanied by ZERO evidence.

## SUMMARY

8. Goodman offers a jumble of irrelevances, smears and unsubstantiated insinuations without a shred of evidence in his legally nullified and moot "COUNTER-CLAIM" (filed **without** an accompanying Certificate of Service).

9. Goodman cannot correct the fatal procedural flaws and insufficiencies that are embedded in his pleadings. In fact, the sloppy and cavalier manner in which Goodman approaches this Court (no filing of a Certificate of Service) underscores Goodman's contempt for the entire federal judicial framework. The utter contempt that Goodman displays, lack of adherence to even basic procedures of the federal courts, and the filing of vague and ambiguous (wishy washy) claims demand that this Court STRIKE the legally moot "COUNTER-CLAIM".

## ATTESTATION

I hereby attest that the foregoing is accurate and true under the penalties of perjury. Further, I hereby attest that the attached exhibits are accurate and true copies of source documents located on the Internet.

Signed this 25 day of October, 2018

Plaintiff, D. George Sweigert
Pro se plaintiff acting as private attorney general

3

PLAINTIFF'S MOTION PURSUANT TO FRCP RULE 12(F) TO STRIKE DEFENDANT'S "COUNTER-CLAIM"








First Class Mail

PRO SE DIVISION
Clerk of the Court
U.S. District Court for the SDNY
(FOLEY SQUARE)
500 Pearl Street
New York, New York 10007-1312



D. GEORGE SWEIGERT, C/O
P.O. BOX 152
MESA, AZ 85211

#200 PRO SE

2018 OCT 29 PM 3:53
RECEIVED


