D. GEORGE SWEIGERT, C/O
P.O. BOX 152
MESA, AZ 85211

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
(FOLEY SQUARE)

D. GEORGE SWEIGERT

    Plaintiff,

vs.

JASON GOODMAN

    Defendant

Case No.: 1:18-cv-08653-UA

**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF PLAINITIFF'S AMENDED MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT PER FRCP 15(A)**

**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT
OF PLAINITIFF'S AMENDED MOTION FOR LEAVE TO FILE SECOND
AMENDED COMPLAINT PER FRCP 15(a)**

Pursuant to **Local Rule 7.1** now comes the Plaintiff to support a MOTION FOR LEAVE OF COURT TO AMEND the present operative complaint, (Doc. No. 5, filed 06/29/2018 [herein the **South Carolina AC**]).  As the Court is aware, certain legal issues have been created by the CHANGE OF VENUE as articled in the decision of the U.S. District Judge (Doc. No. 27, 09/17/2018 [**herein ORDER**]) and the recommendation of the U.S. Magistrate (Doc. No. 22, 08/29/2018).

1

## BACKGROUND AND FACTS

1. On 09/21/2018 (by Doc. No. 30) this lawsuit was transferred from the U.S.D.C. serving the Port of Charleston, S.C. area. The focus of the present operative complaint (South Carolina AC) were the issues that directly impacted the resident of the South Carolina area. However, now this lawsuit rests in the U.S.D.C. for the S.D.N.Y. and requires updating to accommodate the many changes in law and recent developments.

2. On 10/10/2018 (Doc. No. 35) the Defendant filed an UNVERIFIED answer to the Plaintiff's VERIFIED South Carolina AC. The Court should note that the Defendant (Goodman) was under no obligation to file his ANSWER (Doc. 35) as he had not been summoned or served. Nonetheless, Defendant did file an APPEARANCE via letter (Doc. No. 34, 10/10/2018) also informing the Court by letter (Doc. No. 36, 10/11/2018) the he intended to ADD a counterclaim to his ANSWER (Doc. 35). As promised, twelve (12) days after filing his ANSWER (Doc. 34) Defendant (Goodman) filed his bifurcated COUNTERCLAIM (Doc. No. 44, 10/22/2018).

3. By his pleading filed on 10/19/2018 (Doc. No. 42) (which is hereby incorporated by reference as if fully restated herein) the Plaintiff provided an exhaustive argument to justify an action by this Court to strike Defendant's ANSWER (Doc. No. 34) pursuant to N.Y. C.P.L.R. § 3022 as improper. Both the ANSWER and COUNTERCLAIM are legal deficient pursuant N.Y. C.P.L.R. § 3011.

## LAW AND ARGUMENT

4. As a preliminary matter, Pursuant to N.Y. C.P.L.R. 3025(a), "[a] party may amend his pleading once without leave of court within twenty days after its service, or at any time before the period for responding to it expires, or within twenty days after service of a pleading responding to it." The Plaintiff is amending his original MOTION FOR LEAVE (Doc. No. 39, 10/17/2018).

5. As cited in other pleadings, the Defendant's ANSWER and bifurcated COUNTERCLAIM should be treated as legal nullities, especially since the Defendant has apparently made no attempt to cure the legal deficiencies of the UNVERIFIED ANSWER (Doc. No. 35).

2

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT
OF PLAINTIFF'S AMENDED MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT PER FRCP 15(a)

6. It is highly prejudicial against the Plaintiff to allow ill-formed, improper and legally insufficient pleadings by the Defendant (ANSWER/COUNTERCLAIM) to have practical effects on the Plaintiff. The Defendant continues in open-end and never ending prima facia tortious conduct against the Plaintiff. The amount of acts, events and occurrences perpetrated on the Plaintiff by the Defendant since the filing of the South Carolina AC is almost immeasurable.

7. The Plaintiff has a right to AMEND the operative complaint in this lawsuit and the Court should GRANT LEAVE to allow the accompanying Second Amended Complaint to become the operative complaint in this matter.

8. By his document filed on 10/19/2018 (Doc. No. 41) Plaintiff has contended the ANSWER (Doc. 34) is a legal nullity under the operation of N.Y. C.P.L.R. Rule § 3022. The Defendant has been so notified and as the date of this writing has NOT attempted to cure this legal insufficiency of the ANSWER (Doc. 35).

9. The Plaintiff has conducted a rigorous review of the laws of the State of New York (N.Y. State); which includes N.Y. State Penal Law § 460.00 (herein N.Y. State RICO). Following the review of the laws in the state of New York (N.Y.) the Plaintiff notes that New York has a state racketeering law, while South Carolina does not.

10. The plaintiff now requests the leave of the Court to correct the legal deficiencies of the South Carolina AC in light of N.Y. racketeering law (as South Carolina has no such equivalent law).

11. The Court should consider that Goodman filed his ANSWER to the South Carolina AC at his own peril. Goodman was notified by the District Judge's ORDER that such filings would be considered premature. Citing the ORDER (Doc. No. 27, 09/17/2018); quoting in relevant part:

### III. Discussion

The Court finds that the Magistrate Judge ably addressed the issues raised by Plaintiff's and Defendant's motions and correctly concluded, to which the Plaintiff has not objected, that each motion should be denied as premature. Federal Rule of Civil procedure 4 dictates that the Plaintiff present a properly completed summons to the clerk, who must issue it for service on the Defendant. Here, no summons has been issued and, therefore, service of process by Plaintiff is premature. As a result, Plaintiff's motions are also premature, as is Defendant's motion to dismiss.

12. Therefore Defendant's ANSWER was premature (no summons, no service).

**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT
OF PLAINITIFF'S AMENDED MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT PER FRCP 15(a)**

13. Other harmless errors present in this case have been addressed in the analogous *Wash. v. N.Y. City Bd. of Estimate*, 709 F.2d 792, 795 (2d Cir.1983). In this instance, the Plaintiff is attempting to correct the legal deficiencies of the South Carolina **AC** in the context of New York law.

14. Defendant Goodman will not be prejudiced by the Court's approval of this instant MOTION FOR LEAVE TO AMEND as the Defendant has prematurely filed his ANSWER in the shadow of the judge's ORDER dismissing such pleadings as premature until personal service accomplished pursuant to F.R.C.P. Rule 4. Defendant proceeded at his own peril in the shadow of the judge's ORDER (Doc. No. 27, 09/17/2018) to file a premature ANSWER prior to awaiting personal service as required by F.R.C.P. Rule 4. The Defendant is therefore not prejudiced by this motion.

15. The reverse is true for the Plaintiff, who will be prejudiced by the Court's failure to approve the request to file a Second Amended Complaint. The initial South Carolina complaint and **AC** (filed as a matter of right per FRCP Rule 15(a)) was crafted for the jurisdiction serving the Port of Charleston, S.C. The judge's ORDER (Doc. No. 27, 09/17/2018) of Change of Venue has deposited the Plaintiff's pleadings into the State of New York, which has its own form of a state racketeering law. The operative South Carolina complaint needs to be aligned with New York State racketeering law. The Plaintiff should be allowed to make appropriate adjustments as necessary to correct the legal deficiencies created by N.Y. law in the new jurisdiction.

Dated this day of October 30, 2018

Respectfully submitted.

*/s/ D. George Sweigert*
D. GEORGE SWEIGERT
Pro se non-attorney acting as a private attorney general
for this public interest lawsuit

4

**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT
OF PLAINTIFF'S AMENDED MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT PER FRCP 15(a)**