UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _11/16/2018_
```

D. GEORGE SWEIGERT,

                              Plaintiff,

                -against-

JASON GOODMAN,

                              Defendant.

18-CV-8653 (VEC)

**ORDER TO SHOW CAUSE**

VALERIE CAPRONI, United States District Judge:

        WHEREAS Plaintiff D. George Sweigert filed an amended complaint on June 29, 2018

against Defendant Jason Goodman, alleging violations of the civil RICO statute (18 U.S.C. §§

1961–1968), wire and honest services fraud (18 U.S.C. § 1343), the Computer Fraud and Abuse

Act (18 U.S.C. § 1030), the Terrorist Hoax Improvements Act of 2007 (18 U.S.C. § 1038),

conspiracy to defraud the United States (18 U.S.C. § 371), murder-for-hire (18 U.S.C. § 1958),

conspiracy to interfere with civil rights (42 U.S.C. § 1985), witness tampering (18 U.S.C. §

1512), abuse of process, stalking (D.C. Code Ann. § 22-3133), and defamation (Dkt. 5);

        WHEREAS Plaintiff sought leave to file a second amended complaint, alleging those

same violations, as well as violations of Maryland criminal law (Md. Code Ann., Crim. Law § 9-

501; Md. Code Ann., Cts. & Jud. Proc. § 10-402), U.S. criminal copyright law (17 U.S.C. § 506;

18 U.S.C. § 2319), the Federal Trade Commission Act (15 U.S.C. § 45), New York criminal and

civil law (N.Y. Civ. Rights Law §§ 50–51; N.Y. Gen. Bus. Law §§ 349–50; N.Y. Penal Law §§

190.65, 490.20), and common law torts (fraud, negligent and intentional infliction of emotional

distress, trade libel, invasion of privacy, injurious falsehoods, unjust enrichment, civil

conspiracy, and prima facie tort) (Dkt. 56);

WHEREAS the parties have collectively filed over twenty motions in the last five months;

IT IS HEREBY ORDERED that all pending motions and deadlines are STAYED pending the resolution of this Order to Show Cause.  Furthermore, until further order from this Court, **neither party is permitted to file any further motions or pleadings** except in response to this Order to Show Cause.  Any submission filed in violation of this Order may be denied or stricken on that basis alone, without further notice to either party, and the filing party may be subject to sanction.

IT IS FURTHER ORDERED that Plaintiff show cause, no later than **December 28, 2018**, why his amended complaint should not be dismissed and why his motion for leave to file a second amended complaint (Dkt. 39) should not denied as futile.  Specifically, Plaintiff's response to this Order must:

1. Show cause why his claims asserting violations of criminal law should not be dismissed for lack of standing.  It is settled law that, absent statutory authorization to the contrary, private individuals cannot displace the Attorney General or state prosecutors by bringing their own actions to enforce criminal laws.  *Connecticut Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972) ("We see no hint . . . that Congress intended to authorize a private individual to substitute his own judgment for that of the Department as to whether a discretionary criminal proceeding should be brought, or to institute a private civil action for the fine, in lieu of the criminal process the Attorney General refuses to invoke."); *Hill v. Didio*, 191 F. App'x 13, 14-15 (2d Cir. 2006) ("As a general matter, we have long recognized that crimes are prosecuted by the government, not by private parties."); *Rush v. Hillside*

*Buffalo*, LLC, 314 F. Supp. 3d 477, 482 (W.D.N.Y. 2018) ("[I]n cases where a private

citizen seeks to enforce or prosecute a criminal statute, courts have routinely found

that the citizen does not have standing to do so."  (collecting cases)) *see also Leeke v.

Timmerman*, 454 U.S. 83, 86 (1981) (per curiam) (holding that "a private citizen lacks

a judicially cognizable interest in the [criminal] prosecution or nonprosecution of

another").  As to each criminal statute that Plaintiff seeks to enforce, Plaintiff must

identify the relevant statutory text that authorizes enforcement by a private individual.

2. Show cause why his RICO and related fraud claims should not be dismissed for lack

of standing under Rule 12(b)(1) and for failure to state a claim under Rule 12(b)(6).

