1  D. GEORGE SWEIGERT, C/O
   P.O. BOX 152
2  MESA, AZ 85211

3  **IN THE UNITED STATES DISTRICT COURT**
   **FOR THE SOUTHERN DISTRICT OF NEW YORK**
4  **(FOLEY SQUARE)**

5  D. GEORGE SWEIGERT                    **Case No.:  1:18-cv-08653-VEC**

6          Plaintiff,

7  vs.                                   Judge Valerie E. Caproni
                                         Magistrate Judge Stewart D. Aaron
8  JASON GOODMAN

9          Defendant                     **MEMORANDUM OF POINTS AND**
                                         **AUTHORITIES TO SUPPORT PLAINTIFF'S**
10                                       **MOTION FOR PRELIMINARY INJUNCTION**
                                         **PER NY CPLR § 6301**

11

12       **MEMORANDUM OF POINTS AND AUTHORITIES**
       **TO SUPPORT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

13       PURUSUANT TO LOCAL **RULE 7.1**, NOW COMES THE PRO SE plaintiff, a layman non-attorney who

14  is acting in the capacity of private attorney general in a public interest lawsuit, to respectfully PRAY THIS Court

15  rely on its inherent judicial power and issue an appropriate gag order against Defendant Jason Goodman.  This

16  request is sought pursuant to the Court's inherent powers, N.Y. Civil Practice Law and Rules (C.P.L.R.) § 6301 and

17  §6313, Civil Rights Law §§ 50-51, General Business Law §§ 349-350.

18

19       **DECLARATION / ATTESTATION PURSUANT TO LOCAL RULE 7.1**

20

21  I hereby attest that the information stated herein is true and correct to the best of my ability under penalties of

22  perjury.   Signed this *15* day of November, 2018

23                                                          D. George Sweigert, pro se plaintiff

24

25

26

27                                       1

28       **MEMORANDUM OF POINTS AND AUTHORITIES TO SUPPORT PLAINTIFF'S**
         **MOTION FOR A PRELIMINARY INJUNCTION PURSUANT TO NY CPLR § 6301**

# Contents

I.   PRELIMINARY STATEMENT ..................................................................... 6

II.  STATEMENT OF APPLICABLE FACTS .................................................... 7

III. LAW AND ARGUMENT .............................................................................. 8

IV.  SUMMARY / RELIEF REQUESTED ......................................................... 14

**MEMORANDUM OF POINTS AND AUTHORITIES TO SUPPORT PLAINTIFF'S
MOTION FOR A PRELIMINARY INJUNCTION PURSUANT TO NY CPLR § 6301**

TABLE OF AUTHORITIES

**Cases**

*Branzberg v. Hayes,* 408 US 665, 691-692 ...................................................................... 11

*Binns v. Vitagraph Co.,* 210 N.Y. 51 ............................................................................. 9

*Blumenthal v. Picture Classics*, 235 App. Div. 570, affd.  261 N.Y. 504 ...................... 9

*Blumenthal v. Picture Classics, Inc.* 257 N.Y.S. 800 (1st Dept. 1932) ......................... 9

*Dennis v. United States,* 341 U.S. 494, 508 ................................................................... 11

*Doe v. Axelrod,* 73 N.Y.2d 748, 750 (1988) ................................................................ 11

*Gautier v. Pro-Football,* 278 App. Div. 431, 434-435, aff'd.  304 N.Y. 354 ................ 9

*In re Application of Dow Jones & Company, Inc. et. al.* 842 F.2d 603, 607 (2nd Cir. 1988) ................. 10

*Jiggets v. Perales,* 202 A.D.2d 341, 342 (1st Dep't 1994) ........................................... 11

*Leviston v. Jackson,* 980 N.Y.S.2d 716, 719 (1st Dept. 2013) ..................................... 9

*Leviston,* 980 N.Y.S.2d at 719-720 ............................................................................. 9

*Loftus v. Greenwich Lithographing Co.,* 182 N.Y.S. 428 (1st Dept. 1920); Durgom v. CBS, 214 N.Y.S.2d 752 (1st Dept. 1961) ............................................................................................... 9

*Ma v. Lien,* 198 A.D.2d 186, 187 (1st Dep't 1993) ...................................................... 13

*Marcus v. Jewish Nat'l Fund,* 158 A.D.2d 101, 105-06 (1st Dept. 1990) ..................... 12

*Marcus,* 158 A.D.2d at 105-106 ................................................................................... 13

*New York State Broadcasters Assn. v. United States,* 414 F.2d 990, 997 (2nd Cir.1969) ............... 11

*Nobu Next Door LLC v. Fine Arts Hous., Inc.* 4 N.Y.3d 839, 840 (2005) ..................... 11

*Ohralik v. Ohio State Bar Ass'n,* 436 US 447, 456 (1978) ........................................... 10

*Ohralik,* 436 U.S. at 456 ............................................................................................... 10

*Ohralik,* 436 U.S. at 462 ............................................................................................... 10

*Onassis v. Christian Dior-New York.,* 472 N.Y.S.2d 254, 258 (NY.Sup.Ct. 1984) ..... 9

MEMORANDUM OF POINTS AND AUTHORITIES TO SUPPORT PLAINTIFF'S
MOTION FOR A PRELIMINARY INJUNCTION PURSUANT TO NY CPLR § 6301

1  *Onassis*, 472 N.Y.S.2d at 258..............................................................................9

2  *Onassis*, 472 N.Y.S.2d at 260..............................................................................9

3  *Onassis*, 472 N.Y.S.2d at 263.............................................................................10

4  *People v. Romero*, 91 N.Y.2d 750, 756 (1998) ...................................................12

5  *Quinn* supra at 556 ...............................................................................................11

6  *Quinn v. Aetna Life and Cas. Co.,* 96 Misc.2d 545, 554 (Queens.Cty.Sup.Ct.1978).......10

7  *Ryan v. Volpone Stamp Co.,* 107 F.Supp.2d 369, 391 (S.D.N.Y. 2000)...................9

8  *State v. Colo. St. Christian College of the Church of the Inner Power*, 346 N.Y.S.2d 482, 487 (Sup. Ct. N.Y. Cty.

