RECEIVED
SDNY PRO SE OFFICE
2019 JAN 15  PM 1:56

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

JURISDICTION

| | |
|---|---|
| SWEIGERT, | Case No.: 1:18-cv-08653-UA |
| Plaintiff, | |
| vs. | DEFENDANT'S OPPOSITION TO PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE |
| JASON GOODMAN, | |
| Defendant | |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

Comes now Defendant Jason Goodman, Pro Se, with this opposition to Plaintiff's

Response to the Court's Order to Show Cause.

1. Plaintiff Sweigert's response fails to rebut the Court's cited case law with regard to

Standing. Plaintiff continues to fail to show standing in this matter. Furthermore,

Plaintiff began his response to the Court's Order to Show Cause with a false statement,

Defendant did not cause the closure of a maritime port. In fact Sweigert's entire legal

action is based on claims he knows to be false. S is aware that the FBI and U.S. Coast

Guard have investigated the matter, including interrogating Plaintiff's own brother,

George Webb Sweigert at Zainsville City Jail in Zainsville Ohio immediately after the

incident. Upon completing their investigation, neither the FBI nor U.S. Coast Guard

have accused the Defendant of any wrongdoing. Plaintiff Sweigert fails to refute the

relevance of *Connecticut Action Now, Inc. v. Roberts Plating Co.,* 457 F.2d 81, 87 (2d

Cir. 1972) but instead continues to filibuster in an attempt to buttress false claims of

RICO violations by Defendant. The core accusations of his complaint are false and have no merit. These claims and the entire legal action are harassing in nature.

2. Plaintiff fails to show cause as to why his RICO and related fraud claims should not be dismissed for lack of standing under Rule 12(b)(1) and for failure to state a claim under Rule 12(b)(6) but rather continues to insist he is operating as a private Attorney General on the basis of his faulty RICO claim. The incident in question at the Port of Charleston was provoked by associates of Plaintiff including Plaintiff's brother George Webb Sweigert (https://www.youtube.com/watch?v=ekr5cw2WAbU&t=930s) and his associate O. Marshall Richards, a one-time contract informant for the FBI (*5:99-cv-00111-FPS Looker v. Godwin, et al Frederick P. Stamp, Jr, presiding Date filed: 08/18/1999 Date terminated: 03/14/2001 Date of last filing: 11/07/2001*). The transcript of the video *Clear and Present Danger (Calm Before the Storm?)*M (258 pages available upon request) clearly indicates all information related to the Port of Charleston incident originated with Plaintiff's brother George Webb Sweigert. Furthermore, George Webb Sweigert engaged in a nearly two-hour long effort to convince Defendant Goodman that the public was in imminent and grave danger on the scale of September 11, 2001 invoking that incident specifically. Defendant Goodman had no foreknowledge of the matter and acted out of an abundance of caution due to perceived threat based on information supplied by Plaintiff's brother George Webb Sweigert and his associate O. Marshall Richards.

3. Plaintiff Sweigert not only fails to show cause as to why his abuse of process claim should not be dismissed for lack of standing, but rather continues his own abuse of process with ongoing vexatious litigation, unnecessarily long pleadings and FLAGRANT violations of court orders. Sweigert mocks the Court with his additional UNAUTHORIZED FILING of a letter titled Clarification of Mailing Issues dated

DEFENDANT'S OPPOSITION TO PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE - 2

January 11, 2019 in DIRECT CONTRAVENTION of the specific instructions that NO

FURTHER FILINGS be made pending the resolution of the Court's Order to Show

Cause. In this gross violation, Sweigert claims Defendant's actions in going to the post

office in Mesa Arizona is an attempt "to locate the physical address of a litigant for the

purpose of placing them in peril or jeopardy". This is false. The effort was in fact, an

attempt to determine the true legal ownership of PO Box 152 Mesa AZ 85211 and not an

investigation into the physical location of Mr. Sweigert himself. The U.S. Postal Service

is in the regular practice of renting Post Office boxes not apartments or homes so

presuming Sweigert, or any litigant, would be physically located at the post office is

spurious. Furthermore, Sweigert published a video on YouTube on December 1, 2018

titled "The Amazing Magical Post Office" which has since been deleted in Plaintiff's

ongoing pattern and practice of spoliation of evidence. A copy of the video has been

preserved by Defendant and is available upon request. In the video, Plaintiff taunts the

Defendant and shows himself at the Mesa AZ post office mailing a USPS Money order

for one dollar (exhibit A) to Defendant from a public letter box. No information about

