UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  08/20/2019
```

D. GEORGE SWEIGERT,

                              Plaintiff,

            -against-

JASON GOODMAN,

                              Defendant.

18-CV-8653 (VEC)

**MEMORANDUM ORDER**

VALERIE CAPRONI, United States District Judge:

     This is a frivolous dispute between two litigants whose voluminous court filings rehash their incomprehensible and illogical online conspiracy theories.  For the reasons set forth below, the Court denies Plaintiff's motion for disqualification, dismisses the amended complaint, and denies Plaintiff leave to file his proposed second amended complaint.  The Court also grants Plaintiff's motion to dismiss Defendant Goodman's counterclaims and denies all remaining motions by both parties as moot.  Because Plaintiff may be able to assert at least some plausible claims in a properly constructed complaint, he is given leave to further amend within 21 days of this Order.

## BACKGROUND

     Plaintiff, acting *pro se*, brought this action in the United States District Court for the District of South Carolina, which transferred it to this Court.  Dkt. 1.  Among numerous other filings, Plaintiff has submitted an amended complaint, sixteen requests for judicial notice, two motions for preliminary injunction, a motion for a gag order, and two motions for leave to file a proposed second amended complaint.  After Plaintiff filed the amended complaint, Defendant filed a motion to dismiss, an answer, and multiple counterclaims; Plaintiff then moved to strike the answer and the motion to dismiss and to dismiss the counterclaims.  All told, the parties have

filed over twenty frivolous motions in short order, most of which were submitted before the undersigned was even assigned to the case, prompting the Court to order the parties to file no more motions (Dkt. 65) pending resolution of the Court's order to show cause why the case should not be dismissed.  That order preventing further motions was not obeyed.  *See, e.g.*, Dkts. 71, 73–74, 77–81, 83–86.

In the amended complaint and proposed second amended complaint, Plaintiff recounts a convoluted history of Defendant, an operator of a YouTube channel, accusing Plaintiff of committing wildly implausible acts.  *See generally* Amended Compl. (Dkt. 5); Proposed Second Amended Compl. (Dkt. 56-1).  On the basis of Defendant's facially ridiculous statements on YouTube, which include, among other things, an accusation that Plaintiff used a microwave weapon to explode someone's lung and that Defendant has influence over the Federal Bureau of Investigation (FBI), Plaintiff, as a private citizen, now seeks to impose civil and criminal liability on Defendant for allegedly participating in a racketeering organization and violating numerous federal and state criminal laws.

While the parties' responses to the Court's order to show cause were under consideration, and roughly eight months after the undersigned was assigned to the case, Plaintiff moved to disqualify the undersigned.  Dkt. 86 at 1, 4–6.

## DISCUSSION

### A.     Plaintiff's Motion for Disqualification

Plaintiff has filed a motion to disqualify the undersigned pursuant to 28 U.S.C. § 144. "Section 144 establishes that another district court judge shall be assigned to hear the matter if the movant establishes that the motion is timely and the party's affidavit is sufficient." *Sharkey v. J.P. Morgan Chase & Co.*, 251 F. Supp. 3d 626, 629 (S.D.N.Y. 2017).  "[T]he 'mere filing of an affidavit of prejudice does not require a judge to recuse.'" *Williams v. New York City Hous.*

2

*Auth.*, 287 F. Supp. 2d 247, 248–49 (S.D.N.Y. 2003) (quoting *Nat'l Auto Brokers Corp. v. General Motors Corp.*, 572 F.2d 953, 958 (2d Cir. 1978)).  Rather, "[t]he district judge whose personal bias or prejudice is in question 'must review the facts included in the affidavit for their legal sufficiency and not recuse himself or herself unnecessarily.'"  *Sharkey*, 251 F. Supp. 3d at 629 (quoting *Williams*, 287 F. Supp. 2d at 249).  To be considered legally sufficient, the affidavit must provide "fair support" that the judge possesses an "objectionable inclination" that may prevent impartiality of judgment.  *Id.* (citing *Hoffenberg v. United States*, 333 F. Supp. 2d 166, 171 (S.D.N.Y. 2004)).  When reviewing such a motion, "[t]here is 'as much obligation upon a judge not to recuse [herself] when there is no occasion as there is for [her] to do so when there is."  *Rosen v. Sugarman*, 357 F.2d 794, 797–98 (2d Cir. 1966) (citation omitted).

