IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| D. George Sweigert., | Case No.: 1:18-cv-08653-VEC |
|---|---|
| Plaintiff, | |
| vs. | DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S LETTER MOTION SEEKING POSTPONEMENT OF INITIAL PRE-TRIAL CONFERENCE |
| JASON GOODMAN., | |
| Defendant | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S LETTER MOTION SEEKING POSTPONEMENT OF INITIAL PRE-TRIAL CONFERENCE**

Defendant Goodman Pro Se, seeks to move this honorable court to deny Plaintiff D. George Sweigert's motion seeking to postpone the pre-trial conference. The court has afforded Plaintiff every possible convenience and Plaintiff has presented no valid reason that would necessitate postponement of the telephonic pre-trial conference. Plantiff has made no legitimate effort to confer with Defendant to reschedule the conference. The conference should proceed at the ordered date and time.



DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S LETTER MOTION SEEKING POSTPONEMENT OF INITIAL PRE-TRIAL CONFERENCE - 1

I hereby attest that the pleadings herein are accurate and true under penalties of perjury. Further, I hereby attest that the attached exhibits are accurate and true copies of source documents as described. Video and telephone recording transcripts may contain typos due to voice to text transcription software. True and accurate copies of original video and audio recordings can be provided should it please the court.

Signed this __18____ day of October 2019

_____
Jason Goodman, Defendant, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
(323) 744-7594
truth@crowdsourcethetruth.org

DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S LETTER MOTION SEEKING POSTPONEMENT OF INITIAL PRE-TRIAL CONFERENCE - 2

## OPPOSITION TO MOTION TO POSTPONE THE PRE-TRIAL CONFERENCE

Defendant respectfully moves the court to deny Plaintiff's letter motion seeking to postpone the telephonic pre-trial conference currently set to take place on October 24, 2019 at 11:00 am eastern time, six calendar days from today.

Plaintiff has previously and repeatedly refused to engage in telephonic communication with Defendant to discuss or negotiate any aspect of these proceedings. Plaintiff has refused to accept electronic mail service of documents in this case. Plaintiff has repeatedly sent unnecessary and antagonistic communications to Defendant that fall outside the scope of official communication related to this case. It is Defendant's current understanding that Pro Se litigants in the Southern District of New York are required to file paper documentation with the clerk of the court and may not file electronically. As of this writing, Plaintiff's letter motion has not appeared on the docket.

Plaintiff originally emailed the Letter Motion to Defendant on October 15 indicating Plaintiff's awareness of the pending pretrial conference of October 24, 2019. At the time of this writing, the pending conference is still more than one business week away and Plaintiff has made it known that he is aware of the schedule.

Plaintiff has published numerous YouTube video broadcasts in which he states that he checks the docket via Pacer.gov regularly. Plaintiff cites an alleged error by the clerk of the court; however, this is irrelevant because Plaintiff had more than adequate notice of the time and date of the phone call. There is no requirement for Plaintiff to prepare any documents or to even physically present himself at the courthouse. The technical matter of a mailing error has not denied Plaintiff substantial time to prepare for the phone call.

DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S LETTER MOTION SEEKING POSTPONEMENT OF INITIAL PRE-TRIAL CONFERENCE - 3

It is Defendant's belief that Plaintiff is deliberately attempting to introduce this delay to further prolong these proceedings and to interfere with the currently scheduled hearing in Steele et al, v Goodman et al in the Eastern District of Virginia (3:17-cv-00601-MHL). Defendant is caused to believe this by observing actions taken by Plaintiff over the past two years in direct relation to the VA litigation. Plaintiff has already taken extraordinary steps to interfere in Steele v Goodman having interacted with numerous individuals who are parties to or witnesses in the case. Plaintiff Sweigert attempted to intervene in Steele v Goodman and was denied by judge M Hannah Lauck. **(EXHIBIT A)**

Plaintiff has sent numerous letters to various law enforcement and military agencies making false allegations against the Defendant in an effort to initiate a criminal investigation at Defendant's peril. This included a letter to New York Coast Guard Captain Jason Tama making the dangerous and false statement that Defendant had knowledge of or some involvement in an alleged terror plot in the New York area **(EXHIBIT B)**

Plaintiff is a vexatious litigant who has a decades long history of abusing the legal process and using the courts as a weapon against his perceived enemies via frivolous suits including Sweigert v CIA (too lengthy to include with this response but available upon request should it please the court) which was dismissed as such.

Plaintiff is a limited purpose public figure having worked as an actor in films and television, a book author, Plaintiff has appeared on tv news including Alex Jones InfoWars, radio broadcasts and his own YouTube channel. Plaintiff recently voluntarily deleted or otherwise removed his YouTube channel in an apparent effort to destroy evidence of his antagonistic behavior and eliminate evidence of his false and damaging statements made in an ongoing deliberate effort to defame, antagonize and otherwise damage Defendant. Plaintiff's own

DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S LETTER MOTION SEEKING POSTPONEMENT OF INITIAL PRE-TRIAL CONFERENCE - 4

historical statements about his mental health and family history cause Defendant to believe Plaintiff is a danger to himself, the public and the Defendant.

