Case 1:18-cv-08653-VEC-SDA   Document 98   Filed 10/29/19   Page 1 of 5

CASE #: 1:18-cv-08653-VEC-SDA, SWEIGERT vs. GOODMAN

| | |
|---|---|
| **REPLY LETTER TO MAGISTRATE JUDGE STEWART D. AARON** <br> **REF: ECF DOC. NO. 97** <br> **CASE #: 1:18-cv-08653-VEC-SDA** | *D George Sweigert* <br> *c/o General Delivery* <br> *Rough and Ready, CA 95975* <br> *Spoliation-notice@mailbox.org* |

**MAY IT PLEASE THE COURT;**

Pursuant to the conditions expressed in the Magistrate's ORDER of 10/24/2019 (ECF Doc. 97) the Plaintiff (undersigned) herein **withdraws and makes moot para. 135** of the Second Amended Complaint (SAC, Doc. No. 88). However, the Plaintiff **declines to withdraw COUNT ONE** of the SAC which relies on New York's General Business Law §§ 349-350 (herein NY GLB §§ 349-350). To support judicial efficiency and reduce the possibility of an unnecessary motion to dismiss attacking the legal sufficiency of COUNT ONE (NY GLB §§ 349-350) the following affirmative defenses are offered.

*INJURY SUFFICIENTLY STATED*

1. To assert a claim under either section (NY GLB §§ 349-350), "a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice." *Orlander v. Staples, Inc.,* 802 F.3d 289, 300 (2d Cir. 2015) (citing *Koch v. Acker, Merrall & Condit Co.,* 18 N.Y.3d 940 (2012)); see *Maurizio v. Goldsmith,* 230 F.3d 518, 521 (2d Cir. 2000) (citing the elements for a prima facie case under section 349). **SAC COUNT ONE is not withdrawn as it satisfied the injury portion** of §§ 349-350 with the following statements: [emphasis added]

> **Para. 34:** These activities <u>damaged</u> the undersigned's business, trade and profession.
> **Para. 43:** By relying on monikers such as "Cambridge educated forensic economist", Hawkins <u>deceives the public</u> that he has attained a professional designation that is related to the presentation of evidence within a framework of rules relied upon by the courts. The use of this fake title is leveraged <u>to sway consumers to believe Hawkins and his conclusions.</u>
> **Para. 52:** For over 18 months, Def Goodman has engaged (and continues to engage) in deceptive business practices as part of his ruthless quest to harass, threaten, defame and embarrass the Plaintiff, serving two purposes: (1) obtain monies from consumers and the public, (2) <u>destroy the public reputation of the undersigned.</u>
> **Para. 60:** This is a <u>direct attack on the profession, trade and business</u> of the undersigned.
> **Para. 63:** Defendant Goodman and his agents, employees, CSTT role players, and proxies have disrupted every aspect of Plaintiff's life, <u>causing extreme mental anguish and unfathomable emotional distress.</u> Further, Goodman's conduct (and that of his agents) has interrupted the Plaintiff's professional life and <u>decimated the Plaintiff's professional reputation.</u>

2. Accordingly, when analyzing the issue of whether a plaintiff has standing to commence a private action pursuant to section 349 (h), the Court of Appeals has confined its analysis to determining the **nature of the alleged injury and whether it is sufficiently connected to the asserted unlawful conduct** (*see City of New York v Smokes-Spirits.Com, Inc.,* 12 NY3d at 622-624; *Blue Cross & Blue Shield of N.J., Inc. v Philip Morris USA Inc.,* 3 NY3d at 206-208).

**RESPONSE TO ECF DOC. NO. 97 (10/24/2019)**

Case 1:18-cv-08653-VEC-SDA Document 98 Filed 10/29/19 Page 2 of 5

CASE #: 1:18-cv-08653-VEC-SDA, SWEIGERT vs. GOODMAN

3. In this regard, the Court has stated that plaintiffs "must ... **plead that they have suffered actual injury** caused by a materially misleading or deceptive act or practice" (*City of New York v Smokes-Spirits.Com, Inc.*, 12 NY3d at 623). **Causation is adequately pled** where a plaintiff alleges that the defendant's material deception caused the plaintiff to suffer damages (see Plaintiff's allegations above).."

