UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

**U.S. DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
(FOLEY SQUARE)**

| | |
|---|---|
| D George Sweigert <br><br> <u>**Plaintiff**</u> <br><br> v. <br><br> Jason Goodman <br><br> <u>**Defendant**</u> | **CIVIL CASE #: 1:18-CV-08653-VEC** <br><br> **JUDGE VALERIE E. CAPRONI** <br><br> **MAGISTRATE STEWART D. AARON** |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11-18-19

<u>**PLAINTIFF'S FIRST SET OF INTERROGATORIES**</u>

Pursuant to the conditions expressed in the ORDER of Magistrate Judge Stewart D. Aaron

(10/24/2019, ECF Doc. No. 97) attached are the Plaintiff's interrogatories conforming to

S.D.N.Y. Local Rule 33.3(a).

I hereby certify that the attached interrogatories are truthful and accurate (to the best of my

knowledge) and are not submitted for the purposes of oppression of Defendant Goodman.

Signed this ___ day of November, 2019.



RECEIVED
NOV 18 2019
PRO SE OFFICE

*D. G. SWEIGERT, C/O*
*GENERAL DELIVERY*
*ROUGH AND READY, CA 95975*
*<u>Spoliation-notice@mailbox.org</u>*

11·11·15

1

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

## <u>Organization of Document</u>

Contents

**BACKGROUND STATEMENT AND INSTRUCTIONS** ........................................................ 3

**SUPPORTING RATIONALE FOR INTERROGATORY CONTENT** .................................. 7

   *COUNT I.  VIOLATIONS OF NEW YORK GENERAL BUSINESS LAW §§349-350
(CONSUMER PROTECTION ACT)* ...................................................................................... 7

   *COUNT II.  DEFAMATION AND DEFAMATION PER SE* ................................................. 8

   *COUNT III.  VIOLATIONS OF CIVIL RIGHTS LAW § 50 and 51* ...................................... 8

   *COUNT IV.  NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL
DISTRESS* ............................................................................................................................. 9

**PLAINTIFF'S FIRST SET OF INTERROGATORIES** ................................................... 10

**ATTESTATION** ............................................................................................................ 21

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

## BACKGROUND STATEMENT AND INSTRUCTIONS

1.    Plaintiff incorporates by reference the applicable instructions from the ORDER of

10/24/2019 (**ECF Doc. No. 97**) by Magistrate Judge Stewart D. Aaron.

2.    Local Civil Rule 33.3(a) states in relevant part:

> "[u]nless otherwise ordered by the Court, at the commencement of discovery,
> interrogatories will  be restricted to those seeking names of witnesses with knowledge of
> information relevant to the subject matter of the action, the computation of each
> category of damage alleged, and the existence, custodian, location and general
> description of relevant information, including pertinent insurance agreements and other
> physical evidence, or information of a similar nature."

3.    These Interrogatories are intended to elicit as much information as possible concerning

the issues, and to the extent any Interrogatory could be interpreted in more than one way,

Defendant should employ the interpretation of the Interrogatory most likely to encompass and

elicit the greatest amount of information possible.

4.    If the Defendant has a claim for any form of privilege, whether based on a statute or

otherwise, as a ground for not answering an interrogatory or any portion thereof, it should be set

forth in complete detail each and every fact upon which the privilege is based, including

sufficient facts for the Court to make a full determination whether the claim of privilege is valid.

5.    Plaintiff incorporates by reference the Plaintiff's letter (10/29/2019, **ECF Doc. No. 98**) as

if fully restated to address the presentation of legal theories of recovery as if fully restated to

provide supporting rationale for the interrogatories included below (for the purposes of stating

the factual and legal bases for claims in **COUNT ONE**, Second Amended Complaint (**SAC,

Doc. No. 88**).

6.      The term "Plaintiff" refers to the individual and natural person known as **D. George Sweigert** and the other instantiations used by Defendant (Def) **Jason Goodman**, as in: Dave Sweigert, David G. Sweigert, David George Sweigert, etc.

7.      The term "Defendant" refers to the individual and natural person Jason D. Goodman, believed to be Jason David Goodman, operator of a brand known as **CrowdSource The Truth** which dispenses social media podcast content.

8.      The term "document" shall have the broadest meaning possible under the Federal Rules of Civil Procedure and shall include, but not be limited to, the original (or a copy when the original is not available) and each non-identical copy (including those which are non-identical by reason of translations, notations, or markings) or any and all other written, printed, typed, punched, taped, filmed, or graphic matter or recorded or tangible thing, or whatever description, however produced or reproduced (including computer-stored or generated data, together with instructions or programs necessary to search and retrieve such data and hard copies where available and retrievable), and shall include all attachments to and enclosures with any requested item, to which they are attached or with which they are enclosed, and each draft thereof. The term document shall specifically include all recorded or retrievable electronic data or communications such as electronic mail (e-mail) and the like and all translations thereof.

9.      "Communication" means any oral, written, electronic, or other exchange of words, thoughts, information, or ideas to another person or entity, whether in person, in a group, by telephone, by letter, by Telex, by facsimile, or by any other process, electric, electronic, or otherwise. All such communications in writing shall include, without limitation, printed, typed, handwritten, or other readable documents, correspondence, memoranda, reports, contracts, drafts (both initial and subsequent), computer discs or transmissions, e-mails, instant messages, tape or

video recordings, voicemails, diaries, log books, minutes, notes, studies, surveys and forecasts, and any and all copies thereof.

10.    The term "Cloud storage" means any Internet-based repository of digital information, which includes any electronic mail server serving the e-mail accounts truth@crowdsourcethetruth.org, jasongoodman72@protomail.com, jason@21stcentury3d.com or any other e-mail storage service, Internet Service Provider (ISP) storage, social media platform providers such as Google, Facebook, Twitter, Patreon, YouTube, SubscribeStar, DLive, Periscope, Bit-Chute, etc.  It is assumed that relevant information is likely to have been electronically created and stored in such Internet-based (Cloud) platforms as mentioned above. Information about computer system specifics (make, model, operating system type, version) used for digital media storage is best obtained by interrogatory.

11.    Herein the term "imagery" includes photographs, portraits, the likeness or artwork that displays recognizable features of the Plaintiff.  Courts have construed the portrait/picture provisions of the statute somewhat broadly, to include "any recognizable likeness, not just an actual photograph." *Burck v. Mars, Inc.,* 571 F. Supp. 2d 446, 451 (S.D.N.Y. 2008).

12.    The words "or," "and," "all," "every," "any," "each," "one or more," "including," and similar words of guidance, are intended merely as such, and should not be construed as words of limitation. The words "or" and "and" shall include each other whenever possible to expand, not restrict, the scope of the Interrogatory. The word "including" shall not be used to limit any general category or description that precedes it. The words "all," "every," "any," "each," and "one or more" shall include each other whenever possible to expand, not restrict, the scope of the Interrogatory.

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

13.     Defendant is under a continuing obligation to respond to the Interrogatories set forth

herein. Accordingly, if Defendants subsequently gain additional information called for in any of

the Interrogatories set forth herein, Defendants should promptly produce such information to

Plaintiffs.

14.     Discovery may be needed on all subject matters relevant to the claims made by the

Plaintiff in the Second Amended Complaint (**SAC** [ECF Doc. No. 88]) and to the denials and

defenses raised by the Defendant (Def).

15.     The Plaintiff has relied upon Local Rule 33.3 (S.D.N.Y. L. Civ. R. 33.3) and Fed. R. Civ.

Proc. Rule 26 (generally) to fashion the below response to the Magistrate Judge's request of

10/24/2019 (ECF Doc. No. 97).

16.     Some computations of damages (see general Fed. R. Civ. Proc. Rule 26) have not been

completely matured as the Plaintiff must await on some disclosures and discovery material in the

possession of the Def Goodman. *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295 (2d Cir.

2006). A party's obligation to deliver all the documents used to calculate damages is "the

functional equivalent of a standing Request for Production under Rule 34[,]" which grants the

opposing party general access to these relevant documents. *Id.* at 296 (quoting Fed. R. Civ. P.

Rule 26 advisory committee notes to 1993 amendments).

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

## SUPPORTING RATIONALE FOR INTERROGATORY CONTENT

17.     For the purposes of the interrogatories, there are **four (4) main categories** of information

that the Plaintiff is requesting from the Defendant.  The information below is provided to aid

clarity for the Court and the Def.  A specific set of interrogatories follow the section below.

### COUNT I.  VIOLATIONS OF NEW YORK GENERAL BUSINESS LAW §§349-350 (CONSUMER PROTECTION ACT)

18.     Regarding issues of **damage to trade, business and reputation** the Plaintiff will rely on

records in the **possession of the Defendant (Def) Jason Goodman.**  This includes production of

ALL photographs, images, portraits and/or likeness of the Plaintiff used during the manipulation

of imagery process.  Such a process would yield artwork that the Def has used in innumerable

video podcasts (e.g. Plaintiff's face on wizard in red Santa Claus costume, Plaintiff's face on

toddler of middle eastern descent, Plaintiff's image on coffee cup, etc.).  Such digital imagery

would be stored on computational systems controlled by the Def and/or Def's agents (in the case

someone else working in the "art department").  Identification of computer systems, peripherals,

Internet connection etc. of machinery used to create these artwork productions for CrowdSource

The Truth (CSTT) podcasts featuring the Plaintiff's likeness, portrait and/or photograph

(inclusively referred to as **imagery**).  *Clark v. Celeb Publ'g, Inc.,* 530 F. Supp. 979 (S.D.N.Y.

1981).  *Big Seven Music Corp. v. Lennon,* 554 F.2d 504 (2d Cir. 1977).

## COUNT II.  DEFAMATION
## AND DEFAMATION PER SE

19.     Plaintiff will require the identification of records, electronic messages, texts and other

paper and/or electronic documents that are in the possession of the Def that have been used by

the Def to support his outlandish claims, false statements and misrepresentations made against

the Plaintiff and Plaintiff's business, trade, occupation and career.  This will require examination

of electronic communications exchanged between the Def and the previous parties described

(**Hawkins, Michaels, Holmes/Lutzke, Kernan, etc**.).  This discovery area will focus on the

defamatory, libelous and slanderous statements Goodman has elicited from his guests (sidekicks)

during CSTT podcast shows.  Such communications will demonstrate that Def Goodman knew,

or should have known, that the misleading and false statements made about the Plaintiff could

not be supported with corroborating evidence.

## COUNT III.  VIOLATIONS OF
## CIVIL RIGHTS LAW § 50 and 51

20.     Records custodians have been identified for those records maintained by corporations

that have interacted with the Def; such as his Internet Service Provider (ISP) storage, social

media platform providers such as Google, Facebook, Twitter, Patreon, YouTube, SubscribeStar,

DLive, Periscope, Bit-Chute, etc.

21.     It is ASSUMED that Def Goodman is the creator of the CSTT "artwork"; however, this

may be incorrect.  In this context imagery includes Plaintiff's portrait, likeness, photograph or

other reproduction that provides a distinguishable image of the Plaintiff.  The computational

machine that created this imagery needs to be identified, with software and Cloud storage

capabilities of "artwork" containing Plaintiff's image.  The statute covers a representation if it

"*conveys the essence and likeness of an individual*," even if the representation is not completely

photo-realistic. *Onassis v. Christian Dior-New York*, 472 N.Y.S. 2d 254, 261 (N.Y. Sup. Ct. 1984).

### COUNT IV.  NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

22.     In the interests of judicial efficiency and in the spirit of **S.D.N.Y. Local Rule 83.10,** Plaintiff clarifies and hereby particularizes his **I.I.E.D.** claim to that of a **"garden variety" emotional distress claim** [one which is devoid of medical treatment or physical manifestation] *Misas v. N.-Shore Long Island Jewish Health Sys.,* 14-cv-8787 (ALC) (DJF) (S.D.N.Y. Jul. 25, 2016).  The matter is left to the discretion of the jury and thus there is no basis for a computation of damages at this time.  The "calculation of damages is the province of the jury," *Ismail v. Cohen,* 899 F.2d 183, 186 (2d Cir.1990).  Nevertheless, certain witnesses shall provide their personal knowledge of the Plaintiff's emotional distress (garden variety I.I.E.D.) and will not induce expert testimony.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES

**INTERROGATORY NUMBER ONE TO DEFENDANT GOODMAN:**

Describe with specificity all file systems, servers, Cloud storage repositories or other Internet

systems used to store/archive records, and/or archives for digital data, or custodians that would

have this knowledge of such, that contain facts supporting the Defendant's belief that there is a

"network of social engineers" that are attempting to "diminish CrowdSource The Truth" for the

past three (3) years.

**INTERROGATORY NUMBER TWO TO DEFENDANT GOODMAN:**

Describe with specificity all facts and identify separately all persons, in public and private

association with the natural person Jason Goodman, who participated in, assisted with, or

provided materials to, or operated software to create artwork for CSTT podcasts (no matter if

displayed on YouTube, Patreon, Twitter, DLive, etc.), and used such computers and/or software

to store, process or transmit the imagery of the plaintiff – no matter if it was a stand-alone or

image or embedded in a completed piece of CSTT artwork -- during the past three (3) years.

**INTERROGATORY NUMBER THREE TO DEFENDANT GOODMAN:**

Provide correct and legal names for entities related to the natural person Jason Goodman and

describe with specificity all facts supporting the identification of each person who has personal

knowledge concerning management, administration, finances, financial record keeping, cash

flow, contracts, invoices and/or payments of the purported doing business as (DBA) 21st Century

3D", and/or "MDSI", and/or "Multi-media Software Design, Inc." and/or "Multi-media Systems

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

Design, Inc." or any other entity associated with the natural person Jason D. Goodman and/or the

podcast brand "CrowdSource The Truth" during the past five (5) years.

## INTERROGATORY NUMBER FOUR TO DEFENDANT GOODMAN:

Describe with specificity all facts supporting the identification of each third party that has

entered into communications and/or discussions with the Defendant about the Plaintiff; to

include discussions to prepare for actual podcasts, candid discussions of a non-broadcast nature,

video appearance coordinating discussions and arrangements related to video content discussing

the Plaintiff, request for artwork with the Plaintiff's likeness, portrait and/or photograph and

other such communications activity with third party agents, employees, interviewees, patrons,

proxies or others acting in concert with the Defendant concerning the Plaintiff for the previous

three (3) years.

## INTERROGATORY NUMBER FIVE TO DEFENDANT GOODMAN:

Describe with specificity the location of records, Cloud storage of information, digital servers,

file systems, computer workstations, laptops and/or archived records, or custodians that would

have knowledge of such, that contain information about the identification of each technical or

manpower resource upon which Defendant, or any party or third party acting in concert with the

Defendant or at his direction and/or relied upon, to create video content for CrowdSource The

Truth podcasts that featured, mentioned and/or described the Plaintiff; whether as expressed as

participation as a guest, background researcher, artwork creator, agent, employee, proxy, patron,

video editing expert, imagery artwork expert, etc. for the previous three (3) years.

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

**INTERROGATORY NUMBER SIX TO DEFENDANT GOODMAN:**

Describe with specificity the location of records, Cloud storage of information, digital servers, file systems, computer workstations, laptops and/or archived records, or custodians that would have knowledge of such, that contain information for the identification of any and all legal claims or lawsuits, administrative agency actions at federal, state, city or local levels initiated against the natural person Jason Goodman and all the business entities associated with Jason Goodman such as "*Multimedia Systems Design, Inc.*", "*21st Century 3D*", "*Multi-media Design Systems, Inc.*" or other entities controlled, owned, operated or associated with Jason Goodman for the past ten (10) years, this includes corporations and/or companies Defendant has or have been affiliated with, to include case number, party names, disposition of case and forum in which such claims or lawsuits were asserted.

**INTERROGATORY NUMBER SEVEN TO DEFENDANT GOODMAN:**

Describe with specificity the location of records, Cloud storage of information, digital servers, file systems, computer workstations, laptops and/or archived records, or custodians that would have knowledge of such, that contain information supporting the identification of all online postings, comments, blog updates, video content, etc. made by Defendant, or in which Defendant has been involved, with contains content about the Plaintiff, describing the Plaintiff's ethical hacker credential, mentioning the Plaintiff's former employers, using any form of the Plaintiff's name, or any individual believed by Defendant to be associated with the Plaintiff (includes Twitter, Facebook, YouTube, Patreon, DLive, Periscope, etc.) for the past three (3) years.

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

**INTERROGATORY NUMBER EIGHT TO DEFENDANT GOODMAN:**

Describe with specificity all facts supporting the identification of every office, mailing address, third party mail forwarder, "rent an office", etc., in which Defendant and/or Defendant's companies, corporations, businesses, "doing business as (DBAs), etc. has or have maintained or currently maintains a postal address; provide address by suite number, street address, city, state zip code, for the past ten (10) years to include International addresses and addresses in the United States.

**INTERROGATORY NUMBER NINE TO DEFENDANT GOODMAN:**

Describe with specificity the location of records, Cloud storage of information, digital servers, file systems, computer workstations, laptops and/or archived records, or custodians that would have knowledge of such, that contain information supporting the identification all of persons attending meetings and exchanging communications between Defendant and any CrowdSource The Truth guest, "sidekick", talent, researcher, interviewee, sponsor or other affiliate, concerning discussions about the Plaintiff, Plaintiff's background, Plaintiff's relationship to his brother, or other relevant material discussed involving the Plaintiff, and identify all persons taking part in such meetings and/or communications, provide approximate date of the contact, whether contact was in person, by telephone, electronic means, or in writing; if contact was in person or by telephone, include description of the substance of the communication and location of the participants; and identify all persons and documents concerning such meetings and communications for the past three (3) years.

**INTERROGATORY NUMBER TEN TO DEFENDANT GOODMAN:**

Describe with specificity the location of records, Cloud storage of information, digital servers, file systems, computer workstations, laptops and/or archived records, or custodians that would have knowledge of such, that contain information about the identification of parties that received benefits, payments, or things of value (e.g. hotel bills) that Defendant has or have been or will be conferred, offered, or promised between Defendant and any CrowdSource The Truth guest, "sidekick", talent, interviewee, researcher, agent, employee, consultant and/or sponsor or other affiliate (e.g. Kevin Shipp, Harmon Wilfred, Quinn Michaels, George Webb Sweigert, Queen Tut (Susan B. Holmes, aka Susan Lutzke), Trish Negron, etc.) for the past three (3) years.

**INTERROGATORY NUMBER ELEVEN TO DEFENDANT GOODMAN:**

Describe with specificity the location of records, Cloud storage of information, digital servers, file systems, computer workstations, laptops and/or archived records, or custodians that would have knowledge of such, that contain information concerning the identification of all individuals involved in communications, contacts, discussions, reports or any other interchange that Defendant may have had, or will have, with law enforcement personnel, agencies or staff; to include Special Agent Britany Custer of the Federal Bureau of Investigation and agents or officers of the New York Police Department; by individual's name, representing specific agency, time period of the contact, length of interviews, and for what stated purpose, and whether or not the Plaintiff was a topic or his name was involved, in whole or in part, in such discussions, contract, interchanges or communications, etc. for the past three (3) years.

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

**INTERROGATORY NUMBER TWELVE TO DEFENDANT GOODMAN:**

Describe with specificity the location of records, Cloud storage of information, digital servers, file systems, computer workstations, laptops and/or archived records, or custodians that would have knowledge of such, of processes and other vetting that is part of the CrowdSource "*Truth Engine*" and the operation of such an engine to include the names of parties, agents, employees, patrons, interviewees and other that play a role in the "Truth Engine" which addresses validation of information and vetting for the past three (3) years.

**INTERROGATORY NUMBER THIRTEEN TO DEFENDANT GOODMAN:**

Describe with specificity the location of records, Cloud storage of information, digital servers, file systems, computer workstations, laptops and/or archived records, or custodians that would have knowledge of such, that store and/process information on any Internet blogs, forums, social media platforms or other websites on which Defendant commented regarding the Plaintiff, including the username/handle/moniker under which the comments were made for the past three (3) years.

**INTERROGATORY NUMBER FOURTEEN TO DEFENDANT GOODMAN:**

Describe with specificity the location of records, Cloud storage of information, digital servers, file systems, computer workstations, laptops and/or archived records, or custodians that would have knowledge of such, that contain evidence of Defendant's research, fact-checking, developed information, or other investigative techniques relied upon the Defendant to create records and allege and/or Cloud storage of information that the Plaintiff was guilty of serious crimes, and/or the Plaintiff should be jailed, and/or that the Plaintiff might need to be

interviewed in a prison or mental hospital, that the Plaintiff was a sufferer of Post-Traumatic

Stress Syndrome (PTSD), etc.

## INTERROGATORY NUMBER FIFHTEEN TO DEFENDANT GOODMAN:

Describe with specificity the location of records, Cloud storage of information, digital servers,

file systems, computer workstations, laptops and/or archived records, or custodians that would

have knowledge of such, concerning social media platforms that demonstrates the growth of the

CrowdSource The Truth social media footprint by the acquisition of each and every social media

account and/or outlet and the time when distribution of content was commenced on each and

every individual social media platform, web-site, blog, messaging system accessed by the

Defendant or by his agents, employees, proxies, interviewees or others working in concert with

the Defendant to act as system administrators, blog editors, content posting, etc. for the previous

three (3) years.

## INTERROGATORY NUMBER SIXTEEN TO DEFENDANT GOODMAN:

Describe with specificity the location of records, Cloud storage of information, digital servers,

file systems, computer workstations, laptops and/or archived records, or custodians that would

have knowledge of such,  regarding all "cease and desist" messages, "spoliation notices",

"evidence preservation notices" and other warnings, demand for termination and other e-mail

messages delivered to the Defendant's e-mail messaging services (no matter which one) from the

Plaintiff which provided warnings to the defendant to cease, end, terminate and/or stop the

publishing of various content by providing date of e-mail message, contents, sender and any

response sent to the Plaintiff by the Defendant for the previous three (3) years.

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

**INTERROGATORY NUMBER SEVENTEEN TO DEFENDANT GOODMAN:**

Describe with specificity the location of records, Cloud storage of information, digital servers, file systems, computer workstations, laptops and/or archived records, or custodians that would have knowledge of such, that contain facts the Defendant's role in all video content produced and distributed on social media platforms that featured, interviewed, showcased, or focused on with Larry Klayman, esq., Chairman and General Counsel of "Freedom Watch", to include all times Mr. Klayman used the title of "Special Prosecutor" in video content created in conjunction with proceedings entitled "Citizen Grand Jury", all records and/or stored media concerning the Defendant's role as a "material witness" in the "Freedom Watch Grand Jury" of June 2019, records and/or digital media describing Defendant's participation in digesting evidence which Judicial Watch and/or Freedom Watch obtained with regards to leaks of Grand Jury information by Robert S. Mueller, III and discussions, interactions, communications (e-mail, text, messaging), planning or conversations with the other "Citizen Grand Jury" material witness Dr. Jerome Corsi of New Jersey and or with the Special Prosecutor Larry Klayman for the past three (3) years.

**INTERROGATORY NUMBER EIGHTTEEN TO DEFENDANT GOODMAN:**

Describe with specificity the location of records, Cloud storage of information, digital servers, file systems, computer workstations, laptops and/or archived records, or custodians that would have knowledge of such, that contain facts supporting the Defendant's participation in interviews with news, newspaper, mass media and/or other news media outlets concerning the purported "dirty bomb hoax" at the Port of Charleston, South Carolina on June 16, 2017, to include Donie O'Sullivan of CNN, and Christopher Mele of the New York Times, to include Defendant's participation in interview phone call in concert with George Webb Sweigert, communications

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

between any reporter (such as O'Sullivan and/or Mele), the Defendant and/or George Webb

Sweigert to schedule, set-up or plan such interview between 1 – 30 June 2017.

## INTERROGATORY NUMBER NINETEEN TO DEFENDANT GOODMAN:

Describe with specificity the location of records, Cloud storage of information, digital servers,

file systems, computer workstations, laptops and/or archived records, or custodians that would

have knowledge of such, that contain facts about the Defendant's trip to Vancouver, British

Columbia to visit and co-create video content for social media platforms with David Charles

Hawkins (White Rock, (South Surrey) British Columbia, Canada), to include dates of travel,

duration of stay in British Columbia, number and duration of meetings with Mr. Hawkins, titles

of video productions produced and distributed, approximate expenses, monies, benefits, dinners

or other gratuities given to Mr Hawkins to include a description of all communications

exchanged between Defendant and Mr. Hawkins to organize such a trip and for the previous two

(2) years.

## INTERROGATORY NUMBER TWENTY TO DEFENDANT GOODMAN:

Describe with specificity the location of records, Cloud storage of information, digital servers,

file systems, computer workstations, laptops and/or archived records, or custodians that would

have knowledge of such, that contain facts supporting the public interest and/or public debate

and/or public discourse and/or the supporting rationale that there is a genuine public issue

associated with or an opportunity to influence the resolution of issues involved with the Federal

Bridge Public Key Infrastructure Certification Authority (FBCA), the construction of the FBCA

by Entrust Technologies, the Plaintiff's employment at Entrust Technologies, the Plaintiff's

employment as a consultant at the U.S. National Security Agency to design an X.500 directory as

a consultant, the Plaintiff's employment at EuroSignCard, S.A. of Luxembourg, the Plaintiff's

employment at Booz*Allen & Hamilton as a network designer consultant for the U.S. Special

Operations Command and the alleged use of a cordless phone to call 911 dispatch at the Jon-

Benet Ramsey murder incident (circa 1996) as the Plaintiff's father was issued a patent for the

cordless phone (circa 1969).

**INTERROGATORY NUMBER TWENTY-ONE TO DEFENDANT GOODMAN:**

Describe with specificity the location of records, Cloud storage of information or archive of

digital media, or custodians that would have knowledge of such, containing facts supporting the

Defendant's involvement in gathering, preparing, collecting, writing, editing, filming, taping or

photographing of news intended for a newspaper, news agency, press association or wire service

or other professional medium or agency which has as one of its regular functions the processing

and researching of news intended for dissemination to the public for the prior four (4) years.

**INTERROGATORY NUMBER TWENTY-TWO TO DEFENDANT GOODMAN:**

Describe with specificity all facts describing locations of information, Cloud storage of records,

and/or repositories of records, or custodians that would have knowledge of such, to support the

Defendant's dissemination of raw intelligence to the constantly expanding network of human

brains for vetting, analysis and assessment concerning the Plaintiff, the Plaintiff's former

employers and the FBCA for the prior three (3) years.

**INTERROGATORY NUMBER TWENTY-THREE TO DEFENDANT GOODMAN:**

Describe with specificity all servers, archives of information and repositories, or custodians that

would have knowledge of such, of records that contain facts supporting the Defendant's

involvement to work together to collect and analyze data from around the web and around the world, and how the Defendant determines what is fact and fiction for the prior three (3) years.

## INTERROGATORY NUMBER TWENTY-FOUR TO DEFENDANT GOODMAN:

Describe with specificity archives, data repositories, file systems, and/or records Cloud storage systems, or custodians that would have knowledge of such, that contain facts supporting the Defendant's analysis, research, reporting, investigation and/or vetting of information, or custodians that would have this knowledge of such, to determine that the Plaintiff was acting as a co-conspirator with Robert David Steele, the Plaintiff in the Richmond, Virginia slander, libel and defamation lawsuit for the prior three (3) years.

## INTERROGATORY NUMBER TWENTY-FIVE TO DEFENDANT GOODMAN:

Describe with specificity all facts supporting the Defendant's analysis, research, reporting, investigation and/or vetting of information, or custodians that would have knowledge of such facts , to determine that the Plaintiff was engaged in an organized criminal harassment campaign and other serious potential criminal charges, listing crimes suspected, cite of relevant criminal law, and/or actions Defendant took upon learning of these potential crimes for the prior three (3) years.

**END**

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**
**SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI**

## **ATTESTATION**

I hereby certify that the attached interrogatories are truthful and accurate (to the best of my

knowledge) and are not submitted for the purposes of oppression of the Defendant Goodman.

Signed this _**11**_ day of November, 2019.

*D. G. SWEIGERT, C/O*
*GENERAL DELIVERY*
*ROUGH AND READY, CA 95975*
*Spoliation-notice@mailbox.org*

11·11·19

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

*D. G. SWEIGERT, C/O*
*GENERAL DELIVERY*
*ROUGH AND READY, CA 95975*
*Spoliation-notice@mailbox.org*

## U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
## (FOLEY SQUARE)

D George Sweigert

**Plaintiff**

v.

Jason Goodman

**Defendant**

CIVIL CASE #: 1:18-CV-08653-VEC

JUDGE VALERIE E. CAPRONI

MAGISTRATE STEWART D. AARON

### CERTIFICATE OF SERVICE

I HEREBY ATTEST that a true copy of the attached pleading has been sent to the

following addressees on the 11th day of November 2019.

Jason Goodman, CEO
Multi-media Design Systems, Inc.
252 7th Avenue, Apart. #6S
New York, NY 10001

Clerk of the Court, Room 200
U.S. District Court
500 Pearl Street
New York, New York 10007-1312

D. GEORGE SWEIGERT

11·11·19

PRIORITY MAIL 2

EXPECTED DELIVERY DAY: 11/14/19

Room 200
Pro SE

SHIP
TO:
500 PEARL ST
NEW YORK NY 10007-1316

USPS TRACKING NUMBER

9505 5067 0811 9315 1591 90

PRIORITY®

*UNITED STATES POSTAL SERVICE®*
VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

PRESS FIRMLY TO SEAL

PRIORITY
★ MAIL ★

FROM:

D. G. SWEIGERT, C/O
GENERAL DELIVERY
ROUGH AND READY, CA 95975
Spoliation-notice@mailbox.org

*UNITED STATES POSTAL SERVICE®*
VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

*UNITED STATES POSTAL SERVICE®*

PRIORITY
MAIL

PRIORITY
★ MAIL ★

TO:

Room 200
Pro SE

Clerk of the Court, Room 200
U.S. District Court
500 Pearl Street
New York, New York 10007-1312

Label 228, March 2016          FOR DOMESTIC AND INTERNATIONAL USE

PRIORITY

RECEIVED
NOV 18 2019
PRO SE OFFICE

TO: