UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

**U.S. DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**
**(FOLEY SQUARE)**

RECEIVED
NOV 2 0 2019
PRO SE OFFICE

| | |
|---|---|
| D George Sweigert<br><br>**Plaintiff**<br><br>**v.**<br><br>Jason Goodman<br><br>**Defendant** | **CIVIL CASE #: 1:18-CV-08653-VEC**<br><br>**JUDGE VALERIE E. CAPRONI**<br><br>**MAGISTRATE STEWART D. AARON** |

## PLAINTIFF'S CORRECTED AND AMENDED FIRST SET OF INTERROGATORIES

Pursuant to the conditions expressed in the ORDER of Magistrate Judge Stewart D. Aaron
(10/24/2019, ECF Doc. No. 97) attached are the Plaintiff's interrogatories conforming to
S.D.N.Y. Local Rule 33.3(a).  **Previous versions should be ignored.**

I hereby certify that the attached interrogatories are truthful and accurate (to the best of my
knowledge) and are not submitted for the purposes of oppression of Defendant Goodman.

Signed this __14__ day of November, 2019.



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11-20-19

*D. G. SWEIGERT, C/O*
*GENERAL DELIVERY*
*ROUGH AND READY, CA 95975*
*Spoliation-notice@mailbox.org*

11·14·19

1

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

## <u>Organization of Document</u>

Contents

**BACKGROUND STATEMENT AND INSTRUCTIONS** ......................................................... 3

**SUPPORTING RATIONALE FOR INTERROGATORY CONTENT** .................................. 9

*COUNT I.  VIOLATIONS OF NEW YORK GENERAL BUSINESS LAW §§349-350*

*(CONSUMER PROTECTION ACT)* ........................................................................ 9

*COUNT II.  DEFAMATION AND DEFAMATION PER SE* ................................................. 9

*COUNT III.  VIOLATIONS OF CIVIL RIGHTS LAW § 50 and 51* .................................... 10

*COUNT IV.  NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL*

*DISTRESS* ............................................................................................................. 10

**PLAINTIFF'S FIRST SET OF INTERROGATORIES (CORRECTED)** ............................ 11

**ATTESTATION** ....................................................................................................... 23

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

## BACKGROUND STATEMENT AND INSTRUCTIONS

1.      Plaintiff incorporates by reference the applicable instructions from the ORDER of 10/24/2019 (**ECF Doc. No. 97**) by Magistrate Judge Stewart D. Aaron.  This ORDER of 10/24/2019 allowed interrogatories to be served upon the Court that complied with S.D.N.Y. Local Rule 33.3(a).

2.      Local Civil Rule 33.3(a) states in relevant part:

> "[u]nless otherwise ordered by the Court, at the commencement of discovery, interrogatories will  be restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant information, including pertinent insurance agreements and other physical evidence, or information of a similar nature."

3.      The Plaintiff has relied upon Local Rule 33.3 and Fed. R. Civ. Proc. Rule 26 (generally) to fashion the below response to the Magistrate Judge's ORDER of 10/24/2019 requesting submission of interrogatories.

4.      These Interrogatories are intended to elicit as much information as possible concerning the issues, and to the extent any Interrogatory could be interpreted in more than one way, Defendant should employ the interpretation of the Interrogatory most likely to encompass and elicit the greatest amount of information possible.

5.      If the Defendant has a claim for any form of privilege, whether based on a statute or otherwise, as a ground for not answering an interrogatory or any portion thereof, it should be set forth in complete detail each and every fact upon which the privilege is based, including sufficient facts for the Court to make a full determination whether the claim of privilege is valid.

6.      Plaintiff incorporates by reference the Plaintiff's letter (10/29/2019, **ECF Doc. No. 98**) as if fully restated to address the presentation of legal theories of recovery to provide supporting

rationale for the interrogatories included below (for the purposes of stating the factual and legal

bases for claims in **COUNT ONE**, Second Amended Complaint (**SAC, Doc. No. 88**)).

7.      Discovery may be needed on all subject matters relevant to the claims made by the

Plaintiff in the **SAC** (ECF Doc. No. 88) and to the denials and defenses yet to be raised by the

Defendant (Def).

8.      Some computations of damages (see general Fed. R. Civ. Proc. Rule 26) have not been

completely matured as the Plaintiff must await on some disclosures and discovery material in the

possession of the Defendant Goodman. *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295 (2d

Cir. 2006).

9.      Herein the term "**Plaintiff**" refers to the individual and natural person known as **D.**

**George Sweigert** and the other instantiations used by Defendant (Def) **Jason Goodman**, as in:

Dave Sweigert, David G. Sweigert, David George Sweigert, etc.

10.     Herein the term "**Defendant**" refers to the individual and natural person Jason D.

Goodman, believed to be Jason David Goodman, operator of a brand known as **CrowdSource**

**The Truth** which dispenses social media podcast content.

11.     Herein the term "**document**" shall have the broadest meaning possible under the Federal

Rules of Civil Procedure (Fed. R. Civ. Proc.) and shall include, but not be limited to, the original

(or a copy when the original is not available) and each non-identical copy (including those which

are non-identical by reason of translations, notations, or markings) or any and all other written,

printed, typed, punched, taped, filmed, or graphic matter or recorded or tangible thing, or

whatever description, however produced or reproduced (including computer-stored or generated

data, together with instructions or programs necessary to search and retrieve such data and hard

copies where available and retrievable), and shall include all attachments to and enclosures with

any requested item, to which they are attached or with which they are enclosed, and each draft thereof. The term document shall specifically include all recorded or retrievable electronic data or communications such as electronic mail (e-mail) and the like and all translations thereof.

12.     Herein the term "**communication**" means any oral, written, electronic, or other exchange of words, thoughts, information, or ideas to another person or entity, whether in person, in a group, by telephone, by letter, by Telex, by facsimile, or by any other process, electric, electronic, or otherwise. All such communications includes computer discs or transmissions, e-mails, instant messages, tape or video recordings, voicemails, diaries, log books, minutes, notes, studies, surveys and forecasts, and any and all copies thereof.

13.     Herein the term **Electronic Stored Information (ESI)** shall have the common meaning expressed as "information created, manipulated, communicated, stored, and best utilized in digital form, requiring the use of computer hardware and software"; see, *Electronically Stored Information: The December 2006 Amendments to the Federal Rules of Civil Procedure,* Kenneth Withers, 4 NW. J. of Tech. & Intell. Prop. 171, available at http://www.law.northwestern.edu/journals/ njtip/v4/n2/3.  **ESI** includes e-mails, voice-mails, instant messages, text messages, documents, spreadsheets, file fragments, digital images, and video.  **ESI** can be viewed from the context of Fed. R. Civ. Proc. **Rule 16(b)(3)(B)(iii) and (iv), Rule 26(f)(3)(C) and Rule 37(e).**  This includes "data copied from an electronic device, storage medium or file" per Federal Rules of Evidence **(F.R.E.) Rule 902(14)** and/or records generated by an electronic process or system per **F.R.E. Rule 902(13).**

14.     Herein the term "**loose media**" shall include USB/Firewire drives, flash drives, memory cards and CDs/DVDs with the accompany computers and/or peripheral devices use to access such memory mechanisms.

15.    Herein the term "**Cloud storage**" means any Internet-based repository of digital information, which includes electronic files, artwork, and/or screen-shots that may be stored at Internet Service Provider (ISP) storage, social media platform storage as provided by social media providers such as Google, Facebook, Twitter, Patreon, YouTube, TINDER, SubscribeStar, DLive, Periscope, Bit-Chute, etc.  Identification of Internet-based (Cloud) platforms should include Internet domain name and/or relevant Internet Protocol (I.P.) address and/or Uniform Resource Locator (URL).  Information about local, on-site, non-Cloud storage on computer systems with manufacture/make specifics as to make, model, operating system type, version of such systems and their location.

16.    Herein the term "**e-mail**" shall include the electronic files stored on servers, workstations, ISP servers, or other Cloud-based e-mil messaging services; e.g. messages in electronic mail servers hosting the e-mail accounts truth@crowdsourcethetruth.org, jasongoodman72@protomail.com, jason@21stcentury3d.com and/or any other e-mail storage services; e.g. Microsoft Exchange/Outlook, GMAIL, or localized on-site computers that synchronize with on-line e-mail servers.  This shall be understood to mean initiating e-mails, e-mail "thread" and/or "string" and/or "chain".  This includes any e-mails saved electronically or moved to outside the e-mail program and saved in other formats such as ".txt" and/or ".msg".

17.    Herein the term "**encryption**" shall mean the process of enciphering data and **ESI**.  In the case of the use of encryption and/or hash values providing technical information concerning the associated encryption techniques used to encipher such data.  This includes descriptions concerning he use of digital signatures, hash values, and/or other coding techniques to encipher data from its "plaintext" form to a "cipher-text" form.  The responding party (Def) should produce information that would indicate to the Plaintiff how to obtain a "reasonable usable form"

and may need to describe any processes that were used to covert electronically stored (**ESI**) data from a form which is ordinarily maintained, if in a different form that makes it more burdensome on the requesting party (Plaintiff) to use information, as articulated in **Fed. R. Civ. Proc. Rule 34(b).** *Aguilar v. Ice*, 255 F.R.D. 350 (S.D.N.Y. 2008).

18.     Herein the term "**meta-data**" shall be viewed as "data about data" which is **ESI** that describes the history, tracking, and/or management of an electronic document.  All documents that are placed in storage systems and provided to the requesting party (Plaintiff) should be provided with all non-altered meta-data embedded in such documents.

19.     Herein the term "**imagery**" includes hard-copies and/or **ESI** of that which has been manipulated to create an "image" to include ".TIFF" and/or ".PDF" and/or ".MP3" and/or ".MP4"and/or other such files, etc.  This shall include the processing of photographs, portraits, and/or the likeness or artwork that displays recognizable features of the Plaintiff.  Courts have construed the portrait/picture provisions of the statute somewhat broadly, to include "any recognizable likeness, not just an actual photograph." *Burck v. Mars, Inc.,* 571 F. Supp. 2d 446, 451 (S.D.N.Y. 2008).

20.     Herein the term "**likeness**" shall mean the Plaintiff's likeness, portrait and/or photograph. *Clark v. Celeb Publ'g, Inc.,* 530 F. Supp. 979 (S.D.N.Y. 1981).  *Big Seven Music Corp. v. Lennon*, 554 F.2d 504 (2d Cir. 1977).  It is settled that "any recognizable likeness, not just an actual photograph, may qualify as a `portrait or picture.'" *Allen v. Nat'l Video, Inc.,* 610 F. Supp. 612, 621 (S.D.N.Y. 1985) at 622 (citing *Ali v. Playgirl, Inc.*, 447 F. Supp. 723, 726 (S.D.N.Y. 1978)).

21.     Herein the words "or," "and," "all," "every," "any," "each," "one or more," "including," and similar words of guidance, are intended merely as such, and should not be construed as

words of limitation. The words "or" and "and" shall include each other whenever possible to expand, not restrict, the scope of the Interrogatory. The word "including" shall not be used to limit any general category or description that precedes it. The words "all," "every," "any," "each," and "one or more" shall include each other whenever possible to expand, not restrict, the scope of the Interrogatory.

22.     Herein the term "**custodian**" shall describe an employee or other person or group with ownership, custody, or control over potentially relevant information.  A "custodian of records" and/or electronic records, and/or **ESI** which includes data that has been entrusted to a third party, includes the names and contact information for all such parties (third party data custodian) whether corporations, associations, **Internet Service Providers (ISPs)**, and/or natural person individuals that may be aware of such systems that can store, contain, archive, process and/or transmit **ESI**, digital imagery, files, and/or messages.  This includes the use of third-party and/or non-party witness custodians of ESI records  such as those services and/or systems used by associates, third-parties, contractors, consultants, "side-kicks", guests, interviewees and/or friends.  See Fed. R. Civ. Proc. **Rule 30(b)(6).**

23.     Defendant is under a continuing obligation to respond to the Interrogatories set forth herein. Accordingly, if Defendants subsequently gain additional information called for in any of the Interrogatories set forth herein, Defendants should promptly produce such information to Plaintiffs.

24.     A party's obligation to deliver all the documents used to calculate damages is "the functional equivalent of a standing Request for Production under Rule 34[,]" which grants the opposing party general access to these relevant documents. *Id.* at 296 (quoting Fed. R. Civ. P. Rule 26 advisory committee notes to 1993 amendments).

## SUPPORTING RATIONALE FOR INTERROGATORY CONTENT

25.     For the purposes of the interrogatories, there are **four (4) main categories** of information

that the Plaintiff is requesting from the Defendant.  The information below is provided to aid

clarity for the Court and the Defendant (Def).  A specific set of interrogatories follow the section

below.

### COUNT I.  VIOLATIONS OF NEW YORK GENERAL BUSINESS LAW §§349-350

26.     This area addresses production of ALL photographs, images, portraits and/or likenesses

of the Plaintiff used during the manipulation of digital imagery and/or video processes (raw and

finished).  Such imagery/video tools, techniques and processes (**TT&P**) that would yield a final

output digital file (whether digital imagery or video file).  Such digital imagery would be stored

on computational systems controlled by the Def and/or Def's agents (in the case of third-party

organizations and/or natural persons facilitating the transmission, storage and/or processing of

**ESI).**

### COUNT II.  DEFAMATIONAND DEFAMATION PER SE

27.     Plaintiff will require the identification of records, electronic messages, texts and other

paper and/or electronic documents that are in the possession of the Def.  This will require

examination of electronic communications exchanged between the Def and third parties

described in the SAC; the previous parties described include Kevin Shipp, Harmon Wilfred,

Quinn Michaels (aka Korey Atkin), George Webb Sweigert, Lee Stranahan, Thomas

Schoenberger, Jackie Weaver, Manual Chavez, III, Queen Tut (aka Susan B. Holmes, aka Susan

Lutzke), Trish Negron, Mari Rapp, etc.  Such communications will demonstrate that Def

Goodman knew, or should have known, that the misleading and false statements made about the Plaintiff could not be supported with corroborating evidence.

### COUNT III.  VIOLATIONS OF CIVIL RIGHTS LAW § 50 and 51

28.     Witness records custodians need to be identified for those paper-based and/or digital records (**ESI**) maintained by web-based, social media corporate infrastructure (servers, networks, file systems, etc.) that have interacted with the Def; such as **ISP** storage, social media platform providers as in Google, Facebook, Twitter, Patreon, YouTube, TINDER, SubscribeStar, DLive, Periscope, Bit-Chute, etc.  Other third parties may have been involved with the transmission, storage or processing of ESI no matter what the specific **TT&P**, these individuals need to be identified and the computational machine that created this type of imagery needs to be identified, including the software that created this "artwork" containing Plaintiff's **likeness** and whether or not these images and/or copies of these images are stored on local on-site computational systems or stored in Cloud storage.

### COUNT IV.  NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

29.     In the interests of judicial efficiency and in the spirit of **S.D.N.Y. Local Rule 83.10,** Plaintiff clarifies and hereby particularizes his **I.I.E.D.** claim to that of a **"garden variety" emotional distress claim** [one which is devoid of medical treatment or physical manifestation] *Misas v. N.-Shore Long Island Jewish Health Sys.,* 14-cv-8787 (ALC) (DJF) (S.D.N.Y. Jul. 25, 2016).  The matter is left to the discretion of the jury and thus there is no basis for a computation of damages at this time.  The "calculation of damages is the province of the jury," *Ismail v. Cohen,* 899 F.2d 183, 186 (2d Cir.1990).  Nevertheless, certain witnesses shall provide their personal knowledge of the Plaintiff's emotional distress (garden variety I.I.E.D.) and will not induce expert testimony.

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

**PLAINTIFF'S FIRST SET OF INTERROGATORIES**
*(CORRECTED) DISREGARD PREVIOUS VERSIONS*

**INTERROGATORY NUMBER ONE TO DEFENDANT GOODMAN:**

Describe with specificity the file systems, servers, Cloud storage repositories, local onsite

computational devices or other Internet systems used to store/archive records, and/or archives for

digital data, or witness custodians that would have this knowledge of such systems, to include

details regarding linkages of computers, video systems, data storage devices, on-site stand-alone

computational devices, shared resources and/or other computer network components relied upon

by Jason Goodman and the brand "Crowdsource The Truth" for the past three (3) years.

**INTERROGATORY NUMBER TWO TO DEFENDANT GOODMAN:**

Describe with specificity the facts and identify separately the persons, in public and private

association with the natural person Jason Goodman, who participated in, assisted with, or

provided materials to, or operated software to create artwork for CSTT podcasts (no matter if

displayed on YouTube, Patreon, TINDER, Twitter, Bit-Chute, DLive, etc.), and used such

computers and/or software to store, process or transmit the imagery of the Plaintiff – no matter if

it was a stand-alone image or embedded in a completed piece of CSTT artwork – to include

identification of each social media platform with username, profile name, account name, etc. for

the past three (3) years.

**INTERROGATORY NUMBER THREE TO DEFENDANT GOODMAN:**

Provide correct and legal names for business and/or other legal entities (such as associations,

corporations, companies, "doing business as (DBAs)", directorships with same, etc.) related to

the natural person Jason Goodman and describe with specificity the facts supporting the

identification of each person who has personal knowledge concerning management,

administration, finances, financial record keeping, cash flow, contracts, invoices and/or

payments of the purported doing business as (DBA) 21st Century 3D", and/or "MDSI", and/or

"Multi-media Software Design, Inc." and/or "Multi-media Systems Design, Inc." and/or any

other legal entity associated with the natural person Jason D. Goodman and/or the podcast brand

"CrowdSource The Truth" To include relationships such as investor, agent, employee, advisor,

director, board member, etc.) during the past six (6) years.

**INTERROGATORY NUMBER FOUR TO DEFENDANT GOODMAN:**

Describe with specificity the facts supporting the identification of each third party that has

entered into communications and/or discussions with the Defendant about the Plaintiff; to

include discussions to prepare for actual podcasts, candid discussions of a non-broadcast nature,

video appearance coordinating discussions and arrangements related to video content feature,

highlight, mentioning, or other discussion of the Plaintiff, request for artwork with the Plaintiff's

likeness, portrait and/or photograph and other such communications activity with third party

agents, employees, interviewees, patrons, proxies or others acting in concert with the Defendant

concerning the Plaintiff for the previous three (3) years.

**INTERROGATORY NUMBER FIVE TO DEFENDANT GOODMAN:**

Describe with specificity the location of ESI records, Cloud storage of information, digital

servers, file systems, computer workstations, local onsite computational devices, laptops and/or

archived records, or witness custodians of ESI records that would have knowledge of such, that

contain information about the identification of each technical or manpower resource upon which

Defendant, or any party or third party acting in concert with the Defendant or at his direction

and/or relied upon, to create video content for CrowdSource The Truth podcasts that featured,

mentioned and/or described the Plaintiff; whether as expressed as participation as a guest,

background researcher, artwork creator, agent, employee, proxy, patron, video editing expert,

imagery artwork expert, etc. for the previous three (3) years.

## INTERROGATORY NUMBER SIX TO DEFENDANT GOODMAN:

Describe with specificity the location of ESI records, Cloud storage of information, digital

servers, file systems, computer workstations, local onsite computational devices, laptops and/or

archived records, or witness custodians of ESI records that would have knowledge of such, that

contain information for the identification of any and all legal claims or lawsuits, administrative

agency actions at federal, state, city or local levels initiated against the natural person Jason

Goodman and all the business entities associated with Jason Goodman such as "*Multimedia

Systems Design, Inc.*", "*21st Century 3D*", "*Multi-media Design Systems, Inc.*" or other entities

controlled, owned, operated or associated with Jason Goodman for the past ten (10) years, this

includes corporations and/or companies Defendant has or have been affiliated with, to include

case number, party names, disposition of case and forum in which such claims or lawsuits were

asserted.

## INTERROGATORY NUMBER SEVEN TO DEFENDANT GOODMAN:

Describe with specificity the location of ESI records, Cloud storage of information, digital

servers, file systems, computer workstations, local onsite computational devices, laptops and/or

archived records, or witness custodians of ESI records that would have knowledge of such, that

contain information supporting the identification of the online postings, comments, blog updates,

video content, etc. made by Defendant, or in which Defendant has been involved, with contains

content about the Plaintiff, describing the Plaintiff's ethical hacker credential, computer skills,

network knowledge, mentioning the Plaintiff's former employers and employment, using any

form of the Plaintiff's name, or any individual believed by Defendant to be associated with the

Plaintiff (includes Twitter, Facebook, YouTube, Patreon, TINDER, Bit-Chute, DLive, Periscope,

etc.) for the past three (3) years.

**INTERROGATORY NUMBER EIGHT TO DEFENDANT GOODMAN:**

Describe with specificity the facts supporting the identification of every office, mailing address,

third party mail forwarder, "rent an office", etc., in which Defendant and/or Defendant's

companies, corporations, businesses, "doing business as (DBAs)", etc. has or have maintained or

currently maintains a postal address; provide address by suite number, street address, city, state

zip code, for the past ten (10) years to include International addresses and addresses in the

United States.

**INTERROGATORY NUMBER NINE TO DEFENDANT GOODMAN:**

Describe with specificity the names of witnesses with contact information and/or the location of

ESI records, Cloud storage of information, digital servers, file systems, computer workstations,

local onsite computational devices, laptops and/or archived records, or witness custodians of ESI

records  that contain information supporting the identification the of persons attending meetings,

conferences, rallies, press conferences, trips, junkets or other encounters whom the Defendant

exchanged communications between Defendant and other CrowdSource The Truth guests,

"sidekick"s, talent, researchers, interviewees, sponsors or other affiliates, concerning discussions

about the Plaintiff, Plaintiff's background, Plaintiff's military service, Plaintiff's network and

computer skills, Plaintiff's relationship to his brother, or other relevant material discussed

involving the Plaintiff, and identify of those persons taking part in such meetings, discussions,

visits to homes, dinner conversations and/or communications, provide approximate date of the

contact, whether contact was in person, by telephone, electronic means, or in writing; if contact

was in person or by telephone, include description of the substance of the communication and

location of the participants; and identify the persons and documents concerning such meetings

and communications for the past three (3) years.

**INTERROGATORY NUMBER TEN TO DEFENDANT GOODMAN:**

Describe with specificity the names and contact information of witnesses and/or the location of

ESI records, Cloud storage of information, digital servers, file systems, computer workstations,

local onsite computational devices, laptops and/or archived records, or witness custodians of ESI

records  that would have knowledge of such, that contain information about the identification of

parties that received benefits, payments and/or things of value (e.g. paid hotel bills, paid dinners,

gift airline tickets, etc.) that Defendant has or have been or will be conferred, offered, or

promised between Defendant and any CrowdSource The Truth guest, "sidekick", talent,

interviewee, researcher, agent, employee, consultant and/or sponsor or other affiliate (e.g. Kevin

Shipp, Harmon Wilfred, Quinn Michaels (aka Korey Atkin), Lee Stranahan, Steve Outtrim,

Jackie Weaver, Dean Fourege, George Webb Sweigert, Queen Tut (Susan B. Holmes, aka Susan

Lutzke), Trish Negron, etc.) for the past three (3) years.

**INTERROGATORY NUMBER ELEVEN TO DEFENDANT GOODMAN:**

Describe with specificity the names and contact information of witnesses and/or the location of

ESI records, Cloud storage of information, digital servers, file systems, computer workstations,

local onsite computational devices, laptops and/or archived records, or witness custodians of ESI

records that would have knowledge of such, that contain information concerning the identification of the individuals involved in communications, contacts, discussions, reports or any other interchange that Defendant may have had, or will have, with law enforcement personnel, agencies or staff; to include Special Agent Brittany Custer of the Federal Bureau of Investigation and agents or officers of the New York Police Department; by individual's name, representing specific agency, time period of the contact, length of interviews, and for what stated purpose, and whether or not the Plaintiff was a topic or his name was involved, in whole or in part, in such discussions, contract, interchanges or communications, etc. for the past three (3) years.

**INTERROGATORY NUMBER TWELVE TO DEFENDANT GOODMAN:**

Describe with specificity the names and contact information of witnesses and/or the location of ESI records, Cloud storage of information, digital servers, file systems, computer workstations, local onsite computational devices, laptops and/or archived records, or witness custodians of ESI records that would have knowledge of such, of processes and other vetting that is part of the CrowdSource *Truth Engine*" and the operation of such an engine, engine technology, location of supporting processes used in the engine, any processes, protocols and/or techniques that are part of the "*truth engine*" to include the names of parties, agents, employees, patrons, interviewees and other that play a role in the operation, refinement, deployment and/or use of the "*truth engine*" which addresses validation of information and vetting for the past three (3) years.

**INTERROGATORY NUMBER THIRTEEN TO DEFENDANT GOODMAN:**

Describe with specificity the names and contact information of witnesses and/or the location of ESI records, Cloud storage of information, digital servers, file systems, computer workstations,

local onsite computational devices, laptops and/or archived records, or custodians that would
have knowledge of such, that store and/process information and/or social media content on any
Internet blogs, forums, social media platforms or other websites on which Defendant commented
regarding the Plaintiff, including the username/handle/moniker under which the comments were
made with name of platform, Internet addresses or Uniform Resource Locators (URL) of sites,
time period of such postings names of individuals with contact information for the past three (3)
years.

**INTERROGATORY NUMBER FOURTEEN TO DEFENDANT GOODMAN:**

Describe with specificity the names and contact information of witnesses and/or the location of
ESI records, Cloud storage of information, digital servers, file systems, computer workstations,
local onsite computational devices, laptops and/or archived records, or witness custodians of ESI
records  that would have knowledge of such, that contain evidence of Defendant's research, fact-
checking, developed information, or other investigative techniques, processes, protocols relied
upon the Defendant to create, alter, process, store and/or transmit records used to allege that the
Plaintiff was guilty of serious crimes, and/or the Plaintiff should be jailed, and/or that the
Plaintiff might need to be interviewed in a prison or mental hospital, that the Plaintiff was a
sufferer of Post-Traumatic Stress Syndrome (PTSD), the Plaintiff is a target of an F.B.I. and/or
S.D.N.Y. investigation, the Plaintiff was a contractor for the Central Intelligence Agency, etc. for
the previous three (3) years.

**INTERROGATORY NUMBER FIFTHTEEN TO DEFENDANT GOODMAN:**

Describe with specificity the names and contact information of witnesses and/or the location of
ESI records, Cloud storage of information, digital servers, file systems, computer workstations,

local onsite computational devices, laptops and/or archived records, or witness custodians of ESI records that would have knowledge of such, concerning social media platforms that demonstrates the growth of the CrowdSource The Truth social media footprint by the acquisition of each and every social media account and/or outlet and the time when distribution of content was commenced on each and every individual social media platform, web-site, blog, messaging system accessed by the Defendant or by his agents, employees, proxies, interviewees or others working in concert with the Defendant to act as system administrators, blog editors, content posting, etc. for the previous three (3) years.

**INTERROGATORY NUMBER SIXTEEN TO DEFENDANT GOODMAN:**

Describe with specificity the names and contact information of witnesses and/or the location of ESI records, Cloud storage of information, digital servers, file systems, computer workstations, local onsite computational devices, laptops and/or archived records, or witness custodians of ESI records that would have knowledge of such, regarding the "cease and desist" messages, "spoliation notices", "duty to preserve" notices, "Rule 16(b)(3)(B)(iii) notices", "evidence preservation notices" and other warnings, demand for termination and other e-mail messages delivered to the Defendant's e-mail messaging services (no matter which one) from the Plaintiff which provided warnings to the defendant to cease, end, terminate and/or stop the publishing of various content by providing date of e-mail message, contents, sender and any response sent to the Plaintiff by the Defendant for the previous three (3) years.

**INTERROGATORY NUMBER SEVENTEEN TO DEFENDANT GOODMAN:**

Describe with specificity the names and contact information of witnesses and/or the location of ESI records, Cloud storage of information, digital servers, file systems, computer workstations,

local onsite computational devices, laptops and/or archived records, or witness custodians of ESI records that would have knowledge of such, that contain facts about the Defendant's role in the video content production and distribution on social media platforms that featured, interviewed, showcased, or focused on Larry Klayman, esq., Chairman and General Counsel of "Freedom Watch", to include the times Mr. Klayman using the title of "Special Prosecutor", in video content created in conjunction with proceedings entitled "Citizen Grand Jury", to include messaging, e-mail, communications, meetings dinner conversations and/or talks exchanged with Larry Klayman and/or Dr. Jerome Corsi" for the past three (3) years.

**INTERROGATORY NUMBER EIGHTTEEN TO DEFENDANT GOODMAN:**

Describe with specificity the names and contact information of witnesses and/or the location of ESI records, Cloud storage of information, digital servers, file systems, computer workstations, local onsite computational devices, laptops and/or archived records, or witness custodians of ESI records that would have knowledge of such, that contain facts supporting the Defendant's participation in interviews with news, newspaper, mass media and/or other news media outlets concerning the purported "dirty bomb hoax" at the Port of Charleston, South Carolina on June 16, 2017, to include Donie O'Sullivan of CNN, and Christopher Mele of the New York Times, to include Defendant's participation in interview phone call in concert with George Webb Sweigert, communications between any reporter (such as O'Sullivan and/or Mele), the Defendant and/or George Webb Sweigert to schedule, set-up or plan such interview between 1 – 30 June 2017.

**INTERROGATORY NUMBER NINETEEN TO DEFENDANT GOODMAN:**

Describe with specificity the names and contact information of witnesses and/or the location of ESI records, Cloud storage of information, digital servers, file systems, computer workstations,

local onsite computational devices, laptops and/or archived records, or witness custodians of ESI

records  that would have knowledge of such, that contain facts about the Defendant's trip to

Vancouver, British Columbia to visit, meeting, conversations, dinner meetings and/or video

content conversations with David Charles Hawkins (White Rock, (South Surrey) British

Columbia, Canada), to include dates of travel, duration of stay in British Columbia, number and

duration of meetings, visits with Mr. Hawkins, titles of video productions produced and

distributed, approximate expenses, monies, benefits, dinners or other gratuities given to Mr.

Hawkins to include a description of the communications exchanged between Defendant and Mr.

Hawkins that included discussions about the Plaintiff, Plaintiff's military record, Plaintiff's

ethical hacking career, Plaintiff's knowledge of computer and network concepts, of Plaintiff's

experience as a network designer at Booz*Allen Hamilton, etc. for previous two (2) years.

**INTERROGATORY NUMBER TWENTY TO DEFENDANT GOODMAN:**

Describe with specificity the names and contact information of witnesses and/or the location of

ESI records, Cloud storage of information, digital servers, file systems, computer workstations,

local onsite computational devices, laptops and/or archived records, or witness custodians of ESI

records  that would have knowledge of such, that contain facts supporting the public interest

and/or public debate and/or public discourse and/or the supporting rationale that there is a

genuine public issue associated with or an opportunity to influence the resolution of issues

involved with the Federal Bridge Public Key Infrastructure Certification Authority (FBCA), the

construction of the FBCA by Entrust Technologies, the Plaintiff's employment at Entrust

Technologies, the Plaintiff's employment as a consultant at the U.S. National Security Agency to

design an X.500 directory as a consultant, the Plaintiff's employment at EuroSignCard, S.A. of

Luxembourg, the Plaintiff's employment at Booz*Allen & Hamilton as a network designer

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

consultant for the U.S. Special Operations Command and the alleged use of a cordless phone to call 911 dispatch at the Jon-Benet Ramsey murder incident (circa 1996) for the previous two (2) years.

**INTERROGATORY NUMBER TWENTY-ONE TO DEFENDANT GOODMAN:**

Describe with specificity the names and contact information of witnesses and/or the location of ESI records, Cloud storage and/or local onsite computational devices, containing data, files, digital storage of information or archive of digital media, or witness custodians of ESI records that would have knowledge of such, containing facts supporting the Defendant's involvement in gathering, preparing, collecting, writing, editing, filming, taping or photographing of news intended for a newspaper, news agency, press association or wire service or other professional medium or agency which has as one of its regular functions the processing and researching of news intended for dissemination to the public for the prior four (4) years.

**INTERROGATORY NUMBER TWENTY-TWO TO DEFENDANT GOODMAN:**

Describe with specificity the names and contact information of witnesses and/or the facts describing locations of information, Cloud storage of records, and/or repositories of records, or witness custodians of ESI records that would have knowledge of such, to support the Defendant's dissemination of raw intelligence to the CrowdSource The Truth constantly expanding network of human brains for vetting, analysis and assessment for the prior three (3) years.

**INTERROGATORY NUMBER TWENTY-THREE TO DEFENDANT GOODMAN:**

Describe with specificity the names and contact information of witnesses and/or the servers, archives of information and repositories, or witness custodians of ESI records that would have

knowledge of such, of records that contain facts supporting the Defendant's involvement to work together to collect and analyze data from around the web and around the world, and how the Defendant determines what is fact and fiction for the prior three (3) years.

**INTERROGATORY NUMBER TWENTY-FOUR TO DEFENDANT GOODMAN:**

Describe with specificity the names and contact information of witnesses and/or archives, data repositories, file systems, and/or records Cloud storage systems, or witness custodians of ESI records  that would have knowledge of such, that contain facts supporting the Defendant's analysis, research, reporting, investigation and/or vetting of information, or witness custodians of ESI records  that would have this knowledge of such, to determine that the Plaintiff was acting as a co-conspirator with Robert David Steele (**RDS**), was acting as an associate or affiliate of **RDS**, was in the role as a co-conspirator with **RDS** or any other relationship between **RDS** and the Plaintiff for the prior three (3) years.

**INTERROGATORY NUMBER TWENTY-FIVE TO DEFENDANT GOODMAN:**

Describe with specificity the names and contact information of witnesses and/or the facts supporting the Defendant's analysis, research, reporting, investigation and/or vetting of information, or witness custodians of ESI records  that would have knowledge of such facts , to determine that the Plaintiff was engaged in an organized criminal harassment campaign and other serious potential criminal charges, suspected crimes committed, violations of law and/or criminal conduct of the Plaintiff to break relevant criminal law, and/or actions Defendant took upon learning of these potential crimes, communications with other witness about such crimes (to include individual's name and contact information) for the prior three (3) years.

**END**

## **ATTESTATION**

I hereby certify that the attached interrogatories are truthful and accurate (to the best of my

knowledge) and are not submitted for the purposes of causing oppression of the Defendant

Goodman.

Signed this ___ day of November, 2019.

*D. G. SWEIGERT, C/O*
*GENERAL DELIVERY*
*ROUGH AND READY, CA 95975*
*Spoliation-notice@mailbox.org*

11.14.19

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

*D. G. SWEIGERT, C/O*
*GENERAL DELIVERY*
*ROUGH AND READY, CA 95975*
*Spoliation-notice@mailbox.org*

## U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
## (FOLEY SQUARE)

D George Sweigert

**Plaintiff**

v.

Jason Goodman

**Defendant**

CIVIL CASE #: 1:18-CV-08653-VEC

JUDGE VALERIE E. CAPRONI

MAGISTRATE STEWART D. AARON

### CERTIFICATE OF SERVICE

I HEREBY ATTEST that a true copy of the attached pleading has been sent to the

following addressees on the 14th day of November 2019.

Jason Goodman, CEO
Multi-media Design Systems, Inc.
252 7th Avenue, Apart. #6S
New York, NY 10001

Clerk of the Court, Room 200
U.S. District Court
500 Pearl Street
New York, New York 10007-1312

_____

D. GEORGE SWEIGERT

11·14·19

**PRESS FIRMLY TO SEAL**

# UNITED STATES POSTAL SERVICE®

# PRIORITY MAIL®

★ For Domestic shipments, the maximum weight is 70 lbs. For International shipments, the maximum weight is 4 lbs.

only.

○ Delivery specified*

$ PACKING™ included to n

national destinations.

○ international insurance.

up available.*

r supplies online.*

1 used Internationally, a customs

ration label may be required.

nes only

0 0 0 0 1 0 0 0 0 1 4

EP14F Oct 2018
OD: 12 1/2 x 9 1/2

USPS.COM/PICKUP



**EXPECTED DELIVERY DAY: 11/16/19**

**USPS TRACKING NUMBER**

9505 5159 2256 9318 3783 17

To schedule free
Package Pickup,
scan the QR code.

U.S. POSTAGE PAID
PM
CITRUS HEIGHTS, CA
9562114
NOV 14, 19
AMOUNT

**$7.35**
R2305M146656-27




1006

10007

**FROM:**

*D. G. SWEIGERT, C/O*
*GENERAL DELIVERY*
*ROUGH AND READY, CA 95975*
*Spoliation-notice@mailbox.org*



**Pro Se # 200**

TO:

Clerk of the Court, Room 200
U.S. District Court
500 Pearl Street
New York, New York 10007-1312

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipments.
Misuse may be a violation of federal law. This packaging is not for resale. EP14F © U.S. Postal Service; October 2018; All rights reserved.