UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

| D George Sweigert **Plaintiff** v. Jason Goodman **Defendant** | CIVIL CASE #: 1:18-CV-08653-VEC JUDGE VALERIE E. CAPRONI MAGISTRATE STEWART D. AARON |
|---|---|

**PLAINTIFF'S LETTER MOTION FOR CLARIFICATION AS TO HOW THE COURT WILL PROCEED WITH DEFENDANT'S PAPERS (ECF DOCS. NO. 105 & 106)**

**MAY IT PLEASE THE COURT:**

1.  The Plaintiff REQUESTS CLARIFICATION with this instant **letter motion** to ascertain how the Court will interpret the Defendant's papers (Doc. nos. 105 & 106).

2.  As a preliminary matter doc. 106 "*motion to dismiss*" fails to contain a verification affirmation and certificate of service as required by local rules. To re-state, the Plaintiff does not wish to receive any electronic materials from the Defendant for the reasons stated in Plaintiff's ECF Doc. nos. **42 (10/19/18) and 43 (10/01/18).**

3.  The "*notice of motion to dismiss*" (no. 106) and "*memorandum of law*" (no. 105) both cite **Fed. R. Civ. Proc. Rule 12(b0(6).** The "*memo. of law*" (no. 106) presents page after page of materials that are wholly outside the scope of the four corners of the **Second Amendment Complaint (SAC) (Doc. No. 88).** Pursuant to the federal rules, the Defendant's papers should be construed as a Motion for Summary Judgement pursuant to Fed. R. Civ. Proc. Rule 56. *Shafir v. Continuum Health Partners, Inc.*, 57 F. Supp. 3d 325 (S.D.N.Y. 2014), cited in relevant part below:

    > "Fed.R.Civ.P. 12(d) provides that if "matters outside the pleadings are presented to and not excluded by the court" on a motion under 12(b)(6), "the motion must be treated as one for summary judgment under Rule 56."

1

Case 1:18-cv-08653-VEC-SDA   Document 112   Filed 11/25/19   Page 2 of 5

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

4.      Defendant Goodman has presented considerable irrelevant information in his papers, to include:

> (a) a rehash of Defendant's conspiracy theory that the Plaintiff is working with Robert David Steele (plaintiff in the Virginia federal lawsuit) (disproved in that lawsuit);
> (b) attempts to re-litigate the Virginia lawsuit with unfounded allegations of "cyberstalking and harassment, harassment and stalking in the real world",
> (c) several pages of Defendant attempting to exonerate himself from the Port of Charleston "dirty box hoax" incident and convert his liability onto the Plaintiff, etc.

5.      If the Court considers any of the matters brought up by the Defendant that fall outside the pertinent pleadings (**SAC, Doc. 88**) the Court must convert the **Rule 12(b)(6)** motion to a **Rule 56 Motion for Summary Judgment**. *Global Network Communications v. City of N.Y*, 458 F.3d 150 (2d Cir. 2006).

6.      It is instructive to note the wisdom stated in *Bejaoui v. City of N.Y.*, 13-CV-5667 (NGG) (RML) (E.D.N.Y. Mar. 31, 2015)

> "Thus, as a general rule, courts "do not consider matters outside the pleadings in deciding a motion to dismiss for failure to state a claim." *Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 202 (2d Cir. 2013) (citing *Global NetworkCommc'ns, Inc. v. City of N.Y.*, 458 F.3d 150, 154-55 (2d Cir. 2006)). "As indicated by the word '[must],' the conversion of a Rule 12(b)(6) motion into one for summary judgment under Rule 56 when the court considers matters outside the pleadings is strictly enforced and mandatory."

7.      This creates thorny issues for the Court as the Plaintiff doubts the authenticity of several of the documents and exhibits presented by the Defendant in his papers. See *Sher v. Luxury Mortg. Corp.*, Civil Action No. ELH-11-3656 (D. Md. Nov. 19, 2012)

> "see *Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 156-57 (2d Cir. 2006) (noting that conversion "expressly addresses and solves the major problem that arises when a court considers matters extraneous to the complaint, namely, lack of notice to the plaintiff"). But, "even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document," or regarding the document's relevance."

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

## RELIEF REQUESTED

8.  If the Court converts the Defendant's papers into a Rule 56 Motion for Summary Judgment, the Plaintiff must be afforded an appropriate opportunity to submit evidence and materials as if to a Rule 56 hearing. If this is the case, and the Court desires to consider the outside matters in the Defendant's papers, then the Plaintiff requests the following from this Court:

**THIRTY (30) DAYS to compile evidence and findings of fact to address Defendant's presentation of matters outside of the pleadings**

I hereby certify that the attached interrogatories are truthful and accurate (to the best of my knowledge) and are not submitted for the purposes of oppression of Defendant Goodman.

Signed this 19th day of November, 2019.

*D. G. SWEIGERT, C/O*
*GENERAL DELIVERY*
*ROUGH AND READY, CA 95975*
*Spoliation-notice@mailbox.org*

11-19-19

3

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

D. G. SWEIGERT, C/O
GENERAL DELIVERY
ROUGH AND READY, CA 95975
<u>Spoliation-notice@mailbox.org</u>

U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
(FOLEY SQUARE)

D George Sweigert

**Plaintiff**

v.

Jason Goodman

**Defendant**

CIVIL CASE #: 1:18-CV-08653-VEC

JUDGE VALERIE E. CAPRONI

MAGISTRATE STEWART D. AARON

## CERTIFICATE OF SERVICE

I HEREBY ATTEST that a true copy of the attached pleading has been sent to the following addressees on the 19th day of November 2019.

Jason Goodman, CEO
Multi-media Design Systems, Inc.
252 7th Avenue, Apart. #6S
New York, NY 10001

Clerk of the Court, Room 200
U.S. District Court
500 Pearl Street
New York, New York 10007-1312

_/s/ D. Sweigert_

D. GEORGE SWEIGERT

11·19·19

EXPECTED DELIVERY DAY: 11/22/19

200 PRO SE

SHIP TO:
500 PEARL ST
NEW YORK NY 10007-1316

USPS TRACKING #

9505 5067 0811 9323 1609

FROM:

From

D. G. SWEIGERT, C/O
GENERAL DELIVERY
ROUGH AND READY, CA 95975
Spoliation-notice@mailbox.org

RECEIVED
NOV 25 2019
PRO SE OFFICE

TO: PRO SE 200

Clerk of the Court, Room 200
U.S. District Court
500 Pearl Street
New York, New York 10007-1312

UNITED STATES POSTAL SERVICE®

PRIORITY MAIL®

- Date of delivery specified*
- USPS TRACKING™ included to many major international destinations.
- Limited international insurance.
- Pick up available.*
- Order supplies online.*
- When used internationally, a customs declaration label may be required.
* Domestic only

USPS p3
SDNY

To schedule free Package Pickup, scan the QR code.

EP14F Oct 2018
OD: 12 1/2 x 9 1/2

PS00001000014