UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI



**U.S. DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
(FOLEY SQUARE)**

| | |
|---|---|
| D George Sweigert <br><br> **Plaintiff** <br><br> v. <br><br> Jason Goodman <br><br> **Defendant** | **CIVIL CASE #: 1:18-CV-08653-VEC** <br><br> **JUDGE VALERIE E. CAPRONI** <br><br> **MAGISTRATE STEWART D. AARON** |

## PLAINTIFF'S REPLY TO DEFENDANT'S MOTION TO DISMISS

This REPLY is in response to the Defendant's pleading papers **(Doc. No. 105 and 106)** which

seek to dismiss this action pursuant to Fed. R. Civ. Proc. Rule 12(b)(6).

I hereby certify that the attached pleadings are truthful and accurate (to the best of my

knowledge) and are not submitted for the purposes of oppression of the Defendant.

Signed this ___ day of November, 2019.

*D. G. SWEIGERT, C/O*
*GENERAL DELIVERY*
*ROUGH AND READY, CA 95975*
*Spoliation-notice@mailbox.org*

11·22·19

1

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

# TABLE OF AUTHORITIES

## Cases

*Ampex Corp. v. Cargle*, 128 Cal. App.4th 1569, 1577 (2005). .................................................... 17

*Ascentive, LLC v. Opinion Corp.*, --- F.Supp.2d ----, 2011 WL 6181452, at *16 (E.D.N.Y. Dec. 13, 2011) ................................................................................................................................. 10

*Bejaoui v. City of N.Y.*, 13-CV-5667 (NGG) (RML) (E.D.N.Y. Mar. 31, 2015) ........................... 8

*Blue Cross & Blue Shield of N.J., Inc. v Philip Morris USA Inc.*, 3 NY3d at 206-208) .............. 13

*Bose Corp. v. Consumers Union of U.S., Inc.*, 466 U.S. 485, 511 n.30 (1984) .......................... 20

*Buckley v. Littell*, 539 F.2d 882 (2d Cir. 1976) .......................................................................... 13

*Caraveo v. Nielsen Media Research, Inc.*, 01 Civ. 9609 (LBS) (RLE) (S.D.N.Y. Jan. 22, 2003) 17

*City of New York v Smokes-Spirits.Com, Inc.*, 12 NY3d at 622-624 ........................................... 13

*City of New York v Smokes-Spirits.Com, Inc.*, 12 NY3d at 623 .................................................. 13

*Force v. Facebook, Inc.*, No. 18-397 (2d Cir. Jul. 31, 2019) ........................................................ 9

*Gabbay v. Mandel*, New York Law Journal, March 10, 2004, p. 19, col. 3 ( N.Y. Sup. 2004 ) .. 16

*Gertz v. Robert Welch, Inc.*, 418 U.S. 323 (1974 ....................................................................... 18

*Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 156-57 (2d Cir. 2006) ......... 8

*Goshen v Mutual Life Ins. Co.*, 98 N.Y.2d 314, 324 n 1 [2002] .................................................. 16

*Gunther v. Capital One*, 09-cv-2966 (ADS) (AKT) (E.D.N.Y. Apr. 8, 2010) ............................. 11

*H.J., Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989) ........................................ 17

*Klayman v. Zuckerberg*, 753 F.3d 1354, 1359 (D.C. Cir. 2014) .................................................. 10

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

*La Liberte v. Reid,* 18-cv-5398 (DLI) (VMS) (E.D.N.Y. Sep. 30, 2019)....................................... 17

*Lerman v. Flynt Distrib. Co.,* 745 F.2d 123, 138 (2d Cir. 1984).................................................. 19

*Lluberes v. Uncommon Products, LLC,* 663 F.3d 6 (1st Cir. 2011*)* at 13-14.............................. 19

*Maurizio v. Goldsmith,* 230 F.3d 518, 521 (2d Cir. 2000) ........................................................... 12

*Michelo v. Nat'l Collegiate Student Loan Tr. 2007-2,* 18 Civ. 1781 (PGG) (S.D.N.Y. Oct. 11,

2019) ........................................................................................................................................... 12

*Mount v. Pulsepoint, Inc.,* 13 Civ. 6592 (NRB) (S.D.N.Y. Aug. 17, 2016) ................................ 11

N.Y. G.B.L. §§ 349 and 350 .......................................................................................................... 16

*Nolan v. State,* 158 A.D.3d 186, 195, 69 N.Y.S.3d 277 (1st Dep't 2018) .................................... 19

*Novak v. Overture Services, Inc.,* 309 F. Supp. 2d 446 (E.D.N.Y. 2004) ..................................... 10

*Orlander v. Staples, Inc.,* 802 F.3d 289, 300 (2d Cir. 2015) ......................................................... 12

*Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank,* 85 N.Y.2d 20, 25 [1995] 16

*Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank,* 85 N.Y.2d 20, 25, 623

N.Y.S.2d 529, 647 N.E.2d 741 [1995] .................................................................................... 14

*Parris v. New York City Housing Authority,* 364 F. Supp. 3d 284 (S.D.N.Y. 2019).................... 19

*Schwartzco Enters. LLC v. TMH Mgmt., LLC,* 60 F. Supp. 3d 331, 359 (E.D.N.Y. 2014).......... 14

See *Ram v. Moritt,* 205 A.D.2d 516, 517 (2d Dep't 1994). ........................................................... 20

*Seldon v. Magedson,* 11 Civ. 6218 (PAC)(MHD) (S.D.N.Y. Jul. 9, 2012)................................. 10

*Shafir v. Continuum Health Partners, Inc.,* 57 F. Supp. 3d 325 (S.D.N.Y. 2014) ........................ 8

*Sher v. Luxury Mortg. Corp.,* Civil Action No. ELH-11-3656 (D. Md. Nov. 19, 2012)................ 8

*Small v Lorillard Tobacco Co.,* 94 N.Y.2d 43, 55 [1999] ............................................................ 16

*Steele v. Goodman,* Civil Action No. 3:17cv601 (E.D. Va. Jul. 25, 2019) ................................... 15

*Time, Inc. v. Firestone,* 424 U.S. 448 (1976)............................................................................... 18

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

*Waldbaum v. Fairchild Publ'ns, Inc.,* 627 F.2d 1287, 1296-97 (D.C. Cir. 1980) ........................ 19

**Statutes**

47 U.S.C. § 230(c)(1) ................................................................................................ 10

N.Y. G.B.L. §§ 349-350 ............................................................................................ 16

New York's General Business Law §§ 349-350 ........................................................ 10

NY GLB § 350 .......................................................................................................... 14

**Other Authorities**

Fed. R. Civ. Proc. Rule 24 ........................................................................................ 15

**Rules**

Fed. R. Civ. Proc. Rule 12(b)(6) ........................................................................... 1, 5

Rule 104 and 901 of the Federal Rules of Evidence .................................................. 9

Rule 12(b)(6) ................................................................................................... 5, 17, 19

Rule 56 ......................................................................................................................... 5

Rule 9(b) .................................................................................................................... 14

**Treatises**

Richard A. Givens, Practice Commentaries, McKinney's Cons Laws of NY, Book 19, General

Business Law § 349 at 565 [1988 ed] .................................................................... 14

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

## Organization of Document

Contents

**BACKGROUND AND PROCEDURAL HISTORY** ................................................................ 6

**UNDISPUTED FACTS** .......................................................................................................... 7

**LAW AND ARGUMENT** ....................................................................................................... 8

*DISPUTED ISSUES REGARDING EXHIBITS A THRU H* ...................................................... 8

*ATTEMPT TO RELITIGATE PORT OF CHARLESTON INCIDENT* ...................................... 9

*DEFENDANT'S MISPLACED RELIANCE ON COMMUNICATIONS DECENCY ACT* ........ 10

*PLAINTIFF'S HARM AND INJURY PER N.Y. GENERAL BUSINESS LAW* .......................... 11

*NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS* .................... 17

*DEFAMATION AND DEFAMATION PER SE* ...................................................................... 20

**SUMMARY** ........................................................................................................................ 21

**ATTESTATION** .................................................................................................................. 22

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

## BACKGROUND AND PROCEDURAL HISTORY

1.      The Defendant submitted three (3) different requests to have the provisions of the

ORDER of 10/24/2019 (**ECF Doc. No. 97**) by Magistrate Judge Stewart D. Aaron amended to

extend the Defendant's response to the Plaintiff's Second Amended Complaint (**[SAC], Doc. No.**

**88).**  The Court allowed for an extension, and on November 18, 2019 the Defendant filed his

papers (ECF Doc. No. 105 and 106) which invoked **Fed. R. Civ. Proc. Rule 12(b)(6).**

2.      As a preliminary matter, the Defendant was informed at a pre-trial conference verbally by

the Magistrate Judge Aaron that a motion to dismiss would likely be a waste of time and that his

Honor remained "skeptical" of the success of such a motion.

3.      On November 19, 2019 the Plaintiff sent an e-mail message to the Defendant's email and

Magistrate's chambers e-mail address and simultaneously placed in the U.S. Mail (with Priority

Mail postage) the Plaintiff's letter motion seeking clarification as to the Court's proposed

treatment of the Defendant's papers (doc. no. 105 and 106).  The letter motion entitled,

"PLAINTIFF'S LETTER MOTION FOR CLARIFICATION AS TO HOW THE COURT WILL

PROCEED WITH DEFENDANT'S PAPERS (ECF DOCS. NO. 105 & 106)", requested

guidance from the Court regarding a Court conversion of the Defendant's **Rule 12(b)(6)** motion

(105 and 106) into a **Rule 56** Motion for Summary Judgment based on the introduction of out-of-

scope exhibits submitted by the Defendant that exceeds the four corners of the **SAC (Doc. no.**

**88)**.  That letter motion is hereby incorporated within this pleading as if fully restated.

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

## UNDISPUTED FACTS

4.      The Defendant attached **Exhibits A thru H to ECF Doc. No. 105** as follows:

- Attached as **Exhibit A (Exh. A)** is an electronic message sent from **Robert David Steele** to **Jason Goodman** and **George Webb** on June 15, 2017 cancelling a Skype interview following the **Port of Charleston (S.C.) "dirty bomb hoax".**
- Attached as **Exh. B** is one page of a motion submitted to the U.S. District Court in the Robert David Steele lawsuit in the Eastern District of Virginia (**Steele v. Goodman, 17-CV-00601-MHL**).
- Attached as **Exh. C** are 27 pages of the presiding judge's order in the unsuccessful intervention by the Plaintiff in the **Virginia case.**
- Attached as **Exh. D** is a two-page letter to the Captain of The Port concerning the subject of "**Closure of the Port of Charleston, June 14th, 2017**".
- Attached as **Exh. E** are 18 pages of time stamps that is purported to be an unauthenticated copy of gibberish concerning a "Skype" call that took place sometime in December 2017.
- Attached as **Exh. F** is a letter to David Charles Hawkins from his school tutor, dated 1964. A very poor copy of a document from the supposed Queens College that granted a degree to Hawkins for BACHELOR OF ARTS.
- Attached as **Exh. G** is what appears to be a self-incriminating letter Defendant sent to the REDBUBBLE merchandising site. Defendant complains that artwork for the "Deep State Dunces" and "Iran Contra Crazies" should not have been removed by REDBUBBLE in a follow-up letter of 11/28/2018.
- Attached as **Exh. H** is a screen shot of a non-existent channel on YouTube.com.

5.      In his papers Defendant complains of some conspiracy to interfere with his business, and personal life, etc. Once again, this "conspiracy" – which has nothing to do with the Plaintiff -- was narrowed down to the paid political operative known as **Manuel Chavez, III of Carson City, Nevada.** This conspiracy of "filing simultaneous lawsuits" was openly admitted involving Mr. Chavez and the plaintiff's attorney (Steven Scott Biss) in the Virginia federal lawsuit who had authored a draft complaint on behalf of Chavez for filing in the courts of the

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

State of Arizona in October 2017 – to coincide with the federal lawsuit in Virginia (CASE #: 3:17-cv-00601-MHL). It has been demonstrated over and over that the Plaintiff had no relationship with Mr. Chavez, the plaintiff (Robert David Steele) or the plaintiff's lawyer Steven Scott Biss, 300 West Main St, Ste 102, Charlottesville, VA 22903, 804-501-8272, Fax: 202-318-4098, Email: stevenbiss@earthlink.net), or the spouse of Mr. Biss (Tanya Biss aka Tanya Cornwell) or the purported brother-in-law of Mr. Biss (Tyrone Simpson aka "Frank Bacon"). The Defendant knows this; but, nonetheless as proffered these worn out theories and beliefs upon this Court.

6.      The Defendant was recorded discussing litigation strategy with Mr. Chavez as described in **para.s 20 to 23** in the attached **Exhibit ONE.** Mr. Chavez – according to the Defendant – was the key ring leader of this conspiracy operating with the spouse of **Mr. Biss, Tanya Biss**, Tyrone Simpson and Robert David Steele. This is all dirty laundry that belongs to the federal court in Virginia -- which was not persuaded by any of these assertions by the Defendant -- and not in the S.D.N.Y.

## LAW AND ARGUMENT

*DISPUTED ISSUES REGARDING EXHIBITS A THRU H*

7.      The Plaintiff questions the relevancy and authenticity of Defendant's **Exhibits B, C, D, E, F and H.** For the most part Defendant attempts to relitigate issues associated with his other slander, libel and defamation lawsuit in the U.S. District Court for the Eastern District of Virginia - (Richmond), CASE #: 3:17-cv-00601-MHL, *Steele et al v. Goodman et al.* Two podcast sidekicks of the Defendant are named as defendants in that lawsuit: Patricia "Trish" Negron of Boston, Massachusetts and Susan B. Holmes (aka Queen Tut) of Fort Collins,

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

Colorado. The three are accused of running a months long smear campaign against the plaintiff
(Steele).

8.      This speaks loudly to issues raised outside-the-scope of the four corners of the complaint,

which may require the Court's conversion of the Defendant's papers into a motion pursuant to

**Fed. R. Civ. Proc. Rule 56.** *Shafir v. Continuum Health Partners, Inc.*, 57 F. Supp. 3d 325

(S.D.N.Y. 2014), *Bejaoui v. City of N.Y.*, 13-CV-5667 (NGG) (RML) (E.D.N.Y. Mar. 31, 2015),

*Sher v. Luxury Mortg. Corp.*, Civil Action No. ELH-11-3656 (D. Md. Nov. 19, 2012) and *Global*

*Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 156-57 (2d Cir. 2006).

*ATTEMPT TO RELITIGATE PORT OF CHARLESTON INCIDENT*

9.      The Defendant spends considerable time in his papers (105) attempting to exonerate

himself from the Port of Charleston (S.C.) "dirty bomb hoax" of June 14th, 2017.  The

Defendant's culpability in the Port of Charleston affair is NOT an issue in this instant case – the

Defendant's misconduct between January and June 2019 should be of primary concern to this

Court (especially as this misconduct occurred while this instant lawsuit was in a general stay of

proceedings – See ORDER, Doc. No. 65).

1.      The undisputed source of the Port of Charleston "dirty bomb hoax" was a man named

Oakey Marshall Richards.  Following the June 14th 2017 "dirty bomb hoax", and with

knowledge that Mr. Richards was the source of the information, the Defendant produced

approximately thirty (30) Crowdsourced The Truth shows featuring Mr. Richards with the new

podcast name "Rock Hudson" of the "Hudson Intelligence Report".  This information is

contained in **Exhibit TWO, para. 4 to 5,** attached to this pleading.

2.      The same is true with Defendant's **Exhibit E** which raises issues already addressed in the

Virginia court via **Exhibit THREE (attached).**  Defendant's **Exh. E** is a non-authenticated

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

output of some type of software that parsed a purported conversation that took place on-line some time in "December 2017". The Defendant was warned in the Virginia litigation that this document's authenticity is disputed. The Defendant has received several months adequate notice of the need to cure the authenticity problem with **Exh. E** – he has not. Specifically, the Defendant was advised by communications contained in **Exhibit Two** that the Skype transcript did not rise to the level of **Rule 104 and 901 of the Federal Rules of Evidence (F.R.E.).  See para. 8 to 14, Exh. Two.**

*DEFENDANT'S MISPLACED RELIANCE ON COMMUNICATIONS DECENCY ACT*

3.      The Defendant's reliance on Section 230(c)(1) of the Communications Decency Act (Title 47) is entirely misplaced ("[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1)).  By his own words the Defendant claims:

> "Our video programs are frequently accompanied by political photo-cartoons and comedic photo collages which include depictions of the political figures, newsmakers, celebrities and individuals we discuss on the show.  Our contributors include journalists, legal experts, criminal investigators, authors, commentators, political figures, celebrities and members of the general public." **(See Exh. G, doc. no. 105, pg. 91).**
> and
> "Defendant offers a for-pay video subscription service that gives viewers access to news, information and entertainment video programming in exchange for a monthly fee."
> **(Doc. no. 105, pg. 15)**

4.      Both of the Defendant's above statements indicate a direct involvement in the creation of podcast video contact provided to the general public for a consumer expense (payment).  By the standards developed by the Second Circuit the Defendant and his Crowdsource The Truth social media footprint are "publishers" of content and not "an interactive computer service".  See *Force v. Facebook, Inc.*, No. 18-397 (2d Cir. Jul. 31, 2019) quoted in relevant part below:

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

"Certain important terms are left undefined by Section 230(c)(1), including "publisher."
47 U.S.C. § 230(c)(1). This Circuit and others have generally looked to that term's
ordinary meaning: "one that makes public," *Klayman v. Zuckerberg*, 753 F.3d 1354, 1359
(D.C. Cir. 2014) (citing Webster's Third New International Dictionary 1837 (1981)); "the
reproducer of a work intended for public consumption," LeadClick, 838 F.3d at 175
(citing Barnes v. Yahoo!, Inc., 570 F.3d 1096, 1102 (9th Cir. 2009) (quoting Webster's
Third New International Dictionary 1837 (Philip Babcock Gove ed., 1986)))"

5.    It is instructive to note the wisdom in *Seldon v. Magedson*, 11 Civ. 6218 (PAC)(MHD)

(S.D.N.Y. Jul. 9, 2012), quoted in relevant part:

"This grant of immunity applies only if the interactive computer service provider is not
also an "information content provider" -- a person or entity who is "responsible, in whole
or in part, for the creation or development of" the complained-of content. 47 U.S.C. §
230(f)(3); see also *Ascentive, LLC v. Opinion Corp.*, --- F.Supp.2d ----, 2011 WL
6181452, at *16 (E.D.N.Y. Dec. 13, 2011). "

6.    The proposition that the Defendant is really an "information content provider" and/or

"publisher" under CDA Section 230 is amplified in *Novak v. Overture Services, Inc.*, 309 F.

Supp. 2d 446 (E.D.N.Y. 2004), quoted in relevant part below:

Section 230(c)(1) states that "[n]o provider or user of an interactive computer service
shall be treated as the publisher or speaker of any information provided by another
information content provider." 47 U.S.C. § 230(c)(1). Under Section 230(c), an
"interactive computer service" qualifies for immunity so long as it does not also function
as an "information content provider" for the portion of the statement or publication at
issue. See Carafano v. Metrosplash.Com. Inc., 339 F.3d 1119, 1123 (9th Cir. 2003). No
interpretation of the complaint, even when applying the generous interpretations
appropriate in connection with Plaintiff's pro se status, could suggest that Google was the
"information content provider" for the relevant statements.

*PLAINTIFF'S HARM AND INJURY PER N.Y. GENERAL BUSINESS LAW*

7.    In sum, the Defendant seeks dismissal of **COUNT I of the SAC (Doc. no. 88)** as **SAC**

**COUNT I** relies on New York's General Business Law §§ 349-350 (herein NY GLB §§ 349-

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

350). "Plaintiff is not a consumer in New York State and not a customer of Defendant, so

Plaintiff does not have standing." (**Doc. no. 105, pg.s 14 – 15**).  Again, the Defendant is

mistaken.

8.      As a preliminary matter residency or location of transaction is not an issue here.  As

stated in *Gunther v. Capital One*, 09-cv-2966 (ADS) (AKT) (E.D.N.Y. Apr. 8, 2010); quoted in

relevant part:

> Section 349(a) declares unlawful: "[d]eceptive acts or practices in the conduct of any
> business, trade or commerce or in the furnishing of any service in this state. . . ."
> Interpreting Section 349, the Court of Appeals of New York State has held that a non-
> New York resident may assert a claim under Section 349, but that to state a claim under
> this section "the transaction in which the consumer is deceived must occur in New York."
> Goshen v. Mutual Life Ins. Co. of New York, 98 N.Y.2d 314, 324, 774 N.E.2d 1190, 746
> N.Y.S.2d 858 (2002).

9.      For the record, the **Plaintiff DID** purchase a subscription to the CrowdSource The Truth

PATREON paid subscriber service (in approximately July 2017).  The Plaintiff held this

subscription until the Defendant spotted the Plaintiff's name in the subscriber list and deleted the

Plaintiff's access a few weeks after the subscription was purchased.  The Defendant announced

these actions in a podcast video distributed over the CrowdSource The Truth social media

footprint.

10.     Non-pecuniary injuries have been held to create injuries that violate the GLB § 349 injury

requirement as noted in *Mount v. Pulsepoint, Inc.*, 13 Civ. 6592 (NRB) (S.D.N.Y. Aug. 17,

2016); quoted in relevant part:

> "Turning to the GBL § 349 injury requirement, the Court held that plaintiff's allegations
> of anxiety, distress, and pre-litigation attorney's fees were sufficient. In addition, it
> "[could ]not be doubted that a privacy invasion claim . . . may be stated under GBL § 349
> based on non-pecuniary injury, such as deprivation of the right to maintain the privacy of
> medical records." Id. (citing CVS, 188 Misc. 2d 616, 728 N.Y.S.2d 333)."

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

11.    Non-pecuniary emotional injuries have been held to meet the as stated in *Michelo v. Nat'l*

*Collegiate Student Loan Tr. 2007-2*, 18 Civ. 1781 (PGG) (S.D.N.Y. Oct. 11, 2019); quoted in

relevant part:

> As an initial matter, the Court acknowledges that "[e]motional harm . . . satisf[ies] the
> injury requirement for a claim under . . . GBL § 349." Guzman, 2018 WL 1665252, at
> *12 (internal quotation marks and citation omitted). "Courts have repeatedly held that
> fear and other emotional strain stemming from consumer fraud is sufficient to establish
> injury under § 349." (Michelo Opp. Br. (Dkt. No. 82) at 45) See, e.g., Wood v. Capital
> One Servs., LLC, 718 F. Supp. 2d 286, 292 (N.D.N.Y. 2010) ("Plaintiff claims that, by
> virtue of the misleading Letter, he suffered humiliation, anger, anxiety, emotion[al]
> distress, fear, frustration, and embarrassment. . . . By alleging specific non-pecuniary
> harms resulting from the purportedly misleading practice of transmitting the Letter,
> Plaintiff has gone beyond making the conclusory allegation that Movants caused actual
> damages and injury." (internal quotation marks and citations omitted)); Rozier v. Fin.
> Recovery Sys., Inc., No. 10-CV-3273 DLI JO, 2011 WL 2295116, at *5 (E.D.N.Y. June
> 7, 2011) ("Plaintiff alleges that he has 'suffered and continue[s] to suffer actual damages .
> . . including damages associated with . . . humiliation, anger, anxiety, emotional distress,
> fear, frustration and embarrassment.

12.    To assert a claim under either section (NY GLB §§ 349-350), "a plaintiff must allege that

a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and

that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice." *Orlander v.*

*Staples, Inc.,* 802 F.3d 289, 300 (2d Cir. 2015) (citing *Koch v. Acker, Merrall & Condit Co.*, 18

N.Y.3d 940 (2012)); see *Maurizio v. Goldsmith*, 230 F.3d 518, 521 (2d Cir. 2000) (citing the

elements for a prima facie case under section 349).

13.    At issue are the following paragraphs of the SAC:

**Para. 34:**  These activities <u>damaged</u> the undersigned's business, trade and profession.

**Para. 43:**  By relying on monikers such as "Cambridge educated forensic economist",
Hawkins <u>deceives the public</u> that he has attained a professional designation that is related
to the presentation of evidence within a framework of rules relied upon by the courts.
The use of this fake title is leveraged <u>to sway consumers to believe Hawkins and his</u>
<u>conclusions.</u>

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

**Para. 52:** For over 18 months, Def Goodman has engaged (and continues to engage) in deceptive business practices as part of his ruthless quest to harass, threaten, defame and embarrass the Plaintiff, serving two purposes: (1) obtain monies from consumers and the public, (2) destroy the public reputation of the undersigned.

**Para. 60:** This is a direct attack on the profession, trade and business of the undersigned.

**Para. 63:** Defendant Goodman and his agents, employees, CSTT role players, and proxies have disrupted every aspect of Plaintiff's life, causing extreme mental anguish and unfathomable emotional distress. Further, Goodman's conduct (and that of his agents) has interrupted the Plaintiff's professional life and decimated the Plaintiff's professional reputation. [emphasis added]

14.     To refresh the Court's memory, the slanderous statements concerning the Plaintiff's credentials, professional ethics, associations with criminals, negligent behavior that resulted in the death of a Naval officer at the pentagon on September 11, 2001 are statements that are not susceptible to widely different interpretations. *Buckley v. Littell*, 539 F.2d 882 (2d Cir. 1976).

15.     Accordingly, when analyzing the issue of whether a plaintiff has standing to commence a private action pursuant to section **349 (h),** the Court of Appeals has confined its analysis to determining the **nature of the alleged injury and whether it is sufficiently connected to the asserted unlawful conduct** (*see City of New York v Smokes-Spirits.Com, Inc.,* 12 NY3d at 622-624; *Blue Cross & Blue Shield of N.J., Inc. v Philip Morris USA Inc.,* 3 NY3d at 206-208).

16.     In this regard, the Court has stated that plaintiffs "must **... plead that they have suffered actual injury** caused by a materially misleading or deceptive act or practice" (*City of New York v Smokes-Spirits.Com, Inc.,* 12 NY3d at 623). **Causation is adequately pled** where a plaintiff alleges that the defendant's material deception caused the plaintiff to suffer damages (see Plaintiff's allegations above).

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

17.     A prima facie case [under § 349] requires * * * a showing that defendant is engaging in

an act or practice that is deceptive or misleading in a material way and that plaintiff has been

injured by reason thereof" (*Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*,

85 N.Y.2d 20, 25, 623 N.Y.S.2d 529, 647 N.E.2d 741 [1995]   "[B]ecause § 349 extends well

beyond common-law fraud to cover a broad range of deceptive practices" and "does not require

proof of the same essential elements (such as reliance) as common-law fraud, **an action under §**

**349 is not subject to the pleading-with-particularity requirements of Rule 9(b), . . . ."**

*Schwartzco Enters. LLC v. TMH Mgmt., LLC*, 60 F. Supp. 3d 331, 359 (E.D.N.Y. 2014) (quoting

*Pelman ex rel. Pelman v. McDonald's Corp.*, 396 F.3d 508, 511 (2d Cir. 2005)); see also

*Leonard v. Abbott Labs., Inc.,* No. 10-CV-4676, 2012 WL 764199, at *19 (E.D.N.Y. Mar. 5,

2012). "There is no requirement that the plaintiff **show specific dollar injury**, or to obtain

injunctive relief that there even be pecuniary injury at all" and "the Legislature determined . . .

that consumer deceptions of this sort inherently hurt the public—including both consumers

themselves and legitimate business", Richard A. Givens, Practice Commentaries, McKinney's

Cons Laws of NY, Book 19, General Business Law § 349 at 565 [1988 ed] [emphasis added]

18.     Regarding NY GLB § 350,  "[f]alse advertising in the conduct of any business, trade or

commerce or in the furnishing of any service in this state".  Advertising is "false" if it "is

misleading in a material respect" (General Business Law § 350-a [1]).  As stated on hundreds of

occasions by Def Goodman, the YouTube broadcasts of CrowdSource The Truth are merely an

**advertisement and/or commercial solicitation** to entice people to follow the broadcast

conversation and content behind a "pay-wall" (the "**free**" component of CrowdSorce The Truth

podcasts).  During "**free**" podcasts consumers are misled with deceptive statements and then

invited, directed, and enticed to continue the "entertainment" on PATREON.com (the "**paid**"

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

component of broadcasts). The PATREON pay-wall requires a "**paid**" subscription, and it is here where Goodman offers up the meaty dirt and gossip on his targets (the undersigned is blocked from viewing this content).

19.    Recall the Defendant's own words:

> "Defendant offers a for-pay video subscription service that gives viewers access to news, information and entertainment video programming in exchange for a monthly fee." **(Doc. no. 105, pg. 15)**

20.    The Plaintiff has a property interest in the maintenance of his professional Information Technology (I.T.) security credentials to support projects related to the U.S. Department of Homeland Security. These credentials, such as "**Certified Ethical Hacker**", require on-going professional education and adherence to various codes of ethics. The ethical conduct of the Plaintiff was directly assailed in a months long CrowdSource The Truth advertising campaign to attract new users to the Patreon ("paid") service. This campaign began while this Court had the matter of the ORDER TO SHOW CAUSE (ECF Doc. No. 65) under advisement (January to June 2019).

21.    The repeated use of the Google search tag lines "sweigert ethical hacker" in the titles and descriptions of the Defendant's podcasts were designed to maximize the use of Google search engine optimization (SEO) techniques. To restrain the impact of these repeated podcast attacks (relying on the use of words "sweigert ethical hacker" in podcast titles/descriptions) and their subsequent display in Google searches, the Plaintiff attempted to intervene pursuant to Fed. R. Civ. Proc. Rule 24 in the slander, defamation and libel lawsuit against the Defendant (*Steele v. Goodman*, Civil Action No. 3:17cv601 (E.D. Va. Jul. 25, 2019)) while this Court considered the ORDER TO SHOW CAUSE matter (ECF Doc. 65).

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

22.      Besides the emotional angst, fear, anxiety and intimidation, Plaintiff suffered significant

costs in postage, mileage, PACER court docket access fees, printing and loss of dozens of hours

of productive time due to Plaintiff's attempts to mitigate the weekly damage that focused on the

Plaintiff's alleged unethical behavior, destruction of evidence, failure to report computer network

vulnerabilities, etc. (two one-hour podcasts a week).  These costs in time and money represent an

injury to Plaintiff's property interest in trade, business and reputation -- caused as a direct

proximate cause by the Defendant's deceptive advertisement campaign.

23.      A well pled N.Y. G.B.L. §§ 349-350 complaint need not particularize the deceptive

practice but should, at a minimum, allege " that ( defendants ) engaged in consumer-related

activity that effected consumers at large, utilized tactics that were deceptive and misleading in

material respects, disseminated advertising through various mediums, that was false in material

respects, and injury resulting from ( defendants' ) business practices and advertising" ) *Gabbay

v. Mandel,* New York Law Journal, March 10, 2004, p. 19, col. 3 ( N.Y. Sup. 2004 ).  The

Plaintiff has met this burden.

24.      Claims under N.Y. G.B.L. §§ 349 and 350 are available to "an individual consumer who

falls victim to misrepresentations made by a seller of consumer goods through false or

misleading advertising" (*Small v Lorillard Tobacco Co.*, 94 N.Y.2d 43, 55 [1999]; see also

*Goshen v Mutual Life Ins. Co.,* 98 N.Y.2d 314, 324 n 1 [2002]). To state such a claim, a plaintiff

must allege that the defendant has engaged "`in an act or practice that is deceptive or misleading

in a material way and that plaintiff has been injured by reason thereof'" (id. at 324, quoting

*Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 N.Y.2d 20, 25 [1995])

*NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS*

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

25.    Defendant claims "Plaintiff has combined two separate causes of action, each with

different elements, within a single claim.  This is not cognizable in fact or law."  (Doc. no. 105,

pg. 18).  Essentially the Defendant is relying on the header in the complaint to assume there is a

combination of legal torts.  This theory fails.

26.    As determined in *Caraveo v. Nielsen Media Research, Inc.*, 01 Civ. 9609 (LBS) (RLE)

(S.D.N.Y. Jan. 22, 2003) the Court needs to make all possible inferences on the non-moving

party's behalf in the case of a Rule 12(b)(6) motion to dismiss; quoting in relevant part:

> "A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure should
> be granted only if it appears beyond doubt that "'no relief could be granted under any set
> of facts that could be proved consistent with the allegations.'" *H.J., Inc. v. Northwestern
> Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989) ( citing Hisbon v. King Spalding, 467 U.S. 69,
> 73 (1984)). In reviewing a Rule 12(b)(6) motion, this Court must accept the factual
> allegations of the complaint as true and must draw all reasonable inferences in favor of
> the plaintiff. Hishon, 467 U.S. at 73."

*LIMITED PURPOSE PUBLIC FIGURE*

27.    The Defendant prematurely raises the issue of whether the Plaintiff is a "limited purpose

public figure". (Doc. no. 105, pg. 19).  Setting aside the fact that the Plaintiff alleged actual

malice, this classification ("limited purpose public figure") has yet to be determined by this

Court and is broached in a conclusionary manner in doc. no. 105.  Meanwhile, the Plaintiff has

demonstrated the actual malice of the Defendant in the SAC (88) with convincing clarity.

*Foretich v. Capital Cities/ABC, Inc.*, 37 F.3d 1541 (4th Cir. 1994).

28.    The Defendant would be well advised to examine *La Liberte v. Reid*, 18-cv-5398 (DLI)

(VMS) (E.D.N.Y. Sep. 30, 2019); quoted in relevant part:

> "The limited purpose public figure is an individual who voluntarily injects him or herself
> or is drawn into a specific public controversy, thereby becoming a public figure on a
> limited range of issues." *Ampex Corp. v. Cargle*, 128 Cal. App.4th 1569, 1577 (2005). To
> determine whether an individual is a limited purpose public figure, the Court must apply

a three-pronged test: (1) there must be a public controversy, which means the issue was debated publicly and had foreseeable and substantial ramifications for nonparticipants; (2) the plaintiff must have undertaken some voluntary act through which she sought to influence resolution of the public issue, and, in this regard, it is enough that the plaintiff seeks to thrust herself into the public eye; and (3) the alleged defamation must be germane to the plaintiff's participation in the controversy."

29.     The Defendant does not provide any information as to what the "public controversy" is exactly.  The term "limited purpose public figure" is a litigation term and is applied by the Court after a reasonable inquiry.  One could possibly assume that the Defendant believes the publication of the Plaintiff's book addressing the Port of Charleston (S.C.) "dirty bomb hoax" is "thrusting himself" into a matter of public debate.  Or, was it the fact that the Plaintiff created a study aid for students attempting their Certified Ethical Hacker credential – the act of writing a book is considered by the Defendant to be thrusting activity in some type of public debate.  The Defendant believes that the Plaintiff, while acting as a licensed Emergency Medical Technician (EMT) and providing earthquake preparation information on a social media podcast in 2012 using the name "Dave Acton", creates "limited purpose public figure" status – it does not. Whether the Plaintiff is a "limited purpose public figure" is a factual uncertainty at this stage of litigation.

30.     In this Circuit the standards of *Gertz v. Robert Welch, Inc.*, 418 U.S. 323 (1974) are applied to make such a determination – which is irrelevant to a motion to dismiss pursuant to Rule 12(b)(6).  The publication of technical manuals (to include the report on the Port of Charleston affair) and an EMT public service message in 2012 is not the sort of 'public controversy' referred to in *Getz*. *Time, Inc. v. Firestone*, 424 U.S. 448 (1976).

31.     To determine whether a defamation plaintiff is a "limited purpose public figure" a court typically considers (1) whether one or more public controversies existed at the time of the

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

alleged defamation, (2) whether the plaintiff played an important role in such a controversy, and

(3) whether the publication or broadcast at issue was germane to the plaintiff's role in the

controversy. *Trotter v. Jack Anderson Enters., Inc.*, 818 F.2d 431, 433-34 (5th Cir. 1987). For

purposes of this analysis, a "public controversy" includes "any topic upon which sizeable

segments of society have different, strongly held views," *Lerman v. Flynt Distrib. Co.,* 745 F.2d

123, 138 (2d Cir. 1984), or a dispute that a reasonable person would expect to affect people

beyond its immediate participants, *Waldbaum v. Fairchild Publ'ns, Inc.,* 627 F.2d 1287, 1296-97

(D.C. Cir. 1980); *Lluberes v. Uncommon Products, LLC,* 663 F.3d 6 (1st Cir. 2011*)* at 13-14.

32.      The Defendant is presumably asking this Court to determine that hours long

CrowdSource The Truth video podcasts about how George H. Sweigert (Plaintiff's father) and

his invention of the cordless telephone (Patent granted June 14, 1969) was somehow tied to the

murder of Jon-Benet Ramsey in Boulder, Colorado on Christmas Day 1996. The Court must

assume that this is a "public controversy" to satisfy the Defendant's Rule 12(b)(6) motion.

*DEFAMATION AND DEFAMATION PER SE*

33.      The Defendant re-alleges that the header in a complaint can be a determination factor in a

Rule 12(b)(6) analysis for a *pro se* litigant. It doesn't.

34.      A complaint asserting a claim for defamation "must allege the time, place and manner of

the false statement and specify to whom it was made." *Dillon v. City of New York*, 261 A.D.2d

34, 38, 704 N.Y.S.2d 1 (1st Dep't 1999). A claim for defamation per se exists when the

allegedly defamatory statement "tend[s] to injure the plaintiff in her trade, business or

profession." *Nolan v. State,* 158 A.D.3d 186, 195, 69 N.Y.S.3d 277 (1st Dep't 2018). *Parris v.*

*New York City Housing Authority*, 364 F. Supp. 3d 284 (S.D.N.Y. 2019). This was

accomplished in the **SAC (88)**.

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

35.     The Defendant argues that the Plaintiff has also failed to plead defamation per se.

"[W]ords which affect a person in his or her profession by imputing to him or her any kind of

fraud, dishonesty, misconduct, incapacity, unfitness, or want of any necessary qualification in the

exercise of one's profession" can constitute defamation per se.  See *Ram v. Moritt,* 205 A.D.2d

516, 517 (2d Dep't 1994).

36.     The Plaintiff has sufficiently alleged defamation per se because the accusation that he

allowed breaches of professional ethics, may have been negligent in his duties, and may have

allowed hackers to compromise a police computer system injured Plaintiff's economic interests,

trade and profession.

37.     Compl. ¶ 37. The court agrees that the statement that the plaintiff performed a fraudulent

transaction would impugn her reputation for honesty and integrity as a store clerk and manager

and constitutes defamation per se.

## SUMMARY

38.     The Defendant must do more in his Rule 12(b)(6) papers than merely recite conclusory

statements and allegations.  The Plaintiff has alleged plausible and actual malice on the part of

the Defendant in the SAC (88).  The Plaintiff has alleged that the Defendant made false

statements about the Plaintiff with knowledge that these statements were false.  It is provable

only by evidence that the defendant "realized that his statement was false or that he subjectively

entertained serious doubt as to the truth of his statement." *Bose Corp. v. Consumers Union of*

*U.S., Inc.*, 466 U.S. 485, 511 n.30  (1984).

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

## ATTESTATION

I hereby certify that the foregoing pleading is truthful and accurate (to the best of my knowledge)

and are not submitted for the purposes of causing oppression of the Defendant Goodman.

Signed this 22 day of November, 2019.

**D. G. SWEIGERT, C/O**
**GENERAL DELIVERY**
**ROUGH AND READY, CA 95975**
**Spoliation-notice@mailbox.org**

11·22·19

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

# EXHIBITS

## ATTESTATION

The attached exhibits are true and accurate representations of the original source documents.

I hereby certify that the foregoing pleading is truthful and accurate (to the best of my knowledge) and are not submitted for the purposes of causing oppression of the Defendant Goodman.

Signed this ____ day of November, 2019.

11·22·19

*D. G. SWEIGERT, C/O*
*GENERAL DELIVERY*
*ROUGH AND READY, CA 95975*
*Spoliation-notice@mailbox.org*

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

# EXHIBIT ONE

**UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**
**MATTER:  STEELE v. GOODMAN, 17-CV-00601-MHL**

*D.G. Sweigert, c/o*
*P.O. Box 152*
*Mesa, AZ 85211*
*Spoliation-notice@mailbox.org*

July 11, 2019

Jason Goodman, CEO
Multimedia Systems Design, Inc.
252 7th Avenue
Suite 6-S
New York, NY 10001

Clerk of the Court, Room 3000
U.S. District Court
701 E. Broad St.
Richmond, VA 23219

MATTER:           **STEELE v. GOODMAN, 17-CV-00601-MHL**

                  **District Judge M. Hannah Lauck**

SUBJECT:          **PART ONE:  ATTEMPTED FRAUD ON THE COURT BY**
                  **DEFENDANT GOODMAN VIA ECF DOC. NO. 139**

REF: (a)          MANUAL CHAVEZ, III (DOB 03/21/1986), AZ DL DO1566834

Good Morning:


1.     This letter addresses the false misrepresentations that you continue to present to this

honorable Court based on insufficient tainted evidence that has been created with the cooperation

of your CrowdSource The Truth (CSTT) side kick, see ref: (a), known as "DEFANGO"

RECEIVED
JUL 1 5 2019
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

1

UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION
MATTER: STEELE v. GOODMAN, 17-CV-00601-MHL

2.    Your attention is kindly directed to <u>ECF Doc. No. 139, para. 20</u>, shown below.

24     Key themes propagated by various members of the ...

25     20. As previously submitted in these proceedings, (ECF No. 78 EXHIBIT I) Intervenor

26     Application D. George Sweigert, telephone Manuel Chavez III, making substantially the

27     same claim, falsely stating that Defendant Goodman was paid by Black Cube

28

DEFENDANT'S AMENDED RESPONSE TO PLAINTIFF'S MOTION FOR RULE 11 SANCTIONS - 11

Case 3:17-cv-00601-MHL   Document 139   Filed 07/08/19   Page 12 of 119 PageID# 2376

1     (http://www.blackcube.com) a private intelligence firm in the UK comprised of former

2     Mossad agents and operatives, according to their own public website.

3     21. On or around June 2019, Manuel Chavez III voluntarily shared some of his personal

3.    Please take note of the following litigation in which ref: (a) (DEFANGO) is a witness:

U.S. District Court
for the District of Columbia
RICH v. BUTOWSKY et al
CASE #: 1:18-cv-00681-RJL
Judge Richard J. Leon

2

UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION
MATTER: STEELE v. GOODMAN, 17-CV-00601-MHL

4.     In recent YouTube video productions distributed by ref: (a) (DEFANGO) it has been clearly stated by ref: (a) that he was a member of a group of "reputation protection" operatives allegedly directed by Matt Couch (defendant in the above cited action). Ref: (a) has distributed in a widely pervasive manner, electronic messages from Matt Couch to support his testimony in the above cited litigation. Ref: (a) has also been vocal about evidence that he has furnished to you as well.  See below:



subpoena compliance - Aaron Rich Lawsuit - defango tv 6/22/2019
Defango TV
Streamed 1 week ago • 1,632 views
Well it's time do Comply with this Aaron Rich Lawsuit Subpoena. I think a few people are going to really dislike this stream but it's ...

Streamed live on Jun 22, 2019
Well it's time do Comply with this Aaron Rich Lawsuit Subpoena. I think a few people are going to really dislike this stream but it's for Court Records and whatnot. So we are getting everything on the table and building the files to FTP to the Lawyer. Any striking or anything is going to be interfering with a federal case.

Internet URL:  https://www.youtube.com/watch?v=pB7NjF1ApZg&t=7427s

3

**UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION
MATTER: STEELE v. GOODMAN, 17-CV-00601-MHL**



# Matt Couch ◆ sent you a Direct Message.

You didn't get this from me, from a Source   Jason Goodman is on the payroll of a man named Arnan Milchan  Arnan has Jason doing work partly out of blackmail  Jason was at parties with a producer named Brian Singer  and there were underaged boys and girls  Jason was being paid $2,786 a week and its now up to $3500 a week  Laura Loomer is making $7000 a week from Milchan  Black Cube feed them info  Jason found out that Milchan is paying

UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION
MATTER: STEELE v. GOODMAN, 17-CV-00601-MHL

do not tell anyone how you got this
info. Goodman's job is to deflect
attention from Rahm Emanuel,
Chuck Schumer and DWS. Rahm
secretly paid Pakistani prosecutors 3
million in hush money in March 2009
to make a ton of fraud charges go
away. The money came from Israel.
The Awan's have been spying for
Israel since 2007-2008 with Schumer
as the king pin. Now Milchan works
with a guy named Avi Hersh. I know
you and T and others know some of
this stuff, but now you know the full
story. Also, Alan Dershowitz has over
7 hours of Orgy Island vid hidden and
his vid file is called Insurance, the
same name as Schumer's boy
Anthony Wiener. Please keep my
name out of this. I focus on Vegas
and **Seth** But this is blow away stuff
Goodman will freak when you expose
this. It comes directly from a CIA guy
on our team

5.      The enlarged video screen-shot from the above video content demonstrates that the
source of the "Black Cube rumor" was apparently Matt Couch – and NOT the undersigned as
you continuously report. As discussed in the previous letter on this subject, dated June 30th,
2019, you have implicated the undersigned as the source of the "Black Cube" rumor. To refresh
your memory the rumor states that you and Laura Loomer were being paid by a Black Cube
operative, stated by ref: (a) (DEFANGO) and NOT by the undersigned.

UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION
MATTER: STEELE v. GOODMAN, 17-CV-00601-MHL

6.      As you can see by the above screen-shot evidence, Matt Couch was the source of this
"Black Cube" rumor.  This rumor was distributed by ref: (a) (DEFANGO) on his own volition.
The undersigned has nothing to do with the promulgation of this "Black Cube" rumor.  The
reverse is true, the entire matter was the sole responsibility of ref: (a), who is your CSTT side-
kick.  Your insinuations in ECF Doc. No. 139, para. 20 that the undersigned promulgated this
rumor are false and an example of your unrelenting fraud.

7.      Recall that the offending "Black Cube" rumor remarks were made by ref: (a), reported by
you in EXHIBIT I (no. 9 in ECF) of ECF Doc. No. 78, which is cited by you in para. 30 of ECF
Doc. No. 139 (see video entitled *11.25.17.Solving.rar* ).  These remarks were NOT made by the
undersigned.



UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION
MATTER: STEELE v. GOODMAN, 17-CV-00601-MHL



## 11.25.17.Solving.rar

**Defango TV**
Streamed 1 year ago • 3,880 views
Long day of puzzling and work Read More @steemit ...

Streamed live on Nov 25, 2017
Long day of puzzling and work

Internet URL: https://www.youtube.com/watch?v=jK73oCxCGOE&t=4363s

8. Ref: (a) (DEFANGO) promulgates the *Black Cube rumor* as seen in the video that appears ~~below~~. ABOVE

*[handwritten: DS 7·11·1]*

REF: (A).     01.12.22. It's really crazy to me too .. I was picking up on something .. uh .. **Black Cube**. And, like I had gotten some information about . like .. some information from quote unquote "CIA source" that was talking about how Loomer and – what's his name – **Goodman were getting paid by some Black Cube, some Black Cube operative.** And then it started clicking in my head.
[emphasis added]

9. It is instructive to note that you specifically featured the Black Cube corporate web-site in your video production distributed in a widely pervasive manner two (2) days after these *Black Cube rumor* remarks were made public by ref: (a) on 11/25/2017 (see below).

7

UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION
MATTER: STEELE v. GOODMAN, 17-CV-00601-MHL





Deep State Dunces Attack George Webb & CSTT - Bitcoin Challenge Response
Jason Goodman
Streamed 1 year ago • 15,315 views
The dumbest affiliates of the Deep State simply will not give up their
ludicrous attacks on the truth, while simultaneously offering ...

Streamed live on Nov 27, 2017
The dumbest affiliates of the Deep State simply will not give up their ludicrous attacks on the truth, while
simultaneously offering no evidence to support their claims.

Internet URL:  https://www.youtube.com/watch?v=GNxCk6nqFJg

10. Below is a transcript of your comments as recorded in the above cited video.

GOODMAN. 07:57. They'll put out a video that where they'll say 'oh yeah, Jason
Goodman is working for **Black Cube.** Now I will tell you something. I had no idea what
Black Cube was, before these guys made a video about it.

[emphasis added]

8

11.    Your CSTT side-kick DEFANGO (ref: (a)) is the sole purveyor of this *Black Cube rumor* – NOT the undersigned.  This point is amplified in the STEEMIT post created during the time period in question by ref: (a) (DEFANGO) (see below).

# Black CUBE Jason Goodman

 **defango** (64) ▾  in **news** • 2 years ago

Jason Goodman, you want to play old west gunslinger with peoples reputations? Been building a case on you since you asked me to look you up. , and your connections to child pedophiles, and Mossad.

CIA SOURCE: Deep Throat confirmed by @frankbacon

Jason Goodman is on the payroll of a man named Arnan Milchan. Arnan has Jason doing work partly out of blackmail. Jason was at parties with a producer named Brian Singer and there were underaged boys and girls. Jason was being paid $2.788 a week and its now up to $3500 a week. Laura Loomer is making $7000 a week from Milchan. Black Cube feed them info. Jason found out that Milchan is paying Loomer twice as much as him and thats why they had this fight. Please do not tell anyone how you got this info. Goodman's job is to deflect attention from Rahm Emanuel , Chuck Schumer and DWS. Rahm secretly paid Pakistani prosecutors 3 million in hush money in March 2009 to make a ton of fraud charges go away. The money came from Israel. The Awan's have been spying for Israel since 2007-2008 with Schumer as the king pin. Now Milchan works with a guy named Avi Hersh. I know you and T and others know some of this stuff, but now

Internet URL:  https://steemit.com/news/@defango/black-cube-jason-goodman

9

UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION
MATTER: STEELE v. GOODMAN, 17-CV-00601-MHL

12. Your attention is directed to para. 32 of ECF Doc. No. 139 (shown below).



13. Show below is EXHIBIT I, that is attached to ECF Doc. No. 139.



14.     **EXHIBIT I** (ECF Doc. No. 139) is a screen shot of an apparent DEFANGO TV
YouTube podcast (see above).  The "super-chat" portion of the video screen shot appears below.



15.     According to your pleading, you want this Court to believe that the alleged illustrated
$20.00 "super chat" donation to DEFANGO TV (displayed in the unauthenticated exhibit – see
above), with the text "Check Mate King Two this is White Rook OVER", provides evidence that
"Chavez is an associate.."[ of undersigned]  and "Prepper Kitty Intel has paid Chavez…".
[$20.00].

16.     At the outset, there is no Internet URL Internet address provided in **EXHIBIT I**, ECF
Doc. No. 139.  By NOT providing the correct evidentiary basis for this "exhibit" (which has
been explained to you via letters in this litigation and other litigation) this exhibit is moot.

17.     There are other issues associated with your ECF Doc. No. 139, para. 20 (see above).
There are legal insufficiencies associated with your "evidence", for example: (i) whether or not
the purported *evidence* you propound rises to the level of sufficiency in the light of the Federal
Rules of Evidence (F.R.E.), and (ii) your use of hearsay and guilt by association in an attempt to
attribute *Black Cube rumor* comments to the undersigned and NOT to ref: (a) (DEFANGO) (as
broadcast in the video you have described as **EXHIBIT I**, to ECF Doc. No. 78).  This is a
falsehood and an attempt to mislead the Court.

UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION
MATTER: STEELE v. GOODMAN, 17-CV-00601-MHL

18.     In sum, you expect the Court to believe that an alleged public "super-chat" donation of a
$20.00 donation to ref: (a) (DEFANGO) 30-45 days ago is the equivalent of the alleged private
(non-public) $1,500.00 PATREON donation made by "AMABISS" to ref: (a) (DEFANGO)
purportedly made 18 months ago. You have misrepresented these facts to the Court to Y
promote the fallacy that the undersigned is working with members of the DEFANGO conspiracy.

19.     Caveat: for your information **"Check Mate King Two this is White Rook OVER"**
(which appears in the above illustrate "super-chat" text) is a comical reference to the radio call
signs used in the 1960's World War II drama television series "COMBAT" staring Rick Jason
and Vic Morrow. Below is an example of the television show.



COMBAT! s.1 ep.3: "Lost Sheep, Lost
Shepherd" (1962)

Internet URL: https://www.youtube.com/watch?v=r35lw9CWk-g&t=24s

20.     Your attention is directed to the following YouTube channel named "MERLIN
DEFANGO", which is maintained by ref: (a) (see below).



21.    As you are well aware, you placed a telephone call to ref: (a) (DEFANGO) while he was conducting a livestream YouTube broadcast (similar to your use of livestream technology during the closure of the Port of Charleston on June 14, 2017).  Your conversation you're your CSTT side-kick is available within the YouTube video content (see below) posted by ref: (a) (DEFANGO).



Day 1 - D R I V E W A V E VIVA MERLIN Defango 6-26-2019

932 views

Streamed live on Jun 26, 2019
VAPORTUBE. WERE ya Been defango????

Internet URL:  https://www.youtube.com/watch?v=11dhF6m1-9g&t=7523s

13

UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION
MATTER: STEELE v. GOODMAN, 17-CV-00601-MHL

    

The Joyride Vampire and PsyOpera Bats - BreakfastClub ...
588 views • 1 week ago

Late Night with Merlin Defango - Isotopium: Chernobyl Robot ...
184 views • 1 week ago

Homeward Bound and Trouble in Larptown- Merlin defango 6-30-...
932 views • 1 week ago

Viva las Trump Drivetime to vegas - Merlin defango 6-30-20...
548 views • 1 week ago

Viva las Trump Drivetime to vegas - Merlin defango 6-30
70 views • 1 week ago

    

New surface go Day 2 D R I V E W A V E merlin defango
568 views • 1 week ago

Day 1 - D R I V E W A V E VIVA MERLIN Defango 6-26-2019
931 views • 1 week ago

Daywave Florida defango
533 views • 3 weeks ago

Daywave defango nightwave Florida meetup
632 views • 3 weeks ago

#doxgate Reloaded- Reveng the Unirock #BlueAvians #S
1,077 views • 4 weeks ago

22.    Your conversation commences at time-mark 42:35 and is as follows (excerpts):

## TRANSCRIPT OF DISCUSSION

| | |
|---|---|
| REF: (A): | Oh, Jason Goodman is calling me.  Hello Jason Goodman. |
| GOODMAN: | Manual Chavez, how are you. |
| REF: (A): | I am doing alright, just heading to Arizona right now. |
| GOODMAN: | OH, ok.  So I guess you are in a bit of a drive.  I don't know if you had a chance to see my messages, but one thing I would really like to get – if your able to send it – is either a screen capture from Patreon of . uh .. the dash board, or the initial e-mail Patreon that sends you that says AMABISS has become a Patreon and shows an e-mail of that account. |

...

| | |
|---|---|
| REF: (A): | I can send that over to you no problem, actually.  Garble.  I actually did get that e-mail . and .. all .. uh .. and I have a couple of messages for how ever many months she was on my thing and I will send you like a copy of that it shows the date and what e-mail she was using. |

....

GOODMAN: Something you would write to the Bar Association saying "hey, look, this judge determined that it is likely that Biss is making these inappropriate payments. He is not supposed to be paying you, if you're his client, and particularly if that payment is coming at a time you are engaged in activities like making videos about his lawsuit, that spread allegations out across the Internet, that aren't true. Things like that. So, that is my position that he had someone paying you to do that stuff. **He's been working with Robert David Steele, you were working for Robert David Steele, at the time, Sweigert [undersigned] was working with you, Tyroan Simpson was working with you and Sweigert and these are the elements of conspiracy.**

REF: (A): Yeah, I mean you got the conspiracy down pretty well. I mean. I will send you everything that shows she was on my Patreon and she was paying me on Patreon, for sure. **But, was I working in concert with Dave Acton [undersigned] and those guys, yeah, f_ck it, why not. I will say whatever. (Laughter)**
[emphasis added]

## SUMMARY

23.    It appears that you have intentionally conflated the undersigned with ref: (a) (DEFANGO) in a fraudulent manner to support the *Black Cube rumor* narrative. Overwhelming evidence indicates that this rumor is directly and solely traceable to ref: (a) (DEFANGO) and NOT the undersigned. Nonetheless, you continually ask this Court to believe in this falsified narrative based on flimsy tainted and unauthenticated evidence, which you present in a glossed over manner.

UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION
MATTER: STEELE v. GOODMAN, 17-CV-00601-MHL

24.    It appears that you have intentionally conflated the undersigned with ref: (a)
(DEFANGO) in a fraudulent manner to support the *Black Cube rumor* narrative.  Overwhelming
evidence indicates that this rumor is directly and solely traceable to ref: (a) (DEFANGO) and
NOT the undersigned.  Nonetheless, you continually ask this Court to believe in this falsified
narrative based on the most flimsy tainted and unauthenticated evidence, which you present in a
glossed over manner to the Court.

25.    It appears from the foregoing that your issues should be with your CSTT side-kick ref:
(a) (DEFANGO) and not me.  Your continued accusations regarding the undersigned's
involvement in a conspiracy with DEFANGO (ref: (a)) appear to be fraudulent on their face.

I hereby attest that the foregoing is true and accurate under the penalties of perjury on this ____ /
day of July, 2019.

D. G. SWEIGERT

7·11·19

16

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

ROBERT DAVID STEELE,

                        Plaintiff,

        -against-

JASON GOODMAN,

                        Defendant.

**17-CV-00601-MHL**



## CERTIFICATE OF SERVICE

It is hereby certified that the accompanying materials have been placed in the U.S. Postal Service

with First Class mail postage affixed and addressed to the following parties:

| | | |
|---|---|---|
| **Clerk of the Court** | **Jason Goodman** | **Susan A. Holmes** |
| **U.S. District Court** | **252 7th Avenue** | **( Lutzke )** |
| **701 E. Broad St.** | **Suite 6-S** | **2608 Leisure Drive** |
| **Richmond, VA 23219** | **New York, NY 10001** | **Apt. B** |
| | | **Ft. Collins, CO 80525** |

I hereby attest that the foregoing is true and accurate under the penalties of perjury on this __/

day of July, 2019.

                               **D. GEORGE SWEIGERT, C/O**
                                    **P.O. BOX 152**
                                  **MESA, AZ 85211**

7·11·19

# EXHIBIT TWO

**UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**
**MATTER:  STEELE v. GOODMAN, 17-CV-00601-MHL**

*D.G. Sweigert, c/o*
*P.O. Box 152*
*Mesa, AZ 85211*
*Spoliation-notice@mailbox.org*

July 14, 2019

Jason Goodman, CEO
Multimedia Systems Design, Inc.
252 7th Avenue
Suite 6-S
New York, NY 10001

Clerk of the Court, Room 3000
U.S. District Court
701 E. Broad St.
Richmond, VA 23219

MATTER:            **STEELE v. GOODMAN, 17-CV-00601-MHL**

                   **District Judge M. Hannah Lauck**

SUBJECT:           **PART TWO:  ATTEMPTED FRAUD ON THE COURT BY**
                   **DEFENDANT GOODMAN VIA ECF DOC. NO. 139**

REF: (a)           MANUEL CHAVEZ, III (DOB 03/21/1986), AZ DL DO1566834

Good Morning:

1.      This letter addresses the false misrepresentations that you continue to present to this
honorable Court based on insufficient tainted evidence that has been created with the cooperation
of your CrowdSource The Truth (CSTT) side kick, see ref: (a), known as "DEFANGO".

1



UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION
MATTER:  STEELE v. GOODMAN, 17-CV-00601-MHL

2.      Your attention is kindly directed to ECF Doc. No. 139, para. 32, shown below.

| | |
|---|---|
| 25 | indirectly recommended Biss to Nunes or otherwise played some role in connecting the |
| 26 | two parties and / or has influence over Nunes' suit via interaction with Biss.  Intervenor |
| 27 | Applicant has made numerous public calls in now deleted YouTube broadcasts for |
| 28 | DEFENDANT'S AMENDED RESPONSE TO PLAINTIFF'S MOTION FOR RULE 11 SANCTIONS - 13 |

Case 3:17-cv-00601-MHL   Document 139   Filed 07/08/19   Page 14 of 119 PageID# 2378

| | |
|---|---|
| 1 | Congress to open an investigation into the incidents at the Port of Charleston on June 14, |
| 2 | 2017, despite the FBI's completion of a full investigation.  Intervenor Applicant has also |
| 3 | publicly proclaimed Devin Nunes will now be somehow compelled to act in response to |

3.      Your attention is kindly directed to ECF Doc. No. 139, para. 34 & 35, shown below.

| | |
|---|---|
| 10 | |
| 11 | 34. According to pleadings and public statements by Intervenor Applicant he has interacted |
| 12 | with Susan Lutzke/Holmes privately in revealing the identity of O. Marshall Richards |
| 13 | and other matters. |
| 14 | 35. According to statements by Susan Lutzke/Holmes she has interacted with Intervenor |
| 15 | Applicant privately in revealing the identity of O. Marshall Richards and other matters. |
| 16 | (https://www.youtube.com/watch?v=WwvRPFhW-HE) |
| 17 | |
| | 36. Counsel for Plaintiff is in a regular practice of ignoring the law, lying to courts, clients, |

2

**UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**
**MATTER: STEELE v. GOODMAN, 17-CV-00601-MHL**

4.      As you are aware, you distributed in a high pervasive manner, social video content

entitled, *"Hudson Exposed – Ray Looker's Firsthand Account of the Sinister Deception of Okey*

*Marshall,"* dated May 31, 2018.





Hudson Exposed – Ray Looker's Firsthand Account of the Sinister Deception of Okey Marsha

7,141 views

Published on May 31, 2018
About 1 year ago, George Webb Sweigert introduced me to an individual allegedly named
"Richard Stone". According to the two, Stone was a Vietnam veteran with experience as a
"contractor to U.S. intelligence services". **Stone would call George or me daily with**
**information,** insights and updates. George would consistently reiterate that Stone was one of his
best sources of intelligence, and would refer to him in his own YouTube broadcasts as **"Deep**
**Uranium"**

In time, I convinced Stone to come on Crowdsource the Truth as I was not comfortable receiving
his information and paraphrasing or sharing it as my own. I prefer to have guests provide their
accounts firsthand and let the Crowdsource community decide for themselves.

To protect his identity, "Stone" became **"Rock"** and Mr. **Hudson** was born.

Many viewers enjoyed Mr. Hudson's baritone delivery of conservative political views and his
irreverent comments on the Clintons, Obama and others who would defy the constitution for
their own political gain.

Months ago, inexplicable behavior, coupled with an abrupt departure terminated regular Hudson
Report broadcasts. George's brother Dave **"Acton"** Sweigert recently (and mysteriously)
**revealed Mr. Deep Uranium Hudson to be not Richard Stone, but in fact, Okey Marshall**

3

**UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**
**MATTER: STEELE v. GOODMAN, 17-CV-00601-MHL**

**Richards.** This lead us to **Ray Looker, a Messianic Rabbi** and former West Virginia Militia supporter. According to Looker, Richards worked for the FBI in the 1990's as a provocateur. Looker says Richards framed him for crimes he did not commit, in part for money and the self aggrandizing satisfaction of living out fantasies as a "Secret Government Agent" and in part to help the FBI secure an additional $1,000,000,000 per year in funding to fight radical domestic terrorism.

Download the searchable court transcript – https://drive.google.com/file/d/1DaMP...

[emphasis added]

**Internet URL:  https://www.youtube.com/watch?v=jWcGuBX8ncc**

5.     As you are well aware, co-defendant Susan Holmes, aka "QUEEN TUT" was featured in video content distributed by Steve Outtrim (depicted below), entitled, *"CryptoBeast #16 - Queen Tut Spills The Beans"*, Nov. 29, 2018.



4

UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION
MATTER: STEELE v. GOODMAN, 17-CV-00601-MHL

Published on Nov 29, 2018
Queen Tut was an insider at Crowdsource the Truth. She reveals the tangled web of people connected to a proven FBI informant, manipulating narratives on YouTube as a sophisticated form of psychological operations.

### Internet URL: https://www.youtube.com/watch?v=N1GO1nJUVUM

6.      Below is a transcript of the above cited video, which is a conversation between Steve Outtrim (New Zealand) and co-defendant Susan Holmes, "QUEEN TUT".

40:11   OUTTRIM: Well, we do know for a fact that this guy was an FBI informant named in multiple court cases.

40:19   HOLMES. Yes, that is a fact. That is an absolute fact. I found all these articles, I have all these articles. Where he is named. I saved them.

40:29   OUTTRIM. Well. Then. He is collaborating with George Webb and Jason Goodman. He is feeding them this information about a dirty bomb that can be made out of uranium. That turns out to be false.

41:04   HOLMES. Ah, yeah. There .. uh.. ah .. it is fair to assume that the information he was getting is from "DEEP URANIUM", FBI informant. Yeah. Absolutely.

7.      As you are well aware, the blog site "*Tracking the Leopard Meroz*" published an article about Oakey Marshall Richards, Jr. on May 28, 2018 (see below).

UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION
MATTER:  STEELE v. GOODMAN, 17-CV-00601-MHL

# The Unusual Telephone Calls of FBI Informant Okey Marshall Richards, Jr.

*"The resurrection of Brickton Missionary Baptist Church began one spring day a few weeks ago with an unusual telephone call."  (Amy B. McCraw, Times-News Correspondent, June 6, 2015, "Man's Dream Becomes Reality", blueridgenow.com)*

So begins this 2015 story out of Fletcher, North Carolina.  Reporter Amy McCraw continues, "Marshall Richards, who came to the area from Ohio, called local resident Clarence Livingston and told him he wanted to restore the little, white church founded by Livingston's father, the late Colon Livingston.  Richards said the idea of restoring and reviving the church came to him in a dream he first had in 1968 when he was a 14-year old boy living in West Virginia."

"He said he continued to have the same dream over the years until he mentioned it while staying with a friend in Fletcher in February. The friend recognized the church Richards described and took him to Brickton Missionary Baptist Church. 'It looked exactly as the one in the dream,' Richards said.



**Internet URL:  https://trackingmeroz.wordpress.com/tag/fbi-informant-marshall-richards/**

UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION
MATTER: STEELE v. GOODMAN, 17-CV-00601-MHL

8.    The "*Tracking the Leopard Meroz*" blog post included a copy of the newspaper article entitles "*Militia leader: 'I've been had'*", published August 8, 1997, Pittsburg Post-Gazette.

# Militia leader: 'I've been had'

## Says trusted aide was FBI informant who conned him

### By David Sharp
The Associated Press

WHEELING, W.Va. — Mountaineer Militia leader Floyd "Ray" Looker said yesterday that an FBI informant was a con man who duped him into activities that led to charges of conspiracy to make bombs.

Looker told jurors that the militia never intended to engage in any illegal activities and would never have done so if he had not been mislead by the informant, Okey Marshall Richards Jr.

"I've been had by a professional con man who was being tutored by the FBI," Looker said. The informant was "one slick dude," he added.

Looker, 56, of Stonewood, is on trial in U.S. District Court in Wheeling on charges that he conspired with an unemployed mechanical engineer and a member of the high-IQ group Mensa to manufacture bombs. It is the first of four trials for the militia general. He faces other charges including providing resources for an attack on the FBI Criminal Justice Information Division in Clarksburg.

Looker was the last witness before the defense rested its case.

Closing arguments were scheduled for this morning.

Looker, a Vietnam veteran and self-proclaimed minister, testified that he was interested in obtaining explosives for defensive purposes in the event the United States is invaded and occupied by a foreign force.

He said he never believed that any of those said to be his co-conspirators would have followed through with plans to make bombs, and he said he never would have considered it if he knew it was a violation of federal law.

Looker placed the blame on Richards, his trusted security and intelligence officer, for failing to get copies of federal rules and regulations pertaining to the issue after Looker was given a license application from the Bureau of Alcohol, Tobacco and Firearms.

"Had Mr. Richards provided the regulations, we would have known whatever we're talking about was foolishness because it would not be approved" by the ATF, Looker testified.

He said Richards arranged all the meetings and steered the conversations. He described his role in discussions about explosives as minimal and said he had little knowledge about bombs.

"I'm the ignorant guy sitting on the side, listening to two people discussing something I knew nothing about," he said.

Earlier, the defense continued its

attack on the informant's character and motive. Two former wives and several former business partners testified that Richards was a habitual liar who could not be trusted.

Richards made more than 400 tape recordings that led to the arrest of Looker and others before being relocated out of state.

The defense contends that Richards decided to help the FBI to pay off his debts and because he wanted to live the fantasy life of lies he had spread about being a secret government operative.

The 16-month investigation began two months after the Oklahoma City bombing, when the militia is said to have discussed three targets, including the FBI's fingerprint complex, 90 miles south of Pittsburgh.

John "Bob" Woefter, owner of the 400-acre farm where the militia held monthly training sessions in Lewis County, said outside the courtroom that he felt that Looker had been wrongly accused.

"Ray is a good, honest, religious man. What's going on here is a travesty," said Woefter, an Army veteran and militia sympathizer. "If Ray ever had a fault, he was too trusting."

Looker and six others were arrested Oct. 11 after he allegedly sold for $50,000 copies of blueprints of the FBI's fingerprint complex to an undercover agent posing as the middleman for a terrorist group.

—    Pittsburgh Post Gazette, August 8, 1997 AP article by David Sharp

UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION
MATTER: STEELE v. GOODMAN, 17-CV-00601-MHL

9.    Your attention is kindly directed to your video productions, entitled "Susan "Queen Tut"
Lutzke/Holmes Reveals David Sweigert – Robert David Steele Lawsuit", April 30, 2019 (see
below).



**Susan "Queen Tut" Lutzke/Holmes Reveals David
Sweigert – Robert David Steele Lawsuit**          ...
Jason Goodman
Streamed 2 months ago • 7,161 views
Susan Lutzke aka Susan Holmes aka Queen Tut is a horrible but frequent
liar. She recently called me, revealing a long suspected ...
CC



**Susan "Queen Tut" Lutzke Reveals David
Sweigert – Robert David Steele Lawsuit**          ...
Crowdsource the Truth 2
Streamed 2 months ago • 975 views
Susan Lutzke aka Susan Holmes aka Queen Tut is a horrible but frequent
liar. She recently called me, revealing a long suspected ...

Streamed live on Apr 30, 2019
**Susan Lutzke aka Susan Holmes aka Queen Tut is a horrible but frequent liar.** She recently
called me, revealing **a long suspected conspiracy between her, D. George "Acton" Sweigert
and Robert David Steele. While nothing she says can be believed at this point,** how else
would **David Sweigert know the true identity of Oakey Marshall Richards** were this
particular admission not true?

The sinister plans of these malicious social engineers are being revealed before our eyes as the
fraudulent and vexatious lawsuit brought by Steele continues to crumble.

[emphasis added]

Internet URL:   https://www.youtube.com/watch?v=WwyRPFhW-HE  and

https://www.youtube.com/watch?v=L0nIWKBxQnU

8

UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION
MATTER: STEELE v. GOODMAN, 17-CV-00601-MHL

10.    In sum, Oakey Marshall Richards, Jr. was a paid F.B.I. informant in criminal cases that
were prosecuted in the State of West Virginia in the 1990s.  Ray Looker, who you have
interviewed and (subsequently published the interview) was one of the suspects convicted in the
West Virginia militia prosecutions.  You became aware of Oakey Marshal Richards, Jr. when he
provided you and George Webb (Sweigert) "intelligence assessments" on an almost daily basis.
During the period leading up to the Port of Charleston dirty bomb hoax of June 14, 2017, you
knew this person as "Deep Uranium".  Later, in approximately August 2017, you inaugurated a
"Crowdsource the Truth" (CSTT) weekly feature show with "Deep Uranium", renamed to
"Rock Hudson".  This person then completed about 30 (thirty) shows on the CSTT platform.
According to the testimony of Susan Holmes ("QUEEN TUT") you were aware of the identity
of Oakey Marshall Richards, Jr. during the period of August 2017 to March 2018 while he was
creating content for your CSTT video podcast shows.  Restated: you were aware that the co-host
producing 30 (thirty) CSTT video podcasts was the source of information that led to the closure
of the Port of Charleston.

11.    A rigorous review of social media, news sources and Google searches has revealed no
information related to the purported completion of any F.B.I. investigation concerning George
Webb, Oakey Marshall Richards, Jr. and/or yourself related to the events of June 14, 2017 at the
Port of Charleston.  If such sources and cites exist, they should be submitted to the Court in lieu
of accusations against you that you have committed fraud upon this Court by attempting to
persuade the Court that:

> Intervenor Applicant has made numerous public calls in now deleted YouTube
> broadcasts for Congress to open an investigation into the incidents at the Port of
> Charleston on June 14, 2017, despite the FBI's completion of a full investigation.
> [emphasis added]  (ECF Doc. No. 139, pages 13-14).

9

**UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION
MATTER:  STEELE v. GOODMAN, 17-CV-00601-MHL**

12.    There exists no tangible evidence to indicate that the F.B.I. has completed any type of investigation.  Nothing exists on the Internet to support this conclusion.  This statement (see above) is baseless, meritless, unfounded and vexatious.  You have attempted to commit fraud upon this Court.


I hereby attest that the foregoing is true and accurate under the penalties of perjury on this _____ day of July, 2019.

D. G. SWEIGERT

7.14.19

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

ROBERT DAVID STEELE,

                                    Plaintiff,            17-CV-00601-MHL

        -against-

JASON GOODMAN,

                                    Defendant.

## CERTIFICATE OF SERVICE

It is hereby certified that the accompanying materials have been placed in the U.S. Postal Service

with First Class mail postage affixed and addressed to the following parties:

| | | |
|---|---|---|
| **Clerk of the Court** | **Jason Goodman** | **Susan A. Holmes** |
| **U.S. District Court** | **252 7th Avenue** | **( Lutzke )** |
| **701 E. Broad St.** | **Suite 6-S** | **2608 Leisure Drive** |
| **Richmond, VA 23219** | **New York, NY 10001** | **Apt. B** |
| | | **Ft. Collins, CO 80525** |

I hereby attest that the foregoing is true and accurate under the penalties of perjury on this 14

day of July, 2019.

_D. Sgt_

**D. GEORGE SWEIGERT, C/O**
**P.O. BOX 152**
**MESA, AZ 85211**

7 · 14 · 19

RECEIVED
JUL 1 7 2019
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

1

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

# EXHIBIT THREE

UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION
MATTER:  STEELE v. GOODMAN, 17-CV-00601-MHL

*D.G. Sweigert, c/o*
*P.O. Box 152*
*Mesa, AZ 85211*
*Spoliation-notice@mailbox.org*


July 19, 2019

Jason Goodman, CEO
Multimedia Systems Design, Inc.
252 7th Avenue
Suite 6-S
New York, NY 10001

Clerk of the Court, Room 3000
U.S. District Court
701 E. Broad St.
Richmond, VA 23219


MATTER:              **STEELE v. GOODMAN, 17-CV-00601-MHL**

                     **District Judge M. Hannah Lauck**


SUBJECT:             **PART FOUR:**  ATTEMPTED FRAUD ON THE COURT BY
                     DEFENDANT GOODMAN VIA **ECF DOC. NO. 139**


REF: (a)             MANUEL CHAVEZ, III (DOB 03/21/1986), AZ DL DO1566834


Good Morning:


1.      This letter addresses the false misrepresentations that you continue to present to this
honorable Court based on insufficient tainted evidence that has been created with the cooperation
of your CrowdSource The Truth (CSTT) side kick, see ref: (a), known as "DEFANGO".



1

UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION
MATTER: STEELE v. GOODMAN, 17-CV-00601-MHL

2.      Your attention is kindly directed to ECF Doc. No. 139, para. 22, shown below.

> 22. Additionally, Chavez provided communications between Plaintiff, Chavez, Thomas Shoenberger and Tanya Cornwell the wife of counsel for Plaintiff, Steven Biss. (EXHIBIT E) This email provides evidence that counsel for Plaintiff Biss is using his wife as a "cutout" or conduit through which he can indirectly communicate with the co-conspirators and still provide the plausible claim that "I haven't spoken with (fill in the name)".  This email provides substantial evidence of the conspiracy alleged by Defendant.  A transcript of a publicly broadcast multiparty phone conversation between Simpsons, Chavez, Intervenor Applicant and others has been submitted as evidence previously in this matter (ECF No. 78 EXHIBIT A).

3.      It is instructive to note that in ECF Doc. No. 78, a transcript of the above cited video is provided as **EXHIBIT A** (listed as "1" in ECF).  The video content transcribed into EXHIBIT A (ECF Doc. no. 78) is taken from the following BITCHUTE.COM Internet web platform (see below).

**UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**
**MATTER: STEELE v. GOODMAN, 17-CV-00601-MHL**



CRAZY_DAVE
CRAZY_DAVE
7 subscribers

VIDEOS   ABOUT


Subscribe



**Has David George Sweigert "Gone Postal"?**          Mar 24, 2019

Originally titled "LARP HQ Fellow the women George Webb and Jason CrowdSource" why did David George Sweigert delete this video only minutes after uploading it? Did he realize he'd revealed too much? Is he trying to figure out if Jason Goodman of Crowdsource the Truth really has engaged the U.S. Postal Inspector in the alleged case of mail fraud?



**The amazing magical Post Office**          Mar 06, 2019

David Sweigert at the Mesa AZ post office on December 1, 2108 where he was added to PO Box 152 officially with the assistance and full knowledge of the PO Box owner. This was done to cover up his false statements in court documents related to federal civil action he has brought against Jason Goodman. These false statements were submitted to USDC SDNY claiming PO Box 152 Mesa AZ was his true and accurate legal mailing address During



**FUSION CENTER ALERT GEORGE WEBB TERROR CELL PPD-8 NIPP**          Oct 09, 2018

This is a message that David Sweigert aka Dave Acton posted approximately October 17, 2017 to a network of cyber operatives. In this video, Sweigert directs these operatives to monitor all activity of journalist Jason Goodman of Crowdsource the Truth as part of a distributed targeting and harassment campaign



**Frank Bacon Offers to Get Dave "Acton" Sweigert Paid By Steemit.com to Harass Jason Goodman**          Oct 09, 2018

Nathan Stolpman (aka LTV), Manuel Chavez III (aka Defango), Tyrone Simpson (aka Frank Bacon), David George Sweigert (aka Dave Acton) discuss using government processes, military processes and law enforcement processes in combination with the steemit.com blockchain social media network in an organized, monetized attack on Jason Goodman.

MOST VIEWED




**Frank Bacon Offers to Get Dave "Acton" Sweigert Paid By Steemit.com to Harass Jason Goodman**
8 months, 3 weeks ago



**Trigger Warning Cyber Militia Forming - George Webb Advised**
10 months, 2 weeks ago



**ADULT CONTENT NSFW Jason Goodman calls George Webb crazy - Intel Valor advised**
10 months, 2 weeks ago



4.      The BITCHUTE.COM web-site address provided by you points to the video depicted below:

UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION
MATTER: STEELE v. GOODMAN, 17-CV-00601-MHL



5.      The video described in EXHIBIT A (ECF Doc. No. 78) is posted to a web-site channel known as "CRAZY_DAVE".  You have acknowledged on many occasions, in other litigation, that you operate, maintain, process and store information on the BITCHUTE.COM "CRAZY_DAVE" channel.

6.      As you have admitted in other litigation, you have no permission to use the video content of the undersigned, nor his likeness, portrait, photograph, etc.  The video content posted to the BITCHUTE.COM "CRAZY_DAVE" smear channel has been used without any permission of the video creator.  The likeness, photograph and/or portrait of the undersigned is also used without permission.  This "CRAZY_DAVE" is operated by you for your purposes and includes the use of unauthorized copyrighted materials.

4

UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION
MATTER:  STEELE v. GOODMAN, 17-CV-00601-MHL

7.      The video description (presumably written by you) states:

---

**CRAZY_DAVE**

    7     Subscribers     Subscribe

    Nathan Stolpman (aka LTV), Manuel Chavez III (aka Defango), Tyrone
Simpson (aka Frank Bacon), David George Sweigert (aka Dave Acton) discuss
using government processes, military processes and law enforcement processes
in combination with the steemit.com blockchain social media network in an
organized, monetized attack on Jason Goodman.

---

**Internet URL:  https://www.bitchute.com/video/Ez5xgxUk8daU/**

8.      The video caption cited above seems to encapsulate the allegations you have provided on
page 3 of 17, ECF Doc. No. 78 and in para. 22 of ECF Doc. No. 139.  However, as you have
stated, you have no date for when this recording was posted, distributed, or made public, "[o]n or
around December 2017, in a multiparty video chat (EXHIBIT A)...".  You may be interested in
some of the transcribed audio (see below).

    VOICE:     01:30  Let's talk about how to take the audience up to the next level.  And
the next thing and all this.  Help as many people as I can for the Christmas time for the
show.  I would be willing to buy anyone an account on Steemit so they can direct
message me on the Hoax Wars channel, that includes you Dave.

5

UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION
MATTER: STEELE v. GOODMAN, 17-CV-00601-MHL

9.      I wish to confirm with you, that you believe this language from "VOICE" is NOT about paying for Steemit accounts to be provided as presents during the Christmas season; but, represents an inducement to join "the organization of the monetized conspiracy". You wrote the headline to the video content, which states:

> **FRANK BACON OFFERS TO GET DAVE "ACTON" SWEIGERT PAID BY STEEMIT.COM TO HARASS JASON GOODMAN**

10.     The transcribed audio of the undersigned indicates as follows:

VOICE:      01:53. If you look at a unified effort, I got a lot of training from the government, and all the rest of this stuff because I was in the military at a young age. It is a unified effort and ever one has lanes. What's happening is people are getting into each other's lanes. And I told everybody on DEFANGO's show, like two weeks ago, I am the government liaison. I don't want to do anything else. If .. and LTV will tell you, if you need a nasty letter written, Dave's your guy. "

VOICE:      02:20. What do layers do? What do lawyers do, what do Congressmen do? Garble. Garble. I volunteer to be the liaison to f_ck with these guys, Government processes, military processes, law enforcement processes .. that's how I am f_cking .. garble .. with George.

VOICE:      02:37. As a contribution ... garble .. garble .. You can write that into a blockchain and you, you would have an amazing platform, my friend.

11.     To be honest, this area of the video that you consistently rely on as proof of the "monetized harassment campaign" is very garbles and almost unintelligible. Further, as you can plainly hear, the focus of the remarks was directed at George Webb (Sweigert) and not you.

6

UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION
MATTER: STEELE v. GOODMAN, 17-CV-00601-MHL

12.    Below is presented the same section of transcribed dialogue provided by your "speech
processor" in EXHIBIT A of ECF Doc. No. 78.  Please note the errors (see red arrows).

| | |
|---|---|
| 17 | 00:02:00,149 --> 00:02:03,329 |
| 18 | lanes and what's happening is people are |
| | 55 |
| 19 | 00:02:01,799 --> 00:02:05,159 |
| | getting in each other's lanes and I told |
| 20 | 56 |
| 21 | 00:02:03,329 --> 00:02:07,409 |
| | I told everybody on the fan go show like |
| 22 | 57 |
| 23 | 00:02:05,159 --> 00:02:09,119 |
| | two weeks ago I'm the government liaison |
| 24 | 58 |
| 25 | 00:02:07,409 --> 00:02:11,670 |
| | I don't want to do anything else if you |
| 26 | 59 |
| 27 | 00:02:09,119 --> 00:02:13,140 |
| | need a stand and LTV will tell you if |
| 28 | 60 |
| | 00:02:11,670 --> 00:02:14,940 |
| | you need a nasty letter |
| | 61 |

DEFENDANT'S OPPOSITION TO THE MOTION TO INTERVENE EXHIBIT A - 4

13.    The undersigned wishes to confirm with you, that you believe the above cited
commentary represents involvement with "the organization of the monetized conspiracy."  Based
on the description you wrote for the video, you believe that this language (cited above)
represents a discussion about "using government processes, military processes and law
enforcement processes…" to somehow attack you – and not George Webb (Sweigert).

14.    The undersigned kindly requests that you demonstrate how you procured the electronic
stored information (ESI) in the form of the BITCHUTE.COM video content.  Please describe
each stage of the process you have relied upon to capture, store and protect such video content.
Please also guarantee the authenticity of the ESI based upon the description of the steps used to
capture, store, re-post and upload said video content.  Your attention is directed to **Rules 104
and 901 of the Federal Rules of Evidence (F.R.E.).**  To help you understand the role of F.R.E.
Rule 901 please note: "The burden to authenticate under Rule 901 is not high-only a prima facie
showing is required.   See *United States v. Caldwell*, 776 F.2d 989, 1002 (11th Cir.1985) ("Once
that prima facie showing has been made, the evidence should be admitted, although it remains
for the trier of fact to appraise whether the proffered evidence is in fact what it purports to be.");
*United States v. Goichman*, 547 F.2d 778, 784 (3d Cir.1976)" [*U.S. v. Williams*, 946 F.2d 888
(4th Cir. 1991)].  You have not met this burden.

UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION
MATTER: STEELE v. GOODMAN, 17-CV-00601-MHL

15.    Other offensive and slanderous video content that you have created on BitChute.Com
featuring the undersigned includes the following:

| | |
|---|---|
| Posted Oct. 9, 2018 | **FUSION CENTER ALERT GEORGE WEBB TERROR CELL PPD-8 NIPP**<br><br>This is a message that David Sweigert aka Dave Acton posted approximately October 17, 2017 to a network of cyber operatives. In this video, Sweigert directs these operatives to monitor all activity of journalist Jason Goodman of Crowdsource the Truth as part of a distributed targeting and harassment campaign |
| Posted March 24, 2019 | **Has David George Sweigert "Gone Postal"?**<br><br>David Sweigert at the Mesa AZ post office on December 1, 2108 where he was added to PO Box 152 officially with the assistance and full knowledge of the PO Box owner. This was done to cover up his false statements in court documents related to federal civil action he has brought against Jason Goodman. These false statements were submitted to USDC SDNY claiming PO Box 152 Mesa AZ was his true and accurate legal mailing address During October and November of 2018. **This video and his mailing of a US Postal money order in the amount of $1 is an attempt to cover up his violation of 18 U.S. Code § 1001,** a statue General Michael Flynn currently faces potential jail time for allegedly violating. Violation of this statue is a felony and carries a maximum penalty of 5 years in prison. Sweigert has removed this video recording from his YouTube **channel in an ongoing effort to spoliate evidence of crimes he has committed in an attempt to further false claims** and defamatory accusations against Jason Goodman and Crowdsource the Truth.<br><br>[emphasis added] |

UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION
MATTER: STEELE v. GOODMAN, 17-CV-00601-MHL

16.     There are well over fifty (50) other titles posted by you concerning the undersigned.  Of particular interest is your explanation of the infamous Black Cube rumor, which has been addressed in PART ONE, letter dated July 11, 2019, which is ECF Doc. No. 145.  That letter is hereby incorporated as if fully re-stated herein.

17.     As ECF Doc. No. 145 clearly explains, the undersigned has NOTHING to do with the promulgation of the Black Cube rumor.  Below is your posting on BitChute of video content which is the property of the undersigned, which you have posted in an unauthorized manner (see below).

| Posted August 28th, 2018 | **SET THE RECORD STRAIGHT WITH JASON GOODMAN AND GEORGE WEBB** |
|---|---|
| | Dave continues to lay out aspects of his plan yet to come including threats of future litigation. He does all this while re-refernecing a video in which his brother George Webb Sweigert directs people to watch a video **in which Dave accuses Jason Goodman of working for Mossad off shoot Black Cube**. Despite his self proclaimed contract work for DHS and other agencies, Dave denies affiliation with the so called "deep state" while feigning ignorance of Manuel Chavez, the very person Dave speaks with in the video referenced by George. |
| | [emphasis added] |

UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION
MATTER: STEELE v. GOODMAN, 17-CV-00601-MHL

18.     Further, your allegations that individuals have alleged that you are an operative of "Black
Cube", "Israeli intelligence" or the "Mossad" should be viewed in the shadow of your very
public close association with individuals that proclaim connections with top Israeli government
officials; to include Jerome Corsi and Larry Klayman, esq.  To refresh your memory both of
these men appear on the Southern Poverty Law Center "Watch List" for hate speech.

19.     In the case of Mr. Klayman, he has provided evidence and testimony to a federal court
that he is in active contact with government officials of Israel.  See *Montgomery v. Comey,*
U.S.D.C. for the D.D.C., Civil Action No. 17-1074 (RJL), (D.D.C. Mar. 1, 2018).  See excerpt of
ORDER from the Hon. Richard J. Leon (see below).

> Preliminary Injunction, or their supporting affidavits—that they communicate with
> any persons abroad, let alone that they have reason to believe that their foreign
> contacts have been targeted under the PRISM program. Plaintiffs' allegations here
> are therefore *even less* colorable than those I dismissed for lack of standing under
> *Clapper* in *Klayman I* and *Klayman II. See Klayman,* 2017 WL 563668, at *13 (holding
> that Klayman failed to establish standing to challenge the PRISM program, even
> where he alleged that he "frequents and routinely telephones and e-mails
> individuals and high-ranking government officials in Israel" and communicates with
> persons in several other nations). Plaintiffs accordingly lack standing to challenge
> defendants' alleged surveillance under the PRISM program.



> Second, plaintiffs claim that they, and millions of other Americans, have been
> targeted for surveillance by the bulk telephony metadata collection program
> formerly conducted by the NSA pursuant to Section 215 of the USA PATRIOT Act.

20.     As you are well aware, Jerome Corsi appeared on the Alex Jones INFOWARS social
media podcast and advised the host that he was receiving communications "higher than Mossad".
See the video entitled, "Alex Jones Deemed Kosher by "Top Israeli Intelligence"", Aug. 27,
2017 (see below).

UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION
MATTER:  STEELE v. GOODMAN, 17-CV-00601-MHL



Alex Jones Deemed Kosher by "Top Israeli Intelligence"

Know More News

4,052 views

Published on Aug 12, 2017

**Internet URL:  https://www.youtube.com/watch?v=jORe0zfEOX0**

00:21        CORSI.  Well Alex its great, actually today I am in Nashville, Tennessee
             working with a really important cyber security company.  And I just got a
             text from top intelligence in Israel.

21.      As you are aware, you produced a two-part video series to "indict" Robert Mueller
(former special counsel) with a "Citizens Grand Jury with Larry Klayman acting as "special
prosecutor".  See video entitled, *"Freedom Watch Citizens Grand Jury – Mueller Indictment
Part 1 Introduction & Jury Instructions"*, dated June 27, 2019.

*p.s.*
*2.18.19*

**UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**
**MATTER:  STEELE v. GOODMAN, 17-CV-00601-MHL**



Freedom Watch Citizens Grand Jury – Mueller Indictment Part 1
Introduction & Jury Instructions

Jason Goodman
✓ Subscribed   🔔 62K                                                    4,969 views

➕ Add to   ↪ Share   ••• More                                            👍 394   👎 22

Streamed live on Jun 27, 2019
Larry Klayman and his dedicated team at Freedom Watch put together this historic Citizens Grand Jury. With this, the people of the United States take back the power bestowed upon us by the founding fathers of this nation. If the Justice Department will not, citizens must hold Robert Mueller accountable for his gross constitutional violations.

L to R: Larry Klayman and Jason Goodman

Streamed live on Jun 27, 2019
Larry Klayman and his dedicated team at Freedom Watch put together this historic Citizens Grand Jury. With this, the people of the United States take back the power bestowed upon us by the founding fathers of this nation. If the Justice Department will not, citizens must hold Robert Mueller accountable for his gross constitutional violations.

**Internet URL:  <u>https://www.youtube.com/watch?v=Mce9QhkNj_M&t=12s</u>**

22.      As you are well aware, the second part of this widely distributed video content is entitled,

"*Freedom Watch Citizens Grand Jury – Mueller Indictment Part 2 Dr. Jerome Corsi's Witness*

*Testimony*", dated June 27, 2019.

**UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**
**MATTER: STEELE v. GOODMAN, 17-CV-00601-MHL**



Freedom Watch Citizens Grand Jury – Mueller Indictment Part 2 Dr.
Jerome Corsi's Witness Testimony

Jason Goodman
✓ Subscribed   🔔 82K

11,280 views

➕ Add to   ↱ Share   ••• More        👍 630   👎 16

L to R:  Larry Klayman, Jerome Corsi [on monitor], Jason Goodman

Streamed live on Jun 27, 2019
Part 2 of Freedom Watch's historic Citizens Grand Jury proceedings includes testimony from Dr.
Jerome Corsi. Dr. Corsi was targeted by Mueller's investigation and subjected to rigorous
interrogation as well as subsequent reputation and financial destruction.

**Internet URL:  https://www.youtube.com/watch?v=9vWce9xTOCU&t=4147s**

UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION
MATTER: STEELE v. GOODMAN, 17-CV-00601-MHL

23.    Your attention is kindly directed to <u>ECF Doc. No. 139, para 39</u>, show below:

> 39. On July 7, 2017 Plaintiff sent an email communication to George Webb Sweigert, brother of Intervenor Applicant, stating "A massive law suit is about to be filed against Jason Goodman by a lawyer who specializes in defamation cases. Manny is the one who will be in front" **(EXHIBIT J)** Manny is Manuel Chavez III, one of the individuals who was on the multiparty video chat in which Sweigert agreed to a monetized harassment effort targeting Defendant as presented here in previous pleadings. This email was sent just three weeks after Tanya Cornwell sent the above referenced email to Manuel Chavez III encouraging him to sue Defendant Goodman. It is conceivable that Plaintiff intended to use Chavez as a "cut out" to bring the same type of legal action against Defendant Goodman, subjecting Goodman the the same legal jeapordy and assumed need to hire cousel and subsequent financial ruin, without subjecting himself to the risk of fines for legal fees or other sanctions. It now seems Chavez' sense of self-preservation prevented him from complying with this plan and may have led to the break in the relationship, and dissention in the ranks of the conspirators.

24.    You have not provided enough evidence to support your allegations about a "monetized harassment effort". For your information, the undersigned has NEVER received any money or compensation from "STEEMIT" or related blockchain technologies. The undersigned has NOT participated in a monetized blockchain organization to slander you. Such an allegation is STRONGLY DENIED.

14

UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION
MATTER:  STEELE v. GOODMAN, 17-CV-00601-MHL

25.        Please note from the below screen-shot, that the "Dave Acton" STEEMIT account has
been inactive for almost two years.  The account showed little activity immediately after it was
commissioned around Christmas, 2017.  This account bwas more or less a test prototype account
that received a few days of access from the undersigned.  The STEEMIT account was abandoned
by the undersigned shortly after initiation (approximately January 2018).



**Internet URL:  https://steemit.com/police/@daveacton/dave-acton**

26.        Apparently, there is $3.39 monetary amount in a STEEMIT account linked to me.  The
undersigned has never taken, or received, any of these monies from the STEEMIT platform.
Your assertions about the undersigned participating in a monetized defamation organization are
meritless, unfounded, frivolous and submitted to this Court for the purpose of committing a fraud
upon the Court.

UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION
MATTER: STEELE v. GOODMAN, 17-CV-00601-MHL

27.     Your attention is directed at the below cite from *U.S. v. Larry Recio* , 17-4005, U.S. Court of Appeals, Fourth Circuit.

A proponent of evidence must "produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a).  However, "the burden to authenticate under Rule 901 is not high." *United States v. Hassan*, 742 F.3d 104, 133 (4th Cir. 2014) (internal quotation marks and citation omitted).  The district court must merely conclude that "the jury *could* reasonably find that the evidence is authentic," not that the jury necessarily *would* so find. *See id.* (internal quotation marks and citation omitted) (emphasis added).

**Internet URL:  http://www.ca4.uscourts.gov/opinions/174005.P.pdf**

28.     You have not met the burden for the presentation of this so-called evidence to the Court for its consideration.

29.     Your allegations that somehow the undersigned worked with, worked for, conspired with or had conspiratorial planning with ref: (a), the Plaintiff, or the co-defendant or any of their associates is false, devoid of truth, unfounded, meritless and unsupported by any of your tainted and unauthenticated evidence.

30.     It appears you have attempted to commit a fraud upon the Court by pushing fraudulent narratives with non-admissible "evidence".

UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION
MATTER:  STEELE v. GOODMAN, 17-CV-00601-MHL

I hereby attest that the foregoing is true and accurate under the penalties of perjury on this **19**

day of July 2019.

_D. Sgt_

D. G. SWEIGERT, C/O
P.O. BOX 152
MESA, AZ 85211

Copy provided:

Susan A. Holmes
( Lutzke )
2608 Leisure Drive
Apt. B
Ft. Collins, CO 80525

**7·19·19**

17

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### RICHMOND DIVISION

ROBERT DAVID STEELE,

                              Plaintiff,            17-CV-00601-MHL

          -against-

JASON GOODMAN,

                              Defendant.

## CERTIFICATE OF SERVICE

It is hereby certified that the accompanying materials have been placed in the U.S. Postal Service

with First Class mail postage affixed and addressed to the following parties:

| | | |
|---|---|---|
| **Clerk of the Court** | **Jason Goodman** | **Susan A. Holmes** |
| **U.S. District Court** | **252 7th Avenue** | **( Lutzke )** |
| **701 E. Broad St.** | **Suite 6-S** | **2608 Leisure Drive** |
| **Richmond, VA 23219** | **New York, NY 10001** | **Apt. B** |
| | | **Ft. Collins, CO 80525** |

I hereby attest that the foregoing is true and accurate under the penalties of perjury on this 19

day of July, 2019.

**D. GEORGE SWEIGERT, C/O**
**P.O. BOX 152**
**MESA, AZ 85211**

7·18·19

1

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

*D. G. SWEIGERT, C/O*
*GENERAL DELIVERY*
*ROUGH AND READY, CA 95975*
*Spoliation-notice@mailbox.org*

### U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
### (FOLEY SQUARE)

D George Sweigert

**Plaintiff**

v.

Jason Goodman

**Defendant**

CIVIL CASE #: 1:18-CV-08653-VEC

JUDGE VALERIE E. CAPRONI

MAGISTRATE STEWART D. AARON

### CERTIFICATE OF SERVICE

I HEREBY ATTEST that a true copy of the attached pleading has been sent to the

following addressees on the 22nd day of November 2019.

Jason Goodman, CEO
Multi-media Design Systems, Inc.
252 7th Avenue, Apart. #6S
New York, NY 10001

Clerk of the Court, Room 200
U.S. District Court
500 Pearl Street
New York, New York 10007-1312

_____

**D. GEORGE SWEIGERT**

*11·22·15*

USM P3
SDNY

Clerk of the Court, Room 200
U.S. District Court
500 Pearl Street
New York, New York 10007-1312

D. G. SWEIGERT, C/O
GENERAL DELIVERY
ROUGH AND READY, CA 95975
Spoliation-notice@mailbox.org

ROOM