UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

U.S. DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
(FOLEY SQUARE)

| | |
|---|---|
| D George Sweigert <br><br> **Plaintiff** <br><br> v. <br><br> Jason Goodman <br><br> **Defendant** | CIVIL CASE #: 1:18-CV-08653-VEC <br><br> JUDGE VALERIE E. CAPRONI <br><br> MAGISTRATE STEWART D. AARON |

### PLAINTIFF'S MEMORANDUM OF LAW
### TO SUPPORT MOTION IN OPPOSITION

This Memorandum of Law is submitted pursuant to **Local Rule 7.1 (a)(2) and 7.1 (b)** and is in

response to the Defendant's pleading papers **(Dkt. No. 105 and 106)** which seek to dismiss this

action pursuant to Fed. R. Civ. Proc. Rule 12(b)(6).

I hereby certify that the attached pleadings are truthful and accurate (to the best of my

knowledge) and are not submitted for the purposes of oppression of the Defendant.

Signed this ___ day of November, 2019.

*D. G. SWEIGERT, C/O*
*GENERAL DELIVERY*
*ROUGH AND READY, CA 95975*
*Spoliation-notice@mailbox.org*

11·22·19

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

# TABLE OF AUTHORITIES

**Cases**

*Ampex Corp. v. Cargle*, 128 Cal. App.4th 1569, 1577 (2005). .................................................... 20

*Ascentive, LLC v. Opinion Corp.*, --- F.Supp.2d ----, 2011 WL 6181452, at *16 (E.D.N.Y. Dec.
13, 2011) ................................................................................................................ 13

*Bejaoui v. City of N.Y.*, 13-CV-5667 (NGG) (RML) (E.D.N.Y. Mar. 31, 2015) ........................... 9

*Blue Cross & Blue Shield of N.J., Inc. v Philip Morris USA Inc.*, 3 NY3d at 206-208) .............. 16

*Bose Corp. v. Consumers Union of U.S., Inc.*, 466 U.S. 485, 511 n.30 (1984).......................... 24

*Buckley v. Littell*, 539 F.2d 882 (2d Cir. 1976)............................................................................. 16

*Caraveo v. Nielsen Media Research, Inc.*, 01 Civ. 9609 (LBS) (RLE) (S.D.N.Y. Jan. 22, 2003) 19

*City of New York v Smokes-Spirits.Com, Inc.*, 12 NY3d at 622-624 ............................................ 16

*City of New York v Smokes-Spirits.Com, Inc.*, 12 NY3d at 623 ................................................... 16

*Davis v. NYC Dep't of Educ.*, 10-cv-3812 (KAM)(LB) (E.D.N.Y. Jan. 18, 2012)....................... 20

*Force v. Facebook, Inc.*, No. 18-397 (2d Cir. Jul. 31, 2019)....................................................... 12

*Gabbay v. Mandel*, New York Law Journal, March 10, 2004, p. 19, col. 3 ( N.Y. Sup. 2004 ) .. 19

*Gertz v. Robert Welch, Inc.*, 418 U.S. 323 (1974 ....................................................................... 21

*Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 156-57 (2d Cir. 2006)......... 9

*Goshen v Mutual Life Ins. Co.*, 98 N.Y.2d 314, 324 n 1 [2002].................................................. 19

*Gunther v. Capital One*, 09-cv-2966 (ADS) (AKT) (E.D.N.Y. Apr. 8, 2010)............................. 13

*H.J., Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989)........................................ 19

*Klayman v. Zuckerberg*, 753 F.3d 1354, 1359 (D.C. Cir. 2014) ................................................. 12

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

*La Liberte v. Reid*, 18-cv-5398 (DLI) (VMS) (E.D.N.Y. Sep. 30, 2019) ...................................... 20

*Lerman v. Flynt Distrib. Co.*, 745 F.2d 123, 138 (2d Cir. 1984) ................................................ 22

*Lluberes v. Uncommon Products, LLC,* 663 F.3d 6 (1st Cir. 2011*) at 13-14* .............................. 22

*Maurizio v. Goldsmith*, 230 F.3d 518, 521 (2d Cir. 2000) ......................................................... 15

*Michelo v. Nat'l Collegiate Student Loan Tr. 2007-2*, 18 Civ. 1781 (PGG) (S.D.N.Y. Oct. 11,

2019) ....................................................................................................................................... 14

*Mount v. Pulsepoint, Inc.*, 13 Civ. 6592 (NRB) (S.D.N.Y. Aug. 17, 2016) ................................. 14

N.Y. G.B.L. §§ 349 and 350 .......................................................................................................... 19

*Nolan v. State,* 158 A.D.3d 186, 195, 69 N.Y.S.3d 277 (1st Dep't 2018) .................................... 22

*Novak v. Overture Services, Inc.*, 309 F. Supp. 2d 446 (E.D.N.Y. 2004) .................................... 13

*Orlander v. Staples, Inc.,* 802 F.3d 289, 300 (2d Cir. 2015) ....................................................... 15

*Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 N.Y.2d 20, 25 [1995] 19

*Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*, 85 N.Y.2d 20, 25, 623

N.Y.S.2d 529, 647 N.E.2d 741 [1995] .................................................................................. 16

*Parris v. New York City Housing Authority*, 364 F. Supp. 3d 284 (S.D.N.Y. 2019) .................... 23

*Schwartzco Enters. LLC v. TMH Mgmt., LLC*, 60 F. Supp. 3d 331, 359 (E.D.N.Y. 2014) .......... 17

See *Ram v. Moritt,* 205 A.D.2d 516, 517 (2d Dep't 1994). ........................................................... 23

*Seldon v. Magedson*, 11 Civ. 6218 (PAC)(MHD) (S.D.N.Y. Jul. 9, 2012) .................................. 13

*Shafir v. Continuum Health Partners, Inc.*, 57 F. Supp. 3d 325 (S.D.N.Y. 2014) ......................... 9

*Sher v. Luxury Mortg. Corp.*, Civil Action No. ELH-11-3656 (D. Md. Nov. 19, 2012) ................ 9

*Small v Lorillard Tobacco Co.*, 94 N.Y.2d 43, 55 [1999] .............................................................. 19

*Steele v. Goodman*, Civil Action No. 3:17cv601 (E.D. Va. Jul. 25, 2019 ...................................... 6

*Steele v. Goodman*, Civil Action No. 3:17cv601 (E.D. Va. Jul. 25, 2019) .................................... 5

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

*Time, Inc. v. Firestone*, 424 U.S. 448 (1976)................................................................. 21

*Waldbaum v. Fairchild Publ'ns, Inc.,* 627 F.2d 1287, 1296-97 (D.C. Cir. 1980)...................... 22

## Statutes

47 U.S.C. § 230(c)(1).............................................................................................. 13

N.Y. G.B.L. §§ 349-350 .......................................................................................... 18

New York's General Business Law §§ 349-350 ............................................................ 13

NY GLB § 350...................................................................................................... 17

## Other Authorities

Fed. R. Civ. Proc. Rule 24 ....................................................................................... 5

## Rules

Fed. R. Civ. Proc. Rule 12(b)(6)............................................................................. 1, 5

Rule 104 and 901 of the Federal Rules of Evidence....................................................... 11

Rule 12(b)(6)............................................................................................... 6, 19, 22

Rule 56............................................................................................................... 6

Rule 9(b) ........................................................................................................... 16

## Treatises

"Richard A. Givens, Practice Commentaries, McKinney's Cons Laws of NY, Book 19, General

    Business Law § 349 at 565 [1988 ed] ................................................................. 17

# Organization of Document

Contents

**BACKGROUND AND PROCEDURAL HISTORY** ................................................... 6

**UNDISPUTED FACTS** ........................................................................................... 7

**LAW AND ARGUMENT** ....................................................................................... 9

*DISPUTED ISSUES REGARDING EXHIBITS A THRU H* ...................................... 9

*ATTEMPT TO RELITIGATE PORT OF CHARLESTON INCIDENT* ..................... 10

*DEFENDANT'S MISPLACED RELIANCE ON COMMUNICATIONS DECENCY ACT* ........ 13

*PLAINTIFF'S HARM AND INJURY PER N.Y. GENERAL BUSINESS LAW* .......... 14

*NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS* .......... 20

*DEFAMATION AND DEFAMATION PER SE* ...................................................... 23

**SUMMARY** ......................................................................................................... 24

**ATTESTATION** .................................................................................................. 25

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

## BACKGROUND AND PROCEDURAL HISTORY

1.      The Plaintiff attempted to intervene pursuant to Fed. R. Civ. Proc. Rule 24 in the slander,

defamation and libel lawsuit against the Defendant (*Steele v. Goodman*, Civil Action No.

3:17cv601 (E.D. Va. Jul. 25, 2019)) while this Court considered the ORDER TO SHOW

CAUSE matter (ECF Dkt. 65).

2.      By ORDER (ECF Dkt. 87) District Judge Valeria Caproni authorized the filing of the

present operative complaint (Second Amended Complaint [Dkt. 88]); citing, "[t]his is a frivolous

dispute between two litigants whose voluminous court filings rehash their incomprehensible and

illogical online conspiracy theories."

3.      Recently, the Defendant submitted three (3) different requests to have the provisions of

the ORDER of 10/24/2019 (**ECF Dkt. No. 97**) by Magistrate Judge Stewart D. Aaron amended

to extend the Defendant's response to the Plaintiff's Second Amended Complaint (**[SAC], Dkt.**

**No. 88**).  The Court allowed for an extension, and on November 18, 2019 the Defendant filed his

papers (ECF Dkt. No. 105 and 106) which invoked **Fed. R. Civ. Proc. Rule 12(b)(6).**

4.      As a preliminary matter, the Defendant was informed at a pre-trial conference verbally by

the Magistrate Judge that a motion to dismiss would likely be a waste of time and that his Honor

remained "skeptical" of the success of such a motion.

5.      On November 19, 2019 the Plaintiff sent an e-mail message to the Defendant's email and

Magistrate's chambers e-mail address and simultaneously placed in the U.S. Mail (with Priority

Mail postage) the Plaintiff's letter motion seeking clarification as to the Court's proposed

treatment of the Defendant's papers (Dkt. no. 105 and 106).  The letter motion entitled,

"PLAINTIFF'S LETTER MOTION FOR CLARIFICATION AS TO HOW THE COURT WILL

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

PROCEED WITH DEFENDANT'S PAPERS (ECF DOCS. NO. 105 & 106)", requested

guidance from the Court regarding a Court conversion of the Defendant's **Rule 12(b)(6)** motion

(105 and 106) into a **Rule 56** Motion for Summary Judgment based on the introduction of out-of-

scope exhibits submitted by the Defendant that exceed the four corners of the **SAC (Dkt. no.**

**88)**.  That letter motion is hereby incorporated within this pleading as if fully restated.

## UNDISPUTED FACTS

6.      The Defendant attached **Exhibits A thru H to ECF Dkt. No. 105** as follows:

- Attached as **Exhibit A (Exh. A)** is an electronic message sent from **Robert David Steele**
  to **Jason Goodman** and **George Webb** on June 15, 2017 cancelling a Skype interview
  following the **Port of Charleston (S.C.) "dirty bomb hoax"**.
- Attached as **Exh. B** is one page of a motion submitted to the U.S. District Court in the
  Robert David Steele lawsuit in the Eastern District of Virginia (*Steele v. Goodman*, Civil
  Action No. 3:17cv601 (E.D. Va. Jul. 25, 2019).
- Attached as **Exh. C**  are 27 pages of the presiding judge's order in the unsuccessful
  intervention by the Plaintiff in the **Virginia case.**
- Attached as **Exh. D** is a two-page letter to the Captain of The Port concerning the subject
  of "**Closure of the Port of Charleston, June 14th, 2017**".
- Attached as **Exh. E** are 18 pages of time stamps that is purported to be an
  unauthenticated copy of gibberish concerning a "Skype" call that took place sometime in
  December 2017.
- Attached as **Exh. F** is a letter to David Charles Hawkins from his school tutor, dated
  1964.  A very poor copy of a document from the supposed Queens College that granted a
  degree to Hawkins for BACHELOR OF ARTS.
- Attached as **Exh. G** is what appears to be a self-incriminating letter Defendant sent to the
  REDBUBBLE merchandising site.  Defendant complains that artwork for the "Deep
  State Dunces" and "Iran Contra Crazies" should not have been removed by
  REDBUBBLE in a follow-up letter of 11/28/2018.
- Attached as **Exh. H** is a screen shot of a non-existent channel on YouTube.com.

7.      In his papers (Dkt. no. 105) Defendant complains of some conspiracy to interfere with his

business, and personal life, etc.  Once again, this "conspiracy" – which has nothing to do with

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

the Plaintiff -- was narrowed down to the paid political operative known as Manuel Chavez, III
of Carson City, Nevada who has had extensive e-mail and telephone contact with Defendant, as
reported in many social media YouTube videos posted by Chavez.

8.      Defendant complains once again in his papers (Dkt. no. 105) that this conspiracy of
"filing simultaneous lawsuits" involved the Plaintiff – when in fact the opposite was openly
admitted to by Mr. Chavez.  The "conspiracy to file simultaneous lawsuits" – according to
public video content distributed by Chavez – involved the Virginia plaintiff's attorney (Steven
Scott Biss) in the Virginia federal lawsuit, who had authored a draft complaint on behalf of
Chavez for filing in the courts of the State of Arizona in October 2017 – to coincide with the
federal lawsuit in Virginia (CASE #: 3:17-cv-00601-MHL).

9.      The plan – which is widely known by the Defendant and a dozen YouTube videos –
indicates that Mr. Chavez was in direct e-mail and telephone communications with Robert
David Steel, Steele's attorney, the attorney's wife, and the attorney's brother-in-law.  None of
this touches the Plaintiff.

10.     It has been demonstrated over and over that the Plaintiff had no relationship with Mr.
Chavez, the plaintiff (Robert David Steele) or the plaintiff's lawyer (Steven Scott Biss, 300
West Main St, Ste 102, Charlottesville, VA 22903, 804-501-8272, Fax: 202-318-4098, Email:
stevenbiss@earthlink.net), or the spouse of Mr. Biss (Tanya Biss aka Tanya Cornwell) or the
purported brother-in-law of Mr. Biss (Tyrone Simpson aka "Frank Bacon").  The Defendant
knows this; but, nonetheless as proffered these worn out theories and beliefs upon this Court.

11.     The Defendant was recorded discussing litigation strategy with Mr. Chavez as described
in **para.s 20 to 23** in the attached **Exhibit ONE.**

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

**GOODMAN**: "He's been working with Robert David Steele, you were working for Robert David Steel, at the time, Sweigert (Plaintiff) was working with you, Tyrone Simpson was working with you and Sweigert and these are the elements of the conspiracy."

**CHAVEZ**: "Yeah, I mean you got the conspiracy down pretty well. I mean. I will send you everything that shows my Patreon and she (attorney's wife) was paying me on Patreon for sure. But, was I working in concert with Dave Acton (Plaintiff) and those guys, yeah, f_ck it, why not. I will say whatever. (Laughter)."

12.     Mr. Chavez – according to the Defendant – was the key ring leader of this conspiracy operating with the spouse of **Mr. Biss, Tanya Biss**, Tyrone Simpson and Robert David Steele. The Plaintiff has had nothing to do with this group and has provided copies of sworn statements to the Defendant on several occasions (many posted on the Virginia docket).

## LAW AND ARGUMENT

*DISPUTED ISSUES REGARDING EXHIBITS A THRU H*

13.     The Plaintiff questions the relevancy and authenticity of Defendant's **Exhibits B, C, D, E, F and H.** For the most part Defendant attempts to relitigate issues associated with his other slander, libel and defamation lawsuit in the U.S. District Court for the Eastern District of Virginia - (Richmond), (*Steele v. Goodman*, Civil Action No. 3:17cv601 (E.D. Va. Jul. 25, 2019). Two podcast sidekicks of the Defendant are named as defendants in that lawsuit: Patricia "Trish" Negron of Boston, Massachusetts and Susan B. Holmes (aka Queen Tut) of Fort Collins, Colorado. The three are accused of running a months long smear campaign against the plaintiff (Steele).

14.     Unfortunately, the Defendant has brought his Virginia dirty laundry bag and his allegations that the Plaintiff is involved in some conspiracy against to this Court. These Virginia dirty laundry bag issues are completely outside-the-scope of the four corners of the complaint,

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

which now may require the Court's conversion of the Defendant's papers (105) into a motion

pursuant to **Fed. R. Civ. Proc. Rule 56.** *Shafir v. Continuum Health Partners, Inc.*, 57 F. Supp.

3d 325 (S.D.N.Y. 2014), *Bejaoui v. City of N.Y.*, 13-CV-5667 (NGG) (RML) (E.D.N.Y. Mar. 31,

2015), *Sher v. Luxury Mortg. Corp.*, Civil Action No. ELH-11-3656 (D. Md. Nov. 19, 2012) and

*Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 156-57 (2d Cir. 2006).

*ATTEMPT TO RELITIGATE PORT OF CHARLESTON INCIDENT*

15.    The Defendant spends considerable time in his papers (105) attempting to exonerate

himself from the Port of Charleston (S.C.) "dirty bomb hoax" of June 14th, 2017. The

Defendant's culpability in the Port of Charleston affair is NOT an issue in this instant case – the

Defendant's misconduct between January and June 2019 should be of primary concern to this

Court (especially as this misconduct occurred while this instant lawsuit was in a general stay of

proceedings – See ORDER, Dkt. No. 65).

16.    The undisputed source of the Port of Charleston "dirty bomb hoax" was a man named

Oakey Marshall Richards. Following the June 14th 2017 "dirty bomb hoax", and with

knowledge that Mr. Richards was the source of the information, the Defendant produced

approximately thirty (30) Crowdsourced The Truth shows featuring Mr. Richards with the new

podcast name "Rock Hudson" of the "Hudson Intelligence Report". This information is

contained in **Exhibit TWO, para. 4 to 5,** attached to this pleading; quoted in relevant part:

> "Published on May 31, 2018
> About 1 year ago, George Webb Sweigert introduced me to an individual allegedly
> named "Richard Stone". According to the two, Stone was a Vietnam veteran with
> experience as a "contractor to U.S. intelligence services". **Stone would call George or
> me daily with information**, insights and updates. George would consistently reiterate
> that Stone was one of his best sources of intelligence, and would refer to him in his own
> YouTube broadcasts as **"Deep Uranium"**
>
> In time, I convinced Stone to come on Crowdsource the Truth as I was not comfortable
> receiving his information and paraphrasing or sharing it as my own. I prefer to have

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

guests provide their accounts firsthand and let the Crowdsource community decide for themselves.

To protect his identity, "Stone" became **"Rock" and Mr. Hudson** was born.

Many viewers enjoyed Mr. Hudson's baritone delivery of conservative political views and his irreverent comments on the Clintons, Obama and others who would defy the constitution for their own political gain.

Months ago, inexplicable behavior, coupled with an abrupt departure terminated regular Hudson Report broadcasts. **George's brother Dave "Acton" Sweigert recently (and mysteriously) revealed Mr. Deep Uranium Hudson to be not Richard Stone, but in fact, Okey Marshall Richards.** This lead us to **Ray Looker, a Messianic Rabbi** and former West Virginia Militia supporter. According to Looker, Richards worked for the FBI in the 1990's as a provocateur. Looker says Richards framed him for crimes he did not commit, in part for money and the self aggrandizing satisfaction of living out fantasies as a "Secret Government Agent" and in part to help the FBI secure an additional $1,000,000,000 per year in funding to fight radical domestic terrorism.

Download the searchable court transcript – https://drive.google.com/file/d/1DaMP..".

17.    In this context (see above) the insinuations by the Defendant that the Plaintiff was a planner of the Port of Charleston "dirty bomb hoax" (assignment of culpability belongs in the Virginia dirty laundry bag) is completely out-of-scope for this adjudication.  The Defendant absolutely knowns that "Rock Hudson" (aka Oakey Marshall Richards" was the source of "dirty bomb hoax" drama.  That did not stop the Defendant from providing a forum to "Rock Hudson" to conduct more than thirty (30) CrowdSource The Truth podcasts.  This speaks to the duplicity of the Defendant, which smacks of fraud upon the Court.

18.    Defendant's **Exhibit E** raises issues already addressed in the Virginia court via Plaintiff's **Exhibit THREE (attached).**  Defendant's **Exh. E** is a non-authenticated output of some type of software that parsed a purported conversation that took place on-line some time in "December 2017".  Again, this out-of-scope discussion is more Virginia dirty laundry bag stuff.

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

19.     The Defendant was warned in the Virginia litigation that this document's authenticity is

disputed.  The Defendant has received several months adequate notice of the need to cure the

authenticity problem with **Exh. E** – he has not.  Specifically, the Defendant was advised by

communications contained in **Exhibit THREE, pg.s 4-7,** that the Skype transcript did not rise to

the level of **Rule 104 and 901 of the Federal Rules of Evidence (F.R.E.).  See para. 8 to 16,**

**Exhibit THREE** (attached); quoted in relevant part:

> "Nathan Stolpman (aka LTV), Manuel Chavez III (aka Defango), Tyrone Simpson (aka
> Frank Bacon), David George Sweigert (aka Dave Acton) discuss using government
> processes, military processes and law enforcement processes in combination with the
> steemit.com blockchain social media network in an organized, monetized attack on Jason
> Goodman." [video description written by Defendant]

> And

> **"FRANK BACON OFFERS TO GET DAVE "ACTON" SWEIGERT PAID BY
> STEEMIT.COM TO HARASS JASON GOODMAN"**
> [video headline written by defendant]

> And

> "Has David George Sweigert "Gone Postal"?

> David Sweigert at the Mesa AZ post office on December 1, 2108 where he was added to
> PO Box 152 officially with the assistance and full knowledge of the PO Box owner. This
> was done to cover up his false statements in court documents related to federal civil
> action he has brought against Jason Goodman. These false statements were submitted to
> USDC SDNY claiming PO Box 152 Mesa AZ was his true and accurate legal mailing
> address During October and November of 2018. **This video and his mailing of a US
> Postal money order in the amount of $1 is an attempt to cover up his violation of 18
> U.S. Code § 1001,** a statue General Michael Flynn currently faces potential jail time for
> allegedly violating. Violation of this statue is a felony and carries a maximum penalty of
> 5 years in prison. Sweigert has removed this video recording from his YouTube **channel
> in an ongoing effort to spoliate evidence of crimes he has committed in an attempt to
> further false claims** and defamatory accusations against Jason Goodman and
> Crowdsource the Truth."

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

[emphasis added, video description written by the Defendant]

*DEFENDANT'S MISPLACED RELIANCE ON COMMUNICATIONS DECENCY ACT*

20.     The Defendant's reliance on Section 230(c)(1) of the Communications Decency Act

(Title 47) is entirely misplaced ("[n]o provider or user of an <u>interactive computer service</u> shall be

treated as the publisher or speaker of any information provided by another information content

provider." 47 U.S.C. § 230(c)(1)).  By his own words the Defendant claims:

> "Our video programs are frequently accompanied by political photo-cartoons and
> comedic photo collages which include depictions of the political figures, newsmakers,
> celebrities and individuals we discuss on the show.  Our contributors include journalists,
> legal experts, criminal investigators, authors, commentators, political figures, celebrities
> and members of the general public."  **(See Exh. G, Dkt. no. 105, pg. 91).**

> And

> "Defendant offers a for-pay video subscription service that gives viewers access to news,
> information and entertainment video programming in exchange for a monthly fee**."**
> **(Doc. no. 105, pg. 15)**

21.     Defendant's above statements indicate a direct involvement in the creation of podcast

video contact provided to the general public for a consumer expense (payment).  By the

standards developed by the Second Circuit the Defendant and his Crowdsource The Truth social

media footprint are "publishers" of content and not "an interactive computer service".  See *Force*

*v. Facebook, Inc.*, No. 18-397 (2d Cir. Jul. 31, 2019) quoted in relevant part below:

> "Certain important terms are left undefined by Section 230(c)(1),  including "publisher."
> 47 U.S.C. § 230(c)(1). This Circuit and others have generally looked to that term's
> ordinary meaning: "one that makes public," *Klayman v. Zuckerberg,* 753 F.3d 1354, 1359
> (D.C. Cir. 2014) (citing Webster's Third New International Dictionary 1837 (1981)); "the
> reproducer of a work intended for public consumption," LeadClick, 838 F.3d at 175
> (citing Barnes v. Yahoo!, Inc., 570 F.3d 1096, 1102 (9th Cir. 2009) (quoting Webster's
> Third New International Dictionary 1837 (Philip Babcock Gove ed., 1986)))"

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

22.     It is instructive to note the wisdom in *Seldon v. Magedson*, 11 Civ. 6218 (PAC)(MHD)

(S.D.N.Y. Jul. 9, 2012), quoted in relevant part:

> "This grant of immunity applies only if the interactive computer service provider is not
> also an "information content provider" -- a person or entity who is "responsible, in whole
> or in part, for the creation or development of" the complained-of content. 47 U.S.C. §
> 230(f)(3); see also *Ascentive, LLC v. Opinion Corp.*, --- F.Supp.2d ----, 2011 WL
> 6181452, at *16 (E.D.N.Y. Dec. 13, 2011). "

23.     The proposition that the Defendant is really an "information content provider" and/or

"publisher" under CDA Section 230 is amplified in *Novak v. Overture Services, Inc.*, 309 F.

Supp. 2d 446 (E.D.N.Y. 2004), quoted in relevant part below:

> "Section 230(c)(1) states that "[n]o provider or user of an interactive computer service
> shall be treated as the publisher or speaker of any information provided by another
> information content provider." 47 U.S.C. § 230(c)(1). Under Section 230(c), an
> "interactive computer service" qualifies for immunity so long as it does not also function
> as an "information content provider" for the portion of the statement or publication at
> issue. See Carafano v. Metrosplash.Com. Inc., 339 F.3d 1119, 1123 (9th Cir. 2003)."

*PLAINTIFF'S HARM AND INJURY PER N.Y. GENERAL BUSINESS LAW*

24.     The Defendant seeks dismissal of **COUNT I of the SAC (Dkt. no. 88)** as for its reliance

on New York's General Business Law §§ 349-350 (herein NY GLB §§ 349-350). "Plaintiff is

not a consumer in New York State and not a customer of Defendant, so Plaintiff does not have

standing." (**Dkt. no. 105, pg.s 14 – 15**).  Again, the Defendant is mistaken.

25.     As a preliminary matter residency or location of transaction is not an issue here.  As

stated in *Gunther v. Capital One*, 09-cv-2966 (ADS) (AKT) (E.D.N.Y. Apr. 8, 2010); quoted in

relevant part:

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

Section 349(a) declares unlawful: "[d]eceptive acts or practices in the conduct of any
business, trade or commerce or in the furnishing of any service in this state. . . ."
Interpreting Section 349, the Court of Appeals of New York State has held that a non-
New York resident may assert a claim under Section 349, but that to state a claim under
this section "the transaction in which the consumer is deceived must occur in New York."
Goshen v. Mutual Life Ins. Co. of New York, 98 N.Y.2d 314, 324, 774 N.E.2d 1190, 746
N.Y.S.2d 858 (2002).

26.    For the record, the **Plaintiff DID** purchase a subscription to the CrowdSource The Truth

PATREON paid subscriber service (in approximately July 2017 [can be verified via Defendant

or Patreon]).  The Plaintiff held this subscription until the Defendant spotted the Plaintiff's name

in the subscriber list and deleted the Plaintiff's access a few weeks after the subscription was

purchased.  The Defendant announced these actions in a podcast video distributed over the

CrowdSource The Truth social media footprint.

27.    Regarding Plaintiff's claims for injuries, non-pecuniary injuries have been held to create

injuries that violate the GLB § 349 injury requirement as noted in *Mount v. Pulsepoint, Inc.*, 13

Civ. 6592 (NRB) (S.D.N.Y. Aug. 17, 2016); quoted in relevant part:

> "Turning to the GBL § 349 injury requirement, the Court held that plaintiff's allegations
> of anxiety, distress, and pre-litigation attorney's fees were sufficient. In addition, it
> "[could ]not be doubted that a privacy invasion claim . . . may be stated under GBL § 349
> based on non-pecuniary injury, such as deprivation of the right to maintain the privacy of
> medical records." Id. (citing CVS, 188 Misc. 2d 616, 728 N.Y.S.2d 333)."

28.    Non-pecuniary emotional injuries have been held to meet this threshold as stated in

*Michelo v. Nat'l Collegiate Student Loan Tr. 2007-2*, 18 Civ. 1781 (PGG) (S.D.N.Y. Oct. 11,

2019); quoted in relevant part:

> "As an initial matter, the Court acknowledges that "[e]motional harm . . . satisf[ies] the
> injury requirement for a claim under . . . GBL § 349." Guzman, 2018 WL 1665252, at
> *12 (internal quotation marks and citation omitted). "Courts have repeatedly held that
> fear and other emotional strain stemming from consumer fraud is sufficient to establish
> injury under § 349." (Michelo Opp. Br. (Dkt. No. 82) at 45) See, e.g., Wood v. Capital
> One Servs., LLC, 718 F. Supp. 2d 286, 292 (N.D.N.Y. 2010) ("Plaintiff claims that, by

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

virtue of the misleading Letter, he suffered humiliation, anger, anxiety, emotion[al] distress, fear, frustration, and embarrassment. . . . By alleging specific non-pecuniary harms resulting from the purportedly misleading practice of transmitting the Letter, Plaintiff has gone beyond making the conclusory allegation that Movants caused actual damages and injury." (internal quotation marks and citations omitted)); Rozier v. Fin. Recovery Sys., Inc., No. 10-CV-3273 DLI JO, 2011 WL 2295116, at *5 (E.D.N.Y. June 7, 2011) ("Plaintiff alleges that he has 'suffered and continue[s] to suffer actual damages . . . including damages associated with . . . humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment. "

29.    To assert a claim under either section (NY GLB §§ 349-350), "a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice." *Orlander v. Staples, Inc.,* 802 F.3d 289, 300 (2d Cir. 2015) (citing *Koch v. Acker, Merrall & Condit Co.,* 18 N.Y.3d 940 (2012)); see *Maurizio v. Goldsmith,* 230 F.3d 518, 521 (2d Cir. 2000) (citing the elements for a prima facie case under section 349).

30.    At issue are the following paragraphs of the SAC (Dkt. 88):

**Para. 34:**  These activities <u>damaged</u> the undersigned's business, trade and profession.

**Para. 43:**  By relying on monikers such as "Cambridge educated forensic economist", Hawkins <u>deceives the public</u> that he has attained a professional designation that is related to the presentation of evidence within a framework of rules relied upon by the courts. The use of this fake title is leveraged <u>to sway consumers to believe Hawkins and his conclusions.</u>

**Para. 52:**  For over 18 months, Def Goodman has engaged (and continues to engage) in deceptive business practices as part of his ruthless quest to harass, threaten, defame and embarrass the Plaintiff, serving two purposes: (1) obtain monies from consumers and the public, (2) <u>destroy the public reputation of the undersigned.</u>

**Para. 60:**  This is a <u>direct attack on the profession, trade and business</u> of the undersigned.

**Para. 63:**  Defendant Goodman and his agents, employees, CSTT role players, and proxies have disrupted every aspect of Plaintiff's life, <u>causing extreme mental anguish and unfathomable emotional distress.</u> Further, Goodman's conduct (and that of his

agents) has interrupted the Plaintiff's professional life and <u>decimated the Plaintiff's professional reputation</u>. [emphasis added]

31.     To refresh the Court's memory, the slanderous statements concerning the Plaintiff's credentials, professional ethics, associations with criminals, negligent behavior that resulted in the death of a Naval officer at the Pentagon on September 11, 2001 are statements that are not susceptible to widely different interpretations. *Buckley v. Littell*, 539 F.2d 882 (2d Cir. 1976).

32.     Accordingly, when analyzing the issue of whether a plaintiff has standing to commence a private action pursuant to section **349 (h),** the Court of Appeals has confined its analysis to determining the **nature of the alleged injury and whether it is sufficiently connected to the asserted unlawful conduct** (*see City of New York v Smokes-Spirits.Com, Inc.,* 12 NY3d at 622-624; *Blue Cross & Blue Shield of N.J., Inc. v Philip Morris USA Inc.,* 3 NY3d at 206-208).

33.     In this regard, the Court has stated that plaintiffs "must **... plead that they have suffered actual injury** caused by a materially misleading or deceptive act or practice" (*City of New York v Smokes-Spirits.Com, Inc.,* 12 NY3d at 623). **Causation is adequately pled** where a plaintiff alleges that the defendant's material deception caused the plaintiff to suffer damages (see Plaintiff's allegations above). [emphasis added]

34.     A prima facie case [under § 349] requires * * * a showing that defendant is engaging in an act or practice that is deceptive or misleading in a material way and that plaintiff has been injured by reason thereof" (*Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*, 85 N.Y.2d 20, 25, 623 N.Y.S.2d 529, 647 N.E.2d 741 [1995]   "[B]ecause § 349 extends well beyond common-law fraud to cover a broad range of deceptive practices" and "does not require proof of the same essential elements (such as reliance) as common-law fraud, **an action under § 349 is not subject to the pleading-with-particularity requirements of Rule 9(b),** . . . ."

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

*Schwartzco Enters. LLC v. TMH Mgmt., LLC*, 60 F. Supp. 3d 331, 359 (E.D.N.Y. 2014) (quoting

*Pelman ex rel. Pelman v. McDonald's Corp.*, 396 F.3d 508, 511 (2d Cir. 2005)); see also

*Leonard v. Abbott Labs., Inc.*, No. 10-CV-4676, 2012 WL 764199, at *19 (E.D.N.Y. Mar. 5,

2012). "There is no requirement that the plaintiff **show specific dollar injury**, or to obtain

injunctive relief that there even be pecuniary injury at all" and "the Legislature determined . . .

that consumer deceptions of this sort inherently hurt the public—including both consumers

themselves and legitimate business", Richard A. Givens, Practice Commentaries, McKinney's

Cons Laws of NY, Book 19, General Business Law § 349 at 565 [1988 ed] [emphasis added]

35.      Regarding NY GLB § 350,  "[f]alse advertising in the conduct of any business, trade or

commerce or in the furnishing of any service in this state".  Advertising is "false" if it "is

misleading in a material respect" (General Business Law § 350-a [1]).  As stated on hundreds of

occasions by Def Goodman, the YouTube broadcasts of CrowdSource The Truth are merely an

**advertisement and/or commercial solicitation** to entice people to follow the broadcast

conversation and content behind a "pay-wall" (the "**free**" component of CrowdSorce The Truth

podcasts).   During "**free**" podcasts consumers are misled with deceptive statements and then

invited, directed, and enticed to continue the "entertainment" on PATREON.com (the "**paid**"

component of broadcasts).  The PATREON pay-wall requires a "**paid**" subscription, and it is

here where Goodman offers up the meaty dirt and gossip on his targets (the undersigned is

blocked from viewing this content).

36.      Recall the Defendant's own words:

> "Defendant offers a for-pay video subscription service that gives viewers access to news,
> information and entertainment video programming in exchange for a monthly fee." **(Dkt.
> no. 105, pg. 15)**

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

37.     The Plaintiff has a property interest in the maintenance of his professional Information

Technology (I.T.) security credentials to support projects related to the U.S. Department of

Homeland Security.  These credentials, such as "**Certified Ethical Hacker**", require on-going

professional education and adherence to various codes of ethics.  The ethical conduct of the

Plaintiff was directly assailed in a months long CrowdSource The Truth advertising campaign to

attract new users to the Patreon ("paid") service.  This campaign began while this Court had the

matter of the ORDER TO SHOW CAUSE (ECF Dkt. No. 65) under advisement (January to June

2019).

38.     The repeated use of the Google search tag lines "sweigert ethical hacker" in the titles and

descriptions of the Defendant's podcasts were designed to maximize the use of Google search

engine optimization (SEO) techniques.  To restrain the impact of these repeated podcast attacks

(relying on the use of words "sweigert ethical hacker" in podcast titles/descriptions) and their

subsequent display in Google searches.

39.     Besides the emotional angst, fear, anxiety and intimidation, Plaintiff suffered significant

costs in postage, mileage, PACER court docket access fees, printing and loss of dozens of hours

of productive time due to Plaintiff's attempts to mitigate the weekly damage that focused on the

Plaintiff's alleged unethical behavior, destruction of evidence, failure to report computer network

vulnerabilities, etc. (two one-hour podcasts a week).  These costs in time and money represent an

injury to Plaintiff's property interest in trade, business and reputation -- caused as a direct

proximate cause by the Defendant's deceptive advertisement campaign.

40.     A well pled N.Y. G.B.L. §§ 349-350 complaint need not particularize the deceptive

practice but should, at a minimum, allege " that ( defendants ) engaged in consumer-related

activity that effected consumers at large, utilized tactics that were deceptive and misleading in

material respects, disseminated advertising through various mediums, that was false in material respects, and injury resulting from ( defendants' ) business practices and advertising" ) *Gabbay v. Mandel,* New York Law Journal, March 10, 2004, p. 19, col. 3 ( N.Y. Sup. 2004 ). The Plaintiff has met this burden.

41.     Claims under N.Y. G.B.L. §§ 349 and 350 are available to "an individual consumer who falls victim to misrepresentations made by a seller of consumer goods through false or misleading advertising" (*Small v Lorillard Tobacco Co.*, 94 N.Y.2d 43, 55 [1999]; see also *Goshen v Mutual Life Ins. Co.,* 98 N.Y.2d 314, 324 n 1 [2002]). To state such a claim, a plaintiff must allege that the defendant has engaged "'in an act or practice that is deceptive or misleading in a material way and that plaintiff has been injured by reason thereof'" (id. at 324, quoting *Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank,* 85 N.Y.2d 20, 25 [1995])

*NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS*

42.     Defendant claims "Plaintiff has combined two separate causes of action, each with different elements, within a single claim.  This is not cognizable in fact or law."  (Dkt. no. 105, pg. 18).  Essentially the Defendant is relying on the header in the complaint to assume there is a combination of legal torts.  This theory fails.

43.     As determined in *Caraveo v. Nielsen Media Research, Inc.*, 01 Civ. 9609 (LBS) (RLE) (S.D.N.Y. Jan. 22, 2003) the Court needs to make all possible inferences on the non-moving party's behalf in the case of a Rule 12(b)(6) motion to dismiss; quoting in relevant part:

> "A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure should be granted only if it appears beyond doubt that "'no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *H.J., Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989) ( citing Hisbon v. King Spalding, 467 U.S. 69, 73 (1984)). In reviewing a Rule 12(b)(6) motion, this Court must accept the factual allegations of the complaint as true and must draw all reasonable inferences in favor of the plaintiff. Hishon, 467 U.S. at 73."

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

*LIMITED PURPOSE PUBLIC FIGURE*

44.     It would be an apparent abuse of discretion for the Court not to overlook the construction

of headings and headers in a complaint.  See *Davis v. NYC Dep't of Educ.,* 10-cv-3812

(KAM)(LB) (E.D.N.Y. Jan. 18, 2012).

> "Further, it is "well established that the submissions of a pro se litigant must be construed
> liberally and interpreted 'to raise the strongest arguments that they suggest.'" Triestman v.
> Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006); see also Hughes v. Rowe, 449
> U.S. 5, 10 (1980) (holding that a pro se party's pleadings must be liberally construed in
> his favor and are held to a less stringent standard than the pleadings drafted by lawyers).
> In addition, because a pro se plaintiff's complaint must be construed liberally, it is
> appropriate for the court to consider the factual allegations in plaintiff's opposition
> materials to supplement the allegations in her Complaint. Burgess v. Goord, No. 98-CV-
> 2077, 1999 WL 33458, at *2 n.1 (S.D.N.Y. Jan. 26, 1999) (quoting Gadson v. Goord, No.
> 96 Civ. 7544, 1997 WL 714878, at *1 n.2 (S.D.N.Y. Nov. 17, 1977))."

45.     The Defendant prematurely raises the issue of whether the Plaintiff is a "limited purpose

public figure". (Dkt. 105, pg. 19).  Setting aside the fact that the Plaintiff alleged actual malice,

this classification ("limited purpose public figure") has yet to be determined by this Court and is

broached in a conclusionary manner in Dkt. no. 105.  Meanwhile, the Plaintiff has demonstrated

the actual malice of the Defendant in the SAC (88) with convincing clarity.  *Foretich v. Capital*

*Cities/ABC, Inc.*, 37 F.3d 1541 (4th Cir. 1994).

46.     The Defendant would be well advised to examine *La Liberte v. Reid*, 18-cv-5398 (DLI)

(VMS) (E.D.N.Y. Sep. 30, 2019); quoted in relevant part:

> "The limited purpose public figure is an individual who voluntarily injects him or herself
> or is drawn into a specific public controversy, thereby becoming a public figure on a
> limited range of issues." Ampex Corp. v. Cargle, 128 Cal. App.4th 1569, 1577 (2005). To
> determine whether an individual is a limited purpose public figure, the Court must apply
> a three-pronged test: (1) there must be a public controversy, which means the issue was
> debated publicly and had foreseeable and substantial ramifications for nonparticipants;
> (2) the plaintiff must have undertaken some voluntary act through which she sought to

influence resolution of the public issue, and, in this regard, it is enough that the plaintiff seeks to thrust herself into the public eye; and (3) **the alleged defamation must be germane to the plaintiff's participation in the controversy."** [emphasis added].

47.    The Defendant does not provide any information as to what the "public controversy" is exactly. The term "limited purpose public figure" is a litigation term and is applied by the Court after a reasonable inquiry. Whether the Plaintiff is a "limited purpose public figure" is a factual uncertainty at this stage of litigation.

48.    One could possibly assume that the Defendant believes the publication of the Plaintiff's book addressing the Port of Charleston (S.C.) "dirty bomb hoax" is "thrusting himself" into a matter of public debate. Or, was it the fact that the Plaintiff created a study aid for students attempting their Certified Ethical Hacker credential – the act of writing a book is considered by the Defendant to be thrusting activity in some type of public debate. The Defendant believes that the Plaintiff, while acting as a licensed Emergency Medical Technician (EMT) and providing earthquake preparation information on a social media podcast in 2012 using the name "Dave Acton", creates "limited purpose public figure" status – it does not. Whether the Plaintiff is a "limited purpose public figure" is a factual uncertainty at this stage of litigation.

49.    In this Circuit the standards of *Gertz v. Robert Welch, Inc.*, 418 U.S. 323 (1974) are applied to make such a determination – which is irrelevant to a motion to dismiss pursuant to Rule 12(b)(6). The publication of technical manuals (to include the report on the Port of Charleston affair) and an EMT public service message in 2012 is not the sort of 'public controversy' referred to in *Getz. Time, Inc. v. Firestone*, 424 U.S. 448 (1976).

50.    To determine whether a defamation plaintiff is a "limited purpose public figure" a court typically considers (1) whether one or more public controversies existed at the time of the alleged defamation, (2) whether the plaintiff played an important role in such a controversy, and

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

(3) whether the publication or broadcast at issue was germane to the plaintiff's role in the

controversy. *Trotter v. Jack Anderson Enters., Inc.*, 818 F.2d 431, 433-34 (5th Cir. 1987). For

purposes of this analysis, a "public controversy" includes "any topic upon which sizeable

segments of society have different, strongly held views," *Lerman v. Flynt Distrib. Co.,* 745 F.2d

123, 138 (2d Cir. 1984), or a dispute that a reasonable person would expect to affect people

beyond its immediate participants, *Waldbaum v. Fairchild Publ'ns, Inc.,* 627 F.2d 1287, 1296-97

(D.C. Cir. 1980); *Lluberes v. Uncommon Products, LLC,* 663 F.3d 6 (1st Cir. 2011*)* at 13-14.

51.     The Defendant is presumably asking this Court to accept that hours long CrowdSource

The Truth video podcasts about how George H. Sweigert (Plaintiff's father) and his invention of

the cordless telephone (Patent granted June 14, 1969) were used during the murder of Jon-Benet

Ramsey in Boulder, Colorado on Christmas Day 1996 and that as the patent holder his estate

could be sued for the "negligent, willful, reckless" use of the patented technology (see David

Charles Hawkins and the Jason Goodman channel podcast). The Court must assume that this

outlandish "their incomprehensible and illogical" (Dkt. 87) is a "public controversy" to satisfy

the Defendant's Rule 12(b)(6) motion.

*DEFAMATION AND DEFAMATION PER SE*

52.     The Defendant re-alleges that the header in a complaint can be a determination factor in a

Rule 12(b)(6) analysis for a *pro se* litigant. It doesn't.

53.     A complaint asserting a claim for defamation "must allege the time, place and manner of

the false statement and specify to whom it was made." *Dillon v. City of New York,* 261 A.D.2d

34, 38, 704 N.Y.S.2d 1 (1st Dep't 1999). A claim for defamation per se exists when the

allegedly defamatory statement "tend[s] to injure the plaintiff in her trade, business or

profession." *Nolan v. State,* 158 A.D.3d 186, 195, 69 N.Y.S.3d 277 (1st Dep't 2018). *Parris v.*

*New York City Housing Authority*, 364 F. Supp. 3d 284 (S.D.N.Y. 2019).  This was

accomplished in the **SAC (88)**.

54.    The Defendant argues that the Plaintiff has also failed to plead defamation per se.

"[W]ords which affect a person in his or her profession by imputing to him or her any kind of

fraud, dishonesty, misconduct, incapacity, unfitness, or want of any necessary qualification in the

exercise of one's profession" can constitute defamation per se.  See *Ram v. Moritt,* 205 A.D.2d

516, 517 (2d Dep't 1994).

55.    The Plaintiff has sufficiently alleged defamation per se because the Defendant's

accusations that the Plaintiff allowed breaches of professional ethics, may have been negligent in

his duties, and may have allowed hackers to compromise a police computer system injured

Plaintiff's economic interests, trade and profession.

## SUMMARY

**56.**    The Defendant is continuing to fuel the fanciful "conspiracy theory" that the Plaintiff

coordinated the filing of this lawsuit with the cast of characters in the Virginia lawsuit (Mr. Biss,

Biss's wife, Biss's brother-in-law, Mr. Chavez).  This narrative is completely untrue.  This

Virginia dirty laundry belongs to the federal court in Virginia -- which was not persuaded by

any of these assertions by the Defendant.  The filing of this instant lawsuit was not coordinated

with any of the cast of characters listed above.  This is an independent action undertaken solely

by the Plaintiff.  Unfortunately for this Court, the Defendant (not the Plaintiff) has introduced a

dozen of irrelevancies that are completely out-of-scope concerning the four corners of the SAC

(88).  The Defendant's behavior to proffer this dirty laundry upon this Court smacks of fraud.

57.    The Defendant must do more in his Rule 12(b)(6) papers than merely recite conclusory

statements and allegations.  The Plaintiff has alleged plausible and actual malice on the part of

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

the Defendant in the SAC (88).  The Plaintiff has alleged that the Defendant made false

statements about the Plaintiff with knowledge that these statements were false.  Now it is

provable that not only are these false misrepresentations distributed on social media by the

Defendant they are proffered on this Court by a Defendant that must have "realized that his

statement was false or that he subjectively entertained serious doubt as to the truth of his

statement." *Bose Corp. v. Consumers Union of U.S., Inc.*, 466 U.S. 485, 511 n.30  (1984).


## ATTESTATION

I hereby certify that the foregoing pleading is truthful and accurate (to the best of my knowledge)

and are not submitted for the purposes of causing oppression of the Defendant Goodman.

Signed this 22 ___ day of November, 2019.

*D. G. SWEIGERT, C/O*
*GENERAL DELIVERY*
*ROUGH AND READY, CA 95975*
*Spoliation-notice@mailbox.org*

11·22·19

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

# EXHIBITS

## ATTESTATION

The attached exhibits are true and accurate representations of the original source documents.

I hereby certify that the foregoing pleading is truthful and accurate (to the best of my knowledge) and are not submitted for the purposes of causing oppression of the Defendant Goodman.

Signed this ___ day of November, 2019.

*D. G. SWEIGERT, C/O*
*GENERAL DELIVERY*
*ROUGH AND READY, CA 95975*
*Spoliation-notice@mailbox.org*

11·22·19

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

# EXHIBITS

## ATTESTATION

The attached exhibits are true and accurate representations of the original source documents.

I hereby certify that the foregoing pleading is truthful and accurate (to the best of my knowledge) and are not submitted for the purposes of causing oppression of the Defendant Goodman.

Signed this 2 2 day of November, 2019.

*D. G. SWEIGERT, C/O*
*GENERAL DELIVERY*
*ROUGH AND READY, CA 95975*
*Spoliation-notice@mailbox.org*

11·22·19

23

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

# EXHIBIT ONE

UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION
MATTER: STEELE v. GOODMAN, 17-CV-00601-MHL

*D.G. Sweigert, c/o*
*P.O. Box 152*
*Mesa, AZ 85211*
*Spoliation-notice@mailbox.org*

July 11, 2019

Jason Goodman, CEO
Multimedia Systems Design, Inc.
252 7th Avenue
Suite 6-S
New York, NY 10001

Clerk of the Court, Room 3000
U.S. District Court
701 E. Broad St.
Richmond, VA 23219

MATTER:         **STEELE v. GOODMAN, 17-CV-00601-MHL**

                **District Judge M. Hannah Lauck**

SUBJECT:        **PART ONE:** ATTEMPTED FRAUD ON THE COURT BY
                DEFENDANT GOODMAN VIA **ECF DOC. NO. 139**

REF: (a)        MANUAL CHAVEZ, III (DOB 03/21/1986), AZ DL DO1566834

*D.S.*
*7/11*

Good Morning:

1.      This letter addresses the false misrepresentations that you continue to present to this
honorable Court based on insufficient tainted evidence that has been created with the cooperation
of your CrowdSource The Truth (CSTT) side kick, see ref: (a), known as "DEFANGO".

1

UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION
MATTER: STEELE v. GOODMAN, 17-CV-00601-MHL

2.      Your attention is kindly directed to <u>ECF Doc. No. 139, para. 20</u>, shown below.

24  | key themes propagated by various members of the group...

25  | 20. As previously submitted in these proceedings, (ECF No. 78 EXHIBIT I) Intervenor

26  | Application D. George Sweigert, telephone Manuel Chavez III, making substantially the

27  | same claim, falsely stating that Defendant Goodman was paid by Black Cube

28  |

DEFENDANT'S AMENDED RESPONSE TO PLAINTIFF'S MOTION FOR RULE 11 SANCTIONS - 11

Case 3:17-cv-00601-MHL  Document 139  Filed 07/08/19  Page 12 of 119 PageID# 2376

1  | (http://www.blackcube.com) a private intelligence firm in the UK comprised of former

2  | Mossad agents and operatives, according to their own public website.

3  | 21. On or around June 2019, Manuel Chavez III voluntarily shared some of his personal

3.      Please take note of the following litigation in which ref: (a) (DEFANGO) is a witness:

> U.S. District Court
> for the District of Columbia
> RICH v. BUTOWSKY et al
> CASE #: 1:18-cv-00681-RJL
> Judge Richard J. Leon

2

UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION
MATTER: STEELE v. GOODMAN, 17-CV-00601-MHL

4.      In recent YouTube video productions distributed by ref: (a) (DEFANGO) it has been
clearly stated by ref: (a) that he was a member of a group of "reputation protection" operatives
allegedly directed by Matt Couch (defendant in the above cited action). Ref: (a) has distributed
in a widely pervasive manner, electronic messages from Matt Couch to support his testimony in
the above cited litigation. Ref: (a) has also been vocal about evidence that he has furnished to
you as well. See below:



subpoena compliance - Aaron Rich Lawsuit -
defango tv 6/22/2019

Defango TV
Streamed 1 week ago • 1,632 views
Well it's time do Comply with this Aaron Rich Lawsuit Subpoena. I think a
few people are going to really dislike this stream but it's ...

Streamed live on Jun 22, 2019
Well it's time do Comply with this Aaron Rich Lawsuit Subpoena. I think a few people are going
to really dislike this stream but it's for Court Records and whatnot. So we are getting everything
on the table and building the files to FTP to the Lawyer. Any striking or anything is going to be
interfering with a federal case.

Internet URL: https://www.youtube.com/watch?v=pB7NjF1ApZg&t=7427s

UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION
MATTER: STEELE v. GOODMAN, 17-CV-00601-MHL



# Matt Couch ◈ sent you a Direct Message.

You didn't get this from me, from a Source   Jason Goodman is on the payroll of a man named Arnan Milchan  Arnan has Jason doing work partly out of blackmail  Jason was at parties with a producer named Brian Singer and there were underaged boys and girls  Jason was being paid $2,766 a week and its now up to $3500 a week  Laura Loomer is making $7000 a week from Milchan  Black Cube feed them info  Jason found out that Milchan is paying

4

UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION
MATTER: STEELE v. GOODMAN, 17-CV-00601-MHL

do not tell anyone how you got this
info. Goodman's job is to deflect
attention from Rahm Emanuel ,
Chuck Schumer and DWS  Rahm
secretly paid Pakistani prosecutors 3
million in hush money in March 2009
to make a ton of fraud charges go
away  The money came from Israel
The Awan's have been spying for
Israel since 2007-2008 with Schumer
as the king pin. Now Milchan works
with a guy named Avi Hersh  I know
you and T and others know some of
this stuff, but now you know the full
story  Also, Alan Dershowitz has over
7 hours of Orgy Island vid hidden and
his vid file is called Insurance, the
same name as Schumer's boy
Anthony Wiener  Please keep my
name out of this  I focus on Vegas
and **Seth**  But this is blow away stuff
Goodman will freak when you expose
this  It comes directly from a CIA guy
on our team

5.     The enlarged video screen-shot from the above video content demonstrates that the
source of the "Black Cube rumor" was apparently Matt Couch – and NOT the undersigned as
you continuously report.  As discussed in the previous letter on this subject, dated June 30th,
2019, you have implicated the undersigned as the source of the "Black Cube" rumor.  To refresh
your memory the rumor states that you and Laura Loomer were being paid by a Black Cube
operative, stated by ref: (a) (DEFANGO) and NOT by the undersigned.

UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION
MATTER: STEELE v. GOODMAN, 17-CV-00601-MHL

6.     As you can see by the above screen-shot evidence, Matt Couch was the source of this
"Black Cube" rumor.  This rumor was distributed by ref: (a) (DEFANGO) on his own volition.
The undersigned has nothing to do with the promulgation of this "Black Cube" rumor.  The
reverse is true, the entire matter was the sole responsibility of ref: (a), who is your CSTT side-
kick.  Your insinuations in ECF Doc. No. 139, para. 20 that the undersigned promulgated this
rumor are false and an example of your unrelenting fraud.

7.     Recall that the offending "Black Cube" rumor remarks were made by ref: (a), reported by
you in EXHIBIT I (no. 9 in ECF) of ECF Doc. No. 78, which is cited by you in para. 30 of ECF
Doc. No. 139 (see video entitled *11.25.17.Solving.rar* ).  These remarks were NOT made by the
undersigned.



6

UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION
MATTER: STEELE v. GOODMAN, 17-CV-00601-MHL



**11.25.17.Solving.rar**
Defango TV
Streamed 1 year ago • 3,880 views
Long day of puzzling and work Read More @steemit ...

Streamed live on Nov 25, 2017
Long day of puzzling and work

Internet URL: https://www.youtube.com/watch?v=jK73oCxCGOE&t=4363s

8.      Ref: (a) (DEFANGO) promulgates the *Black Cube rumor* as seen in the video that appears ~~below~~. ABOVE                                        DS
                                                                                                                7-11

REF: (A).      01.12.22.  It's really crazy to me too .. I was picking up on something .. uh .. **Black Cube**.  And, like I had gotten some information about . like .. some information from quote unquote "CIA source" that was talking about how Loomer and – what's his name – **Goodman were getting paid by some Black Cube, some Black Cube operative**.  And then it started clicking in my head.
[emphasis added]

9.      It is instructive to note that you specifically featured the Black Cube corporate web-site in your video production distributed in a widely pervasive manner two (2) days after these *Black Cube rumor* remarks were made public by ref: (a) on 11/25/2017 (see below).

UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION
MATTER: STEELE v. GOODMAN, 17-CV-00601-MHL



Deep State Dunces Attack George Webb & CSTT - Bitcoin Challenge Response
15,317 views



Deep State Dunces Attack George Webb & CSTT - Bitcoin Challenge Response
Jason Goodman
Streamed 1 year ago • 15,315 views
The dumbest affiliates of the Deep State simply will not give up their ludicrous attacks on the truth, while simultaneously offering ...

Streamed live on Nov 27, 2017
The dumbest affiliates of the Deep State simply will not give up their ludicrous attacks on the truth, while simultaneously offering no evidence to support their claims.

Internet URL: https://www.youtube.com/watch?v=GNxCk6nqFJg

10.    Below is a transcript of your comments as recorded in the above cited video.

GOODMAN. 07:57. They'll put out a video that where they'll say 'oh yeah, Jason Goodman is working for **Black Cube.** Now I will tell you something. I had no idea what Black Cube was, before these guys made a video about it.

[emphasis added]

8

UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION
MATTER: STEELE v. GOODMAN, 17-CV-00601-MHL

11.    Your CSTT side-kick DEFANGO (ref: (a)) is the sole purveyor of this *Black Cube rumor* – NOT the undersigned. This point is amplified in the STEEMIT post created during the time period in question by ref: (a) (DEFANGO) (see below).

# Black CUBE Jason Goodman

 **defango** (64) ▾  in **news** • 2 years ago

Jason Goodman, you want to play old west gunslinger with peoples reputations? Been building a case on you since you asked me to look you up. , and your connections to child pedophiles, and Mossad.

CIA SOURCE: Deep Throat confirmed by @frankbacon

Jason Goodman is on the payroll of a man named Arnan Milchan. Arnan has Jason doing work partly out of blackmail. Jason was at parties with a producer named Brian Singer and there were underaged boys and girls. Jason was being paid $2.788 a week and its now up to $3500 a week. Laura Loomer is making $7000 a week from Milchan. Black Cube feed them info. Jason found out that Milchan is paying Loomer twice as much as him and thats why they had this fight. Please do not tell anyone how you got this info. Goodman's job is to deflect attention from Rahm Emanuel , Chuck Schumer and DWS. Rahm secretly paid Pakistani prosecutors 3 million in hush money in March 2009 to make a ton of fraud charges go away. The money came from Israel. The Awan's have been spying for Israel since 2007-2008 with Schumer as the king pin. Now Milchan works with a guy named Avi Hersh. I know you and T and others know some of this stuff, but now you know the full story. Also, Alan Dershowitz has over 7 hours of Orgy Island

Internet URL:  https://steemit.com/news/@defango/black-cube-jason-goodman

UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION
MATTER: STEELE v. GOODMAN, 17-CV-00601-MHL

12.    Your attention is directed to para. 32 of ECF Doc. No. 139 (shown below).

> 32. Chavez is an associate of Intervenor Applicant and has been paid by Intervenor Applicant and has received direct instructions from Intervenor Applicant. Intervenor Applicant operates a YouTube channel under the account name "Prepper Kitty Intel PKI". Many exhibits in this instant legal matter have referenced this YouTube account. YouTube username Prepper Kitty Intel has paid Chavez via YouTube Superchat (EXHIBIT I)

13.    Show below is EXHIBIT I, that is attached to ECF Doc. No. 139.

Case 3:17-cv-00601-MHL   Document 139   Filed 07/08/19   Page 112 of 119 PageID# 2476



10

UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION
MATTER: STEELE v. GOODMAN, 17-CV-00601-MHL

14.     **EXHIBIT I** (ECF Doc. No. 139) is a screen shot of an apparent DEFANGO TV YouTube podcast (see above).  The "super-chat" portion of the video screen shot appears below.



15.     According to your pleading, you want this Court to believe that the alleged illustrated $20.00 "super chat" donation to DEFANGO TV (displayed in the unauthenticated exhibit – see above), with the text "Check Mate King Two this is White Rook OVER", provides evidence that "Chavez is an associate.."[ of undersigned]  and "Prepper Kitty Intel has paid Chavez…". [$20.00].

16.     At the outset, there is no Internet URL Internet address provided in **EXHIBIT I**, ECF Doc. No. 139.  By NOT providing the correct evidentiary basis for this "exhibit" (which has been explained to you via letters in this litigation and other litigation) this exhibit is moot.

17.     There are other issues associated with your ECF Doc. No. 139, para. 20 (see above). There are legal insufficiencies associated with your "evidence", for example: (i) whether or not the purported *evidence* you propound rises to the level of sufficiency in the light of the Federal Rules of Evidence (F.R.E.), and (ii) your use of hearsay and guilt by association in an attempt to attribute *Black Cube rumor* comments to the undersigned and NOT to ref: (a) (DEFANGO) (as broadcast in the video you have described as **EXHIBIT I**, to ECF Doc. No. 78).  This is a falsehood and an attempt to mislead the Court.

UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION
MATTER: STEELE v. GOODMAN, 17-CV-00601-MHL

18.     In sum, you expect the Court to believe that an alleged public "super-chat" donation of a $20.00 donation to ref: (a) (DEFANGO) 30-45 days ago is the equivalent of the alleged private (non-public) $1,500.00 PATREON donation made by "AMABISS" to ref: (a) (DEFANGO) purportedly made 18 months ago. You have misrepresented these facts to the Court to Y promote the fallacy that the undersigned is working with members of the DEFANGO conspiracy.

19.     Caveat: for your information **"Check Mate King Two this is White Rook OVER"** (which appears in the above illustrate "super-chat" text) is a comical reference to the radio call signs used in the 1960's World War II drama television series "COMBAT" staring Rick Jason and Vic Morrow. Below is an example of the television show.



COMBATI s.1 ep.3: "Lost Sheep, Lost Shepherd" (1962)

Internet URL: https://www.youtube.com/watch?v=r35lw9CWk-g&t=24s

20.     Your attention is directed to the following YouTube channel named "MERLIN DEFANGO", which is maintained by ref: (a) (see below).

12

UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION
MATTER: STEELE v. GOODMAN, 17-CV-00601-MHL



21.    As you are well aware, you placed a telephone call to ref: (a) (DEFANGO) while he was
conducting a livestream YouTube broadcast (similar to your use of livestream technology
during the closure of the Port of Charleston on June 14, 2017). Your conversation you're your
CSTT side-kick is available within the YouTube video content (see below) posted by ref: (a)
(DEFANGO).



Streamed live on Jun 26, 2019
VAPORTUBE. WERE ya Been defango????

Internet URL:  **https://www.youtube.com/watch?v=11dhF6m1-9g&t=7523s**

13

UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION
MATTER: STEELE v. GOODMAN, 17-CV-00601-MHL

    

    

22.    Your conversation commences at time-mark 42:35 and is as follows (excerpts):

### TRANSCRIPT OF DISCUSSION

REF: (A):        Oh, Jason Goodman is calling me. Hello Jason Goodman.

GOODMAN:     Manual Chavez, how are you.

REF: (A):        I am doing alright, just heading to Arizona right now.

GOODMAN:     OH, ok. So I guess you are in a bit of a drive. I don't know if you had a
chance to see my messages, but one thing I would really like to get – if
your able to send it – is either a screen capture from Patreon of . uh .. the
dash board, or the initial e-mail Patreon that sends you that says
AMABISS has become a Patreon and shows an e-mail of that account.

...

REF: (A):        I can send that over to you no problem, actually. Garble. I actually did
get that e-mail . and .. all .. uh .. and I have a couple of messages for how
ever many months she was on my thing and I will send you like a copy of
that it shows the date and what e-mail she was using.

....

UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION
MATTER: STEELE v. GOODMAN, 17-CV-00601-MHL

GOODMAN:    Something you would write to the Bar Association saying "hey, look, this judge determined that it is likely that Biss is making these inappropriate payments. He is not supposed to be paying you, if you're his client, and particularly if that payment is coming at a time you are engaged in activities like making videos about his lawsuit, that spread allegations out across the Internet, that aren't true. Things like that. So, that is my position that he had someone paying you to do that stuff. **He's been working with Robert David Steele, you were working for Robert David Steele, at the time, Sweigert [undersigned] was working with you, Tyroan Simpson was working with you and Sweigert and these are the elements of conspiracy.**

REF: (A):    Yeah, I mean you got the conspiracy down pretty well. I mean. I will send you everything that shows she was on my Patreon and she was paying me on Patreon, for sure. **But, was I working in concert with Dave Acton [undersigned] and those guys, yeah, f_ck it, why not. I will say whatever. (Laughter)**
[emphasis added]

## SUMMARY

23.    It appears that you have intentionally conflated the undersigned with ref: (a) (DEFANGO) in a fraudulent manner to support the *Black Cube rumor* narrative. Overwhelming evidence indicates that this rumor is directly and solely traceable to ref: (a) (DEFANGO) and NOT the undersigned. Nonetheless, you continually ask this Court to believe in this falsified narrative based on flimsy tainted and unauthenticated evidence, which you present in a glossed over manner.

UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION
MATTER: STEELE v. GOODMAN, 17-CV-00601-MHL

24.     It appears that you have intentionally conflated the undersigned with ref: (a)
(DEFANGO) in a fraudulent manner to support the *Black Cube rumor* narrative.  Overwhelming
evidence indicates that this rumor is directly and solely traceable to ref: (a) (DEFANGO) and
NOT the undersigned.  Nonetheless, you continually ask this Court to believe in this falsified
narrative based on the most flimsy tainted and unauthenticated evidence, which you present in a
glossed over manner to the Court.

25.     It appears from the foregoing that your issues should be with your CSTT side-kick ref:
(a) (DEFANGO) and not me.  Your continued accusations regarding the undersigned's
involvement in a conspiracy with DEFANGO (ref: (a)) appear to be fraudulent on their face.

I hereby attest that the foregoing is true and accurate under the penalties of perjury on this ____/
day of July, 2019.

_____/

**D. G. SWEIGERT**

7·11·19

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

ROBERT DAVID STEELE,

                    Plaintiff,

      -against-

JASON GOODMAN,

                  Defendant.

17-CV-00601-MHL



RECEIVED
JUL 15 2019
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

## CERTIFICATE OF SERVICE

It is hereby certified that the accompanying materials have been placed in the U.S. Postal Service

with First Class mail postage affixed and addressed to the following parties:

**Clerk of the Court**
**U.S. District Court**
**701 E. Broad St.**
**Richmond, VA 23219**

**Jason Goodman**
**252 7th Avenue**
**Suite 6-S**
**New York, NY 10001**

**Susan A. Holmes**
**( Lutzke )**
**2608 Leisure Drive**
**Apt. B**
**Ft. Collins, CO 80525**

I hereby attest that the foregoing is true and accurate under the penalties of perjury on this __/

day of July, 2019.

                  _D. Sgt_____ /

                  **D. GEORGE SWEIGERT, C/O**
                  **P.O. BOX 152**
                  **MESA, AZ 85211**

7·11·19

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

# EXHIBIT TWO

UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION
MATTER: STEELE v. GOODMAN, 17-CV-00601-MHL

*D.G. Sweigert, c/o*
*P.O. Box 152*
*Mesa, AZ 85211*
*Spoliation-notice@mailbox.org*

July 14, 2019

Jason Goodman, CEO
Multimedia Systems Design, Inc.
252 7th Avenue
Suite 6-S
New York, NY 10001

Clerk of the Court, Room 3000
U.S. District Court
701 E. Broad St.
Richmond, VA 23219

MATTER:          **STEELE v. GOODMAN, 17-CV-00601-MHL**

                 **District Judge M. Hannah Lauck**

SUBJECT:         **PART TWO:** ATTEMPTED FRAUD ON THE COURT BY
                 DEFENDANT GOODMAN VIA **ECF DOC. NO. 139**

REF: (a)         MANUEL CHAVEZ, III (DOB 03/21/1986), AZ DL DO1566834

Good Morning:

1.      This letter addresses the false misrepresentations that you continue to present to this
honorable Court based on insufficient tainted evidence that has been created with the cooperation
of your CrowdSource The Truth (CSTT) side kick, see ref: (a), known as "DEFANGO".



1

UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION
MATTER:  STEELE v. GOODMAN, 17-CV-00601-MHL

2.     Your attention is kindly directed to ECF Doc. No. 139, para. 32, shown below.

25    indirectly recommended Biss to Nunes or otherwise played some role in connecting the

26    two parties and / or has influence over Nunes' suit via interaction with Biss.  Intervenor

27    Applicant has made numerous public calls in now deleted YouTube broadcasts for

28    DEFENDANT'S AMENDED RESPONSE TO PLAINTIFF'S MOTION FOR RULE 11 SANCTIONS - 13

Case 3:17-cv-00601-MHL   Document 139   Filed 07/08/19   Page 14 of 119 PageID# 2378

1    Congress to open an investigation into the incidents at the Port of Charleston on June 14,

2    2017, despite the FBI's completion of a full investigation.  Intervenor Applicant has also

3    publicly proclaimed Devin Nunes will now be somehow compelled to act in response to

3.     Your attention is kindly directed to ECF Doc. No. 139, para. 34 & 35, shown below.

10

11    34. According to pleadings and public statements by Intervenor Applicant he has interacted

12    with Susan Lutzke/Holmes privately in revealing the identity of O. Marshall Richards

13    and other matters.

14    35. According to statements by Susan Lutzke/Holmes she has interacted with Intervenor

15    Applicant privately in revealing the identity of O. Marshall Richards and other matters.

16    (https://www.youtube.com/watch?v=WwyRPFhW-HE)

17

36. Counsel for Plaintiff is in a regular practice of ignoring the law, lying to courts, clients,

2

UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION
MATTER:  STEELE v. GOODMAN, 17-CV-00601-MHL

4.      As you are aware, you distributed in a high pervasive manner, social video content
entitled, *"Hudson Exposed – Ray Looker's Firsthand Account of the Sinister Deception of Okey
Marshall,"* dated May 31, 2018.





Hudson Exposed – Ray Looker's Firsthand Account of the Sinister Deception of Okey Marsh:

Jason Goodman

✓ Subscribed  🔔 82K                                              7,141 views

➕ Add to   ➦ Share   ••• More                                    👍 225  👎 26

Published on May 31, 2018
About 1 year ago, George Webb Sweigert introduced me to an individual allegedly named
"Richard Stone". According to the two, Stone was a Vietnam veteran with experience as a
"contractor to U.S. intelligence services". **Stone would call George or me daily with
information,** insights and updates. George would consistently reiterate that Stone was one of his
best sources of intelligence, and would refer to him in his own YouTube broadcasts as **"Deep
Uranium"**

In time, I convinced Stone to come on Crowdsource the Truth as I was not comfortable receiving
his information and paraphrasing or sharing it as my own. I prefer to have guests provide their
accounts firsthand and let the Crowdsource community decide for themselves.

To protect his identity, "Stone" became **"Rock" and Mr. Hudson** was born.

Many viewers enjoyed Mr. Hudson's baritone delivery of conservative political views and his
irreverent comments on the Clintons, Obama and others who would defy the constitution for
their own political gain.

Months ago, inexplicable behavior, coupled with an abrupt departure terminated regular Hudson
Report broadcasts. **George's brother Dave "Acton" Sweigert recently (and mysteriously)
revealed Mr. Deep Uranium Hudson to be not Richard Stone, but in fact, Okey Marshall**

3

UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION
MATTER: STEELE v. GOODMAN, 17-CV-00601-MHL

**Richards.** This lead us to **Ray Looker, a Messianic Rabbi** and former West Virginia Militia
supporter. According to Looker, Richards worked for the FBI in the 1990's as a provocateur.
Looker says Richards framed him for crimes he did not commit, in part for money and the self
aggrandizing satisfaction of living out fantasies as a "Secret Government Agent" and in part to
help the FBI secure an additional $1,000,000,000 per year in funding to fight radical domestic
terrorism.

Download the searchable court transcript – https://drive.google.com/file/d/1DaMP...

[emphasis added]

**Internet URL: <u>https://www.youtube.com/watch?v=jWcGuBX8ncc</u>**

5.      As you are well aware, co-defendant Susan Holmes, aka "QUEEN TUT" was featured in
video content distributed by Steve Outtrim (depicted below), entitled, *"CryptoBeast #16 - Queen
Tut Spills The Beans"*, Nov. 29, 2018.



CryptoBeast #16 - Queen Tut Spills The Beans

Crypto Beast

3,798 views

Published on Nov 29, 2018
Queen Tut was an insider at Crowdsource the Truth. She reveals the tangled web of people connected to a proven FBI informant, manipulating
narratives on YouTube as a sophisticated form of psychological operations

4

UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION
MATTER: STEELE v. GOODMAN, 17-CV-00601-MHL

Published on Nov 29, 2018
Queen Tut was an insider at Crowdsource the Truth. She reveals the tangled web of people
connected to a proven FBI informant, manipulating narratives on YouTube as a sophisticated
form of psychological operations.

**Internet URL:  https://www.youtube.com/watch?v=N1GO1nJUVUM**

6.      Below is a transcript of the above cited video, which is a conversation between Steve
Outtrim (New Zealand) and co-defendant Susan Holmes, "QUEEN TUT".

  40:11  OUTTRIM:  Well, we do know for a fact that this guy was an FBI informant
         named in multiple court cases.

  40:19  HOLMES.  Yes, that is a fact.  That is an absolute fact.  I found all these articles, I
         have all these articles.  Where he is named.  I saved them.

  40:29  OUTTRIM.  Well.  Then.  He is collaborating with George Webb and Jason
         Goodman.  He is feeding them this information about a dirty bomb that can be
         made out of uranium.  That turns out to be false.

  41:04  HOLMES.  Ah, yeah.  There .. uh.. ah .. it is fair to assume that the information he
         was getting is getting is from "DEEP URANIUM", FBI informant.  Yeah.
         Absolutely.

7.      As you are well aware, the blog site "*Tracking the Leopard Meroz*" published an article
about Oakey Marshall Richards, Jr. on May 28, 2018 (see below).

UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION
MATTER: STEELE v. GOODMAN, 17-CV-00601-MHL

# The Unusual Telephone Calls of FBI Informant Okey Marshall Richards, Jr.

*"The resurrection of Brickton Missionary Baptist Church began one spring day a few weeks ago with an unusual telephone call." (Amy B. McCraw, Times-News Correspondent, June 6, 2015, "Man's Dream Becomes Reality", blueridgenow.com)*

So begins this 2015 story out of Fletcher, North Carolina. Reporter Amy McCraw continues, "Marshall Richards, who came to the area from Ohio, called local resident Clarence Livingston and told him he wanted to restore the little, white church founded by Livingston's father, the late Colon Livingston. Richards said the idea of restoring and reviving the church came to him in a dream he first had in 1968 when he was a 14-year old boy living in West Virginia."

"He said he continued to have the same dream over the years until he mentioned it while staying with a friend in Fletcher in February. The friend recognized the church Richards described and took him to Brickton Missionary Baptist Church. 'It looked exactly as the one in the dream,' Richards said.



**Internet URL: https://trackingmeroz.wordpress.com/tag/fbi-informant-marshall-richards/**

UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION
MATTER:  STEELE v. GOODMAN, 17-CV-00601-MHL

8.    The *"Tracking the Leopard Meroz"* blog post included a copy of the newspaper article

entitles *"Militia leader: 'I've been had'"*, published August 8, 1997, Pittsburg Post-Gazette.

# Militia leader: 'I've been had'

## Says trusted aide was FBI informant who conned him

### By David Sharp
The Associated Press

WHEELING, W.Va. — Mountaineer Militia leader Floyd "Ray" Looker said yesterday that an FBI informant was a con man who duped him into activities that led to charges of conspiracy to make bombs.

Looker told jurors that the militia never intended to engage in any illegal activities and would never have done so if he had not been misled by the informant, Okey Marshall Richards Jr.

"I've been had by a professional con man who was being tutored by the FBI," Looker said. The informant was "one slick dude," he added.

Looker, 56, of Stonewall, is on trial in U.S. District Court in Wheeling on charges that he conspired with an unemployed mechanical engineer and a member of the high-IQ group Mensa to manufacture bombs. It is the first of four trials for the militia general. He faces other charges including providing resources for an attack on the FBI Criminal Justice Information Division in Clarksburg.

Looker was the last witness before the defense rested its case.

Closing arguments were scheduled for this morning.

Looker, a Vietnam veteran and self-proclaimed minister, testified that he was interested in obtaining explosives for defensive purposes in the event the United States is invaded and occupied by a foreign force.

He said he never believed that any of those said to be his co-conspirators would have followed through with plans to make bombs, and he said he never would have considered it if he knew it was a violation of federal law.

Looker placed the blame on Richards, his trusted security and intelligence officer, for failing to get copies of federal rules and regulations pertaining to the issue after Looker was given a license application from the Bureau of Alcohol, Tobacco and Firearms.

"Had Mr. Richards provided the regulations, we would have known whatever we're talking about was foolishness because it would not be approved" by the ATF, Looker testified.

He said Richards arranged all the meetings and steered the conversations. He described his role in discussions about explosives as minimal and said he had little knowledge about bombs.

"I'm the ignorant guy sitting on the side, listening to two people discussing something I knew nothing about," he said.

Earlier, the defense continued its attack on the informant's character and motive. Two former wives and several former business partners testified that Richards was a habitual liar who could not be trusted.

Richards made more than 400 tape recordings that led to the arrest of Looker and others before being relocated out of state.

The defense contends that Richards decided to help the FBI to pay off his debts and because he wanted to live the fantasy life of lies he had spread about being a secret government operative.

The 18-month investigation began two months after the Oklahoma City bombing, when the militia is said to have discussed three targets, including the FBI's fingerprint complex, 90 miles south of Pittsburgh.

John "Bob" Woofter, owner of the 400-acre farm where the militia held monthly training sessions in Lewis County, said outside the courtroom that he felt that Looker had been wrongly accused.

"Ray is a good, honest, religious man. What's going on here is a travesty," said Woofter, an Army veteran and militia sympathizer. "If Ray ever had a fault, he was too trusting."

Looker and six others were arrested Oct. 11 after he allegedly sold for $50,000 copies of blueprints of the FBI's fingerprint complex to an undercover agent posing as the middleman for a terrorist group.

—   Pittsburgh Post Gazette, August 8, 1997 AP article by David Sharp

7

UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION
MATTER: STEELE v. GOODMAN, 17-CV-00601-MHL

9.     Your attention is kindly directed to your video productions, entitled "Susan "Queen Tut"
Lutzke/Holmes Reveals David Sweigert – Robert David Steele Lawsuit", April 30, 2019 (see
below).



**Susan "Queen Tut" Lutzke/Holmes Reveals David
Sweigert – Robert David Steele Lawsuit**          ...
Jason Goodman
Streamed 2 months ago • 7,161 views
Susan Lutzke aka Susan Holmes aka Queen Tut is a horrible but frequent
liar. She recently called me, revealing a long suspected ...
CC



**Susan "Queen Tut" Lutzke Reveals David
Sweigert – Robert David Steele Lawsuit**          ...
Crowdsource the Truth 2
Streamed 2 months ago • 975 views
Susan Lutzke aka Susan Holmes aka Queen Tut is a horrible but frequent
liar. She recently called me, revealing a long suspected ...

Streamed live on Apr 30, 2019
**Susan Lutzke aka Susan Holmes aka Queen Tut is a horrible but frequent liar.** She recently
called me, revealing a long suspected **conspiracy between her, D. George "Acton" Sweigert
and Robert David Steele.** While nothing she says can be believed at this point, how else
would **David Sweigert know the true identity of Oakey Marshall Richards** were this
particular admission not true?

The sinister plans of these malicious social engineers are being revealed before our eyes as the
fraudulent and vexatious lawsuit brought by Steele continues to crumble.

[emphasis added]

Internet URL:  <u>**https://www.youtube.com/watch?v=WwyRPFhW-HE**</u>  and

<u>**https://www.youtube.com/watch?v=L0nIWKBxQnU**</u>

8

UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION
MATTER: STEELE v. GOODMAN, 17-CV-00601-MHL

10.    In sum, Oakey Marshall Richards, Jr. was a paid F.B.I. informant in criminal cases that
were prosecuted in the State of West Virginia in the 1990s. Ray Looker, who you have
interviewed and (subsequently published the interview) was one of the suspects convicted in the
West Virginia militia prosecutions. You became aware of Oakey Marshal Richards, Jr. when he
provided you and George Webb (Sweigert) "intelligence assessments" on an almost daily basis.
During the period leading up to the Port of Charleston dirty bomb hoax of June 14, 2017, you
knew this person as "Deep Uranium". Later, in approximately August 2017, you inaugurated a
"Crowdsource the Truth" (CSTT) weekly feature show with "Deep Uranium", renamed to
"Rock Hudson". This person then completed about 30 (thirty) shows on the CSTT platform.
According to the testimony of Susan Holmes ("QUEEN TUT") you were aware of the identity
of Oakey Marshall Richards, Jr. during the period of August 2017 to March 2018 while he was
creating content for your CSTT video podcast shows. Restated: you were aware that the co-host
producing 30 (thirty) CSTT video podcasts was the source of information that led to the closure
of the Port of Charleston.

11.    A rigorous review of social media, news sources and Google searches has revealed no
information related to the purported completion of any F.B.I. investigation concerning George
Webb, Oakey Marshall Richards, Jr. and/or yourself related to the events of June 14, 2017 at the
Port of Charleston. If such sources and cites exist, they should be submitted to the Court in lieu
of accusations against you that you have committed fraud upon this Court by attempting to
persuade the Court that:

> Intervenor Applicant has made numerous public calls in now deleted YouTube
> broadcasts for Congress to open an investigation into the incidents at the Port of
> Charleston on June 14, 2017, despite the FBI's completion of a full investigation.
> [emphasis added]  (ECF Doc. No. 139, pages 13-14).

9

**UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**
**MATTER:  STEELE v. GOODMAN, 17-CV-00601-MHL**

12.    There exists no tangible evidence to indicate that the F.B.I. has completed any type of investigation.  Nothing exists on the Internet to support this conclusion.  This statement (see above) is baseless, meritless, unfounded and vexatious.  You have attempted to commit fraud upon this Court.

I hereby attest that the foregoing is true and accurate under the penalties of perjury on this _____ day of July, 2019.

D. G. SWEIGERT

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### RICHMOND DIVISION

ROBERT DAVID STEELE,

Plaintiff,

-against-

JASON GOODMAN,

Defendant.

17-CV-00601-MHL

## CERTIFICATE OF SERVICE

It is hereby certified that the accompanying materials have been placed in the U.S. Postal Service

with First Class mail postage affixed and addressed to the following parties:

**Clerk of the Court**
**U.S. District Court**
**701 E. Broad St.**
**Richmond, VA 23219**

**Jason Goodman**
**252 7th Avenue**
**Suite 6-S**
**New York, NY 10001**

**Susan A. Holmes**
**( Lutzke )**
**2608 Leisure Drive**
**Apt. B**
**Ft. Collins, CO 80525**

I hereby attest that the foregoing is true and accurate under the penalties of perjury on this

day of July, 2019.

**D. GEORGE SWEIGERT, C/O**
**P.O. BOX 152**
**MESA, AZ 85211**

7·14·19

RECEIVED
JUL 17 2019
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

1

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

# EXHIBIT THREE

UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION
MATTER: STEELE v. GOODMAN, 17-CV-00601-MHL

*D.G. Sweigert, c/o*
*P.O. Box 152*
*Mesa, AZ 85211*
*Spoliation-notice@mailbox.org*

July 19, 2019

Jason Goodman, CEO
Multimedia Systems Design, Inc.
252 7th Avenue
Suite 6-S
New York, NY 10001

Clerk of the Court, Room 3000
U.S. District Court
701 E. Broad St.
Richmond, VA 23219

MATTER:        **STEELE v. GOODMAN, 17-CV-00601-MHL**

               **District Judge M. Hannah Lauck**

SUBJECT:       **PART FOUR:** ATTEMPTED FRAUD ON THE COURT BY
               DEFENDANT GOODMAN VIA **ECF DOC. NO. 139**

REF: (a)       MANUEL CHAVEZ, III (DOB 03/21/1986), AZ DL DO1566834

Good Morning:

1.      This letter addresses the false misrepresentations that you continue to present to this
honorable Court based on insufficient tainted evidence that has been created with the cooperation
of your CrowdSource The Truth (CSTT) side kick, see ref: (a), known as "DEFANGO".



RECEIVED
JUL 2 2 2019
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

1

UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION
MATTER:  STEELE v. GOODMAN, 17-CV-00601-MHL

2.      Your attention is kindly directed to ECF Doc. No. 139, para. 22, shown below.

> 22. Additionally, Chavez provided communications between Plaintiff, Chavez, Thomas Shoenberger and Tanya Cornwell the wife of counsel for Plaintiff, Steven Biss. (EXHIBIT E) This email provides evidence that counsel for Plaintiff Biss is using his wife as a "cutout" or conduit through which he can indirectly communicate with the co-conspirators and still provide the plausible claim that "I haven't spoken with (fill in the name)".  This email provides substantial evidence of the conspiracy alleged by Defendant.  A transcript of a publicly broadcast multiparty phone conversation between Simpsons, Chavez, Intervenor Applicant and others has been submitted as evidence previously in this matter (ECF No. 78 EXHIBIT A).

3.      It is instructive to note that in ECF Doc. No. 78, a transcript of the above cited video is provided as **EXHIBIT A** (listed as "1" in ECF).  The video content transcribed into EXHIBIT A (ECF Doc. no. 78) is taken from the following BITCHUTE.COM Internet web platform (see below).

2

UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION
MATTER: STEELE v. GOODMAN, 17-CV-00601-MHL

**CRAZY_DAVE**
CRAZY_DAVE
7 subscribers



VIDEOS   ABOUT



**Has David George Sweigert "Gone Postal"?**    Mar 24, 2019

Originally titled "LARP HQ Follow the women George Webb and Jason CrowdSource" why did David George Sweigert delete this video only minutes after uploading it? Did he realize he'd revealed too much? Is he trying to figure out if Jason Goodman of Crowdsource the Truth really has engaged the U.S. Postal Inspector in the alleged case of mail fraud?

**The amazing magical Post Office**    Mar 06, 2019

David Sweigert at the Mesa AZ post office on December 1, 2108 where he was added to PO Box 152 officially with the assistance and full knowledge of the PO Box owner. This was done to cover up his false statements in court documents related to federal civil action he has brought against Jason Goodman. These false statements were submitted to USDC SDNY claiming PO Box 152 Mesa AZ was his true and accurate legal mailing address During

**FUSION CENTER ALERT GEORGE WEBB TERROR CELL PPD-8 NIPP**    Oct 09, 2018

This is a message that David Sweigert aka Dave Acton posted approximately October 17, 2017 to a network of cyber operatives. In this video, Sweigert directs these operatives to monitor all activity of journalist Jason Goodman of Crowdsource the Truth as part of a distributed targeting and harassment campaign



**Frank Bacon Offers to Get Dave "Acton" Sweigert Paid By Steemit.com to Harass Jason Goodman**    Oct 09, 2018

Nathan Stolpman (aka LTV), Manuel Chavez III (aka Defango), Tyrone Simpson (aka Frank Bacon), David George Sweigert (aka Dave Acton) discuss using government processes, military processes and law enforcement processes in combination with the steemit.com blockchain social media network in an organized, monetized attack on Jason Goodman.

MOST VIEWED



**Frank Bacon Offers to Get Dave "Acton" Sweigert Paid By Steemit.com to Harass Jason Goodman**
8 months, 3 weeks ago



**Trigger Warning Cyber Militia Forming —George Webb Advised**
10 months, 2 weeks ago



**ADULT CONTENT NSFW Jason Goodman calls George Webb crazy —Intel Valor advised**
10 months, 2 weeks ago



4.    The BITCHUTE.COM web-site address provided by you points to the video depicted below:

UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION
MATTER: STEELE v. GOODMAN, 17-CV-00601-MHL



5.      The video described in EXHIBIT A (ECF Doc. No. 78) is posted to a web-site channel known as "**CRAZY_DAVE**".  You have acknowledged on many occasions, in other litigation, that you operate, maintain, process and store information on the BITCHUTE.COM "CRAZY_DAVE" channel.

6.      As you have admitted in other litigation, you have no permission to use the video content of the undersigned, nor his likeness, portrait, photograph, etc.  The video content posted to the BITCHUTE.COM "CRAZY_DAVE" smear channel has been used without any permission of the video creator.  The likeness, photograph and/or portrait of the undersigned is also used without permission.  This "CRAZY_DAVE" is operated by you for your purposes and includes the use of unauthorized copyrighted materials.

4

UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION
MATTER:  STEELE v. GOODMAN, 17-CV-00601-MHL

7.      The video description (presumably written by you) states:

> **CRAZY_DAVE**
>
>      7      Subscribers      Subscribe
>
>      Nathan Stolpman (aka LTV), Manuel Chavez III (aka Defango), Tyrone
>      Simpson (aka Frank Bacon), David George Sweigert (aka Dave Acton) discuss
>      using government processes, military processes and law enforcement processes
>      in combination with the steemit.com blockchain social media network in an
>      organized, monetized attack on Jason Goodman.

Internet URL:  **https://www.bitchute.com/video/Ez5xgxUk8daU/**

8.      The video caption cited above seems to encapsulate the allegations you have provided on page 3 of 17, ECF Doc. No. 78 and in para. 22 of ECF Doc. No. 139.  However, as you have stated, you have no date for when this recording was posted, distributed, or made public, "[o]n or around December 2017, in a multiparty video chat (EXHIBIT A)…".  You may be interested in some of the transcribed audio (see below).

      VOICE:      01:30  Let's talk about how to take the audience up to the next level.  And the next thing and all this.  Help as many people as I can for the Christmas time for the show.  I would be willing to buy anyone an account on Steemit so they can direct message me on the Hoax Wars channel, that includes you Dave.

UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION
MATTER: STEELE v. GOODMAN, 17-CV-00601-MHL

9.      I wish to confirm with you, that you believe this language from "VOICE" is NOT about paying for Steemit accounts to be provided as presents during the Christmas season; but, represents an inducement to join "the organization of the monetized conspiracy". You wrote the headline to the video content, which states:

> **FRANK BACON OFFERS TO GET DAVE "ACTON" SWEIGERT PAID BY STEEMIT.COM TO HARASS JASON GOODMAN**

10.     The transcribed audio of the undersigned indicates as follows:

VOICE:      01:53. If you look at a unified effort, I got a lot of training from the government, and all the rest of this stuff because I was in the military at a young age. It is a unified effort and ever one has lanes. What's happening is people are getting into each other's lanes. And I told everybody on DEFANGO's show, like two weeks ago, I am the government liaison. I don't want to do anything else. If .. and LTV will tell you, if you need a nasty letter written, Dave's your guy. "

VOICE:      02:20. What do layers do? What do lawyers do, what do Congressmen do? Garble. Garble. I volunteer to be the liaison to f_ck with these guys, Government processes, military processes, law enforcement processes .. that's how I am f_cking .. garble .. with George.

VOICE:      02:37. As a contribution ... garble .. garble .. You can write that into a blockchain and you, you would have an amazing platform, my friend.

11.     To be honest, this area of the video that you consistently rely on as proof of the "monetized harassment campaign" is very garbles and almost unintelligible. Further, as you can plainly hear, the focus of the remarks was directed at George Webb (Sweigert) and not you.

6

UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION
MATTER: STEELE v. GOODMAN, 17-CV-00601-MHL

12.      Below is presented the same section of transcribed dialogue provided by your "speech processor" in EXHIBIT A of ECF Doc. No. 78.  Please note the errors (see red arrows).



```
17   00:02:00,149 --> 00:02:03,329
     lanes and what's happening is people are
18   55
     00:02:01,799 --> 00:02:05,159
19   getting in each other's lanes and I told
20   56
     00:02:03,329 --> 00:02:07,409
21   I told everybody on the fan go show like
22   57
     00:02:05,159 --> 00:02:09,119
23   two weeks ago I'm the government liaison
24   58
     00:02:07,409 --> 00:02:11,670
25   I don't want to do anything else if you
26   59
     00:02:09,119 --> 00:02:13,140
27   need a stand and LTV will tell you if
28   60
     00:02:11,670 --> 00:02:14,940
     you need a nasty letter
     61

DEFENDANT'S OPPOSITION TO THE MOTION TO INTERVENE EXHIBIT A - 4
```

13.      The undersigned wishes to confirm with you, that you believe the above cited commentary represents involvement with "the organization of the monetized conspiracy."  Based on the description you wrote for the video, you believe that this language (cited above) represents a discussion about "using government processes, military processes and law enforcement processes…" to somehow attack you – and not George Webb (Sweigert).

14.      The undersigned kindly requests that you demonstrate how you procured the electronic stored information (ESI) in the form of the BITCHUTE.COM video content.  Please describe each stage of the process you have relied upon to capture, store and protect such video content.  Please also guarantee the authenticity of the ESI based upon the description of the steps used to capture, store, re-post and upload said video content.  Your attention is directed to **Rules 104 and 901 of the Federal Rules of Evidence (F.R.E.).**  To help you understand the role of F.R.E. Rule 901 please note: "The burden to authenticate under Rule 901 is not high-only a prima facie showing is required.   See *United States v. Caldwell*, 776 F.2d 989, 1002 (11th Cir.1985) ("Once that prima facie showing has been made, the evidence should be admitted, although it remains for the trier of fact to appraise whether the proffered evidence is in fact what it purports to be."); *United States v. Goichman*, 547 F.2d 778, 784 (3d Cir.1976)" [*U.S. v. Williams*, 946 F.2d 888 (4th Cir. 1991)].  You have not met this burden.

UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION
MATTER: STEELE v. GOODMAN, 17-CV-00601-MHL

15.     Other offensive and slanderous video content that you have created on BitChute.Com featuring the undersigned includes the following:

| Posted Oct. 9, 2018 | **FUSION CENTER ALERT GEORGE WEBB TERROR CELL PPD-8 NIPP**<br><br>This is a message that David Sweigert aka Dave Acton posted approximately October 17, 2017 to a network of cyber operatives. In this video, Sweigert directs these operatives to monitor all activity of journalist Jason Goodman of Crowdsource the Truth as part of a distributed targeting and harassment campaign |
|---|---|
| Posted March 24, 2019 | **Has David George Sweigert "Gone Postal"?**<br><br>David Sweigert at the Mesa AZ post office on December 1, 2108 where he was added to PO Box 152 officially with the assistance and full knowledge of the PO Box owner. This was done to cover up his false statements in court documents related to federal civil action he has brought against Jason Goodman. These false statements were submitted to USDC SDNY claiming PO Box 152 Mesa AZ was his true and accurate legal mailing address During October and November of 2018. **This video and his mailing of a US Postal money order in the amount of $1 is an attempt to cover up his violation of 18 U.S. Code § 1001**, a statue General Michael Flynn currently faces potential jail time for allegedly violating. Violation of this statue is a felony and carries a maximum penalty of 5 years in prison. Sweigert has removed this video recording from his YouTube **channel in an ongoing effort to spoliate evidence of crimes he has committed in an attempt to further false claims and defamatory accusations against Jason Goodman and** Crowdsource the Truth.<br><br>[emphasis added] |

UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION
MATTER: STEELE v. GOODMAN, 17-CV-00601-MHL

16.     There are well over fifty (50) other titles posted by you concerning the undersigned.  Of particular interest is your explanation of the infamous Black Cube rumor, which has been addressed in PART ONE, letter dated July 11, 2019, which is ECF Doc. No. 145.  That letter is hereby incorporated as if fully re-stated herein.

17.     As ECF Doc. No. 145 clearly explains, the undersigned has NOTHING to do with the promulgation of the Black Cube rumor.  Below is your posting on BitChute of video content which is the property of the undersigned, which you have posted in an unauthorized manner (see below).

| Posted August 28th, 2018 | **SET THE RECORD STRAIGHT WITH JASON GOODMAN AND GEORGE WEBB** <br><br> Dave continues to lay out aspects of his plan yet to come including threats of future litigation. He does all this while re-refernecing a video in which his brother George Webb Sweigert directs people to watch a video **in which Dave accuses Jason Goodman of working for Mossad off shoot Black Cube**. Despite his self proclaimed contract work for DHS and other agencies, Dave denies affiliation with the so called "deep state" while feigning ignorance of Manuel Chavez, the very person Dave speaks with in the video referenced by George. <br><br> [emphasis added] |

UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION
MATTER: STEELE v. GOODMAN, 17-CV-00601-MHL

18.    Further, your allegations that individuals have alleged that you are an operative of "Black Cube", "Israeli intelligence" or the "Mossad" should be viewed in the shadow of your very public close association with individuals that proclaim connections with top Israeli government officials; to include Jerome Corsi and Larry Klayman, esq.  To refresh your memory both of these men appear on the Southern Poverty Law Center "Watch List" for hate speech.

19.    In the case of Mr. Klayman, he has provided evidence and testimony to a federal court that he is in active contact with government officials of Israel.  See  *Montgomery v. Comey,* U.S.D.C. for the D.D.C., Civil Action No. 17-1074 (RJL), (D.D.C. Mar. 1, 2018).  See excerpt of ORDER from the Hon. Richard J. Leon (see below).



Preliminary Injunction, or their supporting affidavits—that they communicate with any persons abroad, let alone that they have reason to believe that their foreign contacts have been targeted under the PRISM program. Plaintiffs' allegations here are therefore *even less* colorable than those I dismissed for lack of standing under *Clapper* in *Klayman I* and *Klayman II. See Klayman,* 2017 WL 563668, at *13 (holding that Klayman failed to establish standing to challenge the PRISM program, even where he alleged that he "frequents and routinely telephones and e-mails individuals and high-ranking government officials in Israel" and communicates with persons in several other nations). Plaintiffs accordingly lack standing to challenge defendants' alleged surveillance under the PRISM program.

Second, plaintiffs claim that they, and millions of other Americans, have been targeted for surveillance by the bulk telephony metadata collection program formerly conducted by the NSA pursuant to Section 215 of the USA PATRIOT Act.

20.    As you are well aware, Jerome Corsi appeared on the Alex Jones INFOWARS social media podcast and advised the host that he was receiving communications "higher than Mossad". See the video entitled, "Alex Jones Deemed Kosher by "Top Israeli Intelligence"", Aug. 27, 2017 (see below).

UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION
MATTER:  STEELE v. GOODMAN, 17-CV-00601-MHL



Internet URL:  **https://www.youtube.com/watch?v=jORe0zfEOX0**

00:21          CORSI.  Well Alex its great, actually today I am in Nashville, Tennessee

               working with a really important cyber security company.  And I just got a

               text from top intelligence in Israel.

21.     As you are aware, you produced a two-part video series to "indict" Robert Mueller

(former special counsel) with a "Citizens Grand Jury with Larry Klayman acting as "special

prosecutor".  See video entitled, *"Freedom Watch Citizens Grand Jury – Mueller Indictment*

*Part 1 Introduction & Jury Instructions"*, dated June 27, 2019.

                                                                        7.5.
                                                                        2.18.19

UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION
MATTER:  STEELE v. GOODMAN, 17-CV-00601-MHL



L to R: Larry Klayman and Jason Goodman

Streamed live on Jun 27, 2019
Larry Klayman and his dedicated team at Freedom Watch put together this historic Citizens
Grand Jury. With this, the people of the United States take back the power bestowed upon us by
the founding fathers of this nation. If the Justice Department will not, citizens must hold Robert
Mueller accountable for his gross constitutional violations.


Internet URL:  https://www.youtube.com/watch?v=Mce9QhkNj_M&t=12s


22.      As you are well aware, the second part of this widely distributed video content is entitled,
*"Freedom Watch Citizens Grand Jury – Mueller Indictment Part 2 Dr. Jerome Corsi's Witness
Testimony"*, dated June 27, 2019.

12

UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION
MATTER:  STEELE v. GOODMAN, 17-CV-00601-MHL



Freedom Watch Citizens Grand Jury – Mueller Indictment Part 2 Dr.
Jerome Corsi's Witness Testimony

Jason Goodman
✓ Subscribed  🔔 82K

11,280 views

👍 630  👎 36

+ Add to   ↗ Share   ••• More

L to R:  Larry Klayman, Jerome Corsi [on monitor], Jason Goodman

Streamed live on Jun 27, 2019
Part 2 of Freedom Watch's historic Citizens Grand Jury proceedings includes testimony from Dr.
Jerome Corsi. Dr. Corsi was targeted by Mueller's investigation and subjected to rigorous
interrogation as well as subsequent reputation and financial destruction.

**Internet URL:  https://www.youtube.com/watch?v=9vWce9xTOCU&t=4147s**

13

UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION
MATTER:  STEELE v. GOODMAN, 17-CV-00601-MHL

23.     Your attention is kindly directed to <u>ECF Doc. No. 139, para 39</u>, show below:

> 39. On July 7, 2017 Plaintiff sent an email communication to George Webb Sweigert, brother
> of Intervenor Applicant, stating "A massive law suit is about to be filed against Jason
> Goodman by a lawyer who specializes in defamation cases. Manny is the one who will
> be in front" **(EXHIBIT J)**  Manny is Manuel Chavez III, one of the individuals who was
> on the multiparty video chat in which Sweigert agreed to a monetized harassment effort
> targeting Defendant as presented here in previous pleadings. This email was sent just
> three weeks after Tanya Cornwell sent the above referenced email to Manuel Chavez III
> encouraging him to sue Defendant Goodman. It is conceivable that Plaintiff intended to
> use Chavez as a "cut out" to bring the same type of legal action against Defendant
> Goodman, subjecting Goodman the the same legal jeapordy and assumed need to hire
> cousel and subsequent financial ruin, without subjecting himself to the risk of fines for
> legal fees or other sanctions.  It now seems Chavez' sense of self-preservation prevented
> him from complying with this plan and may have led to the break in the relationship, and
> dissention in the ranks of the conspirators.

24.     You have not provided enough evidence to support your allegations about a "monetized
harassment effort".  For your information, the undersigned has NEVER received any money or
compensation from "STEEMIT" or related blockchain technologies.  The undersigned has NOT
participated in a monetized blockchain organization to slander you.  Such an allegation is
STRONGLY DENIED.

UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION
MATTER: STEELE v. GOODMAN, 17-CV-00601-MHL

25.     Please note from the below screen-shot, that the "Dave Acton" STEEMIT account has
been inactive for almost two years.  The account showed little activity immediately after it was
commissioned around Christmas, 2017.  This account bwas more or less a test prototype account
that received a few days of access from the undersigned.  The STEEMIT account was abandoned
by the undersigned shortly after initiation (approximately January 2018).



**Dave Acton**

daveacton (34)▾  in police • 2 years ago

Fed up with the fake hoax, scam, psyops of YouTube. 🖼 20161202_122755.jpg

police

⊙ 2 years ago by daveacton (34)▾        ⌃  $1.62 ▾   16 votes ▾              🗩 6  🔲 🔘 ⊜ 🔳 ⬭

*Authors get paid when people like you upvote their post.*
*If you enjoyed what you read here, create your account today and start earning FREE STEEM!*

Sign up, Get STEEM!

Internet URL:  https://steemit.com/police/@daveacton/dave-acton

26.     Apparently, there is $3.39 monetary amount in a STEEMIT account linked to me.  The
undersigned has never taken, or received, any of these monies from the STEEMIT platform.
Your assertions about the undersigned participating in a monetized defamation organization are
meritless, unfounded, frivolous and submitted to this Court for the purpose of committing a fraud
upon the Court.

UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION
MATTER: STEELE v. GOODMAN, 17-CV-00601-MHL

27.    Your attention is directed at the below cite from *U.S. v. Larry Recio* , 17-4005, U.S.
Court of Appeals, Fourth Circuit.

   A proponent of evidence must "produce evidence sufficient to support a finding

that the item is what the proponent claims it is." Fed. R. Evid. 901(a).  However, "the

burden to authenticate under Rule 901 is not high."  *United States v. Hassan*, 742 F.3d

104, 133 (4th Cir. 2014) (internal quotation marks and citation omitted).  The district

court must merely conclude that "the jury *could* reasonably find that the evidence is

authentic," not that the jury necessarily *would* so find.  *See id.* (internal quotation marks

and citation omitted) (emphasis added).

   **Internet URL:  http://www.ca4.uscourts.gov/opinions/174005.P.pdf**

28.    You have not met the burden for the presentation of this so-called evidence to the Court
for its consideration.

29.    Your allegations that somehow the undersigned worked with, worked for, conspired with
or had conspiratorial planning with ref: (a), the Plaintiff, or the co-defendant or any of their
associates is false, devoid of truth, unfounded, meritless and unsupported by any of your tainted
and unauthenticated evidence.

30.    It appears you have attempted to commit a fraud upon the Court by pushing fraudulent
narratives with non-admissible "evidence".

UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION
MATTER:  STEELE v. GOODMAN, 17-CV-00601-MHL


I hereby attest that the foregoing is true and accurate under the penalties of perjury on this **19**/

day of July 2019.

_D. S⸱⸱t_ /

**D. G. SWEIGERT, C/O**
**P.O. BOX 152**
**MESA, AZ 85211**

Copy provided:

Susan A. Holmes
( Lutzke )
2608 Leisure Drive
Apt. B
Ft. Collins, CO 80525

*7·19·19*

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### RICHMOND DIVISION

ROBERT DAVID STEELE,

                                    Plaintiff,          17-CV-00601-MHL

            -against-

JASON GOODMAN,

                                    Defendant.

## CERTIFICATE OF SERVICE

It is hereby certified that the accompanying materials have been placed in the U.S. Postal Service

with First Class mail postage affixed and addressed to the following parties:

**Clerk of the Court**          **Jason Goodman**          **Susan A. Holmes**
**U.S. District Court**         **252 7th Avenue**         **( Lutzke )**
**701 E. Broad St.**            **Suite 6-S**              **2608 Leisure Drive**
**Richmond, VA 23219**          **New York, NY 10001**     **Apt. B**
                                                          **Ft. Collins, CO 80525**

I hereby attest that the foregoing is true and accurate under the penalties of perjury on this 19

day of July, 2019.

**D. GEORGE SWEIGERT, C/O**
**P.O. BOX 152**
**MESA, AZ 85211**

7.18.19

1

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

*D. G. SWEIGERT, C/O*
*GENERAL DELIVERY*
*ROUGH AND READY, CA 95975*
*Spoliation-notice@mailbox.org*

## U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
## (FOLEY SQUARE)

D George Sweigert

**Plaintiff**

v.

Jason Goodman

**Defendant**

CIVIL CASE #: 1:18-CV-08653-VEC

JUDGE VALERIE E. CAPRONI

MAGISTRATE STEWART D. AARON

### CERTIFICATE OF SERVICE

I HEREBY ATTEST that a true copy of the attached pleadings have been sent to the
following addressees on the 22nd day of November 2019.

Jason Goodman, CEO
Multi-media Design Systems, Inc.
252 7th Avenue, Apart. #6S
New York, NY 10001

Clerk of the Court, Room 200
U.S. District Court
500 Pearl Street
New York, New York 10007-1312

D. GEORGE SWEIGERT

11 . 22 . 19



PRESS FIRMLY TO SEAL

# UNITED STATES POSTAL SERVICE ®

# PRIORITY® MAIL

* Date of delivery specified*
* USPS TRACKING™ included to many major international destinations.
* Limited international insurance.
* Pick up available.*
* Order supplies online.*
* When used internationally, a customs declaration label may be required.

* Domestic only

EP14F Oct 2018
OD: 12 1/2 x 9 1/2

USPS.COM/PICKUP




To schedule free Package Pickup, scan the QR code.

PS00001000014

DELIVERED PPO SE OFFICE
NOV 2 / 2019

*D. G. SWEIGERT, C/O*
*GENERAL DELIVERY*
*ROUGH AND READY, CA 95975*
*Spoliation-notice@mailbox.org*

FROM

SHIP TO:
500 PEARL ST
NEW YORK NY 10007-1316

USPS TRACKING ® NUMBER

9505 5067 1231 9326 1281 68

Pro Se   To: 200

Clerk of the Court, Room 200
U.S. District Court
500 Pearl Street
New York, New York 10007-1312

PRESS FIRMLY TO SEAL

EXPECTED DELIVERY DAY: 11/25/19



PRIORITY MAIL 2-DAY