IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| D. GEORGE SWEIGERT<br><br>    Plaintiff,<br><br>vs.<br><br>JASON GOODMAN,<br><br>    Defendant | Case No.: 1:18-cv-08653-VEC-SDA<br><br>DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS |

# DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant Jason Goodman Pro Se, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Rules"), hereby requests that Plaintiff, D. George Sweigert ("Sweigert"), produce the following documents for inspection and copying within the time prescribed by the Rules:



DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS - 1

## DEFINITIONS AND INSTRUCTIONS

1. The term "document" shall mean and include all written and graphic matter of every kind and description, whether written or produced or transmitted by computer, typewriter, printer, photocopier or other machine or by hand, whether in printed form or on computer disk, and whether in the actual or constructive possession, custody or control of you, including, without limitation, any and all files, records, disks, emails, text messages, instant messages, iMessages, direct messages, letters, correspondence, memoranda, notes, statements, transcripts, workpapers, sound recordings, cds, dvds, videotapes, charts, reports, books, ledgers, registers, books of account, account statements, financial statements, checks, check stubs, deposit receipts, and any other written or graphic record of any kind, whether or not such documents are claimed to be privileged from discovery on any ground.

2. "You" and "your" shall mean the person or entity to whom/which this request or subpoena is directed, including his, her, their or its agents, representatives, employees, attorneys, experts, investigators, insurers or anyone acting on behalf of the foregoing.

3. "Person" or "person" means any individual, sole proprietorship, partnership (general or limited), limited liability company, limited liability partnership, corporation, association, trust or other entity.

4. "Relating to" means to refer to, reflect, pertain to, or in any manner be connected with the matter discussed.

5. "Plaintiff" means Plaintiff, D. George Sweigert, including any agent, representative or employee of Plaintiff.

6. "Goodman" means Defendant, Jason Goodman, including any agent, representative, or employee of Goodman.

7. "Identify" or "identification", when used in reference to a person, means to state their full name, their present or last known home and business addressees) and their present or last known home and business telephone number(s). "Identify" or "identification", when used in reference to a document, means to state or specify the type of document, e.g. letter, memoranda, etc., its date, its author, signer, addressee, its contents, and any other information necessary to identify the document for purposes of an interrogatory, request for production of documents or subpoena duces tecum. As an alternative to identifying the document, a copy may be attached to your answer. If any such document was but is no longer in your possession or subject to your control, state what happened to the document. "Identify" or "identification", when used in reference to a communication, representation or discussion, means to state the person(s) to whom such communication was made, the medium of communication, e.g., letter, telephone, fax, email, etc., the date of such communication, and the subject matter and substance of such communication."

8. "Describe" means state what is requested to be described, including all facts and opinions known and held regarding what is requested to be described, and (I) the identity of each person involved or having knowledge of each fact or opinion relating to what is described, (II) the identity of each document evidencing the answer given or relating to what is disclosed in the answer given, and (III) all relevant or material dates or time periods.

9. If you consider any document called for by a request for production of documents to be privileged from discovery, include in your answer/response a list of the documents withheld, identifying each document by date, author, addressee, all recipients, all

DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS - 3

persons who have seen the document, the title and a brief description of the subject matter which will allow for a determination whether the document is privileged. Finally, you should state the grounds upon which each document is claimed to be privileged.

DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS - 4

**REQUEST FOR PRODUCTION OF DOCUMENTS**

Plaintiff requests Goodman to produce complete and genuine copies of the following:

UNLESS OTHERWISE NOTED, THE FOLLOWING REQUEST FOR PRODUCTION OF DOCUMENTS SEEKS DOCUMENTS AND ELECTRONICALLY STORED INFORMATION FOR THE TIME PERIOD BETWEEN JANUARY 1, 2017 AND THE PRESENT (the "RELEVANT PERIOD") IF SWEIGERT HAS NO DOCUMENTS RESPONSIVE TO THE FOLLOWING REQUESTS, THE ANSWER SHOULD CLEARLY STATE "NONE" OR "NO DOCUMENTS".

1. All documents that evidence, constitute, contain or reflect communications between or about Sweigert and George Webb Sweigert ("Webb") relating to Defendant or others relevant to this action, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

2. All documents that evidence, constitute, contain or reflect communications between or about Sweigert and Robert David Steele ("Steele") relating to Defendant or others relevant to this action, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

3. All documents that evidence, constitute, contain or reflect communications between or about Sweigert and Steven S. Biss ("Biss") relating to Defendant or others relevant to this action, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

4. All documents that evidence, constitute, contain or reflect communications between or about Sweigert and Tanya Cornwell ("Cornwell") relating to Defendant or others relevant to this action, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

5. All documents that evidence, constitute, contain or reflect communications between or about Sweigert and Steve Outtrim ("Outtrim") relating to Defendant or others relevant to this action, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

6. All documents that evidence, constitute, contain or reflect communications between or about Sweigert and Manuel Chavez III ("Chavez") relating to Defendant or others

relevant to this action, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

7. All documents that evidence, constitute, contain or reflect communications between or about Sweigert and Thomas Schoenberger ("Schoenberger") relating to Defendant or others relevant to this action, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

8. All documents that evidence, constitute, contain or reflect communications between or about Sweigert and Susan Lutzke, aka Susan Holmes, aka Queen Tut ("Holmes") relating to Defendant or others relevant to this action, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

9. All documents that evidence, constitute, contain or reflect communications between or about Sweigert and Oakey Marshall Richards, Richard Stone, aka Rock Hudson, aka Deep Uranium ("Richards") relating to Defendant or others relevant to this action, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

10. All documents that evidence, constitute, contain or reflect communications between or about Sweigert and Tyroan Simpson aka Frank Bacon ("Simpson") relating to Defendant or others relevant to this action, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

11. All documents that evidence, constitute, contain or reflect communications between or about Sweigert and Marcus Conte aka Marcus Goodwin ("Conte") relating to

DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS - 7

Defendant or others relevant to this action, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

12. All documents that evidence, constitute, contain or reflect communications between or about Sweigert and Nathan Stolpman aka Lift the Veil aka LTV ("Stolpman") relating to Defendant or others relevant to this action, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

13. All documents that evidence, constitute, contain or reflect communications between or about Sweigert and Quinn Michaels aka Corey Aiken ("Michaels") relating to Defendant or others relevant to this action, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

14. All documents that evidence, constitute, contain or reflect communications between or about Sweigert and Dean Fougere aka Titus Frost ("Fougere") relating to Defendant or others relevant to this action, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

15. All documents that evidence, constitute, contain or reflect communications between or about Sweigert and Mari Rapp ("Rapp") relating to Defendant or others relevant to this action, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

16. All documents that evidence, constitute, contain or reflect communications between or about Sweigert and Jacquelyn Weaver ("Weaver") relating to Defendant or others relevant to this action, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

17. All documents that evidence, constitute, contain or reflect communications between or about Sweigert and Kevin Marsden ("Marsden") relating to Defendant or others relevant to this action, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

18. All documents that evidence, constitute, contain or reflect communications between or about Sweigert and Jake Morphonios ("Morphonios") relating to Defendant or others relevant to this action, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, letters and correspondence.

19. All documents that mention Defendant or that are of and concerning Defendant.

20. Complete copies of all videos made or produced by Sweigert that mention Defendant or that are of and concerning Defendant, Defendant's broadcasts or others relevant to this action.

21. Electronic copies of all videos made or produced by Sweigert that mention Defendant or that are of and concerning Defendant, Defendant's broadcasts or others relevant to this action.

22. All communications between or about Sweigert and any law enforcement agencies (including any department of agency thereof) relating to Defendant, including, without limitation, all emails, text messages, direct messages, recorded calls, iMessages, voicemails, notes, memoranda, letters, correspondence, notices, complaints, responses, orders, and any other records.

23. All notes, memoranda and other records of conversations between Goodman and Webb.

DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS - 9

24. All notes, memoranda and other records of conversations between Goodman and Steele.

25. All notes, memoranda and other records of conversations between Goodman and Biss.

26. All notes, memoranda and other records of conversations between Goodman and Cornwell.

27. All notes, memoranda and other records of conversations between Goodman and Outtrim.

28. All notes, memoranda and other records of conversations between Goodman and Chavez.

29. All notes, memoranda and other records of conversations between Goodman and Schoenberger.

30. All notes, memoranda and other records of conversations between Goodman and Holmes.

31. All notes, memoranda and other records of conversations between Goodman and Richards.

32. All notes, memoranda and other records of conversations between Goodman and Simpson.

33. All notes, memoranda and other records of conversations between Goodman and Conte.

34. All notes, memoranda and other records of conversations between Goodman and Stolpman.

DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS - 10

35. All notes, memoranda and other records of conversations between Goodman and Michaels.

36. All notes, memoranda and other records of conversations between Goodman and Fougere.

37. All notes, memoranda and other records of conversations between Goodman and Rapp.

38. All notes, memoranda and other records of conversations between Goodman and Weaver.

39. All notes, memoranda and other records of conversations between Goodman and Marsden.

40. All notes, memoranda and other records of conversations between Goodman and Morphonios.

41. A list of all Twitter, YouTube, Facebook, Patreon, Periscope, Google Plus, Bitchute and/or social media accounts created, maintained or used by Sweigert including legacy accounts on MySpace or other public or other social media or media sharing services.

42. A list of all websites owned and/or operated by Sweigert.

43. A copy of a current resume or CV for Sweigert.

44. All communications and documents that identify the owner or operator of the YouTube account Sugar Shine.

45. Copies of all hidden or "protected" tweets, retweets, replies, likes, shares, comments, posts, blogs, photographs, videos, messages or written content of any kind or nature posted by Sweigert (or by any person acting at her direction) at any time on Twitter,

DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS - 11

Facebook, YouTube, or any other social media network or platform that mention Plaintiff or that are of and concerning Defendant or related parties.

46. Any calendar or day-timer, written or electronic.

47.

48. All documents received by Sweigert from any third-party, whether in response to a subpoena duces tecum or otherwise, that relate to the allegations in Plaintiff's Second Amended Complaint and/or that support any answer or defense to the allegations in Plaintiff's Second Amended Complaint

49. All documents that evidence, constitute, show or reflect any litigation hold imposed by Sweigert or any effort by Sweigert to preserve and protect documents and electronically-stored information, including, without limitation.

50. All documents that evidence, constitute, show or reflect injuries and damages claimed by Plaintiff in the Second Amended Complaint.

51. All documents that evidence, constitute, show or reflect communications via HAM radio or other privately operated radio or electronic communication devices with any parties relevant to the Defendant or this matter.

DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS - 12

THESE REQUESTS ARE CONTINUING IN NATURE AS PROVIDED FOR IN THE RULES. PLAINTIFF HEREBY REQUESTS THAT GOODMAN SUPPLEMENT HIS DISCOVERY RESPONSES IMMEDIATELY UPON RECEIPT OF ADDITIONAL DOCUMENTS AND INFORMATION.

I hereby attest that the pleadings herein are accurate and true under penalties of perjury. Further, I hereby attest that the attached exhibits are accurate and true copies of source documents as described.

Signed this 5th day of December 2019

Jason Goodman, Defendant, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
(323) 744-7594
truth@crowdsourcethetruth.org

DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS - 13

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| D. GEORGE SWEIGERT<br><br>    Plaintiff,<br><br>vs.<br><br>JASON GOODMAN,<br><br>    Defendant | Case No.: 1:18-cv-08653-VEC-SDA<br><br>CERTIFICATE OF SERVICE |

# CERTIFICATE OF SERVICE

I certify that on the 5th day of December 2019, I served true and accurate copies of the foregoing document to the following persons, either by deposit in the U.S. Mail, addressed as follows and with the correct first-class postage affixed thereto, or by deposit in the designated courthouse mailbox, or by hand-delivery as indicated below

**Name:** Pro Se Section of the U.S. District Court Southern District of New York

Served by

[X]   Hand-delivery

[ ]   Deposit in the designated courthouse mailbox

[ ]   By deposit in the U.S. Mail addressed as follows:


Name: D. George Sweigert (aka David George Sweiger, aka Dave Acton)

[ ]   Hand-delivery

CERTIFICATE OF SERVICE - 1

[ ]   Deposit in the designated courthouse mailbox

[X]   By deposit in the U.S. Mail addressed as follows:

D. George Sweigert

General Delivery

Rough and Ready, CA 95975

I hereby attest that the pleadings herein are accurate and true under penalties of perjury. Further, I hereby attest that the attached exhibits are accurate and true copies of source documents as described.

Signed this 5th day of December 2019

Jason Goodman, Defendant, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
(323) 744-7594
truth@crowdsourcethetruth.org

CERTIFICATE OF SERVICE - 2