IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JASON GOODMAN,<br><br>　　　Third Party Plaintiff,<br><br>vs.<br><br>STEVE OUTTRIM,<br><br>　　　Third Party Defendant | Case No.: 1:18-cv-08653-VEC-SDA<br><br>THIRD PARTY CLAIM VERIFIED COMPLAINT |

# THIRD PARTY CLAIM VERIFIED COMPLAINT

Statement and Verification

This pleading is true to the knowledge of the undersigned, except as to matters alleged on information and belief, and that as to matters the undersigned believes to be true. See N.Y. C.P.L.R. 3020

Signed this 29th day of November 2019 under penalty of perjury

_____

Jason Goodman, Defendant, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
(323) 744-7594
truth@crowdsourcethetruth.org

THIRD PARTY CLAIM VERIFIED COMPLAINT - 1

# COMPLAINT

Third Party Plaintiff, Jason Goodman, (hereinafter "Goodman"), for his Complaint against Third Party Defendant, Steve Outtrim (hereinafter "Outtrim") avers upon personal knowledge as to his own acts and status and upon information and belief and to all other matters.

## NATURE OF THE ACTION

1. This Complaint arises out of Third-Party Defendant Outtrim's defamatory statements, false accusations, deceptive actions, menacing, cyberstalking, harassment and deliberate acts of tortious interference carried out against Third Party Plaintiff Goodman from June 2017 continuously through to today.

2. Outtrim became an active member of an existing conspiracy engaging in overt acts in furtherance of the conspiracy between D. George Sweigert (hereinafter "Sweigert") and Tyroan Simpson (hereinafter "Simpson") as well as additional third parties.

3. Outtrim worked in concert with others to defame, harass and stalk Goodman both online and in the real world. Outtrim engaged in a series of overt acts including publishing false statements intended to defame and harass Goodman, to disrupt his business and to deny him economic opportunities.

4. By his own admission, Outtrim became aware of Goodman as a result of the incident in the Port of Charleston in June 2017.

5. Outtrim publishes a blog at https://burners.me/

6. Outtrim publishes videos on a YouTube channel called Crypto Beast

THIRD PARTY CLAIM VERIFIED COMPLAINT - 2

## JURISDICTION AND VENUE

7. This is an action for damages in an amount in excess of the minimum jurisdictional limits of this Court.

8. This Court has jurisdiction over this dispute pursuant to 28 U.S.C. §1332 (diversity jurisdiction) in that Outtrim and Goodman are citizens of different states and the amount in controversy exceeds seventy-five thousand ($75,000), exclusive of interest and costs.

9. This Court has personal jurisdiction over Third Party Plaintiff. Third Party Plaintiff resides in New York City; Third Party Defendant alleges to conduct regular business in New York City; and this action is being brought in response to Case 1:18-cv-08653-VEC-SDA Document 1 Filed 06/14/18 within the Southern District of New York.

10. Venue is proper in this Court as (a) the cause of action arose within the jurisdiction of this Court and (b) Third Party Plaintiff resides within this District.

## PARTIES

11. Third Party Plaintiff Jason Goodman is an individual who is a citizen of New York and resides 252 7th Avenue apartment 6s New York, NY 10001

12. Third Party Defendant Outtrim is believed to be a resident of New Zealand, currently utilizing a PO Box address, 1370 Tranca Stret PO Box 102 Napa, CA 94558.

13. Counter Defendant in Sweigert v Goodman, David George Sweigert believed to be a resident of California, currently utilizing a PO Box address, General Delivery Rough

THIRD PARTY CLAIM VERIFIED COMPLAINT - 3

and Ready CA 95975. Plaintiff in Steele v. Goodman Robert David Steele 11005 Langton Arms Court Oakton, VA 22124

14. co-Defendant in Steele v. Goodman Susan Lutzke, aka Susan Holmes, aka Queen Tut (hereinafter "Holmes"), 2608 Leisure Dr Unit B Fort Collins CO 80525

## FACTUAL ALLEGATIONS

15. Outtrim uses his https://burners.me/ blog in part to spread known false statements intended to harass, defame and disrupt Goodman, to destroy Goodman's worldwide reputation and deny him of economic opportunities. Outtrim does this in furtherance of the conspiracy described in the Counter Claim Verified Complaint in Sweigert v. Goodman submitted to the clerk of the court on November 28, 2019.

16. On November 29, 2018 Outtrim published a video interview on his Crypto Beast YouTube channel with "Queen Tut" an individual believed to be Susan Holmes, aka Susan Lutzke (hereinafter "Holmes")

17. Holmes is a co-Defendant in Steele v Goodman, a federal civil action currently underway in the Eastern District of Virginia, where she has failed to respond, failed to appear and on September 6, 2018 a default judgement was entered by the clerk of the court. **(EXHIBIT A)**

18. Plaintiff in Steele v Goodman has taken no action to enforce the default judgement.

19. In the November 29, 2018 interview, both Outtrim and Holmes make numerous false statements and false accusations intended to defame and harass Goodman.

20. In the November 29, 2018 interview Holmes makes double hearsay claims indicating her belief Goodman has exchange photographs of himself naked with "young girls"

THIRD PARTY CLAIM VERIFIED COMPLAINT - 4

while on a business trip with Patrica Negron (hereinafter "Negron") in the United Kingdom. Negron, also a co-Defendant in Steele v. Goodman.

21. False claims by Outtrim and Holmes were used as a predicate in both Steele v. Goodman and Sweigert v. Goodman to attempt discovery of naked photographs of Goodman.

22. Both Goodman and Negron have denied the false claims. No evidence has been presented in support of the false claims. Goodman asks the court to take notice, even if the false claims were true, they have no relevance with regard to the actual claims in any current legal action. The effort to seek discovery of private communications and personal photos of Goodman is an overt act in furtherance of the conspiracy intended to harass and defame Goodman

23. On November 6, 2019 Outtrim made a false "copyright claim" with YouTube which resulted in a temporary suspension of Goodman's ability to broadcast livestream video on YouTube. **(EXHIBIT B)**

24. Goodman's work livestreaming video broadcasts is his primary source of income.

25. The false copyright claim initiated by Outtrim was challenged by Goodman on November 6, 2019 through YouTube's official process.

26. The YouTube copyright claim / counterclaim process requires the claimant to present YouTube with evidence of either a court order enjoining the alleged infringing party from use of the material in question, OR a lawsuit filed against the infringing party for the same claim.

THIRD PARTY CLAIM VERIFIED COMPLAINT - 5

27. In an overt effort in furtherance of the conspiracy to harass Goodman and disrupt his business, on the day of the YouTube counterclaim, Outtrim attempted to intervene in Sweigert v. Goodman.

28. Outtrim's true purpose in his hasty attempt to intervene was to solidify the disruption of Goodman's business by obtaining evidence required by YouTube to enforce Outtrim's false copyright claim. This was an overt act in furtherance of the conspiracy intended to destroy Goodman's YouTube based business.

29. Outtrim's failure to present YouTube with a filed suit or other evidence has resulted in his claim being rejected and Goodman's YouTube business being fully restored to good standing. YouTube's official finding was no abuse of copyright as false claimed by Outtrim.

30. Third Party Plaintiff does not know Third Party Defendant and has never met Third Party Defendant.

31. Third Party Plaintiff Goodman became aware of Third Party Defendant Outtrim after members of Goodman's viewing audience brought various social media posts made by Outtrim to Goodman's attention.

32. Outtrim has conspired with Sweigert in furtherance of a conspiracy to defame Goodman. Outtrim took overt action in repeating the lie that Goodman planned, oversaw and / or participated in a scheme to perpetrate a dirty bomb hoax. He now echoes this, claiming Goodman involvement in an aerial cinematography company is somehow evidence that Goodman had foreknowledge and / or some involvement in explosions at a Texas LNG facility. These statements are categorically false and are totally unsupported by facts or evidence.

THIRD PARTY CLAIM VERIFIED COMPLAINT - 6

## COUNT 1 DEFAMATION

33. Third Party Plaintiff Goodman re-alleges paragraphs 1 – 33 as if the same were fully set forth herein. Outtrim made his false and defamatory statements deliberately and maliciously with the intent to intimidate, discredit and defame Goodman.
34. Outtrim and co-conspirators engaged in Defamation Per Se on several occasions by deliberately making false statements which were published to third-parties without privilege of authorization; with fault amounting to AT LEAST negligence; that caused special harm.
35. Because Outtrim's false allegations of international terrorism or foreknowledge of terrorist events are such heinous false statements likely to cause public hate toward Goodman implying involvement in criminal activity, damages to worldwide reputation are inherent.

## COUNT 2 AGGRIVATED HARASSMENT

36. Third Party Plaintiff Goodman re-alleges paragraphs 1 – 35 as if the same were fully set forth herein. Outtrim made his false and defamatory statements deliberately and maliciously with the intent to intimidate and harass Goodman
37. Outtrim and co-conspirators engaged in Aggravated harassment in the second degree, a violation of 40 N.Y. Con. Laws Ann. § 240.30

## COUNT 3 CIVIL CONSPIRACY

38. It is textbook law that New York does not recognize an independent tort of conspiracy. If an underlying, actionable tort is established, however, [the] Plaintiff may plead the existence of a conspiracy in order to demonstrate that each defendant's conduct was part of a common scheme." Sepenuk v. Case 1:15-cv-04244-JGK Document 214 Filed 09/12/16 Page 72 of 88 73 Marshall, No. 98-cv-1569 (RCC), 2000 WL 1808977, at (S.D.N.Y.Dec. 8, 2000) (citation omitted). To establish a claim of civil conspiracy, the plaintiffs "must demonstrate the primary tort, plus the following four elements: (1) an agreement between two or more parties; (2) an overt act in furtherance of the agreement; (3) the parties' intentional participation in the furtherance of a plan or purpose; and (4) resulting damage or injury." World Wrestling Fed'n Entm't, Inc. v. Bozell, 142 F. Supp. 2d 514, 532 (S.D.N.Y. 2001). Under New York law, in order to be liable for acting in concert with a primary tortfeasor under a theory of either conspiracy or aiding and abetting, the defendant must know of the wrongful nature of the primary actor's conduct. Pittman by Pittman v. Grayson, 149 F.3d 111, 123 (2d Cir. 1998). "It is essential that each defendant charged with acting in concert have acted tortiously and that one of the defendants committed an act in pursuance of the agreement which constitutes a tort." Rastelli v. Goodyear Tire & Rubber Co., 591 N.E.2d 222, 224 (N.Y. 1992).

THIRD PARTY CLAIM VERIFIED COMPLAINT - 7

## PRAYER FOR RELIEF

WHEREFORE, Third Party Plaintiff Goodman respectfully requests judgment against Third Party Defendant Outtrim, awarding compensatory, consequential, exemplary, and punitive damages in an amount to be determined at trial, but in excess of the $75,000 jurisdictional requirement; expenses and fees related to this suit; and such other and further relief as the Court may deem just and proper.

I hereby attest that the pleadings herein are accurate and true under penalties of perjury.

Further, I hereby attest that the attached exhibits are accurate and true copies of source documents as described.

Signed this 29th day of November 2019

*[signature]*

Jason Goodman, Defendant, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
(323) 744-7594
truth@crowdsourcethetruth.org

**(EXHIBIT A)**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

Robert David Steele,

    Plaintiff

vs.                                               **Civil Action No.** 3:17cv601

Earth Intelligence Network, et al

    Defendant

## ENTRY OF DEFAULT

    IT APPEARING by affidavit of counsel for the plaintiff, Robert David Steele, that the defendant, Susan A. Lutzke, has failed to appear, plead or otherwise defend this action within the prescribed time allowed as otherwise provided in the Federal Rules of Civil Procedure, default is hereby entered against defendant, Susan A. Lutzke.

FERNANDO GALINDO, CLERK

BY: _____
J. Smith, Deputy Clerk

**(EXHIBIT B)**



From: **YouTube Copyright** youtube-disputes+1tf6ywmmj4nu10h@google.com
Subject: Re: [KELBQB5URT4NHXMFSUKH4WGLHY] New Copyright Counter-Notification
Date: November 6, 2019 at 12:44 AM
To: jason@21stcentury3d.com



Dear Jason Goodman,

Thank you for your counter notification. It has been forwarded to the party that sent the takedown notification.

Keep in mind that by submitting this counter notification, you've initiated a formal legal dispute process. As such, YouTube will handle this process in accordance with the law. This process takes some time, so we kindly ask for your patience.

Upon forwarding your counter notification to the claimant, we will allow them 10 - 14 business days from this date to respond with evidence that they have taken court action against you to prevent the reinstatement of the video(s) in question.

If we receive no response, after that time period your videos will be restored and the associated penalties on your account will be resolved.

You will receive updates in this email thread about your counter notification's status. You can also check its status within your Video Manager.

- The YouTube Team

Counter-Notification as follows:

Videos included in counter-notification:

- http://www.youtube.com/watch?v=RNY9Wc4dZWM

Display name of uploader: Jason Goodman

This is a fraudulent copyright strike. The claimant is a limited purpose public figure who has appeared on international television many times and has his own YouTube channel which spends quite a lot of time smearing me with false allegations. This video contains known false information, https://www.youtube.com/watch?v=N1GO1nJUVUM, this New Zealand citizen is harassing me from a foreign country where he is safe from civil legal action. He is a cryptocurrency fraudster and has submitted this strike, not for legitimate purposes, but as a punitive step against me. I am actively seeking a legal remedy to this individual's ongoing harassment and I do not want YouTube to get unwittingly roped in to his campaign against me. Please reinstate this video immediately to avoid any potential legal entanglement. The image in question which was shown in my video was publicly posted by the claimant in the public domain on Facebook and has been subsequently removed to support his false claim of copyright infringement. The image contains an image of him and an employee of a UN linked agency that is questioned in the video broadcast. This image is being displayed in accordance with the fair use doctrine of the Communications Decency Act Section 230, the same statue that protects Google from lawsuits related to user posts. This does not however protect YouTube from participating in criminal conspiracies, which claimant Steve Outtrim stands accused of, and YouTube should stay out of this matter and encourage Outtrim to bring a civil legal claim against me. Should he succeed in that claim (which he will not) the video could be removed. Absent that judgement, the video should be re-instated immediately. The image was shown in conjunction with commentary about this individuals actions which include allegations of fraud, money laundering and harassment

I swear, under penalty of perjury, that I have a good faith belief the material was removed due to a mistake or misidentification of the material to be removed or disabled.

I consent to the jurisdiction of the Federal District Court for the district in which my address is located, or if my address is outside of the United States, the judicial district in which YouTube is located, and will accept service of process from the claimant

is located, and will accept service of process from the claimant.

Jason Goodman

252 7th Avenue #6s

New York, NY 10001 US

jason@21stcentury3d.com

3237447594

Help center • Email options

©2019 YouTube, LLC 901 Cherry Ave, San Bruno, CA 94066, USA





# Click-N-Ship®

usps.com
**$7.35**
US POSTAGE
Flat Rate Env

9405 5036 9930 0177 7248 76 0073 5000 0011 0007

11/29/2019    Mailed from 10001    062S0000001311

## PRIORITY MAIL 1-DAY™

JASON GOODMAN
21ST CENTURY 3D
252 7TH AVE
NEW YORK NY 10001-7326

Expected Delivery Date: 11/30/19

0005



Carrier -- Leave if No Response    C014

SHIP
TO: PRO SE INTAKE UNIT
US DISTRICT COURT FOR THE SOUTHERN DISTRICT
500 PEARL ST
NEW YORK NY 10007-1316

**USPS TRACKING #**

9405 5036 9930 0177 7248 76

Electronic Rate Approved #038555749

