Case 1:18-cv-08653-VEC-SDA Document 128 Filed 12/11/19 Page 1 of 16

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

**U.S. DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
(FOLEY SQUARE)**



| | |
|---|---|
| **D George Sweigert**<br><br>**Plaintiff**<br><br>v.<br><br>**Jason Goodman**<br><br>**Defendant** | CIVIL CASE #: 1:18-CV-08653-VEC<br><br>JUDGE VALERIE E. CAPRONI<br><br>MAGISTRATE STEWART D. AARON |

## PLAINTIFF'S FIRST DOCUMENTS REQUEST

Pursuant to the conditions expressed in the ORDER of Magistrate Judge Stewart D. Aaron (10/24/2019, ECF Doc. No. 97) and Federal Rule of Civil Procedure (Fed.R.Civ.P,) Rule 34 attached are the Plaintiff's FIRST DOCUMENT REQUESTS.

I hereby certify that the attached interrogatories are truthful and accurate (to the best of my knowledge) and are not submitted for the purposes of oppression of Defendant Goodman.

Signed this 29th day of November, 2019.



*D. G. SWEIGERT, C/O*
*GENERAL DELIVERY*
*ROUGH AND READY, CA 95975*
*Spoliation-notice@mailbox.org*

11·25·19

1

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

## BACKGROUND STATEMENT AND INSTRUCTIONS

1. Plaintiff incorporates by reference the applicable instructions from the ORDER of 10/24/2019 (**ECF Doc. No. 97**) by Magistrate Judge Stewart D. Aaron. This ORDER of 10/24/2019 allowed document requests to be served upon the Court.

## PRIMA FACIE SHOWING OF RELEVANCE

2. Pursuant to Fed.R.Civ.Proc. Rule 34 and *N. Shore-Long Island Jewish Health Sys., Inc. v. Multiplan, Inc.*, CV 12-1633 (JMA) (AKT) (E.D.N.Y. Mar. 28, 2018) the Plaintiff states that he has done a careful review of the attached document requests and states that he needs the documents requested to demonstrate the claims as articulated in the Second Amended Complaint (**[SAC], Doc. no. 88**).

## DEFINITIONS

3. Herein the term "**Plaintiff**" refers to the individual and natural person known as **D. George Sweigert** and the other instantiations used by Defendant (Def) **Jason Goodman**, as in: Dave Sweigert, David G. Sweigert, David George Sweigert, etc.

4. Herein the term "**Defendant**" refers to the individual and natural person Jason D. Goodman, believed to be Jason David Goodman, operator of a brand known as **CrowdSource The Truth** which dispenses social media podcast content.

5. Herein the term "**document**" shall have the broadest meaning possible under the Federal Rules of Civil Procedure (Fed. R. Civ. Proc.) and shall include, but not be limited to, the original (or a copy when the original is not available) and each non-identical copy (including those which are non-identical by reason of translations, notations, or markings) or any and all other written, printed, typed, punched, taped, filmed, or graphic matter or recorded or tangible thing, or

Case 1:18-cv-08653-VEC-SDA   Document 128   Filed 12/11/19   Page 3 of 16

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

whatever description, however produced or reproduced (including computer-stored or generated data, together with instructions or programs necessary to search and retrieve such data and hard copies where available and retrievable), and shall include all attachments to and enclosures with any requested item, to which they are attached or with which they are enclosed, and each draft thereof. The term document shall specifically include all recorded or retrievable electronic data or communications such as electronic mail (e-mail) and the like and all translations thereof.

6. Herein the term **"communication"** means any oral, written, electronic, or other exchange of words, thoughts, information, or ideas to another person or entity, whether in person, in a group, by telephone, by letter, by Telex, by facsimile, or by any other process, electric, electronic, or otherwise. All such communications includes computer discs or transmissions, e-mails, instant messages, tape or video recordings, voicemails, diaries, log books, minutes, notes, studies, surveys and forecasts, and any and all copies thereof.

7. Herein the term **Electronic Stored Information (ESI)** shall have the common meaning expressed as "information created, manipulated, communicated, stored, and best utilized in digital form, requiring the use of computer hardware and software"; see, *Electronically Stored Information: The December 2006 Amendments to the Federal Rules of Civil Procedure,* Kenneth Withers, 4 NW. J. of Tech. & Intell. Prop. 171, available at http://www.law.northwestern.edu/journals/ njtip/v4/n2/3. **ESI** includes e-mails, voice-mails, instant messages, text messages, documents, spreadsheets, file fragments, digital images, and video. **ESI** can be viewed from the context of Fed. R. Civ. Proc. **Rule 16(b)(3)(B)(iii) and (iv), Rule 26(f)(3)(C) and Rule 37(e).** This includes "data copied from an electronic device, storage medium or file" per Federal Rules of Evidence **(F.R.E.) Rule 902(14)** and/or records generated by an electronic process or system per **F.R.E. Rule 902(13).**

Case 1:18-cv-08653-VEC-SDA   Document 128   Filed 12/11/19   Page 4 of 16

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

8.     Herein the term "**loose media**" shall include USB/Firewire drives, flash drives, memory cards and CDs/DVDs with the accompany computers and/or peripheral devices use to access such memory mechanisms.

9.     Herein the term "**Cloud storage**" means any Internet-based repository of digital information, which includes electronic files, artwork, and/or screen-shots that may be stored at Internet Service Provider (ISP) storage, social media platform storage as provided by social media providers such as Google, Facebook, Twitter, Patreon, YouTube, TINDER, SubscribeStar, DLive, Periscope, Bit-Chute, etc. Identification of Internet-based (Cloud) platforms should include Internet domain name and/or relevant Internet Protocol (I.P.) address and/or Uniform Resource Locator (URL). Information about local, on-site, non-Cloud storage on computer systems with manufacture/make specifics as to make, model, operating system type, version of such systems and their location.

10.    Herein the term "**e-mail**" shall include the electronic files stored on servers, workstations, ISP servers, or other Cloud-based e-mil messaging services; e.g. messages in electronic mail servers hosting the e-mail accounts truth@crowdsourcethetruth.org, jasongoodman72@protomail.com, jason@21stcentury3d.com and/or any other e-mail storage services; e.g. Microsoft Exchange/Outlook, GMAIL, or localized on-site computers that synchronize with on-line e-mail servers. This shall be understood to mean initiating e-mails, e-mail "thread" and/or "string" and/or "chain". This includes any e-mails saved electronically or moved to outside the e-mail program and saved in other formats such as ".txt" and/or ".msg".

11.    Herein the term "**encryption**" shall mean the process of enciphering data and **ESI**. In the case of the use of encryption and/or hash values providing technical information concerning the associated encryption techniques used to encipher such data. This includes descriptions

4

Case 1:18-cv-08653-VEC-SDA   Document 128   Filed 12/11/19   Page 5 of 16

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

concerning he use of digital signatures, hash values, and/or other coding techniques to encipher data from its "plaintext" form to a "cipher-text" form. The responding party (Def) should produce information that would indicate to the Plaintiff how to obtain a "reasonable usable form" and may need to describe any processes that were used to covert electronically stored (**ESI**) data from a form which is ordinarily maintained, if in a different form that makes it more burdensome on the requesting party (Plaintiff) to use information, as articulated in **Fed. R. Civ. Proc. Rule 34(b).** *Aguilar v. Ice*, 255 F.R.D. 350 (S.D.N.Y. 2008).

12.     Herein the term "**meta-data**" shall be viewed as "data about data" which is **ESI** that describes the history, tracking, and/or management of an electronic document. All documents that are placed in storage systems and provided to the requesting party (Plaintiff) should be provided with all non-altered meta-data embedded in such documents.

13.     Herein the term "**imagery**" includes hard-copies and/or **ESI** of that which has been manipulated to create an "image" to include ".TIFF" and/or ".PDF" and/or ".MP3" and/or ".MP4"and/or other such files, etc. This shall include the processing of photographs, portraits, and/or the likeness or artwork that displays recognizable features of the Plaintiff. Courts have construed the portrait/picture provisions of the statute somewhat broadly, to include "any recognizable likeness, not just an actual photograph." *Burck v. Mars, Inc.,* 571 F. Supp. 2d 446, 451 (S.D.N.Y. 2008).

14.     Herein the term "**likeness**" shall mean the Plaintiff's likeness, portrait and/or photograph. *Clark v. Celeb Publ'g, Inc.,* 530 F. Supp. 979 (S.D.N.Y. 1981). *Big Seven Music Corp. v. Lennon,* 554 F.2d 504 (2d Cir. 1977). It is settled that "any recognizable likeness, not just an actual photograph, may qualify as a `portrait or picture.'" *Allen v. Nat'l Video, Inc.,* 610 F. Supp.

Case 1:18-cv-08653-VEC-SDA Document 128 Filed 12/11/19 Page 6 of 16

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

612, 621 (S.D.N.Y. 1985) at 622 (citing *Ali v. Playgirl, Inc.*, 447 F. Supp. 723, 726 (S.D.N.Y. 1978)).

15. Herein the term **"custodian"** shall describe an employee or other person or group with ownership, custody, or control over potentially relevant information. A "custodian of records" and/or electronic records, and/or **ESI** which includes data that has been entrusted to a third party, includes the names and contact information for all such parties (third party data custodian) whether corporations, associations, **Internet Service Providers (ISPs)**, and/or natural person individuals that may be aware of such systems that can store, contain, archive, process and/or transmit **ESI**, digital imagery, files, and/or messages. This includes the use of third-party and/or non-party witness custodians of ESI records such as those services and/or systems used by associates, third-parties, contractors, consultants, "side-kicks", guests, interviewees and/or friends. See Fed. R. Civ. Proc. **Rule 30(b)(6).**

16. A party's obligation to deliver all the documents used to calculate damages is "the functional equivalent of a standing Request for Production under Rule 34[,]" which grants the opposing party general access to these relevant documents. *Id.* at 296 (quoting Fed. R. Civ. P. Rule 26 advisory committee notes to 1993 amendments).

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

## PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS

**DOCUMENT REQUEST NUMBER ONE TO DEFENDANT GOODMAN:**

Any documents that describe with specificity the file systems, servers, Cloud storage repositories, local onsite computational devices or other Internet systems used to store/archive records, and/or archives for digital data, to include details regarding linkages of computers, video systems, data storage devices, on-site stand-alone computational devices, shared resources and/or other computer network components relied upon by Jason Goodman and the brand "Crowdsource The Truth" to transmit, store or process imagery of the Plaintiff's likeness.

**DOCUMENT REQUEST NUMBER TWO TO DEFENDANT GOODMAN:**

Any documents that identify ALL social media accounts of Defendant; to include: YouTube, Patreon, TINDER, Twitter, Bit-Chute, DLive, etc., and used such computers and/or software to store, process or transmit the imagery of the Plaintiff – no matter if it was a stand-alone image or embedded in a completed piece of CSTT artwork – to include identification of each social media platform with username, profile name, account name, etc.

**DOCUMENT REQUEST NUMBER THREE TO DEFENDANT GOODMAN:**

Any documents that demonstrate the legal names for business and/or other legal entities (such as associations, corporations, companies, "doing business as (DBAs)", directorships with same, etc.) related to the natural person Jason Goodman and provide copies of authorizing documents for the doing business as (DBA) 21st Century 3D", and/or "MDSI", and/or "Multi-media Software Design, Inc." and/or "Multi-media Systems Design, Inc." and/or any other legal entity

Case 1:18-cv-08653-VEC-SDA   Document 128   Filed 12/11/19   Page 8 of 16

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

associated with the natural person Jason D. Goodman and/or the podcast brand "CrowdSource The Truth" To include relationships such as investor, agent, employee, advisor, director, board member, etc.). Such documents may include charters, certificates, warrants, etc. issued by a governmental sub-division; such as a state, county or city. This includes copies of New York City business licenses to operate at a business at 252 7th Ave, #6s New York, NY 10001.

**DOCUMENT REQUEST NUMBER FOUR TO DEFENDANT GOODMAN:**

Any documents that indicate the software used for artwork that was relied upon to create artwork "collages" with the Plaintiff's likeness, portrait and/or photograph and other such communications activity with third party agents, employees, interviewees, patrons, proxies or others acting in concert with the Defendant concerning the Plaintiff. This includes copies of ALL artwork created by the natural person Jason Goodman, or his proxy, delegated agent or other individual that created such artwork and/or "collages".

**DOCUMENT REQUEST NUMBER FIVE TO DEFENDANT GOODMAN:**

Documents that contain information about the identification of each technical or manpower resource upon which Defendant, or any party or third party acting in concert with the Defendant or at his direction and/or relied upon, to create video content for CrowdSource The Truth podcasts that featured, mentioned and/or described the Plaintiff; whether as expressed as participation as a guest, background researcher, artwork creator, agent, employee, proxy, patron, video editing expert, imagery artwork expert, etc. This request for copies of documents that demonstrate interactions with guest for all podcast shows that have included content concerning the Plaintiff.

Case 1:18-cv-08653-VEC-SDA Document 128 Filed 12/11/19 Page 9 of 16

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

**DOCUMENT REQUEST NUMBER SIX TO DEFENDANT GOODMAN:**

Any documents that indicate the identification of any and all legal claims or lawsuits, administrative agency actions at federal, state, city or local levels initiated against the natural person Jason Goodman and all the business entities associated with Jason Goodman such as *"Multimedia Systems Design, Inc."*, *"21st Century 3D"*, *"Multi-media Design Systems, Inc."* or other entities controlled, owned, operated or associated with Jason Goodman for the past three (3) years, this includes corporations and/or companies Defendant has or have been affiliated with, to include case number, party names, disposition of case and forum in which such claims or lawsuits were asserted. This would include the drone company "AREOCINE".

**DOCUMENT REQUEST NUMBER SEVEN TO DEFENDANT GOODMAN:**

Any documents that support identification of the online postings, comments, blog updates, video content, etc. made by Defendant, or in which Defendant has been involved, with contains content about the Plaintiff, describing the Plaintiff's ethical hacker credential, computer skills, network knowledge, mentioning the Plaintiff's former employers and employment, using any form of the Plaintiff's name, or any individual believed by Defendant to be associated with the Plaintiff (includes Twitter, Facebook, YouTube, Patreon, TINDER, Bit-Chute, DLive, Periscope, etc.).

**DOCUMENT REQUEST NUMBER EIGHT TO DEFENDANT GOODMAN:**

Any documents supporting the identification of every office, mailing address, third party mail forwarder, "rent an office", etc., in which Defendant and/or Defendant's companies, corporations, businesses, "doing business as (DBAs)", etc. has or have maintained or currently

Case 1:18-cv-08653-VEC-SDA Document 128 Filed 12/11/19 Page 10 of 16

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

maintains a postal address; provide address by suite number, street address, city, state zip code, for the past ten (10) years to include International addresses and addresses in the United States.

**DOCUMENT REQUEST NUMBER NINE TO DEFENDANT GOODMAN:**

Any documents that indicate Defendant communications with other CrowdSource The Truth guests, "sidekicks", talent, researchers, interviewees, sponsors or other affiliates, concerning discussions about the Plaintiff, Plaintiff's background, Plaintiff's military service, Plaintiff's network and computer skills, Plaintiff's relationship to his brother, or other relevant material discussed involving the Plaintiff, and identify of those persons taking part in such meetings, discussions, visits to homes, dinner conversations and/or communications, provide approximate date of the contact, whether contact was in person, by telephone, electronic means, or in writing; if contact was in person or by telephone, include description of the substance of the communication and location of the participants; and identify the persons and documents concerning such meetings and communications.

**DOCUMENT REQUEST NUMBER TEN TO DEFENDANT GOODMAN:**

Any document that indicates communications between Defendant and any CrowdSource The Truth guest, "sidekick", talent, interviewee, researcher, agent, employee, consultant and/or sponsor or other affiliate (e.g. Kevin Shipp, Harmon Wilfred, Quinn Michaels (aka Korey Atkin), Lee Stranahan, Steve Outtrim, Jackie Weaver, Dean Fourege, George Webb Sweigert, Queen Tut (Susan B. Holmes, aka Susan Lutzke), Trish Negron, etc.) concerning the Plaintiff.

**DOCUMENT REQUEST NUMBER ELEVEN TO DEFENDANT GOODMAN:**

Any documents that Defendant may have had, or will have, which was shared with law enforcement personnel, agencies or staff; to include Special Agent Brittany Custer of the Federal

10

Case 1:18-cv-08653-VEC-SDA Document 128 Filed 12/11/19 Page 11 of 16

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

Bureau of Investigation and agents or officers of the New York Police Department; by individual's name, representing specific agency, time period of the contact, length of interviews, and for what stated purpose, and whether or not the Plaintiff was a topic or his name was involved, in whole or in part, in such discussions, contract, interchanges or communications, etc. This includes all materials the Defendant reported on social media that he had turned over to law enforcement.

**DOCUMENT REQUEST NUMBER TWELVE TO DEFENDANT GOODMAN:**

Any documents that describe the processes and other vetting that is part of the CrowdSource *"Truth Engine"* and the operation of such an engine, engine technology, location of supporting processes used in the engine, any processes, protocols and/or techniques that are part of the *"truth engine"* to include the names of parties, agents, employees, patrons, interviewees and other that play a role in the operation, refinement, deployment and/or use of the *"truth engine"* which addresses validation of information and vetting.

**DOCUMENT REQUEST NUMBER THIRTEEN TO DEFENDANT GOODMAN:**

Any documents that describe the forums, social media platforms or other websites on which Defendant commented regarding the Plaintiff, including the username/handle/moniker under which the comments were made with name of platform, Internet addresses or Uniform Resource Locators (URL) of sites, time period of such postings.

**DOCUMENT REQUEST NUMBER FOURTEEN TO DEFENDANT GOODMAN:**

Amy documents to support the allegations that the Plaintiff was guilty of serious crimes, and/or the Plaintiff should be jailed, and/or that the Plaintiff might need to be interviewed in a prison or mental hospital, that the Plaintiff was a sufferer of Post-Traumatic Stress Syndrome (PTSD), the

11

Case 1:18-cv-08653-VEC-SDA Document 128 Filed 12/11/19 Page 12 of 16

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

Plaintiff is a target of an F.B.I. and/or S.D.N.Y. investigation, the Plaintiff was a contractor for the Central Intelligence Agency, etc.

## DOCUMENT REQUEST NUMBER FIFTHTEEN TO DEFENDANT GOODMAN:

Any documents that demonstrate the growth of the CrowdSource The Truth social media footprint by the acquisition of each and every social media account and/or outlet and the time when distribution of content was commenced on each and every individual social media platform, web-site, blog, messaging system accessed by the Defendant or by his agents, employees, proxies, interviewees or others working in concert with the Defendant to act as system administrators, blog editors, content posting, etc.

## DOCUMENT REQUEST NUMBER SIXTEEN TO DEFENDANT GOODMAN:

Any documents that demonstrate e-mail messages sent to the Defendant as "cease and desist" messages, "spoliation notices", "duty to preserve" notices, "Rule 16(b)(3)(B)(iii) notices", "evidence preservation notices" and other warnings, demand for termination and other e-mail messages delivered to the Defendant's e-mail messaging services (no matter which one) from the Plaintiff which provided warnings to the defendant to cease, end, terminate and/or stop the publishing of various content by providing date of e-mail message, contents, sender and any response sent to the Plaintiff by the Defendant.

## DOCUMENT REQUEST NUMBER SEVENTEEN TO DEFENDANT GOODMAN:

Any documents that contains facts about the Defendant's role in the video content production and distribution on social media platforms that featured, interviewed, showcased, or focused on Larry Klayman, esq., Chairman and General Counsel of "Freedom Watch", to include the times Mr. Klayman using the title of "Special Prosecutor", in video content created in conjunction with

Case 1:18-cv-08653-VEC-SDA   Document 128   Filed 12/11/19   Page 13 of 16

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

proceedings entitled "Citizen Grand Jury", to include messaging, e-mail, communications, meetings dinner conversations and/or talks exchanged with Larry Klayman and/or Dr. Jerome Corsi".

**DOCUMENT REQUEST NUMBER EIGHTTEEN TO DEFENDANT GOODMAN:**

Any documents that contain facts supporting the Defendant's participation in interviews with news, newspaper, mass media and/or other news media outlets concerning the purported "dirty bomb hoax" at the Port of Charleston, South Carolina on June 16, 2017, to include Donie O'Sullivan of CNN, and Christopher Mele of the New York Times, to include Defendant's participation in interview phone call in concert with George Webb Sweigert, communications between any reporter (such as O'Sullivan and/or Mele), the Defendant and/or George Webb Sweigert to schedule, set-up or plan such interview.

**DOCUMENT REQUEST NUMBER NINETEEN TO DEFENDANT GOODMAN:**

Any documents that contain facts about the Defendant's trip to Vancouver, British Columbia to visit, meeting, conversations, dinner meetings and/or video content conversations with David Charles Hawkins (White Rock, (South Surrey) British Columbia, Canada), to include dates of travel, duration of stay in British Columbia, number and duration of meetings, visits with Mr. Hawkins, titles of video productions produced and distributed, approximate expenses, monies, benefits, dinners or other gratuities given to Mr. Hawkins to include a description of the communications exchanged between Defendant and Mr. Hawkins that included discussions about the Plaintiff, Plaintiff's military record, Plaintiff's ethical hacking career, Plaintiff's knowledge of computer and network concepts, of Plaintiff's experience as a network designer at Booz*Allen Hamilton, etc.

Case 1:18-cv-08653-VEC-SDA Document 128 Filed 12/11/19 Page 14 of 16

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

## DOCUMENT REQUEST NUMBER TWENTY TO DEFENDANT GOODMAN:

Any documents that contain supporting rationale that there is a genuine public issue associated with or an opportunity to influence the resolution of issues involved with the Federal Bridge Public Key Infrastructure Certification Authority (FBCA), the construction of the FBCA by Entrust Technologies, the Plaintiff's employment at Entrust Technologies, the Plaintiff's employment as a consultant at the U.S. National Security Agency to design an X.500 directory as a consultant, the Plaintiff's employment at EuroSignCard, S.A. of Luxembourg, the Plaintiff's employment at Booz*Allen & Hamilton as a network designer consultant for the U.S. Special Operations Command and the alleged use of a cordless phone to call 911 dispatch at the Jon-Benet Ramsey murder incident (circa 1996).

## DOCUMENT REQUEST NUMBER TWENTY-ONE TO DEFENDANT GOODMAN:

Any documents containing facts supporting the Defendant's involvement in gathering, preparing, collecting, writing, editing, filming, taping or photographing of news intended for a newspaper, news agency, press association or wire service or other professional medium or agency which has as one of its regular functions the processing and researching of news intended for dissemination to the public.

## DOCUMENT REQUEST NUMBER TWENTY-TWO TO DEFENDANT GOODMAN:

Any documents that support the Defendant's dissemination of raw intelligence to the CrowdSource The Truth constantly expanding network of human brains for vetting, analysis and assessment.

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

**DOCUMENT REQUEST NUMBER TWENTY-THREE TO DEFENDANT GOODMAN:**

Any documents of records that contain facts supporting the Defendant's involvement to work together to collect and analyze data from around the web and around the world, and how the Defendant determines what is fact and fiction.

**DOCUMENT REQUEST NUMBER TWENTY-FOUR TO DEFENDANT GOODMAN:**

Any documents that contain facts supporting the Defendant's analysis, research, reporting, investigation and/or vetting of information that the Plaintiff was acting as a co-conspirator with Robert David Steele (**RDS**), was acting as an associate or affiliate of **RDS**, was in the role as a co-conspirator with **RDS** or any other relationship between **RDS** and the Plaintiff.

**DOCUMENT REQUEST NUMBER TWENTY-FIVE TO DEFENDANT GOODMAN:**

Any documents used to determine that the Plaintiff was engaged in an organized criminal harassment campaign and other serious potential criminal charges, suspected crimes committed, violations of law and/or criminal conduct of the Plaintiff to break relevant criminal law, and/or actions Defendant took upon learning of these potential crimes, communications with other witness about such crimes (to include individual's name and contact information). This includes copies of all "evidence" turned over to Special Agent Brittany Custer of the New York F.B.I. Field Office.

**END**

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

## ATTESTATION

I hereby certify that these document requests are truthful and accurate (to the best of my knowledge) and are not submitted for the purposes of causing oppression of the Defendant Goodman.

Signed this 29th day of November, 2019.

*D. G. SWEIGERT, C/O*
*GENERAL DELIVERY*
*ROUGH AND READY, CA 95975*
*Spoliation-notice@mailbox.org*

11.29.19

16