*SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - SDA*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

**(FOLEY SQUARE)**

| SWEIGERT | CIVIL CASE #: |
|---|---|
| V. | 1:18-CV-08653-VEC |
| GOODMAN | JUDGE VALERIE E. CAPRONI |

# <u>MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO ADD MARCUS CONTE AS DEFEDANT PURSUANT TO RULE 20(A)(2)</u>

**This pleading is responsive to ECF Doc. No. 124.**

This pleading is true to the knowledge of the undersigned, except as to matters alleged on information and belief, and that as to matters that the undersigned believe are true. **See N.Y. C.P.L.R. 3020.**

Signed under penalty of perjury,

*D. Smt*

**D. George Sweigert,**
**c/o General Delivery**
**Rough and Ready, CA 95975**
**Spoliation-notice@mailbox.org**

*12 · 17 · 19*

RECEIVED DEC 2 6 2019 PRO SE OFFICE

USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: DATE FILED: 12-26-19

1

*SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - SDA*

## TABLE OF CONTENTS

Contents

TABLE OF CONTENTS ................................................................................................ 2

TABLE OF AUTHORITIES .......................................................................................... 3

PROCEDURAL BACKGROUND ................................................................................. 6

PRELIMINARY STATEMENT .................................................................................... 6

FACTUAL BACKGROUND .......................................................................................... 9

LAW AND ARGUMENT ............................................................................................ 14

   *A.   OVERLAPPING FACTUAL AND LEGAL ISSUES* ..................................... 15

   *B.   ISSUES RELATED TO JUDICIAL EFFICIENCY* ...................................... 18

CONCLUSION ............................................................................................................ 19

STATEMENT AND VERIFICATION ........................................................................ 20

*SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - SDA*

## **TABLE OF AUTHORITIES**

**Cases**

*Brand v. Aierbushe,* 19-CV-2518 (VEC) (S.D.N.Y. May. 3, 2019)..............................14

*Bruno v. Zimmer, Inc.,* CV 15-6129, 2018 WL 671234 (E.D.N.Y. Feb. 1, 2018........................15

*C.A.B. v. Carefree Travel, Inc.,* 513 F.2d 375, 384 (1975) ..........................................16

*Deskovic v. City of Peekskill,* 673 F. Supp. 2d 154 (S.D.N.Y. 2009)..............................13

*Deskovic v. City of Peekskill,* 673 F. Supp. 2d 154, 160 (S.D.N.Y. 2009) (citation omitted)........6

*Digital Sin, Inc. v. Does* 1-176, 279 F.R.D. 239, 243 (S.D.N.Y 2012) ....................................5

*EMC CORPORATION, Decho Corporation, and Iomega Corporation, Petitioners,* 677 F.3d
1351 (2012) ......................................................................................................15

*Formosa Plastics Corp., U.S.A. v. ACE Am. Ins. Co.,* 2009 U.S. Dist. LEXIS 71712 (D.N.J. Aug.
14, 2009) ..........................................................................................................18

*Hall v. E.I. Du Pont De Nemours & Co., Inc.,* 345 F. Supp. 353, 381 (E.D.N.Y. 1972) .............16

*Hanley v. First Investors Corp.,* 151 F.R.D. 76, 79 n. 4 (E.D. Tex. 1993).................................14

*Kassman v. KPMG LLP,* 925 F. Supp. 2d 453, 477 (S.D.N.Y. 2013) (citation omitted)...........14

*Kehr ex. rel. Kehr,* 595 F. Supp. 2d at 826 ................................................................16

*King v. Pepsi Cola Metro. Bottling Co.,* 86 F.R.D. 4, 6-7 (E.D. Pa. 1979).................................18

*Kovian v. Fulton County Nat. Bank and Trust Co.,* No. 86-CV-154, 1990 WL 36809, at *9
(N.D.N.Y. March 28, 1990) ..................................................................................6

*Moore v. New York Cotton Exchange,* 270 U.S. 593, 610 (1926)...............................................16

*Mosley v. Gen. Motors Corp.* (8th Cir. 1974) 497 F.2d 1330, 1333.............................................17

*Mosley v. General Motors Corp.,* 497 F.2d 1330, 1332 (8th Cir. 1974) (citation omitted) .........18

*Mosley v. General Motors Corporation,* 497 F.2d 1330 (8th Cir. 1974) .....................................16

*Mosley*, 497 F.2d at 1332 (8th Cir. 1974) ................................................................................. 18

*Sanchez v. O'Connell*, No. 3:08cv706 (JBA), 2010 WL 7862797, at *1 (D. Conn. Sept. 27,

    2010) .......................................................................................................................................... 16

U.S.D.C. for D.D.C. *Rich v. Butowski,* CASE #: 1:18-cv-00681-RJL ........................................ 12

*United Mine Workers of Am. Gibbs*, 383 U.S. 715, 724 (1966) ................................................... 6

*United Mine Workers of Am. v. Gibbs* (1966) 383 U.S. 715, 724 ................................................ 17

*United States v. Aquavella,* 615 F.2d 12, 22 (2d Cir. 1979) ........................................................ 14

*United States v. Mississippi,* 380 U.S. 128 (1965) ..................................................................... 15

*United States v. Mississippi,* 380 U.S. 128, 142 (1965) ............................................................. 15

*United States v. Mississippi,* 380 U.S. 128, 85 S.Ct. 808, 13 L.Ed.2d 717 (1965) ...................... 15

*Vanderzalm v. Sechrist Indus., Inc.*, 875 F. Supp. 2d 179 (E.D.N.Y. 2012) ................................. 5

*Vanderzalm v. Sechrist Indus., Inc.,* 875 F. Supp. 2d 179, 183 (E.D.N.Y. 2012) (Spatt, J.) ........ 17

*Williams v. Professional Collection Services, Inc.,* No. CV 04-286(JS) (ARL), 2004 WL

    5462235, at *4 n. 1 (E.D.N.Y. Dec. 7, 2004) ......................................................................... 6

## Statutes

N.Y. Civ. Rights Law § 50 and § 51 .......................................................................................... 6

N.Y. Gen. Bus. Law § 349 and § 350 ........................................................................................ 6

## Rules

FED. R. CIV. P. 20(a) ............................................................................................................... 17

Fed. R. Civ. P. 20(a)(2) ............................................................................................................ 13

Fed. R. Civ. P. Rule 20 ............................................................................................................ 18

Fed.R.Civ.P. Rule 20(a) and (b) ........................................................................ 5

Fed.R.Civ.P. Rule 20(a)(2) ............................................................................... 5

Rule 13(a) ........................................................................................................ 16

Rule 20 ............................................................................................................. 17

Rule 20(a) .................................................................................................... 13, 14

Rule 20(a)(2) ............................................................................................ 6, 13, 18

**Treatises**

7 Charles Alan Wright, et al., Federal Practice and Procedure § 1652 at 395 (3d ed. 2001) ....... 19

*SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - SDA*

## PROCEDURAL BACKGROUND

1.      Presiding Judge Valeria Caproni issued an ORDER permitting the filing of a Second

Amended Complaint (ECF Doc. No. 87).  The Plaintiff filed is Second Amended Complaint

(ECF Doc. No. 88).  The Defendant Goodman (herein Def.) filed a "Third Party Claim Verified

Complaint" against non-party Steve Outtrim (ECF Doc. No. 123).  By endorsement to the *pro se*

Plaintiff's request for to add MARCUS CONTE as a co-defendant, Magistrate Judge Stewart D.

(ECF Doc. 124) conditionally authorized this instant document providing it conformed to

Fed.R.Civ.P. Rule 20(a)(2). Therefore, this document is hereby filed in compliance with **Doc.**

**124 (# 124)**.  In this pleading the Plaintiff (undersigned) MOVES this Court to add CONTE as a

joint **tortfeasor** or in the alternative as a **permissive joinder** pursuant **Rule 20(a)(2).**

## PRELIMINARY STATEMENT

2.      Plaintiff seeks to join Marcus Conte to this action as a direct defendant and joint

tortfeasor pursuant to Fed.R.Civ.P. Rule 20(a) and (b), as the Plaintiff may assert a right to

common relief common to all defendants against Conte.  Rule 20 permits joinder of a putative

defendant (Conte) in a single action if there is asserted against them any right to relief arising out

of "the same transaction, occurrence, or series of transactions or occurrences" and involving

"any question of law or fact common to all defendants." *Vanderzalm v. Sechrist Indus., Inc.*, 875

F. Supp. 2d 179 (E.D.N.Y. 2012)

3.      In this Circuit, a liberal approach to joinder has been adopted to allow plaintiffs great

liberty in consolidating claims and parties in single actions in order to promote judicial  economy

and avoid unnecessary, multiple lawsuits. See *Digital Sin, Inc. v. Does* 1-176,  279  F.R.D.  239,

243  (S.D.N.Y 2012) ("Under the Federal Rules of Civil Procedure, 'the impulse is toward

entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.'") (quoting *United Mine Workers of Am. Gibbs*, 383 U.S. 715, 724 (1966)).

4.      "[T]he requirements of Rule 20 should be given a liberal interpretation."); *Kovian v. Fulton County Nat. Bank and Trust Co.,* No. 86-CV-154, 1990 WL 36809, at *9 (N.D.N.Y. March 28, 1990) (same); *Williams v. Professional Collection Services, Inc.,* No. CV 04-286(JS) (ARL), 2004 WL 5462235, at *4 n. 1 (E.D.N.Y. Dec. 7, 2004) ("In deciding whether to permit joinder under Rule 20, the court is guided by the same liberal standard afforded to motions to amend pleadings under Rule 15."). Thus, "[c]ourts have cautioned . . . that 'severance [i]s a procedural device to be employed only in exceptional circumstances." *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 160 (S.D.N.Y. 2009) (citation omitted).

5.      Plaintiff seeks relief for rights asserted against Conte and Goodman jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences pursuant to Rule 20(a)(2). These common questions of law include liability that Conte and Goodman have incurred pursuant to N.Y. Gen. Bus. Law § 349 and § 350, N.Y. Civ. Rights Law § 50 and § 51, garden variety negligent and intentional infliction of emotional distress (N.I.E.D. and I.I.E.D.), defamation *per se*, libel and slander (herein causes of action). These claims are asserted against both Def. Goodman and Conte.

6.      This action was brought against Defendant (Def.) Jason Goodman for causes of action listed above. The **Def.** is also a defendant in another slander, libel and defamation lawsuit in the U.S. District Court for the Eastern District of Virginia - (Richmond), (*Steele v. Goodman*, Civil Action No. 3:17cv601 (E.D. Va. Jul. 25, 2019)—herein the Virginia lawsuit.

*SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - SDA*

7.      Both Conte and **Def.** Goodman have joined forces against the undersigned.  The **Def**. has

joined, guided, associated with and conspired with **Marcus Conte** of Brooklyn, New York to

push the **Def's** Virginia lawsuit conspiracy allegations onto social media with the aid of putative

defendant Marcus Conte.  The objective is to conflate the undersigned into the "Virginia lawsuit

conspiracy" with a "*guilt by association*" scheme.  This objective of this combined and joint

effort includes imputing crimes, ethical lapses, moral lapses, mental disease, fugitive status, etc.

upon the Plaintiff via Conte (Goodman's *alter ego*) social media broadcasts.  This allows the **Def**

to retreat from overt social media attacks directly on the Plaintiff and allow Mr. Conte to

vicariously step into the role of "*grand inquisitor*" and fill **Def's** slander and defamation shoes.

8.      Conte, while acting as **Def.** Goodman *alter ego*, has published nearly identical and

uniformly aligned disparaging messages as has been distributed by **Def.** Goodman.  Conte acts as

**Def's** *alter ego* to provide continuity and continuation of Goodman's original smear campaigns

against the undersigned.  Both parties have met on several occasions to make social media video

content jointly.  Both share an animus for the Plaintiff as evidenced in their overly hostile social

media smear campaigns designed to instill fear in the undersigned over loss of his trade,

business, professional and technical reputation and fear for his personal safety.  Both Conte and

Def use public accusations of criminal activity, low morals, poor ethics, guilt by association,

professional incompetence, fugitive status, creating terrorist plots, etc.  Both have relied on filing

malicious reports with the Federal Bureau of Investigation (F.B.I.) (malicious prosecution), etc.

to cause the undersigned distress about his career, professional reputation, fear of his safety, loss

of business opportunities, etc.

9.      Both *alter ego* Conte and the Def have operated as a single logical entity with the same

objectives that has caused both to incur nearly identical legal liabilities for these injuries

sustained by the Plaintiff.  The Court should recognize Conte and Goodman as joint tortfeasors.

Def. Goodman seems to have scaled back his smear campaigns as of late and has apparently

transferred the "command flag" to his *alter ego* Conte, who quickly picked up where Def.

Goodman left off.

10.     A common third party associated with both Conte and Def. Goodman has shared

extensive communications with both.  This common third-party has a professional reputation for

operating litigation related smear campaigns – Manuel Chavez, III.  Chavez was closely

associated with a start-up "reputation defense" (smear campaign) boutique firm known as

SHADOWBOX STRATEGIES.  Both Conte and Def. Goodman have had extensive contact with

Mr. Chavez (Carson City, Nevada).

11.     Both Conte and **Def.** Goodman are joint tortfeasors as more fully described in the

accompanying pleading entitled "**PLAINITIFF'S VERIFIED COMPLAINT AGAINST**

**MARCUS CONTE",** which is herein referenced as if fully restated herein.  If the Court does not

agree that Conte is a joint tortfeasor, then in the alternative, the Plaintiff prays that at the very

least Conte should be joined under a permissive joiner to this lawsuit as a co-defendant.

12.     Plaintiff seeks the pleadings and Court's record in this lawsuit be amended as appropriate

to reflect these facts and hold Conte and **Def** jointly liable for Plaintiff's injuries, suffering,

damage to career, damage to trade, professional and technical reputation, angst in dealing with

criminal allegations, angst in dealing with multiple reports to law enforcement agencies by the

pair, etc.

## FACTUAL BACKGROUND

13.     One two separate occasions Marcus Conte, a self-described 55 year old white male (199

Gelston Avenue, D1, Brooklyn New York, 11209), has sent electronic mail messages from his e-

*SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - SDA*

mail account (shorthappylife@gmail.com) to the Presiding Judge, Valerie Caproni (9/12/2019

and 12/3/2019).  In the second e-mail message, a copy was sent (via cc:) to the Magistrate Judge

Aaron D. Stewart.  These e-mail messages were followed up with U.S. Mail delivery of the

attached PDF document letters.

14.     The transmission of these unauthorized e-mail messages was accompanied by putative

defendant Conte's social media heralding of these e-mail transmissions.  Conte's podcasts

memorialized these e-mail transmissions which included Conte's content that the undersigned

was facing criminal liability from this Court (perjury, witness tampering, etc.).  Other social

media podcasts include Conte's telephone calls made to the Federal Bureau of Investigation

(F.B.I.) reporting the Plaintiff for purported criminal conduct.  These podcasts pander to Conte's

audience with the dramatic setting of communications to federal authorities of all types.

15.     Conte operates several on-line social media accounts where he simultaneous posts his

social media podcasts; include:

> https://youtube.com/c/marcusconte
> https://dlive.tv/MarcusConte
> https://twitter.com/ghostofbklyn
> https://facebook.com/marcus.conte.7
> https://minds.com/marcusconte
> https://twitch.tv/marcusconte
> https://bitchute.com/channel/marcus_c...
> https://steemit.com/@marcusconte
> https://d.tube/#!/c/marcusconte
> https://gab.ai/marcusconte

16.     In Conte's e-mail message of 9/12/2019 to the presiding judge, Conte cites this lawsuit's

case number and the complete mailing address of the judge's chambers and her honor's e-mail

address.  Conte alleged, in this widely disseminated e-mail message (posted publicly to Google

Docs), that, "[n]ot only is Plaintiff a documented conspiracy kook, he engages in routine online

*SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - SDA*

Cyber Bullying, Harassment & Perjury," (letter is attached as **EXHIBIT ONE** to the

accompanying **PLAINITIFF'S VERIFIED COMPLAINT AGAINST MARCUS CONTE**).

Conte continues, "Sweigert commits perjury against the Court because he is deliberately

misleading the Court about his Public online presence & nefarious engagement".  Conte goes on

to accuse the undersigned of violations of 18 U.S.C. § 1001(a).

17.     The title of the particular video (described above) is , "Dave Acton Sweigert Charged

With Cyber Bullying, Harassment & Perjury Before SDNY Judge Valeria E. Caproni 1:18-CV-

08653-VEC".  Conte made the letter available via Google Docs to world-wide distribution at

Uniform Resource Locator (URL):

**https://drive.google.com/file/d/1GNH5Wkf7rivxFBaZpiao1dckwSpCIV4p/view**

18.     In Conte's second e-mail communication to the presiding judge and the magistrate judge

(attached as **EXHIBIT TWO** to the accompanying **PLAINITIFF'S VERIFIED**

**COMPLAINT AGAINST MARCUS CONTE**) on 12/3/2019 Conte accuses the undersigned of

"willfully and repeatedly engaged in Witness Tampering in violation of 18 U.S.C. § 1512 (b)."

According to Conte the "Plaintiff frames Def. Jason Goodman & myself as kidnappers in a

domestic terror operation that uses a flame-throwing drone to blow up LNG tanks in the Port of

Corpus Christie TX".  Conte then adds, "[h]ere is the law that I believe he is in violation of at

least 24 times" 18 U.S.C. 1512.  Tampering with a witness, victim, or an informant."  Conte

provided an attached PDF file with the e-mail message and Google Docs link; URL

**https://drive.google.com/file/d/1H7EM3QSTFG4KyqK83xboabiyZAgLM17v/view** .

19.     In Conte's video podcast entitled, "Dealing With Cyber Bullies; Dopey Dave Acton

Sweigert Under FBI Review [LARP NEWS]," published 9/17/2019, accompanied with the video

description "Marcus Conte Reporting...  https://patreon.com/marcusconte

*SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - SDA*

https://paypal.me/theghostofbrooklyn ." Mr. Conte included commentary that the plaintiff was a

"sociopath", "psychopath" and "criminal", etc.; see below.



20.    Mr. Conte displays his first letter and e-mail message to the presiding judge with his

commentary.  At time-mark 3:55 Conte begins his recorded discussion with an F.B.I. agent and

names the Plaintiff and conflates the undersigned with another third-party "Thomas

Schonberger".  The crux of the F.B.I. call is that the Plaintiff and Thomas Schoenberger are

engaged in a variety of illegal misconduct directed at Conte – cyber stalking, harassment, etc."

21.    As the Court will learn, the Plaintiff has no relationship whatsoever with Thomas

Schoenberger (who was named by Def. Jason Goodman several times as a member of the vast

conspiracy of players associated with Goodman's Virginia lawsuit ((*Steele v. Goodman*, Civil

Action No. 3:17cv601 (E.D. Va. Jul. 25, 2019)).  Def. Goodman filed documents in the Virginia

lawsuit that accused Thomas Schoenberger of someone "placed high in the organization of the

monetized conspiracy."  Reference  ECF Doc. No. 134, para. 13, shown below.

*SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - SDA*

**13.** On or around June 2019, Manuel Chavez III voluntarily shared some of his personal

emails with Defendant. Among these were messages Chavez claims are communications

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR RULE 11 SANCTIONS - 7

from Thomas Shoenberger, an individual unknown to Defendant who may in fact be

highly placed in the organization of the monetized conspiracy to harass and defame

Defendant Goodman. The emails from Shoenberger provide talking points for a plan to

attack Defendant Goodman's reputation with false allegations claiming Goodman is an

agent of Israel and / or paid by Mossad.

22.     Def Goodman identified the person **Manuel Chavez, III** as the person that was an

integral player in a "Virginia lawsuit conspiracy". Mr. Chavez created a "reputation defense"

(smear campaign) firm known as SHADOWBOX STRATEGIES to assist the defendant in a

federal lawsuit known as Ed Butowski; *Rich v. Edward Butowski* lawsuit (U.S.D.C. for D.D.C.

*Rich v. Butowski,* CASE #: 1:18-cv-00681-RJL), herein the "Aaron Rich lawsuit". Chavez was a

subpoenaed as witness in that litigation, as well as Thomas Schoenberger (the two that formed

**SHADOWBOX STRATEGIES**).

23.     Based upon the totality of evidence, reason and belief, it is alleged that both Conte and

Def Goodman have jointly created the YouTube channel known as "Dopey Dave" to serve as a

conduit for the continual non-stop smear campaign directed at both the undersigned and Thomas

Schoenberger. To illustrate:

*SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - SDA*



**RV Chase: Dave Acton & Thomas Schoenberger Run From Police**
Dopey Dave · 424 views · 3 weeks ago
I-LUV-SDNY Hey everybody it's Dave! D. George Sweigert who is **Dave Acton** Dave Sweigert; Thomas Schoenberger, Dan ...



**Dave Acton & Thomas Schoenberger met in a mental institution**
Dopey Dave · 127 views · 1 week ago
I-LUV-SDNY Hey everybody it's Dave! D. George Sweigert who is **Dave Acton** Dave Sweigert; Thomas Schoenberger, Dan ...



**LEPPO (Dan Cromer) Joins Dave Acton & Thomas Schoenberger on Skid Row**
Dopey Dave · 245 views · 2 weeks ago
I-LUV-SDNY Hey everybody it's Dave! D. George Sweigert who is **Dave Acton** Dave Sweigert; Thomas Schoenberger, Dan ...



**Why Dave Acton & Thomas Schoenberger Hate Marcus Conte**
Dopey Dave · 242 views · 2 weeks ago
I-LUV-SDNY Hey everybody it's Dave! D. George Sweigert who is **Dave Acton** Dave Sweigert; Thomas Schoenberger, Dan ...



**Dave Acton Suffers From Paranoid Schizophrenia**
Dopey Dave · 140 views · 5 days ago
I-LUV-SDNY Hey everybody it's Dave! D. George Sweigert who is **Dave Acton** Dave Sweigert; Thomas Schoenberger, Dan ...
New

## LAW AND ARGUMENT

24.    At this stage of joint tortfeasor determination, the movant Plaintiff must meet the first

requirement of the Rule 20(a)(2) requirement.  "Rule 20(a) allows persons to be joined as

defendants in a single action if (1) "any right to relief is asserted against them jointly, severally,

or in the alternative with respect to or arising out of the same transaction, occurrence, or series of

transactions or occurrences" and (2) "any question of law or fact common to all defendants will

arise in the action." Fed. R. Civ. P. 20(a)(2). "As is clear from the plain language of Rule

20(a)(2), both criteria must be met for joinder to be proper." *Deskovic v. City of Peekskill*, 673 F.

Supp. 2d 154 (S.D.N.Y. 2009) at 159 (collecting cases).

*SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - SDA*

25.    While a party seeking joinder must satisfy both prongs of Rule 20(a), the two prongs are

"not rigid tests. They are flexible concepts used by the courts to implement the purpose of Rule

20 and therefore are to be read as broadly as possible whenever doing so is likely to promote

judicial economy." *Kassman v. KPMG LLP,* 925 F. Supp. 2d 453, 477 (S.D.N.Y. 2013) (citation

omitted).  Thus, the two prongs "cannot be considered mechanically independent.  There is

feedback between both standards." *Hanley v. First Investors Corp.,* 151 F.R.D. 76, 79 n. 4 (E.D.

Tex. 1993).

### A.  *OVERLAPPING FACTUAL AND LEGAL ISSUES*

26.    As to the first Rule 20(a) requirement, transactional relatedness, "the court must assess

the logical relationship between the claims and determine whether the 'essential facts of the

various claims are so logically connected that considerations of judicial economy and fairness

dictate that all the issues be resolved in one lawsuit.'" Id. at 166; see also *United States v.*

*Aquavella,* 615 F.2d 12, 22 (2d Cir. 1979)." *Brand v. Aierbushe,* 19-CV-2518 (VEC) (S.D.N.Y.

May. 3, 2019)

27.    There are several overlapping factual and legal issues shared between Conte and the **Def**,

to include the same players that the **Def.** has alleged are involved in a Virginia lawsuit civil

conspiracy with the Plaintiff (Chavez, Outtrim, Fougere and Schoenberger).  **Def.** Goodman's

social media messaging of the Virginia lawsuit "conspiracy of players" is also prominent in

Conte's social media podcasts – issues that have nothing to do with Conte.  Yet, Conte

continually attempts to "*shoe horn*" and insert the Plaintiff into this Virginia lawsuit conspiracy

by alleging a close relationship between the Plaintiff and Thomas Schoenberger.  The totality of

evidence indicates that it is only these "Virginia lawsuit" personalities that putative defendant

Conte attacks, causing one to question Conte's level of personal interest in these matters.  These

"Virginia lawsuit players" are an issue for the **Def.** and not Conte. ("In light of the overlapping factual and legal issues involved in this case, the Court finds that judicial economy will be furthered by preventing the proliferation of multiple litigations."), report and recommendation adopted, *Bruno v. Zimmer, Inc.,* CV 15-6129, 2018 WL 671234 (E.D.N.Y. Feb. 1, 2018).

28.     In the **Def.'s** "First Request for Production of Documents" (ECF Doc. No. 117) discovery is sought from the same set of common individuals as discussed at length by Conte, such as: Steve **Outtrim** at para. 5 (page 6),  Manuel **Chavez**, III at para. 6, Thomas **Schoenberger** at para. 7, and Conte himself -- Marcus **Conte** at. Para. 11.  This is only one instantiation of the commonality of players involved with Conte and the **Def.**

29.     The Supreme Court has ruled joinder is proper when, like this case, defendants' actions arose out of the same system of conduct, even if they did not interact directly with each other. *United States v. Mississippi,* 380 U.S. 128 (1965)

30.     Absolute identification of all events is unnecessary.  According to the Supreme Court, Plaintiff merely needs to show some degree of factual commonality—a rather low hurdle in light of liberal construction afforded to joinder—not map out in specific detail each interaction among the various defendants. See *United States v. Mississippi,* 380 U.S. 128, 142 (1965)

31.     ""The cases make equally clear that the fact that the defendants are independent actors does not preclude joinder as long as their actions are part of the "same transaction, occurrence, or series of transactions or occurrences." The decision of the Supreme Court in *United States v. Mississippi,* 380 U.S. 128, 85 S.Ct. 808, 13 L.Ed.2d 717 (1965).""*,  In re EMC CORPORATION, Decho Corporation, and Iomega Corporation, Petitioners,* 677 F.3d 1351 (2012).

32.     As more fully described in the accompany pleading "PLAINITIFF'S VERIFIED COMPLAINT AGAINST MARCUS CONTE" there is little doubt as to the commonality and

*SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - SDA*

jointness of the actions undertaken by Conte and Def. Goodman against the undersigned.  Both

have exhibited malice, have publicly stated allegations of criminal misconduct, have initiated law

enforcement investigations, have insinuated ethical breaches, insinuated mental illnesses, etc.

33.     Both Conte and Def. Goodman have a long history with Manuel Chavez, III, the

professional "reputation protection" (aka smear campaigns) expert that has a non-trivial

involvement in the Virginia lawsuit.

34.     In  determining what constitutes a transaction or occurrence for Rule 20(a) purposes,

courts often look to Fed. R. Civ. P. 13(a) for guidance. *Kehr ex. rel. Kehr,* 595 F. Supp. 2d at

826.  For Rule 13(a) purposes and therefore, for Rule 20(a) purposes, "'transaction' is a word of

flexible meaning.  It may comprehend  a series  of many occurrences, depending not so much

upon the immediateness of their connection as upon their  logical  relationship." Id.  (quoting

*Moore v. New York Cotton Exchange,* 270  U.S. 593, 610 (1926)).

35.     Accordingly, Courts have interpreted the term to encompass "all logically related

claims." *Sanchez v. O'Connell*, No. 3:08cv706 (JBA), 2010  WL 7862797, at *1 (D. Conn. Sept.

27, 2010); *Hall v. E.I. Du Pont De Nemours & Co., Inc.,* 345 F. Supp. 353, 381 (E.D.N.Y. 1972)

("[T]he approach must be the general one of whether there are enough ultimate factual

concurrences that it would be fair to the parties to require them to defend jointly" against the

several claims."); *C.A.B. v. Carefree Travel, Inc.,* 513 F.2d 375, 384 (1975) (finding joinder

proper where "[t]he operative facts are related, even if the same transaction is not involved.").

See also *Mosley v. General Motors Corporation*, 497 F.2d 1330 (8th Cir. 1974) at 1332 (holding

"all logically related  events entitling a person to institute a legal action against another generally

are regarded as comprising a transaction or occurrence").

*SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - SDA*

### B.  *ISSUES RELATED TO JUDICIAL EFFICIENCY*

36.     The purpose of Rule 20 is to promote "trial convenience and to expedite the final

determination of disputes." *Vanderzalm v. Sechrist Indus., Inc.,* 875 F. Supp. 2d 179, 183

(E.D.N.Y. 2012) (Spatt, J.) (internal citations and quotations omitted). "The requirements of

FED. R. CIV. P. 20(a) are to be interpreted liberally to enable the court to promote judicial

economy by permitting all reasonably related claims for relief by or against different parties to

be tried in a single proceeding."

37.     The Plaintiff's claims against Conte are such that an independent action could be brought

in him in the Eastern District of New York (E.D.N.Y.).  However, this creates a danger in

obtaining varying and different legal outcomes for nearly an identical fact pattern.  Further, such

an independent action will create a multiplicity of litigation proceedings that will burden two

courts instead of one.  The S.D.N.Y. is very familiar with the issues associated with the legal

liabilities associated with social media footprints of Def. Goodman, which can be easily

transferred to Mr. Conte's liabilities to achieve uniformity in the proceedings.

38.     Although there is no bright-line definition of "transaction" or "occurrence," courts

routinely hold that, "all 'logically related' events entitling a person to institute a legal action

against another generally are regarded as comprising a transaction or occurrence." *Mosley v.*

*Gen. Motors Corp.* (8th Cir. 1974) 497 F.2d 1330, 1333 ("Mosley II") at1333.  The application

of this test is "to be construed liberally" because it promotes judicial economy, expedites the

final determination of disputes, and prevents multiple lawsuits. *United Mine Workers of Am. v.*

*Gibbs* (1966) 383 U.S. 715, 724 ("the impulse is toward entertaining the broadest possible scope

of action consistent with fairness to the parties; joinder of claims, parties and remedies is

strongly encouraged.").

*SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - SDA*

39.     The Court is remined that Conte has already placed himself under the *de facto*

jurisdiction of <u>this</u> court via his e-mail and postal communications to the presiding judge and

magistrate, which in effect, communicate Conte's willingness to participate in the proceedings in

<u>this</u> forum.

## CONCLUSION

40.     For the foregoing reasons, as well as those set forth in the accompanying PLAINTIFF'S

VERIFIED COMPLAINT AGAINST MARCUS CONTE, the undersigned respectfully requests

that this Court ADD Marcus Conte as a co-defendant justified by either (1) Conte's status as a

joint tortfeasor, and/or (2) as a permissive joinder pursuant to Rule 20(a)(2).

41.     Both Conte and Def. Goodman are joint tortfeasors as more fully described in the

accompanying pleading entitled "**PLAINITIFF'S VERIFIED COMPLAINT AGAINST**

**MARCUS CONTE",** which is herein referenced as if fully restated herein.  If the Court does not

agree that Conte is a joint tortfeasor, then in the alternative, the Plaintiff prays that at the very

least Conte should be joined under a permissive joiner to this lawsuit as a co-defendant.

42.     Recall that "all logically related events entitling a person to institute a legal action against

another generally are regarded as comprising a transaction or occurrence"). *Mosley*, 497 F.2d at

1332 (8th Cir. 1974)

43.     This Court should declare a Conte as a joint tortfeasor, or in the alternative, as a Rule

20(a)(2) permissive joinder.  The purpose of Fed. R. Civ. P. Rule 20 is to "promote trial

convenience and expedite the final determination of disputes, thereby preventing multiple

lawsuits." *Formosa Plastics Corp., U.S.A. v. ACE Am. Ins. Co.,* 2009 U.S. Dist. LEXIS 71712

(D.N.J. Aug. 14, 2009); *King v. Pepsi Cola Metro. Bottling Co.,* 86 F.R.D. 4, 6-7 (E.D. Pa.

1979)) *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1332 (8th Cir. 1974) (citation omitted).

*SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - SDA*

The purpose of Rule 20(a) is to "promote trial convenience and expedite the final determination of disputes, thereby preventing multiple law suits." 7 Charles Alan Wright, et al., Federal Practice and Procedure § 1652 at 395 (3d ed. 2001).

44.     For all the foregoing reasons, this Court should ADD Marcus Conte as a defendant to this instant lawsuit and accept Mr. Conte's gracious offer (transmitted via e-mail and postal mail) to appear before this Court.

## STATEMENT AND VERIFICATION

45.     This pleading is true to the knowledge of the undersigned, except as to matters alleged on information and belief, and that as to matters that the undersigned believe are true.  **See NY C.P.L.R. 3020.**

Signed under penalty of perjury,

**D. George Sweigert,**
**c/o General Delivery**
**Rough and Ready, CA 95975**

12 · 19 · 19

*SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - SDA*

*D. G. SWEIGERT, C/O*
*GENERAL DELIVERY*
*ROUGH AND READY, CA 95975*
*Spoliation-notice@mailbox.org*

D George Sweigert

**Plaintiff**

v.

Jason Goodman

**Defendant**

CIVIL CASE #: 1:18-CV-08653-VEC

JUDGE VALERIE E. CAPRONI

MAGISTRATE STEWART D. AARON

### CERTIFICATE OF SERVICE

I HEREBY ATTEST that a true copy of the attached pleadings have been sent to the

following addressees on the 19th day of December 2019.

Jason Goodman, CEO
Multi-media Design Systems, Inc.
252 7th Avenue, Apart. #6S
New York, NY 10001

PRO SE OFFICE, Room 200
U.S. District Court
500 Pearl Street
New York, New York 10007-1312

D. GEORGE SWEIGERT

12·18·19

This envelope is made from post-consumer waste. Please recycle - again.

PRESS FIRMLY TO SEAL

PRESS FIRMLY TO SEAL



P S 0000 1000 0014

EP14F Oct 2018
OD: 12 1/2 x 9 1/2

* Date of delivery specified*

* USPS TRACKING™ included to many major international destinations.

* Limited international insurance.

* Pick up available.*

* Order supplies online.*

* When used internationally, a customs declaration label may be required.

* Domestic only



# PRIORITY MAIL

## PRO SE OFFICE

RECEIVED
DEC 26 2019

PRO SE


USM
SDNY



# UNITED STATES
# POSTAL SERVICE

D. G. SWEIGERT, C/O
GENERAL DELIVERY
ROUGH AND READY, CA 95975
Spoliation-notice@mailbox.org

**PRO SE OFFICE, Room 200**
**U.S. District Court**
**500 Pearl Street**
**New York, New York 10007-1312**

TO:

To schedule free
Package Pickup,
scan the QR code.

USPS.COM/PICKUP

pro SE

PRO
RE

---

# PRIORITY MAIL 2-D/

EXPECTED DELIVERY DAY: 12/23/19

SHIP
TO:
500 PEARL ST
NEW YORK NY 10007-1316

USPS TRACKING ® NUMBE

9505 5067 1231 9353 1459 47

TO:

PM 2
9562
Date
12/19
06
11488

0379912191809...