RECEIVED
JAN - 3 2020
PRO SE OFFICE

**U.S. DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**
**(FOLEY SQUARE)**

| | |
|---|---|
| D George Sweigert, <u>Plaintiff</u><br><br>v.<br><br>Jason Goodman, <u>Defendant</u> | CIVIL CASE #: 1:18-CV-08653-VEC<br><br>JUDGE VALERIE E. CAPRONI<br><br>MAGISTRATE STEWART D. AARON |

<u>**PLAINTIFF'S LETTER MOTION FOR LEAVE TO FILE AN**</u>
<u>**AMENDED COMPLAINT**</u>

**MAY IT PLEASE THE COURT:**

1.      Plaintiff seeks the leave of this Court to amend the Second Amended Complaint (ECF

Doc. no. 88 [9/10/2019] aka "Second Amended Complaint [**SAC**]) as this Court "should freely

give leave when justice so requires." Fed. R. Civ. P. (15(a)(2) ("Rule 15").  Under this liberal

standard, a motion to amend should only be denied if the moving party has unduly delayed or

acted in bad faith, the opposing party will be unfairly prejudiced if leave is granted, or the

proposed amendment is futile.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *McCarthy v. Dun &*

*Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).has filed the following document:

2.      "Where a scheduling order has been entered, the lenient standard under Rule 15(a), which

provides leave to amend 'shall be freely given,' must be balanced against the requirement under

Rule 16(b) that the Court's scheduling order 'shall not be modified except upon a showing of

good cause.' Fed. R. Civ. P. (15(a), 16(b))." *Grochowski v. Phoenix Const.*, 318 F.3d 80, 86 (2d

Cir. 2003).  The Court should not that by ORDER of the magistrate judge (ECF Doc. 130

[12/16/2019]) discovery has been adjourned by the Court until further notice.

3.      Plaintiff should be granted leave to clarify the factual basis as to claims related to

Negligent Infliction of Emotional Distress (N.I.E.D.) and Intentional Infliction of Emotional

Distress (I.I.E.D.) as they are presently awkwardly stated and blended into one section of the

SAC (#88), para. 111.  Such an N.I.E.D./I.I.E.D. amendment would not add any new claims,

rather it would clarify the existing SAC (# 88) into a more readable flowing narrative in

chronological order.  See " IV. NEGLIGENT AND INTENTIONAL INFLICTION OF

EMOTIONAL DISTRESS", para. 111 (SAC, #88).

4.      Further, an amended complaint will allow the Plaintiff to align allegations directed at

putative defendant Marcus Conte of Brooklyn, New York with new allegations against

Defendant Goodman – namely two causes for action: (a) CIVIL CONSPIRACY and (b)

MALICIOUS PROSECUTION.  As the Court will observe in the PROPOSED COMPLAINT

AGAINST MARCUS CONTE (undocketed at this writing) newly discovered logical

connections and relationships link Def. Goodman to putative defendant Conte.  This supports the

proposed civil conspiracy claim against Goodman.  Both, Conte and Goodman, have contacted

the Federal Bureau of Investigation to initiate criminal investigations against the undersigned.

This supports the proposed malicious prosecution claim against Goodman.  These additional

allegations arise from research conducted on putative defendant Marcus Conte.

5.      See generally *Block v. First Blood Assocs.,* 988 F.2d 344, 350 (2d Cir. 1993) (in

determining what constitutes prejudice, court considers whether assertion of new claim would,

inter alia, (1) require opponent to expend significant additional resources or (2) significantly

delay resolution of dispute).

6.      Defendant faces no undue prejudice if Plaintiff is granted leave to amend.  It cannot be

said the Plaintiff's clarification of his claims and reorganization of facts would require the

Defendant to expend any more resources, as discovery has barely begun and has been adjourned. In fact, Plaintiff's new Amended Complaint will streamline discovery and depositions by providing clear and organized allegations that clarify what occurred and which specific non-party witnesses were involved.  Plaintiff's proposed amendments, therefore, arise from the same facts and transactions pled in the SAC (# 88) and are not prejudicial. *Monahan v. New York City Department of Corrections,* 214 F.3d 275 (2d Cir. 2000) at 284.

7.      Moreover, the procedural posture of this case weighs against finding any undue prejudice: discovery is not complete, Defendant has not moved for summary judgment, and there is no summary judgment briefing schedule. *Scott v. Chipotle Mexican Grill, Inc.* 300 F.R.D. 193, 200 (S.D.N.Y. 2014) ("A court is more likely to find an amendment prejudicial if discovery has closed").

## CONCLUSION

8.      Based on the foregoing, it is respectfully requested that the Court grant Plaintiff's leave to file an Amended Complaint that will (1) strengthen the existing pleadings and clarifying their claims, and (2) adding new allegations of Civil Conspiracy and Malicious Prosecution.  Absent narrowly construed, aggravating circumstances that would materially prejudice a party affected by an amended pleading, leave to amend should be granted.

9.      I hereby certify that these pleadings are truthful and accurate (to the best of my knowledge) and are not submitted for the purposes of oppression of the Defendant.

*D. G. SWEIGERT, C/O*
*GENERAL DELIVERY*
*ROUGH AND READY, CA 95975*
*Spoliation-notice@mailbox.org*

12.26.19

# CERTIFICATE OF SERVICE

A true copy of this letter motion has been sent via First Class mail to:

**Jason Goodman, CEO**
**Multi-media Design Systems, Inc.**
**252 7ᵗʰ Avenue, Apart. #6S**
**New York, NY 10001**

**PRO SE INTAKE,   Room 200**
**U.S. District Court**
**500 Pearl Street**
**New York, New York 10007-1312**

Signed this __26__ day of December 2019.

*D. G. SWEIGERT, C/O*
*GENERAL DELIVERY*
*ROUGH AND READY, CA 95975*
*Spoliation-notice@mailbox.org*

PRESS FIRMLY TO SEAL

PRESS FIRMLY TO SEAL

UNITED STATES
POSTAL SERVICE ®

PRIORITY®
MAIL



D. G. SWEIGERT, C/O
GENERAL DELIVERY
ROUGH AND READY, CA 95975
Spoliation-notice@mailbox.org

- Date of delivery specified*
- USPS TRACKING™ included to many major
  international destinations.
- Limited international insurance.
- Pick up available.*
- Order supplies online.*
- When used internationally, a customs
  declaration label may be required.

EXPECTED DELIVERY DAY:   12/30/19

USPS TRACKING ® NUMBER





USPS.COM/PICKUP

To schedule free
Package Pickup,
scan the QR code.

PRO SE INTAKE,   Room 200
U.S. District Court
500 Pearl Street
New York, New York 10007-1312

TO:



RECEIVED
JAN - 3 2020
PRO SE OFFICE