UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

D. GEORGE SWEIGERT,

                 Plaintiff,

-against-

JASON GOODMAN,

                 Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/03/2020

18-CV-8653 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

WHEREAS this action involves two *pro se* litigants whose occupations appear to consist chiefly of concocting outlandish conspiracy theories and accusing one another of criminal conduct and other misbehavior on the internet, *see* Dkt. 87;

WHEREAS the Court referred this matter to the assigned magistrate judge, Dkt. 89;

WHEREAS the parties have accused each other of defamation, among other things[1];

WHEREAS Plaintiff seeks leave to file a third amended complaint, Dkt. 134;

WHEREAS the parties have each moved to dismiss the respective claims against them, Dkts. 106, 131;

WHEREAS the Magistrate Judge's Report and Recommendation (R&R) (Dkt. 138) recommended granting Defendant's motion to dismiss Plaintiff's claims for intentional or negligent infliction of emotional distress, because, as to the former, Plaintiff failed to plead "outrageous" conduct that is not actionable under another tort, and as to latter, Plaintiff failed to plead any risk of bodily injury, *see* R&R at 10–11;

---

[1]    *See* Second Am. Compl. (Dkt. 88) at 34; Countercl. (Dkt. 122) at 16.

WHEREAS the R&R recommended denying Plaintiff's motion to dismiss Defendant's defamation counterclaim, which alleges that Plaintiff committed defamation *per se*, *see* R&R at 12;

WHEREAS Plaintiff has filed a timely objection to both of those recommendations, Pl. Obj. (Dkt. 139);

WHEREAS neither Plaintiff nor any other interested party has filed any objection to any other recommendation in the R&R;

WHEREAS the Court reviews *de novo* the portions of the R&R to which proper objections have been lodged[2];

WHEREAS the Court may adopt the remainder of the R&R after review for clear error[3]; and

WHEREAS all *pro se* submissions must be construed liberally to "raise the strongest arguments that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (citation omitted);

IT IS HEREBY ORDERED that the R&R is adopted in part and declined in part. Specifically, the Court disagrees that Defendant has adequately pleaded a defamation counterclaim. The R&R is adopted in all other respects because, after careful review, the Court finds no error.

Plaintiff's objection to the R&R's recommendation to dismiss his claims for intentional and negligent infliction of emotional distress (IIED and NIED) is overruled. As the R&R

---

[2] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[3] *Johnson v. Goord*, 487 F. Supp. 2d 377, 379 (S.D.N.Y. 2007) ("The district court adopts a magistrate judge's report and recommendation when no clear error appears on the face of the record."), *aff'd*, 305 F. App'x 815 (2d Cir. 2009).

correctly states, the bar for an IIED claim is extremely high, and while most of the parties' alleged conduct (and indeed their mutual recriminations throughout this litigation) is patently ridiculous, it is not legally outrageous, and Plaintiff has not pleaded facts showing that he suffered any severe distress as a result of Defendant's behavior.  *See, e.g.*, *Corley v. Spitzer*, No. 11-CV-9044, 2015 WL 127718, at *8 (S.D.N.Y. Jan. 7, 2015) (dismissing IIED because unsupported by well-pleaded "allegations of Plaintiff having suffered severe emotional distress" as a result of defendant's conduct); *Semper v. New York Methodist Hosp.*, 786 F. Supp. 2d 566, 586 (E.D.N.Y. 2011) ("The bar is extremely high, and this highly disfavored cause of action is almost never successful.").  The R&R is also correct that an NIED claim, unlike an IIED claim, requires an allegation that Defendant's conduct caused Plaintiff to either fear for his own physical safety, become physically endangered, or witness the death or serious physical injury of a family member; Plaintiff has not alleged any of those circumstances.  *See id.* at 588 n.8.  The Court declines to grant leave to amend because Plaintiff has already amended several times, and the pleadings remain labyrinthine, despite his stated interest in clarifying his allegations.

      The Court disagrees with the R&R that Defendant has adequately pleaded defamation in his counterclaim.  While it is true that the federal pleading standard for defamation is less stringent than the one under New York law, even that lesser standard requires the claimant to at least "identify the allegedly defamatory statements, the person who made the statements, the time when the statements were made, and the third parties to whom the statements were published." *Alvarado v. Mount Pleasant Cottage Sch. Dist.*, 404 F. Supp. 3d 763, 790 (S.D.N.Y. 2019) (quoting *Neal v. Asta Funding, Inc.*, No. 13-CV-2176, 2014 WL 3887760, at *3 (S.D.N.Y. June 17, 2014)).  Here, Defendant's most pertinent allegation is that Plaintiff "has persistently and continuously repeated the lie that [Defendant] planned, oversaw and/or participated in a

scheme to perpetrate a dirty bomb hoax," while also claiming that Defendant "had . . . some involvement in explosions" at a natural gas facility in Texas. *See* Countercl. ¶ 73. That allegation, however, lacks any information as to the approximate date when the statements were made or as to the identity of the persons to whom the statements were conveyed. Defendant also alleges that Plaintiff sent letters containing "false allegations" to Defendant's business associates but does not allege the content of such letters, when they were sent, or whether he is complaining about statements made to persons other than the Chief Executive Officer of Patreon. *See* Countercl. ¶ 72. Accordingly, the Court finds that Defendant's defamation counterclaim should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant is given leave to file an amended pleading consistent with this Order, no later than **August 31, 2020**. Failure to timely amend will be construed as an abandonment of Defendant's defamation counterclaim.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and Defendant, noting service on the docket. The Clerk is further requested to terminate all of the pending motions in this matter.

**SO ORDERED.**

**Date: August 3, 2020**
**New York, New York**

                                     **VALERIE CAPRONI**
                                     **United States District Judge**