*SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - SDA*

RECEIVED
SDNY PRO SE OFFICE
2020 AUG 18  AM 10: 59

U.S. DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
(FOLEY SQUARE)

| D George Sweigert | CIVIL CASE #: 1:18-CV-08653-VEC |
| **Plaintiff** | |
| v. | JUDGE VALERIE E. CAPRONI |
| Jason Goodman | MAGISTRATE STEWART D. AARON |
| **Defendant** | |

## PLAINTIFF'S MEMORANDUM OF LAW TO SUPPORT MOTION PURUSUANT TO FRCP RULE 59(e) TO AMEND OR ALTER COURT'S ORDER OF 08/03/2020 (DKT. 140)

This Memorandum of Law is submitted pursuant to **Local Rule 6.3, 7.1 (a)(2) and 7.1 (b)** and is in response to the Court's ORDER **(Dkt. No. 140)**.

I hereby certify that the attached pleadings are truthful and accurate (to the best of my knowledge) and are not submitted for the purposes of oppression of the Defendant. A certificate of service is included on the last page of this document.

Signed this **8** day of August, 2020.

*D.C. Swgt*

***D. G. SWEIGERT, C/O***
***GENERAL DELIVERY***
***ROUGH AND READY, CA 95975***
*Spoliation-notice@mailbox.org*

8/8/20

1

# TABLE OF CONTENTS

**Contents**

TABLE OF CONTENTS ................................................................................................. 2

LIST OF AUTHORITIES ................................................................................................ 3

PROCEDURAL BACKGROUND .................................................................................. 4

INTRODUCTION ............................................................................................................ 5

BACKGROUND ............................................................................................................. 5

LAW AND DISCUSSION .............................................................................................. 6

CONCLUSION ............................................................................................................. 15

CERTIFICATE OF SERVICE ..................................................................................... 17

*SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - SDA*

# LIST OF AUTHORITIES

**Cases**

Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) ...................................................... 6

Steele v. Goodman, Civil Action No. 3:17cv601 (E.D. Va. Jul. 25, 2019 .................................... 14

**Rules**

Fed. R. Civ. Proc. Rule 59(e) ........................................................................................................... 5

Fed.R.Civ.Proc. 12(b)(6) ............................................................................................................... 15

**Treatises**

Avoiding the Digital Maginot Line: Emergency Manager's Guide to Modernizing Cyber Resilience: Peer-review copy, ISBN-13: 978-1701824829, 11/12/2019 .................................... 8

Certified Ethical Hacker Field Operations Guide: In-depth technical how to for passing the CEH exam (CEH FOG series) (Volume 1), ISBN-13: 978-1530111725, 02/17/2016 ........................ 9

Cross-Domain Interoperability in a Cyber Warfare Response: Minimizing Threat Rigidity in Emergency Management and Cyber Security, ISBN-10: 1986952916, 03/28/2018 .................. 8

Wright, Miller Kane, Federal Practice and Procedure: Civil 2d § 2810.1 (1995) .......................... 6

*SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - SDA*

## PROCEDURAL BACKGROUND

1.  This instant lawsuit was transferred to the Southern District of New York (SDNY) from the District of South Carolina on 09/21/2018 (Dkt. 30). The original lawsuit contained a complaint and an amended complaint filed for the South Carolina jurisdiction (Dkt. 1, 06/14/2018 and Dkt. 5, 6/29/2018). One year ago presiding judge Hon. Valeria Caproni issued an ORDER (8/20/2019, Dkt. 87) which, among other things stated that the "Plaintiff appears to regard himself as a roving knight in shining armor, intent on vindicating, through lawsuit, the rights of anyone harmed by the Defendant's nonsensical ranting. [pg. 8 of 14]" Further, the ORDER stated, "Goodman asserts that Sweigert is part of an organized campaign that has engaged in "wanton and willful tortuous interference, defamation, slander, harassment, invasion of privacy, infringement of first amendment rights, menacing and stalking." Dkt. 44. Apart from these conclusory statements, Goodman has not set forth any facts to support any of his claims." (pg. 12 of 14). This ORDER permitted the filing of a Second Amended Complaint (SAC) by the *pro se* Plaintiff (9/10/2019, Dkt. 88). The ORDER also dismissed Def. Goodman's "counter-claims" (Dkt. 44). In response to the SAC (Dkt. 88) Def. Goodman sought an enlargement of time to respond to the SAC (via Dkt. 104, filed 11/18/2019) with a counter-claim. This Def's request was approved by the Magistrate via Dkt. 102 (11/14/2019). Def. filed his COUNTERCLAIM VERIFIED COMPLAINT against the Plaintiff on 12/05/2019 (Dkt. 122). This was Goodman's SECOND attempt at a counter-claim. By ORDER of 08/03/2020 (Dkt. 140) the presiding judge once again dismissed the Goodman counter-claims (Dkt. 122); but, authorized another refilling of counter-claims by Goodman prior to August 31, 2020 (third attempt). Additionally, the ORDER stated, "WHEREAS this action involves two *pro se* litigants

4

whose occupations appear to consist chiefly of concocting outlandish conspiracy theories and accusing one another of criminal conduct and misbehavior on the internet, see Dkt. 87."

## INTRODUCTION

2. The Plaintiff now seeks review of the Court's ORDER (Dkt. 140) based upon Fed. R. Civ. Proc. Rule 59(e) for an abuse of discretion. In sum, the Plaintiff asserts that the statements characterizing the Plaintiff as someone "whose occupations appear to consist chiefly of concocting outlandish conspiracy theories and accusing one another of criminal conduct and misbehavior on the internet" is unfair, prejudicial and unnecessary.

3. The Court's granting of a third bite of the counter-claim apple by Goodman, while denying Plaintiff's request to amend his claims related to Intentional/Negligent Infliction of Emotional Distress, is considered to be unfair, prejudicial and an abuse of discretion.

## BACKGROUND

4. The Defendant/Counter-Plaintiff Jason Goodman is a public figure that operates a podcast social media conspiracy brand known as "CrowdSourceThe Truth" which occupies over 13 separate social media platforms. Goodman's CrowdSourceThe Truth is presented as a news, research and public affairs "news show" that collects subscriber fees to view selective content on PATREON.COM. Podcasts on "open" social media platforms serve as solicitations and commercials for viewers to follow the podcast (in a stage two fashion) by joining PATREON.COM.

5. The term "Crowdsource The Truth" is a commercial trademark that received trademark protection from the U.S. Patent and Trademark Office which lists Goodman as Chief Executive Officer (CEO) of a New York charted corporation "Multimedia System Design, Inc." (MDSI),

USPTO registration 87752970 which includes the same address as filed in this lawsuit. The stated category for this trademark protection is "Multimedia System Design, Inc, the CROWDSOURCE THE TRUTH trademark is used in the following business: Providing on-line videos featuring news in the nature of current event reporting." Goodman's daily podcasts are viewed by tens of thousands of people, many of whom contribute money. Goodman insists that he is an "investigative reporter" and CrowdSource The Truth is a "business" or commercial enterprise. These podcasts are commercial speech.

## LAW AND DISCUSSION

### *DATA THAT THE COURT OVERLOOKED*

6. In the Second Circuit the standard for review governing Rule 59(e) motions "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

7. This motion is necessary to correct the manifest error of supposed fact upon which the judgment (Dkt. 140) is based. Wright, Miller Kane, Federal Practice and Procedure: Civil 2d § 2810.1 (1995). The statement "whose occupations appear to consist chiefly of concocting outlandish conspiracy theories and accusing one another of criminal conduct and misbehavior on the internet" is clearly in error as the evidence record in this lawsuit does not support such a conclusion.

8. The only person "concocting outlandish conspiracy theories" is Def. Jason Goodman and not the Plaintiff. The guests that have appeared on Goodman's two or three daily video podcasts across 13 social media platforms include: (1) dozens of interviews with Larry Klayman, esq.

6

(who recently had his law license suspended for 90 days by the District of Columbia Bar), (2) dozens of interviews with Jerome Corsi (target of investigation by special counsel Robert S. Mueller, III) (both men cited as right wing conspiracy theorists by the Southern Poverty Law Center), (3) several interviews (to include visiting the home in Wisconsin) with Field McConnell, presently under house arrest in Florida for threatening to assassinate a judge and a lawyer in Florida, (4) a dozen interviews (to include a home visit in Arizona) with "targeted individual" Michael Barden, convicted of felony assault with a firearm, (5) dozens of interviews with Scott Allen Bennett, convicted of three felony weapons charges for intrusion into the U.S. Special Operations Command at MacDill Air Force Base, Tampa, Florida, (6) dozens of interviews with Oakey Marshall Richards, a former paid informant of the Federal Bureau of Investigation (FBI) in West Virginia in the 1990s and source of the "dirty bomb" information that ultimately led to the closure of the Port of Charleston, South Carolina on June 14, 2018, (7) dozens of interviews with Susan "Queen Tut" Holmes of Boulder, Colorado, arrested and held for perjury, (8) dozens of interviews with former FBI agent Robyn Gritz, (9) dozens of interviews with former Central Intelligence Agency security officer Kevin Shipp, (10) dozens of interviews with the Plaintiff's brother George Webb Sweigert (who lived with Goodman for three months), on and on. These interviews represent the broadcast of twisted attempts to increase the Internet popularity of Goodman to facilitate more financial sponsors and patrons to join the credit card processing service PATREON, INC., which facilitates the transfer of monies to Goodman's commercial enterprise.

9. In contrast to the Defendant's "business" of broadcasting interviews with "conspiracy theorists", the Plaintiff's background as described in paras. 12 to 20 of the SAC (Dkt. 88) is limited to the world of securing networking and Internet critical infrastructure. This includes

holding information security credentials recognized by the U.S. Department of Defense and the U.S. District Court for the District of New Jersey. The Plaintiff has also participated in the system engineering activities of the General Service Administration's Federal Public Key Infrastructure (PKI) Bridge (credential gateway) that resulted in the Plaintiff contributing to an American bar Association publication known as the PKI Assessment Guidelines. The legal evidence record of this lawsuit does not support the characterization that the Plaintiff's occupation appears "to consist chiefly of concocting outlandish conspiracy theories" (Dkt. 140).

10. This Court has received dozens of examples as to the Plaintiff's background that is contrary to the characterization of "whose occupations appear to consist chiefly of concocting outlandish conspiracy theories" (Dkt. 140). The Court's attention is directed to Exhibits One and Two of the original complaint (Dkt. 1) which include a (1) scholarly white paper written about the Port of Charleston "dirty bomb hoax" affair and the (2) Plaintiff's self-published book on Amazon, entitled "Port of Charleston Dirty Bomb Hoax and Social Media Liability". Additionally, Exhibits Two, Three and Four of the amended complaint (Dkt. 5) contain the Plaintiff's transcript of over 100 completed courses offered by the Federal Emergency Management Agency (FEMA) (with three in-person classroom courses in critical infrastructure protection), the aforementioned white paper and aforementioned summary of Plaintiff's book.

11. Recently the Plaintiff has self-published two new books on Amazon.com: (1) <u>Cross-Domain Interoperability in a Cyber Warfare Response: Minimizing Threat Rigidity in Emergency Management and Cyber Security</u>, ISBN-10: 1986952916, 03/28/2018 and (2) <u>Avoiding the Digital Maginot Line: Emergency Manager's Guide to Modernizing Cyber Resilience: Peer-review copy</u>, ISBN-13: 978-1701824829, 11/12/2019. Both of these publications quote national policy documents, federal law, FEMA regulations, etc. The Court is

already aware of the Plaintiff's book Certified Ethical Hacker Field Operations Guide: In-depth technical how to for passing the CEH exam (CEH FOG series) (Volume 1), ISBN-13: 978-1530111725, 02/17/2016 (see Dkt. 88). These publications are not the instantiations of "conspiracy theories".

12. In stark contrast Mr. Goodman was instrumental in the public deception orchestrated by Larry Klayman, esq. (suspended Bar license) with the so-called "citizens grand jury" led by Mr. Klayman, with Mr. Goodman acting as "court recorder", which indicted Mr. Robert S. Mueller, III of high crimes and treason. Jerome Corsi was the principal "witness". As described below:

> **The Earth Shook after Grand Jury Indictment of Robert Mueller**
> By George Miller
> Yes, The Earth shook after a grand jury indictment of Robert Mueller on Wednesday, June 12, 2019. Literally- shortly after a Citizens' Grand Jury handed Prosecutor Larry Klayman, founder of Judicial Watch and CEO of Freedom Watch USA, their indictments of Mueller on all nine criminal counts of violations of federal law, nailed by principal witness Dr, Jerome Corsi. Klayman then read it and explained the next steps, thanked the jurors and dismissed them. See press release on FreedomWatchUSA web site.
> Source: https://www.citizensjournal.us/the-earth-shook-after-grand-jury-indictment-of-robert-mueller/

13. More recently, Mr. Goodman has given his platform over to Mr. Klayman to push the idea of suing the COVID-19 task force incident commander Dr. Anthony Fauci on behalf of his disgraced client Dr. Judy Mikovits, author of the book "Plandemic". The basis of this story on CrowdSource The Truth is that COVID-19 is a fake disease created by the U.S. Government under Dr. Fauci's direction.



**Above: Jason Goodman broadcast of Larry Klayman and Dr. Judy Mikovits**



**Above: Jason Goodman podcast entitled, "Dr. Fauci, How Many Licks Does It Take to Get to the Tootsie Roll Center of a Manufactured Pandemic?"**

10

*SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - SDA*





**Above: Jason Goodman podcast indicates Dr. Judy Mikovits (author of Plandemic) is "grilling" Dr. Anthony Fauci**



**Above: Jason Goodman podcast entitled, "COVID-19, Mandatory Vaccination & Depopulation Agenda with Special Guest Charlie Robinson"**

11



**Above: Jason Goodman podcast entitled, "Is the Long Predicted COVID-19 '2nd Wave' a Pre-Planned Bio Attack? With True Pundit's Michael Moore"**



**Above: Jason Goodman podcast entitled, "Court jester D. George Sweigert's Social Engineering lawfare Campaign May Be Coming to and End"**



**Above: Tweet by Jason Goodman entitled, "David George Sweigert's vexatious & frivolous lawsuit was kicked to the curb by an irate but just Federal Judge in SDNY.**

14. The conclusion that the Plaintiff is "concocting conspiracy theories" is without substantiation, detail or supporting citations (save for the previous order Dkt. 87) and is unduly prejudicial. There is a "need to correct a clear error or prevent manifest injustice." Fruit of the Loom, Inc. v. American Marketing Enterprises, Inc., 97 Civ. 3510 (HB), 1999 WL, 527989, at *1 (S.D.N.Y. July 22, 1999).

### *DEFENDAT'S THIRD BITE AT COUNTERCLAIM APPLE IS UNFAIR*

15. When the Court allowed the Plaintiff to file a Second Amended Complaint (SAC) by ORDER (Dkt. 87) the Plaintiff was only allowed twenty (20) to file such document. In fact, sanctions were threatened for any deviations from parameters specified in the ORDER (Dkt. 87). By ORDER of 08/03/2020 (Dkt. 140) Goodman is allowed almost 26 days to file another counter-claim with no threat of sanctions; even after Goodman was allowed extra time to file his

second counter claim (Dkt. 122) by the Magistrate (Dkt. 102). There appears to be disparate treatment of the Plaintiff and the Defendant.

16. Goodman has a reputation in this court and others (Steele v. Goodman, Civil Action No. 3:17cv601 (E.D. Va. Jul. 25, 2019) for filing unfounded, baseless, meritless and frivolous counter-claims that usually orbit around a mysterious troupe of players that are "out to get" the Defendant. It is fundamentally unfair to the Plaintiff to give Def. Goodman this third bite at the apple.

17. Not only is this third bite at the apple wasteful as it is not promoting judicial efficiency, it is placing another burden on the Plaintiff to respond to more baseless conspiracies promoted by Def. Goodman. Once again, for the third time, the Plaintiff will be needlessly forced to address the meritless counter-claims proffered by Goodman. This new burden seems particular unfair as the ORDER (Dkt. 140) has denied the Plaintiff an opportunity to elaborate on Goodman's incitement to violence against the Plaintiff (IIED/NIED), etc. To add insult to injury the "concocting conspiracy theories" remark seems to discredit the Plaintiff, as if he is unworthy of amending his IIED/NIED claim. Nonetheless, it is the Court that will suffer, along with the Plaintiff, to hear the latest round of conspiracies and allegations of agents plotting against Def. Goodman.

18. These proceedings have been prolonged by Def. Goodman's baseless and meritless pleadings. All the while Def. Goodman continues his social media attacks, smears and slander against the Plaintiff.




**Above: Jason Goodman's tweet (one of dozens) to thousands of people that the Plaintiff is "a deadbeat dad, serial cyberstalking fraternal wife swapper.."**

## CONCLUSION

19. Def. Goodman has received authorization to submit another (third) cross-claim against the Plaintiff. This creates a very acute risk of unfair prejudice against the Plaintiff when examined in the totality of circumstances, to include (1) Plaintiff degraded to an individual "concocting conspiracy theories" who (2) will not be allowed to amend his IIED/NEID claim to showcase Goodman's incitement of violence against the Plaintiff. The concept of judicial efficiency will not be served as the Court and Plaintiff must now endure pleadings and counter-pleadings related to Goodman's next (third) counter-claim (which will undoubtedly will be another jumble of irrelevancies about conspiracies directed against him).

D. G. SWEIGERT, C/O
GENERAL DELIVERY
ROUGH AND READY, CA 95975
Spoliation-notice@mailbox.org

8·8·20

15

*SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - SDA*

*SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - SDA*

## CERTIFICATE OF SERVICE

I HEREBY ATTEST that a true copy of the attached pleadings have been sent to the following addressees on the 8 day of August 2020 via prepaid First Class U.S. Mail.

> Jason Goodman, CEO
> Multi-media Design Systems, Inc.
> 252 7th Avenue, Apart. #6S
> New York, NY 10001
>
> PRO SE OFFICE, Room 200
> U.S. District Court
> 500 Pearl Street
> New York, New York 10007-1312

*D. G. SWEIGERT, C/O*
*GENERAL DELIVERY*
*ROUGH AND READY, CA 95975*
*Spoliation-notice@mailbox.org*

8.8.20

17

USPS TRACKING® NUMBER

9505 5159 2260 0223 5839 67

PRESS FIRMLY TO SEAL




1006   10007

U.S. POSTAGE PAID
PM 2-Day
CITRUS HEIGHTS, CA
95621
AUG 10, 20
AMOUNT
$7.75
R2305E126198-05


UNITED STATES POSTAL SERVICE®

PRIORITY® MAIL

FROM:

D. G. SWEIGERT, C/O
GENERAL DELIVERY
ROUGH AND READY, CA 95975
Spoliation-notice@mailbox.org

PRO SE OFFICE

- Date of delivery specified*
- USPS TRACKING™ included to many major international destinations.
- Limited international insurance.
- Pick up available.*
- Order supplies online.*
- When used internationally, a customs declaration label may be required.

* Domestic only

To schedule free Package Pickup, scan the QR code.

TO:

PRO SE OFFICE, Room 200
U.S. District Court
500 Pearl Street
New York, New York 10007-1312


PS00001000014

EP14F Oct 2018
OD: 12 1/2 x 9 1/2

2020 AUG 18 AM 10:58
SDNY PRO SE OFFICE
RECEIVED


USPS.COM/PICKUP



* Domestic only.   * For Domestic shipments, the maximum weight is 70 lbs. For International shipments, the maximum weight is 4 lbs.

This envelope is made from post-consumer waste. Please recycle - again.

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP14F © U.S. Postal Service; October 2018; All rights reserved.