USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/19/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

D. GEORGE SWEIGERT,

                Plaintiff,

    -against-

JASON GOODMAN,

                Defendant.

18-CV-8653 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

    WHEREAS on August 18, 2020, Plaintiff, *pro se*, moved for reconsideration of the Court's ruling granting Defendant leave to amend Defendant's counterclaims, Dkts. 141, 142;

    WHEREAS Plaintiff contends the Court's ruling was unfair because it denied Plaintiff's request to file a second amended complaint while granting Defendant leave to amend, Dkt. 142;

    WHEREAS Plaintiff also contends that the Court's ruling was unfair because it granted Defendant more time to amend than it granted Plaintiff to amend his amended complaint a year ago, Dkt. 142;

    WHEREAS Plaintiff also argues that the Court's summary description of the case was unduly prejudicial because the Court described the parties as being engaged in "outlandish conspiracy theories and accusing one another of criminal conduct and other misbehavior on the internet," Dkt. 142; and

    WHEREAS Plaintiff also appears to renew his request to amend his claims for intentional or negligent infliction of emotional distress, citing more instances of online mudslinging, Dkt. 142;

    IT IS HEREBY ORDERED that the motion for reconsideration is DENIED.  Plaintiff's invocation of Rule 59(e) of the Federal Rules of Civil Procedure is misguided; that rule provides

for an amendment of a final judgment, which has not been issued in this case.  Regardless, Plaintiff has not provided any basis for reconsideration of the Court's ruling.  *See Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) ("A motion for reconsideration should be granted only when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." (citation omitted)).

Whether or not further leave to amend is granted is based on the Court's assessment of the futility of such an amendment; the number of prior amendments is not necessarily dispositive.  Nor is there any numerical unfairness to allow Defendant to file a third pleading—Plaintiff has filed at least four actual or proposed pleadings, all of which were reviewed by the Court for any possibility of success.  *See* Dkt. 1 (complaint); Dkt. 5 (amended complaint); Dkt. 39-1 (proposed second amended complaint); Dkt. 88 (second amended complaint filed after previously proposed second amended complaint was rejected by this Court).  There is also no unfairness in the Court's setting of deadlines; the Court granted what it believed was sufficient time for Defendant to amend, which is informed, among other things, by the impact that the COVID-19 pandemic may have on a litigant's ability to compose and transmit filings.  To the extent that Plaintiff takes issue with the Court's threat of sanctions last year, *see* Dkt. 87, the way not to be treated as a vexatious litigant is to not inundate the Court with filings that are as frivolous as they are voluminous.

Finally, Plaintiff has not provided any reason to reconsider denial of leave to amend his emotional distress claims.   Contrary to his suggestion, the Court did not deny him further leave because of the parties' proclivities for conspiratorial thinking.  Rather, as explained in the Court's previous order, Dkt. 140, none of Plaintiff's submissions has provided even a hint of Plaintiff

being able to satisfy the elements of an IIED or NIED claim, including the element of severe emotional distress.  Plaintiff's motion again provides no information to support an IIED or NIED claim and instead attempts to take the Court down irrelevant rabbit holes; and even if he could provide additional facts, the motion would fail unless the information could not have been previously discovered.  The term "outlandish conspiracy theories" also remains, in the Court's view, the most succinct way of contextualizing the parties' fracas.

    The Clerk of Court is directed to mail a copy of this order to Plaintiff and Defendant, noting service on the docket.  The Clerk is further requested to terminate the pending motion at docket entry 141.

**SO ORDERED.**

Date:  August 19, 2020  
       New York, New York

                                              **VALERIE CAPRONI**  
                                              **United States District Judge**