**U.S. DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **SWEIGERT** | **CIVIL CASE #:** |
| **V.** | **1:18-CV-08653-VEC** |
| **GOODMAN** | **JUDGE VALERIE E. CAPRONI** |

RECEIVED OCT - 5 2020 PRO SE OFFICE

<u>**PLAINTIFF'S REPLY BRIEF**</u>
<u>**TO DEFENDANT'S OPPOSITION TO**</u>
<u>**MOTION FOR LEAVE OF COURT (Dkt. 149)**</u>
<u>**TO FILE SUPPLEMENTAL COMPLAINT (Dkt. 150)**</u>

**MAY IT PLEASE THE COURT:**

Pursuant to **Local Rule 6.1(b)(3)** this REPLY is served within seven (7) days of the Defendant's

answering papers (Dkt. 155), submitted in opposition to Plaintiff's Motion for Leave of Court

(Dkt. 149) with an accompanying supplemental complaint (Dkt. 150). A Memorandum of Law

is attached. A certificate of service is included on the last page of this document. So sworn

under oath.

Signed this ___ day of October, 2020.

*D. G. SWEIGERT, C/O*
*GENERAL DELIVERY*
*ROUGH AND READY, CA 95975*
*Spoliation-notice@mailbox.org*

10.1.20

1

## MEMORANDUM OF LAW

## TABLE OF CONTENTS

**TABLE OF CONTENTS** ................................................................................................ 2

**TABLE OF AUTHORITIES** ......................................................................................... 3

**PROCEDURAL HISTORY** .......................................................................................... 5

**STATEMENT OF FACTS** ............................................................................................ 6

**LAW AND ARGUMENT** ............................................................................................. 7

**CERTIFICATE OF SERVICE** ................................................................................. 12

## TABLE OF AUTHORITIES

**Cases**

*Beneficial Corp. v. FTC*, 542 F.2d 611, 617 (3d Cir. 1976) ........................................................... 8

*Dove v. Washington Metro. Area Transit Auth.,* 221 F.R.D. 246, 247 (D.D.C. 2004) ................ 10

*In re September 11 Litig.*, 621 F. Supp. 2d 131, 146 (S.D.N.Y. 2009) ........................................ 9

*Karlin v. IVF America, Inc.*, 93 NY2d 282, 290 ........................................................................... 8

*Marino v. Gotham Chalkboard Mfg. Corp* ................................................................................... 7

*Marino v. Gotham Chalkboard Mfg. Corp.*, 259 F. Supp. 953, 954 (S.D.N.Y. 1966) .................. 7

*McLean v. Scully*, No. 90-2590, 1991 WL 274327 *1 (S.D.N.Y. December 9, 1991) ................. 9

*Ravo v. Rogatnick,* 70 N.Y.2d 305, 520 N.Y.S.2d 533, 514 N.E.2d 1104, 1108 (1987) ........... 9

*Rodriguez v. Conway,* No. 10-6243L, 2011 WL 4829725 *1 (W.D.N.Y. September 6, 2011) ..... 9

*Rowe v. U.S. Fidelity & Guar. Co.,* 421 F.2d 937 ,943 (4th Cir. 1970) ........................................ 6

*The National Academy of Television Arts and Sciences, Inc., et al. v. Multimedia Systems Design,*

  *Inc.*, 20-CV-7269 ...................................................................................................................... 4

**Statutes**

New York's General Business Law (NYGBL) §§ 349 – 350 ...................................................... 7

NYGBL § 349 .............................................................................................................................. 8

NYGBL §§ 349 – 350 .............................................................................................................. 7, 8

**Rules**

Fed. R. Civ. Proc. Rule 15(a)(1)(A) ........................................................................................... 4

Rule 15(a) .................................................................................................................................... 6

Rule 15(c)...................................................................................................................... 7

Rule 15(c)(1)(C)...................................................................................................... 4, 6, 7

Rule 15(d)...................................................................................................................... 9

Rule15(a)(3).................................................................................................................. 4

Rules 8(a)...................................................................................................................... 7

**Treatises**

3 J. Moore, FEDERAL PRACTICE, 15.08[2] (2d ed. 1968)......................................... 6

3 J. Moore, FEDERAL PRACTICE, 15.08[2], at 874-75 (2d ed. 1968); Note, supra note 6, at

    651 ............................................................................................................................ 6

WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 1504, at 187 (2d ed. 1990)

    (citing cases)............................................................................................................. 6

WRIGHT, MILLER, & KANE, FEDERAL PRACTICE AND PROCEDURE: Civil 3d § 1505,

    pgs. 262-63 ............................................................................................................... 9

## PROCEDURAL HISTORY

The Court in its wisdom allowed the Defendant five (5) weeks to respond to the Plaintiff's Motion for Leave to file the proposed First Supplemental Complaint (FSC) (8/24/2020, Dkt. 144) by ORDER of the Magistrate on 09/02/2020 (Dkt. 146).

On 09/09/2020 Plaintiff amended the proposed FSC and accompanying leave of court motion (Dkt. 144) with an amended leave of court motion (Dkt. 149 & 150). The Plaintiff seeks to add Multimedia Systems Design, Inc. as an additional defendant with his pleading papers Dkt. 149 and Dkt. 150.

The five (5) week time window created by the Magistrate's order (Dkt. 146) apparently allowed for a potential amendment of the FSC "complaint" (amendment normally required within 21 days after filing date of original pursuant to Fed. R. Civ. Proc. Rule 15(a)(1)(A)) and the Defendant's responsive pleading to such an amended motion (within 14 days pursuant to Rule 15(c)(1)(C)). Therefore, the Court has allowed the Defendant three (3) weeks to reply to the amended motion (Dkt. 149 accompanied with Dkt. 150)(one week more than allowed by Rule15(a)(3)); five weeks in total (21 days + 14 days).

By ORDER signed 09/16/2020 (Dkt. 154) the presiding judge attempted to clear up any confusion regarding related litigation and/or misnomers concerning the Defendant's "corporation". Defendant Goodman is the acting "C.E.O." of "Multimedia Systems Design, Inc.", which is named in related litigation (see *The National Academy of Television Arts and Sciences, Inc., et al. v. Multimedia Systems Design, Inc*., 20-CV-7269, Hon. Valerie E. Caproni presiding).

On 09/30/2020 Defendant filed a one-page opposition (Dkt. 155) to Plaintiff's Dkt. 149 and 150.

## **STATEMENT OF FACTS**

1.       On 09/10/2019 the Second Amended Complaint (SAC) was docketed (Dkt. 88), which claimed Defendant Jason Goodman (Def) was "C.E.O." of a New York State corporation "Multimedia System Design, Inc." (para. 7).  This name appears to be the correct name not "Multimedia System**s** Design, Inc." (MSDI) (Dkt. 154).

2.       Defendant Goodman states in an e-mail message of 4/11/2020 that he is "the CEO of Multimedia System Design, INC. the entity which owns the registered trademark" (para. 2 in Dkt. 88).  There appears to be confusion of Systems (plural) (Dkt. 154) vs. System, even in the mind of the presiding judge as stated in Dkt. 154.

3.       Since that filing (Dkt. 88) all pleadings mailed to the Defendant by Plaintiff have been accompanied by a certificate of service addressed to the Defendant as "C.E.O." of "Multi-media Design Systems, Inc." (another misnomer).



## LAW AND ARGUMENT

### *The MSDI misnomer*

4.      Rule 15(c) encourages the use of amendments to clarify the original complaint (Dkt. 88)

or to correct an error made in the original complaint without being barred by the statute of

limitations.  The section of Rule 15(a) applicable to 15(c) is: "otherwise a party may amend his

pleading only by leave of court or by written consent of the adverse party; and leave shall be

freely given when justice so requires." The test of "justice" employed by the courts is whether

the proposed amendment would unduly prejudice the opposing party.  3 J. Moore, FEDERAL

PRACTICE, 15.08[2], at 874-75 (2d ed. 1968); Note, supra note 6, at 651.  Consequently, courts

look to the adverse effects of such an amendment on the party opposing it, and then only those

caused by the moving party's failure to assert the new matter in the original pleading.  3 J.

Moore, FEDERAL PRACTICE, 15.08[2] (2d ed. 1968).

5.      While courts typically require some relationship between the original complaint and the

supplemental material, an application for leave to supplement is "addressed to the discretion of

the court and should be freely granted when doing so will promote the economic and speedy

disposition of the entire controversy between the parties" and will not prejudice the opposing

party.  WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 1504, at 187 (2d ed.

1990) (citing cases).  Indeed, district courts should look to whether "some relationship" exists

"between the newly alleged matters and the subject of the original action." see *Rowe v. U.S.*

*Fidelity & Guar. Co.,* 421 F.2d 937 ,943 (4th Cir. 1970) (setting forth the "some relationship"

standard).

6.      Rule 15(c)(1)(C) provides for an amendment to relate back to initial pleadings in the

event of changing the name of a party.  This allows a Plaintiff to correct a misnomer without

prejudice to the opposing party if the new party (in this case the proposed party MSDI) has received adequate notice of the claims. *Marino v. Gotham Chalkboard Mfg. Corp.*, 259 F. Supp. 953, 954 (S.D.N.Y. 1966). This is the case for the proposed addition of MSDI. Adding a new party (MSDI) is appropriate pursuant to Rule 15(c)(1)(C).

7.      The *Marino v. Gotham Chalkboard Mfg. Corp.*, court reasoned that adequate notice was the driving concern when assessing whether an adverse party would be prejudiced with a Rule 15(c) amendment, (discussing the practical effects of the 1966 amendments to Rule 15(c)) "[t]he new amendment focuses not on semantics, but on the simple question of whether the party to be brought in had fair notice of the action." MSDI has had fair notice of this action through its "C.E.O.", the Defendant, and the service of Dkt. 88 and all sequential pleadings thereafter served upon the Defendant as "C.E.O." of MSDI, albeit with a corporate misnomer in the certificate of service. This requires correction and the proper MSDI entity should be added as a party.

### *First Supplemental Complaint (FSC) is not futile*

8.      The proposed First Supplemental Complaint (FSC) (Dkt. 150) is well-pled under Rule 8(a). Counts I, II and III of the proposed FSC meet the pleading standards of Rules 8(a) with sufficient specificity to survive a motion to dismiss. Further, the proposed FSC does not introduce[s] separate, distinct, and new claims and causes of action.

9.      The Defendant fails to overcome the overwhelming evidence establishing Goodman's violations of New York's General Business Law (NYGBL) §§ 349 – 350 through the use of Multimedia Systems Design, Inc.'s trademark "CROWDSOURCE THE TRUTH". The overwhelming evidence amassed by the Plaintiff in Dkt. 150 established uncontroverted facts necessary to find violations of NYGBL §§ 349 – 350.

10.     As alleged in the proposed FSC (Dkt. 150), the use of fake social media subscribers, fake podcast "likes", fake podcast approvals, fake comments, fake Twitter comments, use sock puppet accounts and "bots" are considered by the New York Attorney General to be violative of NYGBL §§ 349 – 350.  Defendant Goodman has NOT denied this practice of using fake indicators of social media influence in his pleading papers (Dkt. 155).

11.     Taken as true, as in the event of a motion to dismiss, this Court must assume that the Defendant is using a deceptive and inflated social media influencer position to attack the Plaintiff with smear campaigns.  This inflated position was created by the Defendant using fake "likes", fake "comments", fake "views", fake "subscribers", sock puppet accounts and Twitter bots.  To the general public, it would appear that there is some social consensus to hold the Plaintiff up to scorn and ridicule as supported by these fake indicators of the social media standing that the Defendant does not really have.  The Plaintiff remains the victim of this smear machine operated by Goodman under the MSDI trademark.  This activity is considered a violation of the NYGBL by New York's Attorney General.

*Injury to the public*

12.     Additionally, the FSC (Dkt. 150) clearly demonstrates a months long pattern of deception perpetrated upon the general public with regards to the "harmful content" of the Defendant's "COVID-19 plandemic" conspiracy theory content embedded in his commercial speech podcasts, designed with the ultimate objective of creating angst in the public causing consumers to become subscribers (patrons) to his credit card video services (advertisements in disguise). The issue here with NYGBL is whether the act or practice is likely to <u>mislead</u>, rather than whether it causes actual deception.

13.     The term "deceptive" has a well-understood meaning in consumer law.   In *Beneficial Corp. v. FTC*, 542 F.2d 611, 617 (3d Cir. 1976), the court noted "the likelihood or propensity of deception is the criterion by which advertising is measured."

14.     As reasoned in *Karlin v. IVF America, Inc.*, 93 NY2d 282, 290 (NYGBL § 349... " on (its) face appl(ies) to virtually all economic activity and (its) application has been correspondingly broad ...taking into account not only the impact on the 'average consumer' but also on 'the vast multitude which the statutes were enacted to safeguard-including the ignorant, the unthinking and the credulous who, in making purchases, do not stop to analyze but are governed by appearances and general impressions'"). The Court may infer deception by the Defendant based on the foregoing.

***Defendant and proposed defendant MSDI are jointly liable***

15.     Under New York law Plaintiff is entitled to sue Goodman and MSDI by reason of their conduct, acting jointly or in common, or either jointly or severally.  Legal standards indicate that individual defendants (like Goodman) and corporate defendants (like MSDI) can be held jointly and severally liable as a common enterprise.  Thus, the Court should consider that Goodman and MSDI acted as a common enterprise.  *In re September 11 Litig.*, 621 F. Supp. 2d 131, 146 (S.D.N.Y. 2009) which relied upon *Ravo v. Rogatnick,* 70 N.Y.2d 305, 520 N.Y.S.2d 533, 514 N.E.2d 1104, 1108 (1987).

16.     Rule 15(d) expressly allows for supplemental complaints to "cure" defects in the initial complaint.  Adding MSDI as a party cures the defect of the SAC (Dkt. 88).  Rule 15(d) permits a supplemental pleading to correct a defective complaint and circumvents "the needless formality and expense of instituting a new action when events occurring after the original filing

indicated a right to relief." WRIGHT, MILLER, & KANE, FEDERAL PRACTICE AND

PROCEDURE: Civil 3d § 1505, pgs. 262-63.

17.      As stated by this Court in *McLean v. Scully*, No. 90-2590, 1991 WL 274327 *1

(S.D.N.Y. December 9, 1991) it is entirely appropriate for new defendants to be added via a Rule

15(d) supplemental pleading under circumstances such as these. See also, *Rodriguez v. Conway*,

No. 10-6243L, 2011 WL 4829725 *1 (W.D.N.Y. September 6, 2011) ("Supplemental relief may

include the addition of new defendants," permitting supplemental complaint under Rule 15(d)

adding new party).

**CONCLUSION**

Defendants (Goodman and/or MSDI) are not prejudiced by any short delay that supplementing

the complaint might cause. Discovery has not yet begun, and this lawsuit remains in the

pleading stages. Granting Plaintiff's leave to file a supplemental complaint will not substantially

delay this case.

Under Rule 15, the burden is generally on the non-moving party to persuade the court "to deny"

the motion. The Defendant's papers (Dkt. 155) have not done this. See *Dove v. Washington*

*Metro. Area Transit Auth.,* 221 F.R.D. 246, 247 (D.D.C. 2004).

The Plaintiff herein PRAYS that this Court reject Defendant's answering papers (Dkt. 155) as

unpersuasive and permit the First Supplemental Complaint (Dkt. 150) to be recognized as an

operative supplement to the Second Amended Complaint (Dkt. 88).

*D. G. SWEIGERT, C/O*
*GENERAL DELIVERY*
*ROUGH AND READY, CA 95975*

10.1.20

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY ATTEST that a true copy of the attached pleadings has been sent to the**

**following addressees on the ___ day of October via prepaid First Class U.S. Mail.  So sworn**

**under oath.**

**Jason Goodman, CEO**
**Multimedia Systems Design, Inc.**
**252 7th Avenue, Apart. #6S**
**New York, NY 10001**

**PRO SE OFFICE, #200**
**U.S. District Court**
**500 Pearl Street**
**New York, New York 10007-1312**

*D. G. SWEIGERT, C/O*
*GENERAL DELIVERY*
*ROUGH AND READY, CA 95975*
<u>*Spoliation-notice@mailbox.org*</u>

10.1.20

12

Misuse may be a violation of federal law. This packaging is not for resale. EP14F © U.S. Postal Service; October 2018. All rights res...
This packaging is the property of the U.S. Postal Service and is provided solely for use in sending Priority Mail® shipments.





PM 2-Day
$7.75

10/01/2026
9503 0006
11485440

9505 5067 1486 0275 3128 59

PRESS FIRMLY TO SEAL

UNITED STATES POSTAL SERVICE®

PRIORITY MAIL

PRIORIT FLAT I POSTAGE F

FROM:

*D. G. SWEIGERT, C/O*
*GENERAL DELIVERY*
*ROUGH AND READY, CA 95975*
*Spoliation-notice@mailbox.org*



RECEIVED
OCT - 5 2020
PRO SE OFFICE

*Pro Se Office*
*#200*

TO:

**Clerk of the Court**
**U.S. District Court**
**500 Pearl Street**
**New York, New York 10007-1312**



10007-1312

To schedule free
Package Pickup,
scan the QR code.



USPS.COM/PICKUP

- Date of delivery specified*
- USPS TRACKING™ included to many major
  international destinations.
- Limited international insurance.
- Pick up available.*
- Order supplies online.*
- When used internationally, a customs
  declaration label may be required.

* Domestic only

EP14F Oct 2018
OD: 12 1/2 x 9 1/2

P S 0 0 0 0 1 0 0 0 0 0 1 4