```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/8/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

D. George Sweigert,

                     Plaintiff,

    -against-

Jason Goodman,

                     Defendant.

1:18-cv-08653 (VEC) (SDA)

**OPINION AND ORDER**

Pending before the Court is a motion by Plaintiff George Sweigert, pursuant to Federal Rule of Civil Procedure 15(d), for leave to file a "First Supplemental Complaint." (Pl.'s 15(d) Mot., ECF No. 144; Pl.'s 15(d) Am. Mot., ECF Nos. 149-51.) For the following reasons, Plaintiff's motion is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

This Court is all too familiar with this litigation between "two *pro se* litigants whose occupations appear to consist chiefly of concocting outlandish conspiracy theories and accusing one another of criminal conduct and other misbehavior on the internet." (8/3/20 Order, ECF No. 140.) On August 20, 2019, the Court dismissed all of Plaintiff's claims based upon alleged violations of criminal laws for lack of standing and also dismissed his sole civil claim, which was brought under the Racketeer Influenced and Corrupt Organizations Act, for failure to state a claim. (*Id*. at 13.) However, because the Court found that Sweigert "may be able to assert at least some plausible claims in a properly constructed complaint," the Court gave Plaintiff leave to further amend his pleading within 21 days. (*Id*. at 1.)

On September 10, 2019, Plaintiff filed a Second Amended Complaint (SAC, ECF No. 88), which Defendant Jason Goodman ("Goodman" or "Defendant") moved to dismiss. (Def.'s 11/18/19 Not. of Mot., ECF No. 106.) On March 2, 2020, I recommended that Defendant's motion to dismiss be granted in part and denied in part. (*See* R&R and Order, ECF No. 138.) I recommended that Plaintiff's claims under Sections 349 and 350 of the New York General Business Law ("GBL"), as well as his claims for negligent and intentional infliction of emotional distress, be dismissed. (*See id*. at 6-7, 10-11.) I also recommended that Defendant's motion to dismiss Plaintiff's claims for defamation, as well as his claims under the New York Civil Rights Law, be denied. (*See id*. at 7-10.) On August 3, 2020, the Court adopted the foregoing recommendations. (8/3/20 Order at 2-3.)

On August 24, 2020, Plaintiff filed a motion for leave to file a "First Supplemental Complaint," and on September 9, 2020, filed an amended motion for the same relief, which motions are the subject of this Opinion and Order. The pleading that Plaintiff seeks leave to file purports to incorporate by reference the allegations contained in his SAC. (Pl.'s Proposed Supp. Compl., ECF No. 150, at 2.) Plaintiff's proposed supplemental pleading alleges claims under GBL Sections 349 and 350 arising out of podcasts and other social media-related activity regarding the COVID-19 pandemic (*see id*. at 4-12); an invasion of privacy claim relating to Plaintiff's disabled son (*see id*. at 17-19); defamation claims based upon social media postings made in 2020 about Plaintiff (*see id*. at 20-28); and a claim under the New York Civil Rights Law relating to Goodman's use in social media postings in 2020 of pictures of Plaintiff without his permission. (*See id*. at 28-31.) Plaintiff also seeks to add a new defendant, Multisystem System Design, Inc. ("MSDI"). (*See id*. at 1, 3.)

Goodman opposed Plaintiff's motion in a single-page response, dated September 30, 2020, in which he stated that "[g]ranting plaintiff's motion would unnecessarily delay and protract discovery and a logical conclusion to the case." (Def.'s Resp., ECF No. 155.) On October 5, 2020, Plaintiff filed a reply, and on October 8, 2020, filed an amended reply. (Pl.'s Reply, ECF No. 156; Pl.'s Am. Reply, ECF No. 159.)

## **LEGAL STANDARDS**

Rule 15(d) of the Federal Rules of Civil Procedure provides: "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). "The legal standards applied to a motion pursuant to Rule 15(d) are no different than those applied to a motion for leave to amend pursuant to Rule 15(a)." *Brodsky v. Kaleida Health*, No. 01-CV-00676 (SR), 2008 WL 11508724, at *3 (W.D.N.Y. Feb. 15, 2008) (citation omitted).

The decision to grant or deny leave to amend is within the trial court's discretion.[1] *See, e.g.*, *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962) ). The court may deny leave to amend for "good reason," which involves an analysis of the factors articulated in *Foman*: undue delay, bad faith, futility of

---

[1] The current weight of authority in this District treats motions to amend as non-dispositive pre-trial motions, even where a motion to amend is denied or only granted in part. *See Keawsri v. Ramen-Ya Inc.*, No. 17-CV-02406 (LJL) (OTW), 2020 WL 4505571, at *1 (S.D.N.Y. Aug. 5, 2020); *Rouviere v. DePuy Orthopaedics, Inc.*, No. 18-CV-04814 (LJL) (SDA), 2020 WL 3865614, at *3 (S.D.N.Y. July 7, 2020); *but see Jean-Laurent v. Wilkerson*, 461 F. App'x 18, 25 (2d Cir. Feb. 8, 2012). Thus, I find that I have the authority to decide this motion.

amendment, or undue prejudice to the opposing party. *See McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (citing *Foman*, 371 U.S. at 182).

## DISCUSSION

Plaintiff's motion is hereby granted, but only to the extent of permitting him to plead occurrences or events that happened after the date of his SAC as part of his surviving claims for defamation and under the New York Civil Rights Law. This Court previously found that Plaintiff had stated a claim for defamation and under the New York Civil Rights Law (*see* R&R and Order at 7-10, adopted in relevant part by 8/3/20 Order) and those claims remain part of this case. It is a proper use of Rule 15(d) to supplement the SAC by adding occurrences or events that happened after the date of the SAC in support of those claims. *See Bemben v. Fuji Photo Film U.S.A., Inc.*, No. 01-CV-08616 (KMW) (DF), 2003 WL 21146709, at *1 (S.D.N.Y. May 19, 2003).

However, Plaintiff's motion is denied in all other respects. Plaintiff's GBL claims previously were dismissed by the Court and no longer are part of this case. As the Court previously found, such claims are baseless and it would be futile to add additional claims on the same grounds. To the extent that Plaintiff has alleged any injury by reason of the pandemic-related allegations, such injury is personal to him, not consumers at large. *See Blake Marine Grp., LLC v. Frenkel & Co.*, No. 18-CV-10759 (AT), 2020 WL 704103, at *6 (S.D.N.Y. Feb. 11, 2020) (to maintain action under GBL § 349, plaintiff must allege that defendant's acts had broad impact on consumers at large).

In addition, there is no basis to add MSDI as a defendant to the SAC. Plaintiff's supplemental pleading only references MSDI in connection with the GBL claims, which are no longer part of this case. The specific allegations contained in the sections for Plaintiff's

4

defamation and Civil Rights Law claims only allege conduct by Goodman.[2] (*See* Pl.'s Proposed Supp. Compl. at 20-31.)

Finally, because New York does not recognize a common law right to privacy claim, Plaintiff's invasion of privacy claim is baseless and it would be futile to add it. *See Matthews v. Malkus*, 377 F. Supp. 2d 350, 359 (S.D.N.Y. 2005) (citation omitted).[3]

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion to supplement the SAC is GRANTED IN PART and DENIED IN PART. Specifically, the SAC is deemed supplemented only by paragraphs 1, 39 through 45 and 47 through 50 of Plaintiff's Verified Supplemental Complaint that is filed at ECF No. 150.

The Clerk of Court is respectfully requested to mail a copy of this Opinion and Order to the *pro se* parties.

DATED:   New York, New York
         October 8, 2020

_____
STEWART D. AARON
United States Magistrate Judge

---

[2] While it is true that a "party . . . may supplement a pleading under Rule 15(d) to add new parties when subsequent events make it necessary to do so," 3 Moore's Federal Practice - Civil § 15.30 (2020), Plaintiff has not alleged any such subsequent events related to his defamation and/or Civil Rights Law claims.

[3] To the extent that Plaintiff seeks injunctive relief, he must do so consistent with the Federal Rules of Civil Procedure. The Court expresses no opinion regarding whether injunctive relief is appropriate in this case, given the availability of a remedy at law.