UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

D. George Sweigert,

                        Plaintiff,

-against-

Jason Goodman,

                        Defendant.

1:18-cv-08653 (VEC) (SDA)

REPORT AND RECOMMENDATION

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE.**

**TO THE HONORABLE VALERIE E. CAPRONI, UNITED STATES DISTRICT JUDGE:**

Pending before the Court is a motion by Plaintiff, George Sweigert ("Plaintiff" or "Sweigert"), pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the "Counter Claim Amended Verified Complaint" ("Amended Counterclaims") filed by Defendant Jason Goodman ("Defendant" or "Goodman"). (Pl. 9/10/20 Am. Not. of Mot., ECF No. 151.) For the following reasons, I respectfully recommend that Plaintiff's motion to dismiss Defendant's Amended Counterclaims be GRANTED.

**BACKGROUND**

On December 5, 2019, Goodman filed counterclaims against Sweigert asserting the following claims: defamation (Count 1), aggravated harassment (Count 2) and civil conspiracy (Count 3). (Counterclaims, ECF No. 122, ¶¶ 75-80.) On December 17, 2019, Sweigert filed a motion to dismiss Goodman's Counterclaims. (Pl. 12/17/19 Not. of Mot., ECF No. 131.)

On March 2, 2020, I issued a Report and Recommendation which recommended that Sweigert's motion be granted in part and denied in part. *See Sweigert v. Goodman*, No. 18-CV-

08653 (VEC) (SDA), 2020 U.S. Dist. LEXIS 36652, at *2 (S.D.N.Y. Mar. 2, 2020). Specifically, I recommended that Sweigert's motion to dismiss Counts 2 and 3 be granted, but that his motion to dismiss the defamation claim in Count 1 be denied. *Id*. at **16-18. On August 3, 2020, District Judge Caproni adopted in part and declined in part my recommendations. *Sweigert*, 2020 U.S. Dist. LEXIS 137166, at *2 (S.D.N.Y. Aug. 3, 2020). Judge Caproni adopted my recommendation that Sweigert's motion to dismiss Counts 2 and 3 of the Counterclaims be granted, and those claims were dismissed. *See id*. However, she declined my recommendation that Sweigert's motion to dismiss the defamation claim be denied. *See id*. Judge Caproni held:

> The Court disagrees with the R&R that [Goodman] has adequately pleaded defamation in his counterclaim. While it is true that the federal pleading standard for defamation is less stringent than the one under New York law, even that lesser standard requires the claimant to at least "identify the allegedly defamatory statements, the person who made the statements, the time when the statements were made, and the third parties to whom the statements were published." *Alvarado v. Mount Pleasant Cottage Sch. Dist*., 404 F. Supp. 3d 763, 790 (S.D.N.Y. 2019) (quoting *Neal v. Asta Funding, Inc*., No. 13-CV-02176, 2014 U.S. Dist. LEXIS 113142, 2014 WL 3887760, at *3 (S.D.N.Y. June 17, 2014)). Here, [Goodman's] most pertinent allegation is that Sweigert "has persistently and continuously repeated the lie that [Defendant] planned, oversaw and/or participated in a scheme to perpetrate a dirty bomb hoax," while also claiming that [Goodman] "had . . . some involvement in explosions" at a natural gas facility in Texas. *See* Countercl. ¶ 73. That allegation, however, lacks any information as to the approximate date when the statements were made or as to the identity of the persons to whom the statements were conveyed. [Goodman] also alleges that [Sweigert] sent letters containing "false allegations" to [Goodman's] business associates but does not allege the content of such letters, when they were sent, or whether he is complaining about statements made to persons other than the Chief Executive Officer of Patreon. *See* Countercl. ¶ 72. Accordingly, the Court finds that [Goodman's] defamation counterclaim should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

*Sweigert*, 2020 U.S. Dist. LEXIS 137166, **3-5. Nevertheless, Judge Caproni granted Goodman "leave to file an amended pleading consistent with [her] Order." *Id*. at *5.

On September 1, 2020, Goodman filed his Amended Counterclaims. (Am. Counterclaims, ECF No. 145.) In his Amended Counterclaims, he alleges three claims: defamation (Count 1), civil conspiracy (Count 2) and a violation of Sections 50 and 51 of the New York Civil Rights Law (Count 3). (Am. Counterclaims ¶¶ 54-58.)

On September 10, 2020, Sweigert filed the motion to dismiss the Amended Counterclaims that is the subject of this Report and Recommendation. (*See* Pl. 9/10/20 Am. Not. of Mot.) With no opposition from Goodman having been filed, on October 5, 2020, Sweigert filed a letter requesting that the Court "decide that [his motion to dismiss] was unopposed by [Goodman]." (Pl. 10/5/20 Ltr., ECF No. 157.) On October 8, 2020, I entered an Order requiring that any opposition by Goodman to Sweigert's motion be filed no later than October 29, 2020. (10/8/20 Order, ECF No. 158.) On October 30, 2020, Goodman filed his opposition (which was dated October 29, 2020). (Opp. Mem., ECF No. 161.) On November 4, 2020, Sweigert filed his reply. (Reply, ECF No. 162.)

**LEGAL STANDARD**

"[W]hen ruling on a [party's] motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), and "draw[ ] all reasonable inferences in favor of the plaintiff," *Daniel v. T&M Prot. Res., Inc.*, 992 F. Supp. 2d 302, 304 n.1 (S.D.N.Y. 2014) (citing *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012)).

Where, as here, a party proceeds *pro se*, the court must "construe[ ] [his pleading] liberally and interpret[ ] [it] to raise the strongest arguments that [it] suggest[s]." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quotation marks omitted). However, "the liberal

3

treatment afforded to pro se litigants does not exempt a pro se party from compliance with relevant rules of procedural and substantive law." *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013) (quotation marks omitted); *see also Caidor v. Onondaga Cty.*, 517 F.3d 601, 605 (2d Cir. 2008) ("[P]ro se litigants generally are required to inform themselves regarding procedural rules and to comply with them." (italics and quotation marks omitted)).

## DISCUSSION

**I.      Defamation Claim (Count 1)**

"Defamation in word or print is cognizable in an action for libel." *Rosenberg v. MetLife, Inc.*, 453 F.3d 122, 123 n.1 (2d Cir. 2006). "To state a claim for defamation under New York Law, the plaintiff must allege (1) a false statement about the plaintiff; (2) published to a third party without authorization or privilege; (3) through fault amounting to at least negligence on [the] part of the publisher; (4) that either constitutes defamation per se or caused 'special damages.'" *Gargiulo v. Forster & Garbus, Esqs.*, 651 F. Supp. 2d 188, 192 (S.D.N.Y.2009) (citation omitted).

"Special damages consist of 'the loss of something having economic or pecuniary value which must flow directly from the injury to reputation caused by the defamation[.]'" *Celle v. Filipino Reporter Enters. Inc.*, 209 F.3d 163, 179 (2d Cir. 2000) (quoting *Matherson v. Marchello*, 100 A.D.2d 233 (2d Dep't 1984)). Special damages "must be fully and accurately stated, with sufficient particularity to identify actual losses." *Id*. (quotation marks and citations omitted). Under New York law, statements that are defamatory *per se* are actionable without "'pleading and proof of special damages.'" *Id*. (quoting *Davis v. Ross*, 754 F.2d 80, 82 (2d Cir. 1985)). A plaintiff alleges defamation *per se*, and thus need not also allege special harm, if the false statement of fact (i) "charg[es] plaintiff with a serious crime," (ii) "tend[s] to injure [plaintiff] in

his or her trade, business or profession," (iii) imputes to plaintiff a "loathsome disease," or (iv) imputes "'unchastity to a woman.'" *Thorsen v. Sons of Norway*, 996 F. Supp. 2d 143, 165 (E.D.N.Y. 2014) (quoting *Zherka v. Amicone*, 634 F.3d 642, 645 n.6 (2d Cir. 2011)).

The Court carefully has reviewed the allegations of the Amended Counterclaims. The only allegations regarding Sweigert's alleged defamatory conduct that purport to meet the specificity required under Judge Caproni's August 3, 2020 Order[1] are those regarding Sweigert's republication on November 29, 2019 of an article written by Steven Outtrim that allegedly contains false statements about Goodman. (*See* Am. Counterclaims ¶¶ 39-41.) Goodman appears to acknowledge as much where he states in his opposition: "In direct response to the supplements allowed by Magistrate Aaron's most recent order (ECF No. 160): in paragraph 39 [Goodman] alleges defamatory and libelous statements [that] have damaged [Goodman] in his business, trade and profession." (Opp. at 6.) However, allegations regarding Sweigert's republication of the Outtrim article already were contained in Goodman's Counterclaims (*see* Counterclaims ¶¶ 31-33), and Judge Caproni previously found that such Counterclaims did not state a claim for defamation. *See Sweigert*, 2020 U.S. Dist. LEXIS 137166, at *3.

Furthermore, the only defamatory statement from the Outtrim article that is alleged in the Amended Counterclaims (and that also was alleged in the Counterclaims) is that "Jason Goodman is the CEO of a company which is operating the world's most advanced commercial HD video drone in Ukraine at the exact time a Western-backed coup breaks out there." (*See* Am.

---

[1] Judge Caproni's Order held that, in order to state a defamation claim, Goodman must identify the allegedly defamatory statements, the person who made the statements, the time when the statements were made and the third parties to whom the statements were published. *See Sweigert*, 2020 U.S. Dist. LEXIS 137166, at *4.

5

Counterclaims ¶ 41; *see also* Counterclaims ¶ 32.) However, Goodman has not pled special damages, nor has he explained how this statement would tend to damage him in his business, trade and profession.

For the foregoing reasons, I recommend that Count 1 of the Amended Counterclaims be dismissed.

## II.     Civil Conspiracy (Count 2)

In Count 2 of his Amended Counterclaims, Goodman correctly sets forth the New York law regarding civil conspiracy. (*See* Am. Counterclaims ¶ 57.) As Goodman states, there is no independent tort of conspiracy. (*See id*.) And, as Goodman notes, to establish a claim for civil conspiracy, Defendant "must demonstrate [a] primary tort, plus the following four elements: (1) an agreement between two or more parties; (2) an overt act in furtherance of the agreement; (3) the parties' intentional participation in the furtherance of a plan or purpose; and (4) resulting damage or injury." (*See id*. (citing *World Wrestling Fed'n Entm't, Inc. v. Bozell*, 142 F. Supp. 2d 514, 532 (S.D.N.Y. 2001).)

Goodman previously alleged a claim for civil conspiracy that was dismissed in Judge Caproni's Order, and he was not granted leave to amend with respect to that claim. *See Sweigert*, 2020 U.S. Dist. LEXIS 137166 at *4 (leave to amend only granted with respect to defamation claim). Thus, the civil conspiracy claim in the Amended Counterclaims should be dismissed on that basis.

In any event, as was the case with his Counterclaims, in the Amended Counterclaims, Goodman still "has not pled conspiracy allegations (*e.g.*, agreement, overt act, intentional participation and resulting damage). Rather, [he] merely recites the required elements for

6

conspiracy without any facts to support such elements." *Sweigert*, 2020 U.S. Dist. LEXIS 36652, at *18. Thus, I recommend that Count 2 of the Amended Counterclaims be dismissed.

### III.   New York Civil Rights Law (Count 3)

"New York does not recognize a common-law right of privacy." *Messenger ex rel. Messenger v. Gruner + Jahr Printing & Pub.*, 94 N.Y.2d 436, 441 (2000). By enacting Sections 50 and 51 of the New York Civil Rights Law, however, the New York legislature sought to "provide a limited statutory right of privacy." *Id*. Section 50 of the Civil Rights Law makes it a misdemeanor for a person to "use[] for advertising purposes, or for the purposes of trade, the name, portrait or picture of any living person without having first obtained the written consent of such person . . . .." N.Y. Civ. Rights Law § 50 (McKinney 2012). Section 51 provides:

> Any person whose name, portrait, picture or voice is used within this state for advertising purposes or for the purposes of trade without the written consent first obtained as above provided [in Section 50] may maintain an equitable action in the supreme court of this state against the person, firm or corporation so using his name, portrait, picture or voice, to prevent and restrain the use thereof; and may also sue and recover damages for any injuries sustained by reason of such use and if the defendant shall have knowingly used such person's name, portrait, picture or voice in such manner as is forbidden or declared to be unlawful by section fifty of this article, the jury, in its discretion, may award exemplary damages. . . .

N.Y. Civ. Rights Law § 51 (McKinney 2012). The New York Court of Appeals has made clear that the prohibitions set forth in Sections 50 and 51 of the Civil Rights Law "are to be strictly limited to nonconsensual commercial appropriations of the name, portrait or picture of a living person," and "prohibit the use of pictures, names or portraits 'for advertising purposes or for the purposes of trade' only, and nothing more." *Finger v. Omni Publ'ns Int'l, Ltd.*, 77 N.Y.2d 138, 141 (1990) (quoting *Arrington v. New York Times Co.*, 55 N.Y.2d 433, 439 (1982)).

To prevail on a statutory right to privacy claim pursuant to the New York Civil Rights Law, a plaintiff must prove: "(1) use of plaintiff's name, portrait, picture or voice (2) 'for advertising purposes or for the purposes of trade' (3) without consent and (4) within the state of New York." *Hoepker v. Kruger,* 200 F. Supp. 2d 340, 348 (S.D.N.Y. 2002) (quoting *Titan Sports, Inc. v. Comics World Corp.*, 870 F.2d 85, 87 (2d Cir. 1989)).

Goodman did not plead a claim under the New York Civil Rights Law in his Counterclaims. Nor was he granted leave to amend in order to plead a New York Civil Rights Law claim. Nevertheless, he has not stated a claim under the New York Civil Rights Law. Although Goodman alleges that Sweigert used "multiple photographs" of him without permission (*see* Am. Counterclaims ¶ 58), Goodman does not allege that the photographs were used "for advertising purposes or for the purposes of trade," as the law requires. *See Hoepker*, 200 F. Supp. 2d at 348. Thus, I recommend that Count 3 of the Amended Counterclaims be dismissed.

## CONCLUSION

For the foregoing reasons, I respectfully recommend that Plaintiff's motion to dismiss Defendant's Amended Counterclaims (ECF No. 151) be GRANTED, and that the Amended Counterclaims be dismissed in their entirety.

The Clerk of Court is respectfully requested to mail a copy of this Report and Recommendation to the *pro se* parties.

DATED:     New York, New York
           Novembe4 5, 2020

_____
STEWART D. AARON
United States Magistrate Judge

\*         \*         \*

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO REPORT AND RECOMMENDATION**

The parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation and Order to file written objections, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. *See also* Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made under Fed. R. Civ. P. 5(b)(2)(C), (D) or (F)). A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections, and any response to objections, shall be filed with the Clerk of the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Caproni.

**FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); *Thomas v. Arn,* 474 U.S. 140 (1985).