**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

D George Sweigert,

      Plaintiff,

 -against-

Jason Goodman,

      Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/06/2020

1:18-cv-08653 (VEC) (SDA)

**ORDER**

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE:**

  The Court is in receipt of Plaintiff's November 4, 2020 Letter seeking leave to again supplement the Second Amended Complaint based on statements made in Defendant's opposition to Plaintiff's motion to dismiss Defendant's Counterclaims. (*See* 11/4/20 Letter, ECF No. 163.) Plaintiff's letter is not a proper motion and is denied on that basis. *See, e.g., Matthews v. Corning Inc.*, 77 F. Supp. 3d 275, 301 (W.D.N.Y. 2014) ("[N]umerous courts have held that a bare request to amend a pleading contained in a brief, which does not also attach the proposed amended pleading, is improper under Fed. R. Civ. P. 15.") (internal citation and quotation marks omitted). While Plaintiff is a *pro se* litigant, he knows how to make a proper motion to supplement, as indicated by his first motion to supplement. (*See* ECF No. 144.)

  Moreover, the Court, in its discretion, also denies Plaintiff's request based on the age of this case, the nature of the allegations and the prior amendments already granted. Subject to District Judge Caproni's acting upon the Report and Recommendation I issued earlier today regarding Defendant's amended counterclaims (ECF No. 164), the pleadings in this case are closed.

Finally, the Court finds that further supplementation would be futile. Plaintiff seeks to add a claim pursuant to New York Civ. Rights Law § 79-n[1] and a claim for malicious prosecution based on a statement in Defendant's filing that he presented evidence to police officers at the 10th Precinct that Plaintiff removed, altered to destroyed evidence by deleting a blog post. (*See* ECF No. 161 at 14-15.) However, Plaintiff does not plausibly allege that Defendant did so in whole or substantial part because of a perceived mental disability of Plaintiff, as required under New York Civil Rights Law § 79-n. Further, "[g]enerally, a claim for malicious prosecution will not lie against a complaining witness who merely provides information to law enforcement." *Semencic v. Cty. of Nassau*, No. 18-CV-05244 (SJF) (AKT), 2020 WL 435294, at *5 (E.D.N.Y. Jan. 28, 2020); *see also id*. (quoting *Mesiti v. Wegman*, 307 A.D.2d 339, 340 (2d Dep't 2003) ("[A] civilian complainant, by merely seeking police assistance or furnishing information to law enforcement authorities who are then free to exercise their own judgment as to whether an arrest should be made and criminal charges filed, will not be held liable for . . . malicious prosecution.")). For all the foregoing reasons, Plaintiff's request for further supplementation is denied.

Discovery shall now ensue with respect to Plaintiff's remaining claims for defamation and under the New York Civil Rights Law. To that end, both *pro se* parties shall submit for the Court's approval interrogatories and document requests that are limited to the issues raised by Plaintiff's remaining claims. At the outset, the parties are limited to no more than 25 interrogatories and

---

[1] Section 79-n states, in relevant part, that "[a]ny person who intentionally selects a person or property for harm or causes damage to the property of another . . . or summons a police officer or peace officer without reason to suspect a violation of the penal law . . . in whole or in substantial part because of a belief or perception regarding the . . . disability . . . of a person, regardless of whether the belief or perception is correct, shall be liable, in a civil action or proceeding maintained by such individual or group of individuals, for injunctive relief, damages, or any other appropriate relief in law or equity." N.Y. Civ. Rights Law § 79-n.

no more than 15 document requests. Given the prior history of this case and the parties' animosity towards one another, it is the Court's intention to have the interrogatories take the place of live depositions.

The Clerk of Court is respectfully requested to mail a copy of this Order to the *pro se* parties.

**SO ORDERED.**

DATED:    New York, New York
         November 6, 2020

_____
STEWART D. AARON
United States Magistrate Judge