UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

U.S. DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
(FOLEY SQUARE)

| | |
|---|---|
| D George Sweigert <br><br> **Plaintiff** <br><br> v. <br><br> Jason Goodman <br><br> **Defendant** | CIVIL CASE #: 1:18-CV-08653-VEC <br><br> JUDGE VALERIE E. CAPRONI <br><br> MAGISTRATE STEWART D. AARON |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to the conditions expressed in the ORDER of Magistrate Judge Stewart D. Aaron

(11/06/2020, ECF Doc. No. 165) attached are the Plaintiff's interrogatories conforming to

S.D.N.Y. Local Rule 33.3(a).

I hereby certify that the attached interrogatories are truthful and accurate (to the best of my

knowledge) and are not submitted for the purposes of oppression of Defendant Goodman.

Signed this ___ day of November, 2020.

*D. G. SWEIGERT, C/O*
*GENERAL DELIVERY*
*ROUGH AND READY, CA 95975*
*Spoliation-notice@mailbox.org*

11 . 11 . 20

1

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

## Organization of Document

Contents

**BACKGROUND STATEMENT AND INSTRUCTIONS** ....................................................... 3

**SUPPORTING RATIONALE FOR INTERROGATORY CONTENT** ................................. 9

**PLAINTIFF'S FIRST SET OF INTERROGATORIES** ........................................................ 10

**ATTESTATION** ....................................................................................................................... 22

**CERTIFICATE OF SERVICE** ............................................................................................... 23

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

## BACKGROUND STATEMENT AND INSTRUCTIONS

1.      Plaintiff incorporates by reference the applicable instructions from the ORDER of

11/06/2020 (**ECF Doc. No. 165**) by Magistrate Judge Stewart D. Aaron.  This ORDER of

allowed interrogatories to be served upon the Court that complied with S.D.N.Y. Local Rule

33.3(a).

2.      Local Civil Rule 33.3(a) states in relevant part:

> "[u]nless otherwise ordered by the Court, at the commencement of discovery,
> interrogatories will be restricted to those seeking names of witnesses with knowledge of
> information relevant to the subject matter of the action, the computation of each
> category of damage alleged, and the existence, custodian, location and general
> description of relevant information, including pertinent insurance agreements and other
> physical evidence, or information of a similar nature."

3.      The Plaintiff has relied upon Local Rule 33.3 and Fed. R. Civ. Proc. Rule 26 (generally)

to fashion the below response to the Magistrate Judge's ORDER (Dkt. 165) requesting

submission of interrogatories.

4.      These Interrogatories are intended to elicit as much information as possible concerning

the issues, and to the extent any Interrogatory could be interpreted in more than one way,

Defendant should employ the interpretation of the Interrogatory most likely to encompass and

elicit the greatest amount of information possible.

5.      If the Defendant has a claim for any form of privilege, whether based on a statute or

otherwise, as a ground for not answering an interrogatory or any portion thereof, it should be set

forth in complete detail each and every fact upon which the privilege is based, including

sufficient facts for the Court to make a full determination whether the claim of privilege is valid.

6.      Plaintiff incorporates by reference the Plaintiff's supplemental complaint (approved via

ORDER (Dkt. 160) *"paragraphs 1, 39 through 45 and 47 through 50"*) as if fully restated to

address the presentation of legal theories of recovery to provide supporting rationale for the

interrogatories included below (for the purposes of stating the factual and legal basis for the

surviving claims of the Second Amended Complaint (**SAC, Doc. No. 88**), (1) Violations of New

York Civil Rights Law sections 50 and 51 and (2) Claim for Defamation).

7.      Discovery may be needed on all subject matters relevant to the claims (civil rights and

defamation) made by the Plaintiff in the **SAC** (ECF Doc. No. 88) and to the denials and defenses

yet to be raised by the Defendant (Def).

8.      Some computations of damages (see general Fed. R. Civ. Proc. Rule 26) have not been

completely matured as the Plaintiff must await on some disclosures and discovery material in the

possession of the Defendant Goodman. *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295 (2d

Cir. 2006).

9.      Herein the term "**Plaintiff**" refers to the individual and natural person known as **D.**

**George Sweigert** and the other instantiations used by Defendant (Def) **Jason Goodman**, as in:

Dave Sweigert, David G. Sweigert, David George Sweigert, etc.

10.     Herein the term "**Defendant**" refers to the individual and natural person Jason D.

Goodman, believed to be Jason David Goodman, operator of a brand known as **CrowdSource**

**The Truth** which dispenses social media podcast content.

11.     Herein the term "**document**" shall have the broadest meaning possible under the Federal

Rules of Civil Procedure (Fed. R. Civ. Proc.) and shall include, but not be limited to, the original

(or a copy when the original is not available) and each non-identical copy (including those which

are non-identical by reason of translations, notations, or markings) or any and all other written,

printed, typed, punched, taped, filmed, or graphic matter or recorded or tangible thing, or

whatever description, however produced or reproduced (including computer-stored or generated

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

data, together with instructions or programs necessary to search and retrieve such data and hard

copies where available and retrievable), and shall include all attachments to and enclosures with

any requested item, to which they are attached or with which they are enclosed, and each draft

thereof. The term document shall specifically include all recorded or retrievable electronic data

or communications such as electronic mail (e-mail) and the like and all translations thereof.

12.     Herein the term "**communication**" means any oral, written, electronic, or other exchange

of words, thoughts, information, or ideas to another person or entity, whether in person, in a

group, by telephone, by letter, by Telex, by facsimile, or by any other process, electric,

electronic, or otherwise. All such communications include computer discs or transmissions, e-

mails, instant messages, tape or video recordings, voicemails, diaries, log books, minutes, notes,

studies, surveys and forecasts, and any and all copies thereof.

13.     Herein the term **Electronic Stored Information (ESI)** shall have the common meaning

expressed as "information created, manipulated, communicated, stored, and best utilized in

digital form, requiring the use of computer hardware and software"; see, *Electronically Stored*

*Information: The December 2006 Amendments to the Federal Rules of Civil Procedure,* Kenneth

Withers, 4 NW. J. of Tech. & Intell. Prop. 171, available at

http://www.law.northwestern.edu/journals/ njtip/v4/n2/3.  **ESI** includes e-mails, voice-mails,

instant messages, text messages, documents, spreadsheets, file fragments, digital images, and

video.  **ESI** can be viewed from the context of Fed. R. Civ. Proc. **Rule 16(b)(3)(B)(iii) and (iv),**

**Rule 26(f)(3)(C) and Rule 37(e).**  This includes "data copied from an electronic device, storage

medium or file" per Federal Rules of Evidence **(F.R.E.) Rule 902(14)** and/or records generated

by an electronic process or system per **F.R.E. Rule 902(13).**

14.     Herein the term "**loose media**" shall include USB/Firewire drives, flash drives, memory

cards and CDs/DVDs with the accompany computers and/or peripheral devices use to access

such memory mechanisms.

15.     Herein the term "**Cloud storage**" means any Internet-based repository of digital

information, which includes electronic files, artwork, and/or screen-shots that may be stored at

Internet Service Provider (ISP) storage, social media platform storage as provided by social

media providers such as Google, Facebook, Twitter, Patreon, YouTube, TINDER, SubscribeStar,

DLive, Periscope, Bit-Chute, etc.  Identification of Internet-based (Cloud) platforms should

include Internet domain name and/or relevant Internet Protocol (I.P.) address and/or Uniform

Resource Locator (URL).  Information about local, on-site, non-Cloud storage on computer

systems with manufacture/make specifics as to make, model, operating system type, version of

such systems and their location.

16.     Herein the term "**e-mail**" shall include the electronic files stored on servers, workstations,

ISP servers, or other Cloud-based e-mil messaging services; e.g. messages in electronic mail

servers hosting the e-mail accounts truth@crowdsourcethetruth.org,

jasongoodman72@protomail.com, jason@21stcentury3d.com and/or any other e-mail storage

services; e.g. Microsoft Exchange/Outlook, GMAIL, or localized on-site computers that

synchronize with on-line e-mail servers.  This shall be understood to mean initiating e-mails, e-

mail "thread" and/or "string" and/or "chain".  This includes any e-mails saved electronically or

moved to outside the e-mail program and saved in other formats such as ".txt" and/or ".msg".

17.     Herein the term "**encryption**" shall mean the process of enciphering data and **ESI**.  In the

case of the use of encryption and/or hash values providing technical information concerning the

associated encryption techniques used to encipher such data.  This includes descriptions

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

concerning he use of digital signatures, hash values, and/or other coding techniques to encipher

data from its "plaintext" form to a "cipher-text" form.  The responding party (Def) should

produce information that would indicate to the Plaintiff how to obtain a "reasonable usable form"

and may need to describe any processes that were used to covert electronically stored (**ESI**) data

from a form which is ordinarily maintained, if in a different form that makes it more burdensome

on the requesting party (Plaintiff) to use information, as articulated in **Fed. R. Civ. Proc. Rule**

**34(b).**  *Aguilar v. Ice*, 255 F.R.D. 350 (S.D.N.Y. 2008).

18.     Herein the term "**meta-data**" shall be viewed as "data about data" which is **ESI** that

describes the history, tracking, and/or management of an electronic document.  All documents

that are placed in storage systems and provided to the requesting party (Plaintiff) should be

provided with all non-altered meta-data embedded in such documents.

19.     Herein the term "**imagery**" includes hard-copies and/or **ESI** of that which has been

manipulated to create an "image" to include ".TIFF" and/or ".PDF" and/or ".MP3" and/or

".MP4"and/or other such files, etc.  This shall include the processing of photographs, portraits,

and/or the likeness or artwork that displays recognizable features of the Plaintiff.  Courts have

construed the portrait/picture provisions of the statute somewhat broadly, to include "any

recognizable likeness, not just an actual photograph." *Burck v. Mars, Inc.,* 571 F. Supp. 2d 446,

451 (S.D.N.Y. 2008).

20.     Herein the term "**likeness**" shall mean the Plaintiff's likeness, portrait and/or photograph.

*Clark v. Celeb Publ'g, Inc.,* 530 F. Supp. 979 (S.D.N.Y. 1981).  *Big Seven Music Corp. v.*

*Lennon*, 554 F.2d 504 (2d Cir. 1977).  It is settled that "any recognizable likeness, not just an

actual photograph, may qualify as a 'portrait or picture.'" *Allen v. Nat'l Video, Inc.,* 610 F. Supp.

612, 621 (S.D.N.Y. 1985) at 622 (citing *Ali v. Playgirl, Inc.*, 447 F. Supp. 723, 726 (S.D.N.Y. 1978)).

21.     Herein the words "or," "and," "all," "every," "any," "each," "one or more," "including," and similar words of guidance, are intended merely as such, and should not be construed as words of limitation. The words "or" and "and" shall include each other whenever possible to expand, not restrict, the scope of the Interrogatory. The word "including" shall not be used to limit any general category or description that precedes it. The words "all," "every," "any," "each," and "one or more" shall include each other whenever possible to expand, not restrict, the scope of the Interrogatory.

22.     Herein the term "**custodian**" shall describe an employee or other person or group with ownership, custody, or control over potentially relevant information. A "custodian of records" and/or electronic records, and/or **ESI** which includes data that has been entrusted to a third party, includes the names and contact information for all such parties (third party data custodian) whether corporations, associations, **Internet Service Providers (ISPs),** and/or natural person individuals that may be aware of such systems that can store, contain, archive, process and/or transmit **ESI**, digital imagery, files, and/or messages. This includes the use of third-party and/or non-party witness custodians of ESI records  such as those services and/or systems used by associates, third-parties, contractors, consultants, "side-kicks", guests, interviewees and/or friends. See Fed. R. Civ. Proc. **Rule 30(b)(6).**

23.     Defendant is under a continuing obligation to respond to the Interrogatories set forth herein. Accordingly, if Defendants subsequently gain additional information called for in any of the Interrogatories set forth herein, Defendants should promptly produce such information to Plaintiffs.

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

24.     A party's obligation to deliver all the documents used to calculate damages is "the functional equivalent of a standing Request for Production under Rule 34[,]" which grants the opposing party general access to these relevant documents. *Id.* at 296 (quoting Fed. R. Civ. P. Rule 26 advisory committee notes to 1993 amendments).

## SUPPORTING RATIONALE FOR INTERROGATORY CONTENT

25.     For the purposes of the interrogatories, there are **four (4) main categories** of information that the Plaintiff is requesting from the Defendant. The information below is provided to aid clarity for the Court and the Defendant (Def). A specific set of interrogatories follow the section below.

### COUNT II. DEFAMATION AND DEFAMATION PER SE

26.     Plaintiff will require the identification of records, electronic messages, texts and other paper and/or electronic documents that are in the possession of the Def. This will require examination of electronic communications exchanged between the Def and third parties described in the SAC; the previous parties described include Kevin Shipp, Harmon Wilfred, Quinn Michaels (aka Korey Atkin), George Webb Sweigert, Lee Stranahan, Thomas Schoenberger, Jackie Weaver, Manual Chavez, III, Queen Tut (aka Susan B. Holmes, aka Susan Lutzke), Trish Negron, Mari Rapp, etc. Such communications will demonstrate that Def Goodman knew, or should have known, that the misleading and false statements made about the Plaintiff could not be supported with corroborating evidence.

### COUNT III. VIOLATIONS OF CIVIL RIGHTS LAW § 50 and 51

27.     Witness records custodians need to be identified for those paper-based and/or digital records (**ESI**) maintained by web-based, social media corporate infrastructure (servers, networks,

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

file systems, etc.) that have interacted with the Def; such as **ISP** storage, social media platform

providers as in Google, Facebook, Twitter, Patreon, YouTube, TINDER, SubscribeStar, DLive,

Periscope, Bit-Chute, etc.  Other third parties may have been involved with the transmission,

storage or processing of ESI no matter what the specific **TT&P**, these individuals need to be

identified and the computational machine that created this type of imagery needs to be identified,

including the software that created this "artwork" containing Plaintiff's **likeness** and whether or

not these images and/or copies of these images are stored on local on-site computational systems

or stored in Cloud storage.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES

**INTERROGATORY NUMBER ONE TO DEFENDANT GOODMAN:**

List with specificity and separately by identifiable Uniform Resource Locator (URL) Internet

address (aka "links") -- to include date of podcast, title and number of views on any social media

platform -- of ALL video podcasts, associated "thumb nails", and/or other media that display the

likeness, photograph, hybrid image, facial features, portrait and/or any variations of the name

David George Sweigert that have been disseminated on the Internet in any manner by the Def for

the previous three (3) years  (to include YouTube, Twitter, Facebook, TINDER, Bit-Chute,

DLive, Periscope, etc.) on CrowdSource The Truth channels.  This includes podcasts that display

the coffee cup bearing the likeness of the Plaintiff in a dunce cap.

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

Examples:



https://www.youtube.com/watch?v=lUT8hMfzus0



**Deep State Dunces Attack George Webb & CSTT - Bitcoin Challenge Response**
Jason Goodman • 15K views • Streamed 2 years ago
The dumbest affiliates of the Deep State simply will not give up their ludicrous attacks on the truth, while simultaneously offering no evidence to support their claims. Become a sponsor of...

## INTERROGATORY NUMBER TWO TO DEFENDANT GOODMAN:

List of all social media accounts, utilized, accessed, in any way, shape, or form, including, but not limited to, Internet blogs, forums, or other public websites including the username/handle and/or moniker under which access is granted for the previous three (3) years (to include – but not limited to -- YouTube, Twitter, Facebook, Parler, Gab, Discord, TINDER, Bit-Chute, DLive, Periscope, etc. ) whether or not these accounts are currently operational, or were operational, suspended or de-activated in the last three (3) years.

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

**INTERROGATORY NUMBER THREE TO DEFENDANT GOODMAN:**

Identify the full name and address of every person you believe has knowledge regarding the facts
of this lawsuit and describe in detail the nature of their knowledge.  This may include:  Dr.
Jerome Corsi, Charles Ortel, Robyn Gritz, Kevin Shipp, Scott Alan Bennett, Oakey Marshall
Richards, George Webb Sweigert, Marcus Conte, Manuel Chavez, III, Larry Klayman, esq.,
Jared and Elizabeth Beck, Michael Moore (aka "True Pundit"), etc.

**INTERROGATORY NUMBER FOUR TO DEFENDANT GOODMAN:**

In the video podcast entitled **Live From the Capitol Building, 8,864 views, Streamed live on
June 13, 2017,** URL: https://www.youtube.com/watch?v=0yF5a6Wmecw , at time-mark **17:21**
the Defendant states, "Doctor Corsi spoke about that at great depth.  Do you find it interesting
that all this stuff about your brother who maybe isn't operating with a full deck of cards. And
how there's this group of people trying to direct the story to something that means nothing.
While you and I and Trish we're focusing on people like Charles Ortel, like Doctor Jerome
Corsi, .." Describe with specificity the knowledge Def gained about the Plaintiff, sources of
information, possible contact with "Doctor Corsi" and/or "Charles Ortel", and the formation
and/or conclusion Def adopted to make such a statement.


**INTERROGATORY NUMBER FIVE TO DEFENDANT GOODMAN:**

Describe with specificity the business, personal, broadcasting, friendship, operative or any other
relationship (to include descriptions with specificity as to any communications, discussions,
texts, e-mail messages and/or personal contacts, to include the circumstances of your initial
meeting by any mode of communication) with Dr. Jerome Corsi, to include assistance with legal

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

issues, interviews, podcasts, during the Robert Mueller special counsel investigation, discussions

about the Plaintiff and/or George Webb Sweigert, aka George Webb. Elaborate on the types of

text messages, e-mail messages and telephone calls, and in-person meetings (location, date

purpose of meeting), etc.

**INTERROGATORY NUMBER SIX TO DEFENDANT GOODMAN:**

Describe with specificity the business, personal, broadcasting, friendship, operative or any other

relationship (to include descriptions with specificity as to any communications, discussions,

texts, e-mail messages and/or personal contacts, to include the circumstances of your initial

meeting by any mode of communication) with Charles Ortel, to include assistance with legal

issues, interviews, podcasts, "CLINTON FOUNDATION" investigation, discussions about the

Plaintiff and/or George Webb Sweigert, aka George Webb. Elaborate on the types of text

messages, e-mail messages and telephone calls, and in-person meetings (location, date purpose

of meeting), etc.

**INTERROGATORY NUMBER SEVEN TO DEFENDANT GOODMAN:**

In the video podcast entitled, **Clear and Present Danger (Calm Before the Storm?)**

**"#maerskmemphis", 90,501 views, •Streamed live on June 14, 2017,**

https://www.youtube.com/watch?v=ekr5cw2WAbU&t=1681s, the Defendant dials telephone no.

843-740-7050 and introduces himself to the U.S. Coast Guard petty officer answering the

emergency line, at time mark 2:01:14 the Defendant states, "Yes, this is Jason Goodman calling.

I am a reporter with an independent news agency called CrowdSource The Truth and we have

received information..". Describe with specificity any qualifications, bona fides, training, and/or

classes completed by the Def and/or memberships in professional news gathering organizations,

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

press guilds, news fraternities, etc., related to journalism, news reporting, and/or investigations or other such training / memberships that would provide an education to become a "news reporter" for the previous five (5) years.

**INTERROGATORY NUMBER EIGHT TO DEFENDANT GOODMAN:**

Describe with specificity any times the Def attempted to contact the Plaintiff to verify the truthfulness of a claim, rumor, story or statement prior to publication by the Def of any information about the Plaintiff, to include e-mail messages by time and date for the previous three (3) years.

**INTERROGATORY NUMBER NINE TO DEFENDANT GOODMAN:**

Describe with specificity the business, personal, broadcasting, friendship, operative or any other relationship (to include descriptions with specificity as to any communications, discussions, texts, e-mail messages and/or personal contacts) with Oakey Marshall Richards, aka "Rock Hudson" of the Def's program the "Hudson Report". Describe when such contacts began and when such contacts ended. Provide date of contact, mode of contact (phone call, e-mail message, in-person), etc.

**INTERROGATORY NUMBER TEN TO DEFENDANT GOODMAN:**

Describe with specificity all e-mail messaging addresses and/or accounts, used or accessed, in any way, shape or form, whether those accounts are currently operational, at any time within the previous three (3) years, whether or not the accounts are active, suspended or de-activated (for example: truth@crowdsourcethetruth.org, jasongoodman72@protomail.com, jason@21stcentury3d.com, etc. ).

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

**INTERROGATORY NUMBER ELEVEN TO DEFENDANT GOODMAN:**

In the video podcast entitled, **Live From the Capitol Building, 8,864 views, Streamed live on June 13, 2017,** URL: https://www.youtube.com/watch?v=0yF5a6Wmecw , at time-mark **18:33** "this is all true, what you're telling us now, that your brother was involved in Iran-Contra" Describe with specificity any investigations, inquiries, or other searches for information to confirm the statement, "that your brother was involved in Iran-Contra", to include communications with the Plaintiff, George Webb Sweigert, Oakey Marshall Richards, Robyn Gritz, Patricia Negron or any other individual.

**INTERROGATORY NUMBER TWELVE TO DEFENDANT GOODMAN:**

List with specificity and separately by identifiable Uniform Resource Locator (URL) Internet address of (aka "links") -- to include date of podcast, title and number of views on any social media platform -- ALL video podcasts, in which the Defendant discussed, referenced, identified or commented on the Plaintiff in a monologue, with other guests, via interviews or other such podcast broadcasting on CrowdSource The Truth channels or on non-CrowdSource The Truth channels, etc. for the previous three (3) years (to include – but not limited to -- YouTube, Twitter, Facebook, Parler, Gab, Discord, TINDER, Bit-Chute, DLive, Periscope, etc,).

**INTERROGATORY NUMBER THIRTEEN TO DEFENDANT GOODMAN:**

Describe with specificity the business, personal, broadcasting, friendship, operative or any other relationship (to include descriptions with specificity as to any communications, discussions, texts, e-mail messages and/or personal contacts, to include the circumstances of your initial meeting by any mode of communication) with Manuel Chavez, III, to include assistance with legal issues, interviews, podcasts, discussions about investigations, discussions about the

15

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

Plaintiff and/or George Webb Sweigert, aka George Webb.  Elaborate on the types of text

messages, e-mail messages and telephone calls, and in-person meetings (location, date, purpose

of meeting, content of phone call, etc.).

**INTERROGATORY NUMBER FOURTEEN TO DEFENDANT GOODMAN:**

Describe with specificity the Defendant's research, fact-checking, developed information, or

other investigative techniques, processes, protocols, "news reporting", etc. relied upon by the

Defendant to create, alter, process, store and/or transmit records used to allege that the Plaintiff

was guilty of serious crimes, and/or the Plaintiff should be jailed, and/or that the Plaintiff might

need to be interviewed in a prison or a mental hospital, and/or that the Plaintiff was a sufferer of

Post-Traumatic Stress Syndrome (PTSD), and/or the Plaintiff is a target of an F.B.I. and/or

N.Y.P.D. investigation, and/or that the Plaintiff was a contractor for the Central Intelligence

Agency, etc. for the previous three (3) years.

**INTERROGATORY NUMBER FIFTHTEEN TO DEFENDANT GOODMAN:**

Describe with specificity using terms that demonstrate the growth of the CrowdSource The Truth

social media footprint by the metrics used by such social media platform (e.g. subscribers,

patrons, members, friends, etc.) for each fiscal quarter (three months summary) of these social

media individual properties for the previous three (3) years.  For instance: Facebook, 30,000

friends 1Q2018, 32,000 friends 2Q2018, etc. for each social media property.

**INTERROGATORY NUMBER SIXTEEN TO DEFENDANT GOODMAN:**

Describe with specificity any communications received from any party that addresses the

following: "cease and desist" messages, "spoliation notices", "duty to preserve" notices, "Rule

16(b)(3)(B)(iii) notices", "evidence preservation notices" and other warnings, demand for

termination (cease and desist) and other e-mail messages delivered to the Defendant's e-mail

messaging services (no matter which one) from any party which provided warnings to the

Defendant to cease, end, terminate and/or stop the publishing of various content by providing

date of e-mail message, contents, sender and any response sent to the sender by the Defendant

for the previous three (3) years.

**INTERROGATORY NUMBER SEVENTEEN TO DEFENDANT GOODMAN:**

Describe with specificity the names and contact information of witnesses and/or the location of

ESI records, Cloud storage of information, digital servers, file systems, computer workstations,

local onsite computational devices, laptops and/or archived records, or witness custodians of ESI

records that would have knowledge of such, that contain facts about the Defendant's role in the

video content production and distribution on social media platforms that featured, interviewed,

showcased, or focused on Larry Klayman, esq., Chairman and General Counsel of "Freedom

Watch", to include the times Mr. Klayman using the title of "Special Prosecutor", in video

content created in conjunction with proceedings entitled "Citizen Grand Jury", to include

messaging, e-mail, communications, meetings dinner conversations and/or talks exchanged with

Larry Klayman and/or Dr. Jerome Corsi" for the past three (3) years.

**INTERROGATORY NUMBER EIGHTTEEN TO DEFENDANT GOODMAN:**

Describe with specificity the Defendant's participation in interviews with news, newspaper, mass

media and/or other news media outlets concerning the purported "dirty bomb hoax" at the Port of

Charleston, South Carolina on any date or June 16, 2017, to include Donie O'Sullivan of CNN,

and Christopher Mele of the New York Times, to include Defendant's participation in interview,

phone calls to arrange interviews, coordination with George Webb Sweigert, communications

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

between any reporter (such as O'Sullivan and/or Mele), the Defendant and/or George Webb

Sweigert to schedule, set-up or plan or execute such interview between 14 – 30 June 2017.

## INTERROGATORY NUMBER NINETEEN TO DEFENDANT GOODMAN:

Describe with specificity the Defendant's trips to Vancouver, British Columbia to visit, meet,

plan podcasts, plan daily trips to podcast locations, conversations, dinner meetings and/or video

content interviews with David Charles Hawkins (White Rock, (South Surrey) British Columbia,

Canada), to include dates of travel, duration of stay in British Columbia, number and duration of

meetings, visits with Mr. Hawkins, titles of video productions produced and distributed,

approximate expenses, monies, benefits, dinners or other gratuities given to Mr. Hawkins to

include a description of the communications exchanged and/or conversations between Defendant

and Mr. Hawkins that included discussions about the Plaintiff, Plaintiff's military record,

Plaintiff's ethical hacking career, Plaintiff's knowledge of computer and network concepts, of

Plaintiff's experience as a network designer at Booz*Allen Hamilton, etc. for previous three (3)

years.

## INTERROGATORY NUMBER TWENTY TO DEFENDANT GOODMAN:

Describe with specificity the facts supporting the public interest and/or public debate and/or

public discourse and/or the supporting rationale that there is a genuine public issue associated

with or an opportunity to influence the resolution of issues involved with the supposed and/or

insinuated involvement of the Plaintiff in simulations and/or war games that may have taken

place on the morning of September 11, 2001 (discussed by Def and David Hawkins), the

Plaintiff's supposed ability to "hack into" such modeling and simulations of this nature, the

Plaintiff's supposed ability to dis-engaged the encryption of two-way public safety radio used by

the Fire Department of New York (F.D.N.Y.) supposedly utilized by the 343 fire fighters that

died at the World Trade Center and/or any other claim made in regards to the Plaintiff's status as

a "certified ethical hacker" and events that took place on September 11, 2001.

**INTERROGATORY NUMBER TWENTY-ONE TO DEFENDANT GOODMAN:**

Describe with specificity the names and contact information of witnesses and/or the location of

ESI records, Cloud storage and/or local onsite computational devices, containing data, files,

digital storage of information or archive of digital media, or witness custodians of ESI records

that would have knowledge of such, containing facts supporting the Defendant's involvement in

gathering, preparing, collecting, writing, editing, filming, taping or photographing of news

intended for a newspaper, news agency, press association or wire service or other professional

medium or agency which has as one of its regular functions the processing and researching of

news intended for dissemination to the public for the prior three (3) years.

**INTERROGATORY NUMBER TWENTY-TWO TO DEFENDANT GOODMAN:**

Describe with specificity the names and contact information of witnesses and/or the facts

describing locations of information, Cloud storage of records, and/or repositories of records, or

witness custodians of ESI records that would support the Def's claims that the Plaintiff is a "*wife*

*swapper*" and/or "*dead beat dad*".

**INTERROGATORY NUMBER TWENTY-THREE TO DEFENDANT GOODMAN:**

Describe with specificity the names and contact information of witnesses and/or the servers,

archives of information and repositories, or witness custodians of ESI records  that would have

knowledge of such, of records that contain facts supporting the Defendant's development of the

below picture that includes the Plaintiff's likeness, the likeness of Lt. Col. Oliver North,

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

U.S.M.C. (ret.), a newspaper headline about IRAN-CONTA, a newspaper headline about

NICARAGUAN WAR, a crash aircraft and the police placard over the Plaintiff's neck with the

date "OCTOBER 8, 1983". Explain how this photograph was crafted, what research was

completed for this creation, what is the significance of OCTOBER 8, 1983, and the news

worthiness of this picture. List all the various social media platforms this picture was displayed.



**INTERROGATORY NUMBER TWENTY-FOUR TO DEFENDANT GOODMAN:**

Describe with specificity the names and contact information of witnesses and/or archives, data

repositories, file systems, and/or records Cloud storage systems, or witness custodians of ESI

records  that would have knowledge of such, that contain facts supporting the Defendant's

analysis, research, reporting, investigation and/or vetting of information, or witness custodians of

ESI records  that would have this knowledge of such, to determine that the Plaintiff was acting as

a co-conspirator with Robert David Steele (**RDS**), was acting as an associate or affiliate of **RDS**,

was in the role as a co-conspirator with **RDS** or any other relationship between **RDS** and the

Plaintiff for the prior three (3) years.

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

## INTERROGATORY NUMBER TWENTY-FIVE TO DEFENDANT GOODMAN:

Describe with specificity the names and contact information of witnesses and/or the facts

supporting the Defendant's analysis, research, reporting, investigation and/or vetting of

information, or witness custodians of ESI records  that would have knowledge of such facts , to

determine that the Plaintiff was engaged in an organized criminal harassment campaign and

other serious potential criminal charges, suspected crimes committed, violations of law and/or

criminal conduct of the Plaintiff to break relevant criminal law, and/or actions Defendant took

upon learning of these potential crimes, communications with other witness about such crimes

(to include law enforcement agency, organization, date of contact, mode of contact (in-person,

telephone, e-mail message), individual's name and contact information) for the prior three (3)

years.

**END**

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

## **ATTESTATION**

I hereby certify that the attached interrogatories are truthful and accurate (to the best of my

knowledge) and are not submitted for the purposes of causing oppression of the Defendant

Goodman.

Signed this ____ day of November, 2020.

*D. G. SWEIGERT, C/O*
*GENERAL DELIVERY*
*ROUGH AND READY, CA 95975*
*Spoliation-notice@mailbox.org*

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

## CERTIFICATE OF SERVICE

I HEREBY ATTEST that a true copy of the attached pleadings has been sent to the

following addressees on the ___ day of November 2020 via prepaid First-Class U.S. Mail.

So sworn under oath.

>Jason Goodman, CEO
>Multimedia Systems Design, Inc.
>252 7th Avenue, Apart. #6S
>New York, NY 10001
>
>PRO SE OFFICE, #200
>U.S. District Court
>500 Pearl Street
>New York, New York 10007-1312

>D. G. SWEIGERT, C/O
>GENERAL DELIVERY
>ROUGH AND READY, CA 95975
>Spoliation-notice@mailbox.org
>
>11.11.20

USPS TRACKING® NUMBER



**UNITED STATES POSTAL SERVICE** ® | **PRIORITY**® **MAIL**

FROM:

*D. G. SWEIGERT, C/O*
*GENERAL DELIVERY*
*ROUGH AND READY, CA 95975*
*Spoliation-notice@mailbox.org*

- Expected delivery date specified for domestic use.
- Most domestic shipments include up to $50 of insurance (restrictions apply).*
- USPS Tracking® included for domestic and many international destinations.
- Limited international insurance.**
- When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see the Domestic Mail Manual at *http://pe.usps.com*.
** See International Mail Manual at *http://pe.usps.com* for availability and limitations of coverage.

TO:

**FLAT RATE ENVELOPE**
ONE RATE ■ ANY WEIGHT

# 200

*PRO SE*

**PRO SE OFFICE, Room 200**
**U.S. District Court**
**500 Pearl Street**
**New York, New York 10007-1312**

**TRACKED ■ INSURED**

To schedule free Package Pickup,
scan the QR code.



PS00001000014

EP14F May 2020
OD: 12 1/2 x 9 1/2



USPS.COM/PICKUP

*10007*

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. EP14F © U.S. Postal Service; May 2020; All rights reserved. Misuses may be a violation of federal law. This package is not for resale.

RECEIVED
SDNY PRO SE OFFICE
2020 NOV 17 AM 9:55