UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

RECEIVED
SDNY PRO SE OFFICE

2020 DEC -1 AM 11: 12

U.S. DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
(FOLEY SQUARE)

| D George Sweigert **Plaintiff** v. Jason Goodman **Defendant** | CIVIL CASE #: 1:18-CV-08653-VEC<br><br>JUDGE VALERIE E. CAPRONI<br><br>MAGISTRATE STEWART D. AARON |
|---|---|

## PLAINTIFF'S FIRST REQUEST
## FOR THE PRODUCTION OF DOCUMENTS (RFPD)

Pursuant to the conditions expressed in the ORDER of Magistrate Judge Stewart D. Aaron (11/06/2020, ECF Doc. No. 165) attached are the Plaintiff's request for the production of documents conforming to S.D.N.Y. Local Rule 33.3(a).

I hereby certify that the attached request for the production of documents is truthful and accurate (to the best of my knowledge) and are not submitted for the purposes of oppression of Defendant Goodman.

Signed this 27 day of November, 2020.

*D. G. SWEIGERT, C/O*
*GENERAL DELIVERY*
*ROUGH AND READY, CA 95975*
*Spoliation-notice@mailbox.org*

11·27·20

1

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

## Organization of Document

BACKGROUND STATEMENT AND INSTRUCTIONS ........................................................ 3

SUPPORTING RATIONALE FOR INTERROGATORY CONTENT .................................. 9

PLAINTIFF'S REQUEST FOR THE PRODUCTION OF DOCUMENTS (RFPD) .......... 10

ATTESTATION ..................................................................................................................... 16

CERTIFICATE OF SERVICE .............................................................................................. 17

Case 1:18-cv-08653-VEC-SDA Document 171 Filed 12/01/20 Page 3 of 18

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

## BACKGROUND STATEMENT AND INSTRUCTIONS

1. Plaintiff incorporates by reference the applicable instructions from the ORDER of 11/06/2020 (**ECF Doc. No. 165**) by Magistrate Judge Stewart D. Aaron. This ORDER of the magistrate allowed this Request for the Production of Documents (**RFPD**) to be served upon the Court that complied with S.D.N.Y. Local Rule 33.3(a).

2. Local Civil Rule 33.3(a) states in relevant part:

> "[u]nless otherwise ordered by the Court, at the commencement of discovery, interrogatories will be restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant information, including pertinent insurance agreements and other physical evidence, or information of a similar nature."

3. The Plaintiff has relied upon Local Rule 33.3 and Fed. R. Civ. Proc. Rule 26 (generally) to fashion the below response to the Magistrate Judge's ORDER (Dkt. 165) requesting submission of this **RFPD**.

4. This request for the production of documents is intended to elicit as much information as possible concerning the issues, and to the extent any Interrogatory could be interpreted in more than one way, Defendant should employ the interpretation of the Interrogatory most likely to encompass and elicit the greatest amount of information possible.

5. If the Defendant has a claim for any form of privilege, whether based on a statute or otherwise, as a ground for not answering an interrogatory or any portion thereof, it should be set forth in complete detail each and every fact upon which the privilege is based, including sufficient facts for the Court to make a full determination whether the claim of privilege is valid.

6. Plaintiff incorporates by reference the Plaintiff's supplemental complaint (approved via ORDER (Dkt. 160) "*paragraphs 1, 39 through 45 and 47 through 50*") as if fully restated to

3

Case 1:18-cv-08653-VEC-SDA Document 171 Filed 12/01/20 Page 4 of 18

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

address the presentation of legal theories of recovery to provide supporting rationale for the request for the production of documents included below (for the purposes of stating the factual and legal basis for the surviving claims of the Second Amended Complaint (**SAC, Doc. No. 88**), (1) Violations of New York Civil Rights Law sections 50 and 51 and (2) Claim for Defamation).

7.  Discovery may be needed on all subject matters relevant to the claims (civil rights and defamation) made by the Plaintiff in the **SAC** (ECF Doc. No. 88) and to the denials and defenses yet to be raised by the Defendant (Def).

8.  Some computations of damages (see general Fed. R. Civ. Proc. Rule 26) have not been completely matured as the Plaintiff must await on some disclosures and discovery material in the possession of the Defendant Goodman. *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295 (2d Cir. 2006).

9.  Herein the term "**Plaintiff**" refers to the individual and natural person known as **D. George Sweigert** and the other instantiations used by Defendant (Def) **Jason Goodman**, as in: Dave Sweigert, David G. Sweigert, David George Sweigert, etc.

10. Herein the term "**Defendant**" refers to the individual and natural person Jason D. Goodman, believed to be Jason David Goodman, operator of a brand known as **CrowdSource The Truth** which dispenses social media podcast content.

11. Herein the term "**document**" shall have the broadest meaning possible under the Federal Rules of Civil Procedure (Fed. R. Civ. Proc.) and shall include, but not be limited to, the original (or a copy when the original is not available) and each non-identical copy (including those which are non-identical by reason of translations, notations, or markings) or any and all other written, printed, typed, punched, taped, filmed, or graphic matter or recorded or tangible thing, or whatever description, however produced or reproduced (including computer-stored or generated

Case 1:18-cv-08653-VEC-SDA   Document 171   Filed 12/01/20   Page 5 of 18

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

data, together with instructions or programs necessary to search and retrieve such data and hard copies where available and retrievable), and shall include all attachments to and enclosures with any requested item, to which they are attached or with which they are enclosed, and each draft thereof. The term document shall specifically include all recorded or retrievable electronic data or communications such as electronic mail (e-mail) and the like and all translations thereof.

12. Herein the term "**communication**" means any oral, written, electronic, or other exchange of words, thoughts, information, or ideas to another person or entity, whether in person, in a group, by telephone, by letter, by Telex, by facsimile, or by any other process, electric, electronic, or otherwise. All such communications include computer discs or transmissions, e-mails, instant messages, tape or video recordings, voicemails, diaries, log books, minutes, notes, studies, surveys and forecasts, and any and all copies thereof.

13. Herein the term **Electronic Stored Information (ESI)** shall have the common meaning expressed as "information created, manipulated, communicated, stored, and best utilized in digital form, requiring the use of computer hardware and software"; see, *Electronically Stored Information: The December 2006 Amendments to the Federal Rules of Civil Procedure,* Kenneth Withers, 4 NW. J. of Tech. & Intell. Prop. 171, available at http://www.law.northwestern.edu/journals/ njtip/v4/n2/3. **ESI** includes e-mails, voice-mails, instant messages, text messages, documents, spreadsheets, file fragments, digital images, and video. **ESI** can be viewed from the context of Fed. R. Civ. Proc. **Rule 16(b)(3)(B)(iii) and (iv), Rule 26(f)(3)(C) and Rule 37(e).** This includes "data copied from an electronic device, storage medium or file" per Federal Rules of Evidence **(F.R.E.) Rule 902(14)** and/or records generated by an electronic process or system per **F.R.E. Rule 902(13).**

5

Case 1:18-cv-08653-VEC-SDA   Document 171   Filed 12/01/20   Page 6 of 18

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

14.  Herein the term "**loose media**" shall include USB/Firewire drives, flash drives, memory cards and CDs/DVDs with the accompany computers and/or peripheral devices use to access such memory mechanisms.

15.  Herein the term "**Cloud storage**" means any Internet-based repository of digital information, which includes electronic files, artwork, and/or screen-shots that may be stored at Internet Service Provider (ISP) storage, social media platform storage as provided by social media providers such as Google, Facebook, Twitter, Patreon, YouTube, TINDER, SubscribeStar, DLive, Periscope, Bit-Chute, etc.  Identification of Internet-based (Cloud) platforms should include Internet domain name and/or relevant Internet Protocol (I.P.) address and/or Uniform Resource Locator (URL).  Information about local, on-site, non-Cloud storage on computer systems with manufacture/make specifics as to make, model, operating system type, version of such systems and their location.

16.  Herein the term "**e-mail**" shall include the electronic files stored on servers, workstations, ISP servers, or other Cloud-based e-mil messaging services; e.g. messages in electronic mail servers hosting the e-mail accounts truth@crowdsourcethetruth.org, jasongoodman72@protomail.com, jason@21stcentury3d.com and/or any other e-mail storage services; e.g. Microsoft Exchange/Outlook, GMAIL, or localized on-site computers that synchronize with on-line e-mail servers.  This shall be understood to mean initiating e-mails, e-mail "thread" and/or "string" and/or "chain".  This includes any e-mails saved electronically or moved to outside the e-mail program and saved in other formats such as ".txt" and/or ".msg".

17.  Herein the term "**encryption**" shall mean the process of enciphering data and **ESI**.  In the case of the use of encryption and/or hash values providing technical information concerning the associated encryption techniques used to encipher such data.  This includes descriptions

Case 1:18-cv-08653-VEC-SDA Document 171 Filed 12/01/20 Page 7 of 18

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

concerning he use of digital signatures, hash values, and/or other coding techniques to encipher data from its "plaintext" form to a "cipher-text" form. The responding party (Def) should produce information that would indicate to the Plaintiff how to obtain a "reasonable usable form" and may need to describe any processes that were used to covert electronically stored (**ESI**) data from a form which is ordinarily maintained, if in a different form that makes it more burdensome on the requesting party (Plaintiff) to use information, as articulated in **Fed. R. Civ. Proc. Rule 34(b)**. *Aguilar v. Ice*, 255 F.R.D. 350 (S.D.N.Y. 2008).

18. Herein the term **"meta-data"** shall be viewed as "data about data" which is **ESI** that describes the history, tracking, and/or management of an electronic document. All documents that are placed in storage systems and provided to the requesting party (Plaintiff) should be provided with all non-altered meta-data embedded in such documents.

19. Herein the term **"imagery"** includes hard-copies and/or **ESI** of that which has been manipulated to create an "image" to include ".TIFF" and/or ".PDF" and/or ".MP3" and/or ".MP4"and/or other such files, etc. This shall include the processing of photographs, portraits, and/or the likeness or artwork that displays recognizable features of the Plaintiff. Courts have construed the portrait/picture provisions of the statute somewhat broadly, to include "any recognizable likeness, not just an actual photograph." *Burck v. Mars, Inc.*, 571 F. Supp. 2d 446, 451 (S.D.N.Y. 2008).

20. Herein the term **"likeness"** shall mean the Plaintiff's likeness, portrait and/or photograph. *Clark v. Celeb Publ'g, Inc.*, 530 F. Supp. 979 (S.D.N.Y. 1981). *Big Seven Music Corp. v. Lennon*, 554 F.2d 504 (2d Cir. 1977). It is settled that "any recognizable likeness, not just an actual photograph, may qualify as a `portrait or picture.'" *Allen v. Nat'l Video, Inc.*, 610 F. Supp.

Case 1:18-cv-08653-VEC-SDA   Document 171   Filed 12/01/20   Page 8 of 18

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

612, 621 (S.D.N.Y. 1985) at 622 (citing *Ali v. Playgirl, Inc.*, 447 F. Supp. 723, 726 (S.D.N.Y. 1978)).

21.     Herein the words "or," "and," "all," "every," "any," "each," "one or more," "including," and similar words of guidance, are intended merely as such, and should not be construed as words of limitation. The words "or" and "and" shall include each other whenever possible to expand, not restrict, the scope of the Interrogatory. The word "including" shall not be used to limit any general category or description that precedes it. The words "all," "every," "any," "each," and "one or more" shall include each other whenever possible to expand, not restrict, the scope of the Interrogatory.

22.     Herein the term "**custodian**" shall describe an employee or other person or group with ownership, custody, or control over potentially relevant information. A "custodian of records" and/or electronic records, and/or **ESI** which includes data that has been entrusted to a third party, includes the names and contact information for all such parties (third party data custodian) whether corporations, associations, **Internet Service Providers (ISPs)**, and/or natural person individuals that may be aware of such systems that can store, contain, archive, process and/or transmit **ESI**, digital imagery, files, and/or messages. This includes the use of third-party and/or non-party witness custodians of ESI records such as those services and/or systems used by associates, third-parties, contractors, consultants, "side-kicks", guests, interviewees and/or friends. See Fed. R. Civ. Proc. **Rule 30(b)(6).**

23.     Defendant is under a continuing obligation to respond to this request for the production of documents set forth herein. Accordingly, if Defendant subsequently gain additional information called for in any of the request for the production of documents set forth herein, Defendant should promptly produce such information to Plaintiff.

Case 1:18-cv-08653-VEC-SDA   Document 171   Filed 12/01/20   Page 9 of 18

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

24. A party's obligation to deliver all the documents used to calculate damages is "the functional equivalent of a standing Request for Production under Rule 34[,]" which grants the opposing party general access to these relevant documents. *Id.* at 296 (quoting Fed. R. Civ. P. Rule 26 advisory committee notes to 1993 amendments).

## SUPPORTING RATIONALE FOR INTERROGATORY CONTENT

25. For the purposes of the interrogatories, there are **two (2) main categories** of information that the Plaintiff is requesting from the Defendant. The information below is provided to aid clarity for the Court and the Defendant (Def). A specific request for the production of documents follows in the section below.

### *COUNT II. DEFAMATION AND DEFAMATION PER SE*

26. Plaintiff will require the identification of records, electronic messages, texts and other paper and/or electronic documents that are in the possession of the Def. This will require examination of electronic communications exchanged between the Def and third parties described in the SAC; the previous parties described include Kevin Shipp, Harmon Wilfred, Quinn Michaels (aka Korey Atkin), George Webb Sweigert, Lee Stranahan, Thomas Schoenberger, Manuel Chavez, III, Queen Tut (aka Susan B. Holmes, aka Susan Lutzke), Trish Negron, Coreen Elizabeth Stoughton, etc. Such communications will demonstrate that Def Goodman knew, or should have known, that the misleading and false statements made about the Plaintiff could not be supported with corroborating evidence.

### *COUNT III. VIOLATIONS OF CIVIL RIGHTS LAW § 50 and 51*

27. Witness records custodians need to be identified for those paper-based and/or digital records (**ESI**) maintained by web-based, social media corporate infrastructure (servers, networks,

9

Case 1:18-cv-08653-VEC-SDA   Document 171   Filed 12/01/20   Page 10 of 18

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

file systems, etc.) that have interacted with the Def; such as **ISP** storage, social media platform providers as in Google, Facebook, Twitter, Patreon, YouTube, TINDER, SubscribeStar, DLive, Periscope, Bit-Chute, etc. Other third parties may have been involved with the transmission, storage or processing of ESI no matter what the specific tools, techniques and processes **(TT&P)**, these individuals need to be identified and the computational machine that created this type of imagery needs to be identified, including the software that created this "artwork" containing Plaintiff's **likeness** and whether or not these images and/or copies of these images are stored on local on-site computational systems or stored in Cloud storage.

## PLAINTIFF'S REQUEST FOR THE PRODUCTION OF DOCUMENTS (RFPD)

### REQUEST NUMBER ONE TO DEFENDANT GOODMAN:

All documents (to include electronic messaging or electronic documents) and/or communications relating to exchanges between the Defendant and any entity associated with PATREON.COM, 600 Townsend St., San Francisco, CA 94103, to include corporate officers, employees, general counsel, etc. This includes subscriber contract, monthly payments to the Defendant. This includes those financial records that demonstrate income from Patreon, to include IRS Form 1099 and/or monthly billing reports, etc. This includes all communications between Goodman and PATREON relating to Plaintiff, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, notes, memoranda, letters, correspondence, notices, complaints, responses, orders, and any other records. Seeking documents that describe all videos posted to any Patreon account with Defendant as a subscriber that mention the Plaintiff in any

Case 1:18-cv-08653-VEC-SDA Document 171 Filed 12/01/20 Page 11 of 18

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

way. The focus here is on video content that discusses the Plaintiff, uses his photo / likeness, uses his name in the title.

**RESPONSE:**

**REQUEST NUMBER TWO TO DEFENDANT GOODMAN:**

All documents from political sub-divisions that have issued corporate and/or business licenses or documents for **21st Century 3D** (presumably a doing business as) and **either Multimedia System Design, Inc. or Multimedia Software Design, Inc**. For instance, City of New York, DBA for 21st Century 3D, license no. 54G636 issued 5/5/15, etc. All corporate records, occupancy permits, articles of incorporation, etc. This includes all communications between Goodman and the State of New York (including any department of agency thereof) relating to Plaintiff, including, without limitation, all emails, text messages, direct messages, iMessages, voicemails, notes, memoranda, letters, correspondence, notices, complaints, responses, orders, and any other records. Any other documents that demonstrate that "Multimedia System Design, Inc." performs "back-office" functions on behalf of Jason Goodman and/or CrowdSource The Truth.

**RESPONSE:**

**REQUEST NUMBER THREE TO DEFENDANT GOODMAN:**

All of Defendant's mobile phone billing records showing the calls Defendant made or received from January 1, 2018 to present.

11

Case 1:18-cv-08653-VEC-SDA   Document 171   Filed 12/01/20   Page 12 of 18

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

**RESPONSE:**

### REQUEST NUMBER FOUR TO DEFENDANT GOODMAN:

All emails in any messaging account of the Defendant that relate in any way to Plaintiff or the allegations in Plaintiff's **SAC (Dkt. 88) and/or FSC (Dkt. 150).**

**RESPONSE:**

### REQUEST NUMBER FIVE TO DEFENDANT GOODMAN:

Copies of any and all reports, complaints or other communications (to include electronic messaging or electronic documents) to any law enforcement agency about the Plaintiff.

**RESPONSE:**

### REQUEST NUMBER SIX TO DEFENDANT GOODMAN:

All documents (to include electronic messaging or electronic documents) and other information concerning Defendant's 13 social media accounts where story creations, podcasts, etc. may have been posted beginning in January 1, 2018 to the present that relate to Defendant's alleged act of defamation of the Plaintiff.

**RESPONSE:**

### REQUEST NUMBER SEVEN TO DEFENDANT GOODMAN:

Case 1:18-cv-08653-VEC-SDA   Document 171   Filed 12/01/20   Page 13 of 18

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

Any and all documents (to include electronic messaging or electronic documents) that indicate the income of all social media sources of income (e.g. PATREON, SubscribeStar, etc.) beginning in January 1, 2018 to the present.

**RESPONSE:**

**REQUEST NUMBER EIGHT TO DEFENDANT GOODMAN:**

All documents (to include electronic messaging or electronic documents) and/or communications relating to any facts on the basis of which it is asserted that the Plaintiff has had contact with, is a business partner of, has an association with THOMAS SCHOENBERGER of Provo, Utah.

**RESPONSE:**

**REQUEST NUMBER NINE TO DEFENDANT GOODMAN:**

All documents (to include electronic messaging or electronic documents) and/or communications relating to any facts on the basis of which it is asserted that the Plaintiff participated in the execution, planning, or has any such involvement in what is known as the "Port of Charleston, S.C. dirty bomb hoax of June 14, 2017".

**RESPONSE:**

**REQUEST NUMBER TEN TO DEFENDANT GOODMAN:**

Case 1:18-cv-08653-VEC-SDA Document 171 Filed 12/01/20 Page 14 of 18

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

All documents (to include electronic messaging or electronic documents) and/or communications relating to exchanges between the Defendant and Ms. Coreen Elizabeth Stoughton (age of 54 y.o.) of Hanover, Maryland, aka "DEEP NSA", aka "close friend of the Sweigerts" who provided information on the status of the son of the Plaintiff.

**RESPONSE:**

**REQUEST NUMBER ELEVEN TO DEFENDANT GOODMAN:**

All documents (to include electronic messaging or electronic documents) and/or communications relating to any facts on the basis of which it is asserted that the Plaintiff is a "wife swapper" and/or "dead beat dad".

**RESPONSE:**

**REQUEST NUMBER TWELVE TO DEFENDANT GOODMAN:**

All documents (to include electronic messaging or electronic documents) and/or communications relating to exchanges between the Defendant and Manuel Chavez, III (age of 33 y.o.) of Carson City, Nevada, aka "DEFANGO", aka "co-conspirator of the Sweigerts".

**RESPONSE:**

**REQUEST NUMBER THIRTEEN TO DEFENDANT GOODMAN:**

Case 1:18-cv-08653-VEC-SDA   Document 171   Filed 12/01/20   Page 15 of 18

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

All documents (to include electronic messaging or electronic documents) and/or communications relating to exchanges between the Defendant and David Charles Hawkins (age of 73 y.o.) of White Rock (South Surrey), British Columbia, Canada, aka "Able Danger".

**RESPONSE:**


**REQUEST NUMBER FOURTEEN TO DEFENDANT GOODMAN:**

List with specificity and separately by source document description: all documents that Defendant contends support, refer to, or is evidence of, any of the facts identified by the Defendant or any of the Defendant's claims against the Plaintiff that are relevant to any of Plaintiff's allegations as set forth in the Second Amended Complaint (**SAC, Dkt. 88**) and the First Supplemental Complaint (**FSC, Dkt. 150**).

**RESPONSE:**


**REQUEST NUMBER FIFTHTEEN TO DEFENDANT GOODMAN:**

All documents (to include electronic messaging or electronic documents) and/or communications relating to any facts on the basis of which it is asserted that the Plaintiff has had contact with, is a business partner of, has an association with ROBERT DAVID STEELE of Oakton, Virginia.

**RESPONSE:**

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

## ATTESTATION

I hereby certify that the attached interrogatories are truthful and accurate (to the best of my knowledge) and are not submitted for the purposes of causing oppression of the Defendant Goodman.

Signed this __27__ day of November, 2020.

*D. G. SWEIGERT, C/O*
*GENERAL DELIVERY*
*ROUGH AND READY, CA 95975*
*Spoliation-notice@mailbox.org*

11.27.20

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
SWEIGERT V. GOODMAN, CIVIL CASE #: 1:18-CV-08653-VEC - JUDGE VALERIE E. CAPRONI

## CERTIFICATE OF SERVICE

I HEREBY ATTEST that a true copy of the attached pleadings has been sent to the following addressees on the 27 day of November 2020 via prepaid First-Class U.S. Mail. So sworn under oath.

> Jason Goodman, CEO
> Multimedia Systems Design, Inc.
> 252 7th Avenue, Apart. #6S
> New York, NY 10001
>
> PRO SE OFFICE, #200
> U.S. District Court
> 500 Pearl Street
> New York, New York 10007-1312

*D. G. Sweigert*

*D. G. SWEIGERT, C/O*
*GENERAL DELIVERY*
*ROUGH AND READY, CA 95975*
*Spoliation-notice@mailbox.org*

11·27·20

USPS TRACKING® NUMBER

9505 5067 1486 0333 3453 24



PRIORITY FLAT RATE POSTAGE
11/28/20

PRESS FIRMLY TO SEAL

**UNITED STATES POSTAL SERVICE® | PRIORITY® MAIL**

FROM:
D. G. SWEIGERT, C/O
GENERAL DELIVERY
ROUGH AND READY, CA 95975
Spoliation-notice@mailbox.org

- Expected delivery date specified for domestic use.
- Most domestic shipments include up to $50 of insurance (restrictions apply).*
- USPS Tracking® included for domestic and many international destinations.
- Limited international insurance.**
- When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see the Domestic Mail Manual at http://pe.usps.com.
** See International Mail Manual at http://pe.usps.com for availability and limitations of coverage.

TO:
PRO SE #200

PRO SE OFFICE, Room 200
U.S. District Court
500 Pearl Street
New York, New York 10007-1312

**FLAT RATE ENVELOPE**
ONE RATE ■ ANY WEIGHT

**TRACKED ■ INSURED**

To schedule free Package Pickup, scan the QR code.


PS00001000014




USPS.COM/PICKUP

EP14F May 2020
OD: 12 1/2 x 9 1/2

2020 DEC -1 AM 10:33
RECEIVED
SDNY PRO SE OFFICE

10007