```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/07/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

D George Sweigert,

                Plaintiff,

-against-

Jason Goodman,

                Defendant.

1:18-cv-08653 (VEC) (SDA)

**ORDER**

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE:**

WHEREAS, by Order, dated November 6, 2020, the Court directed the pro se parties to submit for the Court's approval interrogatories and document requests limited to the issues raised by Plaintiff's remaining claims for defamation and under the New York Civil Rights Law (ECF No. 165); and

WHEREAS, on November 17, 2020, Plaintiff filed a first set of interrogatories (ECF No. 166); and

WHEREAS, on December 1, 2020, Plaintiff filed a first request for production of documents (ECF No. 171); and

WHEREAS, the Court finds, in its discretion, that many of Plaintiff's interrogatories and document requests are prolix, burdensome and/or seek information not proportional to the needs of the case; and

WHEREAS, the Court has revised Plaintiff's interrogatories and document requests so as to seek information that is relevant and proportional to the needs of the case; and

WHEREAS, once the responses to the interrogatories and document requests are received, Plaintiff may seek leave to serve additional interrogatories and/or document requests.

NOW, THEREFORE, it is hereby ORDERED, as follows:

1. No later than January 15, 2021, Defendant shall respond under oath to the following interrogatories:

    a) Identify the names and addresses of witnesses with knowledge regarding the statements that Defendant purportedly made about Plaintiff, as alleged in the Second Amended Complaint (SAC, ECF No. 88, ¶¶ 68-87) and Supplemental Complaint (Supp. Compl., ECF No. 150, ¶¶ 39-45), and describe the nature of their knowledge.

    b) Identify the names and addresses of witnesses with knowledge regarding Defendant's use of Plaintiff's name and picture for purposes of advertising or trade, as alleged in the Second Amended Complaint (SAC ¶¶ 88-110) and Supplemental Complaint (¶¶ 47-50), and describe the nature of their knowledge.

    c) For the period from June 14, 2015 to the present, identify each Uniform Resource Locator (URL) Internet address used by Defendant to post Plaintiff's name and/or picture.

    d) For the period from June 14, 2015 to the present, identify each social media account, including platform and username, used by Defendant to post Plaintiff's name and/or picture.

    e) For the period from June 14, 2015 to the present, identify each email account used by Defendant to communicate information to others regarding Plaintiff.

    f) Provide the location and a general description of documents or electronically stored information—including writings, drawings, graphs, charts, photographs,

sound recordings, images and other data or data compilations—in the possession, custody or control of Defendant regarding Plaintiff.

2. No later than January 15, 2021, Defendant shall produce to Plaintiff the following documents for the period from June 14, 2015 to the present:

    a) All documents and communications between Defendant and Patreon.com (or its representatives) regarding Plaintiff.

    b) All documents and communications between Defendant and any law enforcement agency regarding Plaintiff.

    c) All emails sent or received by Defendant regarding Plaintiff.

    d) All documents regarding any social media posts by Defendant that refer to Plaintiff and/or display his picture.

    e) All documents regarding Plaintiff's purported participation in what Plaintiff refers to as the "Port of Charleston, S.C. dirty bomb hoax of June 14, 2017."

3. No later than January 15, 2021, Defendant shall file with the Court, for the Court's approval, no more than 25 interrogatories and no more than 25 document requests directed to Plaintiff that are limited to the issues raised by Plaintiff's remaining claims for defamation and under the New York Civil Rights Law. Defendant's failure to timely file such interrogatories and/or document requests may be deemed by the Court to be a waiver of Defendant's right to obtain discovery in this case.

The Clerk of Court is respectfully requested to mail a copy of this Order to the *pro se* parties.

**SO ORDERED.**

DATED: New York, New York
December 7, 2020

_____
STEWART D. AARON
United States Magistrate Judge