USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _12/11/2020___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

D. GEORGE SWEIGERT,

                              Plaintiff,

              -against-

JASON GOODMAN,

                              Defendant.

18-CV-8653 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

WHEREAS the Court has recognized that this dispute primarily serves as a forum for the two *pro se* litigants to rehash "incomprehensible and illogical online conspiracy theories," Dkt. 87 at 1; *see also* Dkt. 140;

WHEREAS on September 17, 2019, the Court referred this matter to the assigned Magistrate Judge, Dkt. 89;

WHEREAS on December 5, 2019, Defendant Goodman filed counterclaims of defamation, aggravated harassment, and civil conspiracy against Plaintiff Sweigert, Dkt. 122;

WHEREAS on December 17, 2019, Sweigert filed a Motion to Dismiss Goodman's counterclaims, Dkt. 131;

WHEREAS on March 2, 2020, Magistrate Judge Aaron issued a Report and Recommendation (R&R) recommending that Sweigert's Motion to Dismiss be granted with respect to the aggravated harassment and civil conspiracy counterclaims, but be denied with respect to the defamation counterclaim, Dkt. 138;

WHEREAS on August 3, 2020, this Court adopted the R&R's dismissal of the aggravated harassment and civil conspiracy counterclaims, but declined to adopt its recommendation with respect to the defamation counterclaim, Dkt. 140;

WHEREAS this Court found that the defamation claim should be dismissed because Goodman did not meet the legal standard of defamation under New York law, namely that the claimant must at least "identify the allegedly defamatory statements, the person who made the statements, the time when the statements were made, and the third parties to whom the statements were published," *Alvarado v. Mount Pleasant Cottage Sch. Dist.*, 404 F. Supp. 3d 763, 790 (S.D.N.Y. 2019) (quoting *Neal v. Asta Funding, Inc.*, No. 13-CV-2176, 2014 WL 3887760, at *3 (S.D.N.Y. June 17, 2014)), Dkt. 140 at 3;

WHEREAS this Court gave Goodman "leave to file an amended pleading consistent with this order," Dkt. 140 at 4;

WHEREAS on September 1, 2020, Goodman filed Amended Counterclaims of defamation, civil conspiracy, and New York Civil Rights Law §§ 50, 51, Dkt. 145;

WHEREAS on September 10, 2020, Sweigert filed a Motion to Dismiss the Amended Counterclaims; on October 30, 2020, Goodman filed his response in opposition;[1] and on November 4, 2020, Sweigert filed his reply in support of his Motion, Dkts. 151, 161, 162;

WHEREAS on November 5, 2020, Judge Aaron issued an R&R recommending that Sweigert's Motion to Dismiss the Amended Counterclaims be granted, Dkt. 164;

---

[1]     Judge Aaron's Scheduling Order required Goodman to file his opposition to Sweigert's Motion to Dismiss no later than October 29, 2020.  *See* Dkt. 158 at 2.  Goodman's opposition was stamped as received by the S.D.N.Y. *pro se* office on October 30, 2020.  Dkt. 161 at 1.  The Court finds credible Goodman's explanation that the *pro se* office was closed when he arrived on October 29, 2020, despite the S.D.N.Y. website representing that it should have been open at the time he arrived.  *See* Dkt. 167 at 2–3, 12–15.  The Court does not fault Goodman for the delay in the docketing of that filing and similarly notes that Judge Aaron accepted and considered his response even though it was docketed after the deadline.

2

WHEREAS on November 19, 2020, Goodman objected to Judge Aaron's R&R,[2] Dkt. 167; and

WHEREAS on December 1, 2020, Sweigert filed a reply to Goodman's objections, Dkt. 172;

IT IS HEREBY ORDERED that Judge Aaron's Report and Recommendation is adopted in full, and Sweigert's Motion to Dismiss the Amended Counterclaims is GRANTED.  In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  To accept those portions of the report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *King v. Greiner*, No. 02-CV-5810, 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009) (quoting *Wilds v. United Parcel Serv. Inc.,* 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)).  When specific objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).

But objections to a Magistrate Judge's Report and Recommendation must be specific. *See* Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file *specific* written objections to the proposed findings and recommendations.") (emphasis added).  Objections made by a *pro se* party are "generally accorded leniency and should be construed to raise the strongest arguments that they suggest." *Machicote v. Ercole*, No. 06-CV-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011)

---

[2]     Goodman's objection was eleven pages long and included fourteen exhibits, stretching to a whopping eighty-four pages.  The eleven-page objection is long on irrelevant invective against Sweigert and short on any explanation why Judge Aaron's R&R was erroneous.

(internal quotation marks and citation omitted).  But "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal." *Pinkney v. Progressive Home Health Servs.*, No. 06-CV-5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008).

Additionally, objections "may not simply regurgitate the original briefs to the magistrate judge." *Hernandez v. City of New York*, No. 11-CV-6644, 2015 WL 321830, at *2 (S.D.N.Y. Jan. 23, 2015).  To the extent that the party "simply reiterates the original arguments, the Court will review the [R&R] strictly for clear error." *IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07-CV-6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008); *see also O'Callaghan v. New York Stock Exchange*, No. 12-CV-7247, 2013 WL 3984887, at *1 (S.D.N.Y. Aug. 2, 2013) (collecting cases).

The Court finds that the objections contained in Goodman's 84-page brief are not specific, as they are not "clearly aimed at particular findings in the magistrate's proposal." *Pinkney*, 2008 WL 2811816, at *1.  Instead, the objections spout new facts that are not included in the Amended Counterclaims.  More important, the objections fail to address any of the findings in Judge Aaron's R&R.  Instead, Goodman continues, as both parties have throughout this litigation, to concoct outlandish conspiracy theories and accuse Sweigert of criminal conduct and other misbehavior.  Dkt. 140 at 1.  As Goodman's objections are not specific to the findings in Judge Aaron's R&R, the Court must only satisfy itself that there is no clear error on the face of the record.

After a careful review, the Court finds no clear error in Judge Aaron's R&R.  First, the Court only granted Goodman leave to file an amended defamation claim.  *See* Dkt. 140 at 4. Therefore, Goodman's renewed civil conspiracy counterclaim and his counterclaim under New

York Civil Rights Law §§ 50, 51 are properly dismissed because Goodman lacked leave to file them. Additionally, the Court agrees with Judge Aaron that even if Goodman had been given leave to refile the civil conspiracy claim, it would be subject to dismissal because it does nothing more than recite the elements of the claim, without offering facts to support such elements. *See* R&R, Dkt. 164 at 6–7. And with respect to the New York Civil Rights Law counterclaim, the Court agrees with Judge Aaron that, even if leave had been given to file the claim, Goodman has not alleged facts that plausibly meet the elements required under New York law. *Id.* at 8 (quoting *Hoepker v. Kruger,* 200 F. Supp. 2d 340, 348 (S.D.N.Y. 2002)).

The Court also finds no clear error in Judge Aaron's finding with respect to the amended defamation counterclaim. As Judge Aaron notes, the only defamatory statements that Goodman identifies that come close to rising to the level of specificity required by New York law have already been found by this Court to be insufficient to state a claim for defamation. *See* R&R, Dkt. 164 at 5; Dkt. 140 at 3–4. As such, the Court agrees with and finds no clear error in Judge Aaron's conclusion that the defamation counterclaim must be dismissed.

With no clear error in any of Judge Aaron's analysis or conclusions, the Court adopts the R&R in full, and Sweigert's Motion to Dismiss Goodman's Amended Counterclaims is GRANTED.

The Clerk of Court is respectfully directed to close the motion at docket entry 151. The Clerk is further directed to mail a copy of this Order to Plaintiff and Defendant and to note the two mailings on the docket.

**SO ORDERED.**

Date: **December 11, 2020**
**New York, New York**

**VALERIE CAPRONI**
**United States District Judge**

5