*CASE: 1:18-CV-08653-VEC, Valerie E. Caproni*

RECEIVED
SDNY PRO SE OFFICE
2021 JAN -6 PM 2: 17

**D. G. SWEIGERT, C/O**
**GENERAL DELIVERY**
**ROUGH AND READY, CA 95975**
*Spoliation-notice@mailbox.org*

January 4, 2021

**HON. Valerie E. Caproni, district judge**
**U.S. District Court**
**500 Pearl Street**
**New York, New York 10007-1312**

**SUBJ: NOTICE OF INTENT TO FILE APPEAL WITH THE SECOND CIRCUIT**

**REF: (1) 28 U.S.C. § 1292(a)(1) (see (a)(2) and (a)(3)**

**MAY IT PLEASE THE COURT,**

As you know the undersigned is a *pro se* non-attorney Plaintiff who has completed one half semester of law school before withdrawing from the law program after the first semester mid-term examinations. Plaintiff was in academic good standing when he withdrew.

### *ISSUE NO. ONE: Extensions of time to file Answers for the Defendant*

With all due respect, concerning the ORDER Docketed as no. **180**, the undersigned has serious questions about the interpretation of law that was relied upon to provide the Defendant an additional thirty (30) days to respond to the Second Amended Complaint (**SAC**) (**Dkt. 88**) after previously ordered twice to provide an "Answer" to the **SAC** over one year ago; see magistrate's reliance on *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (citation omitted). The magistrate's interpretation of *Triestman* involves a controlling question of law and appears to be in clear error.

The *Triestman v. F.B.P.* case addresses liberal pleading standards and nothing else. In fact, the *Tiriestman* court opined, " "and that *pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law," *Traguth*, 710 F.2d at 95 (citation omitted)."

The lavish over-compensation of extended deadlines granted to the Defendant is breathtaking. Over a year has passed since the magistrate "ordered" the Defendant to file an "Answer" to the operative **SAC** (**Dkt. 88**). This is the latest example of deadlines that have been extended weeks and months into the future after the Defendant failed to comply with the Federal Rules of Civil Procedure (Fed. R. Civ. Proc.).

1

*CASE: 1:18-CV-08653-VEC, Valerie E. Caproni*

Further, the magistrate apparently feels it is necessary to admonish the Plaintiff in his Report and Recommendation (**R&R**) **Dkt. 181** for availing himself of authorized amendments to pleadings as articulated in the Fed. R. Civ. Proc. The Plaintiff has done nothing worthy of the magistrate's "shaming" related to the so-called "clogging of the docket", as expressed in the **R&R (Dkt. 181).**

The Defendant has been engaged in three years of federal litigation in the Eastern District of Virginia and has been admonished by the presiding judge in that matter to submit documents according to the deadlines promulgated by the Fed. R. Civ. Proc., see *Steele v. Goodman.* The Defendant is knowledgeable about the need to comply with Fed. R. Civ. Proc. Deadlines.

Pursuant to **ref: (1)** and with regards to **Dkt. 180** the undersigned requests that this district court agree that this matter of the magistrate's ORDER (**Dkt. 180**) should be reviewed by the Second Circuit Court of Appeals. Therefore, the undersigned seeks permission from this Court to file an interlocutory appeal pursuant to the collateral order doctrine.

The Plaintiff hereby requests an additional ten (10) days to prepare any required pleadings for the Second Circuit Court of Appeals.

### *Issue No. 2: Preliminary Injunctive Relief*

With regards to the matter described in the magistrate's **R&R (Dkt. 181)**. As the Court is aware, when a party loses a motion for a preliminary injunction, an immediate appeal is allowed.

The **R&R (Dkt. 181)** is representative of the Preliminary Injunctive Relief (P.I.R.) process, which is presently incomplete as to finality of judgements (required for appeal). The body of documents yet to be filed (Defendant's reply to Plaintiff's opposition to the R&R and the final order of the district court on granting or denying the Plaintiff's P.I.R. motions have yet to be docketed.

The Plaintiff wishes to avoid another ten (10) month delay from the time a motion for P.I.R. is filed (see **Dkt. 68, 69 and 71**) until such motions are dismissed as moot.

If the magistrate allows several weeks (rather than five (5) days as articulated in the Fed. R. Civ. Proc.) for the Defendant to file his reply to the Plaintiff opposition to the **R&R (Dkt. 181),** then the Plaintiff must contend with two separate and independent requests for appellate review.

To conserve the scarce resources of the Second Circuit, it may be advisable to have both issues consolidated into one omnibus appeal package, which would encompass **Dkt. 180** and **Dkt. 181** and the downstream documents that would conclude the P.I.R. matter to a degree of finality

This underscores the need for a ten (10) day extension of any appellate deadlines associated with Issue No. One, **Dkt. 180**.

*CASE: 1:18-CV-08653-VEC, Valerie E. Caproni*

## *SUMMARY*

Timing would create a hardship on the Plaintiff to file two (2) separate petitions for appeal.

The magistrate's ORDER (**Dkt. 180**) is presently ripe for appellate review if the Court agrees with the Second Circuit to allow a hearing of a collateral issue which does not impact the Defendant's rights.

This underscores the need for a ten (10) day extension of any appellate deadlines associated with **Issue No. One**, magistrate's ORDER (**Dkt. 180**).

Therefore, the Plaintiff seeks a ten (10) day extension of any appellate filing deadline requiring a petition or like pleading.

Thank you for your kind consideration of this matter.

Respectfully,

D. George Sweigert
Plaintiff

1·4·21

Courtesy copy provided:

**Catherine O'Hagan Wolfe**
**Clerk of the Court**
**Second Circuit Court of Appeals**
**Thurgood Marshall United States Courthouse**
**40 Foley Square**
**New York, New York 10007**

PLACE THIS LABEL TO THE LEFT OF THE POSTAGE

USPS TRACKING® NUMBER

9505 5067 1486 1004 3934 08



U.S. POSTAGE
$7.75
PM 2-Day
95603 0006
Date of sale
01/04/21
06 2SK
9494101041204000
11488544

PRIORITY
FLAT RATE
POSTAGE

PRESS FIRMLY TO SEAL



# UNITED STATES POSTAL SERVICE®

PRIORITY MAIL

FROM:

- Expected delivery date specified for domestic use.
- Most domestic shipments include up to $50 of insurance (restrictions apply).*
- USPS Tracking® included for domestic and many international destinations.
- Limited international insurance.**
- When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see the Domestic Mail Manual at http://pe.usps.com.
** See International Mail Manual at http://pe.usps.com for availability and limitations of coverage.

*D. G. SWEIGERT, C/O*
*GENERAL DELIVERY*
*ROUGH AND READY, CA 95975*
*Spoliation-notice@mailbox.org*

## FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

TO: PRO SE # 200

RECEIVED
SDNY PRO SE OFFICE
2021 JAN -6 PM 2:03

PRO SE OFFICE, Room 200
U.S. District Court
500 Pearl Street
New York, New York 10007-1312

## TRACKED ■ INSURED

PS00001000014

EP14F May 2020
OD: 12 1/2 x 9 1/2

To schedule free Package Pickup, scan the QR code.



USPS.COM/PICKUP

10007

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipment Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; May 2020; All rights reserved.