USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 01/08/2021

*CASE: 1:18-CV-08653-VEC, Valerie E. Caproni*

RECEIVED
SDNY PRO SE OFFICE

2021 JAN -6  PM 2: 17

**MEMO ENDORSED**

**D. G. SWEIGERT, C/O**
**GENERAL DELIVERY**
**ROUGH AND READY, CA 95975**
*Spoliation-notice@mailbox.org*

January 4, 2021

**HON. Valerie E. Caproni, district judge**
**U.S. District Court**
**500 Pearl Street**
**New York, New York 10007-1312**

**SUBJ:  NOTICE OF INTENT TO FILE APPEAL WITH THE SECOND CIRCUIT**

**REF:   (1)  28 U.S.C. § 1292(a)(1) (see (a)(2) and (a)(3)**

**MAY IT PLEASE THE COURT,**

As you know the undersigned is a *pro se* non-attorney Plaintiff who has completed one half semester of law school before withdrawing from the law program after the first semester mid-term examinations.  Plaintiff was in academic good standing when he withdrew.

*ISSUE NO. ONE:  Extensions of time to file Answers for the Defendant*

With all due respect, concerning the ORDER Docketed as no. **180**, the undersigned has serious questions about the interpretation of law that was relied upon to provide the Defendant an additional thirty (30) days to respond to the Second Amended Complaint (**SAC**) (**Dkt. 88**) after previously ordered twice to provide an "Answer" to the **SAC** over one year ago; see magistrate's reliance on *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (citation omitted).  The magistrate's interpretation of *Triestman* involves a controlling question of law and appears to be in clear error.

The *Triestman v. F.B.P.* case addresses liberal pleading standards and nothing else.  In fact, the *Triestman* court opined, " "and that *pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law," *Traguth*, 710 F.2d at 95 (citation omitted)."

The lavish over-compensation of extended deadlines granted to the Defendant is breathtaking.  Over a year has passed since the magistrate "ordered" the Defendant to file an "Answer" to the operative **SAC** (**Dkt. 88**).  This is the latest example of deadlines that have been extended weeks and months into the future after the Defendant failed to comply with the Federal Rules of Civil Procedure (Fed. R. Civ. Proc.).

*CASE:  1:18-CV-08653-VEC, Valerie E. Caproni*

Further, the magistrate apparently feels it is necessary to admonish the Plaintiff in his Report and Recommendation (**R&R**) **Dkt. 181** for availing himself of authorized amendments to pleadings as articulated in the Fed. R. Civ. Proc.  The Plaintiff has done nothing worthy of the magistrate's "shaming" related to the so-called "clogging of the docket", as expressed in the **R&R (Dkt. 181).**

The Defendant has been engaged in three years of federal litigation in the Eastern District of Virginia and has been admonished by the presiding judge in that matter to submit documents according to the deadlines promulgated by the Fed. R. Civ. Proc., see *Steele v. Goodman.* The Defendant is knowledgeable about the need to comply with Fed. R. Civ. Proc. Deadlines.

Pursuant to **ref: (1)** and with regards to **Dkt. 180** the undersigned requests that this district court agree that this matter of the magistrate's ORDER (**Dkt. 180**) should be reviewed by the Second Circuit Court of Appeals.  Therefore, the undersigned seeks permission from this Court to file an interlocutory appeal pursuant to the collateral order doctrine.

The Plaintiff hereby requests an additional ten (10) days to prepare any required pleadings for the Second Circuit Court of Appeals.

### *Issue No. 2:  Preliminary Injunctive Relief*

With regards to the matter described in the magistrate's **R&R (Dkt. 181)**.  As the Court is aware, when a party loses a motion for a preliminary injunction, an immediate appeal is allowed.

The **R&R (Dkt. 181)** is representative of the Preliminary Injunctive Relief (P.I.R.) process, which is presently incomplete as to finality of judgements (required for appeal).  The body of documents yet to be filed (Defendant's reply to Plaintiff's opposition to the R&R and the final order of the district court on granting or denying the Plaintiff's P.I.R. motions have yet to be docketed.

The Plaintiff wishes to avoid another ten (10) month delay from the time a motion for P.I.R. is filed (see **Dkt. 68, 69 and 71**) until such motions are dismissed as moot.

If the magistrate allows several weeks (rather than five (5) days as articulated in the Fed. R. Civ. Proc.) for the Defendant to file his reply to the Plaintiff opposition to the **R&R (Dkt. 181),** then the Plaintiff must contend with two separate and independent requests for appellate review.

To conserve the scarce resources of the Second Circuit, it may be advisable to have both issues consolidated into one omnibus appeal package, which would encompass **Dkt. 180** and **Dkt. 181** and the downstream documents that would conclude the P.I.R. matter to a degree of finality

This underscores the need for a ten (10) day extension of any appellate deadlines associated with Issue No. One, **Dkt. 180**.

*CASE:  1:18-CV-08653-VEC, Valerie E. Caproni*

## SUMMARY

Timing would create a hardship on the Plaintiff to file two (2) separate petitions for appeal.

The magistrate's ORDER **(Dkt. 180)** is presently ripe for appellate review if the Court agrees with the Second Circuit to allow a hearing of a collateral issue which does not impact the Defendant's rights.

This underscores the need for a ten (10) day extension of any appellate deadlines associated with **Issue No. One**, magistrate's ORDER **(Dkt. 180)**.

Therefore, the Plaintiff seeks a ten (10) day extension of any appellate filing deadline requiring a petition or like pleading.

Thank you for your kind consideration of this matter.

Respectfully,

D. George Sweigert
Plaintiff

1 · 4 · 21

Courtesy copy provided:

**Catherine O'Hagan Wolfe**
**Clerk of the Court**
**Second Circuit Court of Appeals**
**Thurgood Marshall United States Courthouse**
**40 Foley Square**
**New York, New York 10007**

PLACE THIS LABEL TO THE LEFT OF THE POSTAGE

U.S. POSTAGE
**$7.75**
PM 2-Day
95603 0006
Date of sale
01/04/21
06      2SSK
11488544



PRESS FIRMLY TO SEAL

**USPS TRACKING® NUMBER**



9505 5067 1486 1004 3934 08



**UNITED STATES POSTAL SERVICE** ®

PRIOR
FLAT RATE
POSTAGE

# MAIL

**FROM:**

- ■ Expected delivery date specified for domestic use.
- ■ Most domestic shipments include up to $50 of insurance (restrictions apply).*
- ■ USPS Tracking® included for domestic and many international destinations.
- ■ Limited international insurance.**
- ■ When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see the Domestic Mail Manual at *http://pe.usps.com*.
** See International Mail Manual at *http://pe.usps.com* for availability and limitations of coverage.

*D. G. SWEIGERT, C/O*
*GENERAL DELIVERY*
*ROUGH AND READY, CA 95975*
*Spoliation-notice@mailbox.org*

# FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

**PRO SE # 200**

**PRO SE OFFICE, Room 200**
**U.S. District Court**
**500 Pearl Street**
**New York, New York 10007-1312**

# TRACKED ■ INSURED

To schedule free Package Pickup,
scan the QR code.





PS00001000014

EP14F May 2020
OD: 12 1/2 x 9 1/2

USPS.COM/PICKUP

**10007**

2021 JAN -6 PH 2:03
RECEIVED
SDNY PRO SE OFFICE

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipment Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; May 2020; All rights reserved.

Applications DENIED.

First, Mr. Sweigert has moved for certification of Magistrate Judge Aaron's December 28, 2020 Order, Dkt. 180, under 28 U.S.C. § 1292(b), which permits the Court of Appeals "to exercise appellate jurisdiction over certain appeals from non-final orders when the district court advises, and the court of appeals agrees, that the district court's decision involves 'a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal may materially advance the ultimate termination of the litigation.'" *Acumen Re Mgmt. Corp. v. Gen. Sec. Nat'l Ins. Co.*, 769 F.3d 135, 143 n.15 (2d Cir. 2014). "Congress passed 28 U.S.C. § 1292(b) primarily to ensure that the courts of appeals would be able to 'rule on ephemeral questions of law that might disappear in the light of a complete and final record.'" *Weber v. United States*, 484 F.3d 154, 159 (2d Cir. 2007) (quoting *Koehler v. Bank of Berm. Ltd.*, 101 F.3d 863, 864 (2d Cir.1996)) (alterations omitted). Until the district court certifies an order, "the certification decision is entirely a matter of discretion for the district court." *In re Roman Catholic Diocese of Albany, N.Y., Inc.*, 745 F.3d 30, 36 (2d Cir.2014) (per curiam ). "The Second Circuit 'urges the district courts to exercise great care in making a § 1292(b) certification.'" *Childers v. N.Y. and Presbyterian Hosp.*, 36 F. Supp. 3d 292, 316 (S.D.N.Y. 2014) (quoting *Westwood Pharm., Inc. v. Nat'l Fuel Gas Dist. Corp.*, 964 F.2d 85, 89 (2d Cir.1992)) (alteration omitted).

There is no such "ephemeral" question of law here. Courts afford *pro se* litigants "special solicitude" because "[i]mplicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). The special status of *pro se* litigants does not only apply to the liberal construction of pleadings and other filings. *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010). It also warrants "leniency in the enforcement of other procedural rules" and that *pro se* litigants "should not be impaired by harsh application of technical rules." *Id.* (internal citations omitted). Like in this matter, such special solicitude often justifies extending deadlines that *pro se* litigants may have missed. Such extensions are doubly warranted here, where the hundreds of filings, many of which have been amended or supplemented, make following the various proceedings in this winding litigation quite difficult. Without a substantial ground for difference of opinion on any matter of law, the Court declines to certify Judge Aaron's Order for appeal.

Additionally, even if the Court were to construe Mr. Sweigert's request as an objection to Magistrate Judge Aaron's Order under Federal Rule of Civil Procedure 72(a), the Court declines to "modify or set aside any part of the order" given that it is not "clearly erroneous" or "contrary to law." *See* Fed. R. Civ. P. 72(a).

Second, Mr. Sweigert also requests that he be allowed to appeal Judge Aaron's Report and Recommendation ("R&R"), Dkt. 181. But as Mr. Sweigert notes, reports and recommendations of Magistrate Judges lack finality and are not subject to appeal. Mr. Sweigert must first wait for a final order by the District Court, which "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28. U.S.C. § 636(b)(1)(C). Without a final order by the Court, there is nothing for Mr. Sweigert to appeal. Accordingly, this request is denied.

Third, Mr. Sweigert requests a ten day extension to prepare his petitions to the Second Circuit. As the Court has declined to authorize an appeal in these matters, this request is denied as moot.

The Clerk of Court is respectfully directed to mail a copy of this endorsement to both parties and to note both mailings on the docket.


SO ORDERED.

Date: January 8, 2021

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE