RECEIVED
SDNY PRO SE OFFICE
2021 JAN 13 AM 8:50

**U.S. DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

| **SWEIGERT** | **CIVIL CASE #:** |
|---|---|
| **V.** | **1:18-CV-08653-VEC** |
| **GOODMAN** | **JUDGE VALERIE E. CAPRONI** |

**PLAINTIFF'S NOTICE OF MOTION**

**TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL**

Plaintiff moves to amend the Court's order of Dec. 28, 2020, ECF No. 180 (the Order), to certify for interlocutory appeal the question of procedural leniency provided to the Defendant pursuant to *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (citation omitted) by the magistrate judge. Because the resolution of this question on interlocutory appeal would materially advance the ultimate resolution of this litigation, Defendants respectfully request that the Court grant permission to appeal under 28 U.S.C. § 1292(b).

A Certificate of Service appears on the LAST page of this pleading.

Signed this 7 day of January 2021.

D.G.S

*D. G. SWEIGERT, C/O*
*Pro Se Non-attorney*
*GENERAL DELIVERY*
*ROUGH AND READY, CA 95975*
*Spoliation-notice@mailbox.org*

1.7.21

**MEMORANDUM OF POINTS AND LAW**

# TABLE OF AUTHORITIES

## Cases

*Colombo v. County of Suffolk*, No. 10-CV-1134, 2010 U.S. Dist. LEXIS 35900, at *2 (E.D.N.Y. Apr. 8, 2010) ........ 6

*Faretta v. California*, 422 U.S. 806 (1975) ........ 5

*Johnson v. Burken*, 930 F.2d 1202, 1206 (7th Cir. 1991) ........ 5

*Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2d Cir. 1990) ........ 5

*McNeil v. U.S.*, 508 U.S. 106, 113 (1993) ........ 6

*McNeil v. United States*, 508 U.S. 106 (1993) ........ 5

*Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980) ........ 5

*Ping Tou Bian v. Taylor*, No. 01-7144, 2001 WL 1631254, at *2 (2d Cir. Dec. 17, 2001) ........ 6

*Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995) ........ 4

*Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) ........ 6

*Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) ........ 6

## Statutes

28 U.S.C. § 1291,2 ........ 3

28 U.S.C. § 1292(a) ........ 4

28 U.S.C. § 1292(b) ........ 4, 7

## Rules

Fed. R. App. P. 5(a)(3) ........ 4

Fed. R. Civ. Proc. 15(a) ........ 6

**Treatises**

16 CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE & PROCEDURE § 3929 (3d ed. 2017)........................................................................................................................ 4

## LAW AND ARGUMENT

***STANDARDS FOR CERTIFICATION OF AN INTERLOCUTORY APPEAL***

The Court's approval is necessary to appeal because the Order is neither a "final decision" under 28 U.S.C. § 1291,2 nor an order for which Congress has specifically authorized an interlocutory appeal, such as an order granting, denying, or modifying an injunction, under 28 U.S.C. § 1292(a). Courts may approve the interlocutory appeal of an order not otherwise appealable when (1) the order involves a "controlling question of law," (2) there is a "substantial ground for difference of opinion" concerning the legal question, and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The decision to permit an interlocutory appeal under § 1292(b) is within the district court's discretion. *See Swint v. Chambers Cnty. Comm'n,* 514 U.S. 35, 47 (1995); 16 CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE & PROCEDURE § 3929 (3d ed. 2017) (explaining that § 1292(b) "is not limited by its language to 'exceptional' cases," but rather is characterized by its flexibility).

To qualify for appeal under § 1292(b), an interlocutory order must state that it "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b) (requiring the district court to "state in writing in such order"

that the elements are met). If the original order does not identify a question of law suitable for interlocutory appeal, it may be amended to include the requisite language. Fed. R. App. P. 5(a)(3) (calling for the district court to "amend its order, either on its own or in response to a party's motion, to include the required permission or statement").

Upon the Court's certification of the Order for interlocutory appeal, Plaintiff must petition the Second Circuit for interlocutory review within ten days. 28 U.S.C. § 1292(b).

Appeal to the Second Circuit under § 1292(b) is proper here because the Order is not final and does not grant or deny an injunction.

***THE ORDER INVOLVES A CONTROLLING QUESTION OF LAW REGARDING THE INTERPETATION OF LAW AS APPLIED TO DEFENDANT'S DEADLINE TO RESPOND***

There can be no doubt that the Order involves a controlling question of law.

The Court's jurisdiction is plainly controlling on the Plaintiffs' that the Defendant is receiving "lavish" extensions to responses required under the Federal Rules of Civil Procedure (Fed. R. Civ. Proc.). "Although the resolution of an issue need not necessarily terminate an action in order to be 'controlling,' it is clear that a question of law is 'controlling' if reversal of the [order] would terminate the action." *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2d Cir. 1990) (citing cases); see also *Johnson v. Burken,* 930 F.2d 1202, 1206 (7th Cir. 1991) (finding that a question of law can be controlling if it determines the outcome or "even the future course of the litigation").

***THERE IS A SUBSTANTIAL GROUND FOR DIFFERENCE OF OPINION***

An interlocutory appeal under § 1292(b) is also warranted because "a substantial ground for difference of opinion" exists with respect to the Court's subject grants of procedural leniency to the Defendant.

The Plaintiff is mindful of the so-called *Faretta standard* which refers to *Faretta v. California*, 422 U.S. 806 (1975). The *Faretta standard* holds that *pro se* litigants (like the Defendant) are to be held to the same procedural standards as represented litigants. In quoting *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980) the U.S. Supreme Court opined, ".. we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel. As we have noted before, "in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law."", *McNeil v. United States*, 508 U.S. 106 (1993).

In *Ping Tou Bian v. Taylor*, No. 01-7144, 2001 WL 1631254, at *2 (2d Cir. Dec. 17, 2001) the Second Circuit held that the court would not accept the amended complaint of a *pro se* plaintiff who had amended his complaint without leave of the court in contravention of Fed. R. Civ. Proc. 15(a).

As in explained in the Plaintiff's letter to the Court (ECF no. 185) the magistrate's reliance on *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (citation omitted) may be misplaced, as it "does not exempt a party from compliance with relevant rules of procedural and substantive law . . *Traguth*, 710 F.2d at 95 (citation omitted)."

Indeed, a *pro se* plaintiff must still comply with the relevant rules of procedural and substantive law, see *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983); see also *Colombo v. County of Suffolk*,

No. 10-CV-1134, 2010 U.S. Dist. LEXIS 35900, at *2 (E.D.N.Y. Apr. 8, 2010) (" *pro se* status does not exempt a party from compliance with relevant rules of procedural and substantive law.") (internal quotation marks and citations omitted).

*Pro se* status "`does not exempt a party from compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck,* 710 F.2d 90, 95 (2d Cir. 1983) (quotations omitted).

See also *McNeil v. U.S.*, 508 U.S. 106, 113 (1993) ("While we have insisted that the 26 pleadings prepared by prisoners who do not have access to counsel be liberally construed . . . we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

***AN IMMEDIATE APPEAL OF THE ORDER WOULD MATERIALLY ADVANCE THE ULTIMATE TERMINATION OF THIS LITIGATION***

An immediate interlocutory appeal under § 1292(b) would materially advance the ultimate termination of this case in at least two ways: (1) it would eliminate the need for further proceedings in this Court related to the superseded 2011 redistricting plans, and (2) it would relieve the parties from briefing the merits of the plaintiffs' claims against the 2011 plans on appeal. The requirement that a § 1292(b) appeal materially advance the litigation is closely related to the requirement that the underlying order present a controlling question of law.

An interlocutory appeal would not impede the progress of the litigation because it would not stay trial proceedings or prevent the Court from resolving the Plaintiff's claims. Absent an order from the district court or the court of appeals, an interlocutory appeal does not stay proceedings. 28 U.S.C. § 1292(b). An interlocutory appeal would not prevent the Court from reaching the merits of claims against the Defendant.

**CONCLUSION**

Plaintiff respectfully request that the Court amend its order of Dec. 28, 2020 (ECF no. 180), to state that the Order involves a controlling question of law regarding the Court's implementation of the Fed. R. Civ. Proc. as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.

Signed this 7 day of January 2021.

*D. G. SWEIGERT, C/O*
*GENERAL DELIVERY*
*ROUGH AND READY, CA 95975*
*Spoliation-notice@mailbox.org*

1.7.21

**CERTIFICATE OF SERVICE**

**I HEREBY ATTEST that a true copy of the attached pleadings has been sent to the following addressees on the 7 day of January 2021 via prepaid First Class U.S. Mail. So sworn under oath.**

**Jason Goodman, CEO**
**Multimedia Systems Design, Inc.**
**252 7th Avenue, Apart. #6S**
**New York, NY 10001**

**PRO SE OFFICE, #200**
**U.S. District Court**
**500 Pearl Street**
**New York, New York 10007-1312**

**Catherine O'Hagan Wolfe**
**Clerk of the Court**
**Second Circuit Court of Appeals**
**Thurgood Marshall United States Courthouse**
**40 Foley Square**
**New York, New York 10007**

D.G.S.

***D. G. SWEIGERT, C/O***
***Pro se non-attorney***
***GENERAL DELIVERY***
***ROUGH AND READY, CA 95975***
Spoliation-notice@mailbox.org

1.7.21

SDNY PRO SE OFFICE
2021 JAN 13 AM 8: 35

ESS FIRMLY TO SEAL

9505 5067 1486 1007 3968 64

PRIORITY
FLAT RATE E
POSTAGE R

01/07/21
11488544

UNITED STATES POSTAL SERVICE ®

PRIORITY MAIL

FROM:

*D. G. SWEIGERT, C/O*
*GENERAL DELIVERY*
*ROUGH AND READY, CA 95975*
*Spoliation-notice@mailbox.org*

ected delivery date specified for domestic use.

t domestic shipments include up to $50 of insurance (restrictions apply).*

S Tracking® included for domestic and many international destinations.

ted international insurance.**

n used internationally, a customs declaration form is required.

ice does not cover certain items. For details regarding claims exclusions see the
ic Mail Manual at *http://pe.usps.com.*
nternational Mail Manual at *http://pe.usps.com* for availability and limitations of coverage.

USMS SDNY

#200 TO: PRO SE

AT RATE ENVELOPE
RATE ■ ANY WEIGHT

PRO SE OFFICE, #200
U.S. District Court
500 Pearl Street
New York, New York 10007-1312

ACKED ■ INSURED

To schedule free Package Pickup, scan the QR code.

USPS.COM/PICKUP

PS00001000014

EP14F May 2020
OD: 12 1/2 x 9 1/2

10007

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments.




