**U.S. DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**

| SWEIGERT | CIVIL CASE #: |
|---|---|
| V. | 1:18-CV-08653-VEC |
| GOODMAN | JUDGE VALERIE E. CAPRONI |

## PLAINTIFF'S NOTICE OF MOTION TO COMPEL DISCOVERY WITH

## FIRST REQUEST FOR DISCOVERY SANCTIONS

**MAY IT PLEASE THE COURT**, as of Friday, January 22, 2021 NO discovery documents

(ordered by the magistrate via **ECF No. 173**) have been propounded upon the Plaintiff.

The contents of that ORDER is hereby referenced as if fully restated.

A certificate of service is included on the last page of this document.  So sworn under oath.

Signed this **22** day of January, 2021.

*D. G. SWEIGERT, C/O*
*GENERAL DELIVERY*
*ROUGH AND READY, CA 95975*
*Spoliation-notice@mailbox.org*

1·22·21

D. S~f

1

## MEMORANDUM OF LAW

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ............................................................................................ 4

**BACKGROUND STATEMENT** ..................................................................................... 5

**FACTUAL ALLEGATIONS** ........................................................................................... 5

**LAW AND ARGUMENT** ................................................................................................ 6

**CONCLUSION** ................................................................................................................. 8

**CERTIFICATE OF SERVICE** .................................................................................... 10

**EXHIBITS** ...................................................................................................................... 11

## TABLE OF AUTHORITIES

**Cases**

*Bambu Sales v. Ozak Trading, Inc.*, 58 F.3d 849 (2d Cir. 1995) .................................................... 8

*Charron v. Meaux*, 20 Fed. R. Serv. 2d 724 (S.D.N.Y. 1975) ......................................................... 7

*National Hockey League, Inc. v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, rehearing

    denied, 429 U.S. 874 (1976) ........................................................................................................ 8

**Rules**

Fed. R. Civ. Proc. Rule 37(b)(1) .................................................................................................... 7

Rule 37 ........................................................................................................................................... 6

Rule 37(a) and 37(b) of the Fed. R. Civ. Proc. .............................................................................. 5

Rule 37(b)(2)(A)(v) and (vi) .......................................................................................................... 7

Rule 37(b)(2). ................................................................................................................................. 8

## BACKGROUND STATEMENT

The Defendant was ordered to provide a response (under oath) to interrogatories carefully selected by the Court (see ORDER, ECF No. 173). See para. (1)(a) thru (e) of said ORDER. Para. (2) of said ORDER required the Defendant to provide the Plaintiff certain discovery materials by <u>January 15th, 2021.</u>

The Plaintiff has included an assertion (under oath), with this pleading, that NO documents were received at the Plaintiff's address in Northern California from the Defendant.

This Court should consider a reasonable sanction, up to and including a DEFAULT judgment for the continued misbehavior of the Defendant to flaunt the Court's orders and rules.

The Plaintiff demands that this Court issue a sanction against the Defendant as a deterrent to this type of misbehavior in accordance with Rule 37(a) and 37(b) of the Fed. R. Civ. Proc.

## FACTUAL ALLEGATIONS

Attached as **EXHIBIT ONE** are copies of all the recent Court documents received by the Plaintiff at this address to include envelopes with this Court's stationary postmarked 11/06/2020, 11/09/2020, 12/01/2020, 12/08/2020, 12/14/2020, 12/28/2020, 12/29/2020, 1/05/2021 and 1/11/2021.

Contained as **EXHIBIT TWO** is a copy of a postal money order, purchased at the Post Office used by the Plaintiff, on 1/22/2021 at 2:10 PM. As of this date, the Plaintiff has affirmed under oath, he has received no pleadings, documents, or discovery at the Plaintiff's postal address from the Defendant.

Additionally, the Defendant has not served his pleading on the Plaintiff. This is confirmed as the Defendant has not filed a "CERTIFICATE OF SERVICE" with his pleadings, stating pleadings have been served upon the Plaintiff, for over a year in this action.

As indicated in **EXHIBIT THREE**, Mr. Goodman is no stranger to the threat of sanctions by a federal judge for standing the decorum of a federal court on its ear. Mr. Goodman garnered a reputation as a foot-dragging litigant in the federal court that issued the ORDER depicted as **EXHIBIT THREE**. In fact, the federal judge had to resort to ordering Mr. Goodman to overnight mail, or express deliver, discovery documents promised at a hearing and never delivered.

As shown in **EXHIBIT FOUR**, the federal judge stated (in relevant part):

> "Considering the Parties continued failure to follow Federal Rules, the Local Rules, and this Court's Orders, the Court will require the Parties to appear before the Court for a hearing on July 25, 2020, at 2:00 p.m. to Show Cause why sanctions should not issue. Mr. Biss, Mr. Steele, and Mr. Goodman shall appear in person." **EXHIBIT FOUR** (page 17)

> "The Court will require Mr. Biss, Mr. Steele, and Mr. Goodman to SHOW CAUSE why sanctions should not issue during a hearing on July 15, 2020 at 2:00 p.m. . . ." **EXHIBIT FOUR** (page 18)

### LAW AND ARGUMENT

The Defendant is not some *pro se* babe in the woods that does not understand discovery issues. The Defendant's prior litigation in the Eastern District of Virginia resulted in many discovery related docket entries.

Rule 37 provides this Court with the authority to regulate the efficient flow of discovery matters. It is especially noteworthy that the Defendant was the subject of a specific discovery Court ORDER (ECF No. 173) which he has ignored.

Mr. Goodman has ignored other such rules of the Court, for instance, the Defendant has failed to comply with the requirement to file a "CERTIFICATE OF SERVICE" indicating he has served a copy of his pleadings on the Plaintiff.

Mr. Goodman obviously believes that the Southern District of New York is no better in enforcing discovery orders than the federal court in the Eastern District of Virginia (**EXHIBITS THREE and FOUR**).

Meanwhile, Defendant feigns innocence as a *pro se* litigant resulting in lavish extensions of procedural deadlines by this Court.

At the very least, this Court should note the seriousness of the Virginia federal court order and that court's recognition of the Defendant's discovery foot-dragging, requiring that court to conduct a Show Cause hearing as to why Mr. Goodman should not be held in contempt and receive sanctions.

Likewise, this Court should consider a Show Cause hearing for the Defendant's flaunting of the magistrate's discovery ORDER (ECF. No. 173).

Where the court "orders a deponent to be sworn or to answer a question and the deponent fails to obey," the deponent may be held in contempt. Fed. R. Civ. Proc. Rule 37(b)(1). The court retains the right to enter a contingent order, which warns the defaulting party that if that party does not comply with the discovery order entered by the court within a specified time then certain sanctions will be imposed on them. *Charron v. Meaux,* 20 Fed. R. Serv. 2d 724 (S.D.N.Y. 1975)

Rule 37(b)(2)(A)(v) and (vi), state that where a party fails to obey a discovery order, the court may issue an order "dismissing the action or proceeding in whole or in part" or "rendering a default judgment against the disobedient party."

Other remedies specifically provided for within Rule 37 are as follows: an order directing that matters embraced in the order or other designated facts be taken as established (Fed. R. Civ. P. 37(b)(2)(A)(i)); an order prohibiting the disobedient party from supporting or opposing designated claims or defenses (Fed. R. Civ. P. 37(b)(2)(A)(ii)); an order striking pleadings (Fed. R. Civ. P. 37(b)(2)(A)(iii)); an order staying proceedings until the court's discovery order is obeyed (Fed. R. Civ. P. 37(b)(2)(A)(iv)); and a finding of contempt of court (except for failure to obey an order to submit to a physical or mental examination) (Fed. R. Civ. P. 37(b)(2)(A)(vii)).

In *Bambu Sales v. Ozak Trading, Inc.*, 58 F.3d 849 (2d Cir. 1995) the Second Circuit affirmed a $280,000 default judgment against a litigant for failure to comply with a discovery order pursuant to Rule 37(b)(2).. The Second Circuit emphasized its policy that discovery orders are meant to be followed and that such "potent medicine" is appropriate against a party who "flouts such orders".

As articulated in *National Hockey League, Inc. v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, rehearing denied, 429 U.S. 874 (1976), a court's order for sanctions or outright dismissal (DEFAULT) is a matter reviewed only for the judge's abuse of discretion.

## CONCLUSION

As of late this Court has extended the Defendant an over-abundance of courtesies and tolerance. Enough is enough. It is time for "tough love" so that the Defendant may finally respect the authority of this federal court.

This Court should issue a DEFAULT judgement against the Defendant in the sum of $75,000.01 and ORDER that the practical effects if the Plaintiff's pending motion for Preliminary Injunctive

8

Relief be fully carried out, requiring the Defendant to remove the Plaintiff's name, photograph and persona from any podcast video creations proffered as "news" by the Defendant.

## AFFIRMATION

The undersigned hereby swears, under oath, that he has received no articles in the U.S. Mail from the Defendant between November 6, 2020 to the present (January 22, 2921).  This includes the discovery materials articulated in the magistrate's order (ECF No. 173).

So sworn under oath.

Signed this ___ day of January, 2021.

*D. G. SWEIGERT, C/O*
*GENERAL DELIVERY*
*ROUGH AND READY, CA 95975*
*Spoliation-notice@mailbox.org*

9

## CERTIFICATE OF SERVICE

I HEREBY ATTEST that a true copy of the attached pleadings has been sent to the

following addressees on the __22__ day of January 2021 via prepaid First Class U.S. Mail.  So

sworn under oath.


Jason Goodman, CEO
Multimedia Systems Design, Inc.
252 7th Avenue, Apart. #6S
New York, NY 10001


PRO SE OFFICE, #200
U.S. District Court
500 Pearl Street
New York, New York 10007-1312


Catherine O'Hagan Wolfe
Clerk of the Court
Second Circuit Court of Appeals
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007


*D. G. SWEIGERT, C/O*
*Pro se non-attorney*
*GENERAL DELIVERY*
*ROUGH AND READY, CA 95975*
*Spoliation-notice@mailbox.org*

10

1·22·21

# EXHIBITS

I hereby affirm that the attached exhibits are true and correct documents of the original source documents.

So sworn under oath.

Signed this _____ day of January, 2021.

**D. G. SWEIGERT, C/O**
**GENERAL DELIVERY**
**ROUGH AND READY, CA 95975**
*Spoliation-notice@mailbox.org*

11

**EXHIBIT ONE**




COURT
W YORK
STATES COURT
Y 10007-1312

D George Sweigert
c/o General Delivery
Rough and Ready, CA 95975

CLERK OF COURT
D STATES DISTRICT COURT
HERN DISTRICT OF NEW YORK
URTHOUSE - 500 PEARL STREET
NEW YORK, NY 10007

OFFICIAL BUSINESS

neopost
12/29/2020
US POSTAGE $00.50

ZIP 10007
041L112317

CLERK OF COURT
STATES DISTRICT COURT
RN DISTRICT OF NEW YORK
THOUSE - 500 PEARL STREET
IEW YORK, NY 10007

OFFICIAL BUSINESS

neopost
01/05/2021
US POSTAGE $00.50

ZIP 10007
041L112317

CLERK OF COURT
STATES DISTRICT COURT
RN DISTRICT OF NEW YORK
THOUSE - 500 PEARL STREET
NEW YORK, NY 10007

OFFICIAL BUSINESS

neopost
12/14/2020
US POSTAGE $00.50

ZIP 10007
041L112317



12/19

D George Sweigert

ES DISTRICT COUR
STRICT OF NEW YORK
3E - 500 PEARL STREET
ORK, NY 10007

AL BUSINESS

neopost
12/08/2020
**US POSTAGE** $00.50

FIRST-CLASS MAIL

CLERK
ED STATES DISTRICT COURT
HERN DISTRICT OF NEW YORK
K MOYNIHAN UNITED STATES COURTHOUSE
JRTHOUSE - 500 PEARL STREET
NEW YORK, NY 10007

neopost
12/01/2020
**US POSTAGE** $00.50

FIRST-CLASS MAIL

ZIP 10007
041L11231778



CLERK
TED STATES DISTRICT COURT
THERN DISTRICT OF NEW YORK
CK MOYNIHAN UNITED STATES COURTHOUSE
OURTHOUSE - 500 PEARL STREET
NEW YORK, NY 10007

OFFICIAL BUSINESS

NEW YORK NY 100

9 NOV 2020 PM 6 L

neopost
11/09/2020
**US POSTAGE** $00.50

FIRST-CLASS MAIL

ZIP 10007
041L11231778

CLERK
IITED STATES DISTRICT COURT
THERN DISTRICT OF NEW YORK
RICK MOYNIHAN UNITED STATES COURTHOUSE
OURTHOUSE - 500 PEARL STREET
NEW YORK, NY 10007

neopost
11/06/2020
**US POSTAGE** $00.50

FIRST-CLASS MAIL



OF COURT
S DISTRICT COURT
TRICT OF NEW YORK
E - 500 PEARL STREET
RK, NY 10007

AL BUSINESS

neopost
01/11/2021
**US POSTAGE** $00.50

FIRST-CLASS MAIL

ZIP 10007
041L11231778

FICE OF
DISTRICT COURT
TRICT OF VIRGINIA
OUSE SQUARE
IRGINIA 22314-5798

AL BUSINESS

NOVA 220

6 NOV 2020 PM 4 L

Hasler
11/06/2020
**US POSTAGE** $00.50

FIRST-CLASS MAIL

ZIP 22314
011D11648117



D. George Sweigert
c/o General Delivery

**EXHIBIT TWO**





## UNITED STATES POSTAL SERVICE.

ROUGH AND READY
14485 ROUGH AND READY HWY
ROUGH AND READY, CA 95975-9998
(800)275-8777

01/22/2021                                          02:10 PM

| Product | Qty | Unit Price | Price |
|---|---|---|---|
| Money Order | | | $1.00 |
| Serial#: 26355312371 | | | |
| Money Order Fee | | | $1.25 |
| Total | | | $2.25 |

Grand Total:                                          $2.25

Debit Card Remitted                                  $2.25
    Card Name: VISA
    Account #: XXXXXXXXXXXX8
    Approval #
    Transaction #: 372
    Receipt #: 007739
    Debit Card Purchase: $2.25
    AID: A0000000980840                      Chip
    AL: US DEBIT
    PIN: Verified

*********************************************
USPS is experiencing unprecedented volume
    increases and limited employee
    availability due to the impacts of
    COVID-19. We appreciate your patience.
*********************************************

Preview your Mail
Track your Packages
Sign up for FREE @
www.informeddelivery.com

All sales final on stamps and postage.
Refunds for guaranteed services only.
Thank you for your business.

Tell us about your experience.
Go to: https://postalexperience.com/Pos
or scan this code with your mobile device,



or call 1-800-410-7420.

UFN: 056636-0975
Receipt #: 840-59560267-1-1864505-1
Clerk: 08

**EXHIBIT THREE**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ROBERT DAVID STEELE, *et al.*,

      Plaintiffs,

v.                                              Civil Action No. 3:17cv601

JASON GOODMAN, *et al.*,

      Defendants.

<u>ORDER</u>

This matter comes before the Court *sua sponte*. Due to the circumstances surrounding COVID-19 and the recent restrictions New York Governor Andrew Cuomo announced regarding travel to and from the Commonwealth of Virginia, the Court ORDERS Plaintiff Robert David Steele, Counsel for Plaintiffs Steven Scott Biss, and *pro se* Defendant Jason Goodman to appear at the July 27, 2020 Show Cause Hearing by Zoom.[1] The July 27, 2020 Show Cause Hearing SHALL commence at 9:30 a.m.

The Court reminds Mr. Goodman and all Parties that consistent with Local Civil Rule 83.3 for the Eastern District of Virginia and General Order 2020-11, that

> [t]he taking of photographs and operation of tape recorders in a courtroom or its environs, and radio or television broadcasting from a courtroom or its environs during the progress of or in connection with judicial proceedings, including proceedings before a magistrate judge or bankruptcy judge, whether or not Court is actually in session, is prohibited.

E.D. Va. Loc. Civ. R. 83.3. Under no circumstances shall Mr. Goodman or any Party record,

---

[1] While the Court would normally wait for a motion to allow the Parties to appear remotely, the Court notes that the United States District Court for the Eastern District of Virginia has issued several General Orders severely limiting interstate travel for hearings. Considering these General Orders, and the delay it might take for Mr. Goodman, who files by U.S. Mail, to file a motion with the Court, the Court will authorize all Parties to appear by Zoom.

tape, or otherwise create a secondary record of the July 27, 2020 Show Cause Hearing.  Failure

to abide by this Order or Local Civil Rule 83.3 SHALL result in sanctions.

The Court also ORDERS both Mr. Goodman and Mr. Biss to file a certification with the

Court confirming that they have provided to the opposing Party (1) all documents that they

submitted to the Court at the July 15, 2020 Show Cause Hearing and (2) any supplemental

documentation provided to the Court at any time thereafter, including the documentation Mr.

Goodman provided to the Court by mail on July 20, 2020.  Both Parties represented during the

July 15, 2020 Show Cause Hearing that they would do so.  If Mr. Biss has not received those

supplemental documents, Mr. Goodman SHALL send them to Mr. Biss by overnight mail.  The

Parties SHALL file their certification by July 24, 2020.

It is SO ORDERED.

M. Hannah Lauck
United States District Judge

Date: July 22, 20
Richmond, Virginia

**EXHIBIT FOUR**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

**ROBERT DAVID STEELE,** *et al.*,

       **Plaintiffs,**

**v.**                                                    **Civil Action No. 3:17cv601**

**JASON GOODMAN,** *et al.*,

       **Defendants.**

## <u>MEMORANDUM OPINION</u>

This matter comes before the Court on four motions:

(1) *Pro Se* Defendant Jason Goodman's Motion to Disqualify Counsel for Plaintiff (the "Motion to Disqualify"), (ECF No. 165);

(2) Plaintiffs Robert David Steele and Earth Intelligence Network ("EIN") (collectively, "Plaintiffs") Motion *in Limine*, (ECF No. 171);

(3) Defendant Patricia A. Negron's Request for Guidance, or in the Alternative, a Motion for Extension of Time (the "Motion for Extension"), (ECF No. 181);[1] and,

(4) Goodman's Motion to Compel Plaintiff to Comply with Pretrial Order and *Sua Sponte* Order (the "Motion to Compel"), (ECF No. 185).

Plaintiffs and Negron responded to the Motion to Disqualify, (ECF Nos. 166,

169), and Goodman replied, (ECF No. 170). Goodman responded to the Motion *in*

*Limine*. (ECF No. 174.) Plaintiffs failed to reply to Goodman's response and the time to

do so has expired. Plaintiffs responded to the Motion to Compel. (ECF No. 187.)

Goodman failed to reply to Plaintiffs' response and the time to do so has expired.

---

[1] On June 9, 2020, the Court dismissed Negron as a defendant in this matter. (ECF No. 194.) Because Negron brought the Motion for Extension only on behalf of herself, the Court will deny as moot the Motion for Extension.

Case 1:18-cv-08653-VEC-SDA   Document 188   Filed 01/26/21   Page 22 of 24

process, and at worst, a conscious attempt by Counsel for Plaintiffs to evade this Court's Orders by refusing to confer with Mr. Goodman in good faith.[14]  In addition, it now appears that Counsel for Plaintiffs may have failed to meet basic discovery obligations under both Rule 26 and this Court's Initial Pretrial Order.

The Court reiterates: "[f]ailure to comply with discovery rules and procedures could result in the Court imposing sanctions." (July 25, 2019 Mem. Op. 8.)

Considering the Parties continued failure to follow the Federal Rules, the Local Rules, and this Court's Orders, the Court will require the Parties to appear before the Court for a hearing on July 15, 2020, at 2:00 p.m. to Show Cause why sanctions should not issue. Mr. Biss, Mr. Steele, and Mr. Goodman shall appear in person.

At that time, the Parties will proffer to the Court:  (1) two paper copies of all evidence that has been disclosed (with verification as to how and when it was disclosed) since the Initial Pretrial Conference on July 31, 2019; (2) two paper copies of all requests for evidence (with verification as to how and when it was requested), including but not limited to emails, interrogatories, or Rule 26 disclosures.  Any verification shall be presented under penalty of perjury.

## VI.  Conclusion

For the foregoing reasons, the Court will deny the Motion to Disqualify, (ECF No. 165), the Motion *in Limine*, (ECF No. 171), and the Motion to Compel, (ECF No. 185).  The Court will deny as moot the Motion for Extension.  (ECF No. 181.)

---

[14] The Court reminds Counsel for Plaintiffs that as an officer of the court, he shall "conduct and demean [himself] with dignity and propriety." Va. Loc. Civ. R. 83.1(J). Counsel for Plaintiffs has already been put on notice that failing to properly engage with a *pro se* defendant in the discovery process constitutes conduct unbefitting that office.

The Court will require Mr. Biss, Mr. Steele, and Mr. Goodman to SHOW CAUSE why sanctions should not issue during a hearing on July 15, 2020 at 2:00 p.m. in Courtroom 6100 of the Spottswood W. Robinson III and Robert R. Merhige, Jr. United States Courthouse. The Parties are hereby notified that any failure to comply with Federal or Local Rules, or from proper courtroom decorum, will result in sanctions, monetary or otherwise.

An appropriate order shall issue.

/s/

M. Hannah Lauck
United States District Judge

Date: July 2, 2020
Richmond, Virginia





**RIORITY® MAIL**

■ Expected delivery date specified for domestic use.

■ Most domestic shipments include up to $50 of insurance (restrictions apply).*

■ USPS Tracking® included for domestic and many international destinations.

■ Limited international insurance.**

■ When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see the Domestic Mail Manual at *http://pe.usps.com.*

** See International Mail Manual at *http://pe.usps.com* for availability and limitations of coverage.

# FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

# TRACKED ■ INSURED

To schedule free Package Pickup, scan the QR code.



USPS.COM/PICKUP

PS00001000014

EP14F May 2020
OD: 12 1/2 x 9 1/2

**FROM:**

Movant
D. G. SWEIGERT, C/O
GENERAL DELIVERY
ROUGH AND READY, CA
95975
Spoliation-notice@mailbox.org



TO:

**PRO SE OFFICE, #200**
**U.S. District Court**
**500 Pearl Street**
**New York, New York 10007-1312**

*10007*



This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuse may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; May 2020; All rights reserved.