


**U.S. DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**

| SWEIGERT | CIVIL CASE #: |
|---|---|
| V. | 1:18-CV-08653-VEC |
| GOODMAN | JUDGE VALERIE E. CAPRONI |

## PLAINTIFF'S NOTICE OF RULE 12(f) MOTION TO STRIKE DEFENDANT'S ANSWER (DKT. 193)

Plaintiff hereby MOTIONS this Court to STRIKE Defendant's RESPONSE, DKT. 193.

The Plaintiff hereby incorporates the ORDER of the magistrate (Dkt. 173) as if fully restated herein.

Assertations made by the Plaintiff herein are certified under the penalties of perjury as truthful.

A Certificate of Service appears on the LAST page of this pleading.

Signed this 9 day of February 2021.

*D. GEORGE SWEIGERT, c/o*
*TRANSIENT HOLD*
*GENERAL DELIVERY*
*U.S. POST OFFICE*
*200 COYOTE STREET*
*NEVADA CITY, CA 95959-9998*
*SPOLIATION-NOTICE@MAILBOX.ORG*

2.9.21
D. S.

**ATTESTATION OF THE PLAINTIFF**

As of this date, I have received no e-mail messages from the Defendant attempting to confer related to issues regarding discovery. So sworn under oath.

D. Geo. Sweigert D.S.

2.9.21

## TABLE OF CONTENTS


**TABLE OF AUTHORITIES** .......... 4

**MEMORANDUM OF LAW** .......... 6

**PRELIMINARY STATEMENT** .......... 6

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY** .......... 7

**ARGUMENT** .......... 8

**CONCLUSION** .......... 16

# TABLE OF AUTHORITIES

## Cases

; *Gilbert v. Eli Lilly & Co.,* 56 F.R.D. 116, 120 n.7 (D.P.R. 1972) .............................................. 7

*Anderson v. Davis Polk & Wardwell LLP*, 850 F. Supp. 2d 392,416 (S.D.N.Y. 2012) ................ 7

*Beck v. Cantor, Fitzgerald & Co.,* 621 F. Supp. 1547, 1565 (N.D. Ill. 1985) ............................... 7

*Brown & Williamson Tobacco Corp. v. United States,* 201 F.2d 819, 822 (6th Cir. 1953) ........... 8

*Father M. v. Various Tort Claimants* (In re Roman Catholic Archbishop), 661 F.3d 417, 431-32 (9th Cir. 2011) .......................................................................................................... 8

*Father M.,* 661 F.3d at 431-32 ............................................................................................ 16

*Lipsky v. Commonwealth United Corp.,* 551 F.2d 887, 893 (2d Cir. 1976) ................................. 7

*Lynch v. Southampton Animal Shelter Foundation Inc.*, 278 F.R.D. 55,63 (E.D.N.Y. 2011)........ 7

*Marceaux v. Lafayette Consol. Government,* 2012 U.S. Dist. LEXIS 150922, 2012 WL 5197667, at *1 (W.D.La., 2012) ........................................................................................................ 8

*Nixon v. Warner Communications*, 435 U.S. 589. 98 S.Ct. 1306. 55 L.Ed.2d 570 ............. 6

*OKC Corp. v. Williams,* 461 F. Supp. 540, 550 (N.D. Tex. 1978), cert. denied, 449 U.S. 952, 66 L. Ed. 2d 216, 101 S. Ct. 357 (1980) .......................................................................... 8

*Reiter's Beer Distributors, Inc. v. Christian Schmidt Brewing Co.,* 657 F. Supp. 136, 143 (E.D.N.Y. 1987) ...................................................................................................... 7

*Talbot v. Robert Matthews Distrib. Co.,* 961 F.2d 654, 664-65 (7th Cir. 1992) ........................... 7

*Velez v. Lisi,* 164 F.R.D. 165, 166 (S.D.N.Y. 1995) ........................................................ 7

*Wilkerson v. Butler*, 229 F.R.D. 166, 168 (E.D. Cal. 2005) ................................................ 8

## Rules

Fed. R. Civ. P. Rule 12(f) .......... 7, 16

**Treatises**

2 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE~ 12.37[3] (3d ed. 2010). 7

C. Wright & A. Miller, 5C Fed. Prac. & Proc.3d § 1382 .......... 8

Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1382 (1990) .......... 8

## MEMORANDUM OF LAW

Plaintiff D. Geo. Sweigert, a *pro se* non-attorney who has completed one half semester of law school in good standing, respectfully submits this memorandum of law to accompany Plaintiff's motion, entitled "PLAINTIFF'S RULE 12(f) MOTION TO STRIKE DEFENDANT'S RESPONSE (DKT. 193).

## PRELIMINARY STATEMENT

This document includes an attestation that the Defendant still has not attempted to propound discovery upon the Plaintiff two months (60 days) after an ORDER issued (Dkt. 173) directing to do so. After the Defendant's latest response to this issue (Dkt. 193) it is clear that the Defendant did NOT even attempt to comply with any of the aspects of that ORDER.

This has not stopped the Defendant from using more narratives regarding "contempt of court" and "mail fraud" within this Court and on his so-called "COUNTER LAWFARE FUND" in which Defendant collects monies from the general public to purportedly fight the Plaintiff who (according to the Defendant on his podcasts) is nothing more than a "psychotic wife swapper", "Deep State stooge", "social engineer" and other slurs and smears. Allegations raised by the Defendant in this Court (as in Dkt. 193) quickly find their way onto yet another video podcast about the Plaintiff. Apparently unable to distinguish between his YouTube social media podcasts and the Southern District of New York (S.D.N.Y.) the Defendant has brought his "CrowdSource The Truth" road show, with accompanying smear campaign, into these legal proceedings expecting a sympathetic ear.

The U.S. Supreme Court has provided a cautionary tale to the district courts to be wary of those litigants that would use the courts for an improper purpose. *Nixon v. Warner Communications*, 435 U.S. 589. 98 S.Ct. 1306. 55 L.Ed.2d 570.

Plaintiff now seeks to strike the Defendant's latest pleading pursuant to Federal Rules of Civil Procedure (Fed. R. Civ. Proc.) Rule 12(f) to protect this Court from such manipulation by the Defendant.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Defendant was ordered to provide a response (under oath) to interrogatories carefully selected by the Court (see ORDER, ECF No. 173). See para. (1)(a) thru (e) of said ORDER. Para. (2) of said ORDER required the Defendant to provide the Plaintiff certain discovery materials by January 15th, 2021. That ORDER (Dkt. 173) is herein incorporated as if fully restated.

This ORDER (Dkt. 173) required the Defendant to accomplish two things (1) submit Court ordered discovery materials to the Plaintiff, and (2) file discovery materials (interrogatories and requests for documents) with the Court for the furtherance of this legal action.

On 1/26/2021 Plaintiff filed his MOTION TO COMPEL DISCOVERY (Dkt.188) to seek Defendant's compliance with the Dkt. 173 ORDER.

By ORDER of 1/29/2021 (Dkt. 190) the magistrate judge provided the Defendant a warning concerning issues related to the lack of compliance with discovery orders (such as Dkt. 173). In response to Dkt. 190 Defendant filed his papers on 2/08/2021 as Dkt. 193 (DEFENDANT'S RESPONSE TO MOTION TO COMPEL).

## ARGUMENT

### *I. LEGAL STANDARD*

1. Rule 12(f) of the Federal Rules of Civil Procedures provides, in relevant part, that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. Rule 12(f). "An allegation is 'impertinent' or 'immaterial' when it is neither responsive nor relevant to the issues involved in the action." *Anderson v. Davis Polk & Wardwell LLP*, 850 F. Supp. 2d 392,416 (S.D.N.Y. 2012) (quoting 2 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE~ 12.37[3] (3d ed. 2010)); see also *Lynch v. Southampton Animal Shelter Foundation Inc.*, 278 F.R.D. 55,63 (E.D.N.Y. 2011) ("'Immaterial' matter is that which has no essential or important relationship to the claim for relief, and 'impertinent' material consists of statements that do not pertain to, and are not necessary to resolve, the disputed issues." (quotations and citations omitted)).

2. While "[m]otions to strike are generally disfavored and will not be granted unless the matter asserted clearly has no bearing on the issue in dispute" ( *Reiter's Beer Distributors, Inc. v. Christian Schmidt Brewing Co.,* 657 F. Supp. 136, 143 (E.D.N.Y. 1987) ), "where the materiality of the alleged matter is highly unlikely or where its effect would be prejudicial, the Court may order it stricken." *Velez v. Lisi,* 164 F.R.D. 165, 166 (S.D.N.Y. 1995)( citing *Lipsky v. Commonwealth United Corp.,* 551 F.2d 887, 893 (2d Cir. 1976) ).

3. Allegations may be stricken if the matter bears no possible relation to the controversy or may cause the objecting party prejudice. *Talbot v. Robert Matthews Distrib. Co.,* 961 F.2d 654, 664-65 (7th Cir. 1992), citing *Beck v. Cantor, Fitzgerald & Co.,* 621 F. Supp. 1547, 1565 (N.D. Ill. 1985) ; *Gilbert v. Eli Lilly & Co.,* 56 F.R.D. 116, 120 n.7 (D.P.R. 1972).

4. Immateriality is established by showing that the challenged allegations can have no possible bearing upon the subject matter of the controversy. *Brown & Williamson Tobacco Corp. v. United States,* 201 F.2d 819, 822 (6th Cir. 1953); see, also Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1382 (1990).

5. An "impertinent" allegation is neither responsive nor relevant to the issues involved in the action and which could not be put in issue or given in evidence between the parties. An "impertinent" matter consists of statements that do not pertain and are unnecessary to the issues in question. *Wilkerson v. Butler*, 229 F.R.D. 166, 168 (E.D. Cal. 2005).

6. Scandalous material is that which "cast[s] an excessively adverse light on the character of an individual or a party." *OKC Corp. v. Williams,* 461 F. Supp. 540, 550 (N.D. Tex. 1978), cert. denied, 449 U.S. 952, 66 L. Ed. 2d 216, 101 S. Ct. 357 (1980).

7. Rule 12(f)'s purpose is to protect parties from the improper use of judicial filings to broadcast scandalous or defamatory material. *Father M. v. Various Tort Claimants* (In re Roman Catholic Archbishop), 661 F.3d 417, 431-32 (9th Cir. 2011); *Marceaux v. Lafayette Consol. Government,* 2012 U.S. Dist. LEXIS 150922, 2012 WL 5197667, at *1 (W.D.La., 2012) ("The granting of a motion to strike scandalous matter is aimed, in part, at avoiding prejudice to a party by . . . giving the allegations any other unnecessary notoriety inasmuch as, once filed, pleadings generally are public documents and become generally available.") (citing C. Wright & A. Miller, 5C Fed. Prac. & Proc.3d § 1382).

## ***II. DEFENDANT'S CONTINUED USE OF " REDUNDANT, IMMATERIAL, IMPERTINENT, OR SCANDALOUS" MATERIALS***

8. Defendant has apparently not even attempted to comply with the Court's discovery order (Dkt. 173). No mandated discovery materials (interrogatories and/or requests for the production

of documents) were provided to the Court by the Defendant as required in Dkt. 173, relevant portion stated below:

> "3. No later than January 15, 2021, Defendant shall file with the Court, for the Court's approval, no more than 25 interrogatories and no more than 25 document requests directed to Plaintiff that are limited to the issues raised by Plaintiff's remaining claims for defamation and under the New York Civil Rights Law. Defendant's failure to timely file such interrogatories and/or document requests may be deemed by the Court to be a waiver of Defendant's right to obtain discovery in this case."

9. The Defendant has made no attempt to comply with this important discovery requirement (see above). There are no docket entries that would represent compliance by the Defendant.

10. Another important requirement of this ORDER mandated discovery materials to be propounded upon the Plaintiff, quoted in relevant part below:

> "2. No later than January 15, 2021, Defendant shall produce to Plaintiff the following documents for the period from June 14, 2015 to the present:"

11. Further, this ORDER (Dkt. 173) required the Defendant to,

> "1. No later than January 15, 2021, Defendant shall respond under oath to the following interrogatories:"

12. None of these conditions in the ORDER have been met by the Defendant. Rather, the Defendant has fallen back to the CrowdSource The Truth tried and true smear and slur campaigns to create a prejudicial environment against the Plaintiff. This is the usual smokescreen approach used by the Defendant (described in further detail later).

13. The Defendant has NOT addressed any of the foregoing Court ordered discovery matters in Dkt. 193. Instead, the Defendant launches into more "mail fraud" and "fraud on the court" smear and slur allegations.

### A. DEFENDANT'S HISTORY OF "MAIL FRAUD" ALLEGATIONS

14. In Dkt. 193 the Defendant states, "Defendant reminds the court that similar misconduct occurred in 2018 through 2019 when Plaintiff fraudulently represented his address as PO Box 152 Mesa AZ 85211." This refers to a series of video podcasts widely distributed by the Defendant to accuse the Plaintiff of "mail fraud". Defendant's allegations are clearly intended to prejudice the Plaintiff in this case, and to impermissibly supplement the record before this Court.

15. A widely distributed video podcast on 1/09/2019 on the "Jason Goodman" YouTube channel, entitled "*Question for Legal Experts – Has D. George Sweigert Committed Mail Fraud?*" included the accompanying video description:

> "D. George Sweigert has brought a civil suit against Jason Goodman based on fraudulent claims. Sweigert has changed his address three times since initiating the suit. His current address, listed in public filings with the court, is a PO Box in Mesa AZ. Only problem is, when I called them in November, the Post Office said D. George Sweigert is not the owner of that P.O. Box. What is going on in Arizona?" (cite: https://www.youtube.com/watch?v=pmnscVplJNQ )




Above: Defendant's video from the Mesa, Arizona Post Office displaying Plaintiff's likeness/photograph (cite: https://www.youtube.com/watch?v=pmnscVplJNQ )

16. In the above cited video, the Defendant insinuates that the Plaintiff has committed "mail fraud" by receiving mail at a "care of" (c/o) post office box. In fact, the Defendant proclaims he will be speaking to postal officials inside the Post Office (the same post office where the Plaintiff received mail) to obtain the name of the box holder.

17. As is the pattern and practice of CrowdSource The Truth, the Defendant widely dispersed his video podcast "mail fraud" insinuations and allegations across a wide variety of social media platforms (see below), viewed by tens of thousands.




18. This matter was brought to the Court's attention via Dkt. 74, quoted in relevant part below:

3. The following statements are made be you in the video content.

| | | |
|---|---|---|
| 00:14 | GOODMAN | I am in beautiful Mesa. Arizona conducting a little investigation. You see, I am actually at the post office. And I wanna find out is this post office has the zip code 85211. |
| 01:10 | GOODMAN | I wonder if they could answer that question for me inside the post office. Maybe there is a postal inspector. Or the postal police. I wonder if it is a federal offense to misrepresent your address and send legal documents from – or compel someone else to send them to – a post office box that is not your post office box. |

7. In a follow-up video posted on January 9, 2019 you again repeat the insinuation of mail fraud and communication with the postal inspection service (URL: https://www.youtube.com/watch?v=Mu15QkEgHMA ). The following text appears in the video description:

Michael Barden Targeted Individual – How to Survive an Economic Attack Intended to Disrupt Income
Streamed live on Jan 9, 2019
Targeted Individuals must think outside the box in devising tactics for economic survival.

Support Michael on Patreon – patreon.com/MichaelJBarden
or Buy a hat from Hats Around the World on eBay – ebay.com/str/Hatsaroundtheworld/



**30:46 GOODMAN Going to and speaking to the Postal Inspector at the Mesa, Arizona post office. About conspiracy to commit mail fraud.**

19. As shown above, the Defendant has declared (numerous times) of his intentions to speak with the Postal Inspection authorities about "mail fraud" related to the use of a "care of" (c/o) post office box. See Dkt. 31, 10/02/2018 ("PRO SE MEMORANDUM(Letter) dated 9/28/18 re: CHANGE OF ADDRESS for D George Sweigert. New Address: c/o P.O. Box 152, Mesa, Arizona, 85211. (sc) (Entered: 10/03/2018)").

20. The Defendant traveled to the Mesa, Arizona Post Office in question in 2019 to make these podcasts, which underscores the obsessive interest in the Plaintiff by the Defendant when speaking by telephone to "Susan" the postal clerk (Clerk No. 8) at the Rough and Ready post office (previously listed as an address for this instant litigation, as discussed in Dkt. 193, see "chiseled jaw", "overweight", etc.). Dkt. 193 ("A second phone call to the USPS on February 2, 2021 further clarified Plaintiff's use of a false address. A transcript of that call is provided, and the original recording can be provided should it please the court. (EXHIBIT B)..... However, this was a deliberate effort to deceive the court and is not a legitimate address for Plaintiff.").

21. To the contrary, the Plaintiff's actions with regard to the Mesa, Arizona post office (in care of (c/o)) are authorized as described by the website of the U.S. Postal Service.

# How do I address mail "In care of"?



Proper format for sending mail to someone "in care of" another person.

Nov 14, 2018 . FAQ

## Article Number

000003188

## Customer Information

If you would like to send mail to an individual (John Doe) in care of another person (Robert Smith), use the following format:




( cite: https://faq.usps.com/s/article/How-do-I-address-mail-In-care-of )

22. The same is true with the so-called "mail fraud" issues or "fraud on the court" issues with regards to General Delivery. As depicted below (from the U.S.P.S. website) extended periods of time using General Delivery may be frowned upon, but do not constitute anything in the universe of "mail fraud" (see Dkt. 82, 7/25/2019 and the use of "care of (c/o), "PRO SE MEMORANDUM dated 7/23/19 re: CHANGE OF ADDRESS for D George Sweigert. New Address: c/o General Delivery, Rough & Ready, California, 95975. AND CERTIFICATE OF SERVICE upon Jason Goodman,CEO, Multi–media Design Systems,Inc., 252 7th Ave., Apt. 6S, New York, NY 10001. (sc) (Entered: 07/25/2019)").

for a nominal fee (so that your mail is available for pickup every morning).

**Additional information regarding General Delivery:**

- No application is required for General Delivery. Persons interested in General Delivery should speak with the postmaster.
- Limitations on the amount of time you are able to use General Delivery, if any, are determined by the postmaster.
- Each piece of General Delivery mail is held for no more than 30 days, unless the sender requests a shorter period. General Delivery mail may be held for longer periods if requested by sender or addressee and approved by postmaster. Mail without a specific address or instructions from the sender is held for:
  - 10 days if for General Delivery at an office with letter-carrier service.
  - 15 days if for General Delivery at an office without letter-carrier service.

**Please Note:** General Delivery mail is not delivered on Sunday or Holidays.

(cite: https://faq.usps.com/s/article/What-is-General-Delivery )

23. Again, in Dkt. 193 the Defendant states, "Defendant reminds the court that similar misconduct occurred in 2018 through 2019 when Plaintiff fraudulently represented his address as PO Box 152 Mesa AZ 85211." Absent from this conclusory allegation of "misconduct" is a discussion of the "misconduct", violations of rules, violations of laws, etc. Only Defendant's baseless, meritless, conclusory allegations that somehow in the CrowdSource The Truth universe Plaintiff has committed "mail fraud" and "fraud on the court".

24. Once again, a minor quick search of Google would have revealed these postal issues and regulations to the Defendant, who has proceeded in reckless disregard of the truth. The Defendant could have been spared the unnecessary air fare to fly to the Mesa, Arizona post office and telephone calls to Rough and Ready, California post office in search of the Plaintiff's "chiseled jaw". Undoubtedly, the air fare expense and telephone calls will be included in the "financial damages" along with LaserJet toner cartridges and printer paper that Defendant has been forced to consume because of this litigation.

## CONCLUSION

Rule 12(f) is intended to protect parties from improper use of judicial filings. *Father M.*, 661 F.3d at 431-32. The Court's inherent authority provides the power to strike items from the docket as a sanction for litigation conduct.

For the foregoing reasons, the Plaintiffs' Motion to Strike pursuant to Fed. R. Civ. P. Rule 12(f) should be granted or, in the alternative, Plaintiff should be granted leave to file a reply to the Defendant's ANSWER.

Signed this 9 day of February 2021.

***D. GEORGE SWEIGERT, c/o***
***TRANSIENT HOLD***
***GENERAL DELIVERY***
***U.S. POST OFFICE***
***200 COYOTE STREET***
***NEVADA CITY, CA 95959-9998***
***SPOLIATION-NOTICE@MAILBOX.ORG***

D. S

2 · 9 · 21

*D. GEORGE SWEIGERT, c/o*
*TRANSIENT HOLD*
*GENERAL DELIVERY*
*U.S. POST OFFICE*
*200 COYOTE STREET*
*NEVADA CITY, CA 95959-9998*
*SPOLIATION-NOTICE@MAILBOX.ORG*

**U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**
**(FOLEY SQUARE)**

**D George Sweigert**

**Plaintiff**

**v.**

**Jason Goodman**

**Defendant**

**CIVIL CASE #: 1:18-CV-08653-VEC**

**JUDGE VALERIE E. CAPRONI**

**MAGISTRATE STEWART D. AARON**

**CERTIFICATE OF SERVICE**

**I HEREBY ATTEST that a true copy of the attached pleadings has been sent to the following addressees on the 9 day of February, 2021.**

**Jason Goodman, CEO**
**Multi-media Design Systems, Inc.**
**252 7th Avenue, Apart. #6S**
**New York, NY 10001**

**Clerk of the Court, Room 200**
**U.S. District Court**
**500 Pearl Street**
**New York, New York 10007-1312**

D.S.G. /

**D. GEORGE SWEIGERT**

2 . 9 . 21

PRESS FIRMLY TO SEAL

USPS TRACKING® NUMBER



9505 5067 1486 1040 4177 48

PRIOR
FLAT RAT
POSTAG



$7.95
PM 2-Day
95603 0006
Date of sale
02/09/21
06 2SSK
11488544

FOLD HERE

UNITED STATES POSTAL SERVICE®

PRIORITY MAIL

- Expected delivery date specified for domestic use.
- Most domestic shipments include up to $50 of insurance (restrictions apply).*
- USPS Tracking® included for domestic and many international destinations.
- Limited international insurance.**
- When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see the Domestic Mail Manual at *http://pe.usps.com.*

** See International Mail Manual at *http://pe.usps.com* for availability and limitations of coverage.

FROM:

*D. GEORGE SWEIGERT, c/o*
*TRANSIENT HOLD*
*GENERAL DELIVERY*
*U.S. POST OFFICE*
*200 COYOTE STREET*
*NEVADA CITY, CA 95959-9998*
*SPOLIATION-NOTICE@MAILBOX.ORG*

USDC SDNY

TO:

PRO SE # 200

Clerk of the Court, Room 200
U.S. District Court
500 Pearl Street
New York, New York 10007-1312

10007-1312

FLAT RATE ENVELOPE

ONE RATE ■ ANY WEIGHT

TRACKED ■ INSURED



PS00001000014

EP14F May 2020
OD: 12 1/2 x 9 1/2

To schedule free Package Pickup, scan the QR code.



USPS.COM/PICKUP

RECEIVED
SDNY PRO SE OFFICE

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; May 2020; All rights reserved.