```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/12/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

D George Sweigert,

                Plaintiff,

-against-

Jason Goodman,

                Defendant.

1:18-cv-08653 (VEC) (SDA)

ORDER

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE:**

    Before the Court are Plaintiff's motion to compel discovery (Pl.'s 1/26/21 Not. of Mot., ECF No. 188) and Plaintiff's motion to strike Defendant's response to Plaintiff's motion to compel. (Pl.'s 2/11/21 Not. of Mot., ECF No. 194.) For the reasons set forth below, Plaintiff's motion to compel is GRANTED IN PART and DENIED IN PART and Plaintiff's motion to strike is DENIED.

    By Order dated December 7, 2020, Defendant was ordered to respond to certain interrogatories and to produce certain documents no later than January 15, 2021. (*See* 12/7/20 Order, ECF No. 173, ¶¶ 1-2.) On January 26, 2021, Plaintiff filed his motion to compel stating that Defendant had failed to respond to the interrogatories and failed to produce responsive documents. (*See* Pl.'s 1/26/21 Not. of Mot. at 5.) On February 8, 2021, Defendant responded to Plaintiff's motion to compel by stating that "the response to requests for discovery has been filed" and by suggesting that he is unable to serve documents responsive to the required requests because Plaintiff did not have a valid address where the documents could be sent. (*See* Def.'s Resp., ECF No. 193, at 1-3.)

    Contrary to Defendant's assertion that a discovery response "has been filed," the ECF docket in this case does not reflect that Defendant's interrogatory responses were filed.

<u>Accordingly, Defendant shall file sworn responses to the interrogatories contained in my December 7, 2020 Order no later than February 24, 2020. If Defendant fails to file such sworn responses, he will be subject to sanctions, up to and including my recommendation that a default judgment be entered against him.</u>

With respect to Defendant's production of documents responsive to my December 7, 2020 Order, however, Defendant is correct to note that the ECF docket reflects that multiple mailings sent to Plaintiff's address listed on the docket recently have been returned. (*See*, *e.g.*, docket entries on 10/30/20, 11/18/20 & 12/4/20.) Thus, Defendant need not produce responsive documents to Plaintiff unless and until Plaintiff provides a valid address to which such documents can be sent.

Plaintiff's motion, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, to strike Defendant's response to his motion to compel is denied. Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Rule 7(a) contains a complete list of all pleadings recognized under the Federal Rules of Civil Procedure, and a response to a motion is not among them. *See* Fed. R. Civ. P. 7(a). Thus, Plaintiff cannot strike such a response. *See Silva v. Swift*, 333 F.R.D. 245, 248 (N.D. Fla. 2019) ("courts have held that Rule 12(f) does not authorize courts to strike motions, affidavits, or memoranda in support of motions" (citing cases)).

The Clerk of Court is respectfully requested to mail a copy of this Order to the *pro se* parties.

**SO ORDERED.**

DATED: New York, New York
February 12, 2021

_____
STEWART D. AARON
United States Magistrate Judge

3