

U.S. DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| SWEIGERT | CIVIL CASE #: |
|---|---|
| V. | 1:18-CV-08653-VEC |
| GOODMAN | JUDGE VALERIE E. CAPRONI |

### PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE (DKT. 193)

Plaintiff herein REPLIES to the Defendant's RESPONSE, which has been docketed as:

### RESPONSE ECF no. 193.

The Plaintiff hereby incorporates the ORDER of the magistrate (Dkt. 173) as if fully restated herein.

Assertations made by the Plaintiff herein are certified under the penalties of perjury as truthful.

A Certificate of Service appears on the LAST page of this pleading.

Signed this 10 day of February 2021.

*D. GEORGE SWEIGERT, c/o*
*TRANSIENT HOLD*
*GENERAL DELIVERY*
*U.S. POST OFFICE*
*200 COYOTE STREET*
*NEVADA CITY, CA 95959-9998*
*SPOLIATION-NOTICE@MAILBOX.ORG*

2·10·21

D. Sgt

1

## ATTESTATION OF THE PLAINTIFF

As of this date, I have received no e-mail messages from the Defendant attempting to confer with me in matters related to issues regarding discovery. So sworn under oath.

D. Geo. Sweigert       *[signature]* DSt
                          2.10.21

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ 4

INTRODUCTION................................................................................................................. 6

PRELIMINARY STATEMENT .......................................................................................... 6

FACTUAL BACKGROUND AND PROCEDURAL HISTORY....................................... 7

ARGUMENT......................................................................................................................... 7

CONCLUSION ................................................................................................................... 11

## TABLE OF AUTHORITIES

**Cases**

. *Hall v. Flynn*, 829 F.Supp. 1401, 1403 (N.D.N.Y. 1993) .............................................................. 9

*Bambu Sales, Inc. v. Ozak Trading, Inc.,* 58 F.3d 849, 853-54 (2d Cir. 1995) ............................. 10

*Borsanyi v. Huggins*, No. 17-CV-7266 (CBA) (AKT), 2019 WL 4911188, at *6 (E.D.N.Y. Sept. 30, 2019) ..................................................................................................................................... 7

*Cerruti 1881 S.A. v. Cerruti, Inc.*, 169 F.R.D. 573, 582-83 (S.D.N.Y. 1996) ................................. 9

*Chambers v. NASCO, Inc.,* 501 U.S. 32, 45-46 (1991) ................................................................... 7

*Chambers,* 501 U.S. at 44 ............................................................................................................... 7

*Doyle v. Anderson,* No. 02-CIV. 3572, 2004 WL 63484, at *1 (S.D.N.Y. Jan. 13, 2004) ............. 9

*Hall*, 829 F.Supp. at 1403 .............................................................................................................. 9

*Huebner v. Midland Credit Mgmt., Inc.*, 897 F.3d 42, 53 (2d Cir. 2018) ....................................... 7

*Huebner*, 897 F.3d at 53 ................................................................................................................. 7

*Insurance Corp. of Ireland v. Compagnie des Bauxites,* 456 U.S. 694, 707, 102 S.Ct. 2099, 2106 (1982) ......................................................................................................................................... 9

*Lindsey v. Loughlin*, 616 F.Supp. 449, 453 (E.D.N.Y. 1985) ........................................................ 9

*New York v. Gleave*, 189 F.R.D. 263, 268 (W.D.N.Y. 1999) ........................................................ 9

*Residential Funding Corp. v. DeGeorge Fin. Corp.,* 306 F.3d 99, 106-07 (2d Cir. 2002) ............ 7

*S. New England Tel. Co. v. Glob. NAPs Inc.,* 624 F.3d 123, 145 (2d Cir. 2010) ........................... 7

*Steele v. Goodman*, Civil Action No. 3:17cv601, (E.D. Va. Jul. 25, 2019) ................................... 7

*Update Art, Inc. v. Modiin Publishing, Ltd.,* 843 F.2d 67, 73 (2d Cir. 1988) .............................. 10

**Rules**

Fed. R. Civ. P. Rule 37 ............................................................................................................. 10

Fed. R. Civ. P. Rule 37(b)(2)(A) ................................................................................................ 7

Rule 37(b)(2)............................................................................................................................ 7, 9

## INTRODUCTION

Plaintiff D. Geo. Sweigert, a *pro se* non-attorney who has completed one half semester of law school in good standing, respectfully submits this REPLY to the Defendant's RESPONSE, filed as ECF no. 193 (Dkt. 193).

## PRELIMINARY STATEMENT

The issue before the Court is the Defendant's failure to comply with Court issued discovery orders. Rather than attempt any compliance with such orders (Dkt. 173 in particular) the Defendant engaged in more tortious conduct against the Plaintiff by slandering his name in the small town of Rough and Ready, California with the local "gadfly postmaster Susan", aka "Clerk number 8" (Dkt. 193). This tortious act of slander has embarrassed the Plaintiff in the community and forced yet another change of address by the Plaintiff.

As previously reported to this Court, Defendant published podcast videos in January 2019 proclaiming he was in conversations with the Postal Inspection Service about the Plaintiff's use of a Mesa, Arizona post office box (which constituted "mail fraud" in the Defendant's opinion). Defendant is perfectly capable of reporting his concerns to the proper authorities and not to burden this Court with his allegations of the Plaintiff's criminal conduct.

Defendant's RESPONSE papers (Dkt. 193) only confirm for the Court the Defendant's perverse history of non-compliance which is justifies more smear and slur campaigns to create a prejudicial environment against the Plaintiff.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Defendant was ordered to provide a response (under oath) to interrogatories carefully selected by the Court (see ORDER, ECF No. 173). See para. (1)(a) thru (e) of said ORDER. Para. (2) of said ORDER required the Defendant to provide the Plaintiff certain discovery materials by January 15th, 2021. That ORDER (Dkt. 173) is herein incorporated as if fully restated.

This ORDER (Dkt. 173) required the Defendant to accomplish two things (1) submit Court ordered discovery materials to the Plaintiff, and (2) file discovery materials (interrogatories and requests for documents) with the Court for the furtherance of this legal action.

On 1/26/2021 Plaintiff filed his MOTION TO COMPEL DISCOVERY (Dkt.188) to seek Defendant's compliance with the Dkt. 173 ORDER. This document included the phrase "FIRST REQUEST FOR DISCOVERY SANCTIONS" in the title. Exhibits Three and Four of this document (Dkt. 188) included copies of court orders from the Eastern District of Virginia.

By ORDER of 1/29/2021 (Dkt. 190) the magistrate judge provided the Defendant a warning concerning issues related to the lack of compliance with discovery orders (such as Dkt. 173). In response to Dkt. 190, Defendant filed his papers on 2/08/2021 as Dkt. 193 (DEFENDANT'S RESPONSE TO MOTION TO COMPEL).

## ARGUMENT

### I. *LEGAL STANDARD*

1. The Plaintiff has motioned for sanctions on various grounds, including Rule 37 of the Federal Rules of Civil Procedure (Fed. R. Civ. Proc.). Sanctions may be imposed pursuant to the

7

Court's inherent authority. See *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991). Under Rule 37(b)(2), a court may grant sanctions against a party who "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. Rule 37(b)(2)(A). The Court also has inherent authority to impose sanctions for "disobedience [of] the orders of the [Court]," both before the "court and . . . beyond the court's confines." *Chambers*, 501 U.S. at 44. In fact, a court may impose sanctions on a party for misconduct in discovery under its inherent power to manage its own affairs even absent a discovery order per se. *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 106-07 (2d Cir. 2002).

2. In deciding whether sanctions are merited under Rule 37(b)(2), the Court need not find that the party acted in bad faith. See, e.g., *Huebner v. Midland Credit Mgmt., Inc.*, 897 F.3d 42, 53 (2d Cir. 2018) ; *Borsanyi v. Huggins*, No. 17-CV-7266 (CBA) (AKT), 2019 WL 4911188, at *6 (E.D.N.Y. Sept. 30, 2019). The Court need find only that there is clear and convincing evidence that the party disregarded a clear and unambiguous scheduling or other pretrial order. See *Huebner*, 897 F.3d at 53; *S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 145 (2d Cir. 2010).

3. The Court has received adequate notice (Dkt. 188) that the *pro se* Defendant has had issues related to following Court issued orders in his Eastern District of Virginia lawsuit; *Steele v. Goodman*, Civil Action No. 3:17cv601, (E.D. Va. Jul. 25, 2019). In the OPINION issued July 29, 2020 in that lawsuit the district judge observed:

> Even were the Court to overlook these procedural defects, Goodman's Discovery Motion fails to raise legally relevant arguments. Goodman generally makes two arguments in favor of entering a protective order, neither of which persuade the Court. First, Goodman essentially argues his case: "Plaintiff has failed to make a legitimate claim for which relief can be granted." (Goodman Disc. Mot. 2.) Goodman previously filed a Rule 12(b)(6) Motion to Dismiss, (ECF No. 45),

8

which the Court denied, (ECF No. 86). <u>Goodman's insistence that Plaintiffs cannot prevail at trial cannot form the basis to refuse engaging in discovery</u>. [emphasis added]

4. "Goodman's insistence that Plaintiffs cannot prevail at trial," is very telling and is eerily like the Defendant's mindset displayed in his RESPONSE (Dkt. 193), see "Plaintiff is a vexatious litigant who has brazenly and repeatedly misrepresented facts and manipulated evidence in an ongoing effort to deceive the court. For this and any other reason as determined by the court, Plaintiff's motion to compel should be denied."

5. The Eastern District of Virginia judge continued:

> Second, Goodman argues that Plaintiffs and Negron are conspiring against him. According to Goodman, Plaintiffs and Negron "are cooperating to use this instant legal action as a burdensome weapon of harassment against [Goodman] and to chill [Goodman's] journalistic investigations into alleged criminal activity." (Goodman Disc. Mot. 5.) Though Goodman attaches copies of what purport to be email chains, he cites to no factual evidence in support of this claim, except to state that parties have engaged in settlement discussions—activity which this Court encourages among parties. *See, e.g., In re A.H. Robins Co.*, No. 98-1825, 1999 WL 55394 (4th Cir. Feb. 8, 1999) ("The law strongly favors settlement of litigation.") <u>Goodman's unsupported accusation cannot drive the scope of discovery in this matter</u>. [emphasis added]
> ( cite: https://casetext.com/case/steele-v-goodman-2 )

6. The S.D.N.Y. would be prudent to take note of the wisdom expressed in the E.D.VA. when it states, "Goodman's unsupported accusation cannot drive the scope of discovery in this matter."

7. It is axiomatic that a party to an action pending in a federal district court, whether a plaintiff or defendant, is required to comply with legitimate court directives regardless of their

9

accusations and whether the other will prevail. *Hall v. Flynn*, 829 F.Supp. 1401, 1403 (N.D.N.Y. 1993) (citations omitted); see also *New York v. Gleave*, 189 F.R.D. 263, 268 (W.D.N.Y. 1999) (citing *Cerruti 1881 S.A. v. Cerruti, Inc.*, 169 F.R.D. 573, 582-83 (S.D.N.Y. 1996)).

8. The failure of a party to fulfill a discovery obligation provides a basis for the striking of the offending party's pleadings and the entry of appropriate corresponding relief. *Hall*, 829 F.Supp. at 1403; see also *Doyle v. Anderson*, No. 02-CIV. 3572, 2004 WL 63484, at *1 (S.D.N.Y. Jan. 13, 2004) (dismissing complaint where plaintiff failed, inter alia, to appear for scheduled status conference, to attend deposition, and to respond to discovery requests); *Lindsey v. Loughlin*, 616 F.Supp. 449, 453 (E.D.N.Y. 1985).

9. The court's broad discretion to impose sanctions pursuant to Rule 37(b)(2) is limited only by the requirement, expressly stated in the rule, that the sanction selected be "just" and that it relate to the particular claim to which the discovery order was addressed. *Insurance Corp. of Ireland v. Compagnie des Bauxites*, 456 U.S. 694, 707, 102 S.Ct. 2099, 2106 (1982).

10. The Court has already determined that the Plaintiff is entitled to the basic information sought in the Court ordered interrogatories (Dkt. 173). The prejudice to the Plaintiff in not being able to garner the basic information regarding the Defendant's claims through these Court-ordered interrogatories is manifest.

11. The interrogatories were authorized in order to permit the Plaintiff to gain information concerning the specific circumstances surrounding Defendant's claims. Plaintiff is significantly handicapped in his ability to understand what evidence the Defendant claims to have to support his assertions of the Plaintiff's criminal activity.

12. The Defendant's conduct has resulted in a delay of this action, having ignored a court directive. Courts have a vested interest in insuring compliance with legitimately issued orders, including those pertaining to discovery. See *Bambu Sales, Inc. v. Ozak Trading, Inc.*, 58 F.3d 849, 853-54 (2d Cir. 1995). As the Second Circuit has pertinently noted, in approving the striking of the answer and the entry of default judgment against a party based upon its failure to provide required discovery, "discovery orders are meant to be followed. 'A party who flouts such orders does so at his peril'. 'If one suggests that our decision today is strong medicine, that is precisely what it is intended to be'". *Id.* (citing and quoting *Update Art, Inc. v. Modiin Publishing, Ltd.*, 843 F.2d 67, 73 (2d Cir. 1988)).

## CONCLUSION

For the foregoing reasons, the Plaintiffs' Motion to Compel Discovery (Dkt. 188) pursuant to Fed. R. Civ. P. Rule 37 should be granted or, in the alternative, this present action should be dismissed in the Plaintiff's favor with a DEFAULT JUDGMENT against the Defendant.

Signed this **10** day of February 2021.

**D. GEORGE SWEIGERT, c/o**
**TRANSIENT HOLD**
**GENERAL DELIVERY**
**U.S. POST OFFICE**
**200 COYOTE STREET**
**NEVADA CITY, CA 95959-9998**
**SPOLIATION-NOTICE@MAILBOX.ORG**

2.10.21

D. SG

*D. GEORGE SWEIGERT, c/o*
*TRANSIENT HOLD*
*GENERAL DELIVERY*
*U.S. POST OFFICE*
*200 COYOTE STREET*
*NEVADA CITY, CA 95959-9998*
*SPOLIATION-NOTICE@MAILBOX.ORG*

U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
(FOLEY SQUARE)

D George Sweigert

**Plaintiff**

v.

Jason Goodman

**Defendant**

CIVIL CASE #: 1:18-CV-08653-VEC

JUDGE VALERIE E. CAPRONI

MAGISTRATE STEWART D. AARON

### CERTIFICATE OF SERVICE

I HEREBY ATTEST that a true copy of the attached pleadings has been sent to the following addressees on the **10** day of February, 2021.

> Jason Goodman, CEO
> Multi-media Design Systems, Inc.
> 252 7th Avenue, Apart. #6S
> New York, NY 10001
>
> Clerk of the Court, Room 200
> U.S. District Court
> 500 Pearl Street
> New York, New York 10007-1312

D. GEORGE SWEIGERT







PRESS FIR[M]

U.S. POSTAGE PAID
PM 2-Day
AUBURN, CA
95603
FEB 10, 21
AMOUNT
**$7.95**
R2305M147117-06

1006    10007



**PRIORITY® MAIL**

- Expected delivery date specified for domestic use.
- Most domestic shipments include up to $50 of insurance (restrictions apply).*
- USPS Tracking® included for domestic and many international destinations.
- Limited international insurance.**
- When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see the Domestic Mail Manual at http://pe.usps.com.
** See International Mail Manual at http://pe.usps.com for availability and limitations of coverage.

**FROM:**

D. GEORGE SWEIGERT, c/o
TRANSIENT HOLD
GENERAL DELIVERY
U.S. POST OFFICE
200 COYOTE STREET
NEVADA CITY, CA 95959-9998
SPOLIATION-NOTICE@MAILBOX.ORG

EXPECTED DELIVERY DAY: 02/13/21
USPS TRACKING® NUMBER

9505 5162 1165 1041 4187 24

**FLAT RATE**
ONE RATE ■ ANY WE[IGHT]

**TRACKED ■ INSURED**

To schedule free Package Pickup,
scan the QR code.



**TO:**

PRO SE #200

Clerk of the Court, Room 200
U.S. District Court
500 Pearl Street
New York, New York 10007-1312

PS00001000014   EP14F May 2020
OD: 12 1/2 x 9 1/2



USPS.COM/PICKUP

10007-1312