**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/16/2021
```

D George Sweigert,

                Plaintiff,

-against-

Jason Goodman,

                Defendant.

1:18-cv-08653 (VEC) (SDA)

**OPINION AND ORDER**

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE:**

Before the Court are Plaintiff's motion to strike Defendant's Answer (Pl.'s 2/3/21 Not. of Mot., ECF No. 191) and Plaintiff's motion for leave to file a Rule 7(a)(7) reply. (Pl.'s 2/4/21 Not. of Mot., ECF No. 192.) For the reasons set forth below, Plaintiff's motions are DENIED.[1]

**Motion To Strike**

On January 28, 2021, Defendant filed his Answer to Plaintiff's Supplemented Second Amended Complaint. (Def.'s Answer, ECF No. 189.) On February 3, 2021, Plaintiff filed his motion to strike asserting, among other things that the Answer is "riddled with counter claims, counter allegations, and superfluous information." (Pl.'s 2/3/21 Not. of Mot. at 4.) On February 4, 2021, Plaintiff filed his motion for leave to file a Rule 7(a)(7) reply to Defendant's Answer asserting, among other things, that a reply "is needed in this case to mitigate the scandalous smears that the Defendant has directed at the Plaintiff to create a prejudicial environment in this Court." (Pl.'s 2/4/21 Not. of Mot. at 5.)

---

[1] Although Plaintiff's motions thus far are unopposed, the Court has a duty to assess the sufficiency of such motions. *See Siegel v. Kontogiannis*, No. 15-CV-02856 (MKB) (JO), 2017 WL 9482101, at *12 (E.D.N.Y. Mar. 14, 2017) ("the court has an independent obligation to review the unopposed motion for sufficiency"), *report and recommendation adopted*, 2017 WL 1169545 (E.D.N.Y. Mar. 29, 2017).

Under Rule 12(f) of the Federal Rules of Civil Procedure, on a motion or *sua sponte*, a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Federal Courts have discretion in deciding whether to grant motions to strike." *Capri Sun GmbH v. Am. Beverage Corp.*, 414 F. Supp. 3d 414, 423 (S.D.N.Y. 2019) (citation omitted). However, motions to strike under Rule 12(f) are generally "disfavored and granted only if there is strong reason to do so." *Anderson News, L.L.C. v. Am. Media, Inc.*, No. 09-CV-02227 (PAC), 2013 WL 1746062, at *3 (S.D.N.Y. Apr. 23, 2013).

In the present case, as Judge Caproni aptly has observed, this case involves "a frivolous dispute between two litigants whose voluminous court filings rehash their incomprehensible and illogical online conspiracy theories." *Sweigert v. Goodman*, No. 18-CV-08653 (VEC), 2019 WL 11662227, at *1 (S.D.N.Y. Aug. 20, 2019). Defendant's allegations contained in his Answer do not, in the Court's view, materially alter the total mix of information contained in previous filings in this case. In these circumstances, the Court, in its discretion, finds that there is not a strong reason to grant the motion to strike. *See Winter v. Pinkins*, No. 14-CV-08817 (RJS), 2017 WL 5496278, at *2 (S.D.N.Y. Feb. 17, 2017) (denying motion to "strike exhibits containing allegedly defamatory statements that [party] claim[ed] were] time-barred"). Thus, Plaintiff's motion to strike Defendant's Answer is DENIED.

**Motion For Leave To File Reply**

Under the Federal Rules of Civil Procedure, a reply to an answer is only permitted "if the court orders one." *See* Fed. R. Civ. P. 7 (a)(7). In this case, a reply to Defendant's Answer is not necessary. Plaintiff already has set forth in his two motions responses to certain of the allegations contained in Defendant's Answer. Moreover, if this action were to proceed to trial, Plaintiff will

3

have ample opportunity to refute the allegations contained in Defendant's Answer. *See Johnson v. Cty. of Saratoga*, No. 18-CV-00096 (DNH) (DEP), 2018 WL 10910736, at *3 (N.D.N.Y. July 27, 2018) ("Upon completion of discovery, if and when a motion for summary judgment is filed, or this action survives dispositive motions and proceeds to trial, Plaintiff will have ample opportunity to refute Defendants' Answer."). Thus, Plaintiff's motion for leave to file a Rule 7(a)(7) reply is DENIED.

The Clerk of Court is respectfully requested to mail a copy of this Order to the *pro se* parties.

**SO ORDERED.**

Dated:    New York, New York
          February 16, 2021

_____
STEWART D. AARON
United States Magistrate Judge