IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| D. GEORGE SWEIGERT<br><br>    Plaintiff,<br><br>vs.<br><br>JASON GOODMAN,<br><br>    Defendant | Case No.: 1:18-cv-08653-VEC-SDA<br><br>**DEFENDANT'S RESPONSE TO INTEROGATORIES** |

**DEFENDANT'S RESPONSE TO INTEROGATORIES**

    I hereby attest that the pleadings herein are accurate and true under penalties of perjury. Further, I hereby attest that the attached exhibits are accurate and true copies of source documents as described.

Respectfully submitted

February 7, 2021

*[signature]*

Jason Goodman, Defendant, Pro Se

252 7th Avenue Apt 6s
New York, NY 10001
(323) 744-7594
truth@crowdsourcethetruth.org

DEFENDANT'S RESPONSE TO INTEROGATORIES - 1

**Request**

1. a)  Identify the names and addresses of witnesses with knowledge regarding the statements that Defendant purportedly made about Plaintiff, as alleged in the Second Amended Complaint (SAC, ECF No. 88, ¶¶ 68-87) and Supplemental Complaint (Supp. Compl., ECF No. 150, ¶¶ 39-45), and describe the nature of their knowledge.

**Response**

1) a)  David Hawkins White Rock BC, Canada was party to the conversation with Defendant that is the focus of the allegations in the Second Amended Complaint (SAC, ECF No. 88, ¶¶ 68-87). Hawkins is aware of this legal action and has direct knowledge of his own statements. With regard to the statements alleged in the Supp. Compl., ECF No. 150, ¶¶ 39-45 it is a difficult question for Defendant to answer properly. Most of the twenty-two recipients of the email are unknown to the Defendant because it was sent in response to an email initiated by the Plaintiff including false and inflammatory allegations against the Defendant published to that group. Plaintiff selected the recipients and in cases where email addresses do not reflect the recipients actual name, the identity of the recipient is unknown to Defendant. One of the recipients is Dr. Anthony Fauci, who is known to the Defendant, but his address and the nature of his knowledge about the alleged statements is unknown to Defendant. FBI special agent Britney Custer is also known to Defendant. This is the agent Defendant spoke with for over 2 hours about Plaintiff and Plaintiff's associates stalking and harassing of Defendant. Special Agent Custer's address and the nature of her knowledge of the allegations and this legal action are unknown to Defendant. Collin Sullivan, is the chief legal counsel for Patreon located at 600 Townsend St #500, San Francisco CA. He has received numerous emails from the

Plaintiff and is aware of this ongoing legal action. Sullivan's specific knowledge of these allegations is unknown to Defendant. Defendant is aware of Corean Elizabeth Stoughton but has never met her and cannot confirm her identity, location or scope of her knowledge of this action. Stoughton is aware of this legal action and has first-hand knowledge of her own actions related to allegations pertaining to her. George Webb Sweigert is Plaintiff's brother and former associate of the Defendant. Defendant does not know Webb's address or location. Webb is aware of this legal action and has first-hand knowledge of his own actions regarding allegations pertaining to him.

**Request**

1) b.     Identify the names and addresses of witnesses with knowledge regarding Defendant's use of Plaintiff's name and picture for purposes of advertising or trade, as alleged in the Second Amended Complaint (SAC ¶¶ 88-110) and Supplemental Complaint (¶¶ 47-50) and describe the nature of their knowledge.

**Response**

1) b.   The allegations in the Second Amended Complaint (SAC ¶¶ 88-110) and Supplemental Complaint (¶¶ 47-50), refer to Hawkins again and he has first-hand knowledge of his own actions with regard to the allegations. The allegations also name Larry Nichols. Nichols died September 27, 2020 https://www.rollerfuneralhomes.com/memorialpage.asp?id=56702&locid=14. Defendant is not aware of any other witnesses with knowledge pertaining to these allegations.

**Request**

DEFENDANT'S RESPONSE TO INTEROGATORIES - 3

1) c.   For the period from June 14, 2015 to the present, identify each Uniform Resource Locator (URL) Internet address used by Defendant to post Plaintiff's name and/or picture.

**Response**

1) c.   Defendant objects to this request as being overbroad, excessively burdensome and redundant.  Defendant had never heard of Plaintiff prior to 2017 and is unaware of documents pertaining to Plaintiff prior to 2017.  The Plaintiff has gone to great lengths to identify URLs sufficient to argue his case.  Defendant will produce material that may have become unavailable due to account closures over time or other factors outside Defendant's control as needed and upon specific request.

**Request**

1) d.   For the period from June 14, 2015 to the present, identify each social media account, including platform and username, used by Defendant to post Plaintiff's name and/or picture.

**Response**

1) d.   Defendant objects to this request as being overbroad, excessively burdensome and redundant.  Defendant had never heard of Plaintiff prior to 2017 and is unaware of documents pertaining to Plaintiff prior to 2017.  The Plaintiff has gone to great lengths to identify each social media account, including platform and username, used by Defendant even naming accounts that are no longer accessible to Defendant.  Furthermore, Defendant was unaware of Plaintiff prior to 2017.  Social media accounts in use in 2015 and 2016 have no relevance with respect to Plaintiff's claims.

**Request**

DEFENDANT'S RESPONSE TO INTEROGATORIES - 4

1) e. For the period from June 14, 2015 to the present, identify each email account used by Defendant to communicate information to others regarding Plaintiff

**Response**

1) e.  Defendant's primary email address for matters pertaining to Crowdsource the Truth is truth@crowdsourcethetruth.org.  Defendant can also receive email on truth@crowdsourcethetruth.com and responds to that address as well but does not typically initiate communications from that address.  Defendant also uses the email address jason@21stcentury3d.com and due to the functioning of some software programs, occasionally Defendant will inadvertently communicate Crowdsource the Truth related business via that address.  For a brief period of time, Defendant also had an encrypted email address jasongoodman72@protonmail.com.  This email address was created at the urging of Plaintiff's brother Webb and Webb's associated Oakey Marshall Richards.  Richards repeatedly comes up in Plaintiff's pleadings regarding the incident in the Port of Charleston.  At some time in 2017 or 2018 to the best of Defendant's recollection, Defendant terminated the use of jasongoodman72@protonmail.com.  Proton mail offers encrypted email that purports to offer the user an extreme level of privacy and security.  The tradeoff however is less convenience for the user.  At some point after halting communications with Richards and Webb, Defendant forgot the password and could no longer access to jasongoodman72@protonmail.com.  When a user forgets their Proton Mail password, they can no longer access the account unless they initiate a password reset process which deletes all existing messages in the account.  Defendant cannot recall if any communications related to Plaintiff took place over Protonmail, but all proton mail

DEFENDANT'S RESPONSE TO INTEROGATORIES - 5

communications are no longer accessible to Defendant. To the best of Defendant's recollection, these are the only email addresses used to conduct Crowdsource the Truth business which would include any communications related to Plaintiff.

**Request**

1) f. Provide the location and a general description of documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images and other data or data compilations—in the possession, custody or control of Defendant regarding Plaintiff.

**Response**

1) f.  In addition to the locations and websites identified by Plaintiff in his various pleadings, documents and electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images and other data or data compilations—in the possession, custody or control of Defendant regarding Plaintiff are stored on the personal Macbook Pro laptop computer owned by Defendant and one backup hard drive owned by Defendant.

**Request**

2. No later than January 15, 2021, Defendant shall produce to Plaintiff the following documents for the period from June 14, 2015 to the present:

   a. All documents and communications between Defendant and Patreon.com (or its representatives) regarding Plaintiff.

   b. All documents and communications between Defendant and any law enforcement agency regarding Plaintiff.

   c. All emails sent or received by Defendant regarding Plaintiff.

DEFENDANT'S RESPONSE TO INTEROGATORIES - 6

  d. All documents regarding any social media posts by Defendant that refer to Plaintiff and/or display his picture.

  e. All documents regarding Plaintiff's purported participation in what Plaintiff refers to as the "Port of Charleston, S.C. dirty bomb hoax of June 14, 2017."

**Response**

2.

  a. Defendant objects to this request as being overbroad, excessively burdensome and seeking documents of a privileged nature that will be used in preparation of Defendant's legal defense in this matter. Defendant had never heard of Plaintiff prior to 2017 and is unaware of documents pertaining to Plaintiff prior to 2017.

  b. To the best of Defendant's recollection, no documents exist that are responsive to this request all contact between Defendant and law enforcement has been via telephone or in person.

  c. Defendant objects to this request as being overbroad, excessively burdensome and including documents of a privileged nature that will be used in preparation of Defendant's legal defense in this matter. Defendant had never heard of Plaintiff prior to 2017 and is unaware of documents pertaining to Plaintiff prior to 2017.

  d. Defendant objects to this request as being overbroad, excessively burdensome and redundant. Defendant had never heard of Plaintiff prior to 2017 and is unaware of documents pertaining to Plaintiff prior to 2017. Plaintiff has gone to great lengths identifying documents that refer to Plaintiff and/or display his picture. To the best of Defendant's knowledge none exist in addition to those already identified.

DEFENDANT'S RESPONSE TO INTEROGATORIES - 7

e. Defendant has already included as evidence the book written by Plaintiff containing his own fictional account of events pertaining to the Port of Charleston event. (https://www.amazon.com/Report-Charleston-Dirty-Social-Liability/dp/1717056792/ref=sr_1_1?dchild=1&keywords=dave+sweigert&qid=1612627862&sr=8-1) Numerous additional documents exist or have existed but are not currently in Defendant's possession including a large number of videos and social media posts created by the Plaintiff that have since been deleted or otherwise rendered inaccessible to Defendant by deliberate actions of the Plaintiff or indirectly through the actions of third parties.

I hereby attest that the pleadings herein are accurate and true under penalties of perjury.

Signed this 7th day of February 2021

Respectfully submitted,

_____
Jason Goodman, Defendant, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
(323) 744-7594
truth@crowdsourcethetruth.org

DEFENDANT'S RESPONSE TO INTEROGATORIES - 8