D. GEORGE SWEIGERT
GENERAL DELIVERY
NEVADA CITY, CA 95959

February 17, 2021

**Magistrate Judge Stewart D. Aaron**
**U.S. District Court**
**500 Pearl Street**
**New York, New York 10007-1312**

**SUBJ:  Compliance with ECF no. 173 and 195, 1:18-cv-08653-VEC-SDA**

**Your Honor,**

*Request to Deem Defendant Has Waived Discovery*

1.      As you are aware, the Defendant has filed ECF documents **204, 205, and 206** via electronic mail transfer described within exhibits in **docket no. 198**. Both docket entries **205 and 206** are deemed invalid and fail to justify any suggestion of response required on the Plaintiff's part.

**2.**     Your attention is called to the ORDER of 12/7/2020 (**Dkt. 173**), number (3) on page (3). That section states that if the Defendant did not delivery his discovery request materials to the Court by **1/15/2021** that the Court may deem his conduct as a waiver of the right to discovery. **The Court should now exercise its discretion and deem discovery waived by the Defendant.**

3.      In light of the recent complicating actions created by the Defendant, to (1) force the Plaintiff to seek out another rural post office and provide yet another address to the Court to satisfy the Defendant's foolishness, (2) that the Plaintiff has now endured public scorn and ridicule in the small town of Rough and Ready as a direct and proximate result of the Defendant's grossly negligent slander and libel of the Plaintiff to the local gad-fly busy-body postmaster (Susan, clerk no. 8), (3) forcing the Plaintiff to file motions and other documents in response to the Defendant's noncompliance and open defiance to the ORDER (**Dkt. 173**), and (4)  for numerous other examples of the conduct that is vexatious in nature, **this Court should find a reasonable sanction against the Defendant.**

1

Page two--Sweigert

4.      The Plaintiff hereby incorporates his REPLY brief (**Dkt. 196**) filed 2/12/2021 as if fully restated herein.  The Court should consider the observations of the District Judge in the Eastern District of Virginia that are outlined in that REPLY (**Dkt. 196**).  That judge clearly stated that the Defendant believes that he can drive the discovery process with his unfounded and meritless never-ending allegations and accusations against the Plaintiff (see below).

> Court encourages among parties. *See, e.g., In re A.H. Robins Co.*, No. 98-1825, 1999 WL 55394 (4th Cir. Feb. 8, 1999) ("The law strongly favors settlement of litigation.") Goodman's unsupported accusation cannot drive the scope of discovery in this matter. [emphasis added]
> ( cite: https://casetext.com/case/steele-v-goodman-2 )

5.      This is the same attitude displayed (see above) by the Defendant in his vicious accusations of "mail fraud" and "fraud on the court" made to members of the public in Rough and Ready, California and to the Court.  These allegations are baseless, meritless, unfounded and vexatious.  This latest CrowdSource The Truth "hoax and scam" played on this Court with the childish "mail fraud" allegations only diminishes any integrity of the decorum of this Court.

6.      There are no surviving allegations that have been raised by the Defendant against the Plaintiff.   The Defendant has had four (4) opportunities to fashion some kind of counterclaim against the Plaintiff.  The Court has patiently allowed the Defendant to file one vicarious allegation after another, which required the Plaintiff's effort and time to dismiss.  There are no current allegations presently pending against the Plaintiff in this Court that have not already been dismissed.  For this reason alone, discovery is inappropriate.  **Enough is enough.**

*Duplicate Letter Inbound*

7.      If it please the Court, the Plaintiff has made the difficult transition from mail-based notifications and filings via the U.S. mail to electronic based docketing. The Plaintiff was unaware of the potential of using electronic docketing as described by the exhibits in the Defendant's letter of 2/15/20201 (**Dkt. 198**).

2

Page three—Sweigert

8.      During this transition time, there has been a duplication of a letter to the Court (**Dkt. 201 and 202**).  A written letter is presently inbound to the PRO SE office via U.S. Priority Mail.  When said letter arrives it should be considered a legal nullity as it is a duplication of the same letter electronically filed (**Dkt. 201 and 202**).  This is a harmless error created by the electronic transition.

Respectfully,

*D. Sgt*

D. George Sweigert

## CERTIFICATE OF SERVICE

The undersigned hereby attests under penalties of perjury that copies of this communication have been sent via electronic mail to the following parties on the seventeenth day (17th) of February, two thousand and twenty-one (2021).

| **Clerk of the Court, Room 200**<br>**U.S. District Court**<br>**500 Pearl Street**<br>**New York, New York 10007-1312**<br>**EMAIL:**<br>**temporary_pro_se_filing@nysd.uscourts.gov** | Jason Goodman, CEO<br>Multimedia System Design, Inc.<br>252 7th Avenue, Apart. #6S<br>New York, NY 10001<br>EMAIL:<br>truth@crowdsourcethetruth.org |
|---|---|

*D. Sgt*

*D. GEORGE SWEIGERT*
*Pro Se Non-Attorney*
*GENERAL DELIVERY*
*NEVADA CITY, CA 95959*