D. GEORGE SWEIGERT
GENERAL DELIVERY
NEVADA CITY, CA 95959

February 19, 2021

**Magistrate Judge Stewart D. Aaron**
**U.S. District Court**
**500 Pearl Street**
**New York, New York 10007-1312**

**SUBJ:  Compliance with ECF no. 173, 190 & 195, <u>1:18-cv-08653-VEC-SDA</u>**

**Your Honor,**

*Defendant's Continued Defiance to Discovery*

1.    On this date the postal mail addressed to the undersigned was collected from the Rough and Ready, California post office.  An inventory of articles collected is as follows:

- Two envelopes with S.D.N.Y. stationary containing ECF no. **190 & 195**.
- Three envelopes with the Defendant's stationary containing ECF document no. **204, 205 and 206** (see photo as **EXHIBIT**).

2.    The Defendant's mailings are not in compliance with the Court's numerous orders that have sought to enforce the discovery demands articulated in ECF document no. (Dkt.) **173**; quoted in relevant part:

> *2. No later than January 15, 2021, Defendant shall produce to Plaintiff the following documents for the period from June 14, 2015 to the present:*
> *a) <u>All documents and communications between Defendant and Patreon.com (or its representatives) regarding Plaintiff.</u>* [emphasis added]
> *b) All documents and communications between Defendant and any law enforcement agency regarding Plaintiff.*
> *c) All emails sent or received by Defendant regarding Plaintiff.*
> *d) All documents regarding any social media posts by Defendant that refer to Plaintiff and/or display his picture.*
> *e) All documents regarding Plaintiff's purported participation in what Plaintiff refers to as the "Port of Charleston, S.C. dirty bomb hoax of June 14, 2017."*

1

3. This has been another disappointing exercise in watching the Defendant's care-free casual foot-dragging in producing court ordered discovery materials. The Plaintiff has attempted to warn the Court of the Defendant's prior conduct in the Eastern District of Virginia concerning discovery noncompliance (**Dkt. 196**).

4. Once again, the Court and Plaintiff must attempt to unravel the Gordian discovery knot tied by the Defendant. The Defendant believes that he enjoys so kind of "privileged" exemption for his communications exchanged with PATREON, INC., a Delaware corporation. As firmly stated in **Dkt. 173**, "*All documents and communications between Defendant and Patreon.com (or its representatives) regarding Plaintiff*" were to be provided to the Plaintiff. This has not occurred.

5. PATREON, INC. has a subscriber social media relationship with the Defendant. PATREON is not legal counsel or acting as an attorney for the Defendant, as he alludes to in his **Dkt. 204**, page 2, "*Collin Sullivan, is the chief legal counsel for Patreon located at 600 Townsend St #500, San Francisco CA. He has received numerous emails from the Plaintiff and is aware of this ongoing legal action*". Mr. Sullivan cannot act as a legal representative for the Defendant.

6. On page 7, **Dkt. 204**, the Defendant "objects" to the Court's ORDERs as discussed in para. (4) above, *"Defendant objects to this request as being overbroad, excessively burdensome and seeking documents of a <u>privileged nature</u> that will be used in preparation of Defendant's legal defense in this matter."* [emphasis added]

7. Plaintiff now seeks an index of the documents and portions of documents that are withheld by the Defendant. The Defendant should be required to provide an itemized list compiled which cross-references each withheld document (or portion thereof) with a specific legal exemption. Plaintiff argues that he is entitled to an index because (a) it would be extremely useful in narrowing the discovery issues, (b) would enable the Plaintiff to properly prepare for trial and (c) will help the S.D.N.Y. avoid the appearance of prejudicial misconduct.

8. It is instructive to note that Mr. Colin Sullivan, esq., advised the Plaintiff via e-mail message ( colin@patreon.com ) on 11/29/2017 that Plaintiff should obtain a Federal Rules of Civil Procedure Rule 45 subpoena (see **EXHIBIT**). Mr. Sullivan should be obliged with such a Court-issued subpoena in light of the Defendant's discovery foot-dragging and non-compliance.

9. In an e-mail message to the Plaintiff on 11/30/2017, the Defendant breached any privileged or confidential communications channel with Mr. Sullivan. On that date the Defendant revealed confidential discussions between the Defendant and Mr. Sullivan to a third-party (Plaintiff). In those discussions it was determined that the undersigned "*is an idiot*"; see e-mail message below.



10. These are the confidential discussions that the Plaintiff believes have some unique privileged exemption from discovery. Even if such a privilege were to exist, the Defendant has breached the privilege with a third party (Plaintiff).

11. This becomes an acute issue considering the hundreds of videos created by the Defendant about the Plaintiff that reside behind the so-called "PATREON pay-wall" which restricts the Plaintiff's viewing and access. The Plaintiff cannot fully comply with the Court's ORDER (**Dkt. 208**) without such access or knowledge of these videos; see "*a. Identify every statement made by Defendant that Plaintiff claims was defamatory toward Plaintiff and, for each sch [sic] statement, provide a citation to a specific source.*"

12. Therefore, the Plaintiff requests the intervention of this Court to ORDER a compiled index of discovery materials that will be withheld based upon legal privilege and that the Court issue a Rule 45 subpoena to obtain the same evidence directly from Mr. Sullivan at PATREON to comply with his request for same.

13. The Court may wish to note, Associate Justice Sotomayor, in her first opinion, held (for the unanimous Court) that a district court order that compels disclosure of what is claimed to be attorney-client privileged material is not immediately appealable under the collateral order doctrine. *Mohawk Industries Inc. v. Carpenter,* 130 S.Ct. 599 (2009). Therefore, there appears to be no immediate impediments to prevent the Court to issue a Rule 45 subpoena to compel the release of documents held by PATREON, INC. PATREON can move to quash such a subpoena.


Respectfully,

*D. Swt*

D. George Sweigert

(attachments)

## EXHIBITS

The Plaintiff herein certifies that the following EXHIBITS are true and accurate copies of the original source documents.

*D. Sat*

February 19, 2021



From:Colin Sullivan<colin@patreon.com>

11/29/2017 9:14 PM

To  Spoliation Notice

Thank you for reaching out. Will you also be sending us a rule 45 subpoena?

On Wed, Nov 29, 2017 at 10:15 AM, Spoliation Notice <spoliation-notice@mailbox.org> wrote:

To:
Colin Sullivan
Bar no. 285203
General Counsel
Patreon, Inc.

Dear Sir,

This notice requests that you begin the process of a litigation hold on all electronic evidence stored, processed or transmitted by your organization for the following account:

    crowdsourcethetruth

The operator of this account is a defendant in a federal lawsuit:

    Jason Goodman

This request is an evidence preservation request to prevent spoliation of electronic evidence that will be sought in federal litigation (please consult Federal Rules of Civil Procedure for guidance).

Mr. Goodman is a defendant to allegations that concern public doxing, copyright violations, harassment and hate speech.  All which appear to violate the community standards policy of Patreon.

Recently, Mr. Goodman has allegedly published a series of videos on your platform that attack the privacy, physical characteristics, and intelligence of private citizens in the State of California that Mr. Goodman perceives may be friends of the plaintiff in this federal lawsuit.

Therefore, as your company holds this evidence, and as it will be required to be admitted into the court record, a strong request is hereby made that you preserve this evidence (account application, invoices, payments, video content, records of messages, transactions with Mr. Goodman, etc.).

As many of these actions allegedly violate California privacy laws, there is an increased duty to preserve these records as follow-up complaints shall be lodged with the California Attorney General with a copy of this notification.

If your organization allows this behavior to persist, serious consideration will be given to adding Patreon as a co-defendant in this federal litigation -- as your company will only be aiding in the distribution of the offense material.

This is a very serious matter as law enforcement has become involved.

Thank you.

## CERTIFICATE OF SERVICE

The undersigned hereby attests under penalties of perjury that copies of this communication have been sent via electronic mail message to the following parties on the nineteenth day (19th) of February, two thousand and twenty-one (2021).

| | |
|---|---|
| **Clerk of the Court, Room 200**<br>**U.S. District Court 500 Pearl Street**<br>**New York, New York 10007-1312**<br>**EMAIL:**<br>**temporary_pro_se_filing@nysd.uscourts.gov** | **Jason Goodman, CEO**<br>**Multimedia System Design, Inc.**<br>**252 7th Avenue, Apart. #6S**<br>**New York, NY 10001**<br>**truth@crowdsourcethetruth.org** |

*D. GEORGE SWEIGERT*
*Pro Se Non-Attorney*
*GENERAL DELIVERY*
*NEVADA CITY, CA 95959*