U.S. DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| SWEIGERT | CIVIL CASE #: |
|---|---|
| V. | 1:18-CV-08653-VEC |
| GOODMAN | JUDGE VALERIE E. CAPRONI |

# PLAINTIFF'S SUPPLEMENTAL MEMORANDUM
# IN SUPPORT OF PRELIMINARY INJUNCTIVE RELIEF

Plaintiff submitted a Memorandum of Law in Support of His Motion for Preliminary Injunctive Relief (P.I.R.) as **ECF no. 178** (12/21/2020).

This document supplements **Dkt. No. 178.**

Assertions made by the Plaintiff herein are certified under the penalties of perjury as truthful. A Certificate of Service appears on the LAST page of this pleading.

A hard-copy paper version was given to the U.S. Postal Service on 2/13/2021 with Priority Mail tracking. The paper copy is apparently lost in the mail system. If said papers arrive please disregard same as a legal nullity. Signed this 20th day of February 2021.

*D. GEORGE SWEIGERT*
*GENERAL DELIVERY*
*NEVADA CITY, CA 95959-9998*
*SPOLIATION-NOTICE@MAILBOX.ORG*

1

## LOST U.S. MAIL DOCUMENTATION

**Tracking History**

**February 17, 2021**
In Transit, Arriving Late
Your package will arrive later than expected, but is still on its way. It is currently in transit to the next facility.

**February 13, 2021, 8:30 pm**
Arrived at USPS Regional Origin Facility
SACRAMENTO CA DISTRIBUTION CENTER

**February 13, 2021, 6:24 pm**
Departed Post Office
NEVADA CITY, CA 95959

**February 13, 2021, 11:35 am**
USPS in possession of item
NEVADA CITY, CA 95959

## SUPPLEMENTAL MEMORANDUM

MAY IT PLEASE THE COURT, the U.S. Court of Appeals for the Second Circuit (2d Cir.) has released an opinion with an analogous application of law and fact to this present lawsuit and the pending Motion for Preliminary Injunctive Relief (see ECF Doc. 178).

The Plaintiff incorporates by reference herein the arguments and evidence set forth in *Electra* et al. *v. 59 Murray Enterprises Inc.* et al., case number 19-235, in the U.S. Court of Appeals for the Second Circuit, decided February 9, 2021 (remanded to S.D.N.Y.).

### I.   BACKGROUND

The Plaintiff has sought relief by preliminary injunction by introducing this Court to the concept of Internet "click-bait" enticements to the public. This click-bait is so named to lure a consumer to "click" their computer mouse. It is established click-bait is presented in the form of a video thumbnail, title, or description to accompany a podcast video. Click-bait instrumentalities are not embedded or otherwise connected to a video podcast.

These instrumentalities (thumbnails, titles, descriptions) are separate and apart of any accompanying podcast video content published by the Defendant's CrowdSource The Truth. The use of click-bait by the Defendant is an undisputed material fact (ECF no. 185). The Plaintiff has claimed that the use of these click-bait instrumentalities represents "advertisements in disguise" as the Plaintiff has nothing to do with the accompanying fictionalized news stories published by CrowdSource The Truth. The issue of "advertisements in disguise" is a question of law, not a question of material facts.

In *Electra et al. v. 59 Murray Enterprises Inc.* the question decided by the Second Circuit orbits the likeness of sexy female model plaintiffs, with no connection to certain defendant "Gentlemen Clubs" (aka "strip clubs"), misappropriated by said clubs. The likenesses of these female plaintiffs were used in advertising messages promoting sleezy strip clubs. The models argued that the use of their likeness to promote and/or endorse such "strip clubs", which they had nothing to do with, was a violation of New York Civil Rights Law §§ 50 and 51. In fact, it was argued the mere association of their likenesses with such sleezy operations was considered to permanently tarnish their reputations.

As stated on page 55 of the decision, " The SAC alleges that Appellees "violated N.Y. 15 Civil Rights Law §§ 50-51 by invading Plaintiffs' privacy, misappropriating their likeness, and publishing altered Images of Plaintiffs which made it appear as though Plaintiffs were employed at one or more of the Clubs, or endorsed one or more of the Clubs."

As stated on page 56 of the decision, "Appellants thus brought suit under Section 51 seeking not just compensatory damages, but also <u>injunctive relief</u>." [emphasis added]

## II.     ARGUMENT

The analogy between this present case and the "strip club" case rests with the advertisements relied upon to lure the public to these respective cyber "strip clubs". In this context, <u>CrowdSource The Truth</u> operates in a manner as a "strip club", in that special membership is required to view the "select content" within the private PATREON pay-wall.

PATREON is not a well-known service to the public. Content providers like the Defendant must advertise PATREON for the public to become aware of its presence on the Internet. The lack of general publicity of the PATREON pay-wall requires advertisements to lure the public to

4

PATREON, as is also typical for "sleezy strip clubs". Members of the public are alerted to the location of such clubs and then must pay a "cover charge" to enter the "club". In the same manner the CrowdSource The Truth "club" operated behind the PATREON pay-wall must advertise and lure the public to pay a "cover charge" (PATREON).

In the "strip club" case, female models had their images misappropriated (without their consent) and attached to advertising for an enterprise that had no relationship with. As with the CrowdSource The Truth PATREON "club", the Defendant has misappropriated the likeness and name of the Plaintiff to imply some relationship between the Plaintiff and the Defendant's "concocted conspiracy theories" (ECF no. 140) or "fictionalized news". There is no such relationship between the Plaintiff and the fictionalized news widely distributed by the Defendant.

The click-bait instrumentalities are nothing more than cyber newspaper advertisements which are similar to the advertisements discussed in *Electra* et al. *v. 59 Murray Enterprises Inc*.

### III.     CONCLUSION

The Court is reminded that the Defendant has never filed a REPLY to Plaintiff's OPPOSITION (ECF no. 185) concerning the magistrate's Report and Recommendation on the matter of Preliminary Injunctive Relief (P.I.R.). See MEMO ENDORSEMENT ECF No. 186 (1/08/2021), quoted in relevant part, "Second, Mr. Sweigert also requests that he be allowed to appeal Judge Aaron's Report and Recommendation ("R&R"), Dkt. 181. But as Mr. Sweigert notes, reports and recommendations of Magistrate Judges lack finality and are not subject to appeal. Mr. Sweigert must first wait for a final order by the District Court, which "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28. U.S.C. § 636(b)(1)(C). Without a final order by the Court, there is nothing for Mr.

Sweigert to appeal." It may be prudent for the magistrate judge to order the Defendant's REPLY to the OPPOSITION (ECF no. 185) to remove any procedural entanglements in this matter.

The Plaintiff respectfully requests that the Court consider *Electra* et al. *v. 59 Murray Enterprises Inc*. when evaluating the Preliminary Injunctive Relief motion (after a REPLY is docketed by the Defendant, albeit after several weeks delay).

Signed this 20th day of February 2021.

*D. GEORGE SWEIGERT*
*GENERAL DELIVERY*
*NEVADA CITY, CA 95959-9998*
*SPOLIATION-NOTICE@MAILBOX.ORG*

*D. GEORGE SWEIGERT*
*GENERAL DELIVERY*
*NEVADA CITY, CA 95959-9998*
*SPOLIATION-NOTICE@MAILBOX.ORG*

**U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**
**(FOLEY SQUARE)**

D George Sweigert

**Plaintiff**

v.

Jason Goodman

**Defendant**

CIVIL CASE #: 1:18-CV-08653-VEC

JUDGE VALERIE E. CAPRONI

MAGISTRATE STEWART D. AARON

CERTIFICATE OF SERVICE

I HEREBY ATTEST that a true copy of the attached pleadings has been sent to the following addressees on the 21st day of February 2021.

Jason Goodman, CEO
Multimedia System Design, Inc.
252 7th Avenue, Apart. #6S
New York, NY 10001
truth@crowdsourcethetruth.org [added 2/20/2021]

Clerk of the Court, Room 200
U.S. District Court
500 Pearl Street
New York, New York 10007-1312
temporary_pro_se_filing@nysd.uscourts.gov [added 2/20/2021]

*[signature: D. Swgt]*

**D. GEORGE SWEIGERT**