U.S. DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| SWEIGERT | CIVIL CASE #: |
|---|---|
| V. | 1:18-CV-08653-VEC |
| GOODMAN | JUDGE VALERIE E. CAPRONI |

# PLAINTIFF'S NOTICE OF RULE 37(2)(B) MOTION
# TO COMPEL FULL AND ACCURATE ANSWERS FROM DEFENDANT
# TO SUPPORT ECF DOCUMENT NO. 204

Plaintiff hereby MOTIONS this Court to ORDER Defendant to supplement ECF numbered document **204.**

Assertations made by the Plaintiff herein are certified under the penalties of perjury as truthful.

A Certificate of Service appears on the LAST page of this pleading.

Signed this 22nd day of February 2021.

*D. GEORGE SWEIGERT*
*GENERAL DELIVERY*
*NEVADA CITY, CA 95959-9998*
*SPOLIATION-NOTICE@MAILBOX.ORG*

## ATTESTATION OF THE PLAINTIFF

As of this date, I have received no e-mail messages from the Defendant attempting to confer related to issues regarding discovery. So sworn under oath.

D. Geo. Sweigert

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ............................................................................................... 4

**MEMORANDUM OF LAW** ............................................................................................... 6

**PRELIMINARY STATEMENT** ....................................................................................... 6

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY** .............................................. 7

**ARGUMENT** ............................................................................................................. 8

**RELIEF REQUESTED** .................................................................................................. 10

# TABLE OF AUTHORITIES

**Cases**

*Aguilera v. Fluor Enterprises, Inc.,* No. 2:10-CV-95-TLS-PRC, 2011 WL 1085146, at *2 (N.D. Ind. Mar. 21, 2011).................................................................................................... 7

*Arkansas River Power Authority v. Babcock & Wilcox Power Generation Group, Inc.,* No. 14-cv-00638-CMA-NYW, 2015 WL 2128312, at *2 (D. Colo. May 5, 2015).............................. 7

*Bottoms v. Liberty Life Assur. Co. of Boston,* No. 11-cv-01606- PAB-CBS, 2011 WL 6181423, at *7 ..................................................................................................................................... 7

*Compagnie Francaise d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co.*, 105 F.R.D. 16, 42 (S.D.N.Y. 1984)................................................................................ 8

*Coregis Ins. Co. v. Baratta Fenerty, Ltd.,* 187 F.R.D. 528, 530 (E.D. Pa. 1999) (Joyner, J.)........ 8

*Haring v. Eckerd Corp.*, 2002 U.S. Dist. LEXIS 11654 at *3-*4 (E.D. Pa., May 16, 2002).......... 8

*Jacoby v. Hartford Life & Accident Ins. Co.,* 254 F.R.D. 477, 478 (S.D.N.Y. 2009) ..................... 9

*Massachusetts School of Law at Andover v. American Bar Ass'n,* 1996 U.S. Dist. LEXIS 1619, 1996 WL 65448 at *5-6 (E.D. Pa., Feb. 15, 1996) ............................................................ 8

*Melendez v. Greiner,* 01-cv-7888 (SAS)(DF), 2003 WL 22434101, at *1 (S.D.N.Y. Oct. 23, 2003)......................................................................................................................... 8

*Milburn v. City of York*, No. 1:12-CV0121, 2013 WL 3049108, at *4 (M.D. Pa. June 17, 2013). 7

*Momah v. Albert Einstein Medical Center*, 164 F.R.D. 412, 417 (E.D. Pa. 1996) (Joyner, J)....... 8

*Pegoraro v. Marrero,* 281 F.R.D. 122, 128 (S.D.N.Y. 2012) ....................................................... 8

*Watson v. Scully,* No. 87 CIV. 0571 (CSH), 1988 WL 73390, at *2 (S.D.N.Y. July 1, 1988) ...... 7

**Rules**

Fed. R. Civ. P. Rule 33(b)(4) ................................................................................................ 8

Fed. R. Civ. Proc. Rule 37(a)(1) ........................................................................................... 6

## MEMORANDUM OF LAW

Plaintiff D. Geo. Sweigert, a *pro se* non-attorney who has completed one half semester of law school in good standing, respectfully submits this memorandum of law to accompany Plaintiff's motion, entitled "*PLAINTIFF'S NOTICE OF RULE 37(2)(B) MOTION TO COMPEL FULL AND ACCURATE ANSWERS FROM DEFENDANT TO SUPPORT ECF DOCUMENT NO. 204*". Plaintiff herein incorporates **ECF doc. No. 211** as if fully restated.

## PRELIMINARY STATEMENT

Plaintiff's investigation and development of all facts and circumstances relating to this action is ongoing. Plaintiff does not waive, and hereby expressly reserves, his right to assert any and all objections as to the admissibility of Defendant's responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege.

Defendant has filed his discovery responses which are incomplete and make use of hallow defenses. These answers and defenses are embodied in document **ECF no. 204,** *Defendant's Response to Interrogatories*.

The Defendant was required to answer said interrogatories under oath as directed **by ECF Doc. No. 173**. Unlike party-to-party discovery, these answers to interrogatories were ordered by the Court (**Dkt. 173**) and not requested by the Plaintiff.

In his interrogatories answers the Defendant has used the phrase "*Defendant objects to this request as being overbroad, excessively burdensome and redundant*" in answers to Interrog. 1(c), 1(d) and 2(d) (see **Dkt. 204**), and the phrase "*Defendant objects to this request as being*

6

*overbroad, excessively burdensome and seeking documents of a privileged nature that will be used in preparation of Defendant's legal defense in this matter*" in answers to Interrog. 2(a) and 2(c) (**Dkt. 204**).

An opposing party that objects to interrogatories or requests, may seek relief from the court with a motion to compel production pursuant to Federal Rules of Civil Procedure Rule 37 (Fed. R. Civ. Proc.), but only after, in good faith, said party confers with the opposing party to resolve discovery disputes without court intervention. See Fed. R. Civ. Proc. Rule 37(a)(1).  This is such a motion.  E-mail message communication has completely broken down between the Plaintiff and the Defendant.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

1. The Defendant was ordered to provide a response (under oath) to interrogatories carefully selected by the Court (see ORDER, **ECF No. 173**).  See para. (1)(a) thru (e) of said ORDER.  Para. (2) of said ORDER required the Defendant to provide the Plaintiff certain discovery materials by January 15th, 2021.  That ORDER (**Dkt. 173**) is herein incorporated as if fully restated.

2. This ORDER (**Dkt. 173**) required the Defendant to accomplish two things (1) submit Court ordered discovery materials to the Plaintiff, and (2) file discovery materials (interrogatories and requests for documents) with the Court for the furtherance of this legal action.

3. On 1/26/2021 Plaintiff filed his MOTION TO COMPEL DISCOVERY (Dkt.188) to seek Defendant's compliance with the Dkt. 173 ORDER.

4. By ORDER of 1/29/2021 (**Dkt. 190**) the magistrate judge provided the Defendant a warning concerning issues related to the lack of compliance with discovery orders (such as **Dkt. 173**). The Defendant filed his response to the interrogatories as **Dkt. 204.**

## ARGUMENT

### I. LEGAL STANDARD

5. Concerning discovery matters, courts have generally recognized an "ordinary presumption in favor of broad disclosure." See, e.g., *Arkansas River Power Authority v. Babcock & Wilcox Power Generation Group, Inc.,* No. 14-cv-00638-CMA-NYW, 2015 WL 2128312, at *2 (D. Colo. May 5, 2015); *Milburn v. City of York*, No. 1:12-CV0121, 2013 WL 3049108, at *4 (M.D. Pa. June 17, 2013); *Aguilera v. Fluor Enterprises, Inc.,* No. 2:10-CV-95-TLS-PRC, 2011 WL 1085146, at *2 (N.D. Ind. Mar. 21, 2011). See also *Bottoms v. Liberty Life Assur. Co. of Boston,* No. 11-cv-01606- PAB-CBS, 2011 WL 6181423, at *7 ("[a]n objection challenging a discovery request as 'overbroad' implicitly concedes that the request encompasses some information that is properly discoverable. The responding party is obligated to reasonably construe the discovery request . . . and cannot evade its [discovery] obligations by summarily dismissing an interrogatory or request for production as 'overbroad.'").

6. In *Watson v. Scully,* No. 87 CIV. 0571 (CSH), 1988 WL 73390, at *2 (S.D.N.Y. July 1, 1988) although plaintiff's document requests were overbroad and sought irrelevant information, the court found that the "defendant [was] not absolved of all responsibility to produce documents pursuant to these requests" since "[i]t is reasonable to infer that subsumed in plaintiff's overbroad request is a more specific request" that does encompass relevant documents.

7. General boilerplate objections are improper responses to discovery requests. *See, e.g., Coregis Ins. Co. v. Baratta Fenerty, Ltd.,* 187 F.R.D. 528, 530 (E.D. Pa. 1999) (Joyner, J.) (general "boilerplate" objections to discovery improper); *Momah v. Albert Einstein Medical Center*, 164 F.R.D. 412, 417 (E.D. Pa. 1996) (Joyner, J) ("mere recitation of familiar litany that interrogatory or document production request is overly broad, burdensome, oppressive and irrelevant" is improper to meet burden on producing party to "state grounds for objection with specificity"); *Massachusetts School of Law at Andover v. American Bar Ass'n,* 1996 U.S. Dist. LEXIS 1619, 1996 WL 65448 at *5-6 (E.D. Pa., Feb. 15, 1996) (Ditter, J.) (boilerplate, conclusory objections, even to claims of privilege, are improper and stricken; discovery compelled); *Haring v. Eckerd Corp.*, 2002 U.S. Dist. LEXIS 11654 at *3-*4 (E.D. Pa., May 16, 2002).

8. "A party resisting discovery has the burden of showing 'specifically how, despite the broad and liberal construction afforded the federal discovery rules, each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive . . . by submitting affidavits or offering evidence revealing the nature of the burden.'" *Pegoraro v. Marrero,* 281 F.R.D. 122, 128 (S.D.N.Y. 2012) (quoting *Compagnie Francaise d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co*., 105 F.R.D. 16, 42 (S.D.N.Y. 1984) (citation omitted)). "The grounds for objecting to any interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. Rule 33(b)(4). "General and conclusory objections as to relevance, overbreadth, or burden are insufficient to exclude discovery of requested information." *Melendez v. Greiner,* 01-cv-7888 (SAS)(DF), 2003 WL 22434101, at *1 (S.D.N.Y. Oct. 23, 2003). Boilerplate objections that include unsubstantiated claims of undue burden, overbreadth and lack

of relevancy, accompanied by a lack of document production or interrogatory responses, "are a paradigm of discovery abuse." *Jacoby v. Hartford Life & Accident Ins. Co.,* 254 F.R.D. 477, 478 (S.D.N.Y. 2009).

## RELIEF REQUESTED

9. The Plaintiff seeks this Court's relief in the form of an ORDER to compel the Defendant to definitize his interrogatory answers to 1(c), 1(d), 2(a), 2(c), and 2(d).

Signed this 22nd day of February 2021.

*D. GEORGE SWEIGERT*
*GENERAL DELIVERY*
*NEVADA CITY, CA 95959-9998*
*SPOLIATION-NOTICE@MAILBOX.ORG*

*D. GEORGE SWEIGERT*
*GENERAL DELIVERY*
*NEVADA CITY, CA 95959-9998*
*SPOLIATION-NOTICE@MAILBOX.ORG*

**U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**
**(FOLEY SQUARE)**

D George Sweigert

<u>Plaintiff</u>

v.

Jason Goodman

<u>Defendant</u>

CIVIL CASE #: 1:18-CV-08653-VEC

JUDGE VALERIE E. CAPRONI

MAGISTRATE STEWART D. AARON

CERTIFICATE OF SERVICE

I HEREBY ATTEST that a true copy of the attached pleadings have been sent to the following addressees via electronic e-mail message on the 22nd day of February 2021.

Jason Goodman, CEO
Multimedia System Design, Inc.
252 7th Avenue, Apart. #6S
New York, NY 10001
truth@crowdsourcethetruth.org [

Clerk of the Court, Room 200
U.S. District Court
500 Pearl Street
New York, New York 10007-1312
temporary_pro_se_filing@nysd.uscourts.gov

*D. Sgt* (signature)

**D. GEORGE SWEIGERT**