U.S. DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| SWEIGERT | CIVIL CASE #: |
|---|---|
| V. | 1:18-CV-08653-VEC |
| GOODMAN | JUDGE VALERIE E. CAPRONI |

### PLAINTIFF'S SECOND NOTICE OF MOTION (WITH MEMORANDUM OF LAW IN SUPPORT OF MOTION) FOR JUDICIAL NOTICE OF DOCUMENTS AND FACTS

Pursuant to Federal Rule of Evidence 201, and in connection with Plaintiffs' Motion for Preliminary Injunctive Relief and discovery, Plaintiff respectfully requests that the Court take judicial notice of the following federal lawsuit and artifact that involves the Defendant as a party:

- **Case Number:** 20STCV10636, BETH BOGAERTS VS THOMAS SCHOENBERGER, ET AL., Superior Court of Los Angeles

  ORDER, 9/09/2020

  DECLARATION OF MANUEL CHAVEZ, 9/09/2020

A Certificate of Service appears on the LAST page of this pleading.

Signed this nineteenth (19th) day of March 2021.

Respectfully,

*D. Sgt* (signature)

D. Geo. Sweigert

D. GEORGE SWEIGERT
GENERAL DELIVERY
NEVADA CITY, CA 95959-9998
SPOLIATION-NOTICE@MAILBOX.ORG

**MEMORANDUM OF LAW**

I. **THE COURT MAY TAKE JUDICIAL NOTICE OF FACTS THAT ARE NOT SUBJECT TO REASONABLE DISPUTE WHERE THEIR ACCURACY CAN BE DETERMINED BY RELIABLE SOURCES**

Pursuant to Rule 201(b)(2) of the Federal Rules of Evidence, courts may take judicial notice of facts that are not subject to reasonable dispute and are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Where a Court is supplied with the necessary information, taking judicial notice is mandatory. See Fed. R. Evid. 201(d).

II. **COURT RECORDS ARE SUBJECT TO JUDICIAL NOTICE**

Pleadings and court filings are just the kind of documents that are not subject to reasonable dispute and are capable of accurate and ready determination under Rule 201(b)(2) of the Federal Rules of Evidence. Accordingly, it is proper for courts to take judicial notice of the existence of such documents. See *Roe v. Johnson,* 334 F. Supp. 2d 415, 419-20 (S.D.N.Y. 2004) (recognizing that a court, pursuant to Rule 201(b), may take notice of the public record, including complaints and court opinions); see also *A.I. Trade Finance, Inc. v. Centro Internationale Handelsbank AG,* 926 F. Supp. 378, 387 (S.D.N.Y. 1996) (in taking judicial notice of a judgment in Vienna, Austria, the court pointed out that "[t]he Second Circuit has noted that Rule 201 permits a court to take judicial notice of a foreign judgment").

III. **CONCLUSION**

For the reasons set forth above, the Plaintiff respectfully requests that the Court grant, in its entirety, the Plaintiff's Motion for Judicial Notice of Documents and Facts.

A Certificate of Service appears on the LAST page of this pleading.

Signed this nineteenth day of March 2021.

Respectfully,

*D. Geo. Sweigert*

**D. GEORGE SWEIGERT**
**GENERAL DELIVERY**
**NEVADA CITY, CA 95959-9998**
**SPOLIATION-NOTICE@MAILBOX.ORG**

## CERTIFICATE OF SERVICE

**The undersigned hereby attests under penalties of perjury that copies of this communication have been sent via electronic mail message to the following parties on the nineteenth (19th) day of March, two thousand and twenty-one (2021).**

| | |
|---|---|
| **Clerk of the Court, Room 200** <br> **U.S. District Court 500 Pearl Street** <br> **New York, New York 10007-1312** <br> **temporary_pro_se_filing@nysd.uscourts.gov** | **Jason Goodman, CEO** <br> **Multimedia System Design, Inc.** <br> **252 7th Avenue, Apart. #6S** <br> **New York, NY 10001** <br> **truth@crowdsourcethetruth.org** |

*D. GEORGE SWEIGERT*
*Pro Se Non-Attorney*
*GENERAL DELIVERY*
*NEVADA CITY, CA 95959*

3

**ATTACHMENT "A"**

**FILED**
Superior Court Of California
County Of Los Angeles

SEP 09 2020

Sherri R. Carter, Executive Officer/Clerk
*Superior Court of California,* By_____, Deputy
*County of Los Angeles*                    Shantal Lugueno

*Department 32*

| | |
|---|---|
| BETH BOGAERTS, | Case No.: 20STCV10636 |
| Plaintiff, | Hearing Date: September 9, 2020 |
| v. | |
| | ~~[TENTATIVE]~~ ORDER RE: |
| THOMAS SCHOENBERGER, et al., | MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION |
| Defendants. | |

## Background

**A. Complaint**

Plaintiff Beth Bogaerts (Plaintiff) commenced this action against Defendants Thomas Schoenberger (Schoenberger), Trevor Fitzgibbon (Fitzgibbon), Manuel Chavez (Chavez), and Michael Levine (Levine) (collectively, Defendants) on March 16, 2020. The Complaint asserts causes of action for (1) fraud, (2) negligence, (3) promissory estoppel, (4) breach of contract, (5) negligent misrepresentation, (6) breach of implied covenant of good faith and fair dealing, (7) extortion in violation of Penal Code section 518, (8) civil harassment in violation of CCP section 527.6, and (9) declaratory and injunctive relief. The Complaint alleges in pertinent part as follows.

In December 2016 and May 2017, Defendants contacted Plaintiff online and offered to enter into a mutually-beneficial business transaction with her.

In October 2017, after discussing the business model and related logistics, the parties formed a legal entity called ShadowBox Strategies, Inc. (ShadowBox). To aid the business, Plaintiff extended a series of personal loans: (1) a loan to Schoenberger in the amount of $15,739.41, (2) a loan to Fitzgibbon the amount of $10,899.99, and (3) a loan to Chavez in the amount of $499.19. Schoenberger, Fitzgibbon, and Chavez promised to repay Plaintiff but have failed and refused to do so.

In addition to the loans, Schoenberger has attempted to extort Plaintiff. Schoenberger has threatened to release a private video of the two unless Plaintiff pays him a certain sum of money. Chavez has also posted several online videos about Plaintiff in order to harass her. Chavez claims in these videos that he will "stop at nothing in the entire world to ruin [Plaintiff's] life."

**B. Course of Proceedings**

Default was entered against Fitzgibbon on April 22, 2020. Default judgment in the total amount of $11,529.59 was entered against Fitzgibbon on July 8, 2020

Plaintiff dismissed Chavez from the action without prejudice on May 12, 2020. Plaintiff dismissed Levine from the action without prejudice on August 6, 2020.

### Legal Standard

Due process permits the exercise of personal jurisdiction over a nonresident defendant in the following four situations: (1) where the defendant is domiciled in the forum state when the lawsuit is commenced; (2) where the defendant is personally served with process while he or she is physically present in the forum state; (3) where the defendant consents to jurisdiction or makes a general appearance; and (4) where the defendant has sufficient "minimum contacts" with the forum state, such that the exercise of jurisdiction would not offend "traditional notions of fair play and substantial justice." (*In re Marriage of Fitzgerald & King* (1995) 39 Cal.App.4th 1419, 1425-26.)

2

The fourth situation, sufficient minimum contacts, depends on the facts of each case. The defendant's minimum contacts may establish either general jurisdiction or special jurisdiction. A court may exercise general jurisdiction over a nonresident defendant if his or her contacts in the forum state are substantial, continuous, and systematic. (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 445.) In such cases, it is unnecessary that the specific cause of action alleged be connected with the defendant's business relationship to the forum because defendant's contacts with the forum are so wide-ranging that they take the place of physical presence in the forum. (*Id.* at 446-46.) If the nonresident does not have substantial and systematic contacts in the forum sufficient to establish general jurisdiction, a court may exercise specific jurisdiction over a nonresident defendant if: (1) the defendant has purposefully availed himself or herself of forum benefits, (2) the controversy is related to or arises out of the defendant's contacts with the forum, and (3) the assertion of personal jurisdiction would comport with fair play and substantial justice. (*Snowney v. Harrah's Entertainment, Inc.* (2005) 35 Cal.4th 1054, 1062.)

A nonresident defendant can challenge the court's personal jurisdiction by bringing a motion to quash service of summons. (CCP § 418.10(a)(1).) In making this challenge, the burden of proof is upon the plaintiff to demonstrate by a preponderance of evidence that minimum contacts exist between defendant and the forum state to justify imposition of personal jurisdiction. (*Mihlon v. Sup. Ct.* (1985) 169 Cal.App.3d 703, 710.) To carry this burden, the plaintiff must come forward with affidavits, declarations, and other competent evidence. (*ViaView, Inc. v. Retzlaff* (2016) 1 Cal.App.5th 198, 217.) Once facts showing minimum contacts with the forum state are established, it becomes the defendant's burden to demonstrate that the exercise of jurisdiction would be unreasonable. (*Vons, supra,* 14 Cal.4th at 447.)

## Discussion[1]

---

[1] Plaintiff's request for judicial notice is granted. (Evid. Code § 452(d).)

3

1    Schoenberger moves to quash service of summons for lack of personal jurisdiction. In
2  his two-page brief, Schoenberger claims that Plaintiff cannot substantiate personal jurisdiction
3  over him under California's long-arm statute. Schoenberger claims that he is a Utah resident and
4  was a Utah resident when served with the Complaint at his home.
5    The burden rests with Plaintiff to demonstrate that the Court can exercise personal
6  jurisdiction over Schoenberger. (*Mihlon, supra*, 169 Cal.App.3d at 710.)
7    Plaintiff contends that the Court has personal jurisdiction over Schoenberger because he
8  has substantial minimum contacts with California. In support, Plaintiff presents the following
9  pieces of evidence:
10   (1) An Annual Franchise Tax Report for ShadowBox, the company which the parties
11       allegedly formed (Compl. ¶¶ 13-20). (Pl. Decl. Ex. B.) The tax report is dated
12       October 2017. (*Ibid.*) The report lists ShadowBox's principal place of business as
13       4415 Westchester Drive, Woodland Hills, CA 91364 and lists Schoenberger as the
14       company's president and director. (*Ibid.*)
15   (2) Address information from Schoenberger's PayPal account. (Pl. Decl. Ex. C.)
16       Plaintiff transmitted funds to Schoenberger through this PayPal Account. (Pl. Decl.
17       ¶¶ 11-12.) The PayPal account lists Schoenberger as having a California address in
18       2018. (Pl. Decl. Ex. C.) Corroborating this, Plaintiff avers that Schoenberger was in
19       Los Angeles when he received the loan proceeds. (Pl. Decl. ¶ 15.)
20   (3) Case information from a probate action entitled *Elsebeth Nellsen Schoenberger Trust*
21       (Case No. 18PR00275) filed in Napa County Superior Court in December 2018.
22       (RJN Ex. E.) In this probate action, Schoenberger served as the petitioner and he
23       listed his address as Woodland Hills, California. (*Ibid.*)
24   (4) An email from Schoenberger to Plaintiff on February 15, 2019. (Pl. Decl. Ex. F.)
25       The email states in pertinent part: "This email will serve as a legal document And

4

1    monies give to Thomas Schoenberger by [Plaintiff] of Vienna Austria to Thomas
2    Schoenberger of Los Angeles between Feb 10th 2019 onward will be considered a
3    loan to be paid back at 30% interest." (*Ibid.*)
4    (5) A declaration from Chavez. Chavez avers that Schoenberger lived in California from
5    2017 to late 2018 and received loans from Plaintiff while he lived or conducted
6    business in this state. (Chavez Decl. ¶¶ 7-8, 14.)
7    With the submission of this unrefuted evidence, Plaintiff has satisfied her burden in this
8    motion. This evidence shows that Schoenberger purposefully availed himself of forum benefits
9    because Schoenberger lived in California at the time these causes of action arose and conducted
10   substantial business in this state. This evidence shows that the controversy is related to and
11   arises out of Schoenberger's contacts with California because the evidence shows that
12   Schoenberger entered into the loan agreements, received loan proceeds, breached the loan
13   agreements, and made the allegedly extortionate threats while a resident of California. Finally,
14   the assertion of personal jurisdiction over Schoenberger comports with fair play and substantial
15   justice because of the aforementioned substantial connections between Schoenberger and this
16   state.
17   In response, Schoenberger has failed to argue or show that this court's exercise of
18   personal jurisdiction over him would be unreasonable.

19                                    **Conclusion**

20   Schoenberger's motion to quash service of summons is denied. Δ to file
21   answer w/in 20 days of this order. π to give notice
22   DATED: September 9, 2020

23                                                        Honorable Daniel S. Murphy
                                                          Judge, Los Angeles Superior Court
24
25

5

**ATTACHMENT "B"**

Electronically FILED by Superior Court of California, County of Los Angeles on 08/26/2020 08:29 AM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Panganiban,Deputy Clerk

Case 1:18-cv-08653-VEC-SDA   Document 229   Filed 03/18/21   Page 11 of 13

1  **Salar Atrizadeh, Esq. (SBN: 255659)**
   LAW OFFICES OF SALAR ATRIZADEH
2  9701 Wilshire Blvd., 10th Floor
   Beverly Hills, CA 90212
3  Telephone: 310-694-3034
   Facsimile:  310-694-3057
4  Email: salar@atrizadeh.com

5  Attorney for Plaintiff
   BETH BOGAERTS

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| BETH BOGAERTS, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>THOMAS SCHOENBERGER, an individual, TREVOR FITZGIBBON, an individual, MANUEL CHAVEZ, an individual, MICHAEL LEVINE, an individual, and DOES 1 through 20, inclusive,<br><br>    Defendants. | Case No.: 20STCV10636<br><br>*Assigned for all purposes to the Honorable Daniel S. Murphy [Dept.: 32]*<br><br>**DECLARATION OF MANUEL CHAVEZ**<br><br><br>Date: September 9, 2020<br>Time: 10:00 a.m.<br>Dept.: 32 |

---

1
**DECLARATION OF MANUEL CHAVEZ**

**DECLARATION OF MANUEL CHAVEZ**

I, MANUEL CHAVEZ, declare that:

1. I am a co-defendant in the above-listed legal action.

2. I am over the age of 18 and the following facts and circumstances are personally known to me, and if called, I would competently testify thereto.

3. The following facts and circumstances are personally known to me, and if called, I would competently testify thereto.

4. I am familiar with and have personal knowledge of all exhibits that are included within this declaration, if any, since I personally prepared, reviewed, and submitted them.

5. I hereby authenticate the exhibits, if any, that are attached hereto and incorporated by reference herein.

6. I have known Thomas Schoenberger for approximately three years.

7. In 2017, Mr. Schoenberger was a resident of California when I first met him in Solvang, California.

8. From 2017 to late 2018, he lived in California with another person.

9. I have personally visited Mr. Schoenberger at his residence in California in 2017 and 2018 on multiple occasions.

10. When I drove from Arizona to California, it was for the purposes of discussing the "Cicada 3301" business plan at his residence.

11. During all times "Cicada 3301" was in existence, and being operated by him, it was doing business in California.

12. I have made multiple trips to California to discuss the "Cicada 3301" business plan with Thomas Schoenberger.

13. Mr. Schoenberger pitched the idea of "ShadowBox Strategies" while he was living in California and working with Beth Bogaerts on the creation of that business entity in Los

Angeles, California.

14. Mr. Schoenberger was residing or doing business in California while he was receiving personal loans from Beth Bogaerts.

15. Mr. Schoenberger's email address is tstger13@gmail.com since he has communicated with me using that email address and transferred payments via Paypal while in California from a Wells Fargo bank account.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed on August 26, 2020, in Los Angeles, California.

_____
MANUEL CHAVEZ

---

3
**DECLARATION OF MANUEL CHAVEZ**