IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| D. GEORGE SWEIGERT | Case No.: 1:18-cv-08653-VEC-SDA |
| Plaintiff, | |
| vs. | **MEMORANDUM IN SUPPORT OF DEFENDANT'S SPECIAL MOTION TO DISMISS PURSUANT TO NYCVR § 76-A AND THE FIRST AMENDMENT** |
| JASON GOODMAN, | |
| Defendant | |

## INTRODUCTION

Defendant Jason Goodman Pro Se respectfully moves this court to dismiss Plaintiff's Second Amended Supplemented Complaint pursuant to New York's new, substantially strengthened Civil Rights Law NYCVR § 76-A and to stay further discovery pending resolution of this motion pursuant to CVP § 3211(11)(g)(3).  Defendant additionally moves the court to dismiss this case pursuant to Fed. R. Civ. P. Rule 41(b) for Plaintiff's failure to comply with rules and court orders.  Plaintiff has engaged in fraud by deliberately misrepresenting substantial facts, omitting substantial facts, submitting false statements under oath and spoliating evidence already in the record.  Defendant further moves the court to compel Plaintiff to appear at a show cause hearing to explain why he should not be held in contempt of court for defying Judge Caproni's order issued January 8, 2021 (ECF No. 186) denying his motion for leave to appeal **(EXHIBIT A)** as well as Magistrate Judge Aaron's order issued November 6, 2020 (ECF No. 165) stating that pleadings were closed.

**NEW YORK ANTI SLAPP AMENEDED NOVEMBER 2020**

New York's recently amended "anti SLAPP" law empowers the court to dismiss frivolous complaints brought for the improper purpose of suppressing protected speech.  This change is intended to protect communication in public forums in connection with issues of public interest and dispose of complaints brought by vexatious Plaintiffs which are likely to overburden the courts.  Nothing could describe this legal action more precisely.  Plaintiff's complaint has no basis in fact or law, so he has sought to convolute this action in an effort to overwhelm the Defendant with excessive filings, ceaseless amendments and ongoing supplementations. Plaintiff does this not to cure a legitimate injury, but merely to create opportunities for procedural failures by Defendant that Plaintiff can exploit in hopes of a default.  Plaintiff has made numerous efforts throughout this matter, filing several briefs that support this claim. NYCVR § 76-A applies a heightened standard of proof and compels the Plaintiff to demonstrate a substantial basis for his action.  Plaintiff has no substantial basis and therefore the court should dismiss this as a SLAPP action.


**FACTUAL BACKGROUND**

This lawsuit was brought by Plaintiff for the improper purpose of suppressing First Amendment protected speech about matters of public interest.  For this reason alone, the matter should be dismissed under New York State's anti-SLAPP statute.  Plaintiff is a published author in the field of "ethical" hacking including social engineering.  Social media platforms have become essential utilities in modern American life.  Unsuspecting users of these services may not realize these digital platforms are a feeding ground for social engineers looking to take advantage of the naive.  As a published author on the subject, Plaintiff's social engineering

MEMORANDUM IN SUPPORT OF DEFENDANT'S SPECIAL MOTION TO DISMISS PURSUANT TO NYCVR § 76-A AND THE FIRST AMENDMENT - 2

activities in the world of social media are matters worthy of public scrutiny.  The civil justice

system was established to preserve order in our society of laws.  It is not intended to be wielded

as a personal weapon or trained on any individual's enemies indiscriminately.  To the extent that

Plaintiff operates within these public arenas even if only authoring written publications and

video broadcasts on these topics, his activities within the public domain are matters of public

interest and subject to debate.

Plaintiff will be unable to prevail on the merits of his claims and has failed to provide

alleged statements by Defendant that satisfy the elements of defamation.  Further pursuit of this

action is an abuse of Defendant's rights, an undue burden and a gross abuse of the valuable

resources of this Court.  In the interest of justice, Defendant prays the court will grant this

motion and dismiss the matter as a strategic lawsuit against public participation in defiance of the

highest law of the land, the United States Constitution and NYCVR § 76-A.

On or around June 15, 2017 Plaintiff published a video on YouTube as referenced in ECF

No. 167 EXHIBIT F.  The video had been removed by Plaintiff and preserved by Defendant but

unfortunately is no longer available for the court to view.  Previously in these pleadings,

Defendant urged the court to review the video in its entirety

(https://www.bitchute.com/video/Hz1tRwyu22FW/) however since that pleading was entered,

Plaintiff filed a copyright complaint with Bitchute.com resulting in this evidentiary video being

deleted.  In the video Plaintiff names Defendant explicitly and states his intention to *"[put you]*

*assholes in jail for what you did to my brother"*.  Plaintiff makes it clear he believes Defendant is

responsible for getting his brother arrested.  Defendant was not present in the same location or

even the same state when the arrested for failure to control a vehicle occurred. Defendant was

not involved or even aware of the arrest until after it happened.  Plaintiff goes on to say, *"I know*

MEMORANDUM IN SUPPORT OF DEFENDANT'S SPECIAL MOTION TO DISMISS PURSUANT TO
NYCVR § 76-A AND THE FIRST AMENDMENT - 3

*I can prove to a prosecutor you broke New York State law".*  To best knowledge, Defendant has not broken any laws, and has never been arrested, accused or indicted for any crime.  Plaintiff's dissatisfaction with Defendant allegedly began as a result of Plaintiff's claim that Defendant orchestrated a bomb hoax in the Port of Charleston.  The incident was investigated by the FBI and no such finding was made.  Despite this, Plaintiff and numerous individuals named in these proceedings remain dedicated to causing people to believe otherwise.

At the time of this writing, Plaintiff has provided four responses to Magistrate Aaron's order ECF No. 218 requiring him to identify all allegedly defamatory statements by Defendant. Plaintiff highlights many mentions of his name throughout several broadcasts including statements by third parties not named in this lawsuit, statements that are factual, statements of opinion and questions posed by Defendant.  Plaintiff may dislike being the subject of discussion on this talk show, however none of the statements identified satisfy the elements of defamation. Plaintiff is a self-proclaimed expert in "ethical" hacking and includes social engineering among the topics of his book.  Plaintiff himself admits this, showcasing it in ECF No. 230 page 10. According to Wikipedia, "In the context of information security, social engineering is the psychological manipulation of people into performing actions or divulging confidential information."  It goes on to describe "A type of confidence trick for the purpose of information gathering, fraud, or system access, it differs from a traditional "con" in that it is often one of many steps in a more complex fraud scheme."

Social engineering involves deceiving others into executing actions contrary to their own best interest.  The complex and subtle deception could be carried out without the target even knowing.  In other words, social engineering consists of conning people into doing things without their knowledge or express consent and Mr. Sweigert has written a book on the subject.

Defendant alleges on information and belief, that on or around July 2020 facing what looked like certain defeat in this legal matter, Plaintiff used a made-up email address or otherwise enticed an individual to use this address to anonymously alert the National Academy of Television Arts and Sciences of the alleged copyright infringement that is now the focus of NATAS v MSD.

Defendant further alleges Plaintiff's mere act of filing this legal action is an attempt to socially engineer the court into doling out punishment he desires for Defendant.  Defendant alleges this action was brought in order to apply constant psychological and financial pressure inherent in litigation, not to cure a financial or other injury.  In his ongoing, ever-evolving effort to put Defendant "in jail for what you did to my brother", Plaintiff will apparently stop at nothing so long as the court allows him to continue to supplement and amend pleadings.  Defendant cannot reconcile how a person who claims to have virtually no relationship with his brother could dedicate so much time and so many resources to a vengeance effort on that brother's behalf.  In the same video, Plaintiff also announces his intent to "launch a crowdsourcing investigation" conducted by a "cyber militia" which coincidentally includes many of the people he is now receiving affidavits from.  In a later 2017 video, also deleted, he addresses members of his "cyber militia" by name and details their assignments in pursing Defendant.  Those mentioned include Nathan Stolpman and Manuel Chavez III among others.  The Plaintiff has deleted dozens of these "call and response" type video communications with Manuel Chavez III, Nathan Stolpman Thomas Schoenberger and others.  These are some of the individuals Defendant alleges have worked with or coordinated efforts toward the same goal as Plaintiff.  Even if that allegation is proven incorrect, the charge of defamation would still fail because Defendant has observed an overwhelming amount of circumstantial evidence that causes him to believe these individuals are working together.

## SPOLIATION OF EVIDENCE FROM BITCHUTE.COM

On or about February 25, 2021, in yet another social engineering effort, Plaintiff deliberately provoked the forced removal of evidence from a channel controlled by Defendant on Bitchute.com.  Plaintiff contacted Bitchute's legal department with a false claim of copyright infringement.  **(EXHIBIT B)** Defendant had been using Bitchute (https://www.bitchute.com/channel/z2Uf9iOV7Qym/) as an evidence repository so the court may review and consider this information.  The link was cited in ECF No. 167 page 5 Exhibit F.  This was important video evidence that is no longer available for the court to review due to the deliberate action of the Plaintiff.  Another one of the videos removed by the same false copyright claim included Plaintiff's firsthand statements revealing a history of diagnosed and medically treated schizophrenia in his family, specifically naming his father and brother.  Defendant also chose to complain about the video in which he addresses his cyber militia.  Many other videos could meet the criteria alleged in the bitchute complaint; however, they were not named. Plaintiff cherry picked videos, choosing to eliminate some but not others, providing further evidence of a deliberate attempt at strategic spoliation.  In an email response from Bitchute's legal department, **(EXHIBIT C)** they confirm that they do support the use of their website for preservation of legal evidence.  Unfortunately, they have failed to comply with Defendant's request to restore the video and have not adhered to DMCA rules with regard to counterclaims. Defendant's counterclaim alleging fair use should have required Plaintiff to present a court judgement agreeing that it was copyright infringement or otherwise restore the content.  Plaintiff promised his 2017 YouTube audience he would "throw Goodman" in jail and unequivocally stated he knew he could "convince a prosecutor" Goodman had "broken the law".  Despite the

fallacy of his claims, Plaintiff has not veered from this goal to destroy Defendant for more than three years.

## CONCLUSION

Plaintiff cannot succeed on the merits of his claims.  He will fail to prove defamation; he will fail to prove damages and he has no legitimate injury.  This matter was brought for the express purpose of injuring Defendant financially, overburdening him with legal busy work and suppressing his first amendment right to free speech as a member of the press and an American citizen.  Setting aside Defendant's interests, for the Court and the public's own sake, Plaintiff cannot be allowed to turn frivolous social media disputes into meritless federal lawsuits, particularly now when the cost of travel and lodging are no longer a barrier for vexatious pro se Plaintiffs wishing to bring meritless actions with no regard for clogging the dockets and wasting important Federal Judicial resources.  Defendant respectfully moves the court to dismiss Plaintiff's claims with prejudice and declare Plaintiff D. George Sweigert a vexatious litigant in contempt of court and enjoin him from initiating civil lawsuits in the future as a Pro Se Plaintiff.

I hereby attest that the pleadings herein are accurate and true under penalties of perjury. Further, I hereby attest that the attached exhibits are accurate and true copies of source the documents as described.

Respectfully submitted

April 11, 2021

_____

Jason Goodman, Defendant, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
(323) 744-7594
truth@crowdsourcethetruth.org

MEMORANDUM IN SUPPORT OF DEFENDANT'S SPECIAL MOTION TO DISMISS PURSUANT TO NYCVR § 76-A AND THE FIRST AMENDMENT - 7

**(EXHIBIT A)**

# UNITED STATES COURT OF APPEALS
## for the
## SECOND CIRCUIT
_____

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of February, two thousand twenty-one,

_____

| | |
|---|---|
| D. George Sweigert, | **ORDER** |
| Plaintiff-Counter-Defendant - Appellant, | Docket Number: 21-78 |

v.

George Webb Sweigert, Robert David Steele, Steven S. Biss, Patricia Negron, Susan Holmes, AKA Susan Lutzke, Manuel Chavez, III, Marion Rapp, Nathan Stopman, Tyroan Simpson, AKA Frank Bacon, Marcus Conte, Adam Sharp, Steve Outtrim,
Third-Party-Defendants,

Multisystem Design, Inc. (MSDI), a New York Chartered Corporation,
Defendant,

Jason Goodman,
Defendant-Counter-Claimant-Third-Party-Plaintiff - Appellee.

_____

A notice of appeal was filed on January 13, 2021. The filing fee of $505.00 was due to be paid to the district court by January 27, 2021. The case is deemed in default.

Instructions for moving for *in forma pauperis* status are provided in the Court's instructions entitled "*How to Appeal a Civil Case in the United States Court of Appeals for the Second Circuit*". The manual and the forms required to file the motion are enclosed with this order. They are also available on the Court's website www.ca2.uscourts.gov.

IT IS HEREBY ORDERED that the appeal is dismissed effective March 17, 2021 unless by that date appellant either pays the fee in full, moves for *in forma pauperis* status in district court or, if district court has denied *in forma pauperis* status, moves in this Court for *in forma pauperis* status. If appellant has filed the motion in district court and the motion is pending, appellant must so advise this Court in writing by the same date.

For The Court:

Catherine O'Hagan Wolfe,
Clerk of Court



**(EXHIBIT B)**

*D. GEORGE SWEIGERT*
*GENERAL DELIVERY*
*NEVADA CITY, CA 95959*
Spoliation-notice@mailbox.org

**February 25, 2021**

**Copyright Enforcement**
**BITCHUTE**
**Box 813 Andover House**
**George Yard, Andover**
**Hampshire, England, SP10 1PB**

**SUBJ:  SECOND DEMAND LETTER**

**REF:   (1) S.D.N.Y. case no: 1:18-cv-08653-VEC-SDA**

Ladies and Gentlemen:

This document is provided to your staff to support a Copyright Take Down Notice.  This is a follow-up letter to that letter of 2/24/2012.

The following screen shots and URL tags identify content that is 100%n owned by the undersigned.  This content is not authorized to appear on your social media platform.  This video content has been misappropriated from the undersigned.  The undersigned is the owner of these materials and does not authorize such video content to be displayed on your platform in any form or manner.

This content (see below) should be removed at once.

This information is true and accurate and attested under penalties of perjury.

Respectfully,

D. George Sweigert

1



https://www.bitchute.com/video/LLqDBTwyIIsD/

2



https://www.bitchute.com/video/zf6HtbQEjI69/



https://www.bitchute.com/video/3cQSzBSK5GUP/



https://www.bitchute.com/video/7GdoHHFox9Bc/



https://www.bitchute.com/video/i6SC74tbY6Dk/

This is a message that David Sweigert aka Dave Acton posted approximately October 17, 2017 to a network of cyber operatives. In this video, Sweigert directs these operatives to monitor all activity of journalist Jason Goodman of Crowdsource the Truth as part of a distributed targeting and harassment campaign.



https://www.bitchute.com/video/2q8CT9Auo0TW/

Dave continues to lay out aspects of his plan yet to come including threats of future litigation. He does all this while re-refernecing a video in which his brother George Webb Sweigert directs people to watch a video in which Dave accuses Jason Goodman of working for Mossad off shoot Black Cube. Despite his self proclaimed contract work for DHS and other agencies, Dave denies affiliation with the so called "deep state" while feigning ignorance of Manuel Chavez, the very person Dave speaks with in the video referenced by George

7



https://www.bitchute.com/video/JJhTJdyqsgrB/

Dave denies allegations from his brother George while attempting to negate threats made in online videos by known Dave associate Manuel Chavez III



https://www.bitchute.com/video/etK0EoVBgrng/

Dave issues threats to his brother George and Jason Goodman while he demonstrates his knowledge of Saul Alinsky, accusing his adversaries of exactly what he himself is doing.



Aug 27, 2018

Investigative journalist Jason Goodman sounds off about George Webb

None



Aug 27, 2018

CSTT CEO Jason Goodman , the puppetmaster of Wall Street , speaks! Listen up people!

None



Aug 24, 2018

FINAL WARNING to Defango from CSTT CEO Jason Goodman -- George Webb advised

None

**(EXHIBIT C)**



**From:** **Jason Goodman** jasongoodman3d@gmail.com
**Subject:** Re: Copyright violation and take down notice
**Date:** April 8, 2021 at 2:21 PM
**To:** BitChute Legal legal@bitchute.com
**Cc:** copyright copyright@bitchute.com, ray@bitchute.com

---

For more than one month you have failed to respond.  Restore the content please, this was a false claim of copyright infringement.  The reproduction of this video as evidence in court case is a fair use.  Bitchute is presently not adhering to DMCA rules.  My counterclaim should have invoked a legal process requiring the claimant to obtain a court ruling agreeing with his allegations.  Restore the content please.

> On Mar 5, 2021, at 2:04 AM, BitChute Legal <legal@bitchute.com> wrote:
>
> Dear Sir,
>
> there are a few different reasons given here, we can preserve videos based on a court order to do so but we would need to be shown a copy of the court order and it would need to reference a specific requirement to have the videos preserved.
>
> In relation to fair dealing, we do support this type of content, but we would not usually consider consider an unaltered, original work uploaded in its entirety to meet this threshold.
>
> Kind Regards
> BitChute Support
>
>
>
> On Mon, Mar 1, 2021, at 7:23 PM, Jason Goodman wrote:
>> Thank you for this notification.  It is imperative that this content be restored to its original status immediately and further demands from the complainant be stayed pending resolution of the referenced legal matter.  The complainant, D. George Sweigert is the pro se Plaintiff in an ongoing federal civil lawsuit against Jason Goodman, owner of the bitchute account referenced in the fraudulent copyright complaint to you.  Defendant's responses to Sweigert's legal action allege based on information and belief that he is a vexatious litigant suffering from mental illness who has brought the suit for the sole purpose of harassing the Defendant and suppressing reporting that includes allegations of criminal acts on his part.  The videos at issue in this take down notification are evidence in the ongoing legal action referenced in the Bitchute complaint (S.D.N.Y. case no: 1:18-cv-08653-VEC-SDA).  The videos in question include admissions by Sweigert of a family history of schizophrenia and other important statements against the declarant's self interest.  As elements of evidence in the lawsuit, their publication on Bitchute is a fair use under U.S. copyright law.  The videos at issue are not monetized and do not link to any monetized content, but are preserved on Bitchute as evidence and for reference to the court and are critical to the proper resolution of the matter.  Bitchute must immediately restore this content and ignore further demands from Sweigert pending resolution of the matter.
>>
>> Please acknowledge receipt of this email message and restoration of the content.
>>
>> Jason Goodman
>> 252 7th Avenue #6s
>> New York, NY 10001
>> 323-744-7594
>>
>>> On Feb 26, 2021, at 6:30 AM, BitChute Legal <legal@bitchute.com> wrote:
>>>
>>> Hello,
>>>
>>> This email is to notify you that a number of videos on your channel have been blocked under the attached copyright claim and request that you do not repost any of the blocked content.
>>>
>>> We also recommend that you remove any other content that you have posted belonging to the named individual in the attached copyright claim.
>>>
>>> Kind regards,

**BitChute Legal**

Email - legal@bitchute.com / Website - https://www.bitchute.com

Bit Chute Limited, Box 813, Andover House, George Yard, Andover, Hampshire, SP10 1PB. United Kingdom. Registered Company Number - 10637289.

*This email and any attachments may be confidential, subject to copyright and/or legal privilege and are intended solely for the use of the intended recipient. If you have received this email in error, please notify the sender and delete it from your system.  To avoid incurring legal liabilities, you must not distribute or copy the information in this email without the permission of the sender.*

<REQUESTED-TAKEDOWN-NOTICE - Copy.pdf>