USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/15/2021

D. GEORGE SWEIGERT
GENERAL DELIVERY
NEVADA CITY, CA 95959

April 14, 2021

Magistrate Judge Stewart D. Aaron
U.S. District Court
500 Pearl Street
New York, New York 10007-1312

**SUBJ:  Guidance issues requested for ECF no. 239, <u>1:18-cv-08653-VEC-SDA</u>**

**Your Honor,**

1.     Yesterday the Defendant informed his social media podcast viewers that Google, LLC (YouTube.Com) had deleted the "Jason Goodman" YouTube channel with its so-called 119,000 (119K) subscribers.  The account termination was based on violations of "Community Standards", according to the Defendant.  2,333 videos, dozens that contained evidence of Defendant's defamation *per se*, are no longer available to be viewed.

2.     The Defendant has stated that the account may be restored and insinuated by implication that the undersigned was responsible for the account take-down.  This account termination and possible account restoral will directly impact the discovery abilities of the Plaintiff.

3.     Concurrently with the alleged account termination, the Defendant docketed **ECF no. 239** (which can be described with the procedural shorthand of an "Anti-SLAPP" motion) under the new provisions of the New York State Civil Rights Law Section 76(a).  The S.D.N.Y. has seen several recent opinions in the applicability of Sec. 76(a) to federal courts.  *Palin v. N.Y. Times Co.,* 17-cv-4853

4.     Sec. 76(a) purports to create an "automatic stay" to all discovery activities, save for those materials needed to support a response to a Sec. 76(a) Anti-SLAPP motion (as **ECF no. 239**).  Thus, if the Court determines that Sec. 76(a) applies to this instant lawsuit, then discovery has halted.  In such a scenario the undersigned would request that the discovery period be tolled until such time as it resumes.  The Plaintiff is entitled to three (3) weeks of remaining discovery, which existed prior to the filing of **ECF no. 239**, these three (3) weeks should be set-aside.

5.  Meanwhile, a similar Anti-SLAPP motion awaits determination in related S.D.N.Y. litigation to which the Defendant is a party, *National Academy of Television Arts and Sciences, Inc., et. al. v. Multimedia System Design, Inc. d/b/a/ Crowdsource the Truth*. No determination has been made in that lawsuit with regards to the applicability of Sec. 76(a) to federal litigation. The undersigned requests that this Court withhold action in this lawsuit pending such a Sec. 76(a) determination, in the interests of judicial efficiency. To complicate matters, if Sec. 76(a) applies this raises the bar concerning the Plaintiff's burden to demonstrate defamation *per se* allegations to the presumed "actual malice" standard.

6.  As the recent Requests for Judicial Notice and declarations of Mr. Thomas Schoenberger have illustrated, the Defendant entered a very close cooperative association with Mr. Manuel Chavez, III of Carson City, Nevada. The record demonstrates that Mr. Chavez and the Defendant commenced exchanging over 100 e-mail messages in July 2019 while in voice communications. The net result of these e-mail message exchanges implies that the Defendant behavior meets the "actual malice" standard.

7.  The Plaintiff alleges that these e-mail messages tend to demonstrate that the Defendant proceeded with reckless disregard to the truth about the Plaintiff's non-participation in a conspiratorial affiliation with Mr. Chavez, Mr. Schoenberger or their presumed associates (the bulk of third-party defendants). The evidence tends to indicate that the Defendant continued to promote the narrative that the Plaintiff was working these people in a "decentralized distributed defamation campaign" to which Mr. Chavez was purportedly the "technical brains".

8.  For over two years, it is now alleged, the Defendant knew the Plaintiff had no association with the people involved with Mr. Chavez or Mr. Schoenberger (and many others) and yet the Defendant continued to state publicly that he had evidence of felony crimes involving the Plaintiff's participation in such a conspiracy related to these third-party defendants.

9.  Therefore, Mr. Chavez is an instrumental figure in this lawsuit and needs to be deposed by the Plaintiff. As the Defendant is presently in Las Vegas, Nevada, the Defendant could easily drive to Carson City, Nevada to attend such a deposition. It is believed that such a deposition is needed to demonstrate the "actual malice" of the Defendant in continuing to promote the idea that the Plaintiff "worked with" Mr. Chavez and/or Mr. Schoenberger.

10.     In view of the foregoing, the Court should consider the issuance of a subpoena to compel the deposition of Mr. Chavez in Carson City, Nevada or in Las Vegas, Nevada. As you know, Sec. 76(a) allows for evidence to be collected to support the "actual malice" threshold when responding to an Anti-SLAPP motion.

11.     In summary, the Plaintiff requests guidance from the Court on the applicability of Sec. 76(a) to this lawsuit, the impact of **ECF no. 239** on discovery timetables (assumed to be frozen presently), and the issuance of a subpoena for Mr. Chavez.

Respectfully,

*[signature]*

D. George Sweigert

## CERTIFICATE OF SERVICE

The undersigned hereby attests under penalties of perjury that copies of this communication have been sent via electronic mail message to the following parties on the fourteenth day (14th) of April, two thousand and twenty-one (2021).

| Clerk of the Court, Room 200 <br> temporary_pro_se_filing@nysd.uscourts.gov | Jason Goodman, CEO <br> truth@crowdsourcethetruth.org |
|---|---|

*[signature]*

**D. GEORGE SWEIGERT**
*Pro Se Non-Attorney*
**GENERAL DELIVERY**
**NEVADA CITY, CA 95959**

ENDORSEMENT: The discovery deadlines in this action remain in effect. The Court will decide the motion at ECF No. 239 in due course. If Plaintiff wishes to subpoena Mr. Chavez, he may request a subpoena from the Clerk of Court, as set forth in Federal Rule of Civil Procedure 45. Plaintiff is encouraged to carefully read that Rule regarding the requirements of any such subpoena, including service and place of compliance.
SO ORDERED.
Dated: April 15, 2021    *[signature]*