*D. GEORGE SWEIGERT*
*GENERAL DELIVERY*
*NEVADA CITY, CA 95959*

**April 16, 2021**

**District Judge Valerie E. Caproni**
**U.S. District Court**
**500 Pearl Street**
**New York, New York 10007-1312**

**SUBJ: Request review of Magistrate's decision concerning stay of discovery**
     **1:18-cv-08653-VEC-SDA**

**Ref:   (a) ECF doc. No. 239**
       **(b) New York State Civil Rights Law Sec. 76(a)(1)(a)**
       **(c) New York C.P.L.R. 3211(g)**
       **(d) ECF doc. No. 246**

**Your Honor,**

**1.**      The Defendant in this action has filed an Anti-SLAPP motion, ref: (a).  The New York State Anti-SLAPP law requires an automatic stay of discovery when such a motion is filed; ref: (b) and (c).

**2.**      On November 10, 2020, Governor Cuomo signed into law an amendment to the New York anti-SLAPP law. In what appears to be the only case addressing the issue, on December 29, 2020, Judge Rakoff considered the application of the newly amended New York anti-SLAPP law. In *Palin v. New York Times Co.,* No. 17-CV-4853 (JSR), 2020 WL 7711593, at *3 (S.D.N.Y. Dec. 29, 2020), the Court held:

> It is undisputed that § 76-a requires public figures, like plaintiff, to prove actual malice by clear and convincing evidence. It is also undisputed (albeit by virtue of neither party having raised the issue) <u>that a federal court sitting in diversity must apply § 76-a because it is a substantive, rather than a procedural, provision</u>. See *Adelson v. Harris,* 774 F.3d 803, 809 (2d Cir. 2014) (affirming the district court's application of certain substantive provisions of Nevada's antiSLAPP law); see also *La Liberte v. Reid,* 966 F.3d 79, 86 n.3 (2d Cir. 2020) (distinguishing between the applicability in federal court of substantive and procedural elements of state anti-SLAPP laws). The only question here is whether § 76-a should be given retroactive effect to this action, which was filed before the amendments took effect but has not yet gone to trial. . . . [emphasis added]

**3.**      By MEMO ENDORSEMENT, it was adjudged, in light of the Anti-SLAPP motion (ref: (a)), that discovery deadlines for this lawsuit were still in effect ("The discovery deadlines in this action remain in effect" [**ref: (d)**]).   The Plaintiff believes this decision is in error as ref: (b) declares an automatic stay of discovery.

**4.**      The Plaintiff earnestly urges the District Judge to review the issue of the applicability of ref: (b) to these proceedings.   The Plaintiff urges the District Court to immediately issue a stay of proceedings until the matter of ref: (b) applicability is resolved.

Respectfully,

D. Geo. Sweigert

*D. GEORGE SWEIGERT*
*GENERAL DELIVERY*
*NEVADA CITY, CA 95959-9998*
*SPOLIATION-NOTICE@MAILBOX.ORG*

## CERTIFICATE OF SERVICE

**The undersigned hereby attests under penalties of perjury that copies of this communication have been sent via electronic mail message to the following parties on the sixteenth (4/16) day of April, two thousand and twenty-one (2021).**

| Clerk of the Court, Room 200 | Jason Goodman, CEO |
|---|---|
| temporary_pro_se_filing@nysd.uscourts.gov | truth@crowdsourcethetruth.org |

*D. GEORGE SWEIGERT*
*Pro Se Non-Attorney*
*GENERAL DELIVERY*
*NEVADA CITY, CA 95959*

2