UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

D George Sweigert,

                          Plaintiff,

    -against-

Jason Goodman,

                         Defendant.

1:18-cv-08653 (VEC) (SDA)

ORDER

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE:**

Before the Court are various motions filed by Plaintiff asking the Court to take judicial notice of filings in other federal lawsuits involving Defendant Goodman as a party. (*See* ECF Nos. 226, 228, 229, 237, 238, 247.) For the reasons set forth below, Plaintiff's motions for judicial notice are DENIED. In addition, Plaintiff is prohibited from filing further discovery responses on the Court's docket without leave of Court.

While Plaintiff is correct that the Court may take judicial notice of documents filed in other courts in accordance with Federal Rule of Evidence 201, Plaintiff does not explain how the fact that such filings were made is relevant to this case.[1] *See Anthes v. New York Univ.*, No. 17-CV-02511 (ALC), 2018 WL 1737540, at *4 (S.D.N.Y. Mar. 12, 2018), *aff'd sub nom. Anthes v. Nelson*, 763 F. App'x 57 (2d Cir. 2019) ("Of course, a court can only sensibly take judicial notice of facts relevant to the matters before the court.") (citing, *inter alia*, § 5104 *Facts Judicially Noticeable; Indisputability,* 21B Fed. Prac. & Proc. Evid. § 5104 (2d ed.) ("Although judicial notice is not 'evidence' so Rule 402 does not apply and Rule 201 does not require the noticed fact to be

---

[1] Although the titles of Plaintiff's motions indicate that they are in "support of discovery and preliminary injunctive relief" he fails to provide any such connection.

'relevant', courts would be foolish to take judicial notice of an irrelevant fact.")); *see also Cabrera v. Dream Team Tavern Corp.*, No. 12-CV-06323 (ADS) (AKT), 2016 WL 1627621, at *3 (E.D.N.Y. Apr. 22, 2016) ("courts and commentators have required that noticed facts be relevant").

Moreover, to the extent that Plaintiff wants the Court to take judicial notice of the substance of any of the filings, such a request is improper as courts may take judicial notice of court documents "not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991). As the Court finds no basis at this time to take judicial notice of the filings identified by Plaintiff, Plaintiff's motions for judicial notice are denied. Plaintiff shall refrain from making similar filings going forward without a proper basis.

In addition, Plaintiff's many multi-part filings related to discovery are unnecessary and are clogging the docket. For example, Plaintiff has filed five responses to the Court's February 23, 2021 Order (ECF No. 218) and at least four declarations of Thomas Schoenberger, in circumstances where a single filing would have been sufficient. Going forward, Plaintiff shall refrain from filing any further discovery responses without leave of Court. To the extent Plaintiff wishes to raise legitimate discovery disputes, he must comply with the Court's Individual Practices. Failure to do so may result in the imposition of sanctions.

The Clerk of Court is respectfully requested to mail a copy of this Order to the *pro se* Defendant.

**SO ORDERED.**

DATED:  New York, New York
April 19, 2021

_____
STEWART D. AARON
United States Magistrate Judge