U.S. DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| SWEIGERT | CIVIL CASE #: |
|---|---|
| V. | 1:18-CV-08653-VEC |
| GOODMAN | JUDGE VALERIE E. CAPRONI |

# PLAINTIFF'S NOTICE OF ANTI-SLAPP MOTION
# TO COMPEL FULL AND ACCURATE ANSWERS FROM DEFENDANT
# TO SUPPORT PLAINTIFF'S OPPOSITION TO ECF DOCUMENT NO. 239

Plaintiff hereby MOTIONS this Court to ORDER Defendant to provide discovery materials needed to form opposition to **ECF no. 239.**

Assertations made by the Plaintiff herein are certified under the penalties of perjury as truthful. Plaintiff's ECF doc. 248 (**Dkt. 248**) is hereby incorporated by reference as if fully restated herein. A Certificate of Service appears on the LAST page of this pleading.

Signed this 17th day of April (4/17) 2021.

*D. GEORGE SWEIGERT*
*GENERAL DELIVERY*
*NEVADA CITY, CA 95959-9998*
*SPOLIATION-NOTICE@MAILBOX.ORG*

## **ATTESTATION OF THE PLAINTIFF**

As of this date the undersigned affirms and avers that the Plaintiff has received two (2) business envelopes addressed to D. George Sweigert, General Delivery, Nevada City, CA 95959, with the return handwritten return address "J. Goodman, 252 7th Ave #6S NYC 10001", written in black ink, with a postmark of April 12th, 2021 from a Las Vegas U.S. postal facility serving the greater 89000 zip code.  Each envelope had two cancelled "forever" stamps bearing an image of an American flag.  These envelops contained paper copies of what the Defendant has filed as ECF document no. 239 (**Dkt. 239**) with accompanying exhibits.  Nothing more.

*D. Sgt*

D. Geo. Sweigert

So sworn on the seventeenth day of April (4/17), 2021.

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ................................................................................................. 4

**MEMORANDUM OF LAW** .................................................................................................. 5

**PRELIMINARY STATEMENT** ............................................................................................ 5

**PROCEDURAL HISTORY** ................................................................................................... 6

**FACTUAL BACKGROUND** ................................................................................................. 6

**ARGUMENT** ........................................................................................................................... 8

**RELIEF REQUESTED** ........................................................................................................ 10

# **TABLE OF AUTHORITIES**

**Cases**

*Aguilera v. Fluor Enterprises, Inc.,* No. 2:10-CV-95-TLS-PRC, 2011 WL 1085146, at *2 (N.D. Ind. Mar. 21, 2011) ............................................................................................................... 10

*Arkansas River Power Authority v. Babcock & Wilcox Power Generation Group, Inc.,* No. 14-cv-00638-CMA-NYW, 2015 WL 2128312, at *2 (D. Colo. May 5, 2015) .............................. 10

*Bottoms v. Liberty Life Assur. Co. of Boston,* No. 11-cv-01606- PAB-CBS, 2011 WL 6181423, at *7 ................................................................................................................................... 10

*Milburn v. City of York*, No. 1:12-CV0121, 2013 WL 3049108, at *4 (M.D. Pa. June 17, 2013) 10

**Statutes**

N.Y. C.P.L.R. 3211(g) ..................................................................................................................... 5

New York State Civil Rights Law Sec. 76(a)(1) ............................................................................ 5

## MEMORANDUM OF LAW

Plaintiff D. Geo. Sweigert, a *pro se* non-attorney who has completed one half semester of law school in good standing, respectfully submits this memorandum of law to accompany Plaintiff's motion, entitled "*PLAINTIFF'S NOTICE OF ANTI-SLAPP MOTION TO COMPEL FULL AND ACCURATE ANSWERS FROM DEFENDANT TO SUPPORT PLAINTIFF'S OPPOSITION TO ECF DOCUMENT NO. 239*". Plaintiff herein incorporates **ECF doc. No. 248** as if fully restated.

## PRELIMINARY STATEMENT

Defendant has docketed what is ostensibly an Anti-SLAPP motion (Strategic Lawsuits Against Public Participation), pursuant to New York State Civil Rights Law Sec. 76(a)(1) and N.Y. C.P.L.R. 3211(g), on April 11, 2021 – a day before a discovery deadline, to which Defendant owed discovery to the Plaintiff via U.S. Mail delivery to General Delivery address in Nevada City, CA 95959. As indicated in the attached sworn attestation of the Plaintiff, and in compliance with current discovery deadlines (**Dkt. 224**) and as articulated by the Magistrate Judge in Memo Endorsement **Dkt. 246**, "The discovery deadlines in this action remain in effect.", the Defendant is again in **DEFAULT.**

The Defendant was required to answer interrogatories under oath as directed **by Dkts. 173, 224**. Unlike party-to-party discovery, these answers to interrogatories were ordered by the Court (**Dkt. 173**). The Court issued additional admonishments and deadlines to the Defendant following a March 11, 2021 discovery conference (**Dkt. 224**).

5

The Plaintiff's investigation and development of all facts and circumstances relating to this action is ongoing and depends on these discovery materials that the Defendant has withheld.

## PROCEDURAL HISTORY

1. Plaintiff alleged that the Defendant has used Plaintiff's image and name without his consent and committed the tort of defamation *per se* in the Second Amended Complaint (**SAC (Dkt. 88)**) and the First Supplemental Complaint ((**FSC, Dkt. 150**)).  By his RESPONSE on **Jan. 29, 2021** (**Dkt. 189**) the Defendant answered the **SAC** and **FSC** (see **ORDER Dkt. 180**).

2. NOTE: **On Nov. 10, 2020** the Governor of New York signed an updated version of New York Civil Rights Law Section **76 (a)(1)(a),** New York's Anti-SLAPP law.

3. Discovery commenced for both parties on or about Feb. 23, 2021 by ORDER (**Dkt. 218**). A discovery conference was held with both parties and the magistrate judge on March 11, 2021. By ORDER of Mar. 11, 2021 (**Dkt. 224**) Defendant was compelled to produce discovery by April 12, 2021.  The **day prior** to the Defendant's discovery deadline, he filed the current Anti-SLAPP motion (**Dkt. 239**).  Discovery was never received by Plaintiff (04/17/2021).

**4.** In response to **Dkt. 218** Plaintiff filed interrogatory discovery responses **Dkts, 225, 230, 231, 232 and 241.**

**5.** The Plaintiff has filed several Requests for Judicial Notice: **Dkts. 226 (amended by 228), 229, 237, 238.**

## FACTUAL BACKGROUND

6. The Defendant's Anti-SLAPP motion (**Dkt. 239**) posits that the Plaintiff is a limited purpose public figure (**L.P.P.F**.) in the realm of <u>social engineering</u> as it relates to <u>ethical hacking</u>.

6

7.      Defendant has wildly taken out of context the words "social engineering", appearing on the back cover of the Plaintiff's out of print (2015) technical manual (**pg. 10, Dkt. 230**), to justify his broadcasts to thousands of viewers that the Plaintiff is a "dead beat dad" (**pg. 2,7,13, Dkt. 231**), "wife swapper" (**pg. 2,7,13, Dkt. 231**), "cyber stalker" (**pg. 11, 231; pg. 2, 241**) for whom the Defendant has possession of "evidence of felonies" (**pg. 2, 230**), who has committed mail fraud (**pg. 12, 225**), a physical stalker (**pg. 8, 231**), the subject of evidence given to the **F.B.I.** (**pg. 3,12, Dkt. 225; pg. 19, 230; pg. 2, 241**), is implicated in a conspiracy with a **pro-QAnon** conspiracy promoter (**pg. 7, 230; pg. 2,5, 231**) who has committed fraud on the court, participated in **IRAN-CONTRA** (**pg. 16, 230; pg. 4,12, 225; pg. 2, 241**), is most likely "unethical", associates with hackers (**pg. 8, 230; pg. 2, 241**), may be incompetent as an ethical hacker (**pg. 17, 230; 7,9,11, 232; pg. 4, 241**), is suspected of destroying electronic evidence, is probably insane (**pg. 4,6, 225**) and should be in jail (**pg. 4,6,8,13, 225; pg. 8,14, 231**).  None of which has anything to do with the Plaintiff's supposed L.P.P.F status in the realm of <u>social engineering within ethical hacking.</u>

8.      The Defendant was ordered to provide a response (under oath) to interrogatories carefully selected by the Court (see ORDER, **Dkts. 173, 224**).  See para. (1)(a) thru (e) of said ORDER.  That ORDER (**Dkt. 173**) is herein incorporated as if fully restated.  These ORDERs (**Dkt. 173, 224**) required the Defendant to accomplish two things (1) submit Court ordered discovery materials to the Plaintiff, and (2) file discovery materials (interrogatories and requests for documents) with the Court for the furtherance of this legal action.

9.      By ORDER of 1/29/2021 (**Dkt. 190**) the Magistrate Judge provided the Defendant a warning concerning issues related to the lack of compliance with discovery orders (such as **Dkt. 173**).

10. The Plaintiff's Request for Judicial Notice, **Dkt. 228**, which contains the following statements by a U.S. District Judge of the Eastern District of Virginia:

- And [] I'm telling you [Mr. Goodman] this, I'm telling Mr. Biss this, that I have rarely seen so contentious a record before I even have an initial pretrial conference. And I don't care whose fault it is. What I am saying to both of you is it must stop. It must stop.

- And, Mr. Goodman, I appreciate that you're saying you're not an attorney and that you're doing the best you can, but even if you're not an attorney and you disobey the rules, with warning, which I'm giving you right now, you suffer sanctions. Do you understand that?

## ARGUMENT

11. The New York State Civil Rights Law Sec. 76(a)(1) and N.Y. C.P.L.R. 3211(g) are cited by the Defendant in his Anti-SLAPP motion (**Dkt. 239**). These same authorities authorize the Plaintiff to seek discovery of materials needed to form an opposition to the Defendant's Anti-SLAPP motion.

12. The Court should consider that the Anti-SLAPP motion places a burden upon the Plaintiff to meet the threshold of "actual malice" in substantiating the claims as to defamation *per se* and defamation by insinuation.

13. It is essential for the Plaintiff to obtain the previously identified (**Dkt. 173, 224**) responses to interrogatories from the Defendant to fashion an appropriate opposition to the Defendant's Anti-SLAPP motion, as provided by law. In sum, the Plaintiff is requesting the exact same discovery materials as previously ordered under the provisions of New York's Anti-SLAPP law.

*Discovery is still needed by Plaintiff*

14.     Defendant has stated his belief to thousands of podcast viewers, without any supporting rationale, that the Plaintiff is responsible for Defendant's FACEBOOK account termination in April 2020, the recent so-called fake YouTube account termination on April 13, 2021 and the initiation of related litigation (see *The National Academy of Television Arts and Sciences, Inc., et al. v. Multimedia Systems Design, Inc*., 20-CV-7269).  Defendant has offered no evidence or materials to justify these statements.  Plaintiff needs this evidence.

15.     Defendant continuous to drag the Plaintiff's persona into the "COUNTER LAWFARE" initiative as the identifiable imagery and/or persona to provide justification for donations, contributions, and other financial pecuniary benefits to the Defendant.  Defendant asserts Plaintiff is engaged in a conspiracy with other civil plaintiffs.  Defendant has offered no evidence or materials to justify these statements.  Plaintiff needs this evidence.

16.     To justify the Anti-SLAPP (**Dkt. 239**) motion, the Defendant accuses the Plaintiff of attempting to chill Defendant's journalistic efforts to expose the "social engineering" meddling in the sphere of social media.  Defendant has offered no evidence or materials to justify these statements.  Plaintiff needs this evidence.

17.     The Defendant presents a regular guest in his podcasts, David Charles Hawkins of White Rock, South Surrey, British Colombia, Canada (the Canadian).  Mr. Hawkins was a co-plaintiff in ligation with "Field McConnell" of Plum City, Wisconsin (see **Dkt. 247**).  While on podcast shows both the Defendant and Mr. Hawkins have accused the Plaintiff of a variety of crimes, such as spoliation of evidenced needed by the U.S. Secret Service, etc.  Defendant has offered no evidence or materials to justify these statements.  Plaintiff needs this evidence.

18.     In 2017, in willful disregard of the truth, the Defendant used imagery of the Plaintiff as if he were arrested in Nicaragua for alleged participation in smuggling of narcotics in the Iran-Contra scandal (**pgs. 4, Dkt. 232**).  Defendant has offered no evidence or materials to justify these statements.  Plaintiff needs this evidence.

19.     The Defendant's personal attacks ("*dead beat dad*"(**pg. 2,7,13, Dkt. 231**)) accuse the Plaintiff of a crime and ethical breach.  Defendant has offered no evidence or materials to justify these statements.  Plaintiff needs this evidence.

20.     Concerning discovery matters, courts have generally recognized an "ordinary presumption in favor of broad disclosure."  See, e.g., *Arkansas River Power Authority v. Babcock & Wilcox Power Generation Group, Inc.,* No. 14-cv-00638-CMA-NYW, 2015 WL 2128312, at *2 (D. Colo. May 5, 2015); *Milburn v. City of York*, No. 1:12-CV0121, 2013 WL 3049108, at *4 (M.D. Pa. June 17, 2013); *Aguilera v. Fluor Enterprises, Inc.,* No. 2:10-CV-95-TLS-PRC, 2011 WL 1085146, at *2 (N.D. Ind. Mar. 21, 2011).  See also *Bottoms v. Liberty Life Assur. Co. of Boston,* No. 11-cv-01606- PAB-CBS, 2011 WL 6181423, at *7 ("[a]n objection challenging a discovery request as 'overbroad' implicitly concedes that the request encompasses some information that is properly discoverable. The responding party is obligated to reasonably construe the discovery request . . . and cannot evade its [discovery] obligations by summarily dismissing an interrogatory or request for production as 'overbroad.'").

## **RELIEF REQUESTED**

21.     The Plaintiff requests that this Court allow discovery for the purposes of complying with New York's Anti-SLAPP law.  It is essential that the Plaintiff obtain relevant evidence to support the "actual malice" threshold as created by New York's Anti-SLAPP law.

22.     The Plaintiff seeks this Court's relief in the form of an ORDER to compel the Defendant to provide evidence, as part of Court ordered discovery, to support the following statements: that the Plaintiff is a "dead beat dad" (**pg. 2,7,13, Dkt. 231**), "wife swapper" (**pg. 2,7,13, Dkt. 231**), "cyber stalker" (**pg. 11, 231; pg. 2, 241**) for whom the Defendant has possession of "evidence of felonies" (**pg. 2, 230**), who has committed mail fraud (**pg. 12, 225**), a physical stalker (**pg. 8, 231**), the subject of evidence given to the **F.B.I.** (**pg. 3,12, Dkt. 225; pg. 19, 230; pg. 2, 241**), is implicated in a conspiracy with a **pro-QAnon** conspiracy promoter (**pg. 7, 230; pg. 2,5, 231**), who has committed fraud on the court, participated in **IRAN-CONTRA** (**pg. 16, 230; pg. 4,12, 225; pg. 2, 241**), is most likely "unethical", associates with hackers (**pg. 8, 230; pg. 2, 241**), may be incompetent as an ethical hacker (**pg. 17, 230; 7,9,11, 232; pg. 4, 241**), is suspected of destroying electronic evidence, is probably insane (**pg. 4,6, 225**) and should be in jail (**pg. 4,6,8,13, 225; pg. 8,14, 231**).

Signed this seventeenth day of April (4/17), 2021.

*D. GEORGE SWEIGERT*
*GENERAL DELIVERY*
*NEVADA CITY, CA 95959-9998*
*SPOLIATION-NOTICE@MAILBOX.ORG*

U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
(FOLEY SQUARE)

D George Sweigert

**Plaintiff**

CIVIL CASE #: 1:18-CV-08653-VEC

JUDGE VALERIE E. CAPRONI

v.

MAGISTRATE STEWART D. AARON

Jason Goodman

**Defendant**

CERTIFICATE OF SERVICE

I HEREBY ATTEST that a true copy of the attached pleading has been sent to the following addressees via electronic e-mail message on this seventeenth day of April (4/17), 2021.

        Jason Goodman, CEO
        **truth@crowdsourcethetruth.org** [

        Clerk of the Court, Room 200
        **temporary_pro_se_filing@nysd.uscourts.gov**

*/s/ D. Sgt*

        **D. GEORGE SWEIGERT**