U.S. DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| SWEIGERT | CIVIL CASE #: |
|---|---|
| V. | 1:18-CV-08653-VEC |
| GOODMAN | JUDGE VALERIE E. CAPRONI |

# PLAINTIFF'S NOTICE OF MOTION

# TO STAY NON-ANTI-SLAPP DISCOVERY PURSUANT TO

# NEW YORK'S ANTI-SLAPP LAW

Plaintiff hereby MOTIONS this Court to ORDER A STAY OF PROCEEDINGS IN LIGHT OF Defendant's pleading document **ECF no. 239.**

Assertions made by the Plaintiff herein are certified under the penalties of perjury as truthful. Plaintiff's ECF doc. 248 (**Dkt. 248**) is hereby incorporated by reference as if fully restated herein. A Certificate of Service appears on the LAST page of this pleading.

Signed this 19th day of April (4/19) 2021.

*D. GEORGE SWEIGERT*
*GENERAL DELIVERY*
*NEVADA CITY, CA 95959-9998*
*SPOLIATION-NOTICE@MAILBOX.ORG*

## ATTESTATION OF THE PLAINTIFF

As of this date the undersigned affirms and avers that the Plaintiff has received two (2) business envelopes addressed to D. George Sweigert, General Delivery, Nevada City, CA 95959, with the return handwritten return address "J. Goodman, 252 7th Ave #6S NYC 10001", written in black ink, with a postmark of April 12th, 2021 from a Las Vegas U.S. postal facility serving the greater 89000 zip code. Each envelope had two cancelled "forever" stamps bearing an image of an American flag. These envelops contained paper copies of what the Defendant has filed as ECF document no. 239 (**Dkt. 239**) with accompanying exhibits. Nothing more.

*D. Swgt*

D. Geo. Sweigert

So sworn on the seventeenth day of April (4/19), 2021.

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ................................................................................................... 4

**MEMORANDUM OF LAW** ................................................................................................... 5

**PRELIMINARY STATEMENT** ............................................................................................ 5

**PROCEDURAL HISTORY** ................................................................................................... 6

**FACTUAL BACKGROUND** ................................................................................................. 6

**ARGUMENT** ........................................................................................................................... 7

**RELIEF REQUESTED** .......................................................................................................... 9

# **TABLE OF AUTHORITIES**

**Cases**

304 U.S. 64, 78 (1938) .............................................................................................................. 8

*Erie R.R. Co. v. Tomkins,* 304 U.S. 64, 78 (1939) .............................................................. 8

*Gasperini v. Ctr. For Humanities,* 518 U.S. 415, 427 (1996) ......................................... 9

**Statutes**

N.Y. C.P.L.R. 3211(g) ............................................................................................................. 5

New York State Civil Rights Law Sec. 76(a)(1) ............................................................... 5

**Other Authorities**

Fed. R. Civ. P. 1. The Rules Enabling Act, 28 U.S.C. § 2072 ......................................... 9

## MEMORANDUM OF LAW

Plaintiff D. Geo. Sweigert, a *pro se* non-attorney who has completed one half semester of law school in good standing, respectfully submits this memorandum of law to accompany Plaintiff's motion, entitled "***PLAINTIFF'S NOTICE OF MOTION TO STAY ALL NON-ANTI-SLAPP DISCOVERY PURSUANT TO NEW YORK'S ANTI-SLAPP LAW***".  Plaintiff herein incorporates **ECF doc. No. 248** as if fully restated.

## PRELIMINARY STATEMENT

Defendant (SLAPPee) has docketed (**Dkt. 239**) what is ostensibly an Anti-SLAPP motion (Strategic Lawsuits Against Public Participation), pursuant to New York State Civil Rights Law Sec. 76(a)(1) and N.Y. C.P.L.R. 3211(g), on April 11, 2021 – a day before a discovery deadline, to which Defendant owed discovery to the Plaintiff (SLAPPer) via U.S. Mail delivery to General Delivery address in Nevada City, CA 95959.  As indicated in the attached sworn attestation of the Plaintiff, and in compliance with current discovery deadlines (**Dkt. 224**) and as articulated by the Magistrate Judge in Memo Endorsement **Dkt. 246**, "The discovery deadlines in this action remain in effect.".

The Defendant was required to answer interrogatories under oath as directed **by Dkts. 173, 224**. Unlike party-to-party discovery, these answers to interrogatories were ordered by the Court (**Dkt. 173**).  The Court issued additional admonishments and deadlines to the Defendant following a March 11, 2021 discovery conference (**Dkt. 224**).

The Plaintiff's investigation and development of all facts and circumstances relating to this action is ongoing and depends on these discovery materials that the Defendant has withheld.

The Defendant (SLAPPee) filed ECF no 239 (**Dkt. 239**) which can be accurately characterized as a New York State Civil Rights Law "Anti-SLAPP" motion, see **Sec. 76(a)(1).** This New York law appears operative in this present case at bar and thus requires an immediate stay of proceedings.

## PROCEDURAL HISTORY

1. Plaintiff (SLAPPer) alleged that the Defendant has used Plaintiff's image and name without his consent and committed the tort of defamation *per se* in the Second Amended Complaint (**SAC (Dkt. 88)**) and the First Supplemental Complaint ((**FSC, Dkt. 150**)). By his RESPONSE on **Jan. 29, 2021** (**Dkt. 189**) the Defendant answered the **SAC** and **FSC** (see **ORDER Dkt. 180**).

2. NOTE: **On Nov. 10, 2020** the Governor of New York signed an updated version of New York Civil Rights Law Section **76 (a)(1)(a),** New York's Anti-SLAPP law.

3. Discovery commenced for both parties on or about Feb. 23, 2021 by ORDER (**Dkt. 218**). A discovery conference was held with both parties and the magistrate judge on March 11, 2021. By ORDER of Mar. 11, 2021 (**Dkt. 224**) Defendant was compelled to produce discovery by April 12, 2021. The **day prior** to the Defendant's discovery deadline, he filed the current Anti-SLAPP motion (**Dkt. 239**). Discovery was never received by Plaintiff (04/17/2021).

4. In response to **Dkt. 218** Plaintiff filed interrogatory discovery responses **Dkts, 225, 230, 231, 232 and 241.**

5. The Plaintiff has filed several Requests for Judicial Notice: **Dkts. 226 (amended by 228), 229, 237, 238.**

6. The Defendant (SLAPPee) filed an Anti-SLAPP motion as **Dkt. 239.**

## FACTUAL BACKGROUND

7.      The Defendant was ordered to provide a response (under oath) to interrogatories carefully selected by the Court (see ORDER, **Dkts. 173, 224**).  See para. (1)(a) thru (e) of said ORDER.  That ORDER (**Dkt. 173**) is herein incorporated as if fully restated.  These ORDERs (**Dkt. 173, 224**) required the Defendant to accomplish two things (1) submit Court ordered discovery materials to the Plaintiff, and (2) file discovery materials (interrogatories and requests for documents) with the Court for the furtherance of this legal action.

8.      By ORDER of 1/29/2021 (**Dkt. 190**) the Magistrate Judge provided the Defendant a warning concerning issues related to the lack of compliance with discovery orders (such as **Dkt. 173**).

9.      Approximately the next day after the Defendant filed the Anti-SLAPP motion, **Dkt. 239**, the Defendant stated his belief to thousands of podcast viewers, without any supporting rationale, that the Plaintiff is responsible for the recent so-called fake YouTube account termination on April 13, 2021 of the "JASON GOODMAN" channel with 119,000 subscribers.  Best evidence indicates that this YouTube "account termination" was carried out as a ruse to inflame the Defendant's followers and produce irate scorn directed at the Plaintiff.  No such "account termination" took place.  This fake account termination stunt by the Defendant has also blocked access to the Plaintiff of over 2,333 formerly publicly available video content, with dozens of videos containing defamatory and slanderous reference to the Plaintiff, on the JASON GOODMAN YouTube channel.

## ARGUMENT

10.     The New York State Civil Rights Law Sec. 76(a)(1) and N.Y. C.P.L.R. 3211(g) are cited by the Defendant in his Anti-SLAPP motion (**Dkt. 239**).  These same authorities authorize the

Plaintiff to seek discovery of materials needed to form an opposition to the Defendant's Anti-SLAPP motion.

11.     On November 10, 2020, Governor Cuomo signed into law an amendment to the New York anti-SLAPP law. In what appears to be the only case addressing the issue, on December 29, 2020, Judge Rakoff considered the application of the newly amended New York anti-SLAPP law. In *Palin v. New York Times Co.,* No. 17-CV-4853 (JSR), 2020 WL 7711593, at *3 (S.D.N.Y. Dec. 29, 2020), the Court held:

> It is undisputed that § 76-a requires public figures, like plaintiff, to prove actual malice by clear and convincing evidence. It is also undisputed (albeit by virtue of neither party having raised the issue) that a federal court sitting in diversity must apply § 76-a because it is a substantive, rather than a procedural, provision. See *Adelson v. Harris,* 774 F.3d 803, 809 (2d Cir. 2014) (affirming the district court's application of certain substantive provisions of Nevada's anti-SLAPP law); see also *La Liberte v. Reid,* 966 F.3d 79, 86 n.3 (2d Cir. 2020) (distinguishing between the applicability in federal court of substantive and procedural elements of state anti-SLAPP laws). The only question here is whether § 76-a should be given retroactive effect to this action, which was filed before the amendments took effect but has not yet gone to trial. . . . [emphasis added]

12.     The Court should consider that the Anti-SLAPP motion places a **NEW** burden upon the Plaintiff to meet the threshold of "actual malice" in substantiating the claims as to defamation *per se* and defamation by implication.

*Erie doctrine*

13.     A question before this Court is whether or not New York State's "Anti-SLAPP" statutes apply in a federal court under the **Erie doctrine**. See *Erie R.R. Co. v. Tomkins,* 304 U.S. 64, 78 (1939).

14.     On the one hand, under *Erie Railroad Co. v. Tompkins*, federal courts must apply the rules of decision defined by state law; ( 304 U.S. 64, 78 (1938) ) on the other hand, the Federal

Rules of Civil Procedure ("Federal Rules" or "Rules") apply to "all civil actions and proceedings" in federal court ( Fed. R. Civ. P. 1. The Rules Enabling Act, 28 U.S.C. § 2072 ).

15. "Under the Erie doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. For Humanities,* 518 U.S. 415, 427 (1996).

16. A federal court sometimes must apply state law to particular questions of law-to satisfy both of constitutional and statutory imperatives. Erie is certainly one of the most frequently cited of all Supreme Court decisions in this area. As of March 1999, the Westaw KeyCite service indicated that it has been cited in 8887 subsequent cases and noted that the average Supreme Court case of that vintage had been cited only 158.7 times.

*New York's Anti-SLAPP law*

17. New York State's Anti-SLAPP statute provide a detailed framework under which courts can—indeed, must—analyze putative SLAPP claims. The goal of anti-SLAPP laws thus should be to balance the need to allow legitimate recovery for legal injury with the proper protection for the exercise of the right to petition.

18. New York's Anti-SLAPP law mandates the stay of discovery proceedings while a special motion is pending, such as **Dkt. 239**. The amended law clarifies that all discovery and other proceedings will be stayed pending the resolution of an Anti-SLAPP motion. While New York law already provides for a stay of discovery upon the filing of a motion to dismiss or for summary judgment, a motion under the revised anti-SLAPP law will also stay other proceedings, such as a motion for a preliminary injunction.

19. A plaintiff (SLAPPer) facing an anti-SLAPP motion may seek permission to take discovery that is needed to oppose the motion (**see Dkt. 239**).

**RELIEF REQUESTED**

20. The Plaintiff requests that this Court stay all discovery, except for the purposes of complying with New York's Anti-SLAPP law. It is essential that the Plaintiff obtain relevant evidence to support the "SLAPPer's" motion in opposition concerning the "actual malice" threshold as created by New York's Anti-SLAPP law.

21. The Plaintiff seeks this Court's relief in the form of an ORDER to stay all non-Anti-SLAPP discovery.

Signed this seventeenth day of April (4/19), 2021.

*[signature: D. Swt]*

*D. GEORGE SWEIGERT*
*GENERAL DELIVERY*
*NEVADA CITY, CA 95959-9998*
*SPOLIATION-NOTICE@MAILBOX.ORG*

U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
(FOLEY SQUARE)

D George Sweigert

**Plaintiff**

v.

Jason Goodman

**Defendant**

CIVIL CASE #: 1:18-CV-08653-VEC

JUDGE VALERIE E. CAPRONI

MAGISTRATE STEWART D. AARON

CERTIFICATE OF SERVICE

I HEREBY ATTEST that a true copy of the attached pleading has been sent to the following addressees via electronic e-mail message on this seventeenth day of April (4/19), 2021.

>Jason Goodman, CEO
>**truth@crowdsourcethetruth.org**
>
>Clerk of the Court, Room 200
>**temporary_pro_se_filing@nysd.uscourts.gov**

D. GEORGE SWEIGERT