**D. GEORGE SWEIGERT**
**GENERAL DELIVERY**
**NEVADA CITY, CA 95959**

**April 20, 2021**

**District Judge Valerie E. Caproni**
**U.S. District Court**
**500 Pearl Street**
**New York, New York 10007-1312**

**SUBJ: Request for interlocutory appeal of ORDER Dkt. 252**
         **1:18-cv-08653-VEC-SDA**

**Ref:**   (a) ECF doc. No. 239
           (b) New York State Civil Rights Law Sec. 76(a)(1)(a)
           (c) New York C.P.L.R. 3211(g)
           (d) ECF doc. No. 246
           (e) ECF doc. No. 252

**Your Honor,**

**1.**     On November 10, 2020, Governor Cuomo signed into law an amendment to the New York anti-SLAPP law. In what appears to be the only case addressing the issue, on December 29, 2020.

**2.**     The Defendant in this action has filed an Anti-SLAPP motion, **ref: (a).** The New York State Anti-SLAPP law requires an automatic stay of discovery when such a motion is filed**; ref: (b) and (c)**. Filing such a document stays all proceedings. The revised Anti-SLAPP statute provides that all "discovery, pending hearings and motions in the action shall be stayed upon the filing of" a motion to dismiss pursuant to the Anti-SLAPP law.

**3.**     S.D.N.Y. Judge Rakoff considered the application of the newly amended New York anti-SLAPP law. New York's Anti-SLAPP law is operative in the S.D.N.Y. In *Palin v. New York Times Co.,* No. 17-CV-4853 (JSR), 2020 WL 7711593, at *3 (S.D.N.Y. Dec. 29, 2020), the Court held:

> It is undisputed that § 76-a requires public figures, like plaintiff, to prove actual malice by clear and convincing evidence. It is also undisputed (albeit by virtue of neither party having raised the issue) that a federal court sitting in diversity must apply § 76-a because it is a substantive, rather than a procedural, provision. See *Adelson v. Harris,* 774 F.3d 803, 809 (2d Cir. 2014) (affirming the district court's application of certain substantive provisions of Nevada's antiSLAPP law); see also *La Liberte v. Reid,* 966 F.3d 79, 86 n.3 (2d Cir. 2020) (distinguishing between the applicability in federal court of substantive and procedural elements of state anti-SLAPP laws).

**4.**     Therefore, the Magistrate Judge disregarded the practical effects on the judicial proceedings mandated by the docketing of the Anti-SLAPP motion, **ref: (a).** Consequently, the issuance the Magistrate's MEMO ENDORSEMENT, **ref: (d),** took place AFTER the filing of the Anti-SLAPP motion, **ref: (a),** and is therefore invalid.

**5.**     That MEMO, **ref: (d),** was adjudged, considering the Anti-SLAPP motion (**ref: (a)**) and erroneously held that discovery deadlines for this lawsuit were still in effect ("The discovery deadlines in this action remain in effect" [**ref: (d)**]). The Plaintiff believes this decision is in error as **ref: (b)** declares an automatic stay of discovery and all proceedings.

6.     The same is true for the Magistrate's ORDER, **ref: (e),** which was inappropriately issued during the required "stay of proceedings" time-out period mandated by **ref: (b) and ref: (c).**

**7.**     The Plaintiff earnestly urges the District Judge to review the issue of the applicability of **ref: (b)** to these proceedings. The Plaintiff urges the District Judge to immediately issue a stay of proceedings until the matter of **ref: (b)** applicability is resolved. The Plaintiff urges the District Judge to invalidate **ref: (d) and ref: (e).** In the alternative, the Plaintiff urges certification of the ORDER**, ref: (e),** for interlocutory appeal.

Respectfully,

*D. Sgt*

D. Geo. Sweigert

**D. GEORGE SWEIGERT**
**GENERAL DELIVERY**
**NEVADA CITY, CA 95959-9998**
**SPOLIATION-NOTICE@MAILBOX.ORG**

CERTIFICATE OF SERVICE

The undersigned hereby attests under penalties of perjury that copies of this communication have been sent via electronic mail message to the following parties on the twentieth (4/20) day of April, two thousand and twenty-one (2021).

| Clerk of the Court, Room 200 temporary_pro_se_filing@nysd.uscourts.gov | Jason Goodman, CEO truth@crowdsourcethetruth.org |
|---|---|

*D. GEORGE SWEIGERT*
*Pro Se Non-Attorney*
*GENERAL DELIVERY*
*NEVADA CITY, CA 95959*