U.S. DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| SWEIGERT | CIVIL CASE #: |
|---|---|
| V. | 1:18-CV-08653-VEC |
| GOODMAN | JUDGE VALERIE E. CAPRONI |

### PLAINTIFF'S NOTICE OF FRCP RULE 72 OBJECTIONS
### TO MAGISTRATE'S ORDER, ECF no. 252 (Dkt. 252)

Plaintiff hereby OBJECTS to the ORDER of the Magistrate Judge, **ECF no. 252.**

Assertations made by the Plaintiff herein are certified under the penalties of perjury as truthful.

Plaintiff's ECF doc. 248 (**Dkt. 248**) is hereby incorporated by reference as if fully restated herein. A Certificate of Service appears on the LAST page of this pleading.

Signed this twenty first day of April (4/21) 2021.

*D. GEORGE SWEIGERT*
*GENERAL DELIVERY*
*NEVADA CITY, CA 95959-9998*
*SPOLIATION-NOTICE@MAILBOX.ORG*

1

**TABLE OF CONTENTS**

**INTRODUCTORY STATEMENT** ........................................................................................ 4

**FACTUAL ALLEGATIONS** ............................................................................................... 5

**LAW AND ARGUMENT** .................................................................................................... 6

**RELIEF REQUESTED** ........................................................................................................ 7

# LIST OF AUTHORITIES

### Cases

*Palin v. New York Times Co.,* No. 17-CV-4853 (JSR), 2020 WL 7711593, at *3 (S.D.N.Y. Dec. 29, 2020) .................................................................................................................................. 7

*The National Academy of Television Arts and Sciences, Inc., et al. v. Multimedia Systems Design, Inc.*, 20-CV-7269 .................................................................................................................... 5

### Statutes

28 U.S.C. §§ 631– 639 (2006) ........................................................................................................ 6

N.Y. C.P.L.R. 3211(g) .................................................................................................................... 5

New York Anti-SLAPP law ............................................................................................................ 7

New York State Civil Rights Law Sec. 76(a)(1) ............................................................................ 5

Pub. L. No. 90-578, 82 Stat. 1107 (1968) ...................................................................................... 6

### Other Authorities

Fed. R. Civ. Proc. Rule 72 .............................................................................................................. 6

## INTRODUCTORY STATEMENT

In New York State when a defendant files an "Anti-SLAPP" (strategic lawsuits against public participation) motion all proceedings are stayed. Defendant filed an Anti-SLAPP motion (**ECF no. 239, aka Dkt. 239**) on 4/11/2021, a day before discovered was owed to the Plaintiff. The Magistrate Judge exceeded the authority of the Federal Magistrate's Act and presumed that New York's Anti-SLAPP law did not apply to these proceedings and issued ECF Doc. No. 252 (**Dkt. 252**) without authority. The very issuance of the ORDER (**Dkt. 252**) is in clear error. **Dkt. 252** was improperly issued during a so-called "time-out" mandated by New York's Anti-SLAPP law to stay all proceedings after an Anti-SLAPP motion is filed (**Dkt. 239**).

## PROCEDURAL HISTORY

1. Plaintiff alleged that the Defendant has used Plaintiff's image and name without his consent and committed the tort of defamation *per se* in the Second Amended Complaint (**SAC (Dkt. 88)**) and the First Supplemental Complaint ((**FSC, Dkt. 150**)). By his RESPONSE on **Jan. 29, 2021** (**Dkt. 189**) the Defendant answered the **SAC** and **FSC** (see **ORDER Dkt. 180**).

2. **On Nov. 10, 2020** the Governor of New York signed an updated version of New York Civil Rights Law Section **76 (a)(1)(a),** New York's Anti-SLAPP law.

3. Discovery commenced for both parties on or about Feb. 23, 2021 by ORDER (**Dkt. 218**). A discovery conference was held with both parties and the magistrate judge on March 11, 2021. By ORDER of Mar. 11, 2021 (**Dkt. 224**) Defendant was compelled to produce discovery by April 12, 2021. The **day prior** to the Defendant's discovery deadline, he filed the current Anti-SLAPP motion (**Dkt. 239**).

4.      In response to **Dkt. 218** Plaintiff filed interrogatory discovery responses **Dkts, 225, 230, 231, 232 and 241.**  The Magistrate Judge then filed the ORDER under question, **Dkt.252.**

## FACTUAL ALLEGATIONS

5.      Defendant (SLAPPee) has docketed (**Dkt. 239**) what is ostensibly an Anti-SLAPP motion (Strategic Lawsuits Against Public Participation), pursuant to New York State Civil Rights Law Sec. 76(a)(1) and N.Y. C.P.L.R. 3211(g), on April 11, 2021 – a day before a discovery deadline, to which Defendant owed discovery to the Plaintiff (SLAPPer).  The New York State Civil Rights Law Sec. 76(a)(1) and N.Y. C.P.L.R. 3211(g) are cited by the Defendant in his Anti-SLAPP motion (**Dkt. 239**).

6.      These same authorities authorize the Plaintiff to seek discovery of materials needed to form an opposition to the Defendant's Anti-SLAPP motion.  The Defendant's Anti-SLAPP motion (**Dkt. 239**) posits that the Plaintiff is a limited purpose public figure (**L.P.P.F**.) in the realm of social engineering as it relates to ethical hacking.

7.      Meanwhile, the Defendant narrates podcasts on social media to raise funds, via public donations and gifts, to pay for his attorney's legal expenses in *The National Academy of Television Arts and Sciences, Inc., et al. v. Multimedia Systems Design, Inc*., 20-CV-7269 litigation.  The Defendant daily solicits donations for his **COUNTER LAWFARE FUND** by describing this instant legal action, and others against him, as "social engineering lawfare".

*COUNTER LAWFARE FUND*

8.      The Defendant markets a variety of "COUNTER LAWFARE" financial donations from $100 to $1,000 to pay legal fees and defend himself from "*lawfare*" litigation, such as this instant lawsuit and the related *NATAS v. Goodman* case.  The Defendant has and is engaged in the commercial solicitation of funds from the public to support his "*counter lawfare*" project.



Cite: http://www.crowdsourcethetruth.com



## LAW AND ARGUMENT

9. The Federal Magistrate's Act, Pub. L. No. 90-578, 82 Stat. 1107 (1968) (codified as amended at 28 U.S.C. §§ 631– 639 (2006) ). Decisions by a Magistrate Judge are subject to *de novo* review by an Article III District Judge, as amplified in Fed. R. Civ. Proc. Rule 72.

10. Pursuant to Rule 72(a) of the Fed. R. Civ. Proc., in reviewing a Magistrate Judge's order on a nondispositive matter, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."

11. On November 10, 2020, Governor Cuomo signed into law an amendment to the New York Anti-SLAPP law. In what appears to be the only case addressing the issue, on December 29, 2020. S.D.N.Y. Judge Rakoff considered the application of the newly amended New York anti-SLAPP law. New York's Anti-SLAPP law is operative in the S.D.N.Y. In *Palin v. New York Times Co.,* No. 17-CV-4853 (JSR), 2020 WL 7711593, at *3 (S.D.N.Y. Dec. 29, 2020), the Court held:

> It is undisputed that § 76-a requires public figures, like plaintiff, to prove actual malice by clear and convincing evidence. It is also undisputed (albeit by virtue of neither party having raised the issue) that a federal court sitting in diversity must apply § 76-a because it is a substantive, rather than a procedural, provision. See *Adelson v. Harris,* 774 F.3d 803, 809 (2d Cir. 2014) (affirming the district court's application of certain substantive provisions of Nevada's antiSLAPP law); see also *La Liberte v. Reid,* 966 F.3d 79, 86 n.3 (2d Cir. 2020) (distinguishing between the applicability in federal court of substantive and procedural elements of state anti-SLAPP laws).

12. New York's Anti-SLAPP law mandates the stay of discovery proceedings while a special motion is pending, such as **Dkt. 239**. The amended 2020 law clarifies that all discovery and other proceedings will be stayed pending the resolution of an Anti-SLAPP motion. While previous New York law had already provided for a stay of discovery upon the filing of a motion to dismiss or for summary judgment, a motion under the revised 2020 Anti-SLAPP law will also stay other proceedings. This includes the issuance of orders.

## RELIEF REQUESTED

13. The Plaintiff requests that this Court find that the Magistrate Judge's ORDER (**Dkt. 252**) is a legal nullity as it was issued during a period of a stay of proceedings.

14. The Plaintiff requests that this Court find that the practical effects of the ORDER (**Dkt. 252**) be made moot until such time as the stay of proceedings "time-out" period is lifted.

15.     The Plaintiff requests that this Court stay all discovery and other proceedings, except for the purposes of complying with New York's Anti-SLAPP law.  It is essential that the Plaintiff obtain relevant evidence to support the "SLAPPer's" motion in opposition concerning the "actual malice" threshold as created by New York's Anti-SLAPP law.

16.     The Plaintiff seeks this Court's relief in the form of an ORDER to stay all non-Anti-SLAPP discovery.

Signed this twenty first day of April (4/21), 2021.

*D. S-g+*

**D. GEORGE SWEIGERT**
**GENERAL DELIVERY**
**NEVADA CITY, CA 95959-9998**
**SPOLIATION-NOTICE@MAILBOX.ORG**

U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
(FOLEY SQUARE)

D George Sweigert

**Plaintiff**

v.

Jason Goodman

**Defendant**

CIVIL CASE #: 1:18-CV-08653-VEC

JUDGE VALERIE E. CAPRONI

MAGISTRATE STEWART D. AARON

CERTIFICATE OF SERVICE

I HEREBY ATTEST that a true copy of the attached pleading has been sent to the following electronic e-mail message addresses on this twenty first day of April (4/21), 2021.

**Jason Goodman, CEO**
truth@crowdsourcethetruth.org

**Clerk of the Court, Room 200**
temporary_pro_se_filing@nysd.uscourts.gov

*D. Sgt*

*D. GEORGE SWEIGERT*
*GENERAL DELIVERY*
*NEVADA CITY, CA 95959-9998*
*SPOLIATION-NOTICE@MAILBOX.ORG*