USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/22/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

D George Sweigert,

                Plaintiff,

-against-

Jason Goodman,

                Defendant.

1:18-cv-08653 (VEC) (SDA)

**OPINION AND ORDER**

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE:**

On April 11, 2021, Defendant Goodman filed a motion to, among other things, "amend his answer and file a special motion to dismiss," pursuant to New York's recently amended anti-SLAPP[1] statute and to stay discovery pending the Court's decision on such motion. (Def.'s Mot., ECF No. 239.) In response, Plaintiff has made multiple filings, including both a motion to compel discovery in order to oppose Defendant's motion and a motion to stay discovery. (*See* ECF Nos. 242, 245, 249, 250, 253, 255, 257, 258.) For the reasons set forth below, the portion of Defendant's motion to amend his Answer is GRANTED and his request for a stay of discovery is DENIED.[2]

---

[1] "SLAPP is an acronym for a 'strategic lawsuit against public participation,' which is a suit that is brought primarily to chill the valid exercise of a defendant's right to free speech . . .." *Ernst v. Carrigan*, 814 F.3d 116, 117 (2d Cir. 2016). In late 2020, the New York Legislature adopted amendments to its anti-SLAPP statute, which are discussed in Section I, *infra*.

[2] The Court notes that, contrary to the parties' understanding, the 4/15/21 Memo Endorsement previously entered by the Court at ECF No. 246 was not intended to decide the stay issue raised in Defendant's motion, but merely was intended to preserve the status quo pending further decision by the Court. For the avoidance of doubt, the Court hereby withdraws that portion of ECF No. 246, which addresses discovery deadlines, thereby rendering moot Defendant's objection filed at ECF No. 251, as well as Plaintiff's letters filed at ECF Nos. 257 and 258 (which, despite their titles, also take issue with the 4/15/21 Memo Endorsement). As set forth *infra*, the Court shall hold a telephone conference with the parties to address, *inter alia*, discovery deadlines.

I.  **Background Regarding New York's Anti-SLAPP Statute**

In 1992, New York enacted anti-SLAPP legislation "aimed at broadening the protection of citizens facing litigation arising from their public petition and participation." *Mable Assets, LLC v. Rachmanov*, No. 2018-04592, 2021 WL 1112893, at *1 (N.Y. App. Div., 2d Dep't, Mar. 24, 2021) (citing L. 1992, ch. 767, § 1). SLAPP lawsuits "are characterized as having little legal merit but are filed nonetheless to burden opponents with legal defense costs and the threat of liability and to discourage those who might wish to speak out in the future." *Id*.

Effective November 10, 2020, the New York Legislature amended New York's Civil Rights Law and the New York Civil Practice Law and Rules to broaden the scope of the law and provide greater protections to defendants facing SLAPP suits. *See* N.Y. Civil Rights Law §§ 70-a & 76-a; N.Y. C.P.L.R. 3211(g) & 3212(h). Among other things, the amendments expanded the definition of an "action involving public petition and participation" and, thus, "substantially broadened the reach of the actual malice rule." *Palin v. New York Times Co.*, No. 17-CV-04853 (JSR), 2020 WL 7711593, at *2 (S.D.N.Y. Dec. 29, 2020). The law now defines an "action involving public petition and participation" to include a claim based upon:

> (1) any communication in a place open to the public or a public forum in connection with an issue of public interest; or (2) any other lawful conduct in furtherance of the exercise of the constitutional right of free speech in connection with an issue of public interest, or in furtherance of the exercise of the constitutional right of petition.

N.Y. Civil Rights Law § 76-a(1)(a). The law also states that the term "public interest" is to "be construed broadly, and shall mean any subject other than a purely private matter." *Id*. § 76-a(1)(d).

In New York state courts, once a claim or action is determined to be an action involving public petition and participation, special procedures apply. For example, when a defendant moves to dismiss such an action for failure to state a claim, the motion "shall be granted unless the party responding to the motion demonstrates that the cause of action has a substantial basis in law or is supported by a substantial argument for an extension, modification or reversal of existing law." N.Y. C.P.L.R. 3211(g). In deciding such a motion, "the court shall consider the pleadings, and supporting and opposing affidavits stating the facts upon which the action or defense is based." *Id*. In addition, such a motion triggers an automatic stay of discovery. *See id*. However, if "the nonmoving party, by affidavit or declaration under penalty of perjury that, for specified reasons, it cannot present facts essential to justify its opposition," the court "may order that specified discovery be conducted . . . limited to the issues raised in the motion to dismiss." *Id*. Similarly, a motion for summary judgment in an action involving public petition and participation, "shall be granted unless the party responding to the motion demonstrates that the action, claim, cross claim or counterclaim has a substantial basis in fact and law or is supported by a substantial argument for an extension, modification or reversal of existing law." N.Y. C.P.L.R. 3212(h).

II.     **Defendant's Motion To Amend His Answer And For A Stay Of Discovery**

In his motion, Defendant argues that Plaintiff's lawsuit constitutes an action involving public petition and participation under the expanded definition in Civil Rights Law § 76-a and seeks to invoke the procedure set forth in CPLR 3211(g) to move to dismiss the Second Amended Complaint and for an automatic stay of discovery. (*See* Def.'s Mem., ECF No. 239-2.) Defendant's motion implicates both substantive and procedural issues.

As a federal court sitting in diversity, this Court must apply Civil Rights Law § 76-a "because it is a substantive, rather than a procedural, provision." *Palin*, 2020 WL 7711593, at *3 (citing *Adelson v. Harris*, 774 F.3d 803, 809 (2d Cir. 2014) (affirming the district court's application of certain substantive provisions of Nevada's anti-SLAPP law); *La Liberte v. Reid*, 966 F.3d 79, 86 n.3 (2d Cir. 2020) (distinguishing between the applicability in federal court of substantive and procedural elements of state anti-SLAPP laws)). Moreover, courts that have addressed the issue have determined that § 76-a should be given retroactive effect. *See Palin*, 2020 WL 7711593, at *3-5 (discussing legal standards and concluding that § 76-a is a remedial statute that should be given retroactive effect); *see also Coleman v. Grand*, No. 18-CV-05663 (ENV) (RLM), 2021 WL 768167, at *7 (E.D.N.Y. Feb. 26, 2021) (agreeing with Judge Rakoff's analysis in *Palin*); *Sackler v. Am. Broad. Cos., Inc.*, No. 155513-2019, 2021 WL 969809, at *3 (N.Y. Sup. Ct. Mar. 9, 2021) ("This court finds that the anti-SLAPP amendments are intended to apply retroactively in order to effectuate the remedial and beneficial purpose of the statute.") (citing *Palin* and *Coleman*). Indeed, the parties appear to agree that Plaintiff's defamation claims fall within the ambit of § 76-a.

However, the parties have not addressed, and the Court is not convinced, that the special motion to dismiss procedures set forth in CPLR 3211(g) apply to this action, particularly at this stage of the proceedings. "The test is whether a Federal Rule of Civil Procedure answers the same question as the [state law or rule]." *La Liberte*, 966 F.3d at 87 (citing *Abbas v. Foreign Pol'y Grp., LLC*, 783 F.3d 1328, 1333 (D.C. Cir. 2015) (internal quotation marks and alterations omitted); *see also Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398-99 (2010); *Hanna*

*v. Plumer*, 380 U.S. 460, 463-64 (1965). "If so, the Federal Rule governs, unless it violates the Rules Enabling Act." *La Liberte*, 966 F.3d at 87.

In *La Liberte*, the Second Circuit held that a special motion to strike under California's anti-SLAPP statute did not apply in federal court, because it conflicted with Rules 12 and 56 of the Federal Rules of Civil Procedure. 966 F.3d at 87. The Court found that the California procedure imposed higher standards on plaintiffs than required by the Federal Rules.[3] *See id*.

Here, certain procedural aspects of CPLR 3211(g) conflict with Rules 12 and 56 of the Federal Rules of Civil Procedure. For example, CPLR 3211(g) allows courts to consider supporting and opposing affidavits at the motion to dismiss stage, while at the same time putting limits on what, if any, discovery a plaintiff may pursue. Courts considering similar provisions in other state anti-SLAPP statutes have found that they conflict with the Federal Rules. *See, e.g.*, *Intercon Sols., Inc. v. Basel Action Network*, 969 F. Supp. 2d 1026, 1047 (N.D. Ill. 2013), *aff'd*, 791 F.3d 729 (7th Cir. 2015); *Unity Healthcare, Inc. v. Cty. of Hennepin*, 308 F.R.D. 537, 541 (D. Minn. 2015) ("The restrictive standard for discovery under the anti-SLAPP law is oil to the water of Rule 56's more permissive standard."); *S. Middlesex Opportunity Council, Inc. v. Town of Framingham*, No. 07-CV-12018 (DPW), 2008 WL 4595369, at *10 (D. Mass. Sept. 30, 2008) (state process that incorporated "additional fact-finding beyond the facts alleged in the pleadings" was "fundamentally different from a Rule 12 motion"); *see also Adelson*, 774 F.3d at 809 (noting that whether provision of Nevada's anti-SLAPP statute barring discovery upon filing of anti-SLAPP

---

[3] In reaching this outcome, the Second Circuit distinguished its prior decision in *Adelson* (774 F.3d at 809), "which approved certain aspects of Nevada's anti-SLAPP statute," on the ground that the Nevada statute addressed the substantive standard that applied to defamation claims, but did not present a procedural conflict. *See La Liberte*, 966 F.3d at 86 n.3.

motion applied in federal court "may present a closer question" and noting that other courts declined to apply such provisions as conflicting with Rule 56). Moreover, although Defendant seeks to invoke CPLR 3211(a), which applies to motions to dismiss, in his accompanying memorandum of law, he asks the Court to make factual determinations regarding Plaintiff's claims, including, for example, that some of the alleged defamatory statements are "factual." (*See* Def.'s Mem., ECF No. 239-2, at 4.) Notably, CPLR 3212(h), which applies to state court motions for summary judgment in actions involving public participation, does not impose a stay of discovery.

Accordingly, the Court grants the Defendant's motion to amend his answer to add a defense under the New York anti-SLAPP statute. *See* Fed. R. Civ. P. 15 ("court should freely give leave [to amend] when justice so requires"); *see also In re Trib. Co. Fraudulent Conv. Litig.*, No. 11-MD-02296 (DLC), 2019 WL 1771786, at *5 (S.D.N.Y. Apr. 23, 2019) (leave to amend granted based upon intervening change in law). The Court also grants Defendant's motion for leave to file an appropriate dispositive motion under the New York anti-SLAPP statute. Since an answer already has been filed by Defendant, Defendant's motion may be made as a motion for judgment on the pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, or as a motion for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure. After such a motion has been filed and fully briefed, I will make a report and recommendation to District Judge Caproni regarding the appropriate disposition of such motion.[4]

---

[4] To be clear, I am not at this time deciding any of the substantive issues raised in Defendant's memorandum of law (ECF No. 239-2). Rather, this Opinion and Order is limited to procedural aspects of the case.

The Court denies Defendant's request for a stay of discovery, as Defendant has not established that a stay is required and/or warranted. Discovery is ongoing and the Court declines to apply any limitations on discovery that may be imposed under the New York Civil Practice Law and Rules.[5] *See Dukes v. NYCERS*, 331 F.R.D. 464, 472 (S.D.N.Y. 2019) (declining to impose CPLR limitations on discovery in federal court).

The parties are directed to appear for a telephone conference in this action on May 4, 2021, at 2:00 p.m. EDT, to set a briefing schedule for Defendant's dispositive motion and to address the remaining discovery disputes, as well as discovery deadlines. At the time of the conference, the parties shall each separately call (888) 278-0296 (or (214) 765-0479) and enter access code 6489745.

The Clerk of Court is respectfully requested to terminate the gavels at ECF Nos. 253 and 255 and to mail a copy of this Opinion and Order to the *pro se* Defendant.

**SO ORDERED.**

DATED:   New York, New York
         April 22, 2021

_____
STEWART D. AARON
United States Magistrate Judge

---

[5] Even if CPLR 3211(g) were to be applied in this Court, Plaintiff is entitled to discovery pursuant to that statute "upon a showing by [him], by affidavit or declaration under penalty of perjury that, for specified reasons, [he] cannot present facts essential to justify [his] opposition." N.Y. C.P.L.R. 3211(g). Plaintiff has filed at ECF No. 253 a sworn statement regarding discovery he seeks to oppose Defendant's motion under the anti-SLAPP statute.