*D. GEORGE SWEIGERT*
*GENERAL DELIVERY*
*NEVADA CITY, CA 95959*

**April 22nd, 2021**

**Magistrate Judge Stewart D. Aaron**
**U.S. District Court**
**500 Pearl Street**
**New York, New York 10007-1312**

**SUBJ:  REQUEST DISCOVERY PROTECTIVE ORDER**
           **1:18-cv-08653-VEC-SDA**

**Ref:**   (a)  ECF document no. 239
           (b)  ECF document no. 259

**Your Honor,**

1.    The Defendant has filed his Anti-SLAPP motion, **ref: (a)**.  **Ref: (b)** was issued because of **ref**: (a).  The amazing turnabout and subsequent impact to this case, caused by amendments to New York's Anti-SLAPP law, compels the undersigned to request a protective order for discovery materials.

2.    Based on the dazzling change in course of the New York Anti-SLAPP law, coupled with the Defendant's complete lack of cooperation in discovery, the undersigned must humbly request a protection order for all materials related to documents that demonstrate special damages.

3.    As the Defendant has missed the April 12, 2021 discovery deadline, he holds no special sway in this matter.  Further, as Mr. Goodman has placed his main social media property (the "JASON GOODMAN" YouTube channel) in cold storage, by removing 2,333 videos from the Internet, discovery of artifacts demonstrating defamation has effectively closed for the Plaintiff.  Perhaps, this social media property will be re-constituted out of cold storage after discovery closes in this matter.  This may be why the New York Anti-SLAPP law places a moratorium on all discovery proceedings.

4.    Nonetheless, the bar to demonstrate defamation *per se* in open court is a lower threshold than that allowed for special damages.  In other words, the production of discovery records by the Plaintiff to establish special damages will require the Plaintiff' to divulge his contacts at various civilian and government agencies.

1

5. Sensitive information concerning Plaintiff's involvement with projects related to critical cyber infrastructure, the program managers of said projects, the economic value of said protects, etc. needs to be protected from the Anti-SLAPP "public participation" Defendant.

6. Mr. Goodman has appeared on the Russian news affiliate, SPUTNIK, an estimated 33 times. Mr. Goodman claims to be life-long friends with Mr. Lee Stranahan, a full-time reporter for Russian related social media outlets. This is also true for Mr. Charles Ortell, another permanent guest of Mr. Goodman's "public participation" social media channel, who has Russian connections.

7. Thus, when pleading special damages, with the accompanying discovery materials, the Plaintiff should expect this Court to issue a <u>protective order</u> for those documents that lie within the boundaries of special damages (described above).

Respectfully,

D. Geo. Sweigert

## CERTIFICATE OF SERVICE

The undersigned hereby attests under penalties of perjury that copies of this communication have been sent via electronic mail message to the following parties on the twenty second of April (4/22), two thousand and twenty-one (2021).

| Clerk of the Court, Room 200 | Jason Goodman, CEO |
| --- | --- |
| temporary_pro_se_filing@nysd.uscourts.gov | truth@crowdsourcethetruth.org |

**D. GEORGE SWEIGERT**
*Pro Se Non-Attorney*
**GENERAL DELIVERY**
**NEVADA CITY, CA 95959**