USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/22/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

D. GEORGE SWEIGERT,

                Plaintiff,

    -against-

JASON GOODMAN,

                Defendant.

18-CV-8653 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

WHEREAS on April 11, 2021, Goodman filed a motion seeking leave to amend his answer and to file a motion to dismiss pursuant to New York's anti-SLAPP statute and to stay discovery pending the Court's decision on the motion, Dkt. 239;

WHEREAS in the same motion, Goodman also moved to dismiss the case pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, Dkt. 239-2 at 1;

WHEREAS on April 15, 2021, Magistrate Judge Aaron ordered that the discovery deadlines in the action remain in effect and noted that the Court will decide the motion in due course, Dkt. 246;

WHEREAS both parties objected to Judge Aaron's order maintaining the pre-existing discovery deadlines and requested the undersigned to set aside the order, Dkts. 251, 258, 259; and

WHEREAS on April 22, 2021, Judge Aaron withdrew the portion of his order that addressed discovery deadlines and denied Goodman's request for a stay of discovery, Order, Dkt. 259 at 1 n.2, 7;

IT IS HEREBY ORDERED that the parties' requests that the undersigned review Judge Aaron's orders with respect to discovery are DENIED. Judge Aaron has withdrawn the portion

of his endorsement that pertained to discovery and has since denied Goodman's request for a discovery stay. *See* Order, Dkt. 259 at 1 n.2, 7. Accordingly, the parties' objections are denied as moot.

IT IS FURTHER ORDERED that to the extent Goodman's motion can be construed as a motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b),[1] it is DENIED. The Second Circuit has clarified:

> Rule 41(b) dismissal remains a harsh remedy to be utilized only in extreme situations. And *pro se* plaintiffs should be granted special leniency regarding procedural matters. . . . Specifically, a district court contemplating dismissing a plaintiff's case, under Rule 41(b), for failure to prosecute must consider: [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (cleaned up).

The Court does not find that this stringent standard has been met. At the outset, the Court notes that both parties in this matter are *pro se* and are therefore accorded a special solicitude, especially with respect to procedural matters. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006). Moreover, both parties have clogged the docket with unnecessary and duplicative filings and both parties have missed deadlines. It would be manifestly unfair for the Court to use such a harsh remedy against Sweigert when Goodman's hands are far from clean. Additionally, Judge Aaron has not warned Sweigert that failure to comply with future orders may

---

[1] In the introduction of his memorandum of law, Goodman stated that he was moving to dismiss the case pursuant to Rule 41(b). Mem. of Law, Dkt. 239-2 at 1. But beyond this one sentence, Goodman does not discuss the applicability of the rule to this matter.

lead to dismissal.[2]  In short, while dismissal for failure to follow Court orders may be appropriate in the future, the Court finds that the circumstances are not "sufficiently extreme," *LeSane*, 239 F.3d at 209, to warrant dismissal at this time.

The Clerk of Court is respectfully directed to close the open motion at docket entry 239. The Clerk is further directed to mail this Order to both parties and to note the two mailings on the docket.

**SO ORDERED.**

Date: April 22, 2021
      New York, New York

**VALERIE CAPRONI**
**United States District Judge**

---

[2]  With respect to the parties' daily barrage of filings, the Court fully supports Judge Aaron's order requiring Plaintiff to "refrain from filing any further discovery responses without leave of Court," and noting that failure to comply with Judge Aaron's individual practices "may result in the imposition of sanctions."  Order, Dkt. 252 at 2.