*D. GEORGE SWEIGERT*
*GENERAL DELIVERY*
*NEVADA CITY, CA 95959*

**April 24, 2021**

**Magistrate Judge Stewart D. Aaron**
**U.S. District Court**
**500 Pearl Street**
**New York, New York 10007-1312**

**SUBJ: Tentative issues for May 4th, 2021 discovery conference.**
         **1:18-cv-08653-VEC-SDA**

**Your Honor,**

**1.**     As you are aware, the Defendant will now be allowed to amend his written ANSWER and proceed in one of two paths for a dispositive motion: (1) F.R.C.P. Rule 12(c) or (2) Rule 56 motion. The Plaintiff needs to understand which path the Defendant will take (Rule 12(c) or Rule 56) at the earliest possible opportunity.  The choice of the path will greatly impact anticipated discovery.

**2.**     As you are well aware, the Plaintiff has never missed a deadline of any kind (although erroneously reported that the Plaintiff had by District Judge Valerie E. Caproni in her last order).

**3.**     Meanwhile, the Defendant is a classic example of a care-free foot-dragging discovery obstructionist (who has missed every discovery deadline imposed by this Court).  Somehow two parties at the opposite ends of the deadline question (one who misses every deadline vs. one was has never missed a deadline) are lumped into the so-called contextualization of an "Internet fracas" and are held to be equally bad and at fault.

4.     No matter.  To aid in the efficient administration of this Court, the Plaintiff requests that the Defendant advise the process he intends to follow – Rule 12(c) or Rule 56 soon.  The choice wildly impacts discovery issues.  For instance, Rule 12(c) allows the review of public facts by a court, such as the Requests for Judicial Notice that have been recently discarded.

5.     To aid in the efficient administration of this Court, the Plaintiff seeks to pursue a defamation *per se* only strategy, thus carving out issues of "special damages".  The Plaintiff is confident that the present pleadings (with the addition of certain public documents) will withstand whatever jumble of irrelevancies the SPUTNIK commentor Jason Goodman cares to cook up.

**6.** Thus, the Plaintiff owes no discovery, to anyone, to demonstrate the claims for defamation *per se*. The entire burden of discovery now rests on the Defendant, who has removed all relevant video podcast materials temporarily from the Internet.

**7.** As the Defendant has never met any discovery deadline in this Court, the Plaintiff assumes that this trend will continue. Utter non-compliance with discovery by the Defendant is not the most troubling matter, it is the comparison that the Plaintiff and the Defendant are somehow alike in this area.

8. Therefore, please consider this letter as a withdrawal of any claims related to special damages in this matter (taken in the interests to protect critical cyber infrastructure information from the Russia friendly Defendant).

|  |  |
|---|---|
| Respectfully,<br><br>D. Geo. Sweigert | **D. GEORGE SWEIGERT**<br>***GENERAL DELIVERY***<br>***NEVADA CITY, CA 95959-9998***<br>**SPOLIATION-NOTICE@MAILBOX.ORG** |

## CERTIFICATE OF SERVICE

**The undersigned hereby attests under penalties of perjury that copies of this communication have been sent via electronic mail message to the following parties on the twenty-four (4/24) day of April, two thousand and twenty-one (2021).**

| **Clerk of the Court, Room 200**<br>temporary_pro_se_filing@nysd.uscourts.gov | Jason Goodman, CEO<br>truth@crowdsourcethetruth.org |
|---|---|

**D. GEORGE SWEIGERT**
*Pro Se Non-Attorney*
**GENERAL DELIVERY**
**NEVADA CITY, CA 95959**