*D. GEORGE SWEIGERT*
*GENERAL DELIVERY*
*NEVADA CITY, CA 95959*


**April 27th, 2021**

**Magistrate Judge Stewart D. Aaron**
**U.S. District Court**
**500 Pearl Street**
**New York, New York 10007-1312**

**SUBJ:  TENATIVE RESPONSE TO DEFENDANT'S MOTION TO STAY**
**        1:18-cv-08653-VEC-SDA**

**Your Honor,**

1.     At the outset, the Plaintiff submits this letter under the greatest hesitation to avoid the appearance of "clogging the docket".  However, the Defendant has now filed **ECF document no. 263,** which ostensibly seeks a "STAY OF PROCEEDINGS".

2.     In sum, Defendant complains that his dentist was apparently contacted by the undersigned. This apparently happened after the Defendant broadcast a series of podcast videos from the street entrance of this so-called dentist and described in detail his dental problems with a follow-up request for the donation of funds from the public to help pay for his dental bills.

3.     Although the Defendant includes an unauthenticated copy of an e-mail message, he states that the undersigned was seeking access to medical records.  Such a request for medical records does not exist in said e-mail message, merely a request for confirmation that the Defendant is a patient.

4.     The Court will recall that a parallel civil action is being prepared in the State of California to sue the Defendant under California law for the Defendant's significant contacts within the State of California.  The Defendant's attendance to this medical office in the Hollywood, California area substantiates the Defendant's extensive visits and stays in Hollywood within the past three (3) months.  Such activity falls within the litigation privilege practices within the State of California.

5.     Regarding the so-called *NATAS v. Multimedia Systems Design Inc.,* 20-CV-7269 (Caproni, J.) lawsuit.  Again, the undersigned states under oath that the Plaintiff made no contact with "Adam Sharp" in August 2020, as the Defendant claims.  This is another "dead horse" that the Defendant enjoys beating for his podcast audience.

6.      Even if the Plaintiff had contacted Adam Sharp and/or NATAS the Second Circuit has ruled that a simple lawsuit – by itself – does not constitute any form harassment.  Suffice to say that the Plaintiff had nothing to do with the initiation of the *NATAS* lawsuit against the Defendant's company (M.S.D.I. dba CrowdSource the Truth).

7.      Defendant further complains that he is "in fear of his safety".  The Magistrate Judge will recall that the Defendant stated this "personal safety" argument at the discovery conference of March 11, 2021.  At that time, the Court instructed the Defendant to contact the appropriate law enforcement authorities about this matter and not the Court.

8.      Meanwhile, the Defendant has released several podcast videos showing him handling dangerous firearms to include an AR-15 assault weapon, which is presently banned in the State of California.  Video podcasts also demonstrated his use of a handgun, purportedly a RUGER 9 mm semi-automatic.  In other podcast videos filmed in Las Vegas, Nevada the Defendant insinuates that his is carrying a concealed handgun while walking on the streets of Las Vegas.

9.      Defendant provides no supporting legal rational that would support a stay of proceedings or the prior restraint of AMENDMENT I rights and privileges available to the undersigned.  The Defendant is well aware of this AMENDMENT I argument as he has filed a so-called Anti-SLAPP motion with this Court (**ECF doc. No. 239**).  The Defendant's demand for a gag order (with zero supporting legal rationale) appears to be just another example of his bad faith with regards to this lawsuit which he openly invited and encouraged on a dozen occasions in video podcast content (now temporarily removed from the Internet by the Defendant).

Respectfully,

*D. Sgt*

D. George Sweigert

## CERTIFICATE OF SERVICE

**The undersigned hereby attests under penalties of perjury that copies of this communication have been sent via electronic mail message to the following parties on the twenty seventh day of April (4/27), two thousand and twenty-one (2021).**

| Clerk of the Court, Room 200 temporary_pro_se_filing@nysd.uscourts.gov | Jason Goodman, CEO truth@crowdsourcethetruth.org |
|---|---|



