D. GEORGE SWEIGERT
GENERAL DELIVERY
NEVADA CITY, CA 95959

April 30th, 2021

**Magistrate Judge Stewart D. Aaron**
**U.S. District Court**
**500 Pearl Street**
**New York, New York 10007-1312**

**SUBJ: DISCOVERY STAUS**
         **1:18-cv-08653-VEC-SDA**

**Your Honor,**

1.     The following is provided as a status report to the current discovery issues. Unfortunately, the Plaintiff has gathered only a small percentage of the defamatory statements made by the Defendant for the following reasons:

   a. Plaintiff has no access to video content posted at PATREON.COM and/or SUBSCRIBESTAR.COM by the Defendant.
   b. Defendant has removed the lion's share of his video podcasts on the JASON GOODMAN YouTube channel into "private status", meaning temporarily unavailable for public viewing.

2.     Plaintiff's discovery efforts have been further hampered by the Defendant's refusal to provide a list of all of his social media properties and usernames, as ordered by this Court (see discovery conference of March 11, 2021). As recent motions from the Defendant have demonstrated (see Anti-SLAPP motion, **ECF doc. 239**) the Defendant maintains clandestine social media properties (e.g. BITCHUTE.COM) using aliases and fake account names to post defamatory statements about the Plaintiff.

3.     As a courtesy to the Court, a partial listing of defamatory statements accusing the Plaintiff of criminal conduct has been coalesced into a tabular form (attached) from previously filed discovery papers. The Plaintiff can provide a more comprehensive tabular listing to coalesce statements from previously filed discovery papers that (1) tend to injure the Plaintiff in his business, trade and/or career, (2) that accuse the Plaintiff having a loathsome disease, and (3) additional accusations of criminal activity.

4.   In sum, the Plaintiff believes that he was only able to document about 10-15% of the actionable statements appearing on the Internet prior to the Defendant placing his JASON GOODMAN channel on private status (temporarily removing video content from public view). The channel was placed on private status to accompany the filing of the Anti-SLAPP motion (ECF doc. 239) on or around April 12th, 2021 (when delivery of discovery materials to the Plaintiff by the Defendant was due, as directed at the March 11, 2021 discovery conference).

5.   As of this date, the Plaintiff has not received any discovery materials from the Defendant.

6.   In view of the foregoing, the Plaintiff requests an advisory opinion of this Court that establishes the foundation for an adverse inference that the Defendant has limited availability of discoverable materials and has obstructed the discovery process.  See *Kronisch v. United States*, 150 F.3d 112, 126 (2d Cir. 1998) (stating that an adverse inference instruction serves the remedial purpose, "insofar as possible, of restoring the prejudiced party to the same position [it] would have been in absent the wrongful destruction of evidence by the opposing party").

Respectfully,

*D. Swgt*

D. George Sweigert

## CERTIFICATE OF SERVICE

**The undersigned hereby attests under penalties of perjury that copies of this communication have been sent via electronic mail message to the following parties on the thirtieth day of April (4/30), two thousand and twenty-one (2021).**

| **Clerk of the Court, Room 200** | **Jason Goodman, CEO** |
|---|---|
| **temporary_pro_se_filing@nysd.uscourts.gov** | **truth@crowdsourcethetruth.org** |

| Partial list of statements charging the Plaintiff with a serious crime ||
|---|---|
| **Defamatory statement** | **Source** |
| You better stop Dave, because all this stuff is going to the FBI. | Statement no. 2 ECF no. 225 |
| That man should be in jail. That's criminal prosecution. I intend to get them prosecuted criminally. | Statement no. 3 ECF no. 225 |
| You better stop Dave, because all that stuff has gone to the FBI. I am working out a way to bring criminal prosecution against these people. | Statement no. 4 ECF no. 225 |
| You see, I think David is engaged in a crime. I have got the evidence for it. Could indicate involvement in a criminal operation of IRAN-CONTRA. Dave needs to be prosecuted. 18 USC 1001. I am going to make it my business to find a prosecutor to charge David Sweigert and his accomplices with that crime. Because I will see to it that that man is put in jail. | Statement no. 7 ECF no. 225 |
| David Sweigert – that I see evidence that he has committed felonies. And therefore, conspiring with him could expose you to serious legal issues if law enforcement chooses to act on the evidence that I am actively providing of these felonies. And conspiring with others around the Internet to break the law | Statement no. 8 ECF no. 230 |
| He has now taken to basically threatening the federal judge in the Southern District of New York, that's Valerie Caproni. | Statement no. 9 ECF no. 230 |
| Shrouded in an organized campaign of harassment. Interstate harassment over the Internet, over the telephone. These are crimes people. So if you are engaged in doing that right now, Dean Fougere, Manuel Chavez, Robert David Steele, David Sweigert, Queen Tut Lutzke Holmes, whatever. | Statement no. 13 ECF no. 230 |
| He interfered with an officer of the court. | Statement no. 16 ECF no. 230 |
| George's brother who is making public threats against us. | Statement no. 18 ECF no. 230 |
| You are engaged in an organized criminal harassment campaign. I have submitted my evidence against you to the NY FBI field office. | Statement no. 21 ECF no. 230 |
| David Sweigert is a dead beat dad. | Statement no. 22 ECF no. 231 |
| Cyberstalker / deadbeat dad David Sweigert abandons his own son | Statement no. 26 ECF no. 231 |