May 3, 2021

By ECF and Electronic Mail

Honorable Stewart D. Aaron
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St.
New York, NY 10007-1312

   Re: *Sweigert v. Goodman*, No. 2019-cv-8653-VEC-SDA

Dear Judge Aaron:

   I write in advance of our conference scheduled for May 4, 2021 at 2:00 p.m., wherein I will ask the Court for a briefing schedule for an application for an order (1) granting summary judgment with respect to Mr. Sweigert's defamation claim for "special damages" and (2) dismissing Mr. Sweigert's *per se* defamation claim for lack of subject matter jurisdiction.

   As the Court is aware, Mr. Sweigert commenced this action in 2019 for defamation, securing Federal jurisdiction by claiming "special" damages in excess of $75,000. On April 24, 2021, Plaintiff David Sweigert made a stunning admission that should end this case: **Mr. Sweigert has no evidence of actual damages.** Quoting Mr. Sweigert's April 24, 2021 letter:

> 5. To aid in the efficient administration of this Court, **the Plaintiff seeks to pursue a defamation per se only strategy**, thus carving out issues of "special damages". The Plaintiff is confident that the present pleadings (with the addition of certain public documents) will withstand whatever jumble of irrelevancies the SPUTNIK commentor Jason Goodman cares to cook up.

> 6. Thus, the Plaintiff owes no discovery, to anyone, to demonstrate the claims for defamation per se. The entire burden of discovery now rests on the Defendant, who has removed all relevant video podcast materials temporarily from the Internet.

> 7. As the Defendant has never met any discovery deadline in this Court, the Plaintiff assumes that this trend will continue. Utter non-compliance with discovery by the Defendant is not the most troubling matter, it is the comparison that the Plaintiff and the Defendant are somehow alike in this area.

> 8. **Therefore, please consider this letter as a withdrawal of any claims related to special damages in this matter** (taken in the interests to protect critical cyber infrastructure information from the Russia friendly Defendant).

Mr. Sweigert's letter should dispose of this case.

**Defendant Is Entitled To Summary Judgment on Special Damages Defamation**

Under New York law, a plaintiff must establish five elements to recover for defamation: "(1) a written defamatory statement of fact concerning the plaintiff; (2) publication to a third party; (3) fault (either negligence or actual malice depending on the status of the libeled party); (4) falsity of the defamatory statement; and **(5) special damages or per se actionability (defamatory on its face)."** *See Celle v. Filipino Reporter Enterps. Inc.*, 209 F.3d 163, 173 (2d Cir. 2000).

Based upon Mr. Sweigert's letter of April 24, 2021, Mr. Sweigert has now conceded that he has no claim for defamation based on special damages. **Accordingly, the Court should enter partial summary judgment in favor of Defendant on the branch of Mr. Sweigert's defamation claim based on "special damages."**

**The Defamation *Per Se* Claim Should Be Dismissed For Lack of Jurisdiction**

Mr. Sweigert's failure to supply any proof of damages destroys the basis for subject matter jurisdiction in this case, requiring Mr. Sweigert's remaining claim for defamation *per se* to be dismissed.

Mr. Sweigert secured Federal jurisdiction by alleging actual damages in excess of $75,000. However, based upon Mr. Sweigert's April 24, 2021 admission that he has no evidence of damages, it is now evident that Mr. Sweigert **never** had a good faith basis for alleging the jurisdictional minimum amount-in-controversy.

As the Court of Appeals for the Second Circuit held in *Hall v. EarthLink Network, Inc.*, 396 F.3d 500, 506–07 (2d Cir. 2005), generally, for purposes of diversity jurisdiction, the amount in controversy is established as of the date of the complaint and is not reevaluated based on post-filing events.

Nevertheless, as the Court in *Hall* explained, "there are a few occasions when we will look to post-filing events in evaluating the amount in controversy for jurisdictional purposes. We will do so when post-filing events suggest that the amount in controversy allegation in the complaint was made in bad faith." *Id.*, citing *Wolde–Meskel v. Vocational Instruction Project Cmty. Servs., Inc.,* 166 F.3d 59, 62–63 (2d Cir.1999).

Mr. Sweigert's admission that he cannot prove any actual damages is tantamount to an admission that he obtained Federal jurisdiction fraudulently, by falsely alleging that he had $75,000 in actual damages when, in fact, he had zero damages. The Court should be aware that Mr. Sweigert has wasted incalculable judicial resources on a case that never belonged in Federal court to begin with.

Case law makes clear that an allegation of defamation *per se* – without any proof of actual damages – is not sufficient to establish diversity jurisdiction. Although I have not

discovered a Second Circuit case directly addressing the issue, two sister district courts have examined the issue.

*See Freeman Holdings of Arizona, L.L.C. v. Does, 1-50*, No. CV-11-01877-PHX-NVW, 2013 WL 210810, at *4 (D. Ariz. Jan. 18, 2013) ("The jurisdictional-amount requirement is not automatically met in all Arizona defamation per se cases with diverse parties. . . . In the specific circumstances of this case, Plaintiff does not have and never has had any evidence of actual damages, which presumed damages are meant to approximate and to which punitive damages must be proportional. To a legal certainty, this cannot reach the amount-in-controversy requirement of 28 U.S.C. § 1332(a).")

*See also Keen v. Bluestar Energy Servs., Inc.*, No. 11 C 7754, 2012 WL 1118215, at *5 (N.D. Ill. Mar. 30, 2012) ("Thus, saying that damages are presumed for a properly pled defamation *per se* claim, says nothing about whether damages exist in an amount that would satisfy the amount-in-controversy threshold. Mr. Keen will need to show that the presumed damages, when combined with the salary payments he alleges he is owed, total $75,000 or more.")

\*     \*     \*

Based on the foregoing, the Court should establish a briefing schedule for the motion described above, together with such other and further relief as the Court may deem appropriate.

Respectfully yours,

Jason Goodman
*Pro Se Defendant*