**U.S. DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**

| SWEIGERT | CIVIL CASE #: |
|---|---|
| V. | 1:18-CV-08653-VEC |
| GOODMAN | JUDGE VALERIE E. CAPRONI |

## NOTICE OF RELATED LITIGATION

**MAY IT PLEASE THE COURT.**  Litigation is presently underway in the federal court serving

the Eastern District of Michigan known as *Sweigert v. Cable News Network*.  A motion hearing

is presently scheduled June 7, 2021to hear argument for the transfer of this lawsuit to the

Southern District of New York (please see the attached for notice of hearing and operative

motion papers).

A Certificate of Service appears on the LAST page of this pleading.

Signed this third day of June (6/3) of two thousand and twenty-one (2021).

*D. GEORGE SWEIGERT*
*GENERAL DELIVERY*
*NEVADA CITY, CA 95959-9998*
*SPOLIATION-NOTICE@MAILBOX.ORG*

1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

George Webb Sweigert,

                  Plaintiff(s),

v.                                      Case No. 2:20−cv−12933−GAD−KGA
                                      Hon. Gershwin A. Drain

Cable News Network, Inc.,

                  Defendant(s),

---

### NOTICE OF MOTION HEARING BY VIDEO CONFERENCE

    PLEASE TAKE NOTICE that a video conference has been **_rescheduled_** before Judge District Judge Gershwin A. Drain for the following motion(s):

        Motion − #3

- MOTION HEARING:  June 7, 2021 at 03:00 PM

    The Court will host the conference.  The conference information is listed below.

    **_ZOOM WEBINAR:_**  https://www.zoomgov.com/j/1601055692?pwd=NUJ4ZCtiRkhCYUJpUzFsZWxKOVhWQT09 Passcode: 723381 Or One tap mobile : US: +16692545252,,1601055692# or +16468287666,,1601055692#

    Attorneys must review and comply with the attached Zoom Video Conference Policies and Guidelines.

    The public may request access to in−court proceedings by visiting the Court's website: http://www.mied.uscourts.gov

                             By: s/T McGovern_____
                                   Case Manager

Dated:   June 3, 2021

# ZOOM VIDEO CONFERENCE POLICIES AND GUIDELINES

## *General Court Policies:*

- All in–court proceedings will be considered the same as if held in the courtroom and an official record will be made. Appropriate attire is required.

- The judge has authority over the proceeding and participants as if they were physically present in chambers or the courtroom.

- The judge may terminate the proceeding if the video conference experience is not acceptable.

- Appropriate conduct is required. Be courteous and patient.

- For in–chambers conferences, an official record will not be made, unless the judge determines one is necessary. Connection information may not be forwarded, distributed or shared with non–parties without the Court's advance approval.

- Broadcasting, recording or photographing, including "screenshots" or other visual copying of a proceeding, is strictly prohibited.

## *Technical Responsibilities:*

- The court will not provide technical assistance for testing or troubleshooting equipment or connections, nor provide time during the proceeding to troubleshoot issues.

- Participants should take time prior to the proceeding to become familiar with Zoom. Directions, tutorials and support can be found at https://zoom.us. Devices and connections can be tested at https://zoom.us/test.

- Participants should use a good LAN, WiFi, or substantial LTE connection to ensure a quality connection.

## *Connecting to the Proceeding:*

- If a connection link has been provided, click the link to join (or copy and paste the link into a web browser). If prompted, download or launch Zoom and join with video and audio.

- Alternatively, visit https://zoom.us/join from a computer and enter the Meeting or Webinar ID. If prompted, download or launch Zoom and join with video and audio.

- For Apple/Android tablets and phones, install the Zoom App from the Apple or Android Store prior to the proceeding. Launch the Zoom App and join using the Meeting or Webinar ID.

## *Best Practices:*

- Use your full name in the display of the video window.
- Mute sound when not speaking to eliminate background noise.
- Unmute only when necessary to speak. Press the space bar to temporarily unmute.
- Avoid rustling papers and other extraneous noises.
- Speak one at a time.
- Spell proper names.
- Position the camera at eye level or slightly above eye level.
- Remember to look directly at the camera, not at the screen.
- Be mindful of what is behind you. Choose a solid neutral wall, if possible.
- Have proper lighting, ideally where light is directly on your face.



# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### Southern Division

George Webb Sweigert,

                Plaintiff,

     -against-                  **CASE: 2:20-cv-12933-GAD-KGA**

Cable News Network

                Defendant.

---

**Movant**
**D. G. SWEIGERT, C/O**
**GENERAL DELIVERY**
**ROUGH AND READY, CA**
**95975**
**Spoliation-notice@mailbox.org**

**Plaintiff**
**George Webb Sweigert**
**1671 W. Stearns Road, Suite E**
**Temperance, MI 48182**
**Tel. 503-919-0748**
**Georg.webb@gmail.com**

---

## SUPPLEMENTAL PLEADING TO AMEND
## MOTION FOR CHANGE OF VENUE (DKT. No. 3) BY
## INTERVENOR-APPLICANT PARTY OF INTEREST

NOW COMES D. GEORGE SWEIGERT, *pro se* non-attorney intervenor-applicant and party

in interest, supplement and **AMEND ECF Doc. No. 3, filed 11/06/2020.**

Respectfully submitted on this ⁄ day of December 2020.

                              **D. G. SWEIGERT, C/O**
                              **GENERAL DELIVERY**
                     **ROUGH AND READY, CA 95975**
                        **Spoliation-notice@mailbox.org**

                            *D. S↝*
                            *12 . 7 . 20*

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### Southern Division

George Webb Sweigert,

                  Plaintiff,

      -against-                    **CASE: 2:20-cv-12933-GAD-KGA**

Cable News Network

                  Defendant.

---

| **Movant** | **Plaintiff** |
|---|---|
| **D. G. SWEIGERT, C/O** | **George Webb Sweigert** |
| **GENERAL DELIVERY** | **1671 W. Stearns Road, Suite E** |
| **ROUGH AND READY, CA** | **Temperance, MI 48182** |
| **95975** | **Tel. 503-919-0748** |
| **Spoliation-notice@mailbox.org** | **Georg.webb@gmail.com** |

---

## MOVANT'S BRIEF IN SUPPORT OF
## MOTION FOR CHANGE OF VENUE BY
## <u>INTERVENOR-APPLICANT PARTY OF INTEREST</u>

For the reasons detailed below, this Court should issue an advisory opinion with the practical

effects of transferring this case to the Southern District of New York (S.D.N.Y.).

## INTRODUCTION

NOW COMES D. GEORGE SWEIGERT, *pro se* non-attorney intervenor-applicant and party

in interest, to urge this court to use its inherent powers to bring a motion upon its own authority

to transfer the venue of this instant lawsuit for improper venue (Mich. R. Civil. Proc. 2.223) to

the Southern District of New York (S.D.N.Y.), where related litigation has been progressing for

over two and a half (2.5) years.

Plaintiff is listed as a "third party defendant" in S.D.N.Y. litigation which shares common fact

and questions of law with this instant lawsuit.   The undersigned believes permissive

intervention is appropriate pursuant to Fed. R. Civ. Proc. Rule 24(B) as there are common

questions of law and fact.

The Court may rely on a decision in the District of South Carolina to transfer a similar lawsuit

to the S.D.N.Y. (see *Sweigert v. Goodman*, No. 2:2018cv01633 - Document 27 (D.S.C. 2018)

(08-29-2018)).  That case was transferred from South Carolina to the S.D.N.Y. and has now

become 1:18-cv-08653-VEC-SDA *Sweigert v. Goodman* (Hon. Valerie Caproni), in which

"George Webb Sweigert" is listed as a "third-party defendant".  There are many overlapping

commonalities of this instant litigation with other lawsuits in the S.D.N.Y.  The Defendant

(CNN) maintains a business office at 30 Hudson Yards, New York, NY 10001 within the

S.D.N.Y.

## FACTUAL BACKGROUND

1.     At the outset, the undersigned apologizes for the length of the following explanations

that are required to support the legal rational to change the venue of this instant lawsuit.

3

2.    The Plaintiff complains about discussions with a reporter from the Defendant's (C.N.N.) news agency following the well-known Port of Charleston (S.C.) "dirty bomb hoax" of June 14, 2017. The Court will note that both the Plaintiff and his roommate (Jason Goodman of the conspiracy social media podcast "CrowdSource The Truth" (CSTT)) spoke with this reporter.

3.    In a social media podcast video widely distributed by Jason Goodman both Plaintiff Sweigert and Goodman are heard responding to "Donie O'Sullivan".



Donie O'Sullivan of CNN Calls Webb and Goodman

14,050 views · Jun 16, 2017              👍 426   👎 93   ➤ SHARE   ≡+ SAVE   ...

Jason Goodman
119K subscribers                                                            SUBSCRIBE

4.    Below is the video description for the above video:

> After widespread inaccurate reporting of the Maersk Memphis event at the Port of Charleston in SC on Wednesday, CNN producer Donie O'Sullivan spoke to George and Jason to set the record straight.

Internet URL:  https://www.youtube.com/watch?v=ZmjNoJSAw5c

4

5.    In the video published by Goodman under the CSTT banner two months later, Goodman facilitates a call to the office telephone extension of "Donie O'Sullivan" at the New York City (N.Y.C.) headquarters on behalf of the Plaintiff, while the Plaintiff stands outside the NYC corporate headquarters.  This was an alleged type of "macho call-out" to embarrass Mr. O'Sullivan on the CSTT podcast.



**GW Calls Disinfo Donie at #Fakenews CNN**

7,576 views • Aug 17, 2017                    👍 214   👎 84   ➔ SHARE   ≡+ SAVE   ...

**Jason Goodman**
119K subscribers                                                      SUBSCRIBE

Above:  Plaintiff appears in lower left of frame, Mr. Goodman upper right

6.    Below is the video description for the above video:

George Webb intends to bring a defamation lawsuit against CNN
Become a sponsor of Crowdsource the Truth and support the effort

Internet URL: https://www.youtube.com/watch?v=DhsyukbDO98

5

7.    In the above video at time-mark 3:19 the Plaintiff states that he intends to meet Mr. O'Sullivan in the lobby of the Time Warner Building at 4:00 p.m. in N.Y.C.  The Plaintiff made these statements on the video podcast after Mr. Goodman dialed Mr. O'Sullivan extension phone number and facilitated a "three-way" between the Plaintiff, Mr. O'Sullivan, and Mr. Goodman.

8.    The video podcast depicted below displays the Plaintiff (left) having lunch with Jason Goodman (right) at the Trump Tower in N.Y.C.



Trump Taco Salad Outs Spy Ring in Congress
13,774 views • Streamed live on Jul 6, 2017          👍 521   👎 57   ➤ SHARE   ≡+ SAVE   ...

Internet URL:  https://www.youtube.com/watch?v=GlMiXDrJrS0

9.    In the video depicted below, filmed in Zanesville, Ohio, Jason Goodman (right) is seen with the Plaintiff (left) who is holding a laptop to display a third party (Patricia Negron) as the three talk about an alleged slanderous article published by the New York Times about the Port

of Charleston "dirty bomb hoax". At time mark 7:25 Goodman complains that the New York

Times called the Plaintiff and himself "conspiracy theorists".



**The Failing New York Times**

10,425 views · Streamed live on Jun 16, 2017        👍 435    👎 68    ➦ SHARE    ≡₊ SAVE    ...

10.    The video description is displayed below for the above video.

> After bailing George out of jail we reconvened at a hotel near Zanesville to recount the
> events related to the incident in the Port of Charleston.

Internet URL: https://www.youtube.com/watch?v=CS0GZaR6b6U

11.    Plaintiff's complaint (Dkt. 1) para.s 18, 19 & 20 discuss "Donie O'Sullivan" of

Defendant C.N.N.   Plaintiff's allegations orbit two news media stories published by Mr.

O'Sullivan for Defendant C.N.N. on **June 16, 2017 and April 27, 2020.**  These two news

media stories create bookends for a 6/16/2017 to 4/27/2020 timeline.

These news stories and the players involved are relevant to litigation pending in the S.D.N.Y.

7

12.     In sum, the June 16, 2017 C.N.N. story involves Jason Goodman and the April 27, 2020

C.N.N. news story involves **Miss Corean Elizabeth Stoughton** of Hanover, Maryland (aka

"**DEEP NSA**"), an informant of information provided to Mr. Goodman about the Plaintiff.

13.     Nearly all the events described in the original complaint (Dkt. 1) involve witnesses

located on the east coast to include Mr. Goodman and Miss Stoughton, a named witness in said

litigation pending in the S.D.N.Y..

14.     Miss Stoughton is the former girlfriend of the Plaintiff (14 months) who has maintained

contact with Mr. Goodman, with who the Plaintiff lived with for about three (3) months in the

Chelsea section of Manhattan, N.Y.C. in the Spring of 2017 (in the residence of Goodman).

15.     Ms. Stoughton informed the undersigned that she reviewed, read, analyzed, and

forwarded Plaintiff's e-mail messages allegedly to the Defendant (C.N.N.).  Generally

described in Plaintiff's complaint in para.s 48 – 61 [note double para. 55] (Dkt. 1).

16.     Ms. Stoughton also admitted that she maintained intense contact with the subject of the

CNN story about the 2019 Chinese Military Olympic Games – **U.S. Army reservist SSgt.**

**Maatje Banassi**, see Plaintiff's complaint para.s 23,24 & 25 (Dkt. 1) and below.

17.     Since June 14th, 2018, the undersigned has been a plaintiff in litigation (S.D.N.Y., 1:18-

cv-08653-VEC-SDA *Sweigert v. Goodman.*).  The origins of the S.D.N.Y. litigation are the

supposed "dirty bomb hoax" of June 14th, 2017 at the Port of Charleston, S.C.  See *Sweigert v.*

*Goodman*, No. 2:2018cv01633 - Document 27 (D.S.C. 2018) (08-29-2018).  See Plaintiff's

complaint para. 13, 14 & 15 and para.s 38 – 47 (Dkt. 1).

## LAW AND ARGUMENT

18.     Rule 15(d) provides, in pertinent part, "Upon motion of a party the court may, upon

reasonable notice and upon such terms as are just, permit the party to serve a supplemental

8

pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." The purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as is possible. LaSalvia v. United Dairymen of Arizona, 804 F.2d 1113, 1119 (9th Cir. 1986), cert. denied, 482 U.S. 928 (1987). The decision to grant a Rule 15 motion rests within the sound discretion of the district court, and leave to file a supplemental pleading should be freely granted when the supplemental facts connect it to the original pleading. Quaratino v. Tiffany & Co., 71 F.3d 58, 66 (2d Cir. 1995).

19.     The status of the undersigned may not be sufficient to sustain intervention pursuant to Fed. R. Civ. Proc. Rule 24(B) for permissive intervention. Nonetheless, the undersigned has determined that making to Court aware of the foregoing facts may enable the Court to consider on its own initiative to conduct an analysis if venue is proper or improper. In this instant lawsuit venue is believed to be improper. *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29–30 (1988).

20.     The Eastern District of Michigan has no connection with the foregoing described events – save for the "forum shopping" of the Plaintiff who is presently a non-resident tourist in this state.

21.     The relief requested by the undersigned "should be regarded as a federal judicial housekeeping measure, . . . generally intended, on the basis of convenience and fairness, simply to authorize a change of courtrooms," *Martin v. Stokes,* 623 F.2d 469 (6th Cir. 1980).

## CONCLUSION

The *pro se* non-attorney intervenor-applicant and party in interest urges this Court to use its inherent powers to bring a motion upon its own authority to transfer the venue of this instant

lawsuit for improper venue (Mich. R. Civil. Proc. 2.223) to the Southern District of New York

(S.D.N.Y.), where related litigation has been progressing for over two and a half (2.5) years.

I hereby attest that the foregoing is true and accurate under the penalties of perjury.

_____ /

**D. G. SWEIGERT, C/O**
**GENERAL DELIVERY**
**ROUGH AND READY, CA 95975**
**Spoliation-notice@mailbox.org**

12 . 7 . 20

10

## CERTIFICATE OF SERVICE

I, hereby certify, under penalties of perjury, that a true copy of the accompanying documents

has been sent via First Class U.S. Mail on this ___7___ day of December, 2020 to:

**United States District Court**       **George Webb Sweigert**
**Clerk's Office**       **1671 W. Stearns Road,**
**Theodore Levin U.S. Courthouse**       **Suite E**
**231 W. Lafayette Blvd., Room 599**       **Temperance, MI 48182**
**Detroit, MI 48226**

       **Tel. 503-919-0748**
       **Georg.webb@gmail.com**

I hereby attest that the foregoing is true and accurate under the penalties of perjury.

_____/

**D. G. SWEIGERT, C/O**
**GENERAL DELIVERY**
**ROUGH AND READY, CA 95975**
**Spoliation-notice@mailbox.org**

*12 . 7 . 20*

11



## CERTIFICATE OF SERVICE

The undersigned hereby attests under penalties of perjury that copies of this communication have been sent via electronic mail message to the following parties on the third day of June (6/3), two thousand and twenty-one (2021).

| Clerk of the Court, Room 200<br>temporary_pro_se_filing@nysd.uscourts.gov | Jason Goodman, CEO<br>truth@crowdsourcethetruth.org |
| --- | --- |

*D. GEORGE SWEIGERT*
*Pro Se Non-Attorney*
*GENERAL DELIVERY*
*NEVADA CITY, CA 95959*

6