U.S. DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| SWEIGERT<br><br>V.<br><br>GOODMAN | CIVIL CASE #:<br><br>1:18-CV-08653-VEC<br><br>JUDGE VALERIE E. CAPRONI |
|---|---|

## CORRECTED

## PLAINTIFF SWEIGERT'S EVIDENTIARY OBJECTIONS

## TO DEFENDANT'S "DECLARATION OF JASON GOODMAN" (DKT. 278)

**MAY IT PLEASE THE COURT.** These papers correct typo errors seen in **ECF no. 284**.

No substantial changes to content have been made, only minor corrections of typos that appear in paragraphs **4 (photo caption), 14, 18 and 21.**

A Certificate of Service appears on the LAST page of this pleading.

Signed this fourth day of June (6/4) of two thousand and twenty-one (2021).

*D. Sgt*

*D. GEORGE SWEIGERT*
*GENERAL DELIVERY*
*NEVADA CITY, CA 95959-9998*
*SPOLIATION-NOTICE@MAILBOX.ORG*

1

# EVIDENTIARY OBJECTION TO
# DEFENDANT'S DOCUMENT "DECLARATION OF ~~JSASON~~ JASON GOODMAN"
# ECF NO. 278

*Declaration contradicts objective evidence.*

1. Blatant contradictions in the declaration render it moot for the purposes of adjudicating "undisputed facts", or genuine dispute as to such facts.

2. For example, Defendant states that shortly after the so-called Port of Charleston "dirty bomb hoax" of June 14th, 2017, he immediately severed relations with George Webb Sweigert and his associate Oakey Marshall Richards, aka Richard Stone, aka Deep Uranium, aka THE HUDSON REPORT.

> 28. By June 16, 2017, the brief shutdown of the Port of Charleston became national news, with George Webb being portrayed as a conspiracy theorist who created a panic. See Exhibits 20-23
> 29. Shortly thereafter, I ended my collaboration with Webb, and shortly after that ended communications with Richards and the rest of Webb's associates. **(ECF no. 278)**

3. In fact, the Defendant was seen with George Webb Sweigert eating a taco salad in the Trump Tower, New York City as documented in the video posted on the CrowdSource The Truth aka JASON GOODMAN YouTube channel on July 6, 2017 (three weeks after the Port of Charleston incident).



Internet URL:  https://www.youtube.com/watch?v=GlMiXDrJrS0

4.      Likewise, Defendant facilitated a "three-way" telephone call on behalf of George Webb Sweigert to Donie O'Sullivan of the Cable News Network (C.N.N.) on August 17, 2017 (two months after the Port of Charleston incident).  While Mr. Webb-Sweigert was standing in front of the C.N.N. headquarters building in New York City the Defendant completed a "phone patch", calling Mr. Sullivan's office extension with Mr. Webb-Sweigert remaining on the line.



Above:  ~~Plaintiff~~ Mr. Webb-Sweigert appears in lower left of frame, Mr. Goodman upper right

Internet URL: https://www.youtube.com/watch?v=DhsyukbDO98

3

5.      The most blatant contradiction is the supposed severance of the relationship with Mr. Richards, aka Richard Stone, aka DEEP URANIUM, aka THE HUDSON REPORT.  The Defendant distributed at least twenty-five (25) podcasts with Mr. Richards (THE HUDSON REPORT) well into March 2018.  These reports began two months (sixty days) **AFTER** the 6/14/2017 "dirty bomb hoax".  The declarant maintained this relationship for almost none (9) months after the Port of Charleston "dirty bomb hoax".






6.      The phrase "and the rest of Webb's associates" (para. 29) does not create a question as to triable fact as it describes vague and ambiguous "associates".  Such a statement does not lead to an admissible fact that can be proved or disproved at trial.  This statement does not tend to demonstrate the absence of a material fact that would be important to the Plaintiff's position.

7.      *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 places a burden on the moving party to demonstrate the admissibility of such proffered evidence to demonstrate that there is an absence of a triable issue.  The vague term "associates" does not achieve this standard.

8.      This is also true for the declarant's attempt to amputate and carve out the record of evidence submissions.

> 50. On April 30, 2021, Plaintiff filed Docket No. 267 in response to the Court's order that Sweigert identify "every statement made by Defendant that Plaintiff claims was defamatory toward Plaintiff and, for each such statement, provide a citation to a specific source." Within his submission, Plaintiff identifies the 12 Challenged Statements, which are enumerated below. **(ECF no. 278)**

9.      The above statement blatantly misrepresents the record under review by attempting to focus solely on **ECF doc. 267** to exclude the totality of evidentiary statements on the record presented by the Plaintiff.  The declarant's statement ignores the following submissions of evidence in compliance with the ORDER of March 11, 2020 (**ECF doc. 218**).

> 03/12/2021 225 PLAINTIFF'S FIRST RESPONSE TO ORDER ECF NO. 218, re: 218 Order
> 03/18/2021 230 PLAINTIFF'S SECOND RESPONSE TO ORDER ECF NO. 218, re: 218 Order
> 03/22/2021 231 PLAINTIFF'S THIRD RESPONSE TO ORDER ECF NO. 218, re: 218 Order
> 03/30/2021 232 PLAINTIFF'S FOURTH RESPONSE TO ORDER ECF NO. 218, re: 218 Order
> 04/12/2021 241 PLAINTIFF'S FIFTH RESPONSE TO ORDER ECF NO. 218, re: 218 Order

10.     The above statement also ignores the clear indication in **ECF doc. 267** that is represents a partial list of offending statements to be presented at trial.  See excerpt below:

> 3. As a courtesy to the Court, a partial listing of defamatory statements accusing the Plaintiff of criminal conduct has been coalesced into a tabular form (attached) from previously filed discovery papers. The Plaintiff can provide a more comprehensive tabular listing to coalesce statements from previously filed discovery papers that (1) tend to injure the Plaintiff in his business, trade and/or career, (2) that accuse the Plaintiff having a loathsome disease, and (3) additional accusations of criminal activity.  (**ECF doc. 267**)

*Lack of personal knowledge*

11.     When a declaration is presented as "undisputed facts" during Rule 56(c) proceedings the declarant must only provide information and experience received by firsthand personal knowledge and must not rely on information supplied by other parties per Fed. R. Civ. P. 56(c)(4).

12.     For example, the Defendant states unsupported opinions and conclusory statements that cannot become issues of triable fact, as they are hearsay in nature.

> 34. Sweigert and his cronies have spent years defaming me, my co-hosts and associates, my attorney in a different case, and even the Judge in this case   (**ECF no. 278**)

13.     The declarant has no knowledge as to who may be a crony, or may not be a crony and points to no place in the record where such evidence could exist.  The Defendant is merely asserting his unsupported opinion that there is some form of cronyism between the Plaintiff and other ambiguous entities (associates).  The above statement does not indicate who are these "associates" and what evidence in the record supports this asserted fact, nor describes where that evidence is located in the record, Fed. R. Civ. P. 56(c)(1)(A).

14. The same is true for statements proffered regarding the Defendant's relationship with ~~PATRON~~ PATREON, as shown below.

> 37. Sweigert has threatened Patreon (my primary payment vendor) with frivolous lawsuits in the hope of provoking my "cancellation" from that service. On January 10, 2021, Sweigert emailed Patreon a draft complaint naming Patreon as a defendant, obviously intending to sow discord between my business and Patreon. **(ECF no. 278)**

15. The declarant has no personal knowledge of motivations of what he characterizes as "frivolous lawsuits". The declarant has no knowledge as to "obviously intending to sow discord", which speaks to motivation.

16. The same is true for the last sentence in para. 38.

> 38. This is consistent with Sweigert's prior threats to sue Patreon, which were plainly motivated to induce Patreon to terminate our ongoing business relationship. **(ECF no. 278)**

17. In the below statement the Defendant simply makes up an assertion that the Plaintiff believes he is in an "FBI counterintelligence program". Again, this speaks to motivation and belief for which the declarant has no personal knowledge. There exists no record of such "delusional claims" anywhere. This statement is not intended to address the lack of availability of a triable fact.

> 54. In a war of words, mockery is a powerful weapon. Sweigert deserves to be mocked, and that is exactly what I did when he created a coffee mug featuring the image reproduced below and bearing the words "Deep State Dunces," a joke about Sweigert's hilarious sense of self importance, complete with his delusional claims that he's part of a secret FBI counterintelligence program. **(ECF no. 278)**

18. The same is true for the gratuitous statement that the ~~brother~~ brothers put their heads together to try and frame the Defendant.

> 57. "Deep State Dunces" stung because it was true. Sweigert and Webb, and their cronies, are holster-sniffers who play make-believe that they are secret government affiliated contractors or agents. Yet, when the Sweigert brothers put their brains together and tried to frame me for a bomb hoax, Webb ended up in a Zanesville jail and the subject of worldwide mockery **(ECF no. 278)**

19. There is no evidence within the Court's record regarding how, or if, "the Sweigert brothers put their brains together and tried to frame me". The declarant does not state what personal knowledge he has of such "brains" being put together. Again, the crony argument appears which is overly vague and ambiguous. The use of the term "holster sniffers" is merely a derogatory smear that is irrelevant for the purposes of a Rule 56(c) proceeding. It does not present any indication that there exist no facts that could be used to support the Plaintiff's position which would justify summary judgment.

*Conclusionary statements*

20. This Circuit does not allow conclusory statements in such declarations. The declarant's conclusion statements include:

> 30. In the time since ending the relationship, these various associates of Webb have displayed incredibly persistent hostility, launching a multi-year campaign of lawsuits and smear campaigns.
> 33. Plaintiff Sweigert is a vexatious pro se litigant who has escalated an online dispute into a never-ending saga of lawsuits and public smear campaigns.
> 35. Over nearly three years, Plaintiff has abused the leeway granted to pro se litigants by spamming the docket with false accusations he intends to inject into the permanent public record such as false implications that I am a clandestine Russian agent **(ECF no. 278)**

> 37. Sweigert has threatened Patreon (my primary payment vendor) with frivolous lawsuits in the hope of provoking my "cancellation" from that service. On January 10, 2021, Sweigert emailed Patreon a draft complaint naming Patreon as a defendant, obviously intending to sow discord between my business and Patreon.
>
> 38. In early May 2021, Sweigert sent a mass email to dozens of officials at the New York Attorney General's office, the Federal Trade Commission, and various attorney disciplinary officials. In the email, Sweigert makes false and reckless accusations against my lawyer in a different case, even though Sweigert is not a party to that action and has no basis for standing other than his animus toward me. See Exhibit 17. I believe that Sweigert did this as part of his broader effort to dissuade anyone from doing business with me and to directly threaten my professional relationship with counsel in NATAS v MSD. Such a disruption would have serious financial implications and would surely damage my position in that unrelated litigation. This is consistent with Sweigert's prior threats to sue Patreon, which were plainly motivated to induce Patreon to terminate our ongoing business relationship.
>
> 39. In or about late 2020, Plaintiff Sweigert published a bizarre rant against Judge Caproni, the presiding judge in this case. Among other things, Sweigert accused Judge Caproni of violating "the canon of judicial conduct," accused her of participating in "illegal wiretaps" while at the FBI, and threatening to "convene a citizen's grand jury . . . under the All-Writs Act against this Judge Val."
>
> 40. Not satisfied with prosecuting only one lawsuit, Sweigert has repeatedly insinuated himself into unrelated lawsuits involving me or my company. For example, Sweigert twice moved to intervene in Steele v. Goodman, a case that was filed against me by Robert David Steele.
>
> 57. "Deep State Dunces" stung because it was true. Sweigert and Webb, and their cronies, are holster-sniffers who play make-believe that they are secret government affiliated contractors or agents. Yet, when the Sweigert brothers put their brains together and tried to frame me for a bomb hoax, Webb ended up in a Zanesville jail and the subject of worldwide mockery.
> **(ECF no. 278)**

21. Supporting declarations in the Rule 56 summary judgment should not contain conclusions." *Rodriguez v. Schneider,* No. 95 Civ. 4083, 1999 WL 459813, at n. 3 (S.D.N.Y.

9

June 29, 1999) ~~(emphasis in original)~~;see also *Giannullo v. City of New York*, 322 F.3d 139, 142 (2d Cir. 2003) (unsupported facts in moving party's Local Rule 56.1 statement disregarded); *Holtz v. Rockefeller Co., Inc.,* 258 F.3d 63, 74 n. 1 (2d Cir. 2001) (same).

*References to other court cases*

22.     A court cannot take judicial notice of the factual findings from another proceeding, otherwise the doctrine of collateral estoppel would be superfluous.  The Defendant's submission of references to other judicial proceedings in the declaration is inappropriate.

> 40. Not satisfied with prosecuting only one lawsuit, Sweigert has repeatedly insinuated himself into unrelated lawsuits involving me or my company. For example, Sweigert twice moved to intervene in Steele v. Goodman, a case that was filed against me by Robert David Steele.
> 41. In July 2019, the Court denied Sweigert's motion to intervene and struck some twenty (20) ECF filings that Sweigert had uploaded to the docket, stating that the Court "will not consider future filings by Sweigert."  **(ECF no. 278)**

23.     Facts adjudicated in a prior case do not satisfy either test of indisputability contained in Federal Rules of Evidence Rule 201(b).  Although a court can take judicial notice that a pleading or motion was filed or that a judgment was entered in another judicial proceeding, or that certain allegations were made in that proceeding, the court cannot take judicial notice of the truth of the allegations or findings.

*Summary*

24.     Rule 56(c)(4) provides that a formal affidavit or a written unsworn declaration that complies with 28 U.S.C. § 1746 can be used to support or oppose a motion for summary judgment.  Whether an affidavit or a declaration is used, it must be sworn or subscribed to under penalty of perjury, be based on personal knowledge, present facts that are admissible in

evidence, and demonstrate that the affiant or declarant is competent to testify about the matters stated. Conclusory or self-serving affidavits that fail to set out each of these elements may be ignored. Pursuant to *Scott v. Harris,* 550 U.S. 372, 379–81 (2007) the Court should ignore the entire declaration, **ECF doc. 278.**

Signed this fourth day of June (6/4) of two thousand and twenty-one (2021).

*D. GEORGE SWEIGERT*
*Pro Se Non-Attorney*
*GENERAL DELIVERY*
*NEVADA CITY, CA 95959*

## CERTIFICATE OF SERVICE

The undersigned hereby attests under penalties of perjury that copies of this communication have been sent via electronic mail message to the following parties on the fourth day of June (6/4), two thousand and twenty-one (2021).

| Clerk of the Court, Room 200 | Jason Goodman, CEO |
|---|---|
| temporary_pro_se_filing@nysd.uscourts.gov | truth@crowdsourcethetruth.org |

*D. GEORGE SWEIGERT*
*Pro Se Non-Attorney*
*GENERAL DELIVERY*
*NEVADA CITY, CA 95959*