*D. GEORGE SWEIGERT*
*GENERAL DELIVERY*
*NEVADA CITY, CA 95959*

**June 14, 2021**

**District Judge Valerie E. Caproni**
**U.S. District Court**
**500 Pearl Street**
**New York, New York 10007-1312**

**SUBJ:**    No Microsoft Word document transported to undersigned per Individual Practice for Civil Cases (IPCC),** November 7, 2019
 **1:18-cv-08653-VEC-SDA**

**Ref:**    (a) IPCC (H)(ii)(a)
    (b) IPCC (4.)(B)

**Your Honor,**

*Failure by moving party to comply with ref: (a)*

1.    Pending before the Court is a motion for summary judgement pursuant to New York Consolidated Laws, Civil Rights Law CVR §76-A (**ECF no. 277, 278, 279, 280**).

2.    Pursuant to **ref: (a)** the moving party is required to transport a Microsoft Word file to the nonmoving party (undersigned).  *"The moving party shall provide all non-moving parties with a Microsoft Word version of the 56.1 Statement, so that they may incorporate their responses into a single document, as discussed below."*

3.    The undersigned has not received the electronic version (in the form of a Microsoft Word version) of the Defendant's "Rule 56.1 Statement".  This situation has caused a great deal of frustration as the undersigned attempts to comply with the Court's deadline of docketing a responsive pleading on **July 1, 2021.**

4.    The undersigned requests a **14-day delay** in the pending deadline to docket the responsive pleading to the Defendant's Local Rule 56.1 STATEMENT OF UNDISPUTED

1

FACTS (**ECF doc. 280**), a delay of **fourteen (14) days** to commence after the confirmed receipt of the Microsoft Word file.

5.   The undersigned assumes the Court is aware of the difficulty in re-entering 99 paragraphs and 14 pages of the Defendant's word commentary legal into a new document. This is an unduly burdensome requirement to force on the undersigned, in addition to the violation of **ref: (a).**

*Discovery extension provided for retroactive inequalities*

6.   As "actual malice" is now a threshold requirement due to the passage of the amended New York Consolidated Laws, Civil Rights Law - CVR §76-A, and as this is a new requirement imposed on the undersigned in a <u>retroactive manner,</u> a 30-day extension is requested in the deadline to docket the responsive pleading (**ECF doc. 280**). To support this request, below please find a decision on this type of matter.

7.   "As a threshold matter, this Court has repeatedly explained that, "resolution of the . . . actual malice inquir[y] typically requires discovery." *Church of Scientology Int'l v. Behar,* 238 F.3d 168, 173 (2d Cir. 2001); see also *Karedes v. Ackerley Grp., Inc.,* 423 F.3d 107, 118-19 (2d Cir. 2005) (observing that, "[g]iven th[e] opportunity [for discovery], [the plaintiff] may be able to adduce facts establishing the speaker's subjective doubts about the truth of the publication"). *Oakley v. Dolan,* No. 20-642 (2d Cir. 2020).

*Leave for exceeding page limit*

8.   The undersigned's progress on preparing responsive documents indicates that a 30-page <u>Memorandum of Law</u> will be required to adequately address all the issues broached by the Defendant's pleading papers (**ECF no. 277, 278, 279 & 280**).

2


9. Therefore, pursuant to **ref: (b)** the undersigned requests that the normal 25-page limit be extended to 30 pages for the undersigned.

<div>
Respectfully,

*[signature: D. Sgt]*

D. Geo. Sweigert
</div>

*D. GEORGE SWEIGERT*
*GENERAL DELIVERY*
*NEVADA CITY, CA 95959-9998*
SPOLIATION-NOTICE@MAILBOX.ORG

## CERTIFICATE OF SERVICE

**The undersigned hereby attests under penalties of perjury that copies of this communication have been sent via electronic mail message to the following parties on the fourteenth day of June (6/14), two thousand and twenty-one (2021).**

| Clerk of the Court, Room 200 | Jason Goodman, CEO |
|---|---|
| temporary_pro_se_filing@nysd.uscourts.gov | truth@crowdsourcethetruth.org |

*[signature: D. Sgt]*

*D. GEORGE SWEIGERT*
*Pro Se Non-Attorney*