U.S. DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SWEIGERT<br><br>V.<br><br>GOODMAN | CIVIL CASE #:<br><br>1:18-CV-08653-VEC<br><br>JUDGE VALERIE E. CAPRONI |

# PLAINTIFF SWEIGERT'S APPLICATION FOR A SHOW CAUSE EVIDENTIARY HEARING IN SUPPORT OF RULE 56(h)

MAY IT PLEASE THE COURT, this **APPLICATION FOR A SHOW CAUSE EVIDENTIARY HEARING** is responsive to **ECF 279/280.**

The undersigned hereby attests under penalties of perjury that this pleading is not submitted for the purposes of causing unnecessary delay and is believed to be accurate to the best of the Plaintiff's knowledge, sworn under oath this eleventh day of July 2021 (07/11/2021).

*D. GEORGE SWEIGERT*
*Pro Se Non-Attorney*
*GENERAL DELIVERY*
*NEVADA CITY, CA 95959*

# TABLE OF AUTHORITIES

**Cases**

*Black v. Green Harbour Homeowners' Ass'n, Inc.,* 19 A.D.3d 962, 963, 798 N.Y.S.2d 753, 754 (2005) ......... 3

*Enmon v. Prospect Capital Corp.*, 675 F.3d 138, 143 (2d Cir. 2012) ......... 7

*Jimenez v. City of N.Y.,* 166 F. Supp. 3d 426 (S.D.N.Y. 2016) ......... 4

*McMunn v. Mem'l Sloan-Kettering Cancer Ctr.*, 191 F. Supp. 2d 440, 445 (S.D.N.Y. 2002) ......... 4

*Passlogix, Inc. v. 2FA Tech., LLC* , 708 F. Supp. 2d 378, 393 (S.D.N.Y. 2010) ......... 4

*Revson v. Cinque & Cinque, P.C.,* 221 F.3d 71, 78–79 (2d Cir. 2000) ......... 7

*Wolters Kluwer Fin. Servs., Inc. v. Scivantage,* 564 F.3d 110, 114 (2d Cir. 2009) ......... 7

**Statutes**

Civil Rights Law §70-a and §76-a ......... 2

CVR §70-a ......... 6, 7

**Rules**

F.R.C.P. Rule 56(g) ......... 7

F.R.C.P. Rule 56(h) ......... 4

Federal Rules of Civil Procedure Rule 56 ......... 2

Federal Rules of Civil Procedure Rule 60 motion ......... 3

# PLAINTIFF SWEIGERT'S APPLICATION FOR A SHOW CAUSE EVIDENTIARY HEARING IN SUPPORT OF RULE 56(g)

### Improper Motion Practice

1.      The Plaintiff (nonmoving party) respectfully **SEEKS A SHOW CAUSE EVIDENTIARY HEARING** with regards to Defendant's summary judgement motion (**ECF 239**), authorized by New York's Civil Rights Law **§70-a** and **§76-a** (aka anti-SLAPP law a "Strategic Lawsuit Against Public Participation.") which was substantively applied under Federal Rules of Civil Procedure (F.R.C.P.) Rule 56 (**ECF 277, 278, 279, 280** [prepared by legal counsel for the *pro se* Defendant]), these papers are known in the aggregate as the "anti-SLAPP motion" or "summary judgment motion".

2.      The Defendant, who purports to be an *investigative journalist* and a *forensic examiner of evidence*, improperly asks this Court for relief with (1) a "fraud upon the court" determination (See Undisputed Facts, ¶78) (which requires a Federal Rules of Civil Procedure Rule 60 motion), (2) a "vexations litigant" determination for forceful judicial advocacy (See Undisputed Facts, ¶¶ 38- 51) (unlike anti-SLAPP, New York State has no "vexatious litigant" law to guide this Court), (3) probes of potential litigation and meritorious legal claims in the State of California, (See Undisputed Facts, ¶¶ 46-47) protected under California's litigation privilege immunity (*Black v. Green Harbour Homeowners' Ass'n, Inc.,* 19 A.D.3d 962, 963, 798 N.Y.S.2d 753, 754 (2005)), (4) some undetermined protection concerning Patreon, Inc., (which has no contract with the Defendant), an entity shown to have collude with the Defendant and that is seeking registration with the U.S. Securities and Exchange Commission (S.E.C.) for an Initial Public Offering (See Undisputed Facts, ¶¶ 46-47)*,* and (6) intervention into communications to government authorities

3

and/or law enforcement (See Undisputed Facts, ¶ 48-49) which is protected under New York State law. *Toker v Pollak,* 44 NY2d 211, 218 [1978]. These requests fall under the "big bun" theory and are improperly constructed by the Defendant.

3.      The instrumentalities used to request the foregoing relief (**ECF 239, 277, 278, 279 & 280**) represent the height of pleading abuse by: (1) creating a **120 day delay** from the time Defendant confirmed with Patreon that he would file an anti-SLAPP motion (**12/08/2020**), then slyly waiting until **4/11/2021** to file (**ECF 239**), thus *sandbagging* a Court ordered discovery deadline (4/12/2021) with an attempt to automatically stay discovery, (2) to add insult to injury, simultaneously publishing unfounded and baseless announcements on his YouTube podcasts (04/**12**/2021) that the Plaintiff – not the Defendant -- was responsible for the removal of the JASON GOODMAN channel (**2,333 videos**) into privacy mode (see **ECF 245)**, attached in accompanying **EXHIBIT** document as **Exhibit M-1)**, (3) blemishing the Court's reputation with years of public announcements of unaddressed "fraud on the court", used to justify public accusations of "mail fraud" felonies, (4) perjurious assertions of a dozen "undisputed facts" under oath in **ECF 278/280** (e.g. attempted cover-up of a year-long relationship with Oakey Marshall Richards (source of the "dirty bomb hoax")), and (5) withholding several dozen defamatory video files from the Plaintiff by failure to completely comply with discovery orders.

4.      It can be easily established by clear and convincing evidence at a **show cause evidentiary hearing** that the Defendant "has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by . . . unfairly hampering the presentation of the opposing party's claim or defense." *Passlogix, Inc. v. 2FA Tech., LLC* , 708 F. Supp. 2d 378, 393 (S.D.N.Y. 2010) (internal quotation marks and citations omitted). "The essence of fraud on the court is 'when a party lies to the court and his

adversary intentionally, repeatedly, and about issues that are central to the truth-finding process.'" Id. (quoting *McMunn v. Mem'l Sloan-Kettering Cancer Ctr.*, 191 F. Supp. 2d 440, 445 (S.D.N.Y. 2002) ).

5. In other words, the anti-SLAPP motion for summary judgement is the hallmark of elaborate chicanery perpetrated upon the judicial machinery itself by an *investigative journalist* (and his ghost-writing attorney) who specialize in profit-driven para-legal quasi-judicial social media charades, such as the *Citizens Grand Jury* hearings on *CrowdSource The Truth* podcasts.

6. The obvious misrepresentations in **ECF 278/280,** designed to deceive the Court, should not go unpunished pursuant to F.R.C.P. Rule 56(h) and *Jimenez v. City of N.Y.,* 166 F. Supp. 3d 426 (S.D.N.Y. 2016). The Court awarded sanctions in Jimenez against plaintiff's counsel (in this case the ghost writer) under Rule 56(h) based on its finding that the affidavit of Mrs. Jimenez in opposition to defendants' motion for summary judgment — drafted by counsel — was so obviously contradicted by the entirety of the record, and so likely perjurious, that it was "too fanciful to be believed." The same is true with the Defendant's "undisputed facts" **ECF 278/280**. These papers were drafted by legal counsel and submitted by the Defendant (**ECF 277, 278, 279 & 280**)

**100 Days of Frivolous Conduct Waiting to Sandbag the Court and the Plaintiff**

7. Defendant's e-mail message sent to PATREON on **12/08/2020,** in response to Patreon receiving a copy of a discovery order **((ECF 173)** stating **"**a) All documents and communications between Defendant and Patreon.com (or its representatives) regarding Plaintiff")) stated:

> "*I am writing to advise you that on November 10, 2020 Andrew Cuomo signed into law a new more powerful anti-SLAPP statute that I will be using to respond to Mr. Sweigert. This new statue has the power to stay all discovery in the matter and hopefully will get it dismissed entirely*". The following URL is embedded into the e-mail message:

https://www.arnoldporter.com/en/perspectives/publications/2020/11/new-yorks-new-anti-slapp-law   [**Exhibit SC-1**]

8. The Defendant sent this e-mail to the General Counsel of Patreon [**Exhibit SC-1**] in reply to the Plaintiff's transmission of the Court's ORDER (**ECF 173**) to Patreon [**Exhibit SC-2**]. The docket entry for **ECF 173** states:

> **12/07/2020  173  ORDER:**  NOW, THEREFORE, it is hereby ORDERED, as follows: No later than January 15, 2021, Defendant shall respond under oath to the following interrogatories: as further set forth in this order. No later than January 15, 2021, Defendant shall produce to Plaintiff the following documents for the period from June 14, 2015 to the present: a) All documents and communications between Defendant and Patreon.com (or its representatives) regarding Plaintiff. b) All documents and communications between Defendant and any law enforcement agency regarding Plaintiff. c) All emails sent or received by Defendant regarding Plaintiff. d) All documents regarding any social media posts by Defendant that refer to Plaintiff and/or display his picture. e) All documents regarding Plaintiff's purported participation in what Plaintiff refers to as the "Port of Charleston, S.C. dirty bomb hoax of June 14, 2017." No later than January 15, 2021, Defendant shall file with the Court, for the Court's approval, no more than 25 interrogatories and no more than 25 document requests directed to Plaintiff that are limited to the issues raised by Plaintiff's remaining claims for defamation and under the New York Civil Rights Law. Defendant's failure to timely file such interrogatories and/or document requests may be deemed by the Court to be a waiver of Defendant's right to obtain discovery in this case. The Clerk of Court is respectfully requested to mail a copy of this Order to the pro se parties. So Ordered. (Signed by Magistrate Judge Stewart D. Aaron on 12/7/2020) (js) Transmission to Docket Assistant Clerk for processing. (Entered: 12/07/2020)

9. The Defendant waited over one hundred twenty (**120**) days (four months) to file his threatened anti-SLAPP motion (4/11/2021, **ECF 239**) that he discussed with Patreon in his **12/08/2020** e-mail message [**Exhibit SC-1**].

10. Sixty-five (**65**) docket entries occurred from **ECF 173** (12/08/2020) to **ECF 239** (4/11/2021), unnecessary court filings that "*continued*" or were in continuation of this action within the meaning CVR **§**70-a.  Simultaneous with the docketing of **ECF 239** (**4/11/2021**) was the spoliation of the **2,333 public videos** (documented in **ECF 245, 267**) announced to the public on **4/12/2021** by the Defendant.

11. This vexatious *privatization* gambit occurred during the discovery period while defamatory statements on publicly available video podcasts were still being collected and provided to the Court (see **ECF 225, 230, 231, 232 & 241**).

12. Mr. Goodman insidiously failed to comply with ORDER **ECF 224** ("No later than **April 12, 2021**, Defendant shall respond to Plaintiff's Interrogatory Nos. 1(c) and 1(d) for the time period of January 1, 2017 to the present') choosing the discovery deadline (**04/12/2021**) as his opportune time to halt discovery with **ECF 239 (**via a default automatic stay of discovery within the meaning CVR **§**70-a**)**.  Then the magistrate ruled that "The discovery deadlines in this action remain in effect" (**ECF 246**)

13. Federal Rules of Civil Procedure Rule 56 subsection (g) authorizes the court to impose sanctions on a party presenting affidavits in bad faith or solely for the purpose of delay.  Outright denial of the summary judgement is appropriate as Defendant attempted to advance a colorless claim that was "motivated by improper purposes such as harassment or delay"   See *Enmon v. Prospect Capital Corp*., 675 F.3d 138, 143 (2d Cir. 2012); *Wolters Kluwer Fin. Servs., Inc. v.*

*Scivantage,* 564 F.3d 110, 114 (2d Cir. 2009); *Revson v. Cinque & Cinque, P.C.,* 221 F.3d 71, 78–79 (2d Cir. 2000);.

14.     Where a false or misleading affidavit has been submitted, district courts are well within their rights to levy sanctions against an attorney and his client, jointly and severally.  *See, e.g., Warshay v. Guinness PLC,* 750 F.Supp. 628, 640-41 (S.D.N.Y.1990) (imposing sanctions under Rule 56(g) on party and attorney, jointly and severally, for submission of a misleading affidavit); *Marine Midland Bank v. Goyak,* No. 84 Civ. 1204, 1984 WL 3654, at *4 (S.D.N.Y. July 12, 1984) (imposing sanctions under Rule 56(g) on party and attorney, jointly and severally, for submitting an affidavit in bad faith).  *Accord Bowers v. Rector & Visitors of the Univ. of Virginia,* No. 3:06cv00041, 2007 WL 2963818, at *6-8 (W.D.Va. Oct. 9, 2007) (imposing sanctions under Rule 56(g) on counsel who "with reckless disregard for accuracy" prepared an affidavit that "demonstrate[d] an abject failure to exercise rudimentary legal judgment.").

Signed this eleventh day of July 2021 (07/11/2021).

*D. GEORGE SWEIGERT*

## CERTIFICATE OF SERVICE

The undersigned hereby attests under penalties of perjury that copies of this communication have been transmitted via electronic mail message to the following parties on this eleventh day of July 2021 (07/11/2021).

| Clerk of the Court, Room 200 | Jason Goodman, CEO |
|---|---|
| temporary_pro_se_filing@nysd.uscourts.gov | truth@crowdsourcethetruth.org |

*D. GEORGE SWEIGERT*
*Pro Se Non-Attorney*
*GENERAL DELIVERY*
*NEVADA CITY, CA 95959*