**U.S. DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**

| SWEIGERT | CIVIL CASE #: |
|---|---|
| V. | 1:18-CV-08653-VEC |
| GOODMAN | JUDGE VALERIE E. CAPRONI |

**PLAINTIFF SWEIGERT'S <u>REPLY AND OBJECTIONS</u> TO DEFENDANT'S' LOCAL "RULE 56.1 STATEMENT OF UNDISPUTED FACTS", ECF 280**

MAY IT PLEASE THE COURT, this **<u>REPLY AND OBJECTIONS</u> responds to ECF 280.**

This document supersedes and makes moot any other document filed with respect to Defendant's "RULE 56.1 STATEMENT OF UNDISPUTED FACTS" by the Plaintiff.  **ECF 278** should be disregarded as superseded by this document.  A certificate of service appears on the last page of this document,

The undersigned hereby attests under penalties of perjury that this pleading is not submitted for the purposes of causing unnecessary delay and is believed to be accurate to the best of the Plaintiff's knowledge, sworn under oath this eleventh day of July 2021 (07/11/2021).

*D. GEORGE SWEIGERT*
*Pro Se Non-Attorney*
*GENERAL DELIVERY*
*NEVADA CITY, CA 95959*

1

## **DEFINITIONS**

| | |
|---|---|
| Anti-SLAPP | Anti - Strategic Lawsuit Against Public Participation |
| Aff't | Plaintiff's Affidavit or Declaration filed with this document |
| Exhibit A - X | Indicates an exhibit appears in the volume for A exhibits that accompany the PLAINTIFF'S AFFIDAVIT |
| Exhibit C - X | Indicates an exhibit appears in the volume for C exhibits that accompany the COUNTER STATEMENTS |
| Exhibit M - X | Indicates an exhibit appears in the volume for M exhibits that accompany the MEMORANDOM OF LAW |

# TABLE OF CONTENTS

**Response to the Defendant Goodman's Local Rule 56.1 Statement** ....................................... 9

**I.    Background** ....................................................................................................... 9

**II.   Port of Charleston dirty bomb hoax** ............................................................ 15

**III.  Sweigert's Scorched Earth Tactics** ............................................................. 39

**IV.   Plaintiff can prove no special damages** ...................................................... 52

**V.   Sweigert's books** .............................................................................................. 58

**VI.   The 12 challenged statements** ...................................................................... 59

**VII.  Plaintiff's Claim Under §§ 50-51 of the Civil Rights Law** ....................... 84

## Response to the Defendants Goodman's Local Rule 56.1 Statement
## With Plaintiff's Counterstatements

1.       The Plaintiff (nonmoving party) respectfully **RESPONDS** to Defendant's summary judgement motion (**ECF 239**), authorized by New York's Civil Rights Law §70-a and §76-a (aka anti-SLAPP law a "Strategic Lawsuit Against Public Participation.") which was substantively applied under Federal Rules of Civil Procedure (F.R.C.P.) Rule 56 (**ECF 277, 278, 279, 280** [prepared by legal counsel for the *pro se* Defendant]), these papers are known in the aggregate as the "anti-SLAPP motion" or "summary judgment motion".

2.       Pursuant to Federal Rule of Civil Procedure 56(c) and Local Civil Rule 56.1 of the United States District Court for the Southern District of New York (S.D.N.Y.), the Plaintiff Sweigert respectfully submits this <u>Reply and Objections</u> to Defendant Goodman's "Local Rule 56.1 Statement" which addresses Defendant's 99 numbered paragraphs of undisputed facts in **ECF 280** dated May 31, 2021.

3.       Pursuant to Local Rule 56.1(c) "Each numbered paragraph in the statement of material facts set forth in the statement required to be served by the moving party will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party."

4.       All the Defendant's statements are herein disputed and controverted.  This document supersedes any previously filed document by the Plaintiff such as **ECF no. 278**, which should be ignored as made moot.

***General objections***

5.      Faced with the Herculean task that no triable issues of fact exist Defendant recasts the Plaintiff's theories of recovery and ignores at least (5) separate docketed papers (**ECF no.s 225, 230, 231**, **232, and 241**) outlining defamatory statements made by the Defendant.

6.      In violation of Local Rules 56.1(b) and 56.1(d), Defendant's asserted "undisputed facts" are wholly conclusory, immaterial and based on hearsay.  Plaintiff objects that many of the "facts" in Defendant's Rule 56.1 UNDISPUTED FACTS (**ECF no. 280**) cannot be presented in a form that would be admissible in evidence.

7.      The Court need not resolve any of these evidentiary matters, because none of these purported "facts," regardless of whether true or disputed, are material to the issue of summary judgment.

8.      A fact is "material" only if it would have some effect on the outcome of the suit. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).  As noted in, *Montgomery v. Risen*, 197 F. Supp. 3d 219 (D.D.C. 2016) "Yet, in other circumstances, a witness may lack personal knowledge concerning the matter about which he attempts to offer testimony, or may make a statement that is so conclusory—and presented without any supporting facts in the record—that it leaves the jury "in no position to assess" the veracity of his statement. *Greene v. Dalton* , 164 F.3d 671, 675 (D.C.Cir.1999) (holding that the plaintiff's conclusory statement that the student who was hired instead of her had "less experience and education" could not defeat summary judgment because, "[a]bsent supporting facts[,] ... a jury would be in no position to assess her claim of superiority"). *Compare  Ass'n of Flight Attendants – CWA, AFL – CIO v. U.S. Dep't of Transp.* , 564 F.3d 462, 465 (D.C.Cir.2009)  .

9.      Plaintiff objects to the Defendant's "undisputed facts" pursuant to Fed. R. Civ. P. 56(e)

(requiring that non-movant "set forth specific facts showing that there is a genuine issue for

trial"); *Patterson v. County of Oneida,* 375 F.3d 206, 219 (2d. Cir. 2004) at 219 (2d. Cir. 2004)

("Nor is a genuine issue created merely by the presentation of assertions [in an affidavit] that are

conclusory.") [citations omitted]; *Applegate v. Top Assoc.,* 425 F.2d 92, 97 (2d Cir. 1970)

(stating that the purpose of Rule 56[e] is to "prevent the exchange of affidavits on a motion for

summary judgment from degenerating into mere elaboration of conclusory pleadings").

10.     Plaintiff also objects to hearsay "undisputed facts".  See *Patterson v. County of Oneida,*

375 F.3d 206, 219 (2d. Cir. 2004) at 219 ("[Rule 56(e)'s] requirement that affidavits be made on

personal knowledge is not satisfied by assertions made 'on information and belief.'. . .

[Furthermore, the Rule's] requirement that the affiant have personal knowledge and be

competent to testify to the matters asserted in the affidavits also means that the affidavit's

hearsay assertion that would not be admissible at trial if testified to by the affiant is insufficient

to create a genuine issue for trial."); see also *Sellers v. M.C. Floor Crafters, Inc.,* 842 F.2d 639,

643 (2d Cir. 1988).

11.     Defendant's Local Rule 56.1 Statement (**ECF 280**) is unusable as written ("more than

just objectively unreasonable, [but also] absolutely fanciful"), and as a result, Defendant has

failed to establish material undisputed facts sufficient to warrant a grant of summary judgment.

*Tross v. Ritz Carlton Hotel Co.,* 928 F. Supp. 2d 498 at 503, 504, *Traylor v. Awwa,* 2014 U.S.

Dist. LEXIS 20002, at *2 (D. Conn. Feb. 10, 2014) (denying plaintiff's motion for summary

judgment where plaintiff failed to "present evidence showing that there is no genuine dispute of

material fact and that facts as to which there is no genuine dispute show that he is entitled to

judgment as a matter of law").

12.     For the Court's convenience, the Plaintiff has reproduced below each numbered

paragraph of the Defendants' Local Rule 56.1 Statement (**ECF no. 280**), as well as Plaintiff's

responses thereto.  Where Plaintiff does not dispute the facts in the Defendants' Local Rule 56.1

Statement, it is indicated with "**N/A**" in the reply.

### *Preventing Defendant's future sandbagging*

13.     The Plaintiff understands that to prevent any future "**sandbagging**" it should be deemed

that the Defendant has submitted all his evidence in **ECF no. 277, 278, 279 and 280.**  *Aurora*

*Loan Servs., Inc. v. Posner, Posner & Assocs.,* P.C., 513 F. Supp. 2d 18, 20 (S.D.N.Y. 2007)

(prohibiting moving party from submitting additional evidence with reply).

14.     The evidence door has closed.  The Defendant can no longer submit new issues or

evidence in his future REPLY to this document, as that would constitute more evidence

sandbagging.  See also *Tetra Techs., Inc. v. Harter,* 823 F. Supp. 1116, 1120 (S.D.N.Y. 1993)

(asserting movants' sandbagging was —foreign to the spirit and objectives of the Federal Rules‖

(citing, inter alia, FED. R. CIV. P. 56)); *Murphy v. Vill. of Hoffman Estates*, No. 95 C 5192,

1999 WL 160305, at *2 (N.D. Ill. Mar. 17, 1999), aff'd, 234 F.3d 1273 (7th Cir. 2000) (—[I]t is

established beyond peradventure that it is improper to sandbag one's opponent by raising new

matter in reply.).

15.     The Plaintiff reserves his right to making evidentiary objections and does not agree that

any "fact" proffered by Defendant or evidence offered by Defendant in purported support of a

"fact" is either admissible or may be properly considered by this Court.  The Plaintiff reserves

the right to dispute any and all "facts" asserted by Defendant, and to make additional evidentiary

objections, at the appropriate time if this case proceeds past summary judgment.

The undersigned hereby attests under penalties of perjury that this pleading is not submitted for the purposes of causing unnecessary delay and is believed to be accurate to the best of the Plaintiff's knowledge, sworn under oath this eleventh day of July 2021 (07/11/2021).

**D. GEORGE SWEIGERT**
*Pro Se Non-Attorney*
*GENERAL DELIVERY*
*NEVADA CITY, CA 95959*
*Spoliation-notice@mailbox.org*

# PART I:

## Response to the Defendant Goodman's Local Rule 56.1 Statement

### I.   Background

Defendant Statement no. 1:  Goodman is an independent investigative journalist who creates online news and entertainment content under the brand Crowdsource the Truth.

Plaintiff's Response to Defendant's Statement no. 1:  Disputed: (i) the Defendant has not provided any training certificates of journalism courses, college degrees, seminars or any other materials that support the claim that the Defendant is an "investigative journalist, (ii) pursuant to New York Consolidated Laws, Civil Rights Law - CVR § 79-h. Special provisions relating to persons employed by, or connected with, news media, the Defendant meets none of the categories of CVR § 79-h as a "news agency" or "professional journalist".

Defendant has referred to himself as a "*forensic examiner of the evidence*", see **[EXHIBIT R-1]** ""I find it intriguing that even investigating it, and questioning it, and becoming a forensic examiner of the evidence you get ridiculed.  You are a conspiracy theorist." [**Exhibit R-1**]

Immaterial:  A fact is "material" only if it would have some effect on the outcome of the suit.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Defendant Statement no. 2:  Goodman started creating online content in late 2016.

Plaintiff's Response to Defendant's Statement no. 2:  Disputed: (i) Defendant has provided no evidence as to artifacts produced and distributed on social media or online in the year 2016, (ii) apparently Mr. Goodman created the JASON GOODMAN" channel in the approximate year 2007, (iii) Plaintiff maintains that these facts, even if true, are immaterial see *Cunningham v. Local 30, Int'l Union of Operating Eng'rs, AFLCIO*, 234 F. Supp. 2d 383, 387 (S.D.N.Y. 2002).

Plaintiff further objects as to exactly what is the name and platform of said channel. Creating online content with what channel name and on what platform?  Previous statements of the Defendant indicated he created his YouTube channel in 2012.

Immaterial:  A fact is "material" only if it would have some effect on the outcome of the suit.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Defendant Statement no. 3:  Goodman has grown his YouTube channel from nothing to more than 140,000 subscribers.

Plaintiff's Response to Defendant's Statement no. 3:  Disputed: (i) vague and ambiguous, there is no specificity as to what YouTube channel that "has grown", (ii) Defendant operates current and operated terminated channels, (iii) channel names include CrowdSource The Truth 2, CrowdSource The Truth 3, CrowdSource The Truth 4ever, etc., (iii) no admissible evidence has been offered to verify this claim and it is believed that such evidence would be inadmissible, (iv) creates a factual dispute is that not material to the outcome of the case, see *Cook v. Shaw Indus*., 953 F. Supp. 379, 383 (M.D. Ala. 1996), (v) Plaintiff maintains that these facts, even if true, are immaterial see *Cunningham v. Local 30, Int'l Union of Operating Eng'rs, AFLCIO*, 234 F. Supp. 2d 383, 387 (S.D.N.Y. 2002).

Plaintiff understands that the JASON GOODMAN YouTube channel had **119,000** subscribers prior to being placed in offline privacy mode 4/12/2021.  Defendant does not adequately describe the channel names and platforms.

This does not represent the current stated of Mr. Goodman's social media accounts and is disputed.  CrowdSource The Truth 2, CrowdSource The Truth 3 have been terminated for community service violations.

"[a]bsent supporting facts[,] ... a jury would be in no position to assess her claim of superiority"). *Compare  Ass'n of Flight Attendants – CWA, AFL – CIO v. U.S. Dep't of Transp.* , 564 F.3d 462, 465 (D.C.Cir.2009)

Immaterial:  A fact is "material" only if it would have some effect on the outcome of the suit.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

<u>Defendant Statement no. 4</u>:  Goodman generates revenue through sponsorship payments from viewers who find value in his work.

<u>Plaintiff's Response to Defendant's Statement no. 4</u>:  Disputed: (i) conclusory statement in violation of Local Rules 56.1(b) and 56.1(d) as to "find value in his work", (ii) ambiguous and vague "sponsorship payments", requires specificity, (iii) inadmissible artifact, (iv) "find value in his work" is beyond declarant's knowledge, See *Tishcon Corp. v. Soundview Communications, Inc..,* 2005 WL 6038743, at *3; see also FED. R. CIV. P. 56(e)(1) (A supporting or opposing affidavit must be made on personal knowledge.), (v) creates a factual dispute that is not material to the outcome of the case, see *Cook v. Shaw Indus*., 953 F. Supp. 379, 383 (M.D. Ala. 1996), (vi) Plaintiff maintains that these facts, even if true, are immaterial see *Cunningham v. Local 30, Int'l Union of Operating Eng'rs, AFLCIO*, 234 F. Supp. 2d 383, 387 (S.D.N.Y. 2002) and (vii) pursuant to Federal Rules of Evidence (F.R.E.) Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or Other Reasons.

Plaintiff objects as no evidence or proof of income has been provided.  There is no evidence on the record to substantiate whether or not the Defendant is in fact paid for his video content.

"[a]bsent supporting facts[,] ... a jury would be in no position to assess her claim of superiority"). *Compare  Ass'n of Flight Attendants – CWA, AFL – CIO v. U.S. Dep't of Transp.* , 564 F.3d 462, 465 (D.C.Cir.2009)

Fed. R. Civ. P. 56(e) ("Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to the matters stated therein."); see also *U.S. v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc*., 44 F.3d 1082, 1084 (2d Cir. 1995) [citations omitted], cert. denied sub nom, Ferrante v. U.S., 516 U.S. 806 (1995).

<u>Immaterial:</u>  A fact is "material" only if it would have some effect on the outcome of the suit.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Defendant Statement no. 5:  Goodman's guests have included U.S. Senator Marsha Blackburn, Former Acting U.S. Attorney General Matthew Whittaker, Retired NYPD Commissioner Bernard Kerik, Judge Jeanine Pirro, and Attorney Alan Dershowitz.

Plaintiff's Response to Defendant's Statement no. 5:  Disputed: (i) Jeanine Pirro is not an active judge and is a television personality, this is a mischaracterization of this supposed "guest", (ii) attempts to interject quasi-judicial approval of Defendant's video podcasts, (iii) creates a factual dispute that is not material to the outcome of the case, see *Cook v. Shaw Indus*., 953 F. Supp. 379, 383 (M.D. Ala. 1996), (iv) Plaintiff maintains that these facts, even if true, are immaterial see *Cunningham v. Local 30, Int'l Union of Operating Eng'rs, AFLCIO*, 234 F. Supp. 2d 383, 387 (S.D.N.Y. 2002) and (v) pursuant to Federal Rules of Evidence (F.R.E.) Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or Other Reasons.

Plaintiff objects as to what platform, what show and in what context such persons have appeared.  The term guest implies a direct conversation between Mr. Goodman and such people.  No evidence, such as screen shots or affidavits, have been introduced to provide evidence to the threshold of the Federal Rules of Evidence concerning this conclusory claim.

Immaterial:  A fact is "material" only if it would have some effect on the outcome of the suit.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

"[a]bsent supporting facts[,] ... a jury would be in no position to assess her claim of superiority"). *Compare  Ass'n of Flight Attendants – CWA, AFL – CIO v. U.S. Dep't of Transp.* , 564 F.3d 462, 465 (D.C.Cir.2009)

See Fed. R. Civ. P. 56(e) (requiring that non-movant "set forth specific facts 9 showing that there is a genuine issue for trial"); Patterson, 375 F.3d at 219 (2d. Cir. 2004) ("Nor is a genuine issue created merely by the presentation of assertions [in an affidavit] that are conclusory.") [citations omitted]; Applegate v. Top Assoc., 425 F.2d 92, 97 (2d Cir. 1970) (stating that the purpose of Rule 56[e] is to "prevent the exchange of affidavits on a motion for summary judgment from degenerating into mere elaboration of conclusory pleadings").

Defendant Statement no. 6:  Goodman's more popular videos receive hundreds of thousands of views.

Plaintiff's Response to Defendant's Statement no. 6:  Disputed: (i) conclusory statement in violation of Local Rules 56.1(b) and 56.1(d) as to "more popular" and "hundreds of thousands", (ii) Plaintiff is unaware of any video content produced by the Defendant that achieved such an outlandish watermark, (iii) creates a factual dispute that is not material to the outcome of the case, see *Cook v. Shaw Indus*., 953 F. Supp. 379, 383 (M.D. Ala. 1996), (iv) Plaintiff maintains that these facts, even if true, are immaterial see *Cunningham v. Local 30, Int'l Union of Operating Eng'rs, AFLCIO*, 234 F. Supp. 2d 383, 387 (S.D.N.Y. 2002) and (v) pursuant to Federal Rules of Evidence (F.R.E.) Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or Other Reasons.

Fed. R. Civ. P. 56(e) (requiring that non-movant "set forth specific facts showing that there is a genuine issue for trial"); *Patterson v. County of Oneida,* 375 F.3d 206, 219 (2d. Cir. 2004) at 219 (2d. Cir. 2004) ("Nor is a genuine issue created merely by the presentation of assertions [in an affidavit] that are conclusory.") [citations omitted]; *Applegate v. Top Assoc.,* 425 F.2d 92, 97 (2d Cir. 1970) (stating that the purpose of Rule 56[e] is to "prevent the exchange of affidavits on a motion for summary judgment from degenerating into mere elaboration of conclusory pleadings").

Immaterial:  A fact is "material" only if it would have some effect on the outcome of the suit.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Perhaps in 2018 and 2019 the Defendant had video podcasts in the tens of thousands. This is no longer the case.  Mr. Goodman presently received about 3,000 to 4,000 views per video podcast (overly generous).

## II.  Port of Charleston dirty bomb hoax

Defendant Statement no. 7:  In 2017, Goodman started working with a YouTube personality named George Webb ("Webb"), also known as George Webb Sweigert.

Plaintiff's Response to Defendant's Statement no. 7:  Disputed: (i) overly broad and lacks specificity, (ii) "In 2017" is an inadmissible statement as to establishing time, (iii) "YouTube personality" does not adequately describe the person in question, (iv) creates a factual dispute that is not material to the outcome of the case, see *Cook v. Shaw Indus*., 953 F. Supp. 379, 383 (M.D. Ala. 1996), (v) Plaintiff maintains that these facts, even if true, are immaterial see *Cunningham v. Local 30, Int'l Union of Operating Eng'rs, AFLCIO*, 234 F. Supp. 2d 383, 387 (S.D.N.Y. 2002) and (vi) pursuant to Federal Rules of Evidence (F.R.E.) Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or Other Reasons.

Fed. R. Civ. P. 56(e) (requiring that non-movant "set forth specific facts showing that there is a genuine issue for trial"); *Patterson v. County of Oneida,* 375 F.3d 206, 219 (2d. Cir. 2004) at 219 (2d. Cir. 2004) ("Nor is a genuine issue created merely by the presentation of assertions [in an affidavit] that are conclusory.") [citations omitted]; *Applegate v. Top Assoc.,* 425 F.2d 92, 97 (2d Cir. 1970) (stating that the purpose of Rule 56[e] is to "prevent the exchange of affidavits on a motion for summary judgment from degenerating into mere elaboration of conclusory pleadings").

"[a]bsent supporting facts[,] ... a jury would be in no position to assess her claim of superiority"). *Compare  Ass'n of Flight Attendants – CWA, AFL – CIO v. U.S. Dep't of Transp.* , 564 F.3d 462, 465 (D.C.Cir.2009)

Immaterial:  A fact is "material" only if it would have some effect on the outcome of the suit*.  Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Defendant Statement no. 8:  George Webb is Plaintiff David Sweigert's brother.

Plaintiff's Response to Defendant's Statement no. 8:  Disputed:  immaterial.

Immaterial:  A fact is "material" only if it would have some effect on the outcome of the suit.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Defendant Statement no. 9:  Webb and Goodman started to collaborate in 2017, making appearances on each other's another's social media channels.

Plaintiff's Response to Defendant's Statement no. 9:  Disputed: (i) overly broad and lacks specificity, (ii) "2017" is an inadmissible statement as to establishing time, (iii) creates a factual dispute that is not material to the outcome of the case, see *Cook v. Shaw Indus.*, 953 F. Supp. 379, 383 (M.D. Ala. 1996), (iv) Plaintiff maintains that these facts, even if true, are immaterial see *Cunningham v. Local 30, Int'l Union of Operating Eng'rs, AFLCIO*, 234 F. Supp. 2d 383, 387 (S.D.N.Y. 2002) and (v) pursuant to Federal Rules of Evidence (F.R.E.) Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or Other Reasons.

"[a]bsent supporting facts[,] ... a jury would be in no position to assess her claim of superiority"). *Compare  Ass'n of Flight Attendants – CWA, AFL – CIO v. U.S. Dep't of Transp.* , 564 F.3d 462, 465 (D.C.Cir.2009)

Immaterial:  A fact is "material" only if it would have some effect on the outcome of the suit.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Defendant Statement no. 10:  In or about May 2017, Webb stayed as a guest at Goodman's home.

Plaintiff's Response to Defendant's Statement no. 10:  Disputed: (i) Plaintiff maintains that these facts, even if true, are immaterial see *Cunningham v. Local 30, Int'l Union of Operating Eng'rs, AFLCIO*, 234 F. Supp. 2d 383, 387 (S.D.N.Y. 2002) and (ii) pursuant to Federal Rules of Evidence (F.R.E.) Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or Other Reasons.

Immaterial:  A fact is "material" only if it would have some effect on the outcome of the suit.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).


Defendant Statement no. 11:  In or about May 2017, Webb introduced Goodman to an individual identified as Richard Stone.

Plaintiff's Response to Defendant's Statement no. 11:  Disputed: (i) creates a factual dispute that is not material to the outcome of the case, see *Cook v. Shaw Indus.*, 953 F. Supp. 379, 383 (M.D. Ala. 1996), (ii) Plaintiff maintains that these facts, even if true, are immaterial see *Cunningham v. Local 30, Int'l Union of Operating Eng'rs, AFLCIO*, 234 F. Supp. 2d 383, 387 (S.D.N.Y. 2002) and (iii) pursuant to Federal Rules of Evidence (F.R.E.) Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or Other Reasons.

There was no personal introduction, perhaps telephonic introduction.

"[a]bsent supporting facts[,] ... a jury would be in no position to assess her claim of superiority"). *Compare  Ass'n of Flight Attendants – CWA, AFL – CIO v. U.S. Dep't of Transp.* , 564 F.3d 462, 465 (D.C.Cir.2009)

Immaterial:  A fact is "material" only if it would have some effect on the outcome of the suit.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Defendant Statement no. 12:  Richard Stone's real identity is Oakey Marshall Richards ("Richards")

Plaintiff's Response to Defendant's Statement no. 12:  Disputed:  immaterial

Immaterial:  A fact is "material" only if it would have some effect on the outcome of the suit.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Defendant Statement no. 13:  Richards was as an FBI informant in the 1990s.

Plaintiff's Response to Defendant's Statement no. 13:  Disputed: (i) creates a factual dispute that is not material to the outcome of the case, see *Cook v. Shaw Indus*., 953 F. Supp. 379, 383 (M.D. Ala. 1996), (ii) Plaintiff maintains that these facts, even if true, are immaterial see *Cunningham v. Local 30, Int'l Union of Operating Eng'rs, AFLCIO*, 234 F. Supp. 2d 383, 387 (S.D.N.Y. 2002) and (iii) pursuant to Federal Rules of Evidence (F.R.E.) Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or Other Reasons.

Immaterial:  A fact is "material" only if it would have some effect on the outcome of the suit.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Defendant Statement no. 14:  Richards was an informant in a prosecution of a militia group in West Virginia that led to Floyd Raymond Looker being sentenced to 18 years in prison.

Plaintiff's Response to Defendant's Statement no. 14:  Disputed: (i) creates a factual dispute that is not material to the outcome of the case, see *Cook v. Shaw Indus*., 953 F. Supp. 379, 383 (M.D. Ala. 1996), (ii) Plaintiff maintains that these facts, even if true, are immaterial see *Cunningham v. Local 30, Int'l Union of Operating Eng'rs,*

*AFLCIO*, 234 F. Supp. 2d 383, 387 (S.D.N.Y. 2002) and (iii) pursuant to Federal Rules of Evidence (F.R.E.) Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or Other Reasons.

Immaterial:  A fact is "material" only if it would have some effect on the outcome of the suit.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Defendant Statement no. 15:  Webb and Richards corroborated each other's various statements to establish Richards' credentials as a Vietnam veteran and former contractor to US intelligence agencies.

Plaintiff's Response to Defendant's Statement no. 15:  Disputed: (i) conclusory statement in violation of Local Rules 56.1(b) and 56.1(d) as to "corroborated each other's various statements", (ii) ambiguous and vague "Richards' credentials", requires specificity, (iii) inadmissible artifact, (iv) "Richards' credentials" is beyond declarant's knowledge, See *Tishcon Corp. v. Soundview Communications, Inc..,* 2005 WL 6038743, at *3; see also FED. R. CIV. P. 56(e)(1) (A supporting or opposing affidavit must be made on personal knowledge.), (v) creates a factual dispute that is not material to the outcome of the case, see *Cook v. Shaw Indus*., 953 F. Supp. 379, 383 (M.D. Ala. 1996), (vi) Plaintiff maintains that these facts, even if true, are immaterial see *Cunningham v. Local 30, Int'l Union of Operating Eng'rs, AFLCIO*, 234 F. Supp. 2d 383, 387 (S.D.N.Y. 2002) and (vii) pursuant to Federal Rules of Evidence (F.R.E.) Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or Other Reasons.

Fed. R. Civ. P. 56(e) ("Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to the matters stated therein."); see also *U.S. v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc*., 44 F.3d 1082, 1084 (2d Cir. 1995) [citations omitted], cert. denied sub nom, Ferrante v. U.S., 516 U.S. 806 (1995).

19

Immaterial:  A fact is "material" only if it would have some effect on the outcome of the suit.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Hearsay:  See *Patterson v. County of Oneida,* 375 F.3d 206, 219 (2d. Cir. 2004) at 219 ("[Rule 56(e)'s] requirement that affidavits be made on personal knowledge is not satisfied by assertions made 'on information and belief.'. . . [Furthermore, the Rule's] requirement that the affiant have personal knowledge and be competent to testify to the matters asserted in the affidavits also means that the affidavit's hearsay assertion that would not be admissible at trial if testified to by the affiant is insufficient to create a genuine issue for trial."); *Sellers v. M.C. Floor Crafters, Inc.,* 842 F.2d 639, 643 (2d Cir. 1988)

Defendant Statement no. 16:  Around this time, Richards instructed Goodman to obtain a non-smartphone and new unpublicized phone number for exclusive communication with him.

Plaintiff's Response to Defendant's Statement no. 16:  Disputed: (i) creates a factual dispute that is not material to the outcome of the case, see *Cook v. Shaw Indus.*, 953 F. Supp. 379, 383 (M.D. Ala. 1996), (ii) Plaintiff maintains that these facts, even if true, are immaterial see *Cunningham v. Local 30, Int'l Union of Operating Eng'rs, AFLCIO*, 234 F. Supp. 2d 383, 387 (S.D.N.Y. 2002) and (iii) pursuant to Federal Rules of Evidence (F.R.E.) Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or Other Reasons.

Immaterial:  A fact is "material" only if it would have some effect on the outcome of the suit.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Defendant Statement no. 17:  Richards also instructed Goodman to begin using a Proton mail encrypted email account.

Plaintiff's Response to Defendant's Statement no. 17:  Disputed: (i) lacks specificity as to the e-mail address of such an e-mail account, (ii) creates a factual dispute that is not material to the outcome of the case, see *Cook v. Shaw Indus*., 953 F. Supp. 379, 383 (M.D. Ala. 1996), (iii) Plaintiff maintains that these facts, even if true, are immaterial see *Cunningham v. Local 30, Int'l Union of Operating Eng'rs, AFLCIO*, 234 F. Supp. 2d 383, 387 (S.D.N.Y. 2002) and (iv) pursuant to Federal Rules of Evidence (F.R.E.) Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or Other Reasons.

Immaterial:  A fact is "material" only if it would have some effect on the outcome of the suit.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Defendant Statement no. 18:  Richards told Goodman these precautions were required security measures due to the sensitive nature of communications he intended to share.

Plaintiff's Response to Defendant's Statement no. 18:  Disputed: (i) creates a factual dispute that is not material to the outcome of the case, see *Cook v. Shaw Indus*., 953 F. Supp. 379, 383 (M.D. Ala. 1996), (ii) Plaintiff maintains that these facts, even if true, are immaterial see *Cunningham v. Local 30, Int'l Union of Operating Eng'rs, AFLCIO*, 234 F. Supp. 2d 383, 387 (S.D.N.Y. 2002) and (iii) pursuant to Federal Rules of Evidence (F.R.E.) Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or Other Reasons.

"[a]bsent supporting facts[,] ... a jury would be in no position to assess her claim of superiority"). *Compare  Ass'n of Flight Attendants – CWA, AFL – CIO v. U.S. Dep't of Transp.* , 564 F.3d 462, 465 (D.C.Cir.2009)

Immaterial:  A fact is "material" only if it would have some effect on the outcome of the suit.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Defendant Statement no. 19:  Around this time, Goodman had regular telephone conversations with Richards and received seemingly credible information from Richards that contributed to Goodman's daily broadcasts.

Plaintiff's Response to Defendant's Statement no. 19:  Disputed: (i) conclusory statement in violation of Local Rules 56.1(b) and 56.1(d) as to "seemingly credible information", (ii) ambiguous and vague "credible information", requires specificity, (iii) inadmissible artifact, (iv) creates a factual dispute that is not material to the outcome of the case, see *Cook v. Shaw Indus*., 953 F. Supp. 379, 383 (M.D. Ala. 1996), (v) Plaintiff maintains that these facts, even if true, are immaterial see *Cunningham v. Local 30, Int'l Union of Operating Eng'rs, AFLCIO*, 234 F. Supp. 2d 383, 387 (S.D.N.Y. 2002) and (vi) pursuant to Federal Rules of Evidence (F.R.E.) Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or Other Reasons.

No examples are given of this so-called credible information.

"[a]bsent supporting facts[,] ... a jury would be in no position to assess her claim of superiority"). *Compare  Ass'n of Flight Attendants – CWA, AFL – CIO v. U.S. Dep't of Transp.* , 564 F.3d 462, 465 (D.C.Cir.2009)

Immaterial:  A fact is "material" only if it would have some effect on the outcome of the suit.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).


Defendant Statement no. 20:  On a live broadcast published on or about June 14, 2017, in which Webb participated via Skype, Webb informed Goodman he had important information from a meeting with Richards in West Virginia.

Plaintiff's Response to Defendant's Statement no. 20:  Disputed: (i) conclusory statement in violation of Local Rules 56.1(b) and 56.1(d) as to "important information", (ii) ambiguous and vague "live broadcast", requires specificity, (iii) inadmissible artifact, title of video podcast is not presented, transmission via which social media account is not presented, actual screen capture of the captioned

comments not presented, (iv) creates a factual dispute that is not material to the outcome of the case, see *Cook v. Shaw Indus*., 953 F. Supp. 379, 383 (M.D. Ala. 1996), (v) Plaintiff maintains that these facts, even if true, are immaterial see *Cunningham v. Local 30, Int'l Union of Operating Eng'rs, AFLCIO*, 234 F. Supp. 2d 383, 387 (S.D.N.Y. 2002) and (vi) pursuant to Federal Rules of Evidence (F.R.E.) Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or Other Reasons.

"[a]bsent supporting facts[,] ... a jury would be in no position to assess her claim of superiority"). *Compare  Ass'n of Flight Attendants – CWA, AFL – CIO v. U.S. Dep't of Transp.* , 564 F.3d 462, 465 (D.C.Cir.2009)

<u>Immaterial:</u>  A fact is "material" only if it would have some effect on the outcome of the suit. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).


<u>Defendant Statement no. 21:</u>  Webb told Goodman that there could be radiological material on board a vessel that was about to dock in the Port of Charleston in South Carolina.

<u>Plaintiff's Response to Defendant's Statement no. 21:</u>  Disputed: (i) conclusory statement in violation of Local Rules 56.1(b) and 56.1(d) as to "that there could be", (ii) ambiguous and vague "Webb told Goodman", requires specificity, (iii) inadmissible artifact, actual statement of George Webb in video podcast is not presented, (iv) creates a factual dispute that is not material to the outcome of the case, see *Cook v. Shaw Indus*., 953 F. Supp. 379, 383 (M.D. Ala. 1996), (iv) Plaintiff maintains that these facts, even if true, are immaterial see *Cunningham v. Local 30, Int'l Union of Operating Eng'rs, AFLCIO*, 234 F. Supp. 2d 383, 387 (S.D.N.Y. 2002) and (v) pursuant to Federal Rules of Evidence (F.R.E.) Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or Other Reasons.

"[a]bsent supporting facts[,] ... a jury would be in no position to assess her claim of superiority"). *Compare  Ass'n of Flight Attendants – CWA, AFL – CIO v. U.S. Dep't of Transp.* , 564 F.3d 462, 465 (D.C.Cir.2009)

Immaterial:  A fact is "material" only if it would have some effect on the outcome of the suit.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).


Defendant Statement no. 22:  Webb further stated that a dirty bomb could be inside containers owned by the Awan Brothers shipping company.

Plaintiff's Response to Defendant's Statement no. 22:  Disputed: (i) conclusory statement in violation of Local Rules 56.1(b) and 56.1(d) as to "Webb further stated", (ii) ambiguous and vague "a dirty bomb could be inside", requires specificity, (iii) inadmissible artifact, actual statement of George Webb in video podcast is not presented only Defendant's opinion about what was said, (iv) creates a factual dispute that is not material to the outcome of the case, see *Cook v. Shaw Indus*., 953 F. Supp. 379, 383 (M.D. Ala. 1996), (v) Plaintiff maintains that these facts, even if true, are immaterial see *Cunningham v. Local 30, Int'l Union of Operating Eng'rs, AFLCIO*, 234 F. Supp. 2d 383, 387 (S.D.N.Y. 2002) and (vi) pursuant to Federal Rules of Evidence (F.R.E.) Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or Other Reasons.

"[a]bsent supporting facts[,] ... a jury would be in no position to assess her claim of superiority"). *Compare  Ass'n of Flight Attendants – CWA, AFL – CIO v. U.S. Dep't of Transp.* , 564 F.3d 462, 465 (D.C.Cir.2009)

Immaterial:  A fact is "material" only if it would have some effect on the outcome of the suit.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).


Defendant Statement no. 23:  Imran Awan, a central focus of Webb's investigative journalism, was the agent of record for the company.

Plaintiff's Response to Defendant's Statement no. 23:  Disputed: (i) creates a factual dispute that is not material to the outcome of the case, see *Cook v. Shaw Indus*., 953 F. Supp. 379, 383 (M.D. Ala. 1996), (ii) Plaintiff maintains that these facts, even if true, are immaterial see *Cunningham v. Local 30, Int'l Union of Operating Eng'rs,*

*AFLCIO*, 234 F. Supp. 2d 383, 387 (S.D.N.Y. 2002), (iii) declarant has no personal knowledge as to "agent of record" and (iv) pursuant to Federal Rules of Evidence (F.R.E.) Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or Other Reasons.

Fed. R. Civ. P. 56(e) ("Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to the matters stated therein."); see also *U.S. v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc*., 44 F.3d 1082, 1084 (2d Cir. 1995) [citations omitted], cert. denied sub nom, Ferrante v. U.S., 516 U.S. 806 (1995).

"[a]bsent supporting facts[,] ... a jury would be in no position to assess her claim of superiority"). *Compare  Ass'n of Flight Attendants – CWA, AFL – CIO v. U.S. Dep't of Transp.* , 564 F.3d 462, 465 (D.C.Cir.2009)

<u>Immaterial:</u>  A fact is "material" only if it would have some effect on the outcome of the suit.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

<u>Hearsay:</u>  See *Patterson v. County of Oneida,* 375 F.3d 206, 219 (2d. Cir. 2004) at 219 ("[Rule 56(e)'s] requirement that affidavits be made on personal knowledge is not satisfied by assertions made 'on information and belief.'. . . [Furthermore, the Rule's] requirement that the affiant have personal knowledge and be competent to testify to the matters asserted in the affidavits also means that the affidavit's hearsay assertion that would not be admissible at trial if testified to by the affiant is insufficient to create a genuine issue for trial."); *Sellers v. M.C. Floor Crafters, Inc.,* 842 F.2d 639, 643 (2d Cir. 1988)

Defendant Statement no. 24:  Webb went on to warn that if there were a dirty bomb, it could be more deadly and destructive than 9/11.

Plaintiff's Response to Defendant's Statement no. 24:  Disputed: (i) conclusory statement in violation of Local Rules 56.1(b) and 56.1(d) as to "Webb went on to warn", (ii) ambiguous and vague "if there was a dirty bomb", requires specificity, (iii) inadmissible artifact, actual statement of George Webb in video podcast is not presented only Defendant's opinion about what was said, (iv) creates a factual dispute that is not material to the outcome of the case, see *Cook v. Shaw Indus*., 953 F. Supp. 379, 383 (M.D. Ala. 1996), (v) Plaintiff maintains that these facts, even if true, are immaterial see *Cunningham v. Local 30, Int'l Union of Operating Eng'rs, AFLCIO*, 234 F. Supp. 2d 383, 387 (S.D.N.Y. 2002) and (vi) pursuant to Federal Rules of Evidence (F.R.E.) Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or Other Reasons.

"[a]bsent supporting facts[,] ... a jury would be in no position to assess her claim of superiority"). *Compare  Ass'n of Flight Attendants – CWA, AFL – CIO v. U.S. Dep't of Transp.* , 564 F.3d 462, 465 (D.C.Cir.2009)

Immaterial:  A fact is "material" only if it would have some effect on the outcome of the suit.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Defendant Statement no. 25:  Webb conveyed this information on-air, in real time, during Goodman's June 14, 2017 broadcast.

Plaintiff's Response to Defendant's Statement no. 25:  Disputed: (i) conclusory statement in violation of Local Rules 56.1(b) and 56.1(d) as to "Webb went on to warn", (ii) ambiguous and vague "if there was a dirty bomb", requires specificity, (iii) inadmissible artifact, actual statement of George Webb in video podcast is not presented only Defendant's opinion about what was said, (iv) creates a factual dispute

that is not material to the outcome of the case, see *Cook v. Shaw Indus.*, 953 F. Supp. 379, 383 (M.D. Ala. 1996), (v) Plaintiff maintains that these facts, even if true, are immaterial see *Cunningham v. Local 30, Int'l Union of Operating Eng'rs, AFLCIO*, 234 F. Supp. 2d 383, 387 (S.D.N.Y. 2002) and (vi) pursuant to Federal Rules of Evidence (F.R.E.) Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or Other Reasons.

"[a]bsent supporting facts[,] ... a jury would be in no position to assess her claim of superiority"). *Compare  Ass'n of Flight Attendants – CWA, AFL – CIO v. U.S. Dep't of Transp.* , 564 F.3d 462, 465 (D.C.Cir.2009)

Immaterial:  A fact is "material" only if it would have some effect on the outcome of the suit. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Defendant Statement no. 26:  Two members of Goodman's audience called the Coast Guard and a shutdown of the Port and criminal investigation began.

Plaintiff's Response to Defendant's Statement no. 26:  Disputed: (i) conclusory statement in violation of Local Rules 56.1(b) and 56.1(d) as to "Two members of Goodman's audience" and "shutdown of the Port" and "criminal investigation began", (ii) ambiguous and vague "Two members", requires specificity, (iii) inadmissible artifact, (iv) "criminal investigation began" and "called the Coast Guard" is beyond declarant's knowledge, see *Tishcon Corp.* also FED. R. CIV. P. 56(e)(1)56(e)(1) (A supporting or opposing affidavit must be made on personal knowledge.), (v) creates a factual dispute that is not material to the outcome of the case, see *Cook v. Shaw Indus.*, 953 F. Supp. 379, 383 (M.D. Ala. 1996), (vi) Plaintiff maintains that these facts, even if true, are immaterial see *Cunningham v. Local 30, Int'l Union of Operating Eng'rs, AFLCIO*, 234 F. Supp. 2d 383, 387 (S.D.N.Y. 2002) and (vii) pursuant to Federal Rules of Evidence (F.R.E.) Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or Other Reasons.

Immaterial:  A fact is "material" only if it would have some effect on the outcome of the suit.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

During the live podcast Mr. Goodman broadcast the telephone number to the Charleston Sector Office of the U.S. Coast Guard of **843-740-7050**, which Mr. Goodman called himself to speak with a person who answered the telephone at that number.

Hearsay:  See *Patterson v. County of Oneida,* 375 F.3d 206, 219 (2d. Cir. 2004) at 219 ("[Rule 56(e)'s] requirement that affidavits be made on personal knowledge is not satisfied by assertions made 'on information and belief.'. . . [Furthermore, the Rule's] requirement that the affiant have personal knowledge and be competent to testify to the matters asserted in the affidavits also means that the affidavit's hearsay assertion that would not be admissible at trial if testified to by the affiant is insufficient to create a genuine issue for trial."); *Sellers v. M.C. Floor Crafters, Inc.,* 842 F.2d 639, 643 (2d Cir. 1988)

Fed. R. Civ. P. 56(e) ("Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to the matters stated therein."); see also *U.S. v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc*., 44 F.3d 1082, 1084 (2d Cir. 1995) [citations omitted], cert. denied sub nom, Ferrante v. U.S., 516 U.S. 806 (1995).

"[a]bsent supporting facts[,] ... a jury would be in no position to assess her claim of superiority"). *Compare  Ass'n of Flight Attendants – CWA, AFL – CIO v. U.S. Dep't of Transp. , 564 F.3d 462, 465 (D.C.Cir.2009)*

<u>Defendant Statement no. 27:</u>  Later that day or soon thereafter, Goodman received a communication from Robert David Steele, an individual associated with Webb, who purports to be a former CIA officer, saying that Goodman was "about to be arrested by NYPD at request of USCG for filing a false report."

<u>Plaintiff's Response to Defendant's Statement no. 27:</u>  Disputed: (i) conclusory statement in violation of Local Rules 56.1(b) and 56.1(d) as to "an individual associated with Webb" (ii) "an individual associated with Webb" is beyond declarant's knowledge, see *Tishcon Corp.* also FED. R. CIV. P. 56(e)(1) (A supporting or opposing affidavit must be made on personal knowledge.), (iii) creates a factual dispute that is not material to the outcome of the case, see *Cook v. Shaw Indus*., 953 F. Supp. 379, 383 (M.D. Ala. 1996), (vi) Plaintiff maintains that these facts, even if true, are immaterial see *Cunningham v. Local 30, Int'l Union of Operating Eng'rs, AFLCIO*, 234 F. Supp. 2d 383, 387 (S.D.N.Y. 2002) and (vii) pursuant to Federal Rules of Evidence (F.R.E.) Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or Other Reasons.

Fed. R. Civ. P. 56(e) ("Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to the matters stated therein."); see also *U.S. v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc*., 44 F.3d 1082, 1084 (2d Cir. 1995) [citations omitted], cert. denied sub nom, Ferrante v. U.S., 516 U.S. 806 (1995).

"[a]bsent supporting facts[,] ... a jury would be in no position to assess her claim of superiority"). *Compare  Ass'n of Flight Attendants – CWA, AFL – CIO v. U.S. Dep't of Transp.* , 564 F.3d 462, 465 (D.C.Cir.2009)

<u>Immaterial:</u>  A fact is "material" only if it would have some effect on the outcome of the suit.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

<u>Defendant Statement no. 28:</u>  Goodman never filed any report with the Coast Guard regarding the Port of Charleston.

<u>Plaintiff's Response to Defendant's Statement no. 28:</u>  Disputed:

<u>Immaterial:</u>  A fact is "material" only if it would have some effect on the outcome of the suit.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

<u>Defendant Statement no. 29:</u>  Webb and his associates, including Sweigert, maliciously used Goodman's show to spread disinformation with the intent of discrediting Goodman.

<u>Plaintiff's Response to Defendant's Statement no. 29:</u>  Disputed: (i) conclusory statement in violation of Local Rules 56.1(b) and 56.1(d) as to "Webb and his associates, including Sweigert" and "maliciously" and "with the intent of discrediting Goodman" and "spread disinformation" (ii) "Webb and his associates, including Sweigert" and "with the intent of discrediting Goodman" and "maliciously" and "spread disinformation" is beyond declarant's knowledge, See *Tishcon Corp.* also FED. R. CIV. P. 56(e)(1) (A supporting or opposing affidavit must be made on personal knowledge.), (iii) creates a factual dispute that is not material to the outcome of the case, see *Cook v. Shaw Indus.*, (iv) Plaintiff maintains that these facts, even if true, are immaterial see *Cunningham v. Local 30, Int'l Union of Operating Eng'rs, AFLCIO*, 234 F. Supp. 2d 383, 387 (S.D.N.Y. 2002) and (v) pursuant to Federal Rules of Evidence (F.R.E.) Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or Other Reasons.

Fed. R. Civ. P. 56(e) ("Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to the matters stated therein."); see also *U.S. v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc*., 44 F.3d 1082,

1084 (2d Cir. 1995) [citations omitted], cert. denied sub nom, Ferrante v. U.S., 516 U.S. 806 (1995).

Fed. R. Civ. P. 56(e) (requiring that non-movant "set forth specific facts showing that there is a genuine issue for trial"); *Patterson v. County of Oneida,* 375 F.3d 206, 219 (2d. Cir. 2004) at 219 (2d. Cir. 2004) ("Nor is a genuine issue created merely by the presentation of assertions [in an affidavit] that are conclusory.") [citations omitted]; *Applegate v. Top Assoc.,* 425 F.2d 92, 97 (2d Cir. 1970) (stating that the purpose of Rule 56[e] is to "prevent the exchange of affidavits on a motion for summary judgment from degenerating into mere elaboration of conclusory pleadings").

"[a]bsent supporting facts[,] ... a jury would be in no position to assess her claim of superiority"). *Compare  Ass'n of Flight Attendants – CWA, AFL – CIO v. U.S. Dep't of Transp.* , 564 F.3d 462, 465 (D.C.Cir.2009)

Immaterial:  A fact is "material" only if it would have some effect on the outcome of the suit.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Hearsay:  See *Patterson v. County of Oneida,* 375 F.3d 206, 219 (2d. Cir. 2004) at 219 ("[Rule 56(e)'s] requirement that affidavits be made on personal knowledge is not satisfied by assertions made 'on information and belief.'. . . [Furthermore, the Rule's] requirement that the affiant have personal knowledge and be competent to testify to the matters asserted in the affidavits also means that the affidavit's hearsay assertion that would not be admissible at trial if testified to by the affiant is insufficient to create a genuine issue for trial."); *Sellers v. M.C. Floor Crafters, Inc.,* 842 F.2d 639, 643 (2d Cir. 1988)

<u>Defendant Statement no. 30:</u>  At about 2:00 a.m. on June 15, 2017, hours after the broadcast, Webb passed out drunk in his truck and was arrested by local police in Zanesville, Ohio.

<u>Plaintiff's Response to Defendant's Statement no. 30:</u>  Disputed: (i) conclusory statement in violation of Local Rules 56.1(b) and 56.1(d) as to "passed out drunk" (ii) "passed out drunk" is beyond declarant's knowledge, See *Tishcon Corp.* also FED. R. CIV. P. 56(e)(1) (A supporting or opposing affidavit must be made on personal knowledge.), (iii) creates a factual dispute that is not material to the outcome of the case, see *Cook v. Shaw Indus.*, (iv) Plaintiff maintains that these facts, even if true, are immaterial see *Cunningham v. Local 30, Int'l Union of Operating Eng'rs, AFLCIO*, 234 F. Supp. 2d 383, 387 (S.D.N.Y. 2002) and (v) pursuant to Federal Rules of Evidence (F.R.E.) Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or Other Reasons.

Fed. R. Civ. P. 56(e) ("Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to the matters stated therein."); see also *U.S. v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc*., 44 F.3d 1082, 1084 (2d Cir. 1995) [citations omitted], cert. denied sub nom, Ferrante v. U.S., 516 U.S. 806 (1995).

Fed. R. Civ. P. 56(e) (requiring that non-movant "set forth specific facts showing that there is a genuine issue for trial"); *Patterson v. County of Oneida,* 375 F.3d 206, 219 (2d. Cir. 2004) at 219 (2d Cir. 2004) ("Nor is a genuine issue created merely by the presentation of assertions [in an affidavit] that are conclusory.") [citations omitted]; *Applegate v. Top Assoc.,* 425 F.2d 92, 97 (2d Cir. 1970) (stating that the purpose of Rule 56[e] is to "prevent the exchange of affidavits on a motion for summary judgment from degenerating into mere elaboration of conclusory pleadings").

"[a]bsent supporting facts[,] ... a jury would be in no position to assess her claim of superiority"). *Compare  Ass'n of Flight Attendants – CWA, AFL – CIO v. U.S. Dep't of Transp.* , 564 F.3d 462, 465 (D.C.Cir.2009)

Immaterial:  A fact is "material" only if it would have some effect on the outcome of the suit.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Hearsay:  See *Patterson v. County of Oneida*, 375 F.3d 206, 219 (2d. Cir. 2004) at 219 ("[Rule 56(e)'s] requirement that affidavits be made on personal knowledge is not satisfied by assertions made 'on information and belief.'. . . [Furthermore, the Rule's] requirement that the affiant have personal knowledge and be competent to testify to the matters asserted in the affidavits also means that the affidavit's hearsay assertion that would not be admissible at trial if testified to by the affiant is insufficient to create a genuine issue for trial."); *Sellers v. M.C. Floor Crafters, Inc.,* 842 F.2d 639, 643 (2d Cir. 1988)


Defendant Statement no. 31:  After refusing the breathalyzer, Webb was kept in Zanesville jail overnight.

Plaintiff's Response to Defendant's Statement no. 31:  Disputed:  (i) Plaintiff maintains that these facts, even if true, are immaterial see *Cunningham v. Local 30, Int'l Union of Operating Eng'rs, AFLCIO*, 234 F. Supp. 2d 383, 387 (S.D.N.Y. 2002) and (ii) pursuant to Federal Rules of Evidence (F.R.E.) Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or Other Reasons.

"[a]bsent supporting facts[,] ... a jury would be in no position to assess her claim of superiority"). *Compare  Ass'n of Flight Attendants – CWA, AFL – CIO v. U.S. Dep't of Transp.* , 564 F.3d 462, 465 (D.C.Cir.2009)

Immaterial:  A fact is "material" only if it would have some effect on the outcome of the suit.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Hearsay:  See *Patterson v. County of Oneida*, 375 F.3d 206, 219 (2d. Cir. 2004) at 219 ("[Rule 56(e)'s] requirement that affidavits be made on personal knowledge is

not satisfied by assertions made 'on information and belief.'. . . [Furthermore, the Rule's] requirement that the affiant have personal knowledge and be competent to testify to the matters asserted in the affidavits also means that the affidavit's hearsay assertion that would not be admissible at trial if testified to by the affiant is insufficient to create a genuine issue for trial."); *Sellers v. M.C. Floor Crafters, Inc.,* 842 F.2d 639, 643 (2d Cir. 1988)

Defendant Statement no. 32:  The next day, Webb was interviewed by the FBI.

Plaintiff's Response to Defendant's Statement no. 32:  Disputed: (i) Plaintiff maintains that these facts, even if true, are immaterial see *Cunningham v. Local 30, Int'l Union of Operating Eng'rs, AFLCIO*, 234 F. Supp. 2d 383, 387 (S.D.N.Y. 2002) (ii) pursuant to Federal Rules of Evidence (F.R.E.) Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or Other Reasons.

"[a]bsent supporting facts[,] ... a jury would be in no position to assess her claim of superiority"). *Compare  Ass'n of Flight Attendants – CWA, AFL – CIO v. U.S. Dep't of Transp.* , 564 F.3d 462, 465 (D.C.Cir.2009)

Immaterial:  A fact is "material" only if it would have some effect on the outcome of the suit.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Hearsay:  See *Patterson v. County of Oneida,* 375 F.3d 206, 219 (2d. Cir. 2004) at 219 ("[Rule 56(e)'s] requirement that affidavits be made on personal knowledge is not satisfied by assertions made 'on information and belief.'. . . [Furthermore, the Rule's] requirement that the affiant have personal knowledge and be competent to testify to the matters asserted in the affidavits also means that the affidavit's hearsay assertion that would not be admissible at trial if testified to by the affiant is insufficient to create a genuine issue for trial."); *Sellers v. M.C. Floor Crafters, Inc.,* 842 F.2d 639, 643 (2d Cir. 1988)

Defendant Statement no. 33:  According to the FBI Form 302 memorializing the FBI's interview, "[Webb] was asked specifically about communications he had with any of his sources for an incident in South Carolina on June 14, 2017. [Webb] had received information from one of his sources. [Webb] did not know his real name."

Plaintiff's Response to Defendant's Statement no. 33:  Disputed: (i) Plaintiff maintains that these facts, even if true, are immaterial see *Cunningham v. Local 30, Int'l Union of Operating Eng'rs, AFLCIO*, 234 F. Supp. 2d 383, 387 (S.D.N.Y. 2002) and (ii) pursuant to Federal Rules of Evidence (F.R.E.) Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or Other Reasons.

"[a]bsent supporting facts[,] ... a jury would be in no position to assess her claim of superiority"). *Compare  Ass'n of Flight Attendants – CWA, AFL – CIO v. U.S. Dep't of Transp.* , 564 F.3d 462, 465 (D.C.Cir.2009)

Immaterial:  A fact is "material" only if it would have some effect on the outcome of the suit.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).


Defendant Statement no. 34:  Webb's above-quoted statement to the FBI was false.

Plaintiff's Response to Defendant's Statement no. 34:  Disputed: (i) Plaintiff maintains that these facts, even if true, are immaterial see *Cunningham v. Local 30, Int'l Union of Operating Eng'rs, AFLCIO*, 234 F. Supp. 2d 383, 387 (S.D.N.Y. 2002) and (ii) pursuant to Federal Rules of Evidence (F.R.E.) Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or Other Reasons.

"[a]bsent supporting facts[,] ... a jury would be in no position to assess her claim of superiority"). *Compare  Ass'n of Flight Attendants – CWA, AFL – CIO v. U.S. Dep't of Transp.* , 564 F.3d 462, 465 (D.C.Cir.2009)

Immaterial:  A fact is "material" only if it would have some effect on the outcome of the suit.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

<u>Hearsay:</u>  See *Patterson v. County of Oneida,* 375 F.3d 206, 219 (2d. Cir. 2004) at 219 ("[Rule 56(e)'s] requirement that affidavits be made on personal knowledge is not satisfied by assertions made 'on information and belief.'. . . [Furthermore, the Rule's] requirement that the affiant have personal knowledge and be competent to testify to the matters asserted in the affidavits also means that the affidavit's hearsay assertion that would not be admissible at trial if testified to by the affiant is insufficient to create a genuine issue for trial."); *Sellers v. M.C. Floor Crafters, Inc.,* 842 F.2d 639, 643 (2d Cir. 1988)

<u>Defendant Statement no. 35:</u>  Webb knew that the source of his information about the purported "dirty bomb" was Oakey Marshall Richards

<u>Plaintiff's Response to Defendant's Statement no. 35:</u>  Disputed: Disputed: (i) conclusory statement in violation of Local Rules 56.1(b) and 56.1(d) as to "Webb knew", (ii) ambiguous and vague "Webb knew", requires specificity, (iii) inadmissible artifact, (iv) "Webb knew" is beyond declarant's knowledge, See *Tishcon* see also FED. R. CIV. P. 56(e)(1) (A supporting or opposing affidavit must be made on personal knowledge.), (v) creates a factual dispute that is not material to the outcome of the case, see *Cook v. Shaw Indus*., (vi) Plaintiff maintains that these facts, even if true, are immaterial see *Cunningham v. Local 30, Int'l Union of Operating Eng'rs, AFLCIO*, 234 F. Supp. 2d 383, 387 (S.D.N.Y. 2002). And (v) pursuant to Federal Rules of Evidence (F.R.E.) Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or Other Reasons.

<u>Hearsay:</u>  See *Patterson v. County of Oneida,* 375 F.3d 206, 219 (2d. Cir. 2004) at 219 ("[Rule 56(e)'s] requirement that affidavits be made on personal knowledge is not satisfied by assertions made 'on information and belief.'. . . [Furthermore, the Rule's] requirement that the affiant have personal knowledge and be competent to testify to the matters asserted in the affidavits also means that the affidavit's hearsay assertion that would not be admissible at trial if testified to by the affiant is insufficient to create a genuine issue for trial."); *Sellers v. M.C. Floor Crafters, Inc.,* 842 F.2d 639, 643 (2d Cir. 1988)

Fed. R. Civ. P. 56(e) ("Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to the matters stated therein."); see also *U.S. v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc*., 44 F.3d 1082, 1084 (2d Cir. 1995) [citations omitted], cert. denied sub nom, Ferrante v. U.S., 516 U.S. 806 (1995).

Fed. R. Civ. P. 56(e) (requiring that non-movant "set forth specific facts showing that there is a genuine issue for trial"); *Patterson v. County of Oneida,* 375 F.3d 206, 219 (2d. Cir. 2004) at 219 (2d. Cir. 2004) ("Nor is a genuine issue created merely by the presentation of assertions [in an affidavit] that are conclusory.") [citations omitted]; *Applegate v. Top Assoc.,* 425 F.2d 92, 97 (2d Cir. 1970) (stating that the purpose of Rule 56[e] is to "prevent the exchange of affidavits on a motion for summary judgment from degenerating into mere elaboration of conclusory pleadings").

"[a]bsent supporting facts[,] ... a jury would be in no position to assess her claim of superiority"). *Compare  Ass'n of Flight Attendants – CWA, AFL – CIO v. U.S. Dep't of Transp.* , 564 F.3d 462, 465 (D.C.Cir.2009)

Immaterial:  A fact is "material" only if it would have some effect on the outcome of the suit.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Defendant Statement no. 36:  On June 16, 2017, the shutdown of the Port of Charleston became international news.

Plaintiff's Response to Defendant's Statement no. 36:  Disputed: (i) Plaintiff maintains that these facts, even if true, are immaterial see *Cunningham v. Local 30, Int'l Union of Operating Eng'rs, AFLCIO*, 234 F. Supp. 2d 383, 387 (S.D.N.Y. 2002), (ii) Plaintiff further objects on the ground that the referenced news articles are irrelevant and inadmissible. See, e.g., FRE 401, 802 and (iii) pursuant to Federal Rules of Evidence (F.R.E.) Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or Other Reasons.

"[a]bsent supporting facts[,] ... a jury would be in no position to assess her claim of superiority"). *Compare  Ass'n of Flight Attendants – CWA, AFL – CIO v. U.S. Dep't of Transp.* , 564 F.3d 462, 465 (D.C.Cir.2009)

Immaterial:  A fact is "material" only if it would have some effect on the outcome of the suit.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Hearsay:  See *Patterson v. County of Oneida,* 375 F.3d 206, 219 (2d. Cir. 2004) at 219 ("[Rule 56(e)'s] requirement that affidavits be made on personal knowledge is not satisfied by assertions made 'on information and belief.'. . . [Furthermore, the Rule's] requirement that the affiant have personal knowledge and be competent to testify to the matters asserted in the affidavits also means that the affidavit's hearsay assertion that would not be admissible at trial if testified to by the affiant is insufficient to create a genuine issue for trial."); *Sellers v. M.C. Floor Crafters, Inc.,* 842 F.2d 639, 643 (2d Cir. 1988)


Defendant Statement no. 37:  Shortly thereafter, Goodman ended his collaboration with Webb and shortly after that Goodman ended communication with Steele, Richards and other Webb associates.

Plaintiff's Response to Defendant's Statement no. 37:  Disputed: (i) Declarant's statements do not conform to the record [THE HUDSON REPORT podcast shows], (ii) Plaintiff maintains that these facts, even if true, are immaterial see *Cunningham v. Local 30, Int'l Union of Operating Eng'rs, AFLCIO*, 234 F. Supp. 2d 383, 387 (S.D.N.Y. 2002), (iii) in addition, the Plaintiff objects pursuant to Fed. R. Civ. P. 56(c) to this statement on the grounds that it conflicts with and misstates the undisputed evidence in the record and therefore lacks any evidentiary foundation and (iv) pursuant to Federal Rules of Evidence (F.R.E.) Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or Other Reasons.

**Counter Statement 101:**  Defendant knew that George Webb Sweigert obtained some information from "DEEP URANIUM" (later in hindsight discovered to be Oakey Marshall Richards) related to the MEMPHIS MAERSK during a video

podcast of "CLEAR AND PRESENT DANGER: CALM BEFORE THE STORM" broadcast live on June 14th, 2017. **[Exhibit C-2]**

**Counter Statement 104:**  Defendant maintained communications with "DEEP URANIUM" until March 2018 and during that time co-created approximately 25 video podcast shows featuring "DEEP URANIUM" in a new role as "THE HUDSON REPORT". **[Exhibit C-3]**

**Counter Statement 105**:  Defendant stated in video entitled Sunday with Charles (Wednesday Hammer Drop Edition) Bonnie and Clyde, 12/06/2017, at time mark 2:32.00 "*As you know, as I have said, we have gotten over the past few months a lot of news from Mr. Hudson and the various members of the Hudson Group – that I am in touch with.  While he is not broadcasting with us."*  [**Exhibit C-4**]

Immaterial:  A fact is "material" only if it would have some effect on the outcome of the suit.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

## III. Sweigert's Scorched Earth Tactics

Defendant Statement no. 38:  After Goodman ended the relationship, Webb and his associates became intensely hostile, launching a multi-year campaign of lawsuits and smear campaigns.

Plaintiff's Response to Defendant's Statement no. 38:  Disputed: (i) conclusory statement in violation of Local Rules 56.1(b) and 56.1(d) as to "Webb and his associates became intensely hostile", (ii) ambiguous and vague "Webb and his associates became intensely hostile", requires specificity, (iii) inadmissible artifact, (iv) "Webb and his associates became intensely hostile" is beyond declarant's knowledge, See *Tishcon Corp. v. Soundview Communications, Inc..,* 2005 WL 6038743, at *3; see also FED. R. CIV. P. 56(e)(1) (A supporting or opposing affidavit must be made on personal knowledge.), (v) creates a factual dispute that is not material to the outcome of the case, see *Cook v. Shaw Indus*., 953 F. Supp. 379, 383 (M.D. Ala. 1996), (vi) Plaintiff maintains that these facts, even if true, are immaterial

see *Cunningham v. Local 30, Int'l Union of Operating Eng'rs, AFLCIO*, 234 F. Supp. 2d 383, 387 (S.D.N.Y. 2002) and (vii) pursuant to Federal Rules of Evidence (F.R.E.) Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or Other Reasons.

Fed. R. Civ. P. 56(e) ("Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to the matters stated therein."); see also *U.S. v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc*., 44 F.3d 1082, 1084 (2d Cir. 1995) [citations omitted], cert. denied sub nom, Ferrante v. U.S., 516 U.S. 806 (1995).

Fed. R. Civ. P. 56(e) (requiring that non-movant "set forth specific facts showing that there is a genuine issue for trial"); *Patterson v. County of Oneida,* 375 F.3d 206, 219 (2d. Cir. 2004) at 219 (2d. Cir. 2004) ("Nor is a genuine issue created merely by the presentation of assertions [in an affidavit] that are conclusory.") [citations omitted]; *Applegate v. Top Assoc.,* 425 F.2d 92, 97 (2d Cir. 1970) (stating that the purpose of Rule 56[e] is to "prevent the exchange of affidavits on a motion for summary judgment from degenerating into mere elaboration of conclusory pleadings").

"[a]bsent supporting facts[,] ... a jury would be in no position to assess her claim of superiority"). *Compare  Ass'n of Flight Attendants – CWA, AFL – CIO v. U.S. Dep't of Transp.* , 564 F.3d 462, 465 (D.C.Cir.2009)

Immaterial:  A fact is "material" only if it would have some effect on the outcome of the suit*.  Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Hearsay:  See *Patterson v. County of Oneida,* 375 F.3d 206, 219 (2d. Cir. 2004) at 219 ("[Rule 56(e)'s] requirement that affidavits be made on personal knowledge is not satisfied by assertions made 'on information and belief.'. . . [Furthermore, the Rule's] requirement that the affiant have personal knowledge and be competent to testify to the matters asserted in the affidavits also means that the affidavit's hearsay assertion that would not be admissible at trial if testified to by the affiant is

insufficient to create a genuine issue for trial."); *Sellers v. M.C. Floor Crafters, Inc.,* 842 F.2d 639, 643 (2d Cir. 1988)

Defendant Statement no. 39:  Steele filed a lawsuit against Goodman in 2017, which was dismissed in September 2020.

Plaintiff's Response to Defendant's Statement no. 39:  Disputed: (i) creates a factual dispute that is not material to the outcome of the case, see *Cook v. Shaw Indus.*, 953 F. Supp. 379, 383 (M.D. Ala. 1996), (vi) Plaintiff maintains that these facts, even if true, are immaterial see *Cunningham v. Local 30, Int'l Union of Operating Eng'rs, AFLCIO*, 234 F. Supp. 2d 383, 387 (S.D.N.Y. 2002) and (v) pursuant to Federal Rules of Evidence (F.R.E.) Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or Other Reasons.

Immaterial:  A fact is "material" only if it would have some effect on the outcome of the suit.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Defendant Statement no. 40:  In July 2019, the Court denied Sweigert's motion to intervene in Steele v. Goodman and struck some twenty (20) ECF filings that Sweigert had uploaded to the docket, stating that the Court "will not consider future filings by Sweigert."

Plaintiff's Response to Defendant's Statement no. 40:  Disputed: (i) creates a factual dispute that is not material to the outcome of the case, see *Cook v. Shaw Indus.*, 953 F. Supp. 379, 383 (M.D. Ala. 1996), (vi) Plaintiff maintains that these facts, even if true, are immaterial see *Cunningham v. Local 30, Int'l Union of Operating Eng'rs, AFLCIO*, 234 F. Supp. 2d 383, 387 (S.D.N.Y. 2002) and (v) pursuant to Federal Rules of Evidence (F.R.E.) Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or Other Reasons.

Immaterial:  A fact is "material" only if it would have some effect on the outcome of the suit.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Defendant Statement no. 41:  Sweigert again requested to intervene in Steele v. Goodman on October 19, 2020, which was denied on November 5, 2020.

Plaintiff's Response to Defendant's Statement no. 41:  Disputed: (i) creates a factual dispute that is not material to the outcome of the case, see *Cook v. Shaw Indus.*, 953 F. Supp. 379, 383 (M.D. Ala. 1996), (vi) Plaintiff maintains that these facts, even if true, are immaterial see *Cunningham v. Local 30, Int'l Union of Operating Eng'rs, AFLCIO*, 234 F. Supp. 2d 383, 387 (S.D.N.Y. 2002) and (v) pursuant to Federal Rules of Evidence (F.R.E.) Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or Other Reasons.

Immaterial:  A fact is "material" only if it would have some effect on the outcome of the suit.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).


Defendant Statement no. 42:  In June 2018, Sweigert commenced the instant lawsuit in the District of South Carolina, which was transferred to the Southern District of New York.

Plaintiff's Response to Defendant's Statement no. 42:  Disputed:

Immaterial:  A fact is "material" only if it would have some effect on the outcome of the suit.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).


Defendant Statement no. 43:  In court filings, Plaintiff has falsely accused Goodman of being a clandestine Russian agent (Docket No. 262, ¶¶ 5, 8).

Plaintiff's Response to Defendant's Statement no. 43:  Disputed: (i) creates a factual dispute that is not material to the outcome of the case, see *Cook v. Shaw Indus.*, 953 F. Supp. 379, 383 (M.D. Ala. 1996), (ii) Plaintiff maintains that these facts, even if true, are immaterial see *Cunningham v. Local 30, Int'l Union of Operating Eng'rs, AFLCIO*, 234 F. Supp. 2d 383, 387 (S.D.N.Y. 2002), (iii) in addition, the Plaintiff

objects pursuant to Fed. R. Civ. P. 56(c) to this statement on the grounds that it conflicts with and misstates the undisputed evidence in the record and therefore lacks any evidentiary foundation, see actual language "the SPUTNIK commentor Jason Goodman cares to cook up" and "from the Russia friendly Defendant" and (iv) pursuant to Federal Rules of Evidence (F.R.E.) Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or Other Reasons.

"[a]bsent supporting facts[,] ... a jury would be in no position to assess her claim of superiority"). *Compare  Ass'n of Flight Attendants – CWA, AFL – CIO v. U.S. Dep't of Transp.* , 564 F.3d 462, 465 (D.C.Cir.2009)

Immaterial:  A fact is "material" only if it would have some effect on the outcome of the suit.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).


Defendant Statement no. 44:  In October 2020, when public furor over QAnon was at its peak, Sweigert made false publications suggesting that Goodman was somehow responsible for or otherwise associated with the QAnon phenomenon.

Plaintiff's Response to Defendant's Statement no. 44:  Disputed: (i) creates a factual dispute that is not material to the outcome of the case, see *Cook v. Shaw Indus*., 953 F. Supp. 379, 383 (M.D. Ala. 1996), (ii) Plaintiff maintains that these facts, even if true, are immaterial see *Cunningham v. Local 30, Int'l Union of Operating Eng'rs, AFLCIO*, 234 F. Supp. 2d 383, 387 (S.D.N.Y. 2002) and (iii) pursuant to Federal Rules of Evidence (F.R.E.) Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or Other Reasons.

"[a]bsent supporting facts[,] ... a jury would be in no position to assess her claim of superiority"). *Compare  Ass'n of Flight Attendants – CWA, AFL – CIO v. U.S. Dep't of Transp.* , 564 F.3d 462, 465 (D.C.Cir.2009)

Immaterial:  A fact is "material" only if it would have some effect on the outcome of the suit.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Hearsay:  See *Patterson v. County of Oneida,* 375 F.3d 206, 219 (2d. Cir. 2004) at 219 ("[Rule 56(e)'s] requirement that affidavits be made on personal knowledge is not satisfied by assertions made 'on information and belief.'. . . [Furthermore, the Rule's] requirement that the affiant have personal knowledge and be competent to testify to the matters asserted in the affidavits also means that the affidavit's hearsay assertion that would not be admissible at trial if testified to by the affiant is insufficient to create a genuine issue for trial."); *Sellers v. M.C. Floor Crafters, Inc.,* 842 F.2d 639, 643 (2d Cir. 1988)


Defendant Statement no. 45:  In fact, Goodman never promoted QAnon.

Plaintiff's Response to Defendant's Statement no. 45:  Disputed: (i) creates a factual dispute that is not material to the outcome of the case, see *Cook v. Shaw Indus*., 953 F. Supp. 379, 383 (M.D. Ala. 1996), (ii) Plaintiff maintains that these facts, even if true, are immaterial see *Cunningham v. Local 30, Int'l Union of Operating Eng'rs, AFLCIO*, 234 F. Supp. 2d 383, 387 (S.D.N.Y. 2002) and (iii) pursuant to Federal Rules of Evidence (F.R.E.) Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or Other Reasons.

"[a]bsent supporting facts[,] ... a jury would be in no position to assess her claim of superiority"). *Compare  Ass'n of Flight Attendants – CWA, AFL – CIO v. U.S. Dep't of Transp.* , 564 F.3d 462, 465 (D.C.Cir.2009)

Immaterial:  A fact is "material" only if it would have some effect on the outcome of the suit*.  Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Defendant Statement no. 46:  On or about January 10, 2021, Sweigert emailed Patreon a draft complaint naming Patreon as a defendant.

Plaintiff's Response to Defendant's Statement no. 46:  Disputed: (i) creates a factual dispute that is not material to the outcome of the case, see *Cook v. Shaw Indus*., 953 F. Supp. 379, 383 (M.D. Ala. 1996), (ii) Plaintiff maintains that these facts, even if true, are immaterial see *Cunningham v. Local 30, Int'l Union of Operating Eng'rs, AFLCIO*, 234 F. Supp. 2d 383, 387 (S.D.N.Y. 2002), (iii) this is related to potential litigation in the State of California and subject to California litigation privilege and (iv) pursuant to Federal Rules of Evidence (F.R.E.) Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or Other Reasons.

"[a]bsent supporting facts[,] ... a jury would be in no position to assess her claim of superiority"). *Compare  Ass'n of Flight Attendants – CWA, AFL – CIO v. U.S. Dep't of Transp.* , 564 F.3d 462, 465 (D.C.Cir.2009)

Fed. R. Civ. P. 56(e) (requiring that non-movant "set forth specific facts showing that there is a genuine issue for trial"); *Patterson v. County of Oneida,* 375 F.3d 206, 219 (2d. Cir. 2004) at 219 (2d. Cir. 2004) ("Nor is a genuine issue created merely by the presentation of assertions [in an affidavit] that are conclusory.") [citations omitted]; *Applegate v. Top Assoc.,* 425 F.2d 92, 97 (2d Cir 1970) (stating that the purpose of Rule 56[e] is to "prevent the exchange of affidavits on a motion for summary judgment from degenerating into mere elaboration of conclusory pleadings").

Fed. R. Civ. P. 56(e) ("Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to the matters stated therein."); see also *U.S. v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc*., 44 F.3d 1082, 1084 (2d Cir. 1995) [citations omitted], cert. denied sub nom, Ferrante v. U.S., 516 U.S. 806 (1995).

Immaterial:  A fact is "material" only if it would have some effect on the outcome of the suit.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Hearsay:  See *Patterson v. County of Oneida,* 375 F.3d 206, 219 (2d. Cir. 2004) at 219 ("[Rule 56(e)'s] requirement that affidavits be made on personal knowledge is not satisfied by assertions made 'on information and belief.'. . . [Furthermore, the Rule's] requirement that the affiant have personal knowledge and be competent to testify to the matters asserted in the affidavits also means that the affidavit's hearsay assertion that would not be admissible at trial if testified to by the affiant is insufficient to create a genuine issue for trial."); *Sellers v. M.C. Floor Crafters, Inc.,* 842 F.2d 639, 643 (2d Cir. 1988)


Defendant Statement no. 47:  In sending the draft complaint, Sweigert intended to sow discord between Goodman and Patreon.

Plaintiff's Response to Defendant's Statement no. 47:  Disputed: (i) conclusory statement in violation of Local Rules 56.1(b) and 56.1(d) as to "Sweigert intended to sow discord", (ii) ambiguous and vague "Sweigert intended to sow discord", requires specificity, (iii) inadmissible artifact, (iv) ) "Sweigert intended to sow discord" is beyond declarant's knowledge, see *Tishcon Corp. v. Soundview Communications, Inc..,* 2005 WL 6038743, at *3; see also FED. R. CIV. P. 56(e)(1) (A supporting or opposing affidavit must be made on personal knowledge.), (v) creates a factual dispute that is not material to the outcome of the case, see *Cook v. Shaw Indus*., 953 F. Supp. 379, 383 (M.D. Ala. 1996), (vi) Plaintiff maintains that these facts, even if true, are immaterial see *Cunningham v. Local 30, Int'l Union of Operating Eng'rs, AFLCIO*, 234 F. Supp. 2d 383, 387 (S.D.N.Y. 2002), (vii) according to public statements Defendant has been advising his Patreon followers to leave Patreon and join SubscribeStar, and (iix) this is related to potential litigation in the State of California and subject to California litigation privilege and (viii) pursuant to Federal Rules of Evidence (F.R.E.) Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or Other Reasons.

Fed. R. Civ. P. 56(e) (requiring that non-movant "set forth specific facts showing that there is a genuine issue for trial"); *Patterson v. County of Oneida,* 375 F.3d 206, 219 (2d. Cir. 2004) at 219 (2d. Cir. 2004) ("Nor is a genuine issue created merely by the

presentation of assertions [in an affidavit] that are conclusory.") [citations omitted]; *Applegate v. Top Assoc.,* 425 F.2d 92, 97 (2d Cir. 1970) (stating that the purpose of Rule 56[e] is to "prevent the exchange of affidavits on a motion for summary judgment from degenerating into mere elaboration of conclusory pleadings").

Fed. R. Civ. P. 56(e) ("Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to the matters stated therein."); see also *U.S. v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc*., 44 F.3d 1082, 1084 (2d Cir. 1995) [citations omitted], cert. denied sub nom, Ferrante v. U.S., 516 U.S. 806 (1995).

"[a]bsent supporting facts[,] ... a jury would be in no position to assess her claim of superiority"). *Compare  Ass'n of Flight Attendants – CWA, AFL – CIO v. U.S. Dep't of Transp.* , 564 F.3d 462, 465 (D.C.Cir.2009)

Immaterial:  A fact is "material" only if it would have some effect on the outcome of the suit.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Hearsay:  See *Patterson v. County of Oneida,* 375 F.3d 206, 219 (2d. Cir. 2004) at 219 ("[Rule 56(e)'s] requirement that affidavits be made on personal knowledge is not satisfied by assertions made 'on information and belief.'. . . [Furthermore, the Rule's] requirement that the affiant have personal knowledge and be competent to testify to the matters asserted in the affidavits also means that the affidavit's hearsay assertion that would not be admissible at trial if testified to by the affiant is insufficient to create a genuine issue for trial."); *Sellers v. M.C. Floor Crafters, Inc.,* 842 F.2d 639, 643 (2d Cir 1988)

<u>Defendant Statement no. 48:</u>  In early May 2021, Sweigert sent a mass email to dozens of officials at the New York Attorney General's office, the Federal Trade Commission, and various attorney disciplinary officials.

<u>Plaintiff's Response to Defendant's Statement no. 48:</u>  Disputed: (i) creates a factual dispute that is not material to the outcome of the case, see *Cook v. Shaw Indus.*, 953 F. Supp. 379, 383 (M.D. Ala. 1996), (ii) Plaintiff maintains that these facts, even if true, are immaterial see *Cunningham v. Local 30, Int'l Union of Operating Eng'rs, AFLCIO*, 234 F. Supp. 2d 383, 387 (S.D.N.Y. 2002), (iii) whether or not, information is forwarded to authorities and/or law enforcement and government agencies by the Plaintiff is protected under New York State law.  "Public policy mandates that certain communications, although defamatory, cannot serve as the basis for the imposition of liability in a defamation action" (*Toker v Pollak,* 44 NY2d 211, 218 [1978]) and (iv) pursuant to Federal Rules of Evidence (F.R.E.) Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or Other Reasons.

"[a]bsent supporting facts[,] ... a jury would be in no position to assess her claim of superiority"). *Compare  Ass'n of Flight Attendants – CWA, AFL – CIO v. U.S. Dep't of Transp.* , 564 F.3d 462, 465 (D.C.Cir.2009)

Fed. R. Civ. P. 56(e) (requiring that non-movant "set forth specific facts showing that there is a genuine issue for trial"); *Patterson v. County of Oneida,* 375 F.3d 206, 219 (2d. Cir. 2004) at 219 (2d. Cir. 2004) ("Nor is a genuine issue created merely by the presentation of assertions [in an affidavit] that are conclusory.") [citations omitted]; *Applegate v. Top Assoc.,* 425 F.2d 92, 97 (2d Cir. 1970) (stating that the purpose of Rule 56[e] is to "prevent the exchange of affidavits on a motion for summary judgment from degenerating into mere elaboration of conclusory pleadings").

Fed. R. Civ. P. 56(e) ("Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to the matters stated therein."); see also *U.S. v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc*., 44 F.3d 1082, 1084 (2d Cir. 1995) [citations omitted], cert. denied sub nom, Ferrante v. U.S., 516 U.S. 806 (1995).

Immaterial:  A fact is "material" only if it would have some effect on the outcome of the suit.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Hearsay:  See *Patterson v. County of Oneida,* 375 F.3d 206, 219 (2d. Cir. 2004) at 219 ("[Rule 56(e)'s] requirement that affidavits be made on personal knowledge is not satisfied by assertions made 'on information and belief.'. . . [Furthermore, the Rule's] requirement that the affiant have personal knowledge and be competent to testify to the matters asserted in the affidavits also means that the affidavit's hearsay assertion that would not be admissible at trial if testified to by the affiant is insufficient to create a genuine issue for trial."); *Sellers v. M.C. Floor Crafters, Inc.,* 842 F.2d 639, 643 (2d Cir. 1988)


Defendant Statement no. 49:  In the email, Sweigert makes false and reckless accusations against my lawyer.

Plaintiff's Response to Defendant's Statement no. 49:  Disputed: (i) conclusory statement in violation of Local Rules 56.1(b) and 56.1(d) as to "reckless accusations", (ii) ambiguous and vague "reckless accusations", requires specificity, (iii) inadmissible artifact, (iv) "reckless accusation" is beyond declarant's knowledge, See *Tishcon Corp. v. Soundview Communications, Inc..,* 2005 WL 6038743, at *3; see also FED. R. CIV. P. 56(e)(1) (A supporting or opposing affidavit must be made on personal knowledge.), (v) creates a factual dispute that is not material to the outcome of the case, see *Cook v. Shaw Indus*., 953 F. Supp. 379, 383 (M.D. Ala. 1996), (vi) Plaintiff maintains that these facts, even if true, are immaterial see *Cunningham v. Local 30, Int'l Union of Operating Eng'rs, AFLCIO*, 234 F. Supp. 2d 383, 387 (S.D.N.Y. 2002), (vii) whether or not, information is forwarded to authorities and/or law enforcement and government agencies by the Plaintiff is protected under New York State law.  "Public policy mandates that certain communications, although defamatory, cannot serve as the basis for the imposition of liability in a defamation action" (*Toker v Pollak,* 44 NY2d 211, 218 [1978]) and (viii) pursuant to Federal Rules of Evidence (F.R.E.) Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or Other Reasons.

Fed. R. Civ. P. 56(e) ("Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to the matters stated therein."); see also *U.S. v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc*., 44 F.3d 1082, 1084 (2d Cir. 1995) [citations omitted], cert. denied sub nom, Ferrante v. U.S., 516 U.S. 806 (1995).

Fed. R. Civ. P. 56(e) (requiring that non-movant "set forth specific facts showing that there is a genuine issue for trial"); *Patterson v. County of Oneida,* 375 F.3d 206, 219 (2d. Cir. 2004) at 219 (2d. Cir. 2004) ("Nor is a genuine issue created merely by the presentation of assertions [in an affidavit] that are conclusory.") [citations omitted]; *Applegate v. Top Assoc.,* 425 F.2d 92, 97 (2d Cir. 1970) (stating that the purpose of Rule 56[e] is to "prevent the exchange of affidavits on a motion for summary judgment from degenerating into mere elaboration of conclusory pleadings").

"[a]bsent supporting facts[,] ... a jury would be in no position to assess her claim of superiority"). *Compare  Ass'n of Flight Attendants – CWA, AFL – CIO v. U.S. Dep't of Transp.* , 564 F.3d 462, 465 (D.C.Cir.2009)

Immaterial:  A fact is "material" only if it would have some effect on the outcome of the suit.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Hearsay:  See *Patterson v. County of Oneida,* 375 F.3d 206, 219 (2d. Cir. 2004) at 219 ("[Rule 56(e)'s] requirement that affidavits be made on personal knowledge is not satisfied by assertions made 'on information and belief.'. . . [Furthermore, the Rule's] requirement that the affiant have personal knowledge and be competent to testify to the matters asserted in the affidavits also means that the affidavit's hearsay assertion that would not be admissible at trial if testified to by the affiant is insufficient to create a genuine issue for trial."); *Sellers v. M.C. Floor Crafters, Inc.,* 842 F.2d 639, 643 (2d Cir. 1988)

Defendant Statement no. 50:  On May 19, 2021, Sweigert sent a letter to Judge Caproni requesting to intervene in the matter of the *National Academy for Television Arts and Science v. Multimedia System Design Inc*., No. 20-7269.

Plaintiff's Response to Defendant's Statement no. 50:  Disputed:

Immaterial:  A fact is "material" only if it would have some effect on the outcome of the suit.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).


Defendant Statement no. 51:  Plaintiff Sweigert published a video about Judge Caproni which includes the following words:

Plaintiff's Response to Defendant's Statement no. 51:  Disputed: (i) creates a factual dispute that is not material to the outcome of the case, see *Cook v. Shaw Indus*., 953 F. Supp. 379, 383 (M.D. Ala. 1996), (ii) Plaintiff maintains that these facts, even if true, are immaterial see *Cunningham v. Local 30, Int'l Union of Operating Eng'rs, AFLCIO*, 234 F. Supp. 2d 383, 387 (S.D.N.Y. 2002) and (iii) pursuant to Federal Rules of Evidence (F.R.E.) Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or Other Reasons.

Immaterial:  A fact is "material" only if it would have some effect on the outcome of the suit.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

## IV.      Plaintiff can prove no special damages

Defendant Statement no. 52:  Plaintiff's "Corrected Notice of Special Damages" (Docket No. 276) includes no evidence of prior employment, lost wages, lost contracts or lost opportunities.

Plaintiff's Response to Defendant's Statement no. 52:  Disputed: (i) The Plaintiff objects pursuant to Fed. R. Civ. P. 56(c) to this statement on the grounds that it conflicts with and misstates the undisputed evidence in the record and therefore lacks any evidentiary foundation contained in **ECF doc. no.s 225, 230, 231, 232 and 241**, (ii) the referenced excerpt of the document is removed from the context in which it appears, and omits other information that must be evaluated in order to fully understand the referenced excerpt and (iii) pursuant to Federal Rules of Evidence (F.R.E.) Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or Other Reasons.


Defendant Statement no. 53:  With respect to Plaintiff's first theory of damages, set forth in Exhibit 16, Plaintiff submits no evidence that Mt. Shasta had a job opening for which Sweigert was qualified.

Plaintiff's Response to Defendant's Statement no. 53:  Disputed: (i) The Plaintiff objects pursuant to Fed. R. Civ. P. 56(c) to this statement on the grounds that it conflicts with and misstates the undisputed evidence in the record and therefore lacks any evidentiary foundation contained in ECF doc. no.s **225, 230, 231, 232 and 241**, (ii) the referenced excerpt of the document is removed from the context in which it appears, and omits other information that must be evaluated in order to fully understand the referenced excerpt and (iii) pursuant to Federal Rules of Evidence (F.R.E.) Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or Other Reasons.

Defendant Statement no. 54:  With respect to Plaintiff's first theory of damages, set forth in Exhibit 16, Plaintiff submits no evidence that Sweigert applied for any job.

Plaintiff's Response to Defendant's Statement no. 54:  Disputed: (i) The Plaintiff objects pursuant to Fed. R. Civ. P. 56(c) to this statement on the grounds that it conflicts with and misstates the undisputed evidence in the record and therefore lacks any evidentiary foundation contained in ECF doc. no.s **225, 230, 231, 232 and 241**, (ii) the referenced excerpt of the document is removed from the context in which it appears, and omits other information that must be evaluated in order to fully understand the referenced excerpt and (iii) pursuant to Federal Rules of Evidence (F.R.E.) Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or Other Reasons.


Defendant Statement no. 55:  With respect to Plaintiff's first theory of damages, set forth in Exhibit 16, Plaintiff submits no evidence that Mt. Shasta denied Sweigert's job application.

Plaintiff's Response to Defendant's Statement no. 55:  Disputed: (i) The Plaintiff objects pursuant to Fed. R. Civ. P. 56(c) to this statement on the grounds that it conflicts with and misstates the undisputed evidence in the record and therefore lacks any evidentiary foundation contained in ECF doc. no.s **225, 230, 231, 232 and 241**, (ii) the referenced excerpt of the document is removed from the context in which it appears, and omits other information that must be evaluated in order to fully understand the referenced excerpt and (iii) pursuant to Federal Rules of Evidence (F.R.E.) Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or Other Reasons.

<u>Defendant Statement no. 56:</u>  With respect to Plaintiff's first theory of damages, set forth in Exhibit 16, Plaintiff submits no evidence as to why Mt. Shasta denied such job application.

<u>Plaintiff's Response to Defendant's Statement no. 56:</u>  Disputed: (i) The Plaintiff objects pursuant to Fed. R. Civ. P. 56(c) to this statement on the grounds that it conflicts with and misstates the undisputed evidence in the record and therefore lacks any evidentiary foundation contained in ECF doc. no.s **225, 230, 231, 232 and 241**, (ii) the referenced excerpt of the document is removed from the context in which it appears, and omits other information that must be evaluated in order to fully understand the referenced excerpt and (iii) pursuant to Federal Rules of Evidence (F.R.E.) Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or Other Reasons.

<u>Defendant Statement no. 57:</u>  With respect to Plaintiff's first theory of damages, set forth in Exhibit 16, Plaintiff submits no proof that Goodman's alleged statements played any role in any hiring decision relating to Sweigert.

<u>Plaintiff's Response to Defendant's Statement no. 57:</u>  Disputed: (i) The Plaintiff objects pursuant to Fed. R. Civ. P. 56(c) to this statement on the grounds that it conflicts with and misstates the undisputed evidence in the record and therefore lacks any evidentiary foundation contained in ECF doc. no.s **225, 230, 231, 232 and 241**, (ii) the referenced excerpt of the document is removed from the context in which it appears, and omits other information that must be evaluated in order to fully understand the referenced excerpt and (iii) pursuant to Federal Rules of Evidence (F.R.E.) Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or Other Reasons.

Defendant Statement no. 58:  With respect to Plaintiff's first theory of damages, set forth in Exhibit 16, Plaintiff submits no proof of any other efforts by Sweigert to obtain employment.

Plaintiff's Response to Defendant's Statement no. 58:  Disputed: (i) The Plaintiff objects pursuant to Fed. R. Civ. P. 56(c) to this statement on the grounds that it conflicts with and misstates the undisputed evidence in the record and therefore lacks any evidentiary foundation contained in ECF doc. no.s **225, 230, 231, 232 and 241**, (ii) the referenced excerpt of the document is removed from the context in which it appears, and omits other information that must be evaluated in order to fully understand the referenced excerpt and (iii) pursuant to Federal Rules of Evidence (F.R.E.) Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or Other Reasons.

Defendant Statement no. 59:  With respect to Plaintiff's third theory of damages, set forth in Exhibit 16, Plaintiff submits no evidence that Goodman forced Plaintiff to stop selling his online manual.

Plaintiff's Response to Defendant's Statement no. 59:  Disputed: (i) The Plaintiff objects pursuant to Fed. R. Civ. P. 56(c) to this statement on the grounds that it conflicts with and misstates the undisputed evidence in the record and therefore lacks any evidentiary foundation contained in ECF doc. no.s **225, 230, 231, 232 and 241**, (ii) the referenced excerpt of the document is removed from the context in which it appears, and omits other information that must be evaluated in order to fully understand the referenced excerpt and (iii) pursuant to Federal Rules of Evidence (F.R.E.) Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or Other Reasons.

Defendant Statement no. 60:  With respect to Plaintiff's fourth theory of damages, set forth in Exhibit 16, Plaintiff submits no evidence that Sweigert ever applied for a position in the "critical infrastructure protection" field.

Plaintiff's Response to Defendant's Statement no. 60:  Disputed: (i) The Plaintiff objects pursuant to Fed. R. Civ. P. 56(c) to this statement on the grounds that it conflicts with and misstates the undisputed evidence in the record and therefore lacks any evidentiary foundation contained in ECF doc. no.s **225, 230, 231, 232 and 241**, (ii) the referenced excerpt of the document is removed from the context in which it appears, and omits other information that must be evaluated in order to fully understand the referenced excerpt and (iii) and pursuant to Federal Rules of Evidence (F.R.E.) Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or Other Reasons.

Defendant Statement no. 61:  With respect to Plaintiff's fourth theory of damages, set forth in Exhibit 16, Plaintiff submits no evidence that Sweigert ever applied for a position in the "critical infrastructure protection" field.

Plaintiff's Response to Defendant's Statement no. 61:  Disputed: (i) The Plaintiff objects pursuant to Fed. R. Civ. P. 56(c) to this statement on the grounds that it conflicts with and misstates the undisputed evidence in the record and therefore lacks any evidentiary foundation contained in ECF doc. no.s **225, 230, 231, 232 and 241**, (ii) the referenced excerpt of the document is removed from the context in which it appears, and omits other information that must be evaluated in order to fully understand the referenced excerpt and (iii) and pursuant to Federal Rules of Evidence (F.R.E.) Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or Other Reasons.

Defendant Statement no. 62:  With respect to Plaintiff's fourth theory of damages, set forth in Exhibit 16, Plaintiff submits no evidence that Sweigert was denied a position in the "critical infrastructure protection" field.

Plaintiff's Response to Defendant's Statement no. 62:  Disputed: (i) The Plaintiff objects pursuant to Fed. R. Civ. P. 56(c) to this statement on the grounds that it conflicts with and misstates the undisputed evidence in the record and therefore lacks any evidentiary foundation contained in ECF doc. no.s **225, 230, 231, 232 and 241**, (ii) the referenced excerpt of the document is removed from the context in which it appears, and omits other information that must be evaluated in order to fully understand the referenced excerpt and (iii) pursuant to Federal Rules of Evidence (F.R.E.) Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or Other Reasons.


Defendant Statement no. 63:  With respect to Plaintiff's fourth theory of damages, set forth in Exhibit 16, Plaintiff submits no evidence that Goodman's statements played a role in any adverse employment decision. Exhibit 16.

Plaintiff's Response to Defendant's Statement no. 63:  Disputed: (i) The Plaintiff objects pursuant to Fed. R. Civ. P. 56(c) to this statement on the grounds that it conflicts with and misstates the undisputed evidence in the record and therefore lacks any evidentiary foundation contained in ECF doc. no.s **225, 230, 231, 232 and 241**, (ii) the referenced excerpt of the document is removed from the context in which it appears, and omits other information that must be evaluated in order to fully understand the referenced excerpt and (iii) pursuant to Federal Rules of Evidence (F.R.E.) Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or Other Reasons.

V.     **Sweigert's books**

Defendant Statement no. 64:  Plaintiff is the author of a manuscript entitled "Port of Charleston Dirty Bomb Hoax and Social Media Liability."

Plaintiff's Response to Defendant's Statement no. 64:  Disputed:

Immaterial:  A fact is "material" only if it would have some effect on the outcome of the suit.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Defendant Statement no. 65:  Plaintiff is the author of Ethical Hacker's Field Operations Guide.

Plaintiff's Response to Defendant's Statement no. 65:  Disputed:

Immaterial:  A fact is "material" only if it would have some effect on the outcome of the suit.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Defendant Statement no. 66:  The back cover of Ethical Hacker's Field Operations Guide contains the following text: Volume One of the Ethical Hacker's Field Operations Guide (FOG) addresses network sniffing, protocol basics, social engineering, and other preliminary pre-enumeration phase topics. Many colleges use this text as a summer boot camp to prepare students for a full semester ethical hacking course.

Plaintiff's Response to Defendant's Statement no. 66:  Disputed:

Immaterial:  A fact is "material" only if it would have some effect on the outcome of the suit.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

## VI.   The 12 challenged statements

Defendant Statement no. 67:  On April 30, 2021, Plaintiff filed Docket No. 267 in
response to the Court's order that Sweigert identify "every statement made by
Defendant that Plaintiff claims was defamatory toward Plaintiff and, for each such
statement, provide a citation to a specific source."

Plaintiff's Response to Defendant's Statement no. 67:  Disputed: (i) The Plaintiff
objects pursuant to Fed. R. Civ. P. 56(c) to this statement on the grounds that it
conflicts with and misstates the undisputed evidence in the record and therefore lacks
any evidentiary foundation contained in ECF doc. no.s **225, 230, 231, 232 and 241**,
(ii) the referenced excerpt of the document is removed from the context in which it
appears, and omits other information that must be evaluated in order to fully
understand the referenced excerpt and (iii) pursuant to Federal Rules of Evidence
(F.R.E.) Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or
Other Reasons.


Defendant Statement no. 68:  In his April 30, 2021 submission, Plaintiff identifies 12
Challenged Statements

Plaintiff's Response to Defendant's Statement no. 68:  Disputed: (i) The Plaintiff
objects pursuant to Fed. R. Civ. P. 56(c) to this statement on the grounds that it
conflicts with and misstates the undisputed evidence in the record and therefore lacks
any evidentiary foundation contained in ECF doc. no.s **225, 230, 231, 232 and 241**,
(ii) the referenced excerpt of the document is removed from the context in which it
appears, and omits other information that must be evaluated in order to fully
understand the referenced excerpt and (iii) pursuant to Federal Rules of Evidence
(F.R.E.) Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or
Other Reasons.

<u>Defendant Statement no. 69:</u>  At the time Goodman made Statement #1, he was in contact with the FBI regarding Sweigert and Webb.

<u>Plaintiff's Response to Defendant's Statement no. 69:</u>  Disputed: (i) Defendant has offered no proof of the "communication with the F.B.I." other than the Defendant's own statements, (ii) there is no proof other than Defendant's statement that both Sweigert and Webb were discussed with the FBI and (iii) pursuant to Federal Rules of Evidence (F.R.E.) Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or Other Reasons.

Fed. R. Civ. P. 56(e) ("Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to the matters stated therein."); see also *U.S. v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc*., 44 F.3d 1082, 1084 (2d Cir. 1995) [citations omitted], cert. denied sub nom, Ferrante v. U.S., 516 U.S. 806 (1995).

Fed. R. Civ. P. 56(e) (requiring that non-movant "set forth specific facts showing that there is a genuine issue for trial"); *Patterson v. County of Oneida,* 375 F.3d 206, 219 (2d. Cir. 2004) at 219 (2d. Cir. 2004) ("Nor is a genuine issue created merely by the presentation of assertions [in an affidavit] that are conclusory.") [citations omitted]; *Applegate v. Top Assoc.,* 425 F.2d 92, 97 (2d Cir. 1970) (stating that the purpose of Rule 56[e] is to "prevent the exchange of affidavits on a motion for summary judgment from degenerating into mere elaboration of conclusory pleadings").

<u>Defendant Statement no. 70:</u>  Statement #1 was a true statement.

<u>Plaintiff's Response to Defendant's Statement no. 70:</u>  Disputed: (i) In violation of Local Rules 56.1(b) and 56.1(d), Defendant's additional statements are wholly conclusory and merely cross-reference other statements and (ii) pursuant to Federal Rules of Evidence (F.R.E.) Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or Other Reasons.

Fed. R. Civ. P. 56(e) ("Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to the matters stated therein."); see also *U.S. v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc*., 44 F.3d 1082, 1084 (2d Cir. 1995) [citations omitted], cert. denied sub nom, Ferrante v. U.S., 516 U.S. 806 (1995).

Fed. R. Civ. P. 56(e) (requiring that non-movant "set forth specific facts showing that there is a genuine issue for trial"); *Patterson v. County of Oneida,* 375 F.3d 206, 219 (2d. Cir. 2004) at 219 (2d. Cir. 2004) ("Nor is a genuine issue created merely by the presentation of assertions [in an affidavit] that are conclusory.") [citations omitted]; *Applegate v. Top Assoc.,* 425 F.2d 92, 97 (2d Cir. 1970) (stating that the purpose of Rule 56[e] is to "prevent the exchange of affidavits on a motion for summary judgment from degenerating into mere elaboration of conclusory pleadings").

Defendant Statement no. 71:  At the time Goodman made Statement #2, Sweigert and his brother had doxed Goodman's home address and we're spreading false information about him, including falsely attributing to Goodman racist statements that exposed him to serious physical danger on the streets of New York.

Plaintiff's Response to Defendant's Statement no. 71:  Disputed: (i) conclusory statement in violation of Local Rules 56.1(b) and 56.1(d) as to "that exposed him to serious physical danger", (ii) ambiguous and vague "that exposed him to serious physical danger", requires specificity, (iii) inadmissible artifact, (iv) "that exposed him to serious physical danger" is beyond declarant's knowledge, See *Tishcon* see also FED. R. CIV. P. 56(e)(1) (A supporting or opposing affidavit must be made on personal knowledge.), (v) creates a factual dispute that is not material to the outcome of the case, see *Cook v. Shaw Indus*., (vi) Plaintiff maintains that these facts, even if true, are immaterial see *Cunningham v. Local 30, Int'l Union of Operating Eng'rs, AFLCIO*, 234 F. Supp. 2d 383, 387 (S.D.N.Y. 2002), (vi) ) in addition, the Plaintiff objects pursuant to Fed. R. Civ. P. 56(c) to this statement on the grounds that it conflicts with and misstates the undisputed evidence in the record and therefore lacks any evidentiary foundation as the presumed "racist statements" took place in October 2020 and statements as "visits to the F.B.I." were made in April 2018 on the Nathan Stolpman "Life the Veil" podcast show and (vii) pursuant to Federal Rules of Evidence (F.R.E.) Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or Other Reasons.

Fed. R. Civ. P. 56(e) ("Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to the matters stated therein."); see also *U.S. v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc*., 44 F.3d 1082, 1084 (2d Cir. 1995) [citations omitted], cert. denied sub nom, Ferrante v. U.S., 516 U.S. 806 (1995).

Fed. R. Civ. P. 56(e) (requiring that non-movant "set forth specific facts showing that there is a genuine issue for trial"); *Patterson v. County of Oneida,* 375 F.3d 206, 219

(2d. Cir. 2004) at 219 (2d. Cir. 2004) ("Nor is a genuine issue created merely by the presentation of assertions [in an affidavit] that are conclusory.") [citations omitted]; *Applegate v. Top Assoc.,* 425 F.2d 92, 97 (2d Cir. 1970) (stating that the purpose of Rule 56[e] is to "prevent the exchange of affidavits on a motion for summary judgment from degenerating into mere elaboration of conclusory pleadings").

Hearsay:  See *Patterson v. County of Oneida,* 375 F.3d 206, 219 (2d. Cir. 2004) at 219 ("[Rule 56(e)'s] requirement that affidavits be made on personal knowledge is not satisfied by assertions made 'on information and belief.'. . . [Furthermore, the Rule's] requirement that the affiant have personal knowledge and be competent to testify to the matters asserted in the affidavits also means that the affidavit's hearsay assertion that would not be admissible at trial if testified to by the affiant is insufficient to create a genuine issue for trial."); *Sellers v. M.C. Floor Crafters, Inc.,* 842 F.2d 639, 643 (2d Cir 1988)


Defendant Statement no. 72:  Statement #2 is an accurate statement of Goodman's opinion based upon his understanding that harassment is against the law.

Plaintiff's Response to Defendant's Statement no. 72:  Disputed: (i) In violation of Local Rules 56.1(b) and 56.1(d), Defendant's additional statements are wholly conclusory and merely cross-reference other statements and (ii) pursuant to Federal Rules of Evidence (F.R.E.) Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or Other Reasons.

Fed. R. Civ. P. 56(e) ("Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to the matters stated therein."); see also *U.S. v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc*., 44 F.3d 1082, 1084 (2d Cir. 1995) [citations omitted], cert. denied sub nom, Ferrante v. U.S., 516 U.S. 806 (1995).

Fed. R. Civ. P. 56(e) (requiring that non-movant "set forth specific facts showing that there is a genuine issue for trial"); *Patterson v. County of Oneida,* 375 F.3d 206, 219

(2d. Cir. 2004) at 219 (2d. Cir. 2004) ("Nor is a genuine issue created merely by the presentation of assertions [in an affidavit] that are conclusory.") [citations omitted]; *Applegate v. Top Assoc.,* 425 F.2d 92, 97 (2d Cir. 1970) (stating that the purpose of Rule 56[e] is to "prevent the exchange of affidavits on a motion for summary judgment from degenerating into mere elaboration of conclusory pleadings").

Defendant Statement no. 73:  At the time Goodman made Statement #3, he was in contact with the FBI regarding Sweigert and Webb.

Plaintiff's Response to Defendant's Statement no. 73:  Disputed: (i) Defendant has offered no proof of the "communication with the F.B.I." other than the Defendant's own statements, (ii) there is no proof other than Defendant's statement that both Sweigert and Webb were discussed with the FBI, (iii) In violation of Local Rules 56.1(b) and 56.1(d), Defendant's additional statements are wholly conclusory and merely cross-reference other statements and (iv) pursuant to Federal Rules of Evidence (F.R.E.) Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or Other Reasons.

Fed. R. Civ. P. 56(e) (requiring that non-movant "set forth specific facts showing that there is a genuine issue for trial"); *Patterson v. County of Oneida,* 375 F.3d 206, 219 (2d. Cir. 2004) at 219 (2d. Cir. 2004) ("Nor is a genuine issue created merely by the presentation of assertions [in an affidavit] that are conclusory.") [citations omitted]; *Applegate v. Top Assoc.,* 425 F.2d 92, 97 (2d Cir. 1970) (stating that the purpose of Rule 56[e] is to "prevent the exchange of affidavits on a motion for summary judgment from degenerating into mere elaboration of conclusory pleadings").

Defendant Statement no. 74:  . Statement #3 was a true statement.

Plaintiff's Response to Defendant's Statement no. 74:  Disputed. (i) In violation of Local Rules 56.1(b) and 56.1(d), Defendant's additional statements are wholly conclusory and merely cross-reference other statements and (ii) pursuant to Federal

Rules of Evidence (F.R.E.) Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or Other Reasons.

Fed. R. Civ. P. 56(e) ("Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to the matters stated therein."); see also *U.S. v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc.*, 44 F.3d 1082, 1084 (2d Cir. 1995) [citations omitted], cert. denied sub nom, Ferrante v. U.S., 516 U.S. 806 (1995).

Fed. R. Civ. P. 56(e) (requiring that non-movant "set forth specific facts showing that there is a genuine issue for trial"); *Patterson v. County of Oneida,* 375 F.3d 206, 219 (2d. Cir. 2004) at 219 (2d Cir. 2004) ("Nor is a genuine issue created merely by the presentation of assertions [in an affidavit] that are conclusory.") [citations omitted]; *Applegate v. Top Assoc.,* 425 F.2d 92, 97 (2d Cir. 1970) (stating that the purpose of Rule 56[e] is to "prevent the exchange of affidavits on a motion for summary judgment from degenerating into mere elaboration of conclusory pleadings").

Defendant Statement no. 75:  At the time Goodman made Statement #4, Sweigert was in a regular practice of making taunting videos, contacting local law enforcement, contacting Goodman's business associates, and otherwise harassing Goodman.

Plaintiff's Response to Defendant's Statement no. 75:  Disputed: (i) conclusory statement in violation of Local Rules 56.1(b) and 56.1(d) and (ii) ambiguous and vague "making taunting videos" and "and otherwise harassing Goodman", requires specificity, (iii) inadmissible artifact, (iv) "that exposed him to serious physical danger" is beyond declarant's knowledge, See *Tishcon* , (v) Plaintiff maintains that these facts, even if true, are immaterial see *Cunningham v. Local 30, Int'l Union of Operating Eng'rs, AFLCIO*, 234 F. Supp. 2d 383, 387 (S.D.N.Y. 2002) and (vi) pursuant to Federal Rules of Evidence (F.R.E.) Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or Other Reasons.

Fed. R. Civ. P. 56(e) ("Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to the matters stated therein."); see also *U.S. v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc*., 44 F.3d 1082, 1084 (2d Cir. 1995) [citations omitted], cert. denied sub nom, Ferrante v. U.S., 516 U.S. 806 (1995).

Fed. R. Civ. P. 56(e) (requiring that non-movant "set forth specific facts showing that there is a genuine issue for trial"); *Patterson v. County of Oneida,* 375 F.3d 206, 219 (2d. Cir. 2004) at 219 (2d. Cir. 2004) ("Nor is a genuine issue created merely by the presentation of assertions [in an affidavit] that are conclusory.") [citations omitted]; *Applegate v. Top Assoc.,* 425 F.2d 92, 97 (2d Cir. 1970) (stating that the purpose of Rule 56[e] is to "prevent the exchange of affidavits on a motion for summary judgment from degenerating into mere elaboration of conclusory pleadings").

Hearsay:  See *Patterson v. County of Oneida,* 375 F.3d 206, 219 (2d. Cir. 2004) at 219 ("[Rule 56(e)'s] requirement that affidavits be made on personal knowledge is not satisfied by assertions made 'on information and belief.'. . . [Furthermore, the

Rule's] requirement that the affiant have personal knowledge and be competent to testify to the matters asserted in the affidavits also means that the affidavit's hearsay assertion that would not be admissible at trial if testified to by the affiant is insufficient to create a genuine issue for trial."); *Sellers v. M.C. Floor Crafters, Inc.,* 842 F.2d 639, 643 (2d Cir. 1988)

Defendant Statement no. 76:  Statement #4 is an accurate statement of Goodman's opinion.

Plaintiff's Response to Defendant's Statement no. 76:  Disputed: (i) conclusory statement in violation of Local Rules 56.1(b) and 56.1(d) and merely cross-reference other statements, (ii) Plaintiff maintains that these facts, even if true, are immaterial see *Cunningham v. Local 30, Int'l Union of Operating Eng'rs, AFLCIO*, 234 F. Supp. 2d 383, 387 (S.D.N.Y. 2002) and (iii) pursuant to Federal Rules of Evidence (F.R.E.) Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or Other Reasons.

Fed. R. Civ. P. 56(e) ("Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to the matters stated therein."); see also *U.S. v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc*., 44 F.3d 1082, 1084 (2d Cir. 1995) [citations omitted], cert. denied sub nom, Ferrante v. U.S., 516 U.S. 806 (1995).

Fed. R. Civ. P. 56(e) (requiring that non-movant "set forth specific facts showing that there is a genuine issue for trial"); *Patterson v. County of Oneida,* 375 F.3d 206, 219 (2d. Cir. 2004) at 219 (2d. Cir. 2004) ("Nor is a genuine issue created merely by the presentation of assertions [in an affidavit] that are conclusory.") [citations omitted]; *Applegate v. Top Assoc.,* 425 F.2d 92, 97 (2d Cir. 1970) (stating that the purpose of Rule 56[e] is to "prevent the exchange of affidavits on a motion for summary judgment from degenerating into mere elaboration of conclusory pleadings").

Defendant Statement no. 77:  At the time Goodman made Statement #5, Sweigert was abusing the postal service in Mesa, Arizona. Specifically, Sweigert used an address owned by an individual named Mari Rapp. The U.S. Postal Service confirmed that they would not deliver to Sweigert at that address.

Plaintiff's Response to Defendant's Statement no. 77:  Disputed: (i) conclusory statement in violation of Local Rules 56.1(b) and 56.1(d) as to "abusing the postal service", (ii) ambiguous and vague "abusing the postal service" requires specificity, (iii) inadmissible artifact, (iv) "abusing the postal service" is beyond declarant's knowledge, See *Tishcon* see also FED. R. CIV. P. 56(e)(1) (A supporting or opposing affidavit must be made on personal knowledge.), (v) creates a factual dispute that is not material to the outcome of the case, see *Cook v. Shaw Indus*., (vi) Plaintiff maintains that these facts, even if true, are immaterial see *Cunningham v. Local 30, Int'l Union of Operating Eng'rs, AFLCIO*, 234 F. Supp. 2d 383, 387 (S.D.N.Y. 2002) and (vi) pursuant to Federal Rules of Evidence (F.R.E.) Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or Other Reasons.

Fed. R. Civ. P. 56(e) ("Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to the matters stated therein."); see also *U.S. v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc*., 44 F.3d 1082, 1084 (2d Cir. 1995) [citations omitted], cert. denied sub nom, Ferrante v. U.S., 516 U.S. 806 (1995).

Fed. R. Civ. P. 56(e) (requiring that non-movant "set forth specific facts showing that there is a genuine issue for trial"); *Patterson v. County of Oneida,* 375 F.3d 206, 219 (2d. Cir. 2004) at 219 (2d Cir. 2004) ("Nor is a genuine issue created merely by the presentation of assertions [in an affidavit] that are conclusory.") [citations omitted]; *Applegate v. Top Assoc.,* 425 F.2d 92, 97 (2d Cir. 1970) (stating that the purpose of Rule 56[e] is to "prevent the exchange of affidavits on a motion for summary judgment from degenerating into mere elaboration of conclusory pleadings").

Hearsay:  See *Patterson v. County of Oneida,* 375 F.3d 206, 219 (2d. Cir. 2004) at 219 ("[Rule 56(e)'s] requirement that affidavits be made on personal knowledge is not satisfied by assertions made 'on information and belief.'. . . [Furthermore, the Rule's] requirement that the affiant have personal knowledge and be competent to testify to the matters asserted in the affidavits also means that the affidavit's hearsay assertion that would not be admissible at trial if testified to by the affiant is insufficient to create a genuine issue for trial."); *Sellers v. M.C. Floor Crafters, Inc.,* 842 F.2d 639, 643 (2d Cir. 1988)


Defendant Statement no. 78:  Statement #5 accurately states Goodman's opinion that Sweigert has committed fraud on the court with this bad faith lawsuit, and that Sweigert's improper use of the U.S. Post Office box in furtherance of the fraud would be mail fraud, a Federal offense.

Plaintiff's Response to Defendant's Statement no. 78:  Disputed: (i) conclusory statement in violation of Local Rules 56.1(b) and 56.1(d) as to "bad faith lawsuit", (ii) ambiguous and vague "bad faith lawsuit" requires specificity, (iii) inadmissible artifact, (iv) "bad faith lawsuit" is beyond declarant's knowledge, See *Tishcon* see also FED. R. CIV. P. 56(e)(1) (A supporting or opposing affidavit must be made on personal knowledge.), (v) creates a factual dispute that is not material to the outcome of the case, see *Cook v. Shaw Indus*., (vi) Plaintiff maintains that these facts, even if true, are immaterial see *Cunningham v. Local 30, Int'l Union of Operating Eng'rs, AFLCIO*, 234 F. Supp. 2d 383, 387 (S.D.N.Y. 2002), (vi) in addition, the Plaintiff objects pursuant to Fed. R. Civ. P. 56(c) to this statement on the grounds that it conflicts with and misstates the undisputed evidence in the record and therefore lacks any evidentiary foundation, there have been no determinations by this Court of "bad faith" or "fraud on the court" and (vii) pursuant to Federal Rules of Evidence (F.R.E.) Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or Other Reasons.

Fed. R. Civ. P. 56(e) ("Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall

show affirmatively that the affiant is competent to the matters stated therein."); see also *U.S. v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc*., 44 F.3d 1082, 1084 (2d Cir. 1995) [citations omitted], cert. denied sub nom, Ferrante v. U.S., 516 U.S. 806 (1995).

Fed. R. Civ. P. 56(e) (requiring that non-movant "set forth specific facts showing that there is a genuine issue for trial"); *Patterson v. County of Oneida,* 375 F.3d 206, 219 (2d. Cir. 2004) at 219 (2d. Cir. 2004) ("Nor is a genuine issue created merely by the presentation of assertions [in an affidavit] that are conclusory.") [citations omitted]; *Applegate v. Top Assoc.,* 425 F.2d 92, 97 (2d Cir 1970) (stating that the purpose of Rule 56[e] is to "prevent the exchange of affidavits on a motion for summary judgment from degenerating into mere elaboration of conclusory pleadings").

<u>Hearsay:</u>  See *Patterson v. County of Oneida,* 375 F.3d 206, 219 (2d. Cir. 2004) at 219 ("[Rule 56(e)'s] requirement that affidavits be made on personal knowledge is not satisfied by assertions made 'on information and belief.'. . . [Furthermore, the Rule's] requirement that the affiant have personal knowledge and be competent to testify to the matters asserted in the affidavits also means that the affidavit's hearsay assertion that would not be admissible at trial if testified to by the affiant is insufficient to create a genuine issue for trial."); *Sellers v. M.C. Floor Crafters, Inc.,* 842 F.2d 639, 643 (2d Cir. 1988)


<u>Defendant Statement no. 79:</u>  When Goodman made Statement #6, he was referring to statements made by Sweigert about Judge Caproni on his YouTube channel. Among other things, Sweigert accused Judge Caproni of violating "the canon of judicial conduct," accused her of participating in "illegal wiretaps" while at the FBI, and threatened to "convene a citizen's grand jury . . . under the All Writs Act against this Judge Val.

<u>Plaintiff's Response to Defendant's Statement no. 79:</u>  Disputed: (i) conclusory statement in violation of Local Rules 56.1(b) and 56.1(d) as to "threatened to "convene a citizen's grand jury", (ii) ambiguous and vague "threatened to "convene a

citizen's grand jury" requires specificity, (iii) inadmissible artifact, (iv) "threatened to "convene a citizen's grand jury" is beyond declarant's knowledge, See *Tishcon* see also FED. R. CIV. P. 56(e)(1) (A supporting or opposing affidavit must be made on personal knowledge.), (v) creates a factual dispute that is not material to the outcome of the case, see *Cook v. Shaw Indus*., (vi) Plaintiff maintains that these facts, even if true, are immaterial see *Cunningham v. Local 30, Int'l Union of Operating Eng'rs, AFLCIO*, 234 F. Supp. 2d 383, 387 (S.D.N.Y. 2002), (vi) in addition, the Plaintiff objects pursuant to Fed. R. Civ. P. 56(c) to this statement on the grounds that it conflicts with and misstates the undisputed evidence in the record and therefore lacks any evidentiary foundation, it is Defendant's associate "Clary Layman", aka Larry Klayman, that would convene a Citizens Grand Jury and (vii) pursuant to Federal Rules of Evidence (F.R.E.) Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or Other Reasons.

Fed. R. Civ. P. 56(e) ("Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to the matters stated therein."); see also *U.S. v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc*., 44 F.3d 1082, 1084 (2d Cir. 1995) [citations omitted], cert. denied sub nom, Ferrante v. U.S., 516 U.S. 806 (1995).

Fed. R. Civ. P. 56(e) (requiring that non-movant "set forth specific facts showing that there is a genuine issue for trial"); *Patterson v. County of Oneida,* 375 F.3d 206, 219 (2d. Cir. 2004) at 219 (2d. Cir. 2004) ("Nor is a genuine issue created merely by the presentation of assertions [in an affidavit] that are conclusory.") [citations omitted]; *Applegate v. Top Assoc.,* 425 F.2d 92, 97 (2d Cir. 1970) (stating that the purpose of Rule 56[e] is to "prevent the exchange of affidavits on a motion for summary judgment from degenerating into mere elaboration of conclusory pleadings").

<u>Defendant Statement no. 80:</u>  Statement #6 is a fair interpretation of Sweigert's words.

<u>Plaintiff's Response to Defendant's Statement no. 80:</u>  Disputed: (i) In violation of Local Rules 56.1(b) and 56.1(d), Defendant's additional statements are wholly conclusory and merely cross-reference other statements and (ii) pursuant to Federal Rules of Evidence (F.R.E.) Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or Other Reasons.

 Fed. R. Civ. P. 56(e) ("Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to the matters stated therein."); see also *U.S. v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc*., 44 F.3d 1082, 1084 (2d Cir. 1995) [citations omitted], cert. denied sub nom, Ferrante v. U.S., 516 U.S. 806 (1995).

Fed. R. Civ. P. 56(e) (requiring that non-movant "set forth specific facts showing that there is a genuine issue for trial"); *Patterson v. County of Oneida,* 375 F.3d 206, 219 (2d. Cir. 2004) at 219 (2d. Cir. 2004) ("Nor is a genuine issue created merely by the presentation of assertions [in an affidavit] that are conclusory.") [citations omitted]; *Applegate v. Top Assoc.,* 425 F.2d 92, 97 (2d Cir. 1970) (stating that the purpose of Rule 56[e] is to "prevent the exchange of affidavits on a motion for summary judgment from degenerating into mere elaboration of conclusory pleadings").


<u>Defendant Statement no. 81:</u>  Statement #7 contains no statement of fact.

<u>Plaintiff's Response to Defendant's Statement no. 81:</u>  Disputed: (i) In violation of Local Rules 56.1(b) and 56.1(d), Defendant's additional statements are wholly conclusory and merely cross-reference other statements and (ii) pursuant to Federal Rules of Evidence (F.R.E.) Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or Other Reasons.

Fed. R. Civ. P. 56(e) ("Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to the matters stated therein."); see also *U.S. v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc*., 44 F.3d 1082, 1084 (2d Cir. 1995) [citations omitted], cert. denied sub nom, Ferrante v. U.S., 516 U.S. 806 (1995).

Fed. R. Civ. P. 56(e) (requiring that non-movant "set forth specific facts showing that there is a genuine issue for trial"); *Patterson v. County of Oneida,* 375 F.3d 206, 219 (2d. Cir. 2004) at 219 (2d. Cir. 2004) ("Nor is a genuine issue created merely by the presentation of assertions [in an affidavit] that are conclusory.") [citations omitted]; *Applegate v. Top Assoc.,* 425 F.2d 92, 97 (2d Cir. 1970) (stating that the purpose of Rule 56[e] is to "prevent the exchange of affidavits on a motion for summary judgment from degenerating into mere elaboration of conclusory pleadings").

Defendant Statement no. 82:  Statement #7 is an accurate statement of Goodman's opinion that Sweigert is engaged in illegal harassment.

Plaintiff's Response to Defendant's Statement no. 82:  Disputed: (i) In violation of Local Rules 56.1(b) and 56.1(d), Defendant's additional statements are wholly conclusory and merely cross-reference other statements and (ii) pursuant to Federal Rules of Evidence (F.R.E.) Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or Other Reasons.

Fed. R. Civ. P. 56(e) ("Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to the matters stated therein."); see also *U.S. v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc*., 44 F.3d 1082, 1084 (2d Cir. 1995) [citations omitted], cert. denied sub nom, Ferrante v. U.S., 516 U.S. 806 (1995).

Fed. R. Civ. P. 56(e) (requiring that non-movant "set forth specific facts showing that there is a genuine issue for trial"); *Patterson v. County of Oneida,* 375 F.3d 206, 219

(2d. Cir. 2004) at 219 (2d. Cir. 2004) ("Nor is a genuine issue created merely by the presentation of assertions [in an affidavit] that are conclusory.") [citations omitted]; *Applegate v. Top Assoc.,* 425 F.2d 92, 97 (2d Cir. 1970) (stating that the purpose of Rule 56[e] is to "prevent the exchange of affidavits on a motion for summary judgment from degenerating into mere elaboration of conclusory pleadings").

Defendant Statement no. 83:  When Goodman made Statement #8, he was commenting on Sweigert contacting the attorney representing an individual named Michael Barden in a criminal matter in Phoenix, AZ to create discord between lawyer and client.

Plaintiff's Response to Defendant's Statement no. 83:  Disputed: (i) conclusory statement in violation of Local Rules 56.1(b) and 56.1(d) as to "to create discord between lawyer and client", (ii) ambiguous and vague "to create discord between lawyer and client" requires specificity, (iii) inadmissible artifact, (iv) "to create discord between lawyer and client" is beyond declarant's knowledge, See *Tishcon* see also FED. R. CIV. P. 56(e)(1) (A supporting or opposing affidavit must be made on personal knowledge.), (v) creates a factual dispute that is not material to the outcome of the case, see *Cook v. Shaw Indus*., (vi) Plaintiff maintains that these facts, even if true, are immaterial see *Cunningham v. Local 30, Int'l Union of Operating Eng'rs, AFLCIO*, 234 F. Supp. 2d 383, 387 (S.D.N.Y. 2002) and (vii) pursuant to Federal Rules of Evidence (F.R.E.) Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or Other Reasons.

Fed. R. Civ. P. 56(e) ("Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to the matters stated therein."); see also *U.S. v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc*., 44 F.3d 1082, 1084 (2d Cir. 1995) [citations omitted], cert. denied sub nom, Ferrante v. U.S., 516 U.S. 806 (1995).

Fed. R. Civ. P. 56(e) (requiring that non-movant "set forth specific facts showing that there is a genuine issue for trial"); *Patterson v. County of Oneida,* 375 F.3d 206, 219 (2d. Cir. 2004) at 219 (2d. Cir. 2004) ("Nor is a genuine issue created merely by the presentation of assertions [in an affidavit] that are conclusory.") [citations omitted]; *Applegate v. Top Assoc.,* 425 F.2d 92, 97 (2d Cir. 1970) (stating that the purpose of Rule 56[e] is to "prevent the exchange of affidavits on a motion for summary judgment from degenerating into mere elaboration of conclusory pleadings").

<u>Hearsay:</u>  See *Patterson v. County of Oneida,* 375 F.3d 206, 219 (2d. Cir. 2004) at 219 ("[Rule 56(e)'s] requirement that affidavits be made on personal knowledge is not satisfied by assertions made 'on information and belief.'. . . [Furthermore, the Rule's] requirement that the affiant have personal knowledge and be competent to testify to the matters asserted in the affidavits also means that the affidavit's hearsay assertion that would not be admissible at trial if testified to by the affiant is insufficient to create a genuine issue for trial."); *Sellers v. M.C. Floor Crafters, Inc.,* 842 F.2d 639, 643 (2d Cir. 1988)

<u>Defendant Statement no. 84:</u>  Statement #8 contains no defamatory statement.

<u>Plaintiff's Response to Defendant's Statement no. 84:</u>  Disputed: (i) In violation of Local Rules 56.1(b) and 56.1(d), Defendant's additional statements are wholly conclusory and merely cross-reference other statements and (ii) pursuant to Federal Rules of Evidence (F.R.E.) Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or Other Reasons.

Fed. R. Civ. P. 56(e) ("Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to the matters stated therein."); see also *U.S. v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc*., 44 F.3d 1082, 1084 (2d Cir. 1995) [citations omitted], cert. denied sub nom, Ferrante v. U.S., 516 U.S. 806 (1995).

Fed. R. Civ. P. 56(e) (requiring that non-movant "set forth specific facts showing that there is a genuine issue for trial"); *Patterson v. County of Oneida,* 375 F.3d 206, 219 (2d. Cir. 2004) at 219 (2d. Cir. 2004) ("Nor is a genuine issue created merely by the presentation of assertions [in an affidavit] that are conclusory.") [citations omitted]; *Applegate v. Top Assoc.,* 425 F.2d 92, 97 (2d Cir. 1970) (stating that the purpose of Rule 56[e] is to "prevent the exchange of affidavits on a motion for summary judgment from degenerating into mere elaboration of conclusory pleadings").

Defendant Statement no. 85:  Statement #9 is true. Sweigert regularly issues threats, including threatening Judge Caproni.

Plaintiff's Response to Defendant's Statement no. 85:  Disputed: (i) conclusory statement in violation of Local Rules 56.1(b) and 56.1(d) as to "Sweigert regularly issues threats", (ii) ambiguous and vague "Sweigert regularly issues threats" requires specificity, (iii) inadmissible artifact, (iv) "Sweigert regularly issues threats" is beyond declarant's knowledge, See *Tishcon* see also FED. R. CIV. P. 56(e)(1) (A supporting or opposing affidavit must be made on personal knowledge.), (v) creates a factual dispute that is not material to the outcome of the case, see *Cook v. Shaw Indus*., (vi) Plaintiff maintains that these facts, even if true, are immaterial see *Cunningham v. Local 30, Int'l Union of Operating Eng'rs, AFLCIO*, 234 F. Supp. 2d 383, 387 (S.D.N.Y. 2002) and (vii) pursuant to Federal Rules of Evidence (F.R.E.) Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or Other Reasons.

Fed. R. Civ. P. 56(e) ("Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to the matters stated therein."); see also *U.S. v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc*., 44 F.3d 1082, 1084 (2d Cir. 1995) [citations omitted], cert. denied sub nom, Ferrante v. U.S., 516 U.S. 806 (1995).

Fed. R. Civ. P. 56(e) (requiring that non-movant "set forth specific facts showing that there is a genuine issue for trial"); *Patterson v. County of Oneida,* 375 F.3d 206, 219 (2d. Cir. 2004) at 219 (2d Cir. 2004) ("Nor is a genuine issue created merely by the presentation of assertions [in an affidavit] that are conclusory.") [citations omitted]; *Applegate v. Top Assoc.,* 425 F.2d 92, 97 (2d Cir. 1970) (stating that the purpose of Rule 56[e] is to "prevent the exchange of affidavits on a motion for summary judgment from degenerating into mere elaboration of conclusory pleadings").

<u>Defendant Statement no. 86:</u>  Statement #10 is virtually identical to Statement #1 and 3 and arose in the same context.

<u>Plaintiff's Response to Defendant's Statement no. 86:</u>  Disputed: (i) In violation of Local Rules 56.1(b) and 56.1(d), Defendant's additional statements are wholly conclusory and merely cross-reference other statements and (ii) pursuant to Federal Rules of Evidence (F.R.E.) Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or Other Reasons.

Fed. R. Civ. P. 56(e) (requiring that non-movant "set forth specific facts showing that there is a genuine issue for trial"); *Patterson v. County of Oneida*, 375 F.3d 206, 219 (2d. Cir. 2004) at 219 (2d. Cir. 2004) ("Nor is a genuine issue created merely by the presentation of assertions [in an affidavit] that are conclusory.") [citations omitted]; *Applegate v. Top Assoc.*, 425 F.2d 92, 97 (2d Cir. 1970) (stating that the purpose of Rule 56[e] is to "prevent the exchange of affidavits on a motion for summary judgment from degenerating into mere elaboration of conclusory pleadings").

Defendant Statement no. 87:  Statement #10 was a true statement, as Goodman was in contact with the FBI at this time.

Plaintiff's Response to Defendant's Statement no. 87:  Disputed: (i) In violation of Local Rules 56.1(b) and 56.1(d), Defendant's additional statements are wholly conclusory and merely cross-reference other statements and (ii) pursuant to Federal Rules of Evidence (F.R.E.) Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or Other Reasons.

Fed. R. Civ. P. 56(e) (requiring that non-movant "set forth specific facts showing that there is a genuine issue for trial"); *Patterson v. County of Oneida,* 375 F.3d 206, 219 (2d. Cir. 2004) at 219 (2d. Cir. 2004) ("Nor is a genuine issue created merely by the presentation of assertions [in an affidavit] that are conclusory.") [citations omitted]; *Applegate v. Top Assoc.,* 425 F.2d 92, 97 (2d Cir. 1970) (stating that the purpose of Rule 56[e] is to "prevent the exchange of affidavits on a motion for summary judgment from degenerating into mere elaboration of conclusory pleadings").

Defendant Statement no. 88:  Statement #11 and 12 were both made on the basis of information provided by Corean Stoughton.

Plaintiff's Response to Defendant's Statement no. 88:  Disputed: (i) these statements are beyond declarant's knowledge, See *Tishcon Corp. v. Soundview Communications, Inc..,* 2005 WL 6038743, at *3; see also FED. R. CIV. P. 56(e)(1) (A supporting or opposing affidavit must be made on personal knowledge.), (ii) in addition, the Plaintiff objects pursuant to Fed. R. Civ. P. 56(c) to this statement on the grounds that it conflicts with and misstates the undisputed evidence in the record and therefore lacks any evidentiary foundation, see e-mail message of Corean Stoughton and (iii) pursuant to Federal Rules of Evidence (F.R.E.) Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or Other Reasons.

See **paras. 58-62, Aff't** and [**Exhibit A-10**].  The undersigned has read the words at para. **88, ECF 280** when Defendant states, "Statement #11 and 12 were both made on the basis of information provided by Corean Stoughton. Goodman Decl. ¶ 51.". However, the undersigned points out as noted in [**Exhibit A-10**], Ms. Stoughton's text message (**05/03/2021**) to Mr. Goodman, she never said those words or attempted to convey that impression   "I DID NOT SAY THOSE WORDS".

Fed. R. Civ. P. 56(e) ("Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to the matters stated therein."); see also *U.S. v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc*., 44 F.3d 1082, 1084 (2d Cir. 1995) [citations omitted], cert. denied sub nom, Ferrante v. U.S., 516 U.S. 806 (1995).

Hearsay:  See *Patterson v. County of Oneida,* 375 F.3d 206, 219 (2d. Cir. 2004) at 219 ("[Rule 56(e)'s] requirement that affidavits be made on personal knowledge is not satisfied by assertions made 'on information and belief.'. . . [Furthermore, the Rule's] requirement that the affiant have personal knowledge and be competent to testify to the matters asserted in the affidavits also means that the affidavit's hearsay

assertion that would not be admissible at trial if testified to by the affiant is insufficient to create a genuine issue for trial."); *Sellers v. M.C. Floor Crafters, Inc.,* 842 F.2d 639, 643 (2d Cir. 1988)

Defendant Statement no. 89:  Plaintiff Sweigert has a son named Jimmy.

Plaintiff's Response to Defendant's Statement no. 89:  Disputed:

Immaterial:  A fact is "material" only if it would have some effect on the outcome of the suit.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Hearsay:  See *Patterson v. County of Oneida,* 375 F.3d 206, 219 (2d. Cir. 2004) at 219 ("[Rule 56(e)'s] requirement that affidavits be made on personal knowledge is not satisfied by assertions made 'on information and belief.'. . . [Furthermore, the Rule's] requirement that the affiant have personal knowledge and be competent to testify to the matters asserted in the affidavits also means that the affidavit's hearsay assertion that would not be admissible at trial if testified to by the affiant is insufficient to create a genuine issue for trial."); *Sellers v. M.C. Floor Crafters, Inc.,* 842 F.2d 639, 643 (2d Cir. 1988)

Defendant Statement no. 90:  Plaintiff Sweigert told Corean Stoughton that his greatest regret was abandoning his son Jimmy.

Plaintiff's Response to Defendant's Statement no. 90: (i) the Plaintiff objects pursuant to Fed. R. Civ. P. 56(c) to this statement on the grounds that it conflicts with and misstates the undisputed evidence in the record and therefore lacks any evidentiary foundation, see e-mail message of Corean Stoughton and (ii) pursuant to Federal Rules of Evidence (F.R.E.) Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or Other Reasons.

See **paras. 58-62, Aff't** and [**Exhibit A-10**].  The undersigned has read the words at para. **88, ECF 280** when Defendant states, "Statement #11 and 12 were both made on the basis of information provided by Corean Stoughton. Goodman Decl. ¶ 51.".  However, the undersigned points out as noted in [**Exhibit A-10**], Ms. Stoughton's text message (**05/03/2021**) to Mr. Goodman, she never said those words or attempted to convey that impression   "I DID NOT SAY THOSE WORDS".

Fed. R. Civ. P. 56(e) ("Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to the matters stated therein."); see also *U.S. v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc*., 44 F.3d 1082, 1084 (2d Cir. 1995) [citations omitted], cert. denied sub nom, Ferrante v. U.S., 516 U.S. 806 (1995).

Fed. R. Civ. P. 56(e) (requiring that non-movant "set forth specific facts showing that there is a genuine issue for trial"); *Patterson v. County of Oneida,* 375 F.3d 206, 219 (2d. Cir. 2004) at 219 (2d. Cir. 2004) ("Nor is a genuine issue created merely by the presentation of assertions [in an affidavit] that are conclusory.") [citations omitted]; *Applegate v. Top Assoc.,* 425 F.2d 92, 97 (2d Cir. 1970) (stating that the purpose of Rule 56[e] is to "prevent the exchange of affidavits on a motion for summary judgment from degenerating into mere elaboration of conclusory pleadings").

Immaterial:  A fact is "material" only if it would have some effect on the outcome of the suit.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Hearsay:  See *Patterson v. County of Oneida,* 375 F.3d 206, 219 (2d. Cir. 2004) at 219 ("[Rule 56(e)'s] requirement that affidavits be made on personal knowledge is not satisfied by assertions made 'on information and belief.'. . . [Furthermore, the Rule's] requirement that the affiant have personal knowledge and be competent to testify to the matters asserted in the affidavits also means that the affidavit's hearsay assertion that would not be admissible at trial if testified to by the affiant is insufficient to create a genuine issue for trial."); *Sellers v. M.C. Floor Crafters, Inc.,* 842 F.2d 639, 643 (2d Cir. 1988)

Defendant Statement no. 91:  At the time Goodman made Statements 11 and 12, Goodman believed that Corean Stoughton's information was reliable.

Plaintiff's Response to Defendant's Statement no. 91: (i) the Plaintiff objects pursuant to Fed. R. Civ. P. 56(c) to this statement on the grounds that it conflicts with and misstates the undisputed evidence in the record and therefore lacks any evidentiary foundation, see e-mail message of Corean Stoughton and (ii) pursuant to Federal Rules of Evidence (F.R.E.) Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or Other Reasons.

Fed. R. Civ. P. 56(e) ("Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to the matters stated therein."); see also *U.S. v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc*., 44 F.3d 1082, 1084 (2d Cir. 1995) [citations omitted], cert. denied sub nom, Ferrante v. U.S., 516 U.S. 806 (1995).

Fed. R. Civ. P. 56(e) (requiring that non-movant "set forth specific facts showing that there is a genuine issue for trial"); *Patterson v. County of Oneida,* 375 F.3d 206, 219 (2d. Cir. 2004) at 219 (2d. Cir. 2004) ("Nor is a genuine issue created merely by the presentation of assertions [in an affidavit] that are conclusory.") [citations omitted]; *Applegate v. Top Assoc.,* 425 F.2d 92, 97 (2d Cir. 1970) (stating that the purpose of Rule 56[e] is to "prevent the exchange of affidavits on a motion for summary judgment from degenerating into mere elaboration of conclusory pleadings").

Hearsay:  See *Patterson v. County of Oneida,* 375 F.3d 206, 219 (2d. Cir. 2004) at 219 ("[Rule 56(e)'s] requirement that affidavits be made on personal knowledge is not satisfied by assertions made 'on information and belief.'. . . [Furthermore, the Rule's] requirement that the affiant have personal knowledge and be competent to testify to the matters asserted in the affidavits also means that the affidavit's hearsay assertion that would not be admissible at trial if testified to by the affiant is

insufficient to create a genuine issue for trial."); *Sellers v. M.C. Floor Crafters, Inc.,*
842 F.2d 639, 643 (2d Cir. 1988)

## VII.   Plaintiff's Claim Under §§ 50-51 of the Civil Rights Law

Defendant Statement no. 92:  Sweigert is a published author and public figure in the
field of cybersecurity and ethical hacking.

Plaintiff's Response to Defendant's Statement no. 92:  Disputed: (i) conclusory
statement in violation of Local Rules 56.1(b) and 56.1(d) as to "public figure", (ii)
ambiguous and vague "public figure" requires specificity, (iii) inadmissible artifact,
(iv) "public figure" is beyond declarant's knowledge, See *Tishcon* see also FED. R.
CIV. P. 56(e)(1) (A supporting or opposing affidavit must be made on personal
knowledge.) and (v) pursuant to Federal Rules of Evidence (F.R.E.) Rule 403 should
be excluded for Prejudice, Confusion, Waste of Time, or Other Reasons.

Fed. R. Civ. P. 56(e) ("Supporting and opposing affidavits shall be made on personal
knowledge, shall set forth such facts as would be admissible in evidence, and shall
show affirmatively that the affiant is competent to the matters stated therein."); see
also *U.S. v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc*., 44 F.3d 1082,
1084 (2d Cir. 1995) [citations omitted], cert. denied sub nom, Ferrante v. U.S., 516
U.S. 806 (1995).

Fed. R. Civ. P. 56(e) (requiring that non-movant "set forth specific facts showing that
there is a genuine issue for trial"); *Patterson v. County of Oneida,* 375 F.3d 206, 219
(2d. Cir. 2004) at 219 (2d. Cir. 2004) ("Nor is a genuine issue created merely by the
presentation of assertions [in an affidavit] that are conclusory.") [citations omitted];
*Applegate v. Top Assoc.,* 425 F.2d 92, 97 (2d Cir. 1970) (stating that the purpose of
Rule 56[e] is to "prevent the exchange of affidavits on a motion for summary
judgment from degenerating into mere elaboration of conclusory pleadings").

<u>Defendant Statement no. 93:</u>  Sweigert holds himself out to be a credentialed authority, as illustrated by his damages statement.

<u>Plaintiff's Response to Defendant's Statement no. 93:</u>  Disputed: (i) conclusory statement in violation of Local Rules 56.1(b) and 56.1(d) as to "Sweigert holds himself out to be a credentialed authority", (ii) ambiguous and vague "Sweigert holds himself out to be a credentialed authority" requires specificity, (iii) inadmissible artifact, (iv) "Sweigert holds himself out to be a credentialed authority" is beyond declarant's knowledge, See *Tishcon* see also FED. R. CIV. P. 56(e)(1) (A supporting or opposing affidavit must be made on personal knowledge.) and (v) pursuant to Federal Rules of Evidence (F.R.E.) Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or Other Reasons.

Fed. R. Civ. P. 56(e) ("Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to the matters stated therein."); see also *U.S. v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc*., 44 F.3d 1082, 1084 (2d Cir. 1995) [citations omitted], cert. denied sub nom, Ferrante v. U.S., 516 U.S. 806 (1995).

Fed. R. Civ. P. 56(e) (requiring that non-movant "set forth specific facts showing that there is a genuine issue for trial"); *Patterson v. County of Oneida,* 375 F.3d 206, 219 (2d. Cir. 2004) at 219 (2d Cir. 2004) ("Nor is a genuine issue created merely by the presentation of assertions [in an affidavit] that are conclusory.") [citations omitted]; *Applegate v. Top Assoc.,* 425 F.2d 92, 97 (2d Cir. 1970) (stating that the purpose of Rule 56[e] is to "prevent the exchange of affidavits on a motion for summary judgment from degenerating into mere elaboration of conclusory pleadings").


<u>Defendant Statement no. 94:</u>  Goodman created an illustration entitled "Deep State Dunces," which features an image of Sweigert wearing a dunce cap.

<u>Plaintiff's Response to Defendant's Statement no. 94:</u>  Disputed: (i) image features Sweigert in a strait jacket and (ii) pursuant to Federal Rules of Evidence (F.R.E.)

Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or Other Reasons.


Defendant Statement no. 95:  Goodman sold a total of 7 such mugs generating $23 in revenue.

Plaintiff's Response to Defendant's Statement no. 95:  Disputed: (i) creates a factual dispute that is not material to the outcome of the case, see *Cook v. Shaw Indus*., (ii) Plaintiff maintains that these facts, even if true, are immaterial see *Cunningham v. Local 30, Int'l Union of Operating Eng'rs, AFLCIO*, 234 F. Supp. 2d 383, 387 (S.D.N.Y. 2002) and (iii) pursuant to Federal Rules of Evidence (F.R.E.) Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or Other Reasons and (iv) pursuant to Federal Rules of Evidence (F.R.E.) Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or Other Reasons.

Immaterial:  A fact is "material" only if it would have some effect on the outcome of the suit.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).


Defendant Statement no. 96:  "Deep State Dunces" was a joke about Sweigert's hilarious sense of self importance coupled with his fanciful claims to be affiliated with the FBI.

Plaintiff's Response to Defendant's Statement no. 96:  Disputed: (i) conclusory statement in violation of Local Rules 56.1(b) and 56.1(d) as to "Sweigert's hilarious sense of self importance coupled with his fanciful claims to be affiliated with the FBI", (ii) ambiguous and vague "Sweigert's hilarious sense of self importance coupled with his fanciful claims to be affiliated with the FBI" requires specificity, (iii) inadmissible artifact, (iv) "Sweigert's hilarious sense of self importance coupled with his fanciful claims to be affiliated with the FBI" is beyond declarant's knowledge, See *Tishcon* see also FED. R. CIV. P. 56(e)(1) (A supporting or opposing affidavit must be made on personal knowledge.), (v) creates a factual dispute that is

not material to the outcome of the case, see *Cook v. Shaw Indus*., (vi) Plaintiff maintains that these facts, even if true, are immaterial see *Cunningham v. Local 30, Int'l Union of Operating Eng'rs, AFLCIO*, 234 F. Supp. 2d 383, 387 (S.D.N.Y. 2002) and (v) pursuant to Federal Rules of Evidence (F.R.E.) Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or Other Reasons.

Fed. R. Civ. P. 56(e) ("Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to the matters stated therein."); see also *U.S. v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc*., 44 F.3d 1082, 1084 (2d Cir. 1995) [citations omitted], cert. denied sub nom, Ferrante v. U.S., 516 U.S. 806 (1995).

Fed. R. Civ. P. 56(e) (requiring that non-movant "set forth specific facts showing that there is a genuine issue for trial"); *Patterson v. County of Oneida,* 375 F.3d 206, 219 (2d. Cir. 2004) at 219 (2d. Cir. 2004) ("Nor is a genuine issue created merely by the presentation of assertions [in an affidavit] that are conclusory.") [citations omitted]; *Applegate v. Top Assoc.,* 425 F.2d 92, 97 (2d Cir. 1970) (stating that the purpose of Rule 56[e] is to "prevent the exchange of affidavits on a motion for summary judgment from degenerating into mere elaboration of conclusory pleadings").

Immaterial:  A fact is "material" only if it would have some effect on the outcome of the suit.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Hearsay:  See *Patterson v. County of Oneida,* 375 F.3d 206, 219 (2d Cir. 2004) at 219 ("[Rule 56(e)'s] requirement that affidavits be made on personal knowledge is not satisfied by assertions made 'on information and belief.'. . . [Furthermore, the Rule's] requirement that the affiant have personal knowledge and be competent to testify to the matters asserted in the affidavits also means that the affidavit's hearsay assertion that would not be admissible at trial if testified to by the affiant is insufficient to create a genuine issue for trial."); *Sellers v. M.C. Floor Crafters, Inc.,* 842 F.2d 639, 643 (2d Cir. 1988)

Defendant Statement no. 97:  In the realm of parody and caricature, publishing an image of an adversary wearing a dunce cap is among the oldest jokes in the book.

Plaintiff's Response to Defendant's Statement no. 97:  Disputed: (i) conclusory statement in violation of Local Rules 56.1(b) and 56.1(d) as to "adversary wearing a dunce cap is among the oldest jokes in the book", (ii) ambiguous and vague "adversary wearing a dunce cap is among the oldest jokes in the book" requires specificity, (iii) inadmissible artifact, (iv) "adversary wearing a dunce cap is among the oldest jokes in the book" is beyond declarant's knowledge, See *Tishcon* see also FED. R. CIV. P. 56(e)(1) (A supporting or opposing affidavit must be made on personal knowledge.), (v) creates a factual dispute that is not material to the outcome of the case, see *Cook v. Shaw Indus*., (vi) Plaintiff maintains that these facts, even if true, are immaterial see *Cunningham v. Local 30, Int'l Union of Operating Eng'rs, AFLCIO*, 234 F. Supp. 2d 383, 387 (S.D.N.Y. 2002) and (vii) pursuant to Federal Rules of Evidence (F.R.E.) Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or Other Reasons.

Fed. R. Civ. P. 56(e) ("Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to the matters stated therein."); see also *U.S. v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc*., 44 F.3d 1082, 1084 (2d Cir. 1995) [citations omitted], cert. denied sub nom, Ferrante v. U.S., 516 U.S. 806 (1995).

Fed. R. Civ. P. 56(e) (requiring that non-movant "set forth specific facts showing that there is a genuine issue for trial"); *Patterson v. County of Oneida,* 375 F.3d 206, 219 (2d. Cir. 2004) at 219 (2d. Cir. 2004) ("Nor is a genuine issue created merely by the presentation of assertions [in an affidavit] that are conclusory.") [citations omitted]; *Applegate v. Top Assoc.,* 425 F.2d 92, 97 (2d Cir. 1970) (stating that the purpose of Rule 56[e] is to "prevent the exchange of affidavits on a motion for summary judgment from degenerating into mere elaboration of conclusory pleadings").

Immaterial:  A fact is "material" only if it would have some effect on the outcome of the suit.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Hearsay:  See *Patterson v. County of Oneida,* 375 F.3d 206, 219 (2d. Cir. 2004) at 219 ("[Rule 56(e)'s] requirement that affidavits be made on personal knowledge is not satisfied by assertions made 'on information and belief.'. . . [Furthermore, the Rule's] requirement that the affiant have personal knowledge and be competent to testify to the matters asserted in the affidavits also means that the affidavit's hearsay assertion that would not be admissible at trial if testified to by the affiant is insufficient to create a genuine issue for trial."); *Sellers v. M.C. Floor Crafters, Inc.,* 842 F.2d 639, 643 (2d Cir. 1988)

Defendant Statement no. 98:  A quick Google search shows that our last three elected presidents were portrayed by their opponents as wearing dunce caps.

Plaintiff's Response to Defendant's Statement no. 98:  Disputed: (i) creates a factual dispute that is not material to the outcome of the case, see *Cook v. Shaw Indus*., (ii) Plaintiff maintains that these facts, even if true, are immaterial see *Cunningham v. Local 30, Int'l Union of Operating Eng'rs, AFLCIO,* 234 F. Supp. 2d 383, 387 (S.D.N.Y. 2002) and (iii) pursuant to Federal Rules of Evidence (F.R.E.) Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or Other Reasons.

Fed. R. Civ. P. 56(e) (requiring that non-movant "set forth specific facts showing that there is a genuine issue for trial"); *Patterson v. County of Oneida,* 375 F.3d 206, 219 (2d. Cir. 2004) at 219 (2d. Cir. 2004) ("Nor is a genuine issue created merely by the presentation of assertions [in an affidavit] that are conclusory.") [citations omitted]; *Applegate v. Top Assoc.,* 425 F.2d 92, 97 (2d Cir. 1970) (stating that the purpose of Rule 56[e] is to "prevent the exchange of affidavits on a motion for summary judgment from degenerating into mere elaboration of conclusory pleadings").

Immaterial:  A fact is "material" only if it would have some effect on the outcome of the suit.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Defendant Statement no. 99:  "Deep State Dunces" stung because it was true. Sweigert and Webb, and their cronies, are a bunch of holster sniffers who like to pretend to be FBI agents. Yet, when the Sweigert brothers put their brains together and tried to frame Goodman for a bomb hoax, Webb ended up in a Zanesville jail and the subject of worldwide mockery.

Plaintiff's Response to Defendant's Statement no. 99:  Disputed: (i) conclusory statement in violation of Local Rules 56.1(b) and 56.1(d) as to "holster sniffers" and "pretend to be FBI agents" , (ii) ambiguous and vague "holster sniffers" and "pretend to be FBI agents"  requires specificity, (iii) inadmissible artifact, (iv) "Sweigert brothers put their brains together and tried to frame Goodman for a bomb hoax" is beyond declarant's knowledge, See *Tishcon* see also FED. R. CIV. P. 56(e)(1) (A supporting or opposing affidavit must be made on personal knowledge.), (v) creates a factual dispute that is not material to the outcome of the case, see *Cook v. Shaw Indus.*, (vi) Plaintiff maintains that these facts, even if true, are immaterial see *Cunningham v. Local 30, Int'l Union of Operating Eng'rs, AFLCIO*, 234 F. Supp. 2d 383, 387 (S.D.N.Y. 2002) and (vii) pursuant to Federal Rules of Evidence (F.R.E.) Rule 403 should be excluded for Prejudice, Confusion, Waste of Time, or Other Reasons.

Fed. R. Civ. P. 56(e) ("Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to the matters stated therein."); see also *U.S. v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc*., 44 F.3d 1082, 1084 (2d Cir. 1995) [citations omitted], cert. denied sub nom, Ferrante v. U.S., 516 U.S. 806 (1995).

Fed. R. Civ. P. 56(e) (requiring that non-movant "set forth specific facts showing that there is a genuine issue for trial"); *Patterson v. County of Oneida,* 375 F.3d 206, 219 (2d. Cir. 2004) at 219 (2d. Cir. 2004) ("Nor is a genuine issue created merely by the presentation of assertions [in an affidavit] that are conclusory.") [citations omitted]; *Applegate v. Top Assoc.,* 425 F.2d 92, 97 (2d Cir. 1970) (stating that the purpose of

Rule 56[e] is to "prevent the exchange of affidavits on a motion for summary judgment from degenerating into mere elaboration of conclusory pleadings").

<u>Hearsay:</u>  See *Patterson v. County of Oneida,* 375 F.3d 206, 219 (2d. Cir. 2004) at 219 ("[Rule 56(e)'s] requirement that affidavits be made on personal knowledge is not satisfied by assertions made 'on information and belief.'. . . [Furthermore, the Rule's] requirement that the affiant have personal knowledge and be competent to testify to the matters asserted in the affidavits also means that the affidavit's hearsay assertion that would not be admissible at trial if testified to by the affiant is insufficient to create a genuine issue for trial."); *Sellers v. M.C. Floor Crafters, Inc.,* 842 F.2d 639, 643 (2d Cir. 1988)

The undersigned hereby attests under penalties of perjury that this pleading is not submitted for the purposes of causing unnecessary delay and is believed to be accurate to the best of the Plaintiff's knowledge, sworn under oath this eleventh day of July 2021 (07/11/2021).

**D. GEORGE SWEIGERT**
*Pro Se Non-Attorney*
**GENERAL DELIVERY**
**NEVADA CITY, CA 95959**

## CERTIFICATE OF SERVICE

The undersigned hereby attests under penalties of perjury that copies of this communication have been transmitted via electronic mail message to the following parties on the eleventh day of July 2021 (07/11/2021).

| Clerk of the Court, Room 200 temporary_pro_se_filing@nysd.uscourts.gov | Jason Goodman, CEO truth@crowdsourcethetruth.org |
|---|---|

*D. GEORGE SWEIGERT*
*Pro Se Non-Attorney*
*GENERAL DELIVERY*
*NEVADA CITY, CA 95959*