U.S. DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| SWEIGERT | CIVIL CASE #: |
| V. | 1:18-CV-08653-VEC |
| GOODMAN | JUDGE VALERIE E. CAPRONI |

# NOTICE OF PLAINTIFF'S RULE 12(f) MOTION
# TO STRIKE SCANDALOUS MATERIAL FROM
# DEFENDANT'S EMERGENCY MOTION, ECF doc. 305

MAY IT PLEASE THE COURT, this document seeks RELIEF from the scandalous material that the Defendant has published with an improper "EMERGENCY MOTION", **ECF doc. 305.**

**The undersigned hereby attests under penalties of perjury that the above statements are true and correct to the best of the undersigned's knowledge and memory on this the thirteenth day of August (8/13), two thousand and twenty-one (2021). A certificate of service is provided on the last page.**

*D. GEORGE SWEIGERT*
*Pro Se Non-Attorney*
*GENERAL DELIVERY*
*NEVADA CITY, CA 95959*

<u>**MEMORANDUM OF LAW TO ACCOMPANY**</u>
<u>**PLAINTIFF'S RULE 12(f) MOTION**</u>
<u>**TO STRIKE SCANDALOUS MATERIAL**</u>

<u>**TABLE OF CONTENTS**</u>

**TABLE OF AUTHORITIES** ........................................................................................... 3

**BACKGROUND** ............................................................................................................. 4

**STANDARD OF REVIEW** ............................................................................................ 6

**CONCLUSION** ............................................................................................................... 7

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Dunn, 6 Wheat.* 204, 227 (U.S. 1821) ............................................................................. 7

*Cairns v. Franklin Mint Co.*, 24 F. Supp. 2d 1013, 1037 (C.D. Cal. 1998) ................................. 7

*Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991) ............................................................................ 7

*Magill v. Appalachia Intermediate Unit 08*, 646 F. Supp. 339, 343 (W.D. Pa. 1986) ................... 6

*Metrokane, Inc. v. The Wine Enthusiast*, 160 F. Supp. 2d 633, 641-42 (S.D.N.Y. 2001) .............. 6

*Murray v. Sevier,* 156 F.R.D. 235, 258 (D. Kan. 1994) .................................................................... 6

*Nault's Automobile Sales, Inc. v. American Honda Motor Co.,* 148 F.R.D. 25, 29-34 (D.N.H. 1993) .................................................................................................................................................... 7

*Pigford v. Veneman,* 215 F.R.D. 2, 4-5 (D.D.C. 2003) .................................................................... 6

**Rules**

Fed. R. Civ. P. 12(f) ............................................................................................................................... 6

Local Rule 7(a)(1) .................................................................................................................................. 4

Local Rule 7.1(a) .................................................................................................................................... 4

Local Rule 7.1(d) ................................................................................................................................... 4

**Treatises**

2 Moore's Federal Practice § 12.37[3] at 12-97 ................................................................................ 6

5A C. Wright and A. Miller, Federal Practice and Procedure (Civil) 2d § 1382, at 712 (1990) .... 6

5A C. Wright and A. Miller, Federal Practice and Procedure (Civil) 2d § 1382, at 714 (1990) .... 6

## BACKGROUND

1. In piece meal fashion, the Defendant (and his ghost-writing legal counsel Larry Klayman of Feedom Watch, Inc.) have filed **ECF doc. 305** EMERGENCY MOTION on 8/12/2021.

2. At the outset, the EMERGENCY MOTION (**ECF doc. 305**) does not have the required accompanying Memorandum of Law (and is therefore fatally defective) pursuant to Local Rule 7.1(a), "(a) Except for letter-motions as permitted by Local Rule 7.1(d) or as otherwise permitted by the Court, all motions shall include the following motion papers: … (a)(2) A memorandum of law, setting forth the cases and other authorities relied upon in support of the motion, and divided, under appropriate headings, into as many parts as there are issues to be determined."

3. Both Fed. R. Civ. Proc. Rule 15(a) and Local Rule 7.1(a) demonstrate that **ECF doc. 305** is procedurally improper and an abuse of motion practice (by the *pro se* party and his ghost-writing attorney Larry Klayman).

4. Defendant seeks, with the improper piece meal amendment, (**ECF 305**) to have "*Plaintiff Sweigert to undergo a psychological evaluation and submit the results in camera to the Court*." Purportedly such a medical evaluation is needed to explain the forceful judicial advocacy used by the Plaintiff (aka the "holster sniffer" per Defendant).

5. The legal paper (**ECF doc. 305**) does note cite a law, statue or regulation that would justify the relief sought. This stands in violation of **Local Rule 7(a)(1)** that requires the statement of a specific application of law, "A notice of motion, or an order to show cause signed by the Court, which shall specify the <u>applicable rules or statutes pursuant</u> to which the motion is brought, and shall specify the relief sought by the motion". [emphasis added]

6.	As there is no longer an intentional infliction of emotional distress (I.I.E.D.) claim associated with this action, the Defendant has no justification to suggest such an examination. These "mental illness" slurs, like "holster sniffer", are just more vile allegations used to assail the sensibilities of this Court.

7.	The Court is reminded that the Ninth Circuit Court of Appeals cited that Mr. Larry Klayman has had his *pro hac vice* privileges in the S.D.N.Y. suspended for the use of racial slurs in this Court.

> The panel held that the district court did not abuse its discretion, much less commit clear error, in denying Klayman pro hac vice status, where Klayman is involved in an ethics proceeding before the District of Columbia Bar and was not candid with the court about the status of those proceedings; where he disclosed that he was twice barred in perpetuity from appearing pro hac vice before judges in the Central District of California and the Southern District of New York, but failed to list numerous cases in which he has been reprimanded, denied pro hac vice status, or otherwise sanctioned for violating various local rules; and where he has a record of going after judges personally, and shortly after Chief Judge Navarro denied his application, Bundy filed a frivolous Bivens action against her in her own court.   And
> Separately, Klayman revealed that, roughly twenty years ago, "two judges vindictively stated that I could not practice before them after I challenged rulings they had made on the basis of bias and prejudice." He explained that those exclusions applied only to the two judges themselves, Judge William D. Keller of the U.S. District Court for the Central District of California and Judge Denny Chin of the U.S. District Court for the Southern District of New York.
> Plaintiff-Appellant, v. CLIVEN D. BUNDY, AKA Cliven Bundy, Defendants-Appellees. No. 18-10287 D.C. No. 2:16-cr-00046-GMN-PAL-1   16-72275.pdf (uscourts.gov)

## STANDARD OF REVIEW

8. Rule 12(f) provides, in pertinent part, that "[u]pon motion made by a party . . . the court may order stricken from any pleading any . . . scandalous matter." Fed. R. Civ. P. 12(f); see 5A C. Wright and A. Miller, Federal Practice and Procedure (Civil) 2d § 1382, at 712 (1990) ("'Scandalous' matter is that which improperly casts a derogatory light on someone, most typically a party to the action.") (footnote omitted); 2 Moore's Federal Practice § 12.37[3] at 12-97 ("'Scandalous' generally refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court.") (footnote omitted).

9. While motions to strike are generally disfavored, "the disfavored character of Rule 12(f) is relaxed somewhat in the context of scandalous allegations and matter of this type often will be stricken from the pleadings in order to purge the court's files and protect the subject of the allegations." 5A C. Wright and A. Miller, Federal Practice and Procedure (Civil) 2d § 1382, at 714 (1990);2 see *Metrokane, Inc. v. The Wine Enthusiast*, 160 F. Supp. 2d 633, 641-42 (S.D.N.Y. 2001) ("Generally, motions to strike are disfavored and usually granted only for scandalous material.")(citation omitted).

10. The striking of offensive material is particularly appropriate when the offensive material is not responsive to an argument but, rather, constitutes an inappropriate attempt to abuse the Court's process to attack an individual personally. See, e.g., *Magill v. Appalachia Intermediate Unit 08*, 646 F. Supp. 339, 343 (W.D. Pa. 1986) (striking allegations that "reflect adversely on the moral character of an individual who is not a party to this suit" which were "unnecessary to a decision on the matters in question"); see also *Pigford v. Veneman,* 215 F.R.D. 2, 4-5 (D.D.C. 2003)(striking unfounded accusations that opposing counsel was racist); *Murray v. Sevier,* 156

F.R.D. 235, 258 (D. Kan. 1994) (striking allegation that defendant and his counsel "bought off" and paid "hush money" to prospective witnesses); *Cairns v. Franklin Mint Co.*, 24 F. Supp. 2d 1013, 1037 (C.D. Cal. 1998) (striking allegation that "defendants are '[l]ike vultures feeding on the dead'"); *Nault's Automobile Sales, Inc. v. American Honda Motor Co.,* 148 F.R.D. 25, 29-34 (D.N.H. 1993) (noting that "[w]ith each passing week the pleadings assumed a more hostile and accusatory tone" and striking scandalous assertions).

## CONCLUSION

11.     For the foregoing reasons, the Plaintiff respectfully asks this Court for an Order striking the entire pleading papers listed as **ECF doc. 305** for failure to conform to the federal and local rules of civil procedure and pursuant to Rule 12(f).

12.     Relief provided for in Rule 12(f) need not be granted only upon motion of a party; consistent with the Court's inherent powers to protect the decorum of proceedings before it, the Court may strike such material sua sponte. Fed. R. Civ. P. 12(f); see *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991) (quoting *Anderson v. Dunn, 6 Wheat*. 204, 227 (U.S. 1821)).

**The undersigned hereby attests under penalties of perjury that the above statements are true and correct to the best of the undersigned's knowledge and memory on this Friday, the thirteenth day of August (8/13), two thousand and twenty-one (2021).  A certificate of service is provided on the last page.**

*[signature]*

**D. GEORGE SWEIGERT**
*Pro Se Non-Attorney*
**GENERAL DELIVERY**
**NEVADA CITY, CA 95959**

# CERTIFICATE OF SERVICE

**The undersigned hereby attests under penalties of perjury that copies of this communication have been transmitted via electronic mail message to the following parties on this Friday, the thirteenth day of August (8/13), two thousand and twenty-one (2021).**

| **Clerk of the Court, Room 200** | **Jason Goodman, CEO** |
|---|---|
| **temporary_pro_se_filing@nysd.uscourts.gov** | **truth@crowdsourcethetruth.org** |

*D. GEORGE SWEIGERT*
*Pro Se Non-Attorney*
*GENERAL DELIVERY*
*NEVADA CITY, CA 95959*