IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| D. GEORGE SWEIGERT<br><br>    Plaintiff,<br><br>vs.<br><br>JASON GOODMAN,<br><br>    Defendant | Case No.: 1:18-cv-08653-VEC-SDA<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO HOLD PLAINTIFF IN CONTEMPT** |

    On March 11, 2021, Magistrate Judge Aaron ordered Defendant to produce documents in hard copy mailed to the address of record provided by Plaintiff *See* ECF No. 224.  This order was issued after a telephone conference and in response to Plaintiff's refusal to accept electronic service.  Throughout this action Plaintiff has changed his mailing address no less than four times. One can only assume this is to intentionally conceal his location.  None of the addresses provided by Plaintiff under penalty of perjury have been recognized by the U.S. Postal Service as mailing addresses for the Plaintiff.  Despite the Magistrate's order, Plaintiff again provided an address that the Postal Service refuses to deliver to and is not authorized for use by Sweigert.

    By refusing electronic service and persisting in providing false addresses Plaintiff has made it impossible for Defendant to fulfill the court's orders despite a good faith effort.  Items sent to Plaintiff's false addresses have been returned to the Court and to the Defendant.  This frustrates the Court's ability to properly adjudicate this case, undermines the Court's inherent authority and unnecessarily increases the proceedings.

    Defendant moves this honorable court to hold Plaintiff in Civil Contempt pursuant to 28 U.S.C. § 636(e)(4) for repeated defiance of the Court's orders and to compel compliance in the

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO HOLD PLAINTIFF IN CONTEMPT - 1

future. If Plaintiff Sweigert disobeys a civil contempt order, this honorable Court will then be compelled to impose criminal contempt sanctions.

## BACKGROUND

Plaintiff brought this action against Defendant on June 14, 2018, to commemorate the one-year anniversary of an event Defendant alleges was orchestrated by Plaintiff's brother George Webb Sweigert ("Webb") and his associates including Oakey Marshall Richards ("Richards"). Prior to bringing this action, Plaintiff publicly claimed that Defendant got his brother arrested and vowed to "convince a prosecutor" it was Defendant who had broken the law. Plaintiff has gone to extreme, almost unbelievable lengths in pursuit of this putative revenge plot. His efforts seem to know no bounds. The court is aware Plaintiff has antagonized and forced the withdrawal of Defendant's former attorney John Snyder ("Snyder"). Plaintiff made a menacing blog post including a photo of attorney Snyder's three-year-old daughter. In his motion to withdraw, Snyder cited his perception that actions taken by Plaintiff constituted threats against Snyder and his family and that this directly motivated his withdrawal. On information and belief, Defendant alleges this was Plaintiff's intent.

Plaintiff's harassment has burdened Defendant with the time-consuming task of locating new counsel. Numerous attorneys have already declined specifically citing their desire to avoid becoming targets of harassment themselves. This was also likely Plaintiff's intent. Defendant understands these actions fall outside of the claims of this case; however, they are presented to illustrate the extrajudicial and unethical measures Plaintiff has engaged in. Plaintiff is carrying out a role in a broader scheme to overwhelm Defendant with litigation while simultaneously assaulting his business relationships and public reputation. That scheme includes Plaintiff's

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO HOLD PLAINTIFF IN CONTEMPT - 2

activities in this instant action and his defiance of the Court's order using a series of false addresses in violation of 18 U.S.C § 1341 and 18 U.S.C § 1342.

### PLAINTIFF HAS FLOUTED AND THWARED THE COURT'S ORDERS

Just as Plaintiff seeks to make it virtually impossible for Defendant to find new representation in unrelated litigation, here in this action, Plaintiff seeks to make it impossible for Defendant to carry out the court's orders. Defendant first moved the Court to compel Plaintiff to show cause regarding false addresses in October 2018 *See* ECF No 49. Plaintiff refused to accept electronic service from Defendant because he falsely alleged Defendant had included malware in a PDF document. No malware was included, and no specific evidence of malware was presented. Plaintiff used these false allegations to compel Defendant to produce and mail hard copy documents at considerable expense and loss of time, only to have them returned. Plaintiff's deliberate efforts to frustrate all methods of service made it impossible for Defendant to fulfill the Court's orders. Plaintiff has used a post office box that did not belong to him, and two General Delivery addresses the US Postal Service says are not his address. Plaintiff has knowingly provided false addresses, and repeatedly failed to provide a proper mailing address despite the Court's orders. Plaintiff knowingly misrepresented evidence to persuade the Court to compel Defendant to deliver hard copy to dead letter mailing addresses.

18 U.S.C § 1341 describes Frauds and Swindles stating, "Whoever, having devised or intending to devise any scheme or artifice to defraud," Plaintiff's scheme is intended to deprive Defendant of the intangible right of honest service of justice in this Court.

18 U.S. Code § 1342 states, "Whoever, for the purpose of conducting, promoting, or carrying on by means of the Postal Service, any scheme or device mentioned in section 1341 of

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO HOLD PLAINTIFF IN CONTEMPT - 3

this title." "or requests to be addressed by, any fictitious, false, or assumed title, name, or **address**" [emphasis added] "shall be fined under this title or imprisoned not more than five years, or both."

Plaintiff Sweigert is a vexatious litigant who has brought this action in bad faith and for the improper purpose of harassing the Defendant and extorting money from him. Plaintiff has repeatedly defied the Court's orders by continually failing to provide a true and proper mailing address. Plaintiff has used the United States Postal Service in furtherance of his scheme to delay and increase these proceedings and harass the Defendant with costly, time-consuming litigation.

## CONCLUSION

For the reasons stated herein and any other reasons the Court finds, the Plaintiff should be held in civil contempt at this time and ordered to pay into the Court registry a monetary fine to be determined by the Court until he complies with the Magistrate Judge's order concerning service of process. Further, this honorable Court respectfully should issue such other relief as it deems appropriate considering Plaintiff Sweigert's misuse of the judicial process and the intent to harass and threaten not just the Defendant, his associates, but even young children, including Mr. Snyder's infant daughter.

Signed this 7th day of September 2021

Respectfully submitted,

_____
Jason Goodman, Defendant, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
(323) 744-7594
truth@crowdsourcethetruth.org

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO HOLD PLAINTIFF IN CONTEMPT - 4