**U.S. DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**

| SWEIGERT | CIVIL CASE #: |
|---|---|
| V. | 1:18-CV-08653-VEC |
| GOODMAN | JUDGE VALERIE E. CAPRONI |

## <u>NOTICE OF PLAINTIFF'S RULE 12(f) MOTION TO STRIKE</u>
## <u>SCANDALOUS MATERIAL FROM DEFENDANT'S</u>
## <u>NOTICE OF MOTION TO HOLD PLAINTIFF IN CONTEMPT</u>

MAY IT PLEASE THE COURT, this document seeks RELIEF from the scandalous material

that the Defendant has published with improper papers docketed as **ECF doc. 312 and 313.**  The

Plaintiff incorporates the letter (**ECF doc. 314**) to the Magistrate judge as if fully restated herein.

**The undersigned hereby attests under penalties of perjury that the above statements are true**
**and correct to the best of the undersigned's knowledge and memory on this the ninth day of**
**September (9/9), two thousand and twenty-one (2021).  A certificate of service is provided on**
**the last page.**

*D. GEORGE SWEIGERT*
*Pro Se Non-Attorney*
*GENERAL DELIVERY*
*NEVADA CITY, CA 95959*

## MEMORANDUM OF LAW TO ACCOMPANY
## PLAINTIFF'S RULE 12(f) MOTION
## TO STRIKE SCANDALOUS MATERIAL

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ................................................................. 3

**BACKGROUND** ........................................................................... 4

**STANDARD OF REVIEW** ............................................................... 5

**CONCLUSION** ............................................................................ 7

# **TABLE OF AUTHORITIES**

**Cases**

*Anderson v. Dunn, 6 Wheat.* 204, 227 (U.S. 1821) ........................................................... 6

*Cairns v. Franklin Mint Co.*, 24 F. Supp. 2d 1013, 1037 (C.D. Cal. 1998) ................................... 6

*Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991) ........................................................... 6

*Magill v. Appalachia Intermediate Unit 08*, 646 F. Supp. 339, 343 (W.D. Pa. 1986) .................. 6

*Metrokane, Inc. v. The Wine Enthusiast*, 160 F. Supp. 2d 633, 641-42 (S.D.N.Y. 2001) .............. 6

*Murray v. Sevier,* 156 F.R.D. 235, 258 (D. Kan. 1994) ........................................................... 6

*National Academy of Television Arts & Sciences vs. Multimedia System Design (aka Jason
   Goodman of Crowdsource the Truth)* ........................................................... 4

*Nault's Automobile Sales, Inc. v. American Honda Motor Co.,* 148 F.R.D. 25, 29-34 (D.N.H.
   1993) ........................................................... 6

*Pigford v. Veneman,* 215 F.R.D. 2, 4-5 (D.D.C. 2003) ........................................................... 6

**Rules**

Fed. R. Civ. P. 12(f) ........................................................... 5

**Treatises**

2 Moore's Federal Practice § 12.37[3] at 12-97 ........................................................... 5

5A C. Wright and A. Miller, Federal Practice and Procedure (Civil) 2d § 1382, at 712 (1990) .... 5

5A C. Wright and A. Miller, Federal Practice and Procedure (Civil) 2d § 1382, at 714 (1990) .... 5

## BACKGROUND

1.      In piece meal fashion, the Defendant (and his ghost-writing legal counsel Larry Klayman of Freedom Watch, Inc.) have filed **ECF doc. 312, and 313.**

2.      The Defendant's papers purport to seek enforcement of the Magistrate's order issued March 11, 2021 (**ECF doc. 224 [attached as Exhibit Two]**) by providing unsupported and unsupportable scandalous accusations of serious criminal misconduct against the Plaintiff.

3.      The Defendant (who presently awaits a CONTEMPT OF COURT adjudication in related litigation, *National Academy of Television Arts & Sciences vs. Multimedia System Design (aka Jason Goodman of Crowdsource the Truth),* (**described in ECF doc. 310**), fully understands the threshold criteria for civil contempt of court sanctions.

4.      As Mr. Goodman awaits adjudication of a violation of a court order (presently underway in *NATAS v. CrowdSource*) he has demonstrated intimate knowledge of the process related to a civil contempt sanction hearing in that related litigation.

5.      Defendant's reliance on immaterial conclusionary statements to support sanctions of civil contempt against the Plaintiff are scandalous at the core.  Most, if not all, of the false and immaterial misrepresentations in these papers (**Dkts. 312, 313**) rely on hearsay conjecture.  The ORDFER in question (**Dkt. 224**) placed no obligation on the Plaintiff, rather said ORDER was completely focused on the Defendant's conduct orbiting the postal mailing of discovery documents to the Plaintiff.

6.      As **EXHIBIT ONE,** Affidavit of the Plaintiff describes, postal packages were received from the postmaster by the Plaintiff at the designated address and on two (2) occasions postal signature receipt cards were filled completed by postal authorities.

7.     These signature cards confirm the physical receipt of these discovery materials at the

designated address.  Mr. Goodman knows this -- he requested the tracking and delivery

confirmation signature cards (which required a "wet signature" from the Plaintiff).

8.     The Defendant, (1) while in possession of these signature cards, and awaiting a <u>civil</u>

<u>contempt of court hearing</u> (*NATAS v. Crowdsource*), (2) filed these <u>immaterial and scandalous</u>

papers (with the highly probably assistance of so-called alt-right conservative lawyer and radio

talk show host Larry Elliot Klayman of Boca Raton, Florida) and (3) has fabricated another

<u>redundant</u> request that orbits mail boxes and postal addresses (brought to this Court's attention at

least seven (7) times on numerous occasions by the Defendant).

9.     The Defendant is an expert at supporting *stunt litigation* as practiced by his social media

podcast co-host Larry Elliott Klayman (cited by the Ninth and Fifth Circuit Courts for improper

conduct in the course of civil litigation [See *United States of America v. Cliven D. Bundy*,

U.S.C.A. for the Ninth Circuit, D.C. No. 2:16-cr-00046-GMN-PAL-1,

https://cdn.ca9.uscourts.gov/datastore/opinions/2020/08/06/18-10287.pdf and Demetrick Pennie

v. Dallas Morning News, U.S.C.A. for the Fifth Circuit, No. 20-10349

, http://www.ca5.uscourts.gov/opinions/unpub/20/20-10349.0.pdf ]).

10.     The filing of these papers cannot purport to support Plaintiff's compliance with the

3/11/2021 ORDER (Dkt. 224).  These papers are just more artifacts of stunt litigation practiced

by Mr. Goodman's ghost-writing associates (Larry E. Klayman and John Hoover Snyder).

## STANDARD OF REVIEW

11.     Rule 12(f) provides, in pertinent part, that "[u]pon motion made by a party . . . the court

may order stricken from any pleading any . . . scandalous matter." Fed. R. Civ. P. 12(f); see 5A

C. Wright and A. Miller, Federal Practice and Procedure (Civil) 2d § 1382, at 712 (1990)

("'Scandalous' matter is that which improperly casts a derogatory light on someone, most typically a party to the action.") (footnote omitted); 2 Moore's Federal Practice § 12.37[3] at 12-97 ("'Scandalous' generally refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court.") (footnote omitted).

12.     While motions to strike are generally disfavored, "the disfavored character of Rule 12(f) is relaxed somewhat in the context of scandalous allegations and matter of this type often will be stricken from the pleadings in order to purge the court's files and protect the subject of the allegations." 5A C. Wright and A. Miller, Federal Practice and Procedure (Civil) 2d § 1382, at 714 (1990);2 see *Metrokane, Inc. v. The Wine Enthusiast*, 160 F. Supp. 2d 633, 641-42 (S.D.N.Y. 2001) ("Generally, motions to strike are disfavored and usually granted only for scandalous material.")(citation omitted).

13.     The striking of offensive material is particularly appropriate when the offensive material is not responsive to an argument but, rather, constitutes an inappropriate attempt to abuse the Court's process to attack an individual personally. See, e.g., *Magill v. Appalachia Intermediate Unit 08*, 646 F. Supp. 339, 343 (W.D. Pa. 1986) (striking allegations that "reflect adversely on the moral character of an individual who is not a party to this suit" which were "unnecessary to a decision on the matters in question"); see also *Pigford v. Veneman,* 215 F.R.D. 2, 4-5 (D.D.C. 2003)(striking unfounded accusations that opposing counsel was racist); *Murray v. Sevier,* 156 F.R.D. 235, 258 (D. Kan. 1994) (striking allegation that defendant and his counsel "bought off" and paid "hush money" to prospective witnesses); *Cairns v. Franklin Mint Co*., 24 F. Supp. 2d 1013, 1037 (C.D. Cal. 1998) (striking allegation that "defendants are '[l]ike vultures feeding on the dead'"); *Nault's Automobile Sales, Inc. v. American Honda Motor Co.,* 148 F.R.D. 25, 29-34

(D.N.H. 1993) (noting that "[w]ith each passing week the pleadings assumed a more hostile and accusatory tone" and striking scandalous assertions).

## **CONCLUSION**

14.     For the foregoing reasons, the Plaintiff respectfully asks this Court for an Order striking the entire pleading papers listed as **ECF doc. 312 and 313** for failure to conform to the federal and local rules of civil procedure and pursuant to Rule 12(f).

15.     Relief provided for in Rule 12(f) need not be granted only upon motion of a party; consistent with the Court's inherent powers to protect the decorum of proceedings before it, the Court may strike such material sua sponte. Fed. R. Civ. P. 12(f); see *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991) (quoting *Anderson v. Dunn, 6 Wheat.* 204, 227 (U.S. 1821)).

**The undersigned hereby attests under penalties of perjury that the above statements are true and correct to the best of the undersigned's knowledge and memory on this ninth day of September (9/9), two thousand and twenty-one (2021).  A certificate of service is provided on the last page.**

*D. GEORGE SWEIGERT*
*Pro Se Non-Attorney*
*GENERAL DELIVERY*
*NEVADA CITY, CA 95959*

## CERTIFICATE OF SERVICE

The undersigned hereby attests under penalties of perjury that copies of this communication have been transmitted via electronic mail message to the following parties on this ninth day of September (9/9), two thousand and twenty-one (2021).

| Clerk of the Court, Room 200 | Jason Goodman, CEO |
|---|---|
| temporary_pro_se_filing@nysd.uscourts.gov | truth@crowdsourcethetruth.org |

*D. GEORGE SWEIGERT*
*Pro Se Non-Attorney*
*GENERAL DELIVERY*
*NEVADA CITY, CA 95959*

# EXHIBIT ONE

### AFFIDAVIT OF THE PLAINTIFF

THE UNDERSIGNED SWEARS that he has received discovery materials from a United States postal official at the designated address described in the ORDFER of March 11, 2021, known as **ECF doc. no. 224.** The undersigned completed "wet signature" tracking delivery confirmation cards when these materials were received. These signature cards were part of the EXPRESS MAIL postal service and provided the sender with delivery confirmation and tracking. The undersigned observed that the return address of these two (2) packages was that of Mr. Jason Goodman at the address listed as his address on the Court docket (New York, New York). The undersigned inquired of the postal official if Mr. Goodman would receive a copy of the signature card and heard an answer in the affirmative for both postal packages.

**The undersigned hereby attests under penalties of perjury that the above statements are true and correct to the best of the undersigned's knowledge and memory on this the ninth day of September (9/9), two thousand and twenty-one (2021). A certificate of service is provided on the last page.**

*D. GEORGE SWEIGERT*
*Pro Se Non-Attorney*
*GENERAL DELIVERY*
*NEVADA CITY, CA 95959*

# EXHIBIT TWO

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
┌─────────────────────────────────────┐
│ USDC SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #:_____                │
│ DATE FILED:___3/11/2021___           │
└─────────────────────────────────────┘
```

D George Sweigert,

                              **Plaintiff,**

               -against-

Jason Goodman,

                             **Defendant.**

**1:18-cv-08653 (VEC) (SDA)**

**<u>ORDER</u>**

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE:**

Following a telephone conference with the parties, and for the reasons stated on the record, it is hereby Ordered that Plaintiff's motion to compel (ECF No. 215) is GRANTED IN PART and DENIED IN PART as follows:

1.  No later than April 12, 2021, Defendant shall respond to Plaintiff's Interrogatory Nos. 1(c) and 1(d) for the time period of January 1, 2017 to the present.

2.  No later than April 12, 2021, Defendant shall produce any documents responsive to Plaintiff's Document Request Nos. 2(a), 2(c) and 2(d), for the time period of January 1, 2017 to the present, by mailing such documents to Plaintiff at the following address (as listed on the docket): General Delivery, Nevada City, CA 95959. If Defendant withholds any document on the basis of privilege, Defendant must provide Plaintiff with a privilege log, in accordance with federal Rule of Civil Procedure 26(b)(5), by the same date.

The Clerk of Court is respectfully requested to mail a copy of this Order to the *pro se* Defendant.

**SO ORDERED.**

DATED:     New York, New York
            March 11, 2021

_____
STEWART D. AARON
United States Magistrate Judge