UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

D George Sweigert,

                Plaintiff,

-against-

Jason Goodman,

                Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/21/2021

1:18-cv-08653 (VEC) (SDA)

**ORDER**

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE:**

Before the Court is a motion by Defendant Goodman to hold Plaintiff in civil contempt for allegedly violating the Court's March 11, 2021 Order (ECF No. 224) requiring Defendant to produce certain documents and mail those documents to Plaintiff. (*See* Def.'s Notice of Motion, ECF No. 312.) Also before the Court is a motion by Plaintiff, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, to strike scandalous material from Defendant's Notice of Motion. (Pl.'s Notice of Motion, ECF No. 315; Pl.'s Amended Notice of Motion, ECF No. 318) For the reasons set forth below, both motions are DENIED.

"A party may be held in civil contempt for failure to comply with a court Order if: (1) the order is clear and unambiguous; (2) the proof of noncompliance is clear and convincing; and (3) the contemnor has not diligently attempted to comply with the order in a reasonable manner." *Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC*, No. 16-CV-01318 (GBD) (BCM), 2017 WL 5067500, at *8-9 (S.D.N.Y. Sept. 27, 2017) (citing *Paramedics Electromedicina Comercial, Ltd., v. GE Med. Sys. Info. Tech., Inc.*, 369 F.3d 645, 655 (2d Cir. 2004)). "All three elements must be met before contempt sanctions may be imposed." *Id*.

Here, Defendant has not identified a Court Order that Plaintiff failed to comply with. Defendant argues that Plaintiff changed his address "no less than four times" in order to "intentionally conceal his location" and prevent Defendant from complying with the Court's March 11, 2021 Order. (Def.'s Mem., ECF No. 313, at 1.) However, because Defendant has not alleged noncompliance with a Court Order *by Plaintiff*, he has not established a *prima facie* case of contempt. Thus, I decline to certify facts to District Judge Caproni and instead deny Defendant's motion.[1] *See, e.g.*, *Joint Stock Co.*, 2017 WL 5067500, at *10 ("If . . . the moving party does not establish a *prima facie* case of contempt, the magistrate judge must decline to certify facts constituting contempt to the district judge and may close the motion.") (citing cases); *see also Brown v. Peconic Bay Med. Ctr.*, No. 15-CV-00173 (JFB) (AKT), 2016 WL 1306552, at *3 (E.D.N.Y. Mar. 31, 2016) ("In accordance with the magistrate judge's role of determining whether the moving party can adduce sufficient evidence to establish a prima facie case of contempt, the court, after reviewing the evidence, may decline to certify the case to the district court where the court determines that the conduct does not rise to the level of contempt.") (internal citation, quotation marks and alterations omitted).[2]

In addition, Plaintiff's motion to strike, pursuant to Federal Rule of Civil Procedure 12(f), is DENIED. Rule 12(f) is limited to "pleadings[,]" as defined by Federal Rule of Civil Procedure

---

[1] As set forth in the Court's August 16, 2021 Order denying Defendant's prior motion for contempt (8/16/2021 Order, ECF No. 309, at 2 n.2), the Federal Magistrates Act sets forth a certification procedure whereby a Magistrate Judge may certify facts to a District Judge for adjudication. *See* 28 U.S.C. § 636(e). "In certifying the facts under Section 636(e), the magistrate judge's role is to determine whether the moving party can adduce sufficient evidence to establish a prima facie case of contempt." *MPD Accessories B.V. v. Urb. Outfitters, Inc.*, No. 12-CV-06501 (LTS) (KNF), 2013 WL 6869919, at *4 (S.D.N.Y. Dec. 23, 2013) (quoting *Hunter TBA, Inc. v. Triple v. Sales*, 250 F.R.D. 116, 118 (E.D.N.Y. 2008)).

[2] Given the Court's denial of Defendant's contempt motion, Plaintiff's requests for related relief (*see* Pl.'s 9/8/2021 Letter, ECF No. 314) are moot.

7(a),[3] and, thus, does not authorize the relief Plaintiff seeks. *See, e.g., Topps Co., Inc. v. Koko's Confectionery & Novelty*, 482 F. Supp. 3d 129, 133 (S.D.N.Y. 2020) ("Rule 12(f) permits a court to strike pleadings only."); *Huelbig v. Aurora Loan Servs., LLC*, No. 10-CV-06215 (RJH) (THK), 2011 WL 4348281, at *2 (S.D.N.Y. May 18, 2011), *report and recommendation adopted*, 2011 WL 4348275 (S.D.N.Y. Sept. 16, 2011) ("Motions, declarations, and affidavits are not pleadings."); *see also* 5C Charles Alan Wright, *et al*., Federal Practice and Procedure § 1380 & n.8.50 (3d ed.) (stating, "Rule 12(f) motions only may be directed towards pleadings as defined by Rule 7(a); thus, motions, affidavits, briefs, and other documents outside the pleadings are not subject to Rule 12(f)," and collecting cases). Accordingly, moving forward, Plaintiff shall refrain from filing further Rule 12(f) motions to strike documents filed by Defendant that are not pleadings.

The parties are reminded of the following admonitions from Judge Caproni in her June 30, 2021 Order: "Both parties must refrain from filing excessively, from repeatedly amending their filings, and from filing responses to Court orders and the opposing party in a piecemeal fashion. Failure to adhere to this directive will result in sanctions." (6/30/21 Order, ECF No. 292, at 2 n.2.) Currently under consideration by the Court is Defendant's motion for summary judgment, as well as related motions. Until the pending motions are decided, there is no reason for any additional filings by the parties, such that any additional filings by the parties shall be deemed excessive, and sanctions shall be imposed.

---

[3] Rule 7(a) defines pleadings as the complaint, answer, answer to crossclaims and counterclaims, third-party complaint, answer to third-party complaint, and replies when ordered by the court. *See* Fed. R. Civ. P. 7(a).

For the foregoing reasons, Defendant's motion to hold Plaintiff in contempt (ECF No. 312) and Plaintiff's motion to strike (ECF Nos. 315, 318) are DENIED. The Clerk of Court is respectfully requested to mail a copy of this Order to the *pro se* Defendant.

**SO ORDERED.**

Dated: New York, New York
September 21, 2021

_____
STEWART D. AARON
United States Magistrate Judge