D George Sweigert<br>
America's RV Mailbox<br>
514 Americas Way, PMB 13339<br>
Box Elder, SD 57719-7600<br>
Email: SPOLIATION-NOTICE@MAILBOX.ORG

**November 9, 2021**

Hon. Judge Valerie E. Caproni                                          **VIA ECF**
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

REF: 1:18-CV-08653-VEC-SDA, *D. George Sweigert vs. Jason Goodman*

Dear Judge Caproni,

The undersigned is the Plaintiff in this case, a non-attorney.

Plaintiff submits this letter to seek a period of additional discovery pursuant to Fed. R. Civ. Proc. Rule 56(d)(1) as suggested by the Report and Recommendation (R&R) issued by Magistrate Aaron Stewart, see ECF doc. 321, 10/29/2021, quoted in relevant part:

> "[Page 29]  However, given the change in the law applicable to Plaintiff's claims that occurred during the pendency of this lawsuit, the Court finds that Plaintiff is entitled to additional discovery regarding actual malice. Therefore, as to Plaintiff's defamation claims based upon Statements 4 and 5, pursuant to Rule 56(d), I recommend that Defendant's motion be denied.[fn 10]

> [Page 29, fn 10] Under Rule 56(d)(1), if the party opposing summary judgment shows by affidavit or declaration that, for specified reasons, he cannot present facts essential to justify his opposition, the court may deny the summary judgment motion and permit discovery. See Fed. R. Civ. P. 56(d)(1)."

The Defendant has hindered discovery and his actions justify further discovery by the Plaintiff.  During the discovery period, as documented via ECF doc. 267, 4/30/2021 (**EXHIBIT ONE**, attached), the Defendant placed the JASON GOODMAN YOUTUBE channel (with 119,000 subscribers and 2,333 videos) in an off-line private status thereby hindering and obstructing discovery.  This condition was amplified in paragraphs (1) through (5) of ECF doc. 245, 4/14/2021 (**EXHIBIT TWO**, attached).

Additionally, the private status (off-line) of the JASON GOODMAN channel significantly frustrated and obstructed the Magistrate Judge's ability to accurately review the alleged defamatory statements in the context of their publication; itemized below:

1

"[page 12]  The link for the video included in Plaintiff's First Response indicates that the video is not available. (See Pl.'s First Response at 14 (citing https://youtu.be/qyg9YejHyok).) Therefore, on the current record, the Court cannot assess whether the statements contained in Statement 4 are nonactionable opinions as Defendant asserts.

[page 14]  The link to the video cited by Plaintiff indicates that the video is private. (See Pl.'s Second Response at 2 (citing https://youtube.com/watch?v=yx_6sj33FDs).) Thus, the video could not be reviewed by the Court.

[page 16]  As with Statements 4, 5 and 6, however, the Court cannot find that these statements are nonactionable opinions without access to the relevant video, which is marked private. (See Pl.'s Second Response at 8 (citing https://www.youtube.com/watch?v=1koAEHYbZTA&t=407s).)

[page 18]  Again, Defendant did not include this video as part of the summary judgment record and it is marked private. (See Pl.'s Second Response at 14 (citing https://www.youtube.com/watch?v=ekr5cw2WAbU&t=7612s).) Thus, the Court cannot determine who "us" refers to, let alone determine whether the statement is substantially true, as Defendant argues. For these reasons, the Court is unable to determine whether Statement 9 is actionable."

In sum, the Court's review of these videos was obstructed by the JASON GOODMAN channel private status and its off-line videos, for which the Defendant blamed the Plaintiff (1) publicly on social media and (2) before your Honor on 4/30/2021 in a discovery conference.

In comments made to the public via social media on 4/12/2021 the Defendant insinuated that the Plaintiff was responsible for the "termination" of this channel.  The Defendant also stated the same misleading and false narrative to your Honor on 4/30/2021 during a discovery conference in *NATAS v. Multimedia Systems Design Inc.,* 20-CV-7269 (Caproni, J.).  The Plaintiff was not responsible for the off-line or hoax termination of this YouTube channel.

On approximately September 8, 2021, the Defendant **mistakenly** uploaded a YOUTUBE video for public broadcast on the supposedly "terminated" JASON GOODMAN channel which was observed by the Plaintiff.  The Defendant was contacted via e-mail about the JASON GOODMAN YOUTUBE channel's apparent "rise from the dead" with the public release of the video (**EXHIBIT THREE**, attached).  The video in question (described in the e-mail message) [https://www.youtube.com/watch?v=PZcZFBbJEb0] is presently in an off-line private status (**EXHIBIT FOUR**, attached).

Caveat: the REDACTED e-mail address in **EXHIBIT THREE** was the subject of a Contempt of Court hearing in *NATAS v. Multimedia Systems Design Inc.,* 20-CV-7269 (Caproni, J.) on 10/25/2021.  Note the undersigned disavowed any knowledge of this e-mail address and its usage.

On September 10, 2021, the Plaintiff sent an e-mail message to his e-mail account to document the Twitter announcement of the video podcast in question. (EXHIBIT FIVE, attached). Blind copies were sent to the legal counsel in *NATAS v. Multimedia Systems Design Inc.,* 20-CV-7269 (Caproni, J.).

Plaintiff seeks relief from this Court in the form of a deferral of a decision on the partial summary judgment or a stay of proceedings pending the conclusion of a ninety (90) day discovery period with an appropriate order from this Court compelling the Defendant to make the JASON GOODMAN YOUTUBE channel available to the Plaintiff.

Rule 56(d) states that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," the court may defer considering the motion, deny the motion, allow time to obtain affidavits or declarations to take discovery, or "issue any other appropriate order." Fed. R. Civ. P. 56(d).

The essential facts at issue orbit the legal coaching and ghost writing of the Defendant's friend Larry E. Klayman, a conservative talk show host and attorney (presently suspended from practicing law in the U.S. Court of Appeals for the District of Columbia). Mr. Klayman refers to himself on social media as a "special prosecutor" (EXHIBIT 6, attached). The Defendant does not have a client relationship with this attorney.

E-mail messages exchanged between Mr. Klayman and the Defendant will clearly identify the lack of foundation and baseless nature of the dozens of defamatory statements made by the Defendant adjudicated in this action. Mr. Klayman is the author of many of these statements, parroted by the Defendant.

This includes Statements 4 and 5 (see Magistrate R&R pg. 12 to pg. 15) which contain trademark verbiage used by Mr. Klayman in other litigation and social media podcasts. In fact, there is a high probability that Mr. Klayman personally crafted dozens of these statements for the Defendant and knew of their falsity when transmitted to the Defendant.

This relationship between Mr. Klayman and the Defendant dates to January 2018. The so-called "The Trolls of Mt. Shasta" video podcast containing Statement 4 (Magistrate's R&R, pg. 12) was broadcast in April of 2018. The broadcast followed the familiar format of the so-called "Citizens Grand Jury", a co-creation of Mr. Klayman and the Defendant (EXHIBIT SIX, attached).

Therefore, the Plaintiff requests that this Court defer ruling on the motion for partial summary judgment and authorize a ninety (90) day discovery period. Further, that the Court direct the Defendant (1) to make his JASON GOODMAN YOUTUBE channel available to the Plaintiff and (2) to provide copies of all e-mail messages exchanged between the Defendant and Mr. Klayman.

Respectfully,

*D. Swt*

D. George Sweigert

Copies sent to Jason Goodman at truth@crowdsourcethetruth.org on this date.

# EXHIBIT ONE

# EXHIBIT ONE

# EXHIBIT ONE

D. GEORGE SWEIGERT<br>
GENERAL DELIVERY<br>
NEVADA CITY, CA 95959

April 30th, 2021

**Magistrate Judge Stewart D. Aaron**
**U.S. District Court**
**500 Pearl Street**
**New York, New York 10007-1312**

**SUBJ: DISCOVERY STAUS**
  **1:18-cv-08653-VEC-SDA**

**Your Honor,**

1. The following is provided as a status report to the current discovery issues. Unfortunately, the Plaintiff has gathered only a small percentage of the defamatory statements made by the Defendant for the following reasons:

   a. Plaintiff has no access to video content posted at PATREON.COM and/or SUBSCRIBESTAR.COM by the Defendant.

   b. Defendant has removed the lion's share of his video podcasts on the JASON GOODMAN YouTube channel into "private status", meaning temporarily unavailable for public viewing.

2. Plaintiff's discovery efforts have been further hampered by the Defendant's refusal to provide a list of all of his social media properties and usernames, as ordered by this Court (see discovery conference of March 11, 2021). As recent motions from the Defendant have demonstrated (see Anti-SLAPP motion, **ECF doc. 239**) the Defendant maintains clandestine social media properties (e.g. BITCHUTE.COM) using aliases and fake account names to post defamatory statements about the Plaintiff.

3. As a courtesy to the Court, a partial listing of defamatory statements accusing the Plaintiff of criminal conduct has been coalesced into a tabular form (attached) from previously filed discovery papers. The Plaintiff can provide a more comprehensive tabular listing to coalesce statements from previously filed discovery papers that (1) tend to injure the Plaintiff in his business, trade and/or career, (2) that accuse the Plaintiff having a loathsome disease, and (3) additional accusations of criminal activity.

1

4. In sum, the Plaintiff believes that he was only able to document about 10-15% of the actionable statements appearing on the Internet prior to the Defendant placing his JASON GOODMAN channel on private status (temporarily removing video content from public view). The channel was placed on private status to accompany the filing of the Anti-SLAPP motion (ECF doc. 239) on or around April 12th, 2021 (when delivery of discovery materials to the Plaintiff by the Defendant was due, as directed at the March 11, 2021 discovery conference).

5. As of this date, the Plaintiff has not received any discovery materials from the Defendant.

6. In view of the foregoing, the Plaintiff requests an advisory opinion of this Court that establishes the foundation for an adverse inference that the Defendant has limited availability of discoverable materials and has obstructed the discovery process. See *Kronisch v. United States*, 150 F.3d 112, 126 (2d Cir. 1998) (stating that an adverse inference instruction serves the remedial purpose, "insofar as possible, of restoring the prejudiced party to the same position [it] would have been in absent the wrongful destruction of evidence by the opposing party").

Respectfully,

*D. Sgt*

D. George Sweigert

**CERTIFICATE OF SERVICE**

**The undersigned hereby attests under penalties of perjury that copies of this communication have been sent via electronic mail message to the following parties on the thirtieth day of April (4/30), two thousand and twenty-one (2021).**

| **Clerk of the Court, Room 200** | **Jason Goodman, CEO** |
|---|---|
| **temporary_pro_se_filing@nysd.uscourts.gov** | **truth@crowdsourcethetruth.org** |

2

| Partial list of statements charging the Plaintiff with a serious crime ||
| --- | --- |
| **Defamatory statement** | **Source** |
| You better stop Dave, because all this stuff is going to the FBI. | Statement no. 2 ECF no. 225 |
| That man should be in jail. That's criminal prosecution. I intend to get them prosecuted criminally. | Statement no. 3 ECF no. 225 |
| You better stop Dave, because all that stuff has gone to the FBI. I am working out a way to bring criminal prosecution against these people. | Statement no. 4 ECF no. 225 |
| You see, I think David is engaged in a crime. I have got the evidence for it. Could indicate involvement in a criminal operation of IRAN-CONTRA. Dave needs to be prosecuted. 18 USC 1001. I am going to make it my business to find a prosecutor to charge David Sweigert and his accomplices with that crime. Because I will see to it that that man is put in jail. | Statement no. 7 ECF no. 225 |
| David Sweigert – that I see evidence that he has committed felonies. And therefore, conspiring with him could expose you to serious legal issues if law enforcement chooses to act on the evidence that I am actively providing of these felonies. And conspiring with others around the Internet to break the law | Statement no. 8 ECF no. 230 |
| He has now taken to basically threatening the federal judge in the Southern District of New York, that's Valerie Caproni. | Statement no. 9 ECF no. 230 |
| Shrouded in an organized campaign of harassment. Interstate harassment over the Internet, over the telephone. These are crimes people. So if you are engaged in doing that right now, Dean Fougere, Manuel Chavez, Robert David Steele, David Sweigert, Queen Tut Lutzke Holmes, whatever. | Statement no. 13 ECF no. 230 |
| He interfered with an officer of the court. | Statement no. 16 ECF no. 230 |
| George's brother who is making public threats against us. | Statement no. 18 ECF no. 230 |
| You are engaged in an organized criminal harassment campaign. I have submitted my evidence against you to the NY FBI field office. | Statement no. 21 ECF no. 230 |
| David Sweigert is a dead beat dad. | Statement no. 22 ECF no. 231 |
| Cyberstalker / deadbeat dad David Sweigert abandons his own son | Statement no. 26 ECF no. 231 |

3

# EXHIBIT TWO

D. GEORGE SWEIGERT<br>
GENERAL DELIVERY<br>
NEVADA CITY, CA 95959

April 14, 2021

Magistrate Judge Stewart D. Aaron
U.S. District Court
500 Pearl Street
New York, New York 10007-1312

**SUBJ: Guidance issues requested for ECF no. 239, 1:18-cv-08653-VEC-SDA**

**Your Honor,**

1.      Yesterday the Defendant informed his social media podcast viewers that Google, LLC (YouTube.Com) had deleted the "Jason Goodman" YouTube channel with its so-called 119,000 (119K) subscribers. The account termination was based on violations of "Community Standards", according to the Defendant. 2,333 videos, dozens that contained evidence of Defendant's defamation *per se*, are no longer available to be viewed.

2.      The Defendant has stated that the account may be restored and insinuated by implication that the undersigned was responsible for the account take-down. This account termination and possible account restoral will directly impact the discovery abilities of the Plaintiff.

3.      Concurrently with the alleged account termination, the Defendant docketed **ECF no. 239** (which can be described with the procedural shorthand of an "Anti-SLAPP" motion) under the new provisions of the New York State Civil Rights Law Section 76(a). The S.D.N.Y. has seen several recent opinions in the applicability of Sec. 76(a) to federal courts. *Palin v. N.Y. Times Co.,* 17-cv-4853

4.      Sec. 76(a) purports to create an "automatic stay" to all discovery activities, save for those materials needed to support a response to a Sec. 76(a) Anti-SLAPP motion (as **ECF no. 239**). Thus, if the Court determines that Sec. 76(a) applies to this instant lawsuit, then discovery has halted. In such a scenario the undersigned would request that the discovery period be tolled until such time as it resumes. The Plaintiff is entitled to three (3) weeks of remaining discovery, which existed prior to the filing of **ECF no. 239**, these three (3) weeks should be set-aside.

1

5. Meanwhile, a similar Anti-SLAPP motion awaits determination in related S.D.N.Y. litigation to which the Defendant is a party, *National Academy of Television Arts and Sciences, Inc., et. al. v. Multimedia System Design, Inc. d/b/a/ Crowdsource the Truth*. No determination has been made in that lawsuit with regards to the applicability of Sec. 76(a) to federal litigation. The undersigned requests that this Court withhold action in this lawsuit pending such a Sec. 76(a) determination, in the interests of judicial efficiency. To complicate matters, if Sec. 76(a) applies this raises the bar concerning the Plaintiff's burden to demonstrate defamation *per se* allegations to the presumed "actual malice" standard.

6. As the recent Requests for Judicial Notice and declarations of Mr. Thomas Schoenberger have illustrated, the Defendant entered a very close cooperative association with Mr. Manuel Chavez, III of Carson City, Nevada. The record demonstrates that Mr. Chavez and the Defendant commenced exchanging over 100 e-mail messages in July 2019 while in voice communications. The net result of these e-mail message exchanges implies that the Defendant behavior meets the "actual malice" standard.

7. The Plaintiff alleges that these e-mail messages tend to demonstrate that the Defendant proceeded with reckless disregard to the truth about the Plaintiff's non-participation in a conspiratorial affiliation with Mr. Chavez, Mr. Schoenberger or their presumed associates (the bulk of third-party defendants). The evidence tends to indicate that the Defendant continued to promote the narrative that the Plaintiff was working these people in a "decentralized distributed defamation campaign" to which Mr. Chavez was purportedly the "technical brains".

8. For over two years, it is now alleged, the Defendant knew the Plaintiff had no association with the people involved with Mr. Chavez or Mr. Schoenberger (and many others) and yet the Defendant continued to state publicly that he had evidence of felony crimes involving the Plaintiff's participation in such a conspiracy related to these third-party defendants.

9. Therefore, Mr. Chavez is an instrumental figure in this lawsuit and needs to be deposed by the Plaintiff. As the Defendant is presently in Las Vegas, Nevada, the Defendant could easily drive to Carson City, Nevada to attend such a deposition. It is believed that such a deposition is needed to demonstrate the "actual malice" of the Defendant in continuing to promote the idea that the Plaintiff "worked with" Mr. Chavez and/or Mr. Schoenberger.

10. In view of the foregoing, the Court should consider the issuance of a subpoena to compel the deposition of Mr. Chavez in Carson City, Nevada or in Las Vegas, Nevada. As you know, Sec. 76(a) allows for evidence to be collected to support the "actual malice" threshold when responding to an Anti-SLAPP motion.

11. In summary, the Plaintiff requests guidance from the Court on the applicability of Sec. 76(a) to this lawsuit, the impact of **ECF no. 239** on discovery timetables (assumed to be frozen presently), and the issuance of a subpoena for Mr. Chavez.

Respectfully,

D. George Sweigert

### CERTIFICATE OF SERVICE

**The undersigned hereby attests under penalties of perjury that copies of this communication have been sent via electronic mail message to the following parties on the fourteenth day (14th) of April, two thousand and twenty-one (2021).**

| **Clerk of the Court, Room 200**<br>temporary_pro_se_filing@nysd.uscourts.gov | Jason Goodman, CEO<br>truth@crowdsourcethetruth.org |
|---|---|

*D. GEORGE SWEIGERT*
*Pro Se Non-Attorney*
*GENERAL DELIVERY*
*NEVADA CITY, CA 95959*

3

# EXHIBIT THREE

---------- Original Message ----------
From: Spoliation Notice <spoliation-notice@mailbox.org>
To: Jason Goodman <truth@crowdsourcethetruth.org>, Spoliation Notice <spoliation-notice@mailbox.org>
Cc: "margaret.esquenet@finnegan.com" <margaret.esquenet@finnegan.com>, "samuel.eichner@finnegan.com" <samuel.eichner@finnegan.com>, "b.brett.heavner@finnegan.com" <b.brett.heavner@finnegan.com>
Date: 09/09/2021 8:37 PM
Subject: Re: Activity in Case 1:18-cv-08653-VEC-SDA Sweigert v. Goodman Motion for Miscellaneous Relief


Dear Sir,

It appears your JASON GOODMAN channel is now open to the public again.

https://www.youtube.com/watch?v=PZcZFBbJEb0

As you are well aware, the undersigned had nothing to do whatsoever with this channel being placed in private off-line status.

Further, the undersigned has nothing to do with "REDACTED" at GMAIL.COM.  This is simply more speculation on your part.

Also, you shall be sued in a new action for your mental health comments made to CNN, Forbes and the NYPost.  Prepare to be sued in New York State court.

Best,

D. Geo. Sweigert

# EXHIBIT FOUR



# EXHIBIT FIVE



