IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| D. GEORGE SWEIGERT | Case No.: 1:18-cv-08653-VEC-SDA |
| Plaintiff, | |
| vs. | **NOTICE OF MOTION** |
| JASON GOODMAN, | |
| Defendant | |

Please take notice that JASON GOODMAN, pro se Defendant will move this Court, pursuant to 28 U.S.C. § 144 and 455 of the Federal Rules of Civil Procedure, at a time and date to be determined by the Court, for the recusal or disqualification of Judge Valerie Caproni.

Signed this 10th day of November 2021

Respectfully submitted,

_____

Jason Goodman, Defendant, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
(323) 744-7594
truth@crowdsourcethetruth.org

NOTICE OF MOTION - 1

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

D. GEORGE SWEIGERT

      Plaintiff,

vs.

JASON GOODMAN,

      Defendant

Case No.: 1:18-cv-08653-VEC-SDA

**AFFIDAVIT OF JASON GOODMAN IN SUPPORT OF DEFENDANT'S MOTION FOR RECUSAL OR DISQUALIFICATION OF JUDGE VALERIE CAPRONI**

1. I, Jason Goodman, hereby swear under oath and declare under penalty of perjury that the following is true and correct to the best of my knowledge and belief.

2. I am over the age of 18, legally and mentally competent to make this affidavit under oath.

3. I am the pro se Defendant in Sweigert v Goodman and the owner, CEO, sole stockholder and singular employee of Multimedia System Design, Inc ("MSD").

4. The Honorable Valerie Caproni ("Judge Caproni") has engaged in a pattern and practice of issuing unduly prejudicial rulings against me, contrary to the service of justice and representative of an extrajudicial bias and deep-seated personal animus against me.

5. I am a prominent conservative social media influencer, documentary filmmaker, talk show host and public interest activist who supported President Donald J. Trump throughout his Presidency and in the 2020 election.

6. Judge Caproni was appointed to her current position by President Barack Obama and has made several financial contributions to Democrat political candidates in past years.

7. Judge Caproni was appointed FBI General Counsel by Robert Mueller in 2003 who would famously go on to relentlessly pursue President Donald Trump throughout his

Presidency in the matter colloquially referred to as "Russiagate". False claims alleged the President had covertly conspired with Russia. Mueller's theories orbiting this alleged conspiracy have been proven false, making Judge Caproni's former boss and mentor a conspiracy theorist who relies on misinformation.

8. In a hearing before Judge Caproni on October 25, 2021, during oral testimony the judge interrupted and prevented me from delivering my statement. Judge Caproni mocked and criticized me, claiming I was like "Qanon". This vile insult is irrelevant to the case, has no validity and is unsupported by any evidence. Judge Caproni carelessly aligned me with a subversive political movement that has been linked to murder, domestic terrorism, and other despicable acts of violence that I have never participated in. This claim is obviously derived from a personal political bias against me.

9. Judge Caproni has repeatedly demonstrated a deep-seated animus and bias against me and in favor of adverse parties in this and NATAS v MSD (1:20-cv-07269-VEC-OTW)

10. Judge Caproni has not taken reasonable steps to curtail Plaintiff's extrajudicial vexatious behavior, as an impartial judge should. Plaintiff's unhinged blog posts were directly attributed to MSD's attorney withdrawal. Threats against an innocent child had no impact on Judge Caproni's protection and endorsement of Plaintiff's inappropriate behavior.

11. Judge Caproni has failed to act in a meaningful way to curtail Plaintiff's malicious actions which have affected the outcome of this case and NATAS v MSD.

12. By branding and defaming me as Qanon, Judge Caproni herself is spreading false and unsubstantiated claims. Judge Caproni's effort to link me to a criminal organization I am not part of and have denounced, make it clear fair judgement in her court is impossible.

AFFIDAVIT OF JASON GOODMAN IN SUPPORT OF DEFENDANT'S MOTION FOR RECUSAL OR DISQUALIFICATION OF JUDGE VALERIE CAPRONI - 2

13. Judge Caproni's bias has an extrajudicial source.  Nothing in this litigation pertains to Qanon.  I have never been involved in or aligned with Qanon or participated in domestic terrorism of any kind and the judge has no basis on the record to form this conclusion.

14. Judge Caproni's political partisanship has severely impacted her decision-making and shows unjust favorability to parties adverse to me in this and other litigation.  This political partisanship has caused Judge Caproni to rule not on the law or facts presented, but instead to rule against me based on her animus, bias, and prejudice against me.

15. Judge Caproni has demonstrated such a high degree of animosity toward me, fair judgement has become impossible, she must recuse herself or be disqualified pursuant to 28 U.S.C. § 144 and 455 (a).

16. Upon filing of this affidavit showing extrajudicial bias and prejudice Judge Caproni must "proceed no further [t]herein, but another judge shall be assigned to hear such proceeding" pursuant to 28 U.S.C. § 144.


Signed this 10th day of November 2021

Respectfully submitted,

_____

Jason Goodman, Defendant, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
(323) 744-7594
truth@crowdsourcethetruth.org

AFFIDAVIT OF JASON GOODMAN IN SUPPORT OF DEFENDANT'S MOTION FOR RECUSAL OR DISQUALIFICATION OF JUDGE VALERIE CAPRONI - 3

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

D. GEORGE SWEIGERT                          Case No.: 1:18-cv-08653-VEC-SDA

      Plaintiff,

vs.                                         **DEFENDANT'S MOTION FOR**
                                            **RECUSAL OR DISQUALIFICATION OF**
JASON GOODMAN,                              **JUDGE VALERIE CAPRONI**

      Defendant

      Pro Se Defendant Jason Goodman moves the Court pursuant to 28 U.S.C. § 144 and 455 (a) for the recusal or disqualification of Judge Valerie Caproni for demonstrating excessive animosity and personal bias against Defendant Goodman with such a high degree of antagonism it is likely to make impartial judgment impossible and is derived from an extra judicial source.

      This application is timely because on October 25, 2021, in a hearing on unrelated litigation the judge accused Defendant of being like "Qanon" a subversive internet subculture associated with violence, murder, and domestic terrorism.  This false and unsubstantiated statement by the judge demonstrates extreme personal extrajudicial bias and animosity against Goodman.  Defendant has no affiliation with Qanon and Qanon has nothing to do with this case. Judge Caproni's personal political bias against Defendant is so great, and her animosity so overwhelming, it has prevented her from taking appropriate action to prevent damaging interference, unfavorable to Defendant, even in the face of threats against an innocent child.

## I.    INTRODUCTION

      In Liteky v. United States, 510 U.S. 540, 555 (1994) the Supreme Court ruled:

"Judicial remarks during the course of a trial [may] support a bias or partiality challenge [if they]

DEFENDANT'S MOTION FOR RECUSAL OR DISQUALIFICATION OF JUDGE VALERIE CAPRONI - 1

reveal an opinion that derives from an extrajudicial source; and they will do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible."

28 U.S. Code § 144 calls for mandatory disqualification of Judges who display personal bias or prejudice to an adverse party. "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144.

The affidavit attached is specific as to the extrajudicial bias and prejudice and is not conclusory. Judge Caproni, in her own words, branded and defamed Defendant as "Qanon" in a public hearing. She has allowed threats against Defendant's former attorney's child to go unaddressed, causing that attorney to withdraw from unrelated litigation she is presiding over. Further buttressing 28 U.S.C. § 144, is 28 U.S.C. § 455, whereby a judge must be disqualified "in any proceeding in which [their] impartiality might reasonably be questioned," 28 U.S.C. § 455(a). The test for disqualification is objective, Defendant does not need to present "the reality of bias or prejudice but its appearance." Liteky v. United States, (1994).

In addition to this instant matter, Judge Caproni also presides over THE NATIONAL ACADEMY OF TELEVISION ARTS AND SCIENCES, INC. and ACADEMY OF TELEVISION ARTS & SCIENCES vs MULTIMEDIA SYSTEM DESIGN, INC., (1:20-cv-07269-VEC-OTW) ("NATAS v MSD"). Defendant is the owner, CEO, sole stockholder and singular employee of Multimedia System Design, Inc. ("MSD") which is presently unrepresented as a direct result of Judge Caproni's personal bias in favor of Plaintiff Sweigert.

DEFENDANT'S MOTION FOR RECUSAL OR DISQUALIFICATION OF JUDGE VALERIE CAPRONI - 2

Sweigert's deliberate and wildly inappropriate antagonization of MSD's former attorney Jonathan Snyder ("Snyder") including a threat to his infant daughter, was directly cited as the reason for withdrawal. **(EXHIBIT A)**

With Judge Caproni's tacit approval, Plaintiff has engaged in a wide range of persistent, vexatious, extrajudicial activities intended to harm the Defendant and wrongfully gain advantage in this case.  Due to her extrajudicial bias, the judge has ignored this outrageous behavior to the catastrophic financial detriment of Defendant, leaving his company unrepresented in NATAS v MSD and unduly complicating the task of finding new counsel. Judge Caproni has shown a favorable bias to a Plaintiff who has publicly stated his goal to spend the rest of his life suing Goodman for no specific cause of action.  Judge Caproni should have taken steps to curtail Plaintiff's maniacal harassment of Defendant and especially his attorney Snyder and his young child.  Judge Caproni's failure to act demonstrates ratification of these actions and a bias in favor of Plaintiff.  This personal bias against Defendant emanates from an extrajudicial source and is favorable to Plaintiff's deranged hoax blog posts and other outrageous, unsubstantiated claims making fair judgement in this matter impossible.

In Steele et al v Goodman et al, the Honorable M Hannah Lauck took decisive action against non-party Sweigert refusing to consider his filings, and thereby halting the interference. **(EXHIBIT B)**.  Judge Caproni has observed Plaintiff's vexatious behavior for years in both this case and NATAS v MSD but has taken no similar action to bring Plaintiff to heel. Judge Caproni's bias against Defendant has caused her to allow Plaintiff broad latitude to interfere with and unjustly harm Defendant.  Judge Caproni is aware that Plaintiff deliberately

DEFENDANT'S MOTION FOR RECUSAL OR DISQUALIFICATION OF JUDGE VALERIE CAPRONI - 3

attacked attorney Snyder with internet posts perceived to be a threat against his 3-year-old daughter as cited in his withdrawal. **(EXHIBT C)**

Plaintiff's egregious efforts are calculated to interfere with this case and unrelated litigation.  Because this is damaging to the Defendant and aligned with Judge Caproni's bias against him, Plaintiff's actions have been permitted, unabated by the judge.  Judge Caproni's inaction has encouraged and emboldened the Plaintiff, assisting his goal of financially damaging the Defendant and preventing the case from proceeding on its merits.

In this instant matter, Plaintiff Sweigert has clogged the docket with a litany of frivolous pleadings intended to harm the Defendant with no regard for waste of judicial resources.  Because claims made in pleadings are immune from libel, Plaintiff uses them to fuel his psychotic, hoax blog posts which he claims are "news" about Defendant but are merely protected defamation.

In a NATAS v MSD hearing on October 25, 2021, while under oath, Defendant attempted to explain evidence that informed his opinion that Sweigert deliberately fomented that litigation and is now cooperating with NATAS by providing information which has been used against Defendant in that case.  Rather than allowing Defendant to explain the full breadth of evidence, Judge Caproni cut him off mid-sentence and angrily barked "This is like, you know, QAnon"  **(EXHIBIT D)** without factual basis, much less any relevance to the case.  Defendant has no association whatsoever with Qanon and the statement shows clear disdain for Defendant and obvious bias.  Aside from Judge Caproni's disparaging statement borne out of her own extrajudicial prejudice, Qanon has no relevance to this case.  Judge Caproni has previously ruled the Defendant is a "conspiracy theorist" without citing evidence, of which there is none, and

DEFENDANT'S MOTION FOR RECUSAL OR DISQUALIFICATION OF JUDGE VALERIE CAPRONI - 4

further falsely stated that Defendant traffics in misinformation.  None of the information

published by Defendant has been shown to be false. The claim of misinformation is prejudicial,

not a controversy in the matter, unfounded and deliberately damaging to Defendant.

## II.   GOVERNING LAW

Judicial disqualification is governed by 28 U.S. Code sections 144 and 455.

Under Section 455(a), judges must disqualify themselves "in any proceeding in which [their]

impartiality might reasonably be questioned," including where they have any "personal bias or

prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the

proceeding" (id. § 455(b)(1). Section 455(b)(1) "simply provides a specific example of a

situation in which a judge's 'impartiality might reasonably be questioned' pursuant to section

455(a)." United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980). What matters under section

455(a) "is not the reality of bias or prejudice but its appearance[,]" and the test for

disqualification under section 455(a) is objective. Liteky, 510 U.S. at 548. Upon filing "a timely

and sufficient affidavit that the judge before whom the matter is pending has a personal bias or

prejudice either against him or in favor of any adverse party, such judge shall proceed no further

therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144.  "The

affidavit shall state the facts and the reasons for the belief that bias or prejudice exists and shall

be filed not less than ten days before the beginning of the term at which the proceeding is to be

heard, or good cause shall be shown for failure to file it within such time."1 Id. The allegations

in the affidavit must be taken as true. United States v Azhocar, 581 F.2d 735, 740 (9th Cir 1978).

"Whenever an affidavit of bias or prejudice directed at a Judge of this Court is

filed pursuant to 28 U.S.C. § 144, and the Judge has determined not to recuse him or herself and

DEFENDANT'S MOTION FOR RECUSAL OR DISQUALIFICATION OF JUDGE VALERIE
CAPRONI - 5

found that the affidavit is neither legally insufficient nor interposed for delay, the Judge shall refer the request for disqualification to the Clerk for random assignment to another Judge." Civil L.R. 3-14.

Under both section 455 and 144, recusal is appropriate where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Yagman v. Republic Ins., 987 F.2d 622, 626 (9th Cir. 1993). "The 'reasonable person' in this context means a 'well-informed, thoughtful observer,' as opposed to a 'hypersensitive or unduly suspicious person.'" Clemens v. U.S. Dist. Court for Central Dist. Of California, 428 F.3d 1175 (9th Cir. 2005) (citing In re Mason, 916 F.2d 384, 386 (7th Cir. 1990)). This is an objective standard, from the perspective of "someone who 'understand[s] all the relevant facts' and has examined the record and the law." United States v. Holland, 519 F.3d 909, 913 (9th Cir.2008). Recusal is justified in cases of "actual bias or the appearance of bias." Yagman, 987 F.2d at 626; accord Liteky, 510 U.S. 540 (what matters "is not the reality of bias or prejudice but its appearance").

Accusations of bias cannot arise from "mere disagreement" with judicial rulings; legitimate claims must demonstrate "deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky, 510 U.S. at 555. Generally disqualification is supported by evidence from an "extrajudicial source"—"something other than rulings, opinions formed, or statements made by the judge during the course of trial." Holland, 519 F.3d at 913-14. But judicial remarks that are critical or disapproving of, or hostile to, counsel, the parties, or their cases, will support a bias or partiality challenge "if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." Id., accord Liteky, 510 U.S. at 551 (absent

DEFENDANT'S MOTION FOR RECUSAL OR DISQUALIFICATION OF JUDGE VALERIE CAPRONI - 6

any "extrajudicial source," a judge's "favorable or unfavorable predisposition" in the course of the proceedings will be characterized as bias or prejudice "if it is so extreme as to display clear inability to render fair judgment").  Judge Caproni has demonstrated such bias, by categorizing Defendant as a "Qanon" aligned "conspiracy theorist" contrary to fact and absent any evidence.

**III.    A REASONABLE PERSON WITH KNOWLEDGE OF THE FACTS WOULD CONCLUDE THAT JUDGE CAPRONI'S IMPARTIALITY MIGHT BE REASONABLY QUESTIONED IN THIS CASE**

**A.  Judge Caproni has mocked and insulted Defendant**

The term "conspiracy theorist" is so imprecise in its definition and application, it has no meaning beyond implied derision.  It is little more than a juvenile insult, dredged from the bowels of obvious prejudice.  Using the term in these proceedings is tantamount to calling a litigant "ugly" and basing a judgement on that finding.  The intentionally unflattering title has no objective definition, no legal force and effect and no place in an impartial judge's rulings.  Its insertion into the record by Judge Caproni serves only to demean Defendant and elevate the dubious claims of adverse parties.  It has no evidentiary or other value in resolving this or any dispute apart from harming Defendant and demonstrating judge Caproni's bias against him.

**B.  Judge Caproni is retaliating against Defendant**

The July 30, 2021 order in which Judge Caproni deemed Defendant a "conspiracy theorist" was issued two weeks after author and journalist Jack Cashill ("Cashill") appeared in an interview on Defendant's talk show on July 15, 2021. (https://youtu.be/Y0Z9-bKxJh4)

Cashill discussed allegations from his book *TWA Flight 800*, in which he claims Judge Caproni violated the law in her role as Assistant US Attorney by facilitating a transfer of

DEFENDANT'S MOTION FOR RECUSAL OR DISQUALIFICATION OF JUDGE VALERIE CAPRONI - 7

the crash investigation from NTSB to FBI.  While this is Cashill's allegation that Defendant

knows nothing more about, the coincidental nature of these events creates the appearance that

Judge Caproni has a motive to cause the public to believe Defendant is a misinformed, Qanon

conspiracy theorist.  The mere appearance of this motive makes fair judgement impossible.

**C.  Judge Caproni has not taken reasonable steps that are within her**
**purview to curtail Plaintiff's vexatious behavior and interference**

Plaintiff has clogged the docket with hundreds of pleadings the judge herself has

deemed "incomprehensible" while simultaneously attempting numerous inappropriate

disruptions and extrajudicial harm.  Plaintiff is a judicial menace, and his outrageous behavior

has directly impacted not only this case but also NATAS v MSD and Sweigert v CNN in the

Eastern District of Michigan **(EXHIBIT E)**.  Despite all this, Judge Caproni has not taken

reasonable steps an impartial judge should take to curtail Plaintiff's inappropriate actions.  Judge

Caproni is aware Defendant's former attorney Snyder in NATAS v MSD withdrew in direct

response to what he characterized as a threat from Plaintiff against his infant daughter.  It would

be well within reason and the judge's broad capabilities to take action to persuade Plaintiff to

behave like a normal litigant.  Because of her personal animus and bias against Defendant, Judge

Caproni has not done that.  Her tacit approval emboldens Plaintiff and amplifies his malicious

antics serving to dramatically increase these proceedings and substantially harm Defendant.

**D.  Judge Caproni has favored Plaintiff by accepting extrajudicial false**
**claims about Defendant as agreed upon facts in the absence of evidence**

During the October 25 NATAS v MSD hearing, Defendant was given an

opportunity to provide evidence in the form of oral testimony but was repeatedly and

DEFENDANT'S MOTION FOR RECUSAL OR DISQUALIFICATION OF JUDGE VALERIE
CAPRONI - 8

aggressively interrupted by Judge Caproni preventing a complete record.  Judge Caproni mocked and derided the Defendant and shouted "this is like, you know, Qanon" despite Qanon being irrelevant to this case.   The image below taken from Plaintiff's website juxtaposes Defendant's face against a headline announcing, "Jason Goodman link to QAnon".



Plaintiff presents no actual link, and no evidence of a link exists.  This is pure fabrication just like Judge Caproni's statements alleging disinformation and conspiracy theory. Plaintiff created his fake headline with a tool called "breakyourownnews.com" as seen above Defendant's forehead upon careful examination of the image.  This crude fabrication falsely

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

associates Defendant with the FBI designated domestic terror organization and is just one

example of Defamatory harassment endorsed by Judge Caproni.

### E.  Judge Caproni prejudged evidence adverse to Defendant prior to trial

During the October 25 NATAS v MSD hearing, Judge Caproni reiterated the

finality of her conclusion that the Defendant's alleged parody was not protected fair use and he

had infringed on NATAS' rights.  Before Defendant has even had an opportunity to make its

case to a jury, the Court has already decided the core disputed issue in the adverse party's favor.

Judge Caproni is consistently and unjustifiably favorable to parties adverse to Defendant based

on personal animus, political bias and prejudice against Defendant.

### CONCLUSION

For the reasons stated herein, Judge Valerie Caproni should recuse herself from

this and any other legal action involving Defendant or otherwise be disqualified by the Court.

### CERTIFICATE OF COUNSEL

I, Jason Goodman Defendant pro se, hereby certify that this Motion and accompanying

affidavit along with the facts contained therein, made pursuant to 28 U.S. Code § 144 and 455 is

being made in good faith.


Signed this 10th day of November 2021

Respectfully submitted,

_____
Jason Goodman, Defendant, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
(323) 744-7594
truth@crowdsourcethetruth.org

DEFENDANT'S MOTION FOR RECUSAL OR DISQUALIFICATION OF JUDGE VALERIE
CAPRONI - 10

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| D. GEORGE SWEIGERT | Case No.: 1:18-cv-08653-VEC-SDA |
| Plaintiff, | |
| vs. | **CERTIFICATE OF SERVICE** |
| JASON GOODMAN, | |
| Defendant | |

Jason Goodman Defendant pro se hereby certifies under penalty of perjury that a true and correct copy of the foregoing was filed electronically through the court's Temporary Pro Se filing system and by U.S. Mail to Plaintiff on November 10, 2021.

Signed this 10th day of November 2021

Respectfully submitted,

_____

Jason Goodman, Defendant, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
(323) 744-7594
truth@crowdsourcethetruth.org

AFFIDAVIT OF JASON GOODMAN IN SUPPORT OF DEFENDANT'S MOTION FOR
RECUSAL OR DISQUALIFICATION OF JUDGE VALERIE CAPRONI - 1

**(EXHIBIT A)**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| | X |
| THE NATIONAL ACADEMY OF | : |
| TELEVISION ARTS AND SCIENCES, INC. | : |
| and ACADEMY OF TELEVISION ARTS & | : |
| SCIENCES, | : |
| | : |
| Plaintiffs, | : |
| -v- | : |
| | : |
| MULTIMEDIA SYSTEM DESIGN, INC. | : |
| d/b/a "CROWDSOURCE THE TRUTH", | : |
| | : |
| Defendants. | : |
| | X |

Civil Action No. 1:20-cv-07269

**NOTICE OF MOTION**

Please take notice that JOHN H. SNYDER, counsel for Defendant Multimedia System

Design, Inc. and its owner, Jason Goodman, will move this Court, pursuant to Local Rule 1.4 as

well as Rules 1.7 and 1.16 of the N.Y. Rules of Professional Conduct, at a time and date to be

determined by the Court, for an order:

1) Granting Attorney Snyder leave to withdraw as counsel of record; and

2) adjourning the discovery hearing scheduled for August 16, 2021 at 1:30pm (before

Judge Wang) for at least 90 days.

Dated:    New York, New York
          August 13, 2021

_____

John H. Snyder PLLC
John H. Snyder
555 Fifth Avenue, Suite 1700
New York, NY 10017
(917) 292-3081
john@jhs.nyc

*Counsel of Record for Defendant*
*and Mr. Goodman*

1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X

THE NATIONAL ACADEMY OF : 
TELEVISION ARTS AND SCIENCES, INC. : 
and ACADEMY OF TELEVISION ARTS & : 
SCIENCES, :     Civil Action No. 1:20-cv-07269
                   :
          Plaintiffs, :
     -v- :     **DECLARATION OF**
                   :     **JOHN H. SNYDER**
MULTIMEDIA SYSTEM DESIGN, INC. :
d/b/a "CROWDSOURCE THE TRUTH", :
                   :
         Defendants. :

---------------------------------------------------------------- X

JOHN H. SNYDER, an attorney licensed to practice in the State of New York and this Court, states as follows in support of his motion for leave to withdraw as counsel of record in the above-captioned matter, which is made pursuant to SDNY Local Rule 1.4, as well as Rule 1.7 and 1.16 of the N.Y. Rules of Professional Conduct. I also respectfully request a 90-day adjournment of the discovery sanctions hearing scheduled for August 16, 2021, so as to give Mr. Goodman and his company time to find new counsel.

1.     Your Declarant has practiced in this Court for 16 years, including volunteering significant time as an unpaid court-appointed mediator for the Southern District. I have always represented my clients with loyalty and zeal, advancing my client's lawful objectives to the best of my ability. Nor have I shied away from representing underdogs and clients with unpopular opinions. As a young lawyer, I learned that our system of justice depends on lawyers being willing to take on hard cases and unpopular clients.

2.     With considerable regret, I must respectfully ask the Court for leave to withdraw from the representation of Jason Goodman and his company, Multimedia System Design, Inc.

1

Simply put, Mr. Goodman's journalism appears to have attracted opposition, including but not limited to Mr. Sweigert, whose antipathy toward Mr. Goodman is beyond anything I have experienced in nearly two decades as a New York litigator.

3. The Court is aware of David Sweigert, the *pro se* plaintiff in *Sweigert v. Goodman*. For many months, Mr. Sweigert has been making negative posts about me on his blog, which of course I ignored. Then, in May 2021, Sweigert started sending emails to dozens of recipients (including the New York Attorney General), purporting to make a bar complaint against me. Again, I ignored Mr. Sweigert. However, a couple weeks ago, Mr. Sweigert crossed the line by posting a photograph of my young child. In light of the surrounding circumstances, I construe this as either a threat or a warning.

4. Since the time Mr. Sweigert posted a photo of my child, I have made inquiries and formed the opinion that Mr. Sweigert (and others who share antipathy toward Mr. Goodman) are not people I want to fight with. I cannot determine what motivates them, but I have no reason to assume they are harmless.

5. In moving to withdraw, I intend no criticism of Mr. Goodman or his journalistic pursuits. Mr. Goodman is a cordial and cooperative client who works extremely hard on his craft. Nevertheless, Mr. Goodman's work seems to have attracted opposition that is outside of my comfort zone.

6. Rule 1.16 of the N.Y. Rules of Professional Conduct makes withdrawal mandatory when "the lawyer knows or reasonably should know that the representation will result in a violation of these Rules or of law. . . ."

7. Under Rule 1.7 of the N.Y. Rules of Professional Conduct, "a lawyer shall not represent a client if a reasonable lawyer would conclude that . . . there is a significant risk that the

lawyer's professional judgment on behalf of a client will be adversely affected by the lawyer's own financial, business, property or other personal interests."

8.      In this instance, my professional judgment is 100% impaired. I have agonized over this decision, but at the end of the day, I cannot zealously represent Mr. Goodman's interests if I am worried about my family. For that reason, I consider my withdrawal to be mandatory.

9.      It will be a challenge for Mr. Goodman to find new counsel. For that reason, I respectfully request that the pending August 16, 2021 discovery sanctions hearing be adjourned for at least 90 days in order to give Mr. Goodman and his company time to retain new counsel.

10.     Mr. Goodman has authorized me to advise the Court that he consents to my withdrawal. I have assured Mr. Goodman that I will cooperate fully in transitioning the file. I further confirm that Mr. Goodman has no further financial obligation to my firm.

11.      I declare under penalty of perjury that the foregoing is true and correct.


Executed on August 13, 2021.



_____
        JOHN H. SNYDER

3

**(EXHIBIT B)**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**ROBERT DAVID STEELE,** *et al.***,**

      **Plaintiffs,**

**v.**                                              **Civil Action No. 3:17cv601**

**JASON GOODMAN,** *et al.***,**

      **Defendants.**

## ORDER

For the reasons stated in the accompanying Memorandum Opinion, the Court DENIES

Sweigert's Motion to Intervene, (ECF No. 93), and will not consider future filings by Sweigert.

The Court DENIES AS MOOT Sweigert's other motions. (ECF Nos. 102, 108, 124.) The Court

STRIKES Sweigerts' miscellaneous filings from the record. (ECF Nos. 51, 54, 55, 56, 58, 59,

60, 75, 77, 84, 103, 120, 137, 138, 140, 142, 145, 147, 149, 150.) The Court will address all

other pending motions by separate Memorandum Opinion and Order. (ECF Nos. 109, 121,

126, 127.)

Let the Clerk send a copy of this Memorandum Opinion and Order to all counsel of

record and to Sweigert, Goodman, and Lutzke at their respective addresses of record.

It is SO ORDERED.

                                          /s/
                                      M. Hannah Lauck
                                      United States District Judge

Date: 7/25/19
Richmond, Virginia

**(EXHIBIT C)**



**SDNY.ORG**

Jason Goodman George Webb Cyber
Stalking Alt-Right DEFANGO Robert
David Steele Larry Klayman

Home     New Page     Blog

All Posts

Log in / Sign up

#SDNYORG 👑     a day ago     2 min read

## [ALERT:] U.S. Marshals Service advised of Citizens Grand Jury activities to protect federal judges

Updated: 5 hours ago



Above:  The CrowdSource The Truth Citizens Grand Jury seems to be shrinking now that every move they make is reported to the U. S. Marshals Service (U.S.M.S.). part of the "domestic terrorism lite" club.

Let's Chat!

**Federal judges breath easier now that the COUNTER LAWFARE FUND is reported to the U.S. Marshals Service for any noticeable activity.**

**NEWS ALERT:  Larry Klayman has reported he will be in Tombstone, Arizona between July 26th and July 28th, 2021.  All law enforcement advised.**

Tombstone Marshal's Department
**JIM ADAMS**
315 E. Fremont Street
PO Box 339
Tombstone, AZ 85638
Phone: (520) 457-2244
Email: jadams@cochise.az.gov



**Conspiracy crack-pots Larry "Skipper" or "Skip" Klayman and Jason "Little Buddy" Goodman will now have their daily activities reported to the U.S.M.S. in an effort to alert judicial staff to the emerging potential *domestic terrorist lite* threat.**

Let's Chat!







**GOODMAN, Jason aka Little Buddy and KLAYMAN, Lawrence aka Skip**

Let's Chat!




### Techdirt Is Fighting A New Lawsuit

from the *slapp-suits* dept
Thu, Jul 22nd 2021 10:44am — **Mike Masnick**

Techdirt was recently sued in <u>Florida by Larry Klayman</u> for an article that we published concerning the US Court of Appeals for the District of Columbia Circuit suspending his license for 90 days. We strongly believe that this case is entirely without merit, and is a clear attempt to silence opinion and criticism via the court system.

Last week, we asked the court to dismiss the lawsuit under Florida's anti-SLAPP law, and we hope that the court will agree. Beyond that, while litigation is still ongoing, we'll have no further comment, other than to note our continued advocacy for the adoption of more state anti-SLAPP laws and a strong federal anti-SLAPP law.

https://www.techdirt.com/articles/20210722/09501147223/techdirt-is-fighting-new-lawsuit.shtml

adopted the magistrate's report and recommendation. Additionally, in their last motion they randomly attacked each of Jeffries, Brad, Jesse and Storm Matters, simply outside the record. *See* ECF Nos. [128-1]; [128-2] (reply to response to reconsideration). To address the attack that Klayman stated, during divorce proceedings, was forced to leave on more than one occasion the . . . act [sic] in a grossly inappropriately [sic] manner with the children. His conduct may not have been sexual in the sense that he intended to or did derive any sexual pleasure from it or that he intended that the children would. That, however, does not mean that he didn't engage in those acts or that his behavior was proper." *Klayman v. City Pages*, 650 Fed. Appx. 744, 746 (11th Cir. 2016) (citing records from Klayman's 2009 divorce hearing regarding Klayman's behavior towards his own children). *See* Exhibit -- 2. Plaintiffs' failure to consider how placing

"KLAYMAN PLAYS WITH HIS KIDS"

[O]n more than one occasion the Plaintiff act [sic] in a grossly inappropriately [sic] manner with the children. His conduct may not have been sexual in the sense that he intended to or did derive any sexual pleasure from it or that he intended that the children would. That, however, does not mean that he didn't engage in those acts or that his behavior was proper.

And for all his protestations of innocence ... he repeatedly invoked his Fifth Amendment right against self-incrimination ... [Because this is a civil proceeding,] the Court may draw an adverse inference from a party's decision not to respond to legitimate questions....

D.E. 95–2 at 22. Mr. Klayman filed an

Let's Chat!



## OPINION AND EDITORIAL

All citizens should be on the look out for the "feed the tree of liberty with the blood of tyrants" crowd at the COUNTER LAWFARE FUND, operated by CrowdSource The Truth. Any noticeable activity should be reported to the U.S. Marshals Service as a courtesy.

Kindly document statements at the time-marks for these so-called "domestic threat" videos.  Report the video with URL link and time-marks of commentary.  Phrases like:

*We need to take action now*

*We are going to indict so and so with a criminal indictment*

*We are re-writing the Constitution*

*We our racist bigots*

*We work for SPUTNIK and other Russian media groups*

*We use judicial intimidation to put federal judges on notice*

*We make videos of ourselves masturbating*

*We store 500 naked pictures of ourselves on our laptop*

*We covet TINDER messages from 18 year old girls*

*We are in debt and don't pay child support*

*We have inappropriate contact with our children*

Let's Chat!

*etc.*





Let's Chat!

Every Breath You Take



**Copy of Jason Goodman's Police Report**
**Please download and send to all law enforcement agencies**

Jason-Goodman-Police-Report - Copy (1).pdf
Download PDF • 1.08MB



Let's Chat!

Above:  John H. Snyder, esq. of the COUNTER LAWFARE REPORT (replacing Brian Vukadinovich).  The newest member of the so-called *domestic terrorist lite* club.



# CREEPY FACTS ABOUT JASON GOODMAN

Let's Chat!



Let's Chat!



**Above:  Jason Goodman physically stalking George Webb (apparently punched in the kidney region)**



**"I support Jason Goodman", "Dr." Jerome Corsi, PhD**

Let's Chat!



## NEW TROUBLES IN MICHIGAN FEDERAL COURT

Instead of holding an evidentiary hearing on this most serious matter, Judge Lillard addressed it verbally, stating she had called now-U.S. District Court Judge Gershwin Drain regarding the order, and he denied authoring it or placing it on his docket. The phone call was an ex parte action in violation of procedure.



**Jason Goodman Key witness**

Lillard previously worked in the Prosecutor's Office with Judge Bradley Drain, constituting a conflict of interest. Lillard has said in a published article that she considers Wayne Co. Prosecutor Kym Worthy her "mentor." Chief Judge Timothy Kenny recused Lillard from

U.S. District Court Judge Gershwin Drain

**Above:  SPUTNIK radio affiliate Jason "Pinko" Goodman may be in hot water for throwing allegations towards the Clerk of the Court in the Eastern District of Michigan.**

**Jason Goodman is seeking to have a "public corruption" case investigated.  Goodman says that NATO hater George Webb schemed with the Clerk of the Court.  Some observers remark that it appeared as a "kiss of death" document, apparently meaning talk of possible political trauma, aka industrial accident.**

Let's Chat!



Above:  Russian SPUTNIK affiliate Jason Goodman outside the federal courthouse.

FAIR USE NOTICE

This channel may make use of copyrighted material the use of which has
not always been specifically authorized by the copyright owner.
This constitutes a 'fair use' of any such copyrighted material as provided for in
section 107 of the US Copyright Law.
In accordance with Title 17 U.S.C. Section 107, the material on this channel is offered
publicly and without profit, to the public users of the internet for comment
and nonprofit educational and informational purposes.
Copyright Disclaimer Under Section 107 of the Copyright Act 1976,
allowance is made for "fair use" for purposes such as criticism, comment,
news reporting, teaching, scholarship, and research. Fair use is a use permitted.
No copyright(s) is/are claimed.
The content is broadcasted for Study, Research and Educational purposes.

The broadcaster gains no profit from broadcasted content,
so it falls under "Fair Use" guidelines. www.copyright.gov/fls/fl102.html

Let's Chat!



37 views     0 comments                                                        1 ♡

Let's Chat!

Recent Posts

See All

[ALERT:] TWA 800 mystery still
orbits SDNY Judge Valerie E....

👁 101          💬 0                              1 ♥

[ALERT:] Philadelphia
Independence Center to host so-...

👁 137          💬 0                              6 ♥

[ALERT]: Will Larry Klayman's UFO
theories scare SDNY Judge Valer...

👁 106          💬 0                              6 ♥

©2020 by SDNY.ORG. Proudly created with Wix.com

Let's Chat!

**(EXHIBIT D)**

1           MR. GOODMAN:  I know it is not.  I am very confident.

2           THE COURT:  What is your evidence?  This is like, you

3    know, QAnon.

4           MR. GOODMAN:  Nothing to do with QAnon, your Honor.

5    And you know what?  This case has constantly tried to associate

6    me with that, calling me a conspiracy theorist which is a

7    pejorative term with no legal force and act.

8           THE COURT:  Mr. Goodman, I am suggesting that you

9    are --

10          MR. GOODMAN:  You did say I am an conspiracy

11   theorist --

12          THE COURT:  Don't interrupt me.

13          Just saying "I know" doesn't get you anywhere because

14   you are in a court of law.  So, unless there's some evidence,

15   some fact, what you've got is just your speculation.

16          MR. GOODMAN:  This is a member of the Academy who

17   is -- the Academy doesn't know who it is and why aren't they

18   being compelled to present some evidence that they know who

19   that person is?  Here is the reason it's being protected.  It

20   is not a famous person as an email address that was created

21   specifically to do this.

22          THE COURT:  And your evidence of that is what?

23          MR. GOODMAN:  My evidence of that is that I have been

24   in Hollywood for a lot years and I've known a lot of actors and

25   directors and they do not have email addresses that lead to

**(EXHIBIT E)**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE WEBB SWEIGERT,

    Plaintiff,

       v.

CABLE NEWS NETWORK, INC.,

    Defendant.

Case No. 20-cv-12933

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

_____/

## ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED WITHOUT PREJUDICE

On October 31, 2020, Plaintiff George Webb Sweigert filed the instant action against Defendant Cable News Network, Inc. ("CNN"). *See* ECF No. 1. A third party, D. George Sweigert, filed a Motion for Change of Venue, which this Court denied without prejudice.

The Court notes that service of the Summons and Complaint was not made upon Defendant CNN within 120 days after the filing of the Complaint. *See* Fed. R. Civ. P. 4(m) ("[I]f a defendant is not served within 120 days after the complaint is filed, the court . . . after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff shall show cause, **in writing, by June 18, 2021**, why this matter should not be dismissed without prejudice.  Failure to respond may result in dismissal of this case.

**IT IS SO ORDERED.**


                              s/Gershwin A. Drain_____
                              GERSHWIN A. DRAIN
                              UNITED STATES DISTRICT JUDGE

Dated:  June 4, 2021


CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
June 4, 2021, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager