U.S. DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| D. GEORGE SWEIGERT<br><br>Vs.<br><br>JASON GOODMAN | Case 1:18-cv-08653-VEC-SDA<br><br>VALERIE E. CAPRONI |
|---|---|

## PLAINTIFF'S OBJECTIONS TO THE

## MAGISTRATE'S DISCOVERY ORDER (ECF. Doc. 322)

Respectfully,

**D. George Sweigert**
**Veteran U.S. Air Force**

**America's RV Mailbox**
**514 Americas Way, PMB 13339**
**Box Elder, SD 57719-7600**
Email: **SPOLIATION-NOTICE@MAILBOX.ORG**

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................ 2

TABLE OF AUTHORITIES ......................................................................................................... 4

OBJECTIONS PURSUANT TO RULE 72(a) ............................................................................. 6

LEGAL STANDARD .................................................................................................................... 6

    *Affirmative defense to bolster de novo review request* ............................................................. 6

BACKGROUND ............................................................................................................................ 8

PROCEDURAL HISTORY ........................................................................................................... 9

ERRORS OF THE MAGISTRATE ........................................................................................... 10

    *Magistrate's Carve Out* ............................................................................................................ 10

NEED FOR DISCOVERY SANCTIONS .................................................................................. 12

CONCLUSION ............................................................................................................................ 13

## **TABLE OF AUTHORITIES**

**Cases**

*10 Ellicott Square Court Corp. v. Mountain Valley Indem. Co*., 634 F.3d 112, 119 (2d Cir. 2011) ................................................................................................................................ 6

*Beyah v. Walker*, No. 96-2990, 1997 WL 786375, at *1 (2d Cir. Dec. 23, 1997)......................... 6

*Camardo v. General Motors Hourly Rate Employees Pension Plan,* 806 F. Supp. 380, 381–82 (W.D.N.Y. 1992)........................................................................................................... 5

*Grassia v. Scully,* 892 F. 2d 16, 19 (2d Cir. 1989) ........................................................................ 6

*Hynes v. Squillace,* 143 F.3d 653, 656 (2d Cir. 1998)................................................................... 6

*Lester v. Allied Concrete Co.,* Nos. CL.08-150, CL09-223 (Va. Cir. Ct. Sept. 1, 2011) ............. 11

*Morris v. Local 804, Int'l Bhd. of Teamsters, 167 F. App'x* 230, 232 (2d Cir. 2006)................... 6

*NATAS v. Multimedia Systems Design Inc.,* 20-CV-7269 (Caproni, J.) ......................................... 8

*New York v. Mountain Tobacco* Co., 953 F. Supp. 2d 385, 389-90 (E.D.N.Y. 2013) .................. 5

*Pichardo v. N.Y.C. Tr. Auth.,* N.Y. Slip Op. 31186 (N.Y. Sup. Ct. 2019) .................................. 12

*Residential Funding Corp. v. DeGeorge Fin. Corp.,* 306 F.3d 99, 113 (2d Cir. 2002)................ 11

*Thomas E. Hoar, Inc. v. Sara Lee Corp.,* 900 F.2d 522, 525-26 (2d Cir. 1990) ........................... 5

*United States v. Odeh* (In re Terrorist Bombings of U.S. Embassies in E. Africa), 552 F.3d 93, 148 (2d Cir. 2008) ............................................................................................... 11

*United States v. Walker,* 974 F.3d 193, 208 (2d Cir. 2020)......................................................... 11

*West v. Goodyear Tire & Rubber Co.,* 167 F.3d 776, 779 (2d Cir. 1999).................................... 11

**Statutes**

28 U.S.C. § 636(b)(1) ............................................................................................................. 5

**Rules**

Fed. R. Civ. P. 72(b)(3)........................................................................................................... 6

Fed. R. Civ. Proc 56(d) ......................................................................................................... 10

Fed. R. Civ. Proc. Rule 37 ..................................................................................................... 11

Fed. R. Civ. Proc. Rule 72 ...................................................................................................... 5

Federal Rules of Civil Procedure Rule 72(a) and 72(b)(2)...................................................... 5

## OBJECTIONS PURSUANT TO RULE 72(a)

NOW COMES THE PRO SE PLAINTIFF, D. George Sweigert, pursuant to Federal Rules of

Civil Procedure Rule 72(a)and 72(b)(2) to OBJECT to the Magistrate's **ORDER, ECF Doc. 322**

(hereafter "ORDER").

The Magistrate issued the discovery ORDER (**ECF 322**) as a companion document to the Report

and Recommendations (**R&R, ECF 321**).   The Plaintiff hereby objects to this discovery

ORDER (**ECF 322**) and a *de novo* review is requested.

## LEGAL STANDARD

### *Affirmative defense to bolster de novo review request*

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. Proc. Rule 72, *de novo* review is reserved for

"those portions of the report or specified proposed findings or recommendations to which

objection is made" See, e.g., *Thomas E. Hoar, Inc. v. Sara Lee Corp.,* 900 F.2d 522, 525-26 (2d

Cir. 1990) (explaining standard for review of magistrate judge decisions); *New York v. Mountain

Tobacco* Co., 953 F. Supp. 2d 385, 389-90 (E.D.N.Y. 2013).

Plaintiff urges this Court to review Magistrate Aaron's discovery ORDER ( ECF322) *de novo.*

These objections are not merely a rehash of previous arguments as described by *Camardo v.

General Motors Hourly Rate Employees Pension Plan,* 806 F. Supp. 380, 381–82 (W.D.N.Y.

1992).  There is language in these objections to provide the Court a history of the Defendant's

actions to deprive the Plaintiff of discovery materials under the Magistrate's watchful eye.

The Plaintiff notes that in the past the S.D.N.Y. may have relied upon *Camardo* for the proposition that a district court need not perform a *de novo* review of arguments that a party makes in its objections to a magistrate judge's discovery report (322) if that argument was already considered by the magistrate judge.  When *Camardo* is used to deny such review, it deprives litigants of statutory and, possibly, constitutional rights.  Further, the Second Circuit has never adopted the *Camardo* dicta and therefore district courts are not required to follow it.

Indeed, the Second Circuit recently noted without comment that a district court entertained a rehashing of arguments *de novo*, strongly suggesting that it saw that standard of review as appropriate.  *10 Ellicott Square Court Corp. v. Mountain Valley Indem. Co*., 634 F.3d 112, 119 (2d Cir. 2011).  See, e.g., *Morris v. Local 804, Int'l Bhd. of Teamsters, 167 F. App'x* 230, 232 (2d Cir. 2006) (summary order) ("If the parties timely exercise their right to object to those findings, the district court must conduct a de novo review of those portions of the report and recommendation to which the party objects." (citing *Grassia v. Scully,* 892 F. 2d 16, 19 (2d Cir. 1989), and Fed. R. Civ. P. 72(b))); *Hynes v. Squillace,* 143 F.3d 653, 656 (2d Cir. 1998) ("Under 28 U.S.C. § 636(b)(1), the Magistrate Judge's Report-Recommendation was subject to de novo review as to those issues upon which the parties raised objections."); *Beyah v. Walker*, No. 96-2990, 1997 WL 786375, at *1 (2d Cir. Dec. 23, 1997) (unpublished table decision) ("Once objections are filed, the district court conducts a de novo review with respect to the disputed issues.").

The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge

with instructions.  Fed. R. Civ. P. 72(b)(3).  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b).

## **BACKGROUND**

1.      The Magistrate Judge was hampered in his review of video context as articulated in his Report and Recommendation (**R&R, ECF 321**), quoted in relevant part below:

> "[page 12]  The link for the video included in Plaintiff's First Response indicates that the video is not available. (See Pl.'s First Response at 14 (citing https://youtu.be/qyg9YejHyok).) Therefore, on the current record, the Court cannot assess whether the statements contained in Statement 4 are nonactionable opinions as Defendant asserts.

> [page 14]  The link to the video cited by Plaintiff indicates that the video is private. (See Pl.'s Second Response at 2 (citing https://youtube.com/watch?v=yx_6sj33FDs).) Thus, the video could not be reviewed by the Court.

> [page 16]  As with Statements 4, 5 and 6, however, the Court cannot find that these statements are nonactionable opinions without access to the relevant video, which is marked private. (See Pl.'s Second Response at 8 (citing https://www.youtube.com/watch?v=1koAEHYbZTA&t=407s).)

> [page 18]  Again, Defendant did not include this video as part of the summary judgment record and it is marked private. (See Pl.'s Second Response at 14 (citing https://www.youtube.com/watch?v=ekr5cw2WAbU&t=7612s).) Thus, the Court cannot determine who "us" refers to, let alone determine whether the statement is substantially true, as Defendant argues. For these reasons, the Court is unable to determine whether Statement 9 is actionable."

2.      The above situation could have been easily anticipated.  During the discovery period, as documented via **ECF doc. 267**, 4/30/2021 (**EXHIBIT ONE**, attached), the Defendant placed the

JASON GOODMAN YOUTUBE channel (with 119,000 subscribers and 2,333 videos) in an off-line private status thereby hindering and obstructing discovery.  This condition was amplified in paragraphs (1) through (5) of **ECF doc. 245**, 4/14/2021 (**EXHIBIT TWO**, attached).

3.      In sum, the Magistrate's review of these videos was foreseeably obstructed by the Magistrate's lack of action with regards to the JASON GOODMAN channel privatization in April 2021.  In comments made to the public via social media on 4/12/2021 the Defendant insinuated that the Plaintiff was responsible for the "termination" of this channel.  The Defendant also stated the same misleading and false narrative to Judge Valerie E. Caproni on 4/30/2021 during a discovery conference in *NATAS v. Multimedia Systems Design Inc.,* 20-CV-7269 (Caproni, J.).  The Plaintiff was not responsible for the off-line or hoax termination of this YouTube channel.

4.      The deprivation of access to evidence by the Defendant is awaiting correction.  Rather than recognize this situation for what it is – spoliation of evidence – the Magistrate has swept discovery regarding the defamatory per se statements addressed in the R&R under the rug.

## PROCEDURAL HISTORY

5.      Plaintiff alleged that the Defendant has used Plaintiff's image and name without his consent and committed the tort of defamation per se in the Second Amended Complaint (SAC (ECF 88)) and the First Supplemental Complaint ((FSC, ECF 150)). By his RESPONSE on Jan. 29, 2021 (ECF. 189) the Defendant answered the SAC and FSC (see ORDER ECF 180). 2. On Nov. 10, 2020 the Governor of New York signed an updated version of New York Civil Rights Law Section 76 (a)(1)(a), New York's Anti-SLAPP law. (NYCRL 76-A) 3. Discovery commenced for both parties on or about Feb. 23, 2021 by ORDER (ECF 218). A discovery conference was held with both parties and the magistrate judge on March 11, 2021. By ORDER

of Mar. 11, 2021 (ECF 224) Defendant was compelled to produce discovery by April 12, 2021. By ORDER of March 11, 2021 (ECF 224), following the discovery conference, Defendant was ordered to comply with the original "Plaintiff's Interrogatories".

6.      The day prior to the Defendant's discovery deadline, on April 11, 2021 the Defendant filed what can be describes as a New York anti-SLAPP Motion (ECF 239), pursuant to New York Civil Rights Law section 76-A. 5. The Court then allowed the Defendant to proceed with a F.R.C.P. Rule 56 motion per Court's Order dated May 4, 2021 (ECF 270) 6. The Defendant, with the help of a licensed attorney ghost writer, has docketed FCF nos. 277, 278, 279, and 280 which comprise a Motion for Summary Judgement pursuant to Rule 56 of the Federal Rules of Civil Procedure (F.R.C.P.).

7.      The Plaintiff filed, "PLAINTIFF'S NOTICE OF MOTION FOR CONTINUANCE TO STAY PROCEEDINGS SIXTY (60) DAYS PURSUANT TO F.R.C.P. RULE 56(d), ECF 281, on 6/2/2021.

8.      The Plaintiff filed "PLAINTIFF'S SWORN DECLARATION IN SUPPORT OF MOTION FOR CONTINUANCE TO STAY PROCEEDINGS SIXTY (60) DAYS PURSUANT TO F.R.C.P. RULE 56(d)", ECF 282, on 6/2/2021.

## ERRORS OF THE MAGISTRATE

### Magistrate's Carve Out

9.      The discovery ORDER (ECF 322) states, "For the same reasons, the Court finds that Plaintiff is entitled to such discovery regarding his defamation claim based on statements that were not subject to Defendant's motion."  This carve out approach is in error.

10.     This direction ignores the challenges already encountered with the Defendant as clearly articulated on pages 3 and 4 of "PLAINTIFF'S SWORN DECLARATION IN SUPPORT OF

MOTION FOR CONTINUANCE TO STAY PROCEEDINGS SIXTY (60) DAYS PURSUANT TO F.R.C.P. RULE 56(d)", **ECF 282, 6/2/2021.**

11.      As noted in **ECF 282** the Defendant responded to early discovery requests for video content with a jumble of files on a USB jump drive.  77 of these files were video recordings of the Plaintiff's now defunct YouTube channel which has not been active with original content for over a year.  Many relevant videos were not included, as noted in para. (8) [**ECF 282**]:

> After selection, or clicking, on ALL the video files contained on the USB drive no videos were observed that contained content with **Michael Barden** (targeted individual), **Brian Vukadinovich** (counter lawfare experts), **Jared and Elizabeth Beck** (attorneys), **Oakey Marshal Richards, aka "MR. HUDSON"**, George Webb Sweigert (co-host), **Kevin Marsden** (Poland), **Harmon Wilfred** (New Zealand) or **Quinn Michaels** (co-host).

12.      By providing 77 needless and erroneous video files (not responsive to the discovery order) the Defendant demonstrated that he is a cunning expert at pulling the wool over the Magistrate's eyes and making a fool out of him and a mockery of this Court.

13.      The Magistrate's discovery order (ECF 322) is wholly in adequate in providing the Plaintiff any meaningful opportunity to present his case and creates the appearance of prejudged favoritism.

14.      The Court will note that the Plaintiff's request for additional discovery, pursuant to Fed. R. Civ. Proc 56(d), entitled PLAINTIFF'S NOTICE OF MOTION FOR CONTINUANCE TO STAY PROCEEDINGS SIXTY (60) DAYS PURSUANT TO F.R.C.P. RULE 56(d), **ECF 281**, was filed on 6/2/2021.

15.      This motion (ECF 281) has gone unaddressed with the "swept it under the rug approach" of the prejudged Magistrate.  As in this litigation, when spoliation substantially denies a party the

ability to support or defend the claim sanctions are appropriate. *Pension Comm. of the Univ. of Montreal Pension Plan v. Banc of Am. Sec.,* 685 F. Supp. 2d 456, 479 (S.D.N.Y. 2010).

16.     Suffice to say that all video content described para. (8) [**ECF 282**] should be provided to the Plaintiff.

## <u>NEED FOR DISCOVERY SANCTIONS</u>

17.     Spoliation is "the destruction or significant alteration of evidence, or failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *United States v. Walker,* 974 F.3d 193, 208 (2d Cir. 2020) (quoting *United States v. Odeh* (In re Terrorist Bombings of U.S. Embassies in E. Africa), 552 F.3d 93, 148 (2d Cir. 2008)).

18.     The court may impose sanctions for spoliation under Fed. R. Civ. Proc. Rule 37 of the Federal Rules of Civil Procedure when a party spoliates evidence in violation of a court order, or under its inherent power to control litigation. See *West v. Goodyear Tire & Rubber Co.,* 167 F.3d 776, 779 (2d Cir. 1999) ("Even without a discovery order, a district court may impose sanctions for spoliation, exercising its inherent power to control litigation.").

19.     See "[D]iscovery sanctions . . . may be imposed upon a party that has breached a discovery obligation not only through bad faith or gross negligence, but also through ordinary negligence." *Residential Funding Corp. v. DeGeorge Fin. Corp.,* 306 F.3d 99, 113 (2d Cir. 2002).

20.     Defendant's placement of the JASON GOODMAN YouTube channel in private status violates the principles of spoliation as articulated in *Lester v. Allied Concrete* Co., Nos. CL.08-150, CL09-223 (Va. *Cir.* Ct. Sept. 1, 2011).

## NEED FOR PLAINTIFF'S ACCESS TO DEFENDANT'S SOCIAL MEDIA ACCOUNTS

21.     In situations such as this (placing social media accounts in private off-line status) New York courts have completed access to such accounts by adverse parties for the purposes of discovery.

22.     In *Pichardo v. N.Y.C. Tr. Auth.,* N.Y. Slip Op. 31186 (N.Y. Sup. Ct. 2019) the adverse party was ordered to allow access to the private portions of his Facebook account, quoted in relevant part:

> "Based on foregoing, plaintiff shall provide defendants with a properly executed consent and authorization, as may be required by the operators of Facebook, permitting defendants to gain access to plaintiff's Facebook private and public account, including any records previously deleted or archived by plaintiff or by Facebook operators."

23.     The Court should note that the Plaintiff is a **Certified Ethical Hacker** and operates under the professional mandate of the Code of Ethics.  The Defendant need not worry about unnecessary alteration, damage or abuse executed by the Plaintiff while he has access to the Defendant's social media account to gather evidence (Facebook, PATREON, YouTube, BitChute, etc.).

## CONCLUSION

24.     The Defendant, an alleged perjurer, just can not be trusted to comply with the most simple discovery requests and orders.  The Magistrate's weak discovery ORDER (ECF 322) will only encourage more mockery of the Court as the Defendant exhibits his freewheeling disregard for the Court's directions.

Signed this tenth day of November (one day before Veteran's Day) 2021.  Date 11/10/2021.


Respectfully,

CERTIFICATE OF SERVICE

D. George Sweigert
Veteran U.S. Air Force

The Plaintiff asserts under penalties of perjury that copies of these pleadings have been sent to Jason Goodman on Veteran's Day,11/10/2021 at truth@crowdsourcethetruth.org on this date.

# EXHIBIT ONE

*D. GEORGE SWEIGERT*
*GENERAL DELIVERY*
*NEVADA CITY, CA 95959*

**April 30th, 2021**

**Magistrate Judge Stewart D. Aaron**
**U.S. District Court**
**500 Pearl Street**
**New York, New York 10007-1312**

**SUBJ: DISCOVERY STAUS**
      **1:18-cv-08653-VEC-SDA**

**Your Honor,**

1.     The following is provided as a status report to the current discovery issues. Unfortunately, the Plaintiff has gathered only a small percentage of the defamatory statements made by the Defendant for the following reasons:

      a.  Plaintiff has no access to video content posted at PATREON.COM and/or SUBSCRIBESTAR.COM by the Defendant.

      b.  Defendant has removed the lion's share of his video podcasts on the JASON GOODMAN YouTube channel into "private status", meaning temporarily unavailable for public viewing.

2.     Plaintiff's discovery efforts have been further hampered by the Defendant's refusal to provide a list of all of his social media properties and usernames, as ordered by this Court (see discovery conference of March 11, 2021). As recent motions from the Defendant have demonstrated (see Anti-SLAPP motion, **ECF doc. 239**) the Defendant maintains clandestine social media properties (e.g. BITCHUTE.COM) using aliases and fake account names to post defamatory statements about the Plaintiff.

3.     As a courtesy to the Court, a partial listing of defamatory statements accusing the Plaintiff of criminal conduct has been coalesced into a tabular form (attached) from previously filed discovery papers. The Plaintiff can provide a more comprehensive tabular listing to coalesce statements from previously filed discovery papers that (1) tend to injure the Plaintiff in his business, trade and/or career, (2) that accuse the Plaintiff having a loathsome disease, and (3) additional accusations of criminal activity.

1

4.      In sum, the Plaintiff believes that he was only able to document about 10-15% of the actionable statements appearing on the Internet prior to the Defendant placing his JASON GOODMAN channel on private status (temporarily removing video content from public view). The channel was placed on private status to accompany the filing of the Anti-SLAPP motion (ECF doc. 239) on or around April 12th, 2021 (when delivery of discovery materials to the Plaintiff by the Defendant was due, as directed at the March 11, 2021 discovery conference).

5.      As of this date, the Plaintiff has not received any discovery materials from the Defendant.

6.      In view of the foregoing, the Plaintiff requests an advisory opinion of this Court that establishes the foundation for an adverse inference that the Defendant has limited availability of discoverable materials and has obstructed the discovery process.  See *Kronisch v. United States*, 150 F.3d 112, 126 (2d Cir. 1998) (stating that an adverse inference instruction serves the remedial purpose, "insofar as possible, of restoring the prejudiced party to the same position [it] would have been in absent the wrongful destruction of evidence by the opposing party").

Respectfully,

D. George Sweigert

## CERTIFICATE OF SERVICE

**The undersigned hereby attests under penalties of perjury that copies of this communication have been sent via electronic mail message to the following parties on the thirtieth day of April (4/30), two thousand and twenty-one (2021).**

| Clerk of the Court, Room 200 temporary_pro_se_filing@nysd.uscourts.gov | Jason Goodman, CEO truth@crowdsourcethetruth.org |
|---|---|

| Partial list of statements charging the Plaintiff with a serious crime | |
|---|---|
| **Defamatory statement** | **Source** |
| You better stop Dave, because all this stuff is going to the FBI. | Statement no. 2<br>ECF no. 225 |
| That man should be in jail. That's criminal prosecution. I intend to get them prosecuted criminally. | Statement no. 3<br>ECF no. 225 |
| You better stop Dave, because all that stuff has gone to the FBI. I am working out a way to bring criminal prosecution against these people. | Statement no. 4<br>ECF no. 225 |
| You see, I think David is engaged in a crime. I have got the evidence for it. Could indicate involvement in a criminal operation of IRAN-CONTRA. Dave needs to be prosecuted. 18 USC 1001. I am going to make it my business to find a prosecutor to charge David Sweigert and his accomplices with that crime. Because I will see to it that that man is put in jail. | Statement no. 7<br>ECF no. 225 |
| David Sweigert – that I see evidence that he has committed felonies. And therefore, conspiring with him could expose you to serious legal issues if law enforcement chooses to act on the evidence that I am actively providing of these felonies.<br>And conspiring with others around the Internet to break the law | Statement no. 8<br>ECF no. 230 |
| He has now taken to basically threatening the federal judge in the Southern District of New York, that's Valerie Caproni. | Statement no. 9<br>ECF no. 230 |
| Shrouded in an organized campaign of harassment. Interstate harassment over the Internet, over the telephone. These are crimes people. So if you are engaged in doing that right now, Dean Fougere, Manuel Chavez, Robert David Steele, David Sweigert, Queen Tut Lutzke Holmes, whatever. | Statement no. 13<br>ECF no. 230 |
| He interfered with an officer of the court. | Statement no. 16<br>ECF no. 230 |
| George's brother who is making public threats against us. | Statement no. 18<br>ECF no. 230 |
| You are engaged in an organized criminal harassment campaign. I have submitted my evidence against you to the NY FBI field office. | Statement no. 21<br>ECF no. 230 |
| David Sweigert is a dead beat dad. | Statement no. 22<br>ECF no. 231 |
| Cyberstalker / deadbeat dad David Sweigert abandons his own son | Statement no. 26<br>ECF no. 231 |

# EXHIBIT TWO

*D. GEORGE SWEIGERT*
*GENERAL DELIVERY*
*NEVADA CITY, CA 95959*

**April 14, 2021**

**Magistrate Judge Stewart D. Aaron**
**U.S. District Court**
**500 Pearl Street**
**New York, New York 10007-1312**

**SUBJ:  Guidance issues requested for ECF no. 239, <u>1:18-cv-08653-VEC-SDA</u>**

**Your Honor,**

1.      Yesterday the Defendant informed his social media podcast viewers that Google, LLC (YouTube.Com) had deleted the "Jason Goodman" YouTube channel with its so-called 119,000 (119K) subscribers.  The account termination was based on violations of "Community Standards", according to the Defendant.   2,333 videos, dozens that contained evidence of Defendant's defamation *per se*, are no longer available to be viewed.

2.      The Defendant has stated that the account may be restored and insinuated by implication that the undersigned was responsible for the account take-down.  This account termination and possible account restoral will directly impact the discovery abilities of the Plaintiff.

3.      Concurrently with the alleged account termination, the Defendant docketed **ECF no. 239** (which can be described with the procedural shorthand of an "Anti-SLAPP" motion) under the new provisions of the New York State Civil Rights Law Section 76(a).  The S.D.N.Y. has seen several recent opinions in the applicability of Sec. 76(a) to federal courts.  *Palin v. N.Y. Times Co.,* 17-cv-4853

4.      Sec. 76(a) purports to create an "automatic stay" to all discovery activities, save for those materials needed to support a response to a Sec. 76(a) Anti-SLAPP motion (as **ECF no. 239**).  Thus, if the Court determines that Sec. 76(a) applies to this instant lawsuit, then discovery has halted.  In such a scenario the undersigned would request that the discovery period be tolled until such time as it resumes.  The Plaintiff is entitled to three (3) weeks of remaining discovery, which existed prior to the filing of **ECF no. 239**, these three (3) weeks should be set-aside.

5.      Meanwhile, a similar Anti-SLAPP motion awaits determination in related S.D.N.Y. litigation to which the Defendant is a party, *National Academy of Television Arts and Sciences, Inc., et. al. v. Multimedia System Design, Inc. d/b/a/ Crowdsource the Truth*.  No determination has been made in that lawsuit with regards to the applicability of Sec. 76(a) to federal litigation. The undersigned requests that this Court withhold action in this lawsuit pending such a Sec. 76(a) determination, in the interests of judicial efficiency.  To complicate matters, if Sec. 76(a) applies this raises the bar concerning the Plaintiff's burden to demonstrate defamation *per se* allegations to the presumed "actual malice" standard.

6.      As the recent Requests for Judicial Notice and declarations of Mr. Thomas Schoenberger have illustrated, the Defendant entered a very close cooperative association with Mr. Manuel Chavez, III of Carson City, Nevada.  The record demonstrates that Mr. Chavez and the Defendant commenced exchanging over 100 e-mail messages in July 2019 while in voice communications. The net result of these e-mail message exchanges implies that the Defendant behavior meets the "actual malice" standard.

7.      The Plaintiff alleges that these e-mail messages tend to demonstrate that the Defendant proceeded with reckless disregard to the truth about the Plaintiff's non-participation in a conspiratorial affiliation with Mr. Chavez, Mr. Schoenberger or their presumed associates (the bulk of third-party defendants).  The evidence tends to indicate that the Defendant continued to promote the narrative that the Plaintiff was working these people in a "decentralized distributed defamation campaign" to which Mr. Chavez was purportedly the "technical brains".

8.      For over two years, it is now alleged, the Defendant knew the Plaintiff had no association with the people involved with Mr. Chavez or Mr. Schoenberger (and many others) and yet the Defendant continued to state publicly that he had evidence of felony crimes involving the Plaintiff's participation in such a conspiracy related to these third-party defendants.

9.      Therefore, Mr. Chavez is an instrumental figure in this lawsuit and needs to be deposed by the Plaintiff.  As the Defendant is presently in Las Vegas, Nevada, the Defendant could easily drive to Carson City, Nevada to attend such a deposition.  It is believed that such a deposition is needed to demonstrate the "actual malice" of the Defendant in continuing to promote the idea that the Plaintiff "worked with" Mr. Chavez and/or Mr. Schoenberger.

10. In view of the foregoing, the Court should consider the issuance of a subpoena to compel the deposition of Mr. Chavez in Carson City, Nevada or in Las Vegas, Nevada. As you know, Sec. 76(a) allows for evidence to be collected to support the "actual malice" threshold when responding to an Anti-SLAPP motion.

11. In summary, the Plaintiff requests guidance from the Court on the applicability of Sec. 76(a) to this lawsuit, the impact of **ECF no. 239** on discovery timetables (assumed to be frozen presently), and the issuance of a subpoena for Mr. Chavez.

Respectfully,

D. George Sweigert

## CERTIFICATE OF SERVICE

**The undersigned hereby attests under penalties of perjury that copies of this communication have been sent via electronic mail message to the following parties on the fourteenth day (14th) of April, two thousand and twenty-one (2021).**

| Clerk of the Court, Room 200 | Jason Goodman, CEO |
|---|---|
| temporary_pro_se_filing@nysd.uscourts.gov | truth@crowdsourcethetruth.org |

*D. GEORGE SWEIGERT*
*Pro Se Non-Attorney*
*GENERAL DELIVERY*
*NEVADA CITY, CA 95959*

3