*D George Sweigert*
*America's RV Mailbox*
*514 Americas Way, PMB 13339*
*Box Elder, SD 57719-7600*
*Email: SPOLIATION-NOTICE@MAILBOX.ORG*

**November 21, 2021**

Hon. Stewart D. Aaron, Magistrate Judge                     **VIA ECF**
Thurgood Marshall United States Courthouse
500 Pearl Street
New York, NY 10007

**REF:** 1:18-CV-08653-VEC-SDA, *D. George Sweigert vs. Jason Goodman*

**RELIEF REQUESTED:** Postponement of December 15th, 2021, discovery conference, or, in the alternative, extension of the discovery period ordered by ECF doc. 173.

Dear Judge Aaron,

The undersigned is the Plaintiff in this case, a non-attorney.

In ECF doc. 332 your honor has scheduled a discovery conference for December 15th, 2021, at 2:00 pm (docket entries are depicted in EXHIBIT ONE).

As stated in the ECF doc. 173 ORDER, Defendant was compelled to provide,". *b) All documents and communications between Defendant and any law enforcement agency regarding Plaintiff. c) All emails sent or received by Defendant regarding Plaintiff.*" EXHIBIT ONE.

As described in the last paragraph of this letter, the Defendant admitted to the spoliation of the lion's share of e-mail messages from his PROTONMAIL.COM account, creating significant prejudice to the Plaintiff.

In testimony and letters provided in related litigation (see EXHIBIT TWO) the Defendant has informed that court of extensive e-mail communications with Larry E. Klayman, esq., the conservative alt-right celebrity that is a co-host of the Defendant for the "Citizens Grand Jury" podcasts. These communications also included so-called extensive interaction with law enforcement.

As stated by the Defendant," *Separate and apart from this legal matter, Sweigert has been waging an online harassment, defamation and letter writing campaign against my personal friend and associate Larry Klayman. The emails at issue between me and Mr. Klayman pertain to our ongoing cooperation with various law enforcement agencies to seek redress from Sweigert's cyber harassment. Mr. Klayman does not represent me in any legal action, but we are cooperating in an effort to stop Sweigert via legal means*." ECF doc. 120, page 2 of 3 (EXHIBIT THREE).

1

**EXTENDING DISCOVERY PERIOD**

This letter requests that the original discovery period for the production of documents for the defendant (EXHIBIT ONE, ECF no. 173) be extended to include the timeframe April 1, 2021, to December 1, 2021.

E-mail messages exchanged by the Defendant between April 1, 2021 and December 1, 2021 are particularly relevant to demonstrate "actual malice" as Mr. Klayman appears to be the ghost writer behind more than three (3) years of the Defendant's podcasts and court filings.

To avoid the appearance of prejudicial favoritism it would be prudent for the Court to extend the demands of the ECF doc. 173 ORDER to include the time period of April 1, 2021, to December 1, 2021.  This would encompass the e-mail messages exchanged between the Defendant and Larry Klayman, as they are "cooperating in an effort to stop Sweigert via legal means."

What the Defendant is "trying to stop" is the exposure of the guidance provided by Larry Klayman to the Defendant to fashion statements concerning the reporting of the Plaintiff to law enforcement agencies for criminal activities (see Statements 1, 2, and 3 under the Court's review).  These statements lack legal foundation and are baseless and were most likely fabricated by Mr. Klayman.  An examination of such e-mail messages will confirm this fact.

**IN THE ALTERANTIVE, POPSTPONEMENT OF THE 12/15/2021 HEARING**

As the Court is aware, the Defendant is presently the subject of a Contempt of Court proceeding in related litigation (EXHIBIT TWO, ECF doc. 123).  A SHOW CAUSE hearing was held on this contempt of court matter on 10/25/2021 but documented findings have not been published as of this date.

Further, the Defendant's company, Multimedia Systems Design, Inc. (MSDI) is facing a SHOW CAUSE decision regarding DEFAULT JUDGMENT on 11/30/2021 (EXHIBIT TWO, ECF doc. 131).

The discovery conference (ECF doc. 332) should be postponed until the final resolution of the issues related to contempt of court and default judgment as both speak to the Defendant's conduct of playing fast and loose with the rules of this Court (see ECF doc. 268, EXHIBIT FOUR).

It is well documented (EXHIBIT FOUR) that the Defendant provided false testimony to Judge Valerie E. Caproni during the April 30th, 2021, discovery conference (EXHIBIT TWO, ECF doc. 59).  Thus, the Defendant has already demonstrated that he will provide false information to the Court in a discovery conference.  He will undoubtedly do so on 12/15/2021.

The undersigned declares under penalties of perjury, that he heard Judge Caproni describe the Defendant as "not credible" during the 10/25/2021 contempt of court hearing (EXHIBIT TWO, ECF doc. 123).

It is anticipated that the final orders regarding the contempt of court and default judgment will elaborate on the Defendant's duplicitous conduct in that proceeding (EXHIBIT TWO). To protect the integrity of the discovery conference (presently schedule of 12/15/2021) this Court should await the orders in related litigation.

The magistrate judge should be aware of these pending orders to guide the accommodations given to the Defendant. Confirmation that the Defendant has been held for Contempt of Court should guide the discovery conference. Otherwise, the Defendant will merely tell a falsehood to the magistrate judge as he has already done to the presiding judge. All to the Plaintiff's detriment.

## DEFENDANT'S SPOLIATION OF E-MAIL MESSAGES

The Court should recall that the Defendant was served with litigation in September 2017, see ROBERT DAVID STEELE, v. JASON GOODMAN, et al., Civil Action No. 3:17-cv-601, Eastern District of Virginia. Therefore, the Defendant knew of litigation and his responsibility to preserve and safeguard e-mail communications to prevent spoliation.

Tellingly, the Defendant conveniently "forgot" the password to his PROTONMAIL.COM e-mail account when responding to ECF doc. 173's discovery demands. The Defendant has testified to this Court that he was instructed by the originator of the "dirty bomb hoax" rumor, Oakey Marshall Richards, to obtain the PROTONMAIL.COM e-mail account.

As the Court is aware, the Defendant continued his podcast broadcasts of Mr. Marshall's materials (as "ROCK HUDSON") until March of 2018. This includes the period in which many of the defamatory statements under the Court's review were made.

Respectfully,

D. George Sweigert
Veteran U.S. Air Force

## CERTIFICATE OF SERVICE

The Plaintiff asserts under penalties of perjury that copies of these pleadings have been sent to Jason Goodman on **11/21/21** at truth@crowdsourcethetruth.org on this date.

Signed this twenty first day of November 2021. **Date 11/21/21.**

Courtesy copy to the Chief Judge of the Second Circuit Court of Appeals

**EXHIBIT ONE**

| CIVIL DOCKET FOR CASE #: 1:18-cv-08653-VEC-SDA | | |
|---|---|---|
| 12/07/2020 | 173 | ORDER: NOW, THEREFORE, it is hereby ORDERED, as follows: No later than January 15, 2021, Defendant shall respond under oath to the following interrogatories: as further set forth in this order. No later than January 15, 2021, Defendant shall produce to Plaintiff the following documents for the period from June 14, 2015 to the present: a) All documents and communications between Defendant and Patreon.com (or its representatives) regarding Plaintiff. b) All documents and communications between Defendant and any law enforcement agency regarding Plaintiff. c) All emails sent or received by Defendant regarding Plaintiff. d) All documents regarding any social media posts by Defendant that refer to Plaintiff and/or display his picture. e) All documents regarding Plaintiff's purported participation in what Plaintiff refers to as the "Port of Charleston, S.C. dirty bomb hoax of June 14, 2017." No later than January 15, 2021, Defendant shall file with the Court, for the Court's approval, no more than 25 interrogatories and no more than 25 document requests directed to Plaintiff that are limited to the issues raised by Plaintiff's remaining claims for defamation and under the New York Civil Rights Law. Defendant's failure to timely file such interrogatories and/or document requests may be deemed by the Court to be a waiver of Defendant's right to obtain discovery in this case. The Clerk of Court is respectfully requested to mail a copy of this Order to the pro se parties. So Ordered. (Signed by Magistrate Judge Stewart D. Aaron on 12/7/2020) (js) Transmission to Docket Assistant Clerk for processing. (Entered: 12/07/2020) |
| 04/11/2021 | 239 | MOTION SEEKING LEAVE TO AMEND ANSWER TO INCLUDE A SPECIAL MOTION TO DISMISS PURS. TO NEWLY ENHANCED NYCVR 76-A & THE FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION, re: to Amend/Correct. Document filed by Jason Goodman. (Attachments: # 1 Exhibit, # 2 memorandum).(sc) (Entered: 04/12/2021) |
| 05/01/2021 | 268 | LETTER addressed to Magistrate Judge Stewart D. Aaron from D. George Sweigert, dated 5/1/21 re: ISSUES CONCERNING NON-AVAILABIITY OF THE JASON GOODMAN YOUTUBE CHANNEL. Document filed by D George Sweigert.(sc) (Entered: 05/03/2021) |

# EXHIBIT TWO

**1:20-cv-07269-VEC-OTW** The National Academy of Television Arts and Sciences, Inc. et al v. Multimedia System Design, Inc.

| 04/30/2021 | 59 | ORDER: IT IS HEREBY ORDERED THAT: 1. Defendant's revised responses to requests to admit and revised amended verified interrogatory responses to Plaintiff's first set of interrogatories are due by May 5, 2021. 2. Defendant must provide at least three dates on which Defendants deposition may be taken by May 5, 2021. All three dates must be after May 12, 2021. By the same date, Plaintiff must provide Defendant with at least three dates on which Plaintiff's Rule 30(b)(6) deposition may be taken. 3. Defendant's revised responses to requests for production, including results of the searches using the search terms specified in Plaintiffs' April 21, 2021 letter to Defendant, are due by May 5, 2021. Documents to be included in that production include documents responsive to Requests 11 and 12 from Plaintiffs initial requests for production. 4. Defendant's responses to Plaintiffs Second Set of Interrogatories and Requests for Production is due April 30, 2021. 5. Plaintiff's amended complaint to add only a claim for attorneys' fees must be filed by May 7, 2021. Plaintiff must file both a red-lined copy of the amended complaint and a non-redlined copy by that date. 6. The fact discovery deadline is extended to May 21, 2021. 7. A pretrial conference will be held on May 21, 2021 at 11:30 a.m. The parties must appear for the conference by dialing (888) 363-4749, using the access code 3121171 and the security code 7269. A joint status letter is due by May 18, 2021. SO ORDERED. (Signed by Judge Valerie E. Caproni on 4/30/2021) ( Amended Pleadings due by 5/7/2021., Fact Discovery due by 5/21/2021., Telephone Conference set for 5/21/2021 at 11:30 AM before Judge Valerie E. Caproni.) (ks) Modified on 5/3/2021 (ks). (Entered: 04/30/2021) |
| --- | --- | --- |
| 04/30/2021 | | Set/Reset Hearings: Telephone Conference set for 5/21/2021 at 11:30 AM before Judge Valerie E. Caproni. (ks) (Entered: 05/03/2021) |
| 04/30/2021 | | Minute Entry for proceedings held before Judge Valerie E. Caproni: Telephone Conference held on 4/30/2021. Attorneys Margaret Esquenet, Samuel Eichner and Brett Heavner present for the plaintiff. Attorney John Hoover Snyder present for the defendants. Court Reporter Sam Mauro present. (anc) (Entered: 05/04/2021) |

| 09/13/2021 | 120 | LETTER addressed to Judge Valerie E. Caproni from J. Goodman, dated 9/13/21 re: "DEFENDANT'S LETTER REPLY TO PLAINTIFF'S RESPONSE: ORDER TO SHOW CAUSE"- I submit this letter pursuant to the Court's Order to Show Cause dated 8/25/21(ECF #112), and in reply to Plaintiff's "Letter Response" etc. Plaintiff's allegation that I willfully violated the Court's order is incorrect and supported by false claims, inaccurate assumptions, and unsubstantiated conclusions. For the reasons stated above(as indicated), this email dispute should be disposed of and no sanctions should result. I further request that the Court will acknowledge the importance of this email address and move sua sponte to reveal the identity of its owner via subpoena to Google's Gmail service. Document filed by Jason Goodman.(sc) (Entered: 09/14/2021) |
|---|---|---|
| 09/14/2021 | 121 | LETTER addressed to Judge Valerie E. Caproni from J. Goodman, dated 9/14/21 re: "DEFENDANT'S SUPPLEMENT TO LETTER REPLY TO PLAINTIFF'S RESPONSE RE: ORDER TO SHOW CAUSE" - If the Court does not compel the revelation of the email address owner's identity or otherwise use its considerable power to curtail Mr. Sweigert's vexatious activities, it is reasonable to assume he will continue to use any method he can muster to make good on his public threat to sue me etc. Document filed by Jason Goodman.(sc) (Entered: 09/15/2021) |
| 10/08/2021 | 123 | ORDER: IT IS HEREBY ORDERED that the show cause hearing currently scheduled for October 12, 2021 is adjourned to Monday, October 25, 2021 at 3:00 p.m. The hearing will be held in Courtroom 443 of the Thurgood Marshall United States Courthouse, located at 40 Foley Square, New York, New York 10007. Interested members of the public may attend by dialing 1-888- 363-4749, using the access code 3121171 and the security code 7269. All of those accessing the hearing are reminded that recording or rebroadcasting of the proceeding is prohibited by law. IT IS FURTHER ORDERED that per the SDNY COVID-19 COURTHOUSE ENTRY PROGRAM, any person who appears at any SDNY courthouse must complete a questionnaire and have his or her temperature taken. Please see the enclosed instructions. Completing the questionnaire ahead of time will save time and effort upon entry. Only those individuals who meet the entry requirements established by the questionnaire will be permitted entry. Please contact chambers promptly if you or your client do not meet the requirements. The Clerk of Court is directed to mail a copy of this order to Jason Goodman at: 252 7th Avenue #6s, New York, NY 10001. SO ORDERED. ( Show Cause Hearing set for 10/25/2021 at 03:00 PM in Courtroom 443, 40 Centre Street, New York, NY 10007 before Judge Valerie E. Caproni.) |

| | | |
|---|---|---|
| | | (Signed by Judge Valerie E. Caproni on 10/8/2021) (tg) Transmission to Docket Assistant Clerk for processing. (Entered: 10/08/2021) |

| | | |
|---|---|---|
| 11/16/2021 | [131](#) | ORDER TO SHOW CAUSE: IT IS ORDERED that Defendant, Multimedia System Design, Inc., must, no later than November 30, 2021, show cause in writing why Plaintiff should not be entitled to a default judgment. SO ORDERED. (Signed by Judge Valerie E. Caproni on 11/16/2021) (tg) (Entered: 11/16/2021) |

# EXHIBIT THREE

Plaintiff's response letter underscores the importance of my prior counsel's failure to provide written notice objecting to the confidentiality designation. Learning this detail for the first time now only furthers my frustration with Mr. Snyder. I made it very clear to him at the outset of this matter that I wanted the identity of that person brought into this case and I still do. I do not believe justice can be properly served until that identity is known and the source and motivation of that email are fully understood.

Plaintiff's third audacious allegation is predicated on the ludicrous claim that they know what I did or did not understand and the time of my email to Mr. Klayman. As the court and Plaintiff are aware, for the past three years David G. Sweigert has pursued me and my friends and colleagues in a virtually psychotic endeavor to involve himself in and foment as many legal actions against me as he can. I have previously alleged he is doing this to harass me and destroy me financially. Simultaneously, he engages in extrajudicial activities including cyber stalking, harassment, and interference with my business and personal relationships, including inappropriate efforts to thwart Mr. Snyder's representation of me in this instant action.

Separate and apart from this legal matter, Sweigert has been waging an online harassment, defamation and letter writing campaign against my personal friend and associate Larry Klayman. The emails at issue between me and Mr. Klayman pertain to our ongoing cooperation with various law enforcement agencies to seek redress from Sweigert's cyber harassment. Mr. Klayman does not represent me in any legal action, but we are cooperating in an effort to stop Sweigert via legal means.

# EXHIBIT FOUR

*D. GEORGE SWEIGERT*
*GENERAL DELIVERY*
*NEVADA CITY, CA 95959*

**May 1, 2021**

**Magistrate Judge Stewart D. Aaron**
**U.S. District Court**
**500 Pearl Street**
**New York, New York 10007-1312**

**SUBJ: Issues concerning non-availability of the JASON GOODMAN YouTube channel**
      **1:18-cv-08653-VEC-SDA**

**Your Honor,**

**1.**      During a discovery conference in related litigation before District Judge Valerie E. Caproni, on 4/30/2021 the Defendant advised Judge Caproni that his JASON GOODMAN YouTube channel was no longer on-line because of behavior directly related to the undersigned.

**2.**      Opposing counsel in the related litigation questioned why the JASON GOODMAN YouTube channel is not available on-line for the acquisition of discoverable defamatory statements.  The Defendant, speaking directly to Judge Caproni, advised that the "account" disabling was a direct result of "David Sweigert" for supposed privacy and/or copyright strikes.

**3.**      The undersigned completed a rigorous review of the situation and was able to locate one privacy complaint (or "strike") filed by the undersigned against the JASON GOODMAN YouTube channel on August 9, 2020.  This "privacy strike" was denied, which made the complaint moot, resulting in absolutely no detrimental impact to the JASON GOODMAN channel.

**4.**      The JASON GOODMAN YouTube channel remains in "private" status, a visibility control directly in the hands of the Defendant and no one else.  As Judge Caproni has already mistakenly reported that BOTH the Defendant and the undersigned "have missed deadlines", the Plaintiff has zero tolerance for any more flippant assertions made to Judge Caproni or this Court.

Respectfully,

D. Geo. Sweigert

*D. GEORGE SWEIGERT*
*GENERAL DELIVERY*
*NEVADA CITY, CA 95959-9998*
*SPOLIATION-NOTICE@MAILBOX.ORG*

1

## CERTIFICATE OF SERVICE

The undersigned hereby attests under penalties of perjury that copies of this communication have been sent via electronic mail message to the following parties on the first day of May (5/1) two thousand and twenty-one (2021).

| Clerk of the Court, Room 200 | Jason Goodman, CEO |
|---|---|
| temporary_pro_se_filing@nysd.uscourts.gov | truth@crowdsourcethetruth.org |

**D. GEORGE SWEIGERT**
*Pro Se Non-Attorney*
**GENERAL DELIVERY**
**NEVADA CITY, CA 95959**