In every case in federal court, the party invoking federal jurisdiction must

demonstrate the three basic elements of standing: injury in fact, causation, and

redressability.  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992).  Any injury

must consist of "an invasion of a legally protected interest which is (a) concrete and

particularized and (b) actual or imminent."  *Id.* (citation and internal quotations

omitted).  A generalized interest shared by all citizens, such as an abstract interest in

law enforcement and the rule of law, is not a particularized injury for standing

purposes.  *See id.* at 573–74 ("We have consistently held that a plaintiff raising only a

generally available grievance about government—claiming only harm to his and

every citizen's interest in proper application of the Constitution and laws, and seeking

relief that no more directly and tangibly benefits him than it does the public at large—

does not state an Article III case or controversy."); *Schlesinger v. Reservists Comm. to

Stop the War*, 418 U.S. 208, 226–27 (1974).  Therefore, Plaintiff must explain how

Defendant's allegedly fraudulent statements caused *him* an individualized injury in

3

light of the fact that Plaintiff has alleged that he recognized Defendant's statements to be false, *see, e.g.*, Dkt. 5 at 22 (characterizing Defendant's message as "fraudulent on its face"), 26 (same), 32 (referring to Defendant's statement as "presumed to be another falsehood"), and therefore did not rely on them to his detriment.

3.  Show cause why his abuse of process claim should not be dismissed for lack of standing under Rule 12(b)(1) and for failure to state a claim under Rule 12(b)(6). Plaintiff must explain how an individual identified only as "Jenny" effecting service of process has anything to do with Plaintiff and how that has caused him any particularized injury.

4.  Show cause why the Court should not dismiss his 42 U.S.C. § 1985 claim for failure to state a claim under Rule 12(b)(6).  To establish a violation of § 1985, a plaintiff must show that he was targeted because of his membership in a protected class. *Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999).  Plaintiff must explain what the relevant protected class is and the factual allegations in the amended complaint that support a reasonable inference of discriminatory animus on the basis of that protected status.  Similarly, Plaintiff must also explain how Defendant's alleged use of his claimed FBI connections, which Plaintiff believes to be fictitious, Dkt. 5 at 32, has actually deprived Plaintiff of his rights or otherwise caused him injury.  *See id.*

5.  Show cause why the Court should not decline to exercise jurisdiction over his state law claims pursuant to 28 U.S.C. § 1367(c)(2)–(3) in the event that all federal claims are dismissed.

6.  Show cause why leave to file a second amended complaint should not be denied on the basis of futility.  *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011)

("Where a proposed amendment would be futile, leave to amend need not be given."); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).  Plaintiff must explain why the proposed second amended complaint does not suffer from the same defects as the current amended complaint, to the extent that it (i) alleges violations under criminal and agency statutes that Plaintiff has no standing to enforce, (ii) alleges violations without particularized injury to Plaintiff for standing purposes, (iii) raises state law claims that will predominate in the absence of any remaining federal causes of action, such that this Court should decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c), (iv) raises state law claims over which there is no diversity jurisdiction pursuant to 28 U.S.C. § 1332 because both Plaintiff and proposed defendant Patreon, Inc. were California citizens at the time of filing, and (v) invokes common law torts, such as civil conspiracy, that do not exist under New York law. Plaintiff is forewarned that the case will be **immediately dismissed** if no timely response is received.  Plaintiff is also advised that any failure to respond specifically to a ground for dismissal raised in this Order shall be regarded as a concession that the relevant claim(s) should be immediately dismissed.

IT IS FURTHER ORDERED that Defendant may (but need not) file a brief in support of this Order that responds to any arguments made in Plaintiff's response to this Order by **January 15, 2019**.  If Defendant files an opposition, then Plaintiff may file a reply no later than **January 30, 2019**.

IT IS FURTHER ORDERED that both parties **must strictly adhere to page limits** when submitting their responses to this Order.  Both Plaintiff's response and Defendant's opposition (if any) are to be no longer than 25 pages, double-spaced, 12-point font, with one-inch margins.

Plaintiff's reply, if any, shall be no longer than 10 pages with the same specifications.  Any filing submitted in violation of those requirements may be stricken in its entirety or in part.

The Clerk of the Court is respectfully directed to mail a copy of this Order to both parties and to note the mailings on the docket.

**SO ORDERED.**

**Dated: November 16, 2018**
     **New York, NY**

**VALERIE CAPRONI**
**United States District Judge**