9      1973)....................................................................................................................13

10 *Stutman v. Chemical Bank*, 95 N.Y.2d 24, 29 (2000)...........................................12

11 *Sutton v. Hearst.*, 277 App.Div.155 ......................................................................9

12 *The People of the State of New York (by Eric T. Schneiderman) v. FanDual, Inc.*, New York County Clerk's Index

13     No. 453056/15.....................................................................................................12

14 *Woody Allen v. National Video, Inc.* 610 F.Supp 612 (SDNY 1985)......................10

15 **Statutes**

16 Civil Rights law §§ 50-51 ......................................................................................10

17 Civil Rights law §§ 50-51 ........................................................................................1

18 General Business Law §§ 349-350...........................................................................1

19 N.Y. Civil Rights Law §§ 50 – 51 ..........................................................................9

20 N.Y. Civil Rights Law §§ 50-51 ..................................................................6, 9, 13

21 N.Y. GBL § 349(h)................................................................................................11

22 N.Y. GBL §§ 349 and 350 ....................................................................................13

23 N.Y. GBL §§ 349 or 350 .......................................................................................12

24 N.Y. GBL §§ 349-350 ...........................................................................................13

25 N.Y. GBL Section 349 ..........................................................................................12

26 N.Y. General Business Law (GBL) §§ 349-350......................................................6

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES TO SUPPORT PLAINTIFF'S
MOTION FOR A PRELIMINARY INJUNCTION PURSUANT TO NY CPLR § 6301**

N.Y. General Business Law §§ 349 and 350................................................................................11

N.Y. Penal Law § 215.25............................................................................................................11

New York's Civil Rights Law §§ 50-51.....................................................................................10

U.S. Federal Trade Commission Act..........................................................................................13

### Other Authorities

(C.P.L.R.) § 6301 and §6313......................................................................................................1

### Rules

CPLR § 6301................................................................................................................................12

CPLR §§ 6301 and 6313.............................................................................................................12

5

**MEMORANDUM OF POINTS AND AUTHORITIES TO SUPPORT PLAINTIFF'S
MOTION FOR A PRELIMINARY INJUNCTION PURSUANT TO NY CPLR § 6301**

## I.   PRELIMINARY STATEMENT

1.      As set forth in the attached affidavits and exhibits annexed thereto, there has unquestionably been violations of N.Y. Civil Rights Law §§ 50-51 and N.Y. General Business Law (GBL) §§ 349-350 by Defendant/tortfeasor Goodman against the Plaintiff which requires court intervention and an order for a temporary injunction and/or a temporary restraining order.

2.      Although the Defendant (tortfeasor) has accused the Plaintiff of filing "excessive motions" [see Doc. No. 64, 11/14/2018] the foregoing laws REQUIRE the Plaintiff to take litigation action to protect his rights prior to a one year tolling period of the alleged offensive misconduct.  The operative date in this case is November 27, 2017 when the Defendant/tortfeasor (acting through his companies) distributed the Plaintiff's likeness, image, photograph, portrait and/or visual representation in a wholly unauthorized manner to sell merchandise on a website known as "REDBUBBLE.COM".  Defendant/tortfeasor Goodman has never obtained written permission from the Plaintiff to distribute these materials.  Nevertheless, Defendant Goodman widely disseminated these materials in a pervasive manner to commercialize and exploit the Plaintiff's personality and ignore his rights as protected by the foregoing cited laws.  In fact, tortfeasor Goodman has singled-out and unduly exploited the Plaintiff as a central character to the Defendant's commercial operations ("Crowdsource the Truth" (**CSTT**) video distribution).

3.      The Plaintiff now seeks relief from this Court in the form of a temporary injunction and/or restraining order to enable a "take-down notice" to cease the sale of merchandise that displays the Plaintiff's likeness, portrait, image, photograph and/or visual representation.  Plaintiff presented the third party "REDBUBBLE.COM" with a "take-down" request, which has been ignored (attached in exhibits).  All video productions promoting REDBUBBLE.COM merchandise on various platforms (such as YouTube.COM) should also receive an appropriate "take-down notice" issued by this Court.

**MEMORANDUM OF POINTS AND AUTHORITIES TO SUPPORT PLAINTIFF'S
MOTION FOR A PRELIMINARY INJUNCTION PURSUANT TO NY CPLR § 6301**

## II.  STATEMENT OF APPLICABLE FACTS

4.  Defendant Goodman is self-identified as the "Chief executive Officer" [**CEO**] of Multi-Media Systems (aka Software) Design, Inc. [**MDSI**] and 21st Century 3D [**21$^{st}$c3D**].  **MDSI** is a N.Y. chartered corporation (as shown in **EXHIBIT ONE [Exh.1]**) that has purportedly secured the trademark "Crowdsource the Truth" (**CSTT**) registered to the address that Mr. Goodman has used in this instant litigation (see Defendant's address in Court docket).  The U.S. Patent and Trademark Office (USPTO) trademark application lists Mr. Goodman as **"CEO" of MDSI.**  Depicted in **EXHIBIT TWO [Exh.2]** is the registration of the trademark of "Crowdsource The Truth" (**CSTT**) with the USPTO, shown in **EXHIBIT THREE [Exh.3]**.  As shown in **EXHIBIT FOUR [Exh.4]** the e-mail address used in the original USPTO application of January 12, 2018 is truth@crowdsourcethetruth.org, which is also listed for the Defendant in the Court docket.  On the USPTO application under "TYPE" the term "CORPORATION" is listed **[Exh.4].**  A specimen exhibit was attached to the original 01/12/2018 USPTO application, which includes a screen shot of the **CSTT** YouTube channel (attached as **EXHIBIT FIVE [Exh.5]).**  It is curious to note that the telephone number **212-244-8585** is used on the USPTO application **[Exh.4].**  A website for the Chamber of Commerce for New York City includes this phone number (**212-244-8585**) and the MDSI corporate name with a notation "Jason Goodman, President" **(EXHIBIT SIX [Exh.6]).**  An identical business address and phone number appear for a California business directory listing of **21st CENTURY 3D [21$^{st}$c3D]** **(EXHIBIT SEVEN [Exh.7])** related to **MDSI.**

5.  In a video productions widely disseminated in a pervasive manner on December 11, 2017 [12/11/2017] **(EXHIBIT EIGHT [Exh.8])** Mr. Goodman states in the "information" section of the video that he believes his private corporation is under attack.

> The attacks are focused not only on **the privately owned corporation under which I create the video and social media content for Crowdsource the Truth,** but also on me personally, assailing my physical characteristics and religious heritage in a way that can only be described as hateful and un-American. They target even those brave, honest, hard working patriots who have defied corrupt authority to step forward and expose crimes that impact us all. [emphasis added]

7

6.      The foregoing facts indicate that "Crowdsource The Truth" (**CSTT**) is a mercantile, commercial and trade operation which is profit focused.  CSTT relies on the use of a N.Y. state charted corporation (**MDSI**) to conduct business.  Mr. Goodman has identified himself as the **CEO of MDSI**.  It is clear that Mr. Goodman holds himself out as the President and/or CEO of a commercial concern known as **MDSI** and/or **21$^{st}$c3D** to facilitate the **CSTT** media empire.

7.      Defendant/tortfeasor (CEO) Goodman – through his companies (**MDSI, 21$^{st}$c3D**) – has been warned (over a year ago) to remove the portrait, image, likeness, and/or visual representation of the Plaintiff from merchandise marketed by CSTT.  Attached as **EXHIBIT NINE [Exh.9]** is a pre-litigation evidence preservation notice sent via electronic message to the California company "RedBubble" (see e-mail dated November 27, 2017 [11/27/2017]).

8.      Attached as **EXHIBIT TEN [Exh.10]** is a depiction of the merchandising that is available on RedBubble, to include "Deep State Dunces" coffee cups and tote bags.  The full screen shot of the Deep State Dunces coffee mug graphic can be seen depicted in the **CSTT (MDSI/21$^{st}$c3D)** video production that was widely disseminated in a pervasive manner on November 27, 2017 [11/27/2017] (**EXHIBIT ELEVEN [Exh.11]**).  Tortfeasor Goodman uses these widely disseminated video productions to drive business to the RedBubble coffee cup and tote bag merchandise.  Once again, as shown in the affidavits contained in the exhibits section, the Defendant/tortfeasor did not have the permission of the Plaintiff to use his portrait, photograph, image, likeness and/or visual representation in this video production (which appeared as a minimum on YouTube channels **"Jason Goodman", "21$^{st}$c3D"** and **"CSTT2".**

### III.      LAW AND ARGUMENT

*PLAINTIFF SEEKS INJUNCTIVE RELIEF FOR VIOLATIONS OF N.Y. CIVIL LAW §§ 50-51*

9.      Section 50 of the New York Civil Rights Law provides:

>  "A person, firm or corporation that uses for advertising purposes, or for the purposes of trade, the name, portrait or picture of any living person without having first obtained the written consent of such a person …. Is guilty of a misdemeanor."

10.      Having defined the offense, and declaring it to be illegal, § 51 of the Civil Rights law goes on to provide civil remedies for the violation as well, including injunction and damages.  Once the violation is established, the plaintiff may have an absolute right to an injunction, regardless of the relative damage to the parties.  *Onassis v. Christian Dior-New York.,* 472 N.Y.S.2d 254, 258 (NY.Sup.Ct. 1984).  See *Blumenthal v. Picture Classics, Inc.* 257 N.Y.S. 800 (1st Dept. 1932), *Loftus v. Greenwich Lithographing Co.,* 182 N.Y.S. 428 (1st Dept. 1920); Durgom v. CBS, 214 N.Y.S.2d 752 (1st Dept. 1961).  In *Onassis,* the Court posed a simple question "Is there a violation?" *Onassis,* 472 N.Y.S.2d at 258.

11.      In order to establish a violation under N.Y. Civil Rights Law §§ 50 – 51, a plaintiff must demonstrate that the defendant used the plaintiff's name, portrait, picture or voice in the State of new York for purposes of advertising or trade, without the plaintiff's expressed written permission.  See *Leviston v. Jackson,* 980 N.Y.S.2d 716, 719 (1st Dept. 2013).  "Civil rights Law § 51 authorizes a civil action for injunctive relief and damages, including exemplary damages if a defendant acts knowingly in violation of that protection." *Leviston,* 980 N.Y.S.2d at 719-720; *Ryan v. Volpone Stamp Co.,* 107 F.Supp.2d 369, 391 (S.D.N.Y. 2000).

> "The principle to be distilled from a study of statute and of cases construing it is that all persons, of whatever station in life, from the relatively unknown to the world famous, are to be secured against rapacious commercial exploitation … [I]t is intended to protect the essence of the person, his or her identity or persona from being unwillingly or unknowingly misappropriated for the profit of another." *Onassis,* 472 N.Y.S.2d at 260.

12.      Insofar as trade purposes are concerned, the Plaintiff's situation is not where there was some incidental exposure.  The reverse is true.  The Plaintiff has been unduly featured and exploited by tortfeasor Goodman.  (*Blumenthal v. Picture Classics,* 235 App. Div. 570, affd.  261 N.Y. 504).  To be sure, in the case of RedBubble, the likeness, portrait or photograph is directly tied to the product itself (see coffee cups and tote bags [**Exh.9-11**]).  (see *Gautier v. Pro-Football,* 278 App. Div. 431, 434-435, aff'd.  304 N.Y. 354).  Further, the RedBubble merchandising is in a form separate and distinct from the dissemination of news or information.  (see *Binns v. Vitagraph Co.*, 210 N.Y. 51; *Sutton v. Hearst.*, 277 App.Div.155).

**MEMORANDUM OF POINTS AND AUTHORITIES TO SUPPORT PLAINTIFF'S
MOTION FOR A PRELIMINARY INJUNCTION PURSUANT TO NY CPLR § 6301**

13.     The RedBubble merchandise created by Defendant/tortfeasor (CEO) Goodman is meant solely to harass, injure and intimidate the Plaintiff and to commercially exploit his personality as a "Deep State Dunce". Such reprehensible conduct are in no way newsworthy, or entitled to protection under New York's Civil Rights Law §§ 50-51.  Instead, Defendant/tortfeasor Goodman's conduct (and his **CSTT** trade/commercial enterprises [**MDSI/21ˢᵗc3D**]) is exactly the type of conduct forbidden by §§ 50-51.  In the case of a former first lady (Mrs. John F. Kennedy) the court was clear "**as a public figure she has not forfeited her right of privacy and does not become a subject for commercial exploitation.**" *Onassis*, 472 N.Y.S.2d at 263.  See *Woody Allen v. National Video, Inc.* 610 F.Supp 612 (SDNY 1985).

*14.*     The Court will recall that Goodman has asserted that CSTT is a commercial enterprise and collects funds via the wires of the Internet via a New York charted corporation and a presumed licensed DBA moniker (see **MDSI** and **21ˢᵗc3D**).  Therefore, at best Defendant Goodman's **MDSI/21ˢᵗc3D** and **CSTT** broadcasts to drive traffic to RedBubble to purchase CSTT merchandise is at best a form of "trade/commercial speech" and are entitled less protection than the speech of a natural person, per se.

> "From this line of reasoning, it is clear that while commercial speech is "protected" under the First Amendment from prior restraint, the protection afforded is less than that provided for noncommercial speech, so that when commercial expression is false or misleading it is afforded no protection whatsoever".  See *Quinn v. Aetna Life and Cas. Co.,* 96 Misc.2d 545, 554 (Queens.Cty.Sup.Ct.1978); *Ohralik v. Ohio State Bar Ass'n*, 436 US 447, 456 (1978).

*15.*     Numerous examples could be cited of communications that are regulated without offending the First Amendment, such as employers' threats of retaliation for the labor activities of employees.  *Ohralik,* 436 U.S. at 456.  Further, a protective order in this case restraining the Defendant's use of the Plaintiff's portrait, photograph, likeness and/or visual representation is not a prior restraint of the media or press coverage.  Instead, it is simply a protective order restraining a tortfeasor from the unauthorized use of the Plaintiff's portrait, photograph, likeness and/or visual representation.  See *In re Application of Dow Jones & Company, Inc. et. al*. 842 F.2d 603, 607 (2ⁿᵈ Cir. 1988)

*16.*     The court again enunciated the principle that the State may intervene to protect the public from harmful commercial speech in *Ohralik,* 436 U.S. at 462, by stating that:

10

**MEMORANDUM OF POINTS AND AUTHORITIES TO SUPPORT PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION PURSUANT TO NY CPLR § 6301**

"the State has a legitimate and indeed 'compelling' interest in preventing those aspects of solicitation that involve fraud, undue influence, intimidation, overreaching, and other forms of 'vexatious conduct'".

17.     As the *Quinn* court found that aspects of commercial speech can violate the State's public policy as expressed in N.Y. Penal Law § 215.25 relative to jury tampering.

"For that reason alone, the speech might properly be restrained as it has been held that the press is not immune from statutes of general applicability." *Quinn* supra at 556 citing *Dennis v. United States*, 341 U.S. 494, 508, supra ; *Branzberg v. Hayes,* 408 US 665, 691-692 .

18.     More to the point is the reasoning stated in *New York State Broadcasters Assn. v. United States*, 414 F.2d 990, 997 (2nd Cir.1969) .

"The real point here is that we are not primarily in the realm of ideas at all but are chiefly concerned with speech closely allied with the putting into effect of prohibited conduct".

19.     Defendant/tortfeasor (CEO) Goodman (**MDSI/21st c3D** and **CSTT**) is commercially exploiting the Plaintiff by making him the central character in the CSTT "deep state" fairy tale.  These artifacts (contained in the accompanying exhibits [**Exh.9-11**]) are an attempt to link the Plaintiff with drug smuggling operations in Nicaragua as part of the Iran-Contra affair (see inclusion of Lt. Col. Oliver North, USMC (ret.) in said photographs) to bolster Goodman's delusional paranoid fantasies of the "deep state".

20.     Accordingly, Plaintiff seeks redress to have his image, likeness, photograph, portrait and/or visual representation removed with a "take-down notice" under N.Y. Civil Rights Law §§ 50-51 for Defendant (CEO) Goodman's "rapacious commercial exploitation" of his name, image, photograph, and likeness.

*PLAINTIFF MEETS THE REQUIREMENT FOR THE ISSUANCE OF A PRELIMINARY INJUNCTION UNDER SECTIONS 349 AND 350 OF THE GENERAL BUSINESS LAW*

21.     The decision to grant a motion for a preliminary injunction is committed to the discretion of the court. *Doe v. Axelrod*, 73 N.Y.2d 748, 750 (1988); *Jiggets v. Perales*, 202 A.D.2d 341, 342 (1st Dep't 1994) . Preliminary relief is only appropriate where (1) the moving party is likely to succeed ultimately on the merits of its

11

1   claim; (2) there exists the prospect of irreparable injury if the provisional relief is withheld; and (3) the balance of

2   equities tips in the moving party's favor. *Nobu Next Door LLC v. Fine Arts Hous., Inc.* 4 N.Y.3d 839, 840 (2005).

3       *22.*    Because the Plaintiff is seeking a preliminary injunction pursuant to N.Y. General Business Law

4   §§ 349 and 350 (GBL), the irreparable harm analysis in this case differs from a traditional preliminary injunction

5   analysis. Sections 349 and 350 on their face entitle private plaintiffs to seek injunctive relief so long as they have

6   suffered an injury as a result of the defendant's deceptive acts or false advertising. See N.Y. GBL § 349(h).

7       *23.*    Accordingly, courts have treated future irreparable harm to the public as sufficient to obtain a

8   preliminary injunction order under N.Y. GBL §§ 349 or 350. See *Marcus v. Jewish Nat'l Fund,* 158 A.D.2d 101,

9   105-06 (1st Dept. 1990). Regardless of whether the Plaintiff can in fact be required to prove irreparable harm in this

10  case, the Plaintiff can make such a showing. To prove that a practice was deceptive within the meaning of N.Y.

11  GBL Section 349, harmed consumers must show that (1) the act or practice was "consumer-focused," [solicitation to

12  purchase RedBubble merchandising] (2) the act or practice was misleading in a material way, [Plaintiff falsely cast

13  as a "deep state dunce", or some kind of deep state operative] and (3) they suffered an injury as a result of the

14  deceptive act [viewers deceived with false and misleading narratives and stories about Plaintiff's involvement in

15  Iran-Contra]. *Stutman v. Chemical Bank*, 95 N.Y.2d 24, 29 (2000). Plaintiff's claims easily satisfy all three

16  elements.

17

18  *THE NEED FOR A NY CPLR § 6301 PRELIMINARY INJUNCTION*

19      24.    N.Y. CPLR § 6301 augments the power of the federal judiciary to rely on its inherent power to

20  issue injunctive relief. Orders issued pursuant to N.Y. CPLR §§ 6301 and 6313 are commonly used to protect

21  consumers that are harmed by the deceptive practices that violate N.Y. GBL § 349(h). See *The People of the State*

22  *of New York (by Eric T. Schneiderman) v. FanDual, Inc.*, New York County Clerk's Index No. 453056/15.

23      25.    A preliminary injunction is available when plaintiffs can show that a defendant "threatens or is

24  about to do, or is procuring or suffering to be done, an act in violation of the plaintiff's rights respecting the subject

25  of the action." CPLR § 6301. Presently irreparable harm to the Plaintiff's professional reputation continues.

26  Allowing Defendant Goodman to continue this course of action (through his companies **MDSI/21stc3D**) will not

27                                              12

28                  **MEMORANDUM OF POINTS AND AUTHORITIES TO SUPPORT PLAINTIFF'S**
                    **MOTION FOR A PRELIMINARY INJUNCTION PURSUANT TO NY CPLR § 6301**

1   only irreparably harm the Plaintiff, but injure citizens both inside and outside of the State of New York.  See

2   *People v. Romero*, 91 N.Y.2d 750, 756 (1998) ("the Legislature by statute has authorized equity to act and enjoin

3   criminal behavior without the necessity of showing, in the individual case, that the public health or welfare was in

4   danger").

5      26.      Because Plaintiff is functioning as a private attorney general (**PAG**), he is broadly empowered to

6   protect the general public against deceptive acts and practices, and false advertising.  See *Marcus,* 158 A.D.2d at

7   105-106, *State v. Colo. St. Christian College of the Church of the Inner Power*, 346 N.Y.S.2d 482, 487 (Sup. Ct.

8   N.Y. Cty. 1973).  These decisions stand against defendants – like tortfeasor CEO Goodman – who would be

9   permitted to continue their deceptive practices and false advertising, in violation of N.Y. GBL §§ 349 and 350.

10     27.      Over the course of this litigation Defendant Goodman (using his companies **MDSI/21ˢᵗc3D**) has

11   demonstrated over and over that he will not stop attacking the Plaintiff.  Tortfeasor Goodman has only increased

12   the frequency and severity of these intimidation, defamation, trade libel and per se libel attacks on the Plaintiff

13   through the use of deceptive business practices and unlawful merchandising.

14     28.      Balancing the equities "simply requires the court to look to the relative prejudice to each party

15   accruing from a rant or denial of the requested relief."  *Ma v. Lien*, 198 A.D.2d 186, 187 (1ˢᵗ Dep't 1993).  Here,

16   the prejudice that the Plaintiff – and the public at large – will suffer absent a preliminary injunction is all too clear.

17   Defendant/tortfeasor Goodman's entire operation is illegal, and in violation of numerous civil and criminal statutes,

18   including N.Y. GBL §§ 349-350 , N.Y. Civil Rights Law §§ 50-51, the penal laws described above, the U.S.

19   Federal Trade Commission Act, and the common law (to name a few).  There is simply no reason to allow

20   Defendant/tortfeasor (CEO) Goodman to continue exploiting the Plaintiff, nor is there any reason to allow

21   tortfeasor Goodman (through his companies) to act in open defiance of the foregoing cited laws.  Allowing

22   Goodman's business to continue in any capacity creates imminent risk of harm to the Plaintiff and consumers in

23   general.

**MEMORANDUM OF POINTS AND AUTHORITIES TO SUPPORT PLAINTIFF'S
MOTION FOR A PRELIMINARY INJUNCTION PURSUANT TO NY CPLR § 6301**

1

2

## IV.   SUMMARY / RELIEF REQUESTED

3        29.      As has been demonstrated above, Defendant (CEO) Godman's entire merchandising of the

4   Plaintiff's image on coffee cups and tote bags is a sham.  Accordingly, the prejudice that he will suffer as a result

5   of an injunction is minimal.  Because tortfeasor's CEO Goodman's merchandising operation is per se illegal, the

6   only harm that will directly accrue to Defendant/tortfeasor (CEO) Goodman as a result of an injunction is that he

7   will be restrained from doing what is already forbidden: operating an illegal merchandising outlet whose entire

8   business model relies on defaming, harassing, misappropriating, threatening, and using, Plaintiff's name, image,

9   likeness, photographs and images for tortfeasor Goodman's own perverse financial gain.

10

## DECLARATION / ATTESTATION PURSUANT TO LOCAL RULE 7.1

11

12   I hereby attest that the foregoing is accurate and true under the penalties of perjury.  Further, I hereby attest that the

13   attached exhibits are accurate and true copies of source documents located on the Internet.

14

15        Signed this *15* day of November, 2018

16

17

18        Plaintiff, D. George Sweigert
          Pro se plaintiff acting as private attorney general

19

20

21

22

23

24

25

26

27                                          14

28        **MEMORANDUM OF POINTS AND AUTHORITIES TO SUPPORT PLAINTIFF'S**
          **MOTION FOR A PRELIMINARY INJUNCTION PURSUANT TO NY CPLR § 6301**

1
2
3
4
5
6
7
8
9
10
11
12

# **EXHIBITS**

13

**DECLARATION / ATTESTATION PURSUANT TO LOCAL RULE 7.1**

14
15

I hereby attest that the attached exhibits are accurate and true copies of source documents located on the Internet.

16

There has been no alteration of the source content.

17

Signed this *15* day of October, 2018

18
19
20

Plaintiff, D. George Sweigert
Pro se plaintiff acting as private attorney general

21
22
23
24
25
26

27                                                      15

28

**MEMORANDUM OF POINTS AND AUTHORITIES TO SUPPORT PLAINTIFF'S
MOTION FOR A PRELIMINARY INJUNCTION PURSUANT TO NY CPLR § 6301**

# EXHIBITS

# TO ACCOMPANY PLAINTIFF'S

# MOTION FOR INJUNCTIVE RELIEF

I hereby attest that the foregoing is accurate and true under the penalties of perjury.  Further, I hereby attest that the attached exhibits are accurate and true copies of source documents located on the Internet.

Signed this ____ day of November, 2018

Plaintiff, D. George Sweigert

Pro se plaintiff acting as private attorney general

# EXHIBIT ONE

**Selected Entity Name: MULTIMEDIA SYSTEM DESIGN, INC.**

**Selected Entity Status Information**

**Current Entity Name:** MULTIMEDIA SYSTEM DESIGN, INC.

**DOS ID #:** 1830828

**Initial DOS Filing Date:** JUNE 21, 1994

**County:** NEW YORK

**Jurisdiction:** NEW YORK

**Entity Type:** DOMESTIC BUSINESS CORPORATION

**Current Entity Status:** ACTIVE

**Selected Entity Address Information**

**DOS Process** (Address to which DOS will mail process if accepted on behalf of the entity)

% RANDY S. NEWMAN, ESQ.
208 EAST 51ST STREET
SUITE 200
NEW YORK, NEW YORK, 10022

**Registered Agent**
NONE

https://appext20.dos.ny.gov/corp_public/CORPSEARCH.ENTITY_INFORMATION?p_to
ken=73AF9A3A2F18A3D9F88633B9E967A9CBB5DE8F0224CE1826334909D82A3E50FF
E414D6DA888368571C46ADD6FA5E0BE9&p_nameid=E60C09CCBFDE7E73&p_corpid
=0643A2DBA93C8E2C&p_captcha=14375&p_captcha_check=73AF9A3A2F18A3D9F8863
3B9E967A9CBB5DE8F0224CE1826334909D82A3E50FF568A2B65A8F4B5E0FABF8040A
58D3065&p_entity_name=%6D%75%6C%74%69%6D%65%64%69%61%20%73%79
%73%74%65%6D%20%64%65%73%69%67%6E&p_name_type=%41&p_search_type
=%42%45%47%49%4E%53&p_srch_results_page=0

# EXHIBIT TWO

| | Serial Number | Reg. Number | Word Mark | Check Status | Live/Dead |
|---|---|---|---|---|---|
| 1 | 87752970 | 5544901 | **CROWDSOURCE** THE TRUTH | TSDR | LIVE |

| | |
|---|---|
| Word Mark | CROWDSOURCE THE TRUTH |
| Goods and Services | IC 041. US 100 101 107. G & S: Providing on-line videos featuring news in the nature of current event reporting, not downloadable. |
| Standard Characters Claimed | |
| Mark Drawing Code | (4) STANDARD CHARACTER MARK |
| Serial Number | 87752970 |
| Filing Date | January 12, 2018 |
| Current Basis | 1A |
| Original Filing Basis | 1A |
| Published for Opposition | June 5, 2018 |
| Registration Number | 5544901 |
| Registration Date | August 21, 2018 |
| Owner | (REGISTRANT) Multimedia System Design, Inc CORPORATION NEW YORK 6s 252 7th Avenue New York NEW YORK 10001 |
| Disclaimer | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "CROWDSOURCE" APART FROM THE MARK AS SHOWN |
| Type of Mark | SERVICE MARK |
| Register | PRINCIPAL |
| Live/Dead Indicator | LIVE |

**Internet URL:  http://tmsearch.uspto.gov/bin/showfield?f=doc&state=4804:7ytrd4.2.1**

| | |
|---|---|
| **Word Mark** | **CROWDSOURCE** THE TRUTH |
| **Registration Date** | August 21, 2018 |
| **Owner** | **(REGISTRANT) Multimedia System Design, Inc CORPORATION NEW YORK 6s 252 7th Avenue New York NEW YORK 10001** |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "CROWDSOURCE" APART FROM THE MARK AS SHOWN |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

| | |
|---|---|
| Word Mark | CROWDSOURCE THE TRUTH |
| Goods and Services | IC 041. US 100 101 107. G & S: Providing on-line videos featuring news in the nature of current event reporting, not downloadable. |
| Standard Characters Claimed | |
| Mark Drawing Code | (4) STANDARD CHARACTER MARK |
| Serial Number | 87752970 |
| Filing Date | January 12, 2018 |
| Current Basis | 1A |
| Original Filing Basis | 1A |
| Published for Opposition | June 5, 2018 |
| Registration Number | 5544901 |
| Registration Date | August 21, 2018 |
| Owner | (REGISTRANT) Multimedia System Design, Inc CORPORATION NEW YORK 6s 252 7th Avenue New York NEW YORK 10001 |
| Disclaimer | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "CROWDSOURCE" APART FROM THE MARK AS SHOWN |
| Type of Mark | SERVICE MARK |
| Register | PRINCIPAL |
| Live/Dead Indicator | LIVE |

# EXHIBIT THREE

# United States of America
## United States Patent and Trademark Office

## Crowdsource the Truth

**Reg. No. 5,544,901**

**Registered Aug. 21, 2018**

**Int. Cl.: 41**

**Service Mark**

**Principal Register**

Multimedia System Design, Inc (NEW YORK CORPORATION)
6s
252 7th Avenue
New York, NEW YORK 10001

CLASS 41: Providing on-line videos featuring news in the nature of current event reporting, not downloadable

FIRST USE 10-1-2016; IN COMMERCE 8-1-2017

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

No claim is made to the exclusive right to use the following apart from the mark as shown: "CROWDSOURCE"

SER. NO. 87-752,970, FILED 01-12-2018

http://tsdr.uspto.gov/documentviewer?caseId=sn87752970&docId=ORC20180805025238#docIndex=0&page=1

# EXHIBIT FOUR

| REGISTER | Principal |
| --- | --- |
| APPLICANT INFORMATION | |
| *OWNER OF MARK | Multimedia System Design, Inc |
| INTERNAL ADDRESS | 6s |
| *STREET | 252 7th Avenue |
| *CITY | New York |
| *STATE (Required for U.S. applicants) | New York |
| *COUNTRY | United States |
| *ZIP/POSTAL CODE (Required for U.S. and certain international addresses) | 10001 |
| PHONE | 212-244-8585 |
| FAX | 2122448585 |
| EMAIL ADDRESS | truth@crowdsourcethetruth.org |
| AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |
| LEGAL ENTITY INFORMATION | |
| *TYPE | CORPORATION |

http://tsdr.uspto.gov/documentviewer?caseId=sn87752970&docId=ORC20180805025238#docIndex=8&page=1

# EXHIBIT FIVE



http://tsdr.uspto.gov/documentviewer?caseId=sn87752970&docId=ORC20180805025238#docIndex=8&page=1

# EXHIBIT SIX



**Multimedia System Design Inc**
. . . . . 0 Reviews

**505 8th Ave Rm 1006**
**New York, New York 10018**
**(212) 244-8585** ☏

**Claim this Business**

Print | Save | Directions

## About

Multimedia System Design Inc is located at the address 505 8th Ave Rm 1006 in New York, New York 10018. They can be contacted via phone at (212) 244-8585 ☏ for pricing, hours and directions.

Multimedia System Design Inc has an annual sales volume of 501K - 999,999. .For more information contact Jason Goodman, President

For maps and directions to Multimedia System Design Inc view the map to the right. For reviews of Multimedia System Design Inc see below.

**https://www.chamberofcommerce.com/new-york-ny/7529885-multimedia-system-design-inc**

# EXHIBIT SEVEN



# 21ST CENTURY 3D

New York, NY · Los Angeles, CA

| | |
|---|---|
| Industry: | Motion Pictures and Film, Computer Related Services Motion Picture/Video Production, Video Production, Motion Picture & Video Production |
| Doing business as: | Multimedia Software Design Inc<br>21st Century 3D<br>M S D |
| Site: | 21stcentury3d.com |
| Phone: | ☎ (212) 244-8585 ☍ |
| Description | 21st Century 3D is a full-service stereoscopic 3D motion picture production company with offices in New York City and Los Angeles. We provide cutting edge live-action and computer generated... |
| Addresses: | 505 8 Ave #1006, New York, NY 10018<br>3450 Cahuenga Blvd W, Los Angeles, CA 90068 |
| Members (2): | Jason Goodman (President)<br>Stephen Baker (Operations Manager) |
| SIC: | 7812 - Motion Picture and Video Tape Production |
| Company size: | 1-10 employees |

**Business Background Report**

https://bizstanding.com/directory/CA/MU/440/

# EXHIBIT EIGHT

YouTube video production appearing on the Jason Goodman" channel.

https://www.youtube.com/watch?v=gqwV8UfBd5g

12/11/2017



Port Authority Bus Terminal Explosion Deemed 'Botched Terror Attempt' By NYPD



Jason Goodman

Subscribe   68K

4,455 views

Add to      Share      ••• More

Published on Dec 11, 2017
I've posted this video to let everyone know that although the explosion this morning was very close to my home and Crowdsource the Truth headquarters, I was not injured. Thanks to those who have inquired.

SHOW MORE

I've posted this video to let everyone know that although the explosion this morning was very close to **my home and Crowdsource the Truth headquarters,** I was not injured.   Thanks to those who have inquired.

Linked to ISIS, this seems to have been a scare tactic by an impotent terrorist, similar in scope to explosions that took place on 23rd Street in Chelsea (**also very near my home**) just over one year ago. Fortunately no serious injuries have been reported.

Crowdsource the Truth has been exposing fraud, corruption and crime for more than one year. As we grow in viewership and effectiveness, **our effort has come under consistent heavy attack by a determined group of misguided individuals.**

**These are truly despicable people who rely on spin, speculation, intimidation, exaggeration, fabrication, and malicious lies.** They have concentrated their efforts to conceal the truth and present a manufactured, patently false narrative and fraudulent conclusions.

While they do this, they attempt to **achieve financial gain** through a wide range of methods including monetized YouTube channels, Patreon solicitations, blockchain driven sites, fraudulent charity fundraising efforts, **baseless fake lawsuits** that abuse civil legal procedure and other methods.

The attacks are focused not only on **the privately owned corporation under which I create the video and social media content for Crowdsource the Truth,** but also on me personally, assailing my physical characteristics and religious heritage in a way that can only be described as hateful and un-American. They target even those brave, honest, hard working patriots who have defied corrupt authority to step forward and expose crimes that impact us all.

**The latest efforts of this nefarious group have graduated to a level that demands action. Their malicious attacks have gone too far. Their deception must be exposed. They must face justice for their acts.**

They mask their method as childish antics and "troll" behavior but this is a charade to hide their true, far more sinister purpose. They antagonize targets to elicit engagement and perpetuate

discord. They aim to make the very act of addressing their claims or actions appear to bring down the value of the content here. When lies go unchallenged, some may begin to believe them.

This group also aims to raise their profile and profits by exploiting the explosive growth of the fantastic audience here, while they continue to deceive and attempt to take advantage of the Crowdsource community. To more effectively neutralize their efforts, **Crowdsource the Truth will go back to ignoring them and remain dedicated to investigative journalism,** crowdsource fact checking and the serious work we have all set out to do. If you also wish to ignore these individuals, please continue to enjoy that effort here.

Those interested in learning how the misguided, malignant personnel are carrying out their nefarious plans and help put an end to their wrongdoing may do so at a new YouTube channel "Exposing the Chavez Hoax" with content coming soon, link below:

https://www.youtube.com/channel/UCE7t...

Thank you for your ongoing support. Sponsor Crowdsource the Truth
http://paypal.me/crowdsourcethetruth https://www.patreon.com/crowdsourceth...

BTC - 14y2bEJ484DTbQwthX51VWpcRtk9Q7kmQQ

ETH - 0x07a23Ac0EBb5936d60A8cBfE07D64A579Cc756c9

LTC - LVP2d143QjPv1JaJpqgPHzQzv2qSQCDnbd

email truth@crowdsourcethetruth.org

merchandise - https://www.redbubble.com/people/csth...

\*\*Legal Disclaimer: Sponsorship of Crowdsource the Truth is made at the sponsor's sole discretion. Sponsorship funds are not tax-deductible, are non-refundable, and do not represent any ownership, equity interest or decision-making authority in the organization.

[emphasis added]

# EXHIBIT NINE

---------- Original Message ----------

From: Spoliation Notice <spoliation-notice@mailbox.org>

To: dmca@redbubble.com, georg.webb@gmail.com, email@redbubble.com, truth@crowdsourcethetruth.org, Spoliation Notice <spoliation-notice@mailbox.org>

Date: November 28, 2017 at 11:34 AM

Subject: ATTN: Litigation hold and spoliation notice

ATTN: Legal Counsel

A lawsuit shall be commenced upon your corporation in the courts form the State of California for the publication of the attached artwork, sponsored by "csthetruth".

This is your spoliation and litigation hold notice.  As this artwork violates various privacy laws in the State of California a complaint shall be lodged with the State Attorney General.  Additionally, civil sanctions will be pursued.

ALL records associated with "csthetruth" MUST be safely archived and preserved.  This includes all materials related to "csthetruth"; such as, financial records, user applications, previously submitted artwork, invoices, e-mail exchanges, etc.

This "cdthetruth" artwork displays a copyright protected photo of our client, David George Sweigert.  He is depicted wearing a dunce cap in a straight

jacket.  This appears to be the work of George Webb Sweigert and Jason Goodman, both copied on this message.

We believe this is a gross violation of your corporate community standards policy as it holds our client (a private citizen) up to public ridicule and mockery.  Additionally, "csthetruth" does not have permission to use this photograph.

Respectfully,

Evidence Collection Team

**[Attached work show below]**

https://www.redbubble.com/p

4 / 4





## Designed by csthetruth
## New York, United States

A portion of your purchase goes directly to this artist

# EXHIBIT TEN



**Deep State Dunces**

Mugs

♡

Style:

Standard

$16.⁹⁰

**Buy any 2 and get 15% off.**
Buy any 4 and get 20% off.

Add to Cart

**Figure 1.a.  Undersigned depicted on CSTT RedBubble coffee cup**

**(https://www.redbubble.com/people/csthetruth/works/29102359-deep-state-dunces?p=mug)**



**Figure 1.b.  Undersigned depicted on CSTT RedBubble Tote Bag**

**(https: https://www.redbubble.com/shop/crowdsource+the+truth)**



Figure 1.c.  Undersigned depicted on CSTT RedBubble Tote Bag

(https: https://www.redbubble.com/shop/crowdsource+the+truth)

# EXHIBIT ELEVEN

Internet URL:  https://www.youtube.com/watch?v=GNxCk6nqFJg



Deep State Dunces Attack George Webb & CSTT
- Bitcoin Challenge Response

 Jason Goodman
▶ Subscribe  70K

15,220 views

**Figure 1.a.  Unauthorized portrait on YouTube thumb-nail**

**Streamed live on Nov 27, 2017**
The dumbest affiliates of the Deep State simply will not give up their ludicrous attacks on the truth, while simultaneously offering no evidence to support their claims.

Become a sponsor of Crowdsource the Truth and support the effort

http://paypal.me/crowdsourcethetruth

https://www.patreon.com/crowdsourceth...

**Buy Crowdsource the Truth merchandise in the on-line store**
**https://www.redbubble.com/people/csth...**

**Buy Crowdsource the Truth merchandise in the on-line store**
**https://www.redbubble.com/people/csth...**

# AFFADIVAT OF PLAINTIFF

I have never given Jason Goodman of New York City permission to use my name, image, photograph or likeness in any form or manner whatsoever.

Signed this __*15*__ day of November, 2018

_____

Plaintiff, D. George Sweigert

Pro se plaintiff acting as private attorney general

PRESS FIRMLY TO SEAL

PRESS FIRMLY TO SEAL

PRIORITY MAIL
POSTAGE REQUIRED

**PRIORITY ★ MAIL ★**

**P**

U.S. POSTAGE
PM 2-Day
$7.00
9S621 0006
Date of sale
11/15/18
06    2S SSK
11488361

054981115171942

**PRIORITY MAIL 2-Day®**

EXPECTED DELIVERY DAY: 11/17/18

SHIP
TO:

NEW YORK, NY 10007

0006

D. GEORGE SWEIGERT, C/O
P.O. BOX 152
MESA, AZ 85211

USPS TRACKING NUMBER

FROM:

TO:

PRO SE DIVISION, ROOM #200
Clerk of the Court
U.S. District Court for the SDNY
(FOLEY SQUARE)
500 Pearl Street
New York, New York 10007-1312

VISIT US AT USPS.COM®

2018 NOV 20

UNITED STATES

USMP
SDNY