Sweigert's personal location or residence, beyond what he himself shared, was sought or

revealed. While flouting this Court's orders with additional superfluous filings, Sweigert

fails to address what U.S. Postal employees in Mesa AZ confirmed. Plaintiff was NOT

the registered owner of PO Box 152 at the time of his address change with the court or

during any of his filings prior to Defendant Goodman's filing of the SUPPLEMENT TO

MOTION FOR RULING TO SHOW CAUSE FOR DEFENDANT'S CONDUCT OF

PROVIDING FALSE ADDRESS AND PERSISTENT EFFORTS TO AVOID

SERVICE on November 7, 2018. Sweigert was not legally or officially associated with

PO Box 152 Mesa AZ 85211 until he was ADDED with the express consent of the owner

of the box on December 1, 2018 according to U.S. Postal employees in Mesa, AZ.  The

original owner remains unknown to Defendant, but U.S. Postal employees confirmed that

on December 1, 2018, Sweigert and the owner of PO Box 152 presented themselves at

the Post Office and added Sweigert as an additional owner of the box.  Plaintiff's

presence at the Mesa, AZ post office on December 1, 2018 is further confirmed by

Defendant's receipt of a one dollar U.S. Postal money order sent by Plaintiff in a hand

addressed envelope stamped and dated by the Mesa AZ Post office on December 1, 2018

(exhibit A) The U.S. Postal Service did not consider PO Box 152 Mesa AZ 85211 to be a

legitimate legal mailing address for Sweigert prior to December 1, 2018, and so neither

should this Court.  This was not Sweigert's legal mailing address during most of the

duration of this legal action including the time of Plaintiff's filing of change of address

with the court.  This strongly indicates Sweigert's intention to commit a fraud on the

court by using a false mailing address as well as taking other steps to frustrate Defendants

ability to respond to pleadings and adhere to local rules of federal procedure.  Plaintiff

did this knowingly and with the intent to carry out a fraud on the court in violation of 18

U.S.C. § 1341 which defines mail fraud as a person intentionally using the Postal Service

or a private carrier (such as UPS) to carry out a fraud scheme. This would also explain

why five separate articles mailed by Defendant in accordance with local rules of federal

procedure were returned as undeliverable (exhibit B).  Sweigert also fails to mention that

the complaint filed with the AZ State Bar Association, referenced in the same January 11,

2019 filing, was in fact filed by Plaintiff AFTER the court's Order to Show Cause and

was done so as an extra judicial punitive measure against Defendant Goodman.  On

November 27, 2018 the AZ State Bar determined there to be no wrongdoing on

Defendant's part and that "no further investigation is warranted" (exhibit C).  Finally, and

DEFENDANT'S OPPOSITION TO PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE - 4

in further defiance of the spirit and intention of the Court's Order to Show Cause, Plaintiff mailed a letter of "Intent to Sue" (exhibit D) to Defendant, Defendant's primary source of income business associate Jack Conte, the New York State Police Financial Crimes Division, NYPD Financial Crimes division and the U.S.C.G. New York Sector Commander. Plaintiff's egregious disregard for the intentions of the Court's Order to Show Cause demonstrate not only the lengths he will go to in his attempts to injure Defendant Goodman but also Plaintiff's disdain for this Court, its procedures and the rule of law itself.

4. Plaintiff Sweigert fails to show cause as to why the Court should not dismiss his 42 U.S.C. § 1985 claim for failure to state a claim. Defendant has no contacts in the FBI aside from those supplied by Plaintiff's brother George Webb Sweigert, specifically Robyn Gritz (retired) and Oakey Marshall Richards (former contract informant). These individuals acted on their own volition with no coordination between Defendant and any other person as far as Defendant is aware, to carry out any actions alleged by Plaintiff. Defendant has had two phone calls with Special Agent Brittany Custer of the New York FBI field office with regard to the ongoing, persistent harassment by Plaintiff, but contact was made with FBI through publicly published phone numbers and to Defendant's knowledge, no action has been taken by FBI in this regard. Furthermore, Plaintiff chose to enter seven declarations in *Robert David Steele, et. al. vs. Jason Goodman,* U.S.D.C. for the Eastern District of Virginia (Richmond), CASE#: 3:17-cv-00601-MHL just prior to bringing this action, initially in the District of South Carolina, arguably to make himself a "witness" in the matter allowing him to make the claim in question. In other pleadings, Plaintiff claims to not know Robert David Steele and to have never communicated with him or agents of his. Contrary to this statement, Plaintiff has

engaged in phone calls and live stream videos with admitted associates of Robert David Steele including Tyrone Simpson aka Frank Bacon (14 page transcript or original video available upon request). It should also be stated that Defendant Goodman was introduced to Robert David Steele by Plaintiff's brother George Webb Sweigert (https://www.youtube.com/watch?v=hMJoAO5OZY8).  It would seem Plaintiff's brother either coincidentally provides most of the material that provides litigation fodder to Plaintiff or else some of these actions may be coordinated.

5.   Should the Court decide to dismiss the Federal claims, as Defendant believes the Court should in part due to the Plaintiff's vexatious conduct and of course in consideration of the lack of merit of Plaintiff's claims, Defendant would respectfully ask the Court to also dismiss the State Law claims.

6.   Plaintiff fails to show cause as to why leave to file a second amended complaint should not be denied on the basis of futility even stating in his own response that it may "not necessarily be futile" revealing his own lack of confidence in the claim.  In fact, Plaintifft's filing of the initial Complaint, Amended Complaint and Motion for Leave to File A Second Amended Complaint are all, in and of themselves, abuses of process as the entirety of the initial complaint is without merit, a false allegation with no basis in fact.

On the basis of these facts the Defendant respectfully requests that this matter be dismissed with prejudice, and that the court issues sanctions against Plaintiff for his wanton disregard for legal process and procedure. Furthermore, Defendant humbly requests that the Court should prohibit Sweigert from filing any actions in any Federal Courts without that Court's express prior permission to do so due to his pattern of vexation litigation and wanton disregard for Court procedures and resources.  Respectfully submitted

Jason Goodman, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
truth@crowdsourcethetruth.org

DEFENDANT'S OPPOSITION TO PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE - 6

**EXHIBIT A**



FROM:
SWEIGERT
P.O. BOX 152
MESA, AZ 85211

TO:
JASON GOODMAN #6S
252 7TH AVE
NEW YORK, NY 10001

PRIORITY MAIL 2-Day

US POSTAGE PAID
$6.70
Origin: 85201
12/01/18
0352260400-01

0 Lb 1.50 Oz

DEFENDANT'S OPPOSITION TO PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE - 7

1

**EXHIBIT B**



2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANT'S OPPOSITION TO PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE - 8

1

**EXHIBIT C (1 of 2)**

2

3

 **STATE BAR**
OF **ARIZONA**                     Assistant's Direct Line: 602-340-7253

4

5

November 27, 2018

**PERSONAL AND CONFIDENTIAL**

6

7

Jason Goodman
252 7th Ave. #6s
New York, NY 10001

8

**Re: File No:**      18-3258
        **Complainant:** D. George Sweigert

9

Dear Mr. Goodman:

10

The State Bar recently received a bar charge against you from Mr. Sweigert. Mr. Sweigert alleges that you engaged in the unauthorized practice of law in Arizona by publishing certain YouTube videos of yourself, Brian Vukadin, and Michael Barden in which you discuss Mr. Barden's pending criminal case.

11

12

After our review of the charge, we have determined that no further investigation is warranted at this time. We therefore consider this file closed. However, please be mindful of Arizona Supreme Court Rule 31(a)(2) which defines the practice of law in Arizona as including "expressing legal opinions."

13

The closing letter to Mr. Sweigert contained the following:

14

I reviewed your submissions regarding Mr. Goodman in which you allege that Mr. Goodman engaged in the unauthorized practice of law in Arizona. Your submissions include links to YouTube videos.

15

16

I viewed the YouTube videos that you reference in your submissions. The YouTube videos include conversations between Mr. Goodman, a person named Brian Vukadin, and Michael Barden. Mr. Barden is the defendant in a criminal case pending in Maricopa County Superior Court. Mr. Barden is represented by an attorney licensed to practice law in Arizona in his criminal case.

17

18

In the videos, Mr. Goodman states that Mr. Vukadin is not an attorney, that they are not offering legal advice, that Mr. Barden has counsel and, if there are attorneys who would like to assist Mr. Barden, then they should contact him. In the videos, it appears that Mr. Vukadin and Mr. Goodman provide personal opinions on Mr. Barden's case and to Mr. Barden regarding his case.

19

20

Based upon my review of the videos, there is not clear and convincing evidence that Mr. Goodman engaged in the unauthorized practice of law in Arizona. Accordingly, I have determined that further investigation is not warranted at this time and our file has been closed. However, I provided Mr. Goodman a reference to the Arizona Supreme Court Rule on the unauthorized practice of law in Arizona so that he can ensure his conduct comports with that rule.

21

22

23

24

18-9472                          Page 1 of 2

25

4201 N. 24th Street  ·  Suite 100  ·  Phoenix, AZ 85016-6266
Tel 602.252.4804  ·  Fax 602.271.4930  ·  Website www.azbar.org

26

27

28

**EXHIBIT C (2 of 2)**

If you wish to receive a copy of the charge filed by Mr. Sweigert please notify us at the number above and it will be provided.  Pursuant to Rule 70(a)(4), Ariz. R. Sup. Ct., the record of this charge will be public for six months from the date of this letter.  This charge has no adverse impact on your standing with the State Bar.  The record shows a consumer charge that was dismissed.  Pursuant to Rule 71, Ariz. R. Sup. Ct., the State Bar file may be expunged in three years.

Sincerely,

Nicole S Kaseta
Bar Counsel - Intake

NSK/sb

18-9472                                        Page 2 of 2

DEFENDANT'S OPPOSITION TO PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE - 10

**EXHIBIT D (1 of 2)**

———

D. GEORGE SWEIGERT, C/O
P.O. BOX 152
MESA, AZ 85211
Spoliation-notice@mailbox.org

DECEMBER 21, 2018

JASON GOODMAN, CEO
Multimedia Systems Designs, Inc.
252 7ᵗʰ Avenue, APT #6S
New York, NY 10001

GEORGE WEBB SWEIGERT
c/o Country Inn
8850 Hampton Mall Drive N.
Capitol Heights, MD 20743

SUBJ:      NOTICE OF INTENT TO SUE

Ref:        (a)  18 U.S.C. § 1038

Gentlemen:

1.      As you are well aware, your actions caused the closure of the Port of Charleston, South
Carolina on June 14ᵗʰ, 2017.  As noted previously, Mr. Goodman has been recorded "texting"
Dr. Jerome Corsi during the video broadcast of "CLEAR AND PRESENT DANGER" on the
"Jason Goodman" channel.

2.      The financial losses to the MAERSK SHIPPING line (to include reputational damage)
have been estimated at $4,100K.  This is an amount that both of you are liable for.

3.      Under the private right of action provisions of ref: (a) a federal lawsuit shall be
commenced against both of you in the U.S. District Court for the District of Maryland.  You both
may want to seek legal counsel to aid and assist you in your defense.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE - 11

**EXHIBIT D (2 of 2)**

4.      There remain unanswered questions about the willful mis-direction of U.S. Department of Homeland Security investigative personnel by you both, so courtesy copies of this letter and a copy of the technical report "Port of Charleston, Dirty Bomb Hoax and Social Media Liability" are provided to the below addressees.

5.      You may want to review the Terms of Use of PATREON which transfers the liability of legal expenses to the PATREON content providers (Goodman/Sweigert). As George Webb Sweigert is facing Rule 11 sanctions in a federal lawsuit openly supported by Mr. Goodman, you may wish to act accordingly.

Kind regards,

D. George Sweigert

Copies provided:

Financial Crimes and Fraud Division
New York Police Department
Manhattan District
13th Detective Squad
230 East 21st Street
New York, N.Y. 10010

Jack Conte (co-defendant)
PATREON, INC.
Suite 500
600 Townsend Street
San Francisco, CA 94103

Intelligence Intake
Financial Crimes Division
New York State Police
630 Columbia Street Extension
Latham, N.Y. 12110

Sector Commander,
Capt. Jason Tama, USCG
USCG Sector New York
212 Coast Guard Drive
Staten Island, N.Y. 10305

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

JURISDICTION

D. GEORGE SWEIGERT,

           Plaintiff,

vs.

JASON GOODMAN,

           Defendant

Case No.: 1:18-cv-08653-UA

CERTIFICATE OF SERVICE

## CERTIFICATE OF SERVICE

I certify that on the 15th day of January 2019, I served true and accurate copies of the foregoing document on the following persons, as indicated below:

Name:Pro Se Section of the U.S. District Court Southern District of New York

Served by:

[ X ]    Hand-delivery

U.S. District Court Southern District of New York

Pro Se Intake Unit

500 Pearl Street,

New York, NY 10007-1312

Name: D. George Sweigert (aka David George Sweigert, aka Dave Acton)

Served by:

[ X ]    By deposit in the U.S. Mail addressed as follows:

D. George Sweigert, C/O

P.O. Box 152

Mesa, AZ 85211

Respectfully submitted

Jason Goodman, Pro Se

252 7th Avenue Apt 6s
New York, NY 10001

CERTIFICATE OF SERVICE - 1