As a threshold matter, *pro se* litigants may not file an affidavit pursuant to 28 U.S.C. § 144.  *Williams*, 287 F. Supp. 2d at 249 ("A pro se party cannot supply a certificate of counsel." (citing *Robinson v. Gregory*, 929 F. Supp. 334, 337–38 (S.D. Ind. 1996) ("Section 144 strikes a balance by providing both powerful and nearly automatic procedures for disqualification, while requiring counsel's certificate of good faith as a means to prevent abuse.")))  Plaintiff's motion, therefore, fails for that reason alone.

Nevertheless, in the interest of allowing Plaintiff the chance to be heard, the Court will address the merits of Plaintiff's arguments.  Plaintiff's affidavit claims that the Court is biased based on two extrajudicial facts.  *Sharkey*, 251 F. Supp. 3d at 631–32 ("Generally, claims of judicial bias must be based on extrajudicial matters." (citing *Chen v. Chen Qualified Settlement Fund*, 552 F.3d 218, 227 (2d Cir. 2009)))  First, Plaintiff notes that the undersigned previously served as an Assistant United States Attorney and, as a result, has prior experience in racketeering cases.  Dkt. 86 at 4.  Second, Plaintiff notes that the undersigned previously worked

3

for the FBI.  Dkt. 86 at 5.  From there, Plaintiff draws two inferences—one, that the undersigned, being accustomed to high-quality lawyering, is likely to disfavor *pro se* lawsuits, and two, that the undersigned is interested in burying this lawsuit due to Plaintiff's claims of possible wrongdoing by FBI agent(s).  *Id.* at 5–6.

Plaintiff's affidavit is plainly inadequate.  First, the claim that the undersigned has acquired a preference for well-resourced lawyering and is, therefore, biased against *pro se* litigants is illogical, but it is also an allegation that could be made against any federal judge. Second, the undersigned's former affiliation with the FBI cannot support the proposed inference of bias because neither the FBI nor any agent is named as a party, nor has Plaintiff alleged any personal connection between the undersigned and any individuals he alleges are involved in this case.  *See id.*; *Robinson*, 929 F. Supp. at 337 ("Conclusions, opinions, or rumors are not sufficient." (citing *United States v. Sykes*, 7 F.3d 1331, 1339 (7th Cir. 1993))).  Moreover, courts have declined to recuse even when there exists a personal connection that is remote in time.  *See, e.g.*, *Toliver v. New York City Dep't of Corr.*, 202 F. Supp. 3d 328, 338 (S.D.N.Y. 2016) (denying recusal motion alleging bias based on opposing counsel's internship for assigned judge five years prior).  The mere fact that certain FBI agents, named and unnamed, are mentioned in an unflattering light does not support a reasonable inference of bias; otherwise, the undersigned and all other judges with law enforcement experience could be recused from every criminal and civil case involving a law enforcement officer.  Furthermore, Plaintiff himself does not seem to believe that the facts in the affidavit support an inference of bias, as he couches his allegations of bias in highly speculative and qualified language.  *See, e.g.*, Dkt. 86 at 5–6 ("[I]t is reasonable to assume that a certain level of pervasive bias may exist.") ("Practicing law in an environment with almost unlimited legal resources (such as the F.B.I.) could foster an extra-judicial

preferential bias."). Such conspiratorial speculation, applying a standard that could lead to the disqualification of virtually every judge in the district, may be fit for YouTube's comment section, but it is not sufficient to cause the recusal of the undersigned. *See Sharkey*, 251 F. Supp. 3d at 630 ("[T]he affidavit 'must show a true personal bias, and must allege specific facts and not mere conclusions or generalities.'" (quoting *United States v. International Business Machines Corp.*, 475 F. Supp. 1372, 1379 (S.D.N.Y. 1979), *aff'd sub nom. In re International Business Machines*, 618 F.2d 923 (2d Cir. 1980))).

Finally, "[i]t is well-settled that a party must raise its claim of a district court's disqualification at the earliest possible moment after obtaining knowledge of facts demonstrating the basis for such a claim." *Apple v. Jewish Hosp. & Med. Ctr.*, 829 F.2d 326, 333 (2d Cir. 1987). None of the facts pertaining to the undersigned's former career is new, and Plaintiff has not averred in his affidavit that he only recently became aware of that information. *See Morisseau v. DLA Piper*, 532 F. Supp. 2d 595, 623 (S.D.N.Y. 2008) (finding waiver because plaintiff "ha[d] not established that plaintiff filed [disqualification papers] as soon as practical after learning of the facts."), *aff'd*, 355 F. App'x 487 (2d Cir. 2009).

In sum, Plaintiff's motion fails for three independent reasons—it was not accompanied by a certificate of counsel, was untimely, and is insufficient on the merits. Plaintiff's motion to disqualify the undersigned is therefore denied.

**B.    Plaintiff's Amended Complaint and Proposed Second Amended Complaint**

Because both parties are *pro se*, the Court construes all of their pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interprets them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quotation marks and citations omitted) (emphasis in original). Nevertheless, the Court must dismiss a complaint for lack of standing or other lack of subject-matter jurisdiction. Fed. R. Civ. P.

12(h)(3).  The Court may also dismiss a complaint if the action is frivolous, even if the plaintiff

has paid the filing fee.  *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363–64 (2d

Cir. 2000) (per curiam) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (per curiam)

(holding that Court of Appeals has inherent authority to dismiss frivolous appeal)).  And having

given Plaintiff a chance to be heard on the merits of his claims, the Court may also dismiss his

claims for failure to state a claim.  *See Snider v. Melindez*, 199 F.3d 108, 113 (2d Cir. 1999).

A private citizen may not prosecute a criminal action in federal court.  *See Leeke v.

Timmerman*, 454 U.S. 83, 86 (1981) (per curiam) (reaffirming that "a private citizen lacks a

judicially cognizable interest in the prosecution or nonprosecution of another").  Federal

prosecutors have discretion to determine whether to bring a criminal action, and private

individuals cannot displace the Attorney General by bringing civil actions to enforce the criminal

laws of the United States.  *See Connecticut Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81,

87 (2d Cir. 1972) ("We see no hint . . . that Congress intended to authorize a private individual to

substitute his own judgment for that of the Department [of Justice] as to whether a discretionary

criminal proceeding should be brought, or to institute a private civil action for the fine, in lieu of

the criminal process the Attorney General refuses to invoke."); *Hill v. Didio*, 191 F. App'x 13,

14-15 (2d Cir. 2006) ("As a general matter, we have long recognized that crimes are prosecuted

by the government, not by private parties.").  The Court therefore dismisses, for lack of standing,

all claims in the amended complaint that assert violations of federal criminal law.[1]  *Rush v.

Hillside Buffalo*, LLC, 314 F. Supp. 3d 477, 482 n.3 (W.D.N.Y. 2018) ("[I]n cases where a

---

[1]      These claims include alleged violations of 18 U.S.C. §§ 371, 1030, 1038, 1512, 1958.  The amended
complaint also off-handedly alleges violations of the criminal laws of New Jersey and the District of Columbia.  *See,
e.g.*, Amended Compl. (Dkt. 5) at 34, 39.  As with his federal claims, Plaintiff has failed to identify any authority
vesting a private litigant with the power to pursue civil remedies for alleged violations of those criminal laws.

private citizen seeks to enforce or prosecute a criminal statute, courts have routinely found that the citizen does not have standing to do so." (collecting cases)).

The only civil causes of action that Plaintiff asserts in the amended complaint is a civil Racketeer Influenced and Corrupt Organizations Act (RICO) (18 U.S.C. § 1964) claim, which is predicated on numerous allegations of wire fraud (and liberally construed, witness tampering and murder-for-hire), and two claims of violations of 42 U.S.C. § 1985.  Plaintiff has failed to state a claim pursuant to either statute.

Section 1964(c) of Title 18, United States Code, creates a private cause of action for a person injured by a RICO violation.  In order to state a claim for relief under 18 U.S.C. § 1964(c), a plaintiff must allege that he was injured by "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985).  A "pattern of racketeering activity" must consist of at least two predicate offenses as defined pursuant to 18 U.S.C. § 1961(1).  18 U.S.C. § 1961(5); *United States v. Indelicato*, 865 F.2d 1370, 1381 (2d Cir. 1989) (en banc).  The plaintiff in a civil RICO claim must also show that the defendant's racketeering activity or predicate offenses were "the 'proximate cause' of the plaintiff's injury."  *See NBM LLC*, 359 F.3d at 176 (citation omitted).  To plead "injury," a plaintiff must allege harm to "business or property" caused by the alleged racketeering activity or its predicate acts.  *Geiss v. Weinstein Co. Holdings LLC*, 383 F. Supp. 3d 156, 170–71 (S.D.N.Y. 2019).  "Personal injuries," such as loss of professional opportunities, are not, however, actionable.  *Id.*

In this case, the overwhelming majority of Plaintiff's allegations of wire fraud, witness tampering, and murder-for-hire, although RICO predicates, do not pertain to him or to his business or property.  Counts One, Three, and Ten of the amended complaint allege that

Defendant defrauded individuals who donated to Defendant or to his purported entity—but do not allege that Plaintiff was a donor, lost any property, or was otherwise harmed in any way by Defendant's allegedly unlawful fundraising. *See* Amended Compl. at 20–21, 25–26. Similarly, Count Two alleges that Defendant perpetuated a bomb hoax that temporarily shut down a port in South Carolina—but there is no suggestion that the hoax injured Plaintiff's property or business. *Id.* at 22–25. Count Five alleges a murder-for-hire, which is a RICO predicate, but Plaintiff is not the subject of the alleged plot, nor is there any allegation that the plot harmed him in any way. *Id.* at 29–30. Count Eight alleges wire fraud based on Defendant's purported misuse of personally identifying information, but Plaintiff does not allege that his own personal information was misused or that any misuse affected his business or property. *Id.* at 34–35. Count Nine alleges witness tampering, which is a RICO predicate, but Plaintiff is neither the allegedly witness with whom Defendant allegedly tampered nor a party to the relevant proceeding. *Id.* at 35–37. Thus, as to the majority of the claims in the amended complaint, Plaintiff appears to regard himself as a roving knight in shining armor, intent on vindicating, through this lawsuit, the rights of anyone harmed by Defendant's nonsensical ranting. Unfortunately for Plaintiff, that is not the function of the civil RICO statute.

Count Six of the amended complaint perhaps comes closest to pleading an injury, but it is still far afield. In Count Six, Plaintiff alleges wire fraud based on a YouTube video, in which Defendant spins a crackpot theory about Plaintiff surveilling an individual named Quinn Michaels and using a microwave weapon that caused Michaels to suffer an "explosion of a bleb attached his lung." *Id.* at 30–31. Plaintiff claims that the video injured his professional reputation. *Id.* As stated above, a loss of professional opportunities is generally not actionable under RICO. *See Geiss*, 383 F. Supp. 3d at 170. Moreover, Plaintiff has not alleged a single

business opportunity that was or may be lost as a result.  Nor has Plaintiff alleged how anyone

has or could possibly credit Defendant's outlandish conspiracy theory—and rely on it to deny

Plaintiff a professional opportunity.  *See Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639,

658 (2008) (explaining that either first- or third-party reliance is required to show injury caused

by fraud) ("Of course, none of this is to say that a RICO plaintiff who alleges injury 'by reason

of' a pattern of mail fraud can prevail without showing that someone relied on the defendant's

misrepresentations.").  Nor does the amended complaint support a plausible inference that

Defendant's followers or viewers were actually deceived by Defendant's actions or were

otherwise likely to offer Plaintiff a professional opportunity.  For those reasons, Plaintiff has not

adequately alleged that Defendant's purported racketeering activity caused him an injury for

purposes of his civil RICO claim.[2]

  Count Seven of the amended complaint purports to allege two violations of 42 U.S.C.

§ 1985.  In order to state a claim for a violation of 42 U.S.C. § 1985(2), a plaintiff must allege a

nexus between Defendant's threatening or obstructive conduct and a judicial proceeding.  *See*

*Herrmann v. Moore*, 576 F.2d 453, 457–58 (2d Cir. 1978).  Because the amended complaint fails

to identify a judicial proceeding that was or could have been affected by Defendant's alleged

---

[2]  In his response to the Court's order to show cause, Plaintiff alleged other injuries that Defendant caused, such as misusing Plaintiff's photographs on Defendant's merchandise.  Dkt. 72 at 10–11.  While misuse of another's likeness may be a tort or other civil violation, it is not a predicate offense for RICO purposes.  *See Hecht v. Commerce Clearing House, Inc.*, 897 F.2d 21, 23 (2d Cir. 1990) ("[T]he injury must be caused by a pattern of racketeering activity violating section 1962 or by individual RICO predicate acts."); *Geiss*, 383 F. Supp. 3d at 170–71 ("[A] plaintiff 'does not have standing if he suffers an injury that was indirectly (and hence not proximately) caused by the racketeering activity or RICO predicate acts, even though the injury was proximately caused by some non-RICO violation committed by the defendants.'" (citations omitted)); *Miller v. Carpinello*, No. 06-CV-2940, 2007 WL 4207282, at *7 (S.D.N.Y. Nov. 20, 2007) ("Plaintiff fails to state a claim under Section 1962 because the acts he cites as RICO violations do not constitute predicate acts or acts proscribed by Section 1961(1)."). Even if misuse of Plaintiff's photograph were a RICO predicate, Plaintiff has not alleged how such actions have injured his "business or property" as defined above.

conduct, the claim is dismissed for failure to state a claim.[3]  *See* Amended Compl. at 32–33.  In addition, Plaintiff fails to allege the existence of a conspiracy because he does not allege that Plaintiff's putative co-conspirators, certain unnamed FBI agents, shared Defendant's goal of deterring Plaintiff from participating in a judicial proceeding.  *Id.*; *see also* Proposed Second Amended Complaint at 54 ("Plaintiff is willing to concede that Goodman may have baited these FBI employees with his concealment of material facts.").  The Court further notes that, to the extent Plaintiff is trying to allege a violation of clause 2 of § 1985(2), Plaintiff has failed to do so because he has not alleged animus against a protected class.  *See Herrmann*, 576 F.2d at 457–58.

Finally, in order to state a claim for a conspiracy to violate his civil rights under 42 U.S.C. § 1985(3), Plaintiff must allege facts that plausibly show that there exists: "(1) a conspiracy (2) for the purpose of depriving him of the equal protection of the laws, or the equal privileges, or immunities under the laws, (3) an overt act in furtherance of the conspiracy, and (4) an injury to his person or property, or a deprivation of his right or privilege as a citizen of the United States."  *Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999).  "[T]he conspiracy must also be motivated by 'some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action.'"  *Id.* (quoting *Mian v. Donaldson, Lufkin & Jenrette Secs. Corp.*, 7 F.3d 1085, 1088 (2d Cir. 1993) (per curiam)).  Because Plaintiff has not alleged

---

[3]        Plaintiff's proposed second amended complaint would not cure this failure.  *See* Dkt. 56-1 at 53–56.  In Plaintiff's response to this Court's order to show cause, he seems to suggest that the relevant proceeding is an action in the Eastern District of Virginia or this action.  Plaintiff cannot save his amended complaint by introducing additional allegations outside of the pleading, and, in any event, even in his response to the Court, Plaintiff has not alleged sufficient facts as to the timing and circumstances of Defendant's actions or other facts that could support a plausible inference that Defendant intended for his conduct to deter Plaintiff from participating in the relevant judicial proceeding.

that any class-based, invidious discriminatory animus motivated Defendant Goodman's actions, his § 1985(3) claim is dismissed for failure to state a claim.[4]

Plaintiff's proposed second amended complaint suffers from the same defects. The proposed complaint re-alleges the same counts as in the Amended Complaint but adds three entity defendants and a host of new state criminal and civil claims.[5] Plaintiff's motion for leave to file a second amended complaint is futile because all of the federal claims would again be dismissed for lack of standing or for failure to state a claim[6]; the Court would not have subject-matter jurisdiction over the remaining state claims because there is not complete diversity between the parties. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 & n.7 (1988) ("[W]hen the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction."); *Nielsen v.*

---

[4]     The Court further notes that the alleged conduct is so facially implausible that Plaintiff has not alleged that Defendant's wrongful conduct actually occurred. Defendant's purported conduct, for purposes of a violation of 42 U.S.C. § 1985, consisted of improperly influencing FBI agents in the New York field office and coopting FBI resources to target and retaliate against Plaintiff. Amended Compl. at 32–33. As proof, Plaintiff cites Defendant's claims that he has obtained inculpatory evidence against Plaintiff from unnamed law enforcement contacts. *Id.* As further support, Plaintiff cites a series of tweets posted by a non-party, Seth Abramson, who apparently also has a conspiracy theory about the FBI. *Id.* The basis for Abramson's claims (which are incomprehensible as presented) is unknown, and Plaintiff does not allege that Abramson's statements are actually true, choosing instead to note that Abramson has a large Twitter following. *See id.* Plaintiff never alleges that Defendant actually participated in a conspiracy with the FBI to target Plaintiff—he instead alleges only that Defendant's statements, "if true," would constitute a conspiracy. *Id.* Even if Defendant's statements were true, Plaintiff has not explained how Goodman's involvement with the FBI has deprived him of any rights.

[5]     The proposed second amended complaint also alleges criminal violation of the Copyright Act, 17 U.S.C. § 506. Plaintiff lacks standing to enforce the criminal provisions of the Copyright Act, in the same way that he lacks standing to enforce other federal criminal laws.

[6]     In relation to Plaintiff's civil rights conspiracy claims, the proposed second amended complaint includes additional details that are ultimately immaterial. It alleges that a particular person is a compromised FBI agent working with Defendants to gather incriminating evidence about Plaintiff. Dkt. 56-1 at 54. Plaintiff further alleges that Defendants' actions have harmed Plaintiff's ability to obtain a government clearance. *Id.* at 54–55. Any potential impact of Defendant's actions on Plaintiff's prospects to obtain a security clearance is too speculative an injury for Article III purposes; Plaintiff has not alleged that he intends to seek or has sought or been denied a government clearance, nor has he explained how or why the FBI, if it were to conduct a formal background check, would be misled about his trustworthiness by someone on YouTube spouting crazy conspiracy theories.

*Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) ("[L]eave to amend a complaint may be denied when amendment would be futile." (citation omitted)); *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 306 (2d Cir. 2003) ("[W]here the federal claims had been dismissed at a relatively early stage and the remaining claims involved issues of state law that were unsettled, [the Second Circuit has] concluded that the exercise of supplemental or pendent jurisdiction was an abuse of discretion.").  Moreover, even if there were complete diversity, Plaintiff's state claims would be dismissed for lack of standing;  Plaintiff has not, in response to the Court's order to show cause, provided any authority supporting his standing to enforce state criminal laws, nor has he alleged any non-speculative injury to himself flowing from Defendants' alleged violations of state laws. For those reasons, Plaintiff's motion for leave to file a second amended complaint is denied.

## C.    Defendant's Counterclaims

Plaintiff has filed a motion to dismiss Defendant Goodman's counterclaims.  Dkt. 55.  In a two-paragraph pleading titled "Counterclaim to Amended Complaint," Goodman asserts that Sweigert is part of an organized campaign that has engaged in "wanton and willful tortious interference, defamation, slander, harassment, invasion of privacy, infringement of first amendment rights, menacing and stalking."  Dkt. 44.  Apart from those conclusory statements, Goodman has not set forth any facts to support any of his claims.  *See Tannerite Sports, LLC v. NBCUniversal News Grp., a division of NBCUniversal Media, LLC*, 864 F.3d 236, 247 (2d Cir. 2017) ("To survive a motion to dismiss in federal court, a complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))).  The claim alleging infringement of First Amendment rights is dismissed as frivolous because Plaintiff is obviously not a state actor.  *Loce v. Time Warner Entm't Advance/Newhouse P'ship*, 191 F.3d 256, 266 (2d Cir. 1999) ("The First Amendment applies only to state actors.").  Having dismissed Plaintiff's amended complaint and Defendant's only

federal claim, the Court declines to exercise jurisdiction over Defendant's remaining state-law counterclaims.  Those counterclaims are wholly unsupported by any non-conclusory factual allegations and, if not dismissed because the Court declines to exercise supplemental jurisdiction over them, would be dismissed for failure to state a claim.  *See Cohill*, 484 U.S.at 350 & n.7; *Tannerite Sports*, 864 F.3d at 247.  The Court therefore grants Plaintiff's motion to dismiss all counterclaims.

### D.      Remaining Motions

Having concluded that Plaintiff's amended complaint and Defendant's counterclaims should be dismissed, the Court also denies Plaintiff's motions requesting judicial notice, Dkts. 13–14, 18, 26, 32–33, 37–38, 45–47, 53–54, 66, Plaintiff's motions for leave to strike Defendant's filings, Dkts. 12, 41, 52, 57, Plaintiff's motions seeking a "gag order," Dkts. 50–51, 60–61.  Because the motions for a gag order are denied, the Court also denies as moot Defendant Goodman's motion for extension of time to respond to the motions for a gag order, Dkt. 64.  All other pending motions by either party, including all motions for orders to show cause, are similarly denied as moot.

Both parties are advised that they are proceeding in a federal court, not YouTube, and are therefore warned not to waste judicial resources with the filing of frivolous claims or motions.

## CONCLUSION

Based on the foregoing reasons, Plaintiff's motion to disqualify the undersigned is denied.  Plaintiff's amended complaint is hereby dismissed because (1) Plaintiff failed to state a claim under civil RICO, 18 U.S.C. § 1964, or under 42 U.S.C. § 1985; (2) Plaintiff failed to establish standing to enforce federal or state criminal statutes; and (3) the Court declines under 28 U.S.C. § 1367(c) to exercise jurisdiction over supplemental state law claims.  The Court grants Plaintiff's motion to dismiss Defendant's counterclaims for failure to state a claim.  The

Court denies Plaintiff's motions to file his proposed second amended complaint on the basis of futility. The Court further denies as moot all remaining open motions. The Clerk of Court is respectfully directed to terminate all pending motions in this matter.

Because Plaintiff *may* be able to plead a civil copyright claim or invoke the Court's diversity jurisdiction by proceeding only against parties as to whom there is diversity of citizenship, the Court grants Plaintiff leave to re-file, within twenty-one days of the date of this order, a second amended complaint that complies with the requirements set forth herein. The Court cautions Plaintiff that his second amended complaint can be dismissed as frivolous and he may be subject to sanction if he re-files a complaint in substantially the same form as the amended complaint or the proposed second amended complaint. If no second amended complaint is filed by **September 10, 2019**, this case will be immediately dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail copies of this order to Plaintiff and Defendant, noting service on the docket.

**SO ORDERED.**

**Date: August 20, 2019**
**New York, New York**

**VALERIE CAPRONI**
**United States District Judge**

14