Defendant asks the court to take notice of Defendant's prior motion seeking an order to show cause for the frequency with which Plaintiff has changed his address of record with regard to this lawsuit and the allegation of mail fraud with regard to PO Box 152 Mesa AZ. (ECF No. 49)

DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S LETTER MOTION SEEKING POSTPONEMENT OF INITIAL PRE-TRIAL CONFERENCE - 5

## CONCLUSION

The letter motion referring to an alleged clerk mailing error has now caused Defendant to believe that Plaintiff made deliberate and frequent address changes to increase the likelihood of just such an occurrence and with the hope it could be used to his advantage.

It is Defendant's belief that Plaintiff has further "booby trapped" this lawsuit by engaging in complex and unnecessary actions and filing excessively frivolous pleadings. Plaintiff hoped for and tried to create any opportunity to increase these proceedings in any manner possible and to continue the vexatious and punitive process he wishes to impose on Defendant. It is Defendant's belief that this latest letter motion is only the most recent tactic that Plaintiff has employed to waste the time and resources not only of the Defendant, but moreover of this honorable court.

Plaintiff's letter motion requesting postponement presents no valid or tangible reason for delay. Plaintiff's motion to postpone the October 24, 2019 conference should be denied.

Respectfully Submitted,

Jason Goodman, Defendant, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
(323) 744-7594
truth@crowdsourcethetruth.org

DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S LETTER MOTION SEEKING POSTPONEMENT OF INITIAL PRE-TRIAL CONFERENCE - 6

## EXHIBIT A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

**ROBERT DAVID STEELE,** *et al.*,

    **Plaintiffs,**

v.                                                                    Civil Action No. 3:17cv601

**JASON GOODMAN,** *et al.*,

    **Defendants.**

### ORDER

For the reasons stated in the accompanying Memorandum Opinion, the Court DENIES Sweigert's Motion to Intervene, (ECF No. 93), and will not consider future filings by Sweigert. The Court DENIES AS MOOT Sweigert's other motions. (ECF Nos. 102, 108, 124.) The Court STRIKES Sweigerts' miscellaneous filings from the record. (ECF Nos. 51, 54, 55, 56, 58, 59, 60, 75, 77, 84, 103, 120, 137, 138, 140, 142, 145, 147, 149, 150.) The Court will address all other pending motions by separate Memorandum Opinion and Order. (ECF Nos. 109, 121, 126, 127.)

Let the Clerk send a copy of this Memorandum Opinion and Order to all counsel of record and to Sweigert, Goodman, and Lutzke at their respective addresses of record.

It is SO ORDERED.

                                                                               /s/
                                                    M. Hannah Lauck
                                                   United States District Judge

Date: 7/25/19
Richmond, Virginia

**EXHIBIT B**

D.G. Sweigert, c/o
P.O. Box 152
Mesa, AZ 85211
Spoliation-notice@mailbox.org

Feb. 22, 2019

Capt. Jason Tama, USCG
**Captain of the Port**
**USCG Sector New York**
212 Coast Guard Dr.
Staten Island, NY 10305

SUBJ: Closure of the Port of Charleston, June 14th, 2017

Captain:

As you may be aware, the true target of a dirty bomb hoax appears to be the Port of New York and New Jersey (N.Y./N.J.). New evidence available via open sourced intelligence (OSINT) (in social media) provides indicators about the true intended target of the dirty bomb hoax of June 14th, 2017 was not the Port of Charleston, South Carolina.

The apparent terrorist-style controllers of the event (alleged to be Jason David Goodman and George Webb Sweigert) were misinformed about the position of the MEMPHIS MAERSK container ship and executed their "cyber-attack" a day late. Based on the totality of newer OSINT evidence, it appears when Goodman/Sweigert learned that the MEMPHIS MAERSK was underway to the Port of Charleston that port became the new target of opportunity.

Therefore, it may be prudent to reopen the investigation by the U.S. Coast Guard, which (according to press releases at that time) was immediately turned over to other law enforcement organizations with limited knowledge in maritime affairs and port security.

Warm regards,

D. G. Sweigert

DEFENDANT'S OPPOSITION TO THE MOTION TO INTERVENE - 1

Copies provided:

Michael Farbiarz, esq.
Chief Legal Counsel
The Port Authority of
New York and New Jersey
4 World Trade Center
150 Greenwich Street
New York, NY 10007

Mr. Nils Smedegaard Anderson
Chief Executive Officer
MAERSK, INC.
180 Park Ave
Building 105
P.O. Box 950
Florham Park, NJ 07932

Threat Analysis Unit (ROIC)
Office of the NJ
Regional Operations Intelligence Center
PO Box 7068
West Trenton, NJ 08628

Craig Carpenito
U.S. Attorney
U.S. Attorney's Office
970 Broad Street, 7th Floor
Newark, NJ 07102

JASON GOODMAN, CEO
Multimedia Systems Designs, Inc.
252 7th Avenue, APT #6S
New York, NY 10001

DEFENDANT'S OPPOSITION TO THE MOTION TO INTERVENE - 2