4. A prima facie case [under § 349] requires * * * a showing that defendant is engaging in an act or practice that is deceptive or misleading in a material way and that plaintiff has been injured by reason thereof" (*Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*, 85 N.Y.2d 20, 25, 623 N.Y.S.2d 529, 647 N.E.2d 741 [1995] "[B]ecause § 349 extends well beyond common-law fraud to cover a broad range of deceptive practices" and "does not require proof of the same essential elements (such as reliance) as common-law fraud, **an action under § 349 is not subject to the pleading-with-particularity requirements of Rule 9(b), . . . .**" *Schwartzco Enters. LLC v. TMH Mgmt., LLC*, 60 F. Supp. 3d 331, 359 (E.D.N.Y. 2014) (quoting *Pelman ex rel. Pelman v. McDonald's Corp.*, 396 F.3d 508, 511 (2d Cir. 2005)); see also *Leonard v. Abbott Labs., Inc.*, No. 10-CV-4676, 2012 WL 764199, at *19 (E.D.N.Y. Mar. 5, 2012). "There is no requirement that the plaintiff **show specific dollar injury**, or to obtain injunctive relief that there even be pecuniary injury at all" and "the Legislature determined . . . that consumer deceptions of this sort inherently hurt the public—including both consumers themselves and legitimate business", Richard A. Givens, Practice Commentaries, McKinney's Cons Laws of NY, Book 19, General Business Law § 349 at 565 [1988 ed] [emphasis added]

### *FRAUDULENT SOLICITATION/ENTICEMENT [FALSE ADVERTISING]*

5. Regarding NY GLB § 350, "[f]alse advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state". Advertising is "false" if it "is misleading in a material respect" (General Business Law § 350-a [1]).. As stated on hundreds of occasions by Def Goodman, the YouTube broadcasts of CrowdSource The Truth are merely an **advertisement and/or commercial solicitation** to entice people to follow the broadcast conversation and content behind a "pay-wall" (the "**free**" component of CrowdSorce The Truth podcasts). During "**free**" podcasts consumers are misled with deceptive statements and then invited, directed, and enticed to continue the "entertainment" on PATREON.com (the "**paid**" component of broadcasts). The PATREON pay-wall requires a "**paid**" subscription, and it is here where Goodman offers up the meaty dirt and gossip on his targets (the undersigned is blocked from viewing this content).

### *INJURY TO ETHICAL HACKER CREDENTIAL AND REPUTATION*

6. The Plaintiff has a property interest in the maintenance of his professional Information Technology (I.T.) security credentials to support projects related to the U.S. Department of Homeland Security. These credentials, such as "Certified Ethical Hacker", require on-going professional education and adherence to various codes of ethics. The ethical conduct of the Plaintiff was directly assailed in a months long CrowdSource The Truth advertising campaign to attract new users to the Patreon ("paid") service. This campaign began while this Court had the matter of the ORDER TO SHOW CAUSE (ECF Doc. No. 65) under advisement (January to June 2019).

**RESPONSE TO ECF DOC. NO. 97 (10/24/2019)**

Case 1:18-cv-08653-VEC-SDA Document 98 Filed 10/29/19 Page 3 of 5

CASE #: 1:18-cv-08653-VEC-SDA, SWEIGERT vs. GOODMAN

7.     The repeated use of the Google search tag lines "sweigert ethical hacker" in the titles and descriptions of the Defendant's podcasts were designed to maximize the use of Google search engine optimization (SEO) techniques.  To restrain the impact of these repeated podcast attacks (relying on the use of words "sweigert ethical hacker" in podcast titles/descriptions) and their subsequent display in Google searches, the Plaintiff attempted to intervene pursuant to Fed. R. Civ. Proc. Rule 24 in the slander, defamation and libel lawsuit against the Defendant (USDC for E. Va. 3:17-cv-00601-MHL Steele et al v. Goodman et al) while this Court considered the ORDER TO SHOW CAUSE matter (ECF Doc. 65).

8.     Plaintiff suffered significant costs in postage, mileage, PACER court docket access fees, printing and loss of dozens of hours of productive time due to Plaintiff's attempts to mitigate the weekly damage that focused on the Plaintiff's alleged unethical behavior, destruction of evidence, failure to report computer network vulnerabilities, etc. (two one-hour podcasts a week).  These costs in time and money represent an injury to Plaintiff's property interest in trade, business and reputation -- caused as a direct proximate cause by the Defendant's deceptive advertisement campaign.  Even **non-pecuniary injuries** have been held to satisfy GLB §§ 349-350 pleading requirements when a right (such as privacy) is obstructed. *Anonymous v. CVS Corp.*, 188 Misc.2d 616, 728 N.Y.S.2d 333 [Sup.Ct. N.Y. Co.2001].

9.     The activities described above are akin to the professional smear and reputation destruction of a professional tangible artifact; such as a law license, nursing license, etc.  The Defendant has riddled the Internet SEO's disparaging statements about the Plaintiff and his Certified Ethical Hacker credential.  All of the foregoing described activities were part of an advertising campaign to draw new subscribers into the CrowdSource The Truth Patreon and/or SubscribeStar paid video content podcast platform.

*SUMMARY*

A well pled G.B.L. §§ 349-350 complaint need not particularize the deceptive practice but should, at a minimum, allege " that ( defendants ) engaged in consumer-related activity that effected consumers at large, utilized tactics that were deceptive and misleading in material respects, disseminated advertising through various mediums, that was false in material respects, and injury resulting from ( defendants' ) business practices and advertising" ) *Gabbay v. Mandel*, New York Law Journal, March 10, 2004, p. 19, col. 3 ( N.Y. Sup. 2004 ).  The Plaintiff has met this burden.

Claims under G.B.L. §§ 349 and 350 are available to "an individual consumer who falls victim to misrepresentations made by a seller of consumer goods through false or misleading advertising" (Small v Lorillard Tobacco Co., 94 N.Y.2d 43, 55 [1999]; see also *Goshen v Mutual Life Ins. Co.*, 98 N.Y.2d 314, 324 n 1 [2002]). To state such a claim, a plaintiff must allege that the defendant has engaged "'in an act or practice that is deceptive or misleading in a material way and that plaintiff has been injured by reason thereof" (id. at 324, quoting *Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 N.Y.2d 20, 25 [1995])

I attest under the penalties of perjury that the foregoing is truthful to the best of my understanding.  Signed this 25 day of October, 2019.

*D George Sweigert*

*D. S——*

**RESPONSE TO ECF DOC. NO. 97 (10/24/2019)**

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

*D. G. SWEIGERT, C/O*
*GENERAL DELIVERY*
*ROUGH AND READY, CA 95975*
*Spoliation-notice@mailbox.org*

U.S. District Court for the Southern District of New York
(FOLEY SQUARE)

D George Sweigert

**Plaintiff**

v.                                   CIVIL CASE #: 1:18-CV-08653-VEC

Jason Goodman                        JUDGE VALERIE E. CAPRONI

**Defendant**

CERTIFICATE OF SERVICE

I hereby attest that a true copy of this letter has been sent to the following addressees on the 25th day of October, 2019.

Jason Goodman, CEO
Multi-media Design Systems, Inc.
252 7th Avenue, Apart. #6S
New York, NY 10001

Clerk of the Court, Room 200
U.S. District Court
500 Pearl Street
New York, New York 10007-1312

_____
D. GEORGE SWEIGERT



**USPS TRACKING NUMBER**

SHIP TO:
500 PEARL ST
NEW YORK NY 10007-1316

EXPECTED DELIVERY DAY: 10/28/19

C014

PRIORITY MAIL 2-DAY®

0 Lb 2.20 Oz

1006

US POSTAGE PAID
$7.35
Origin: 95662
10/25/19
0556740662-07

Retail

UNITED STATES POSTAL SERVICE®


USPS.COM/PICKUP

To schedule free Package Pickup, scan the QR code.

USPS P3 SDNY

Rm: 200

FROM:
D. G. SWEIGERT, C/O
GENERAL DELIVERY
ROUGH AND READY, CA 95975
Spoliation-notice@mailbox.org

TO:
Clerk of the Court, Room 200
U.S. District Court
500 Pearl Street
New York, New York 10007-1312

S.D. OF N.Y.
2019 OCT 29 AM 8:43

PRIORITY MAIL
FLAT RATE
POSTAGE REQUIRED