*D George Sweigert*
*America's RV Mailbox*
*514 Americas Way, PMB 13339*
*Box Elder, SD 57719-7600*
Email: SPOLIATION-NOTICE@MAILBOX.ORG

**December 12, 2021**

Hon. Magistrate Judge Stewart D. Aaron                                    **VIA ECF**
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

REF: 1:18-CV-08653-VEC-SDA, *D. George Sweigert vs. Jason Goodman*

Dear Judge Aaron,

The undersigned is the Plaintiff in this case, a non-attorney.

The purpose of this letter is to (1) clarify pending issues for the upcoming meet and confer discovery conference schedule for Wednesday, December 15, 2021, at 2:00 pm New York time and (2) to move this Court for a default judgment recommendation against the Defendant for continued discovery abuses.

***Defendant's Failure to Provide Discovery Materials***

As the Court is aware, the Defendant, a YouTube conspiracy theorist, has failed to comply with the ORDER at ECF no. 322, quoted in relevant part below.

> Accordingly, it is hereby Ordered as follows:
>
> 1. No later than November 12, 2021, Plaintiff shall file a letter setting forth each video file he seeks that Defendant has not produced. Defendant shall produce copies of such video files no later than December 3, 2021. Failure to do so may result in the imposition of sanctions. *See* Fed. R. Civ. P. 37.
>
> 2. If Plaintiff seeks to depose Defendant on the issue of actual malice, Plaintiff shall file a letter, no later than December 10, 2021, setting forth at least four proposed dates

1

This ORDER (ECF 322) was necessitated only after the Defendant placed his "JASON GOODMAN" YouTube channel on non-public private status on April 12, 2021. This change of YouTube channel status frustrated discovery in this lawsuit.

The lion's share of video source files requested in the Plaintiff's Court ordered letter of November 12, 2021 (ECF doc. 330 & 331), contains a demand for video content that includes Defendant's remarks that the Plaintiff (1) is a fugitive from justice, (2) has engaged in criminal acts, (3) attempted to murder Quinn Michaels, etc.

The Defendant filed no objections to the video podcast source files request docketed by the Plaintiff on November 12, 2021, as directed by the ORDER (ECF 322).

Once again, the Defendant is flaunting the orders of this Court and is engaging in his care-free discovery foot-dragging. The Defendant was directed by a Court order to respond with these materials and tellingly has chosen to remain silent (again).

The Defendant's refusal to comply with the Court's discovery order has once again prejudiced the Plaintiff, who must provide evidence of the Defendant's actual malice by evidence contained in the Defendant's video podcast content.

*Sanctions are available*

As the Court is aware, Federal Rule of Civil Procedure (F.R.C.P.) Rule 34 was amended in December 2015 to require parties objecting to discovery requests to do so with increased specificity and must "state with specificity the grounds for objecting" to each document request and "whether any responsive materials are being withheld." The Defendant has failed to provide an objection (of any kind). In open defiance of F.R.C.P. Rule 37(a)(3)(B)(iv) the Defendant has failed to provide a discovery response.

As articulated in F.R.C.P. Rule 37(b)(2) this Court has the power to impose discovery sanctions for the Defendant's non-compliance. Rule 37(b)(2) provides in relevant part that "[i]f a party . . . fails to obey an order to provide or permit discovery . . . , the court where the action is pending may issue further just orders." Such orders, the Rule continues, "may include the following": (vi) rendering a default judgment against the disobedient party."

Moreover, a party's willfulness in disobeying a discovery order is not a prerequisite to Rule 37 sanctions; instead, it is merely one of several factors to be considered in selecting a sanction. See *Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.,* 602 F.2d 1062, 1067-68 (2d Cir. 1979).

<u>Rule 37(b) does not require a noticed motion or opportunity to be heard prior to imposition of the sanctions – including default.</u>

This latest non-compliance by the Defendant follows on the heels of several previous discovery orders that all warned the Defendant that sanctions – up to and including a recommendation for default judgment – were available to the Court for non-compliance.

*Default Judgment is Appropriate in this Lawsuit*

This lawsuit is a simple garden variety defamation action that also involves the unauthorized use of the Plaintiff's image on coffee cups, tote bags and T-shirts. Nonetheless, for over a year the Defendant, supposedly attempting to comply with discovery orders, has raised issues about post office boxes, mailing addresses and has subjected this Court to transcripts of telephone calls to postal workers. All of which has proved nothing.

The Court can only expect more time-consuming delay tactics that will frustrate the process of discovery. Enough is enough. The robust record of this lawsuit is replete with Defendant's discovery delays. The Court should consider the Defendant's latest non-compliance as the final last straw.

Previous warnings to the Defendant about the possibility of sanctions and/or default judgment are listed below.

| 01/29/2021 | 190 | ORDER: It is hereby Ordered that Defendant shall respond to Plaintiffs motion to compel (ECF No. 188) no later than Monday, February 8, 2021. **Defendant is warned that failure to comply with Court Orders may result in the imposition of sanctions including a recommendation to the District Judge that a default judgment be entered against him.** The Clerk of Court is respectfully requested to mail a copy of this Order to the pro se parties. So Ordered. Set Deadlines/Hearing as to 188 MOTION to Compel Jason Goodman to Discovery. (Responses due by 2/8/2021) (Signed by Magistrate Judge Stewart D. Aaron on 1/29/2021) (js) Transmission to Docket Assistant Clerk for processing. (Entered: 01/29/2021) |
|---|---|---|
| 02/12/2021 | 195 | ORDER granting in part and denying in part 188 Letter Motion to Compel; denying 194 Motion to Strike. Before the Court are Plaintiff's motion to compel discovery (Pl.'s 1/26/21 Not. of Mot., ECF No. 188) and Plaintiff's motion to strike Defendant's response to Plaintiff's motion to compel. (Pl.'s 2/11/21 Not. of Mot., ECF No. 194.) For the reasons set forth below, Plaintiffs motion to compel is GRANTED IN PART and DENIED IN PART and Plaintiff's motion to strike is DENIED. Accordingly, Defendant shall file sworn responses to the interrogatories contained in my December 7, 2020 Order no later than February 24, 2020. **If Defendant fails to file such sworn responses, he will be subject to sanctions, up to and including my recommendation that a default judgment be entered against him.** The Clerk of Court is respectfully requested to mail a copy of this Order to the pro se parties. SO ORDERED. (Signed by Magistrate Judge Stewart D. Aaron on 2/12/2021) (kl) Transmission to Docket Assistant Clerk for processing. (Entered: 02/12/2021) |

| 05/04/2021 | 270 | ORDER denying 263 Motion for Preliminary Injunction; denying 263 Motion to Stay re: 263 MOTION for Preliminary Injunction. MOTION to Stay.. Following a telephone conference with the parties, and for the reasons stated on the record, it is hereby Ordered as follows: 1. Defendant Goodman shall file his amended Answer no later than May 11, 2021. (See ECF No. 259.) 2. Defendant's motion to stay discovery (ECF No. 263) is denied. No later than May 18, 2021, **Defendant Goodman shall respond to Plaintiff's discovery requests, as set forth in the Court's March 11, 2021 Order (ECF No. 224). Failure to do so will result in a recommendation to the District Judge that a default judgment be entered against him.** 3. |
|---|---|---|

*Defendant's access to legal counsel and advisors*

The Defendant appears *pro se* in this Court, however, he has maintained a rich college of attorney associates. For over three (3) years the Defendant has broadcast near weekly podcasts entitled "The Counter Lawfare Report" on his social media channels.

Guests have included attorneys such as conservative talk show host and Islamophobe Larry Elliot Klayman (presently on suspension from the U.S. Court of Appeals for the District of Columbia), John H. Snyder (see **Exhibit A**, attached), Jared and Elizabeth Beck, Joseph McBride, etc.

In fact, the Defendant demonstrated his legal prowess when he filed an Amicus Curiae brief in the U.S. District Court for the Eastern District of Michigan (see **Exhibit A**). The Amicus Curiae brief and filing in the Michigan court were discussed on the Defendant's "Counter Lawfare Report" with his attorney associate. This underscores the presumption that the Defendant views the federal courts as an adjunct or theatrical prop to bolster his social media podcasts to appear more interesting.



2:20-cv-12933-GAD-KGA Sweigert v. Cable News Network, Inc., Gershwin A. Drain, presiding, Kimberly G. Altman, referral, Date filed: 10/31/2020

| 07/20/2021 | 20 | AMICUS CURIAE BRIEF by Jason Goodman (DPer) (Entered: 07/20/2021) |
|---|---|---|

More recently, the Defendant has filed a series of burdensome pleadings in this Court that demonstrate the height of his legal frivolity.

4

| | | |
|---|---|---|
| 08/12/2021 | 305 | DEFENDANT GOODMAN'S EMERGENCY MOTION FOR A SHOW CAUSE HEARING, AND TO COMPEL PLAINTIFF TO UNDERGO PSYCHOLOGICAL EVALUATION, re: to Compel D. George Sweigert to to undergo psychological evaluation. Document filed by Jason Goodman.(sc) (Entered: 08/13/2021) |
| 08/13/2021 | 307 | DEFENDANT GOODMAN'S NOTICE OF FILING & SUPPLEMENT TO EMERGENCY MOTION FOR A SHOW CAUSE HEARING AND TO COMPEL PLAINTIFF TO UNDERGO PSYCHOLOGICAL EVALUATION. Document filed by Jason Goodman. (sc) (Entered: 08/16/2021) |
| 09/07/2021 | 312 | DEFENDANTS NOTICE OF MOTION TO HOLD PLAINTIFF IN CONTEMPT. Document filed by Jason Goodman. (js) (Entered: 09/07/2021) |
| 11/10/2021 | 324 | NOTICE OF MOTION FOR RECUSAL OR DISQUALIFICATION OF JUDGE VALERIE CAPRONI. Document filed by Jason Goodman.(sc) (Entered: 11/10/2021) |

*Conclusion*

Given the circumstances of this case, no sanction short of default is warranted. See *Valentine v. Museum of Modern Art,* 29 F.3d 47, 50 (2d Cir.1994) (per curiam) ("The severe sanction of dismissal with prejudice may be imposed even against a plaintiff who is proceeding pro se, so long as a warning has been given that noncompliance can result in dismissal."); *Minotti v. Lensink*, 895 F.2d 100, 103 (2d Cir. 1990) (per curiam) (" 'all litigants, including pro ses, have an obligation to comply with court orders' ") (quoting McDonald, 850 F.2d at 124).

Defendant's refusal to provide standard discovery has caused delay, required more court intervention, and has prejudiced the Plaintiff in his ability to establish actual malice. Having ignored not only the warnings but orders of this court, the non-complying Defendant has left this Court with no alternative but to recommend a default judgment.

Undeniably the courts, including the United States Court of Appeals for the Second Circuit, have historically expressed a preference for resolving litigated matters based upon relative merit, rather than on the basis of a procedural or technical default. See, e.g. *Enron Oil Corp. v. Diakuhara,* 10 F.3d 90, 95-96 (2d Cir. 1993); *Meehan v. Snow,* 652 F.2d 274-277 (2d Cir. 1981). Nonetheless, courts have a countervailing vested interest in insuring compliance with legitimately issued orders, including those pertaining to discovery. See *Bambu Sales, Inc. v. Ozak Trading, Inc*., 58 F.3d 849, 853-54 (2d Cir. 1995).

5

As the Second Circuit has pertinently noted, in approving the striking of the answer and the entry of default judgment against a party based upon its failure to provide required discovery, "discovery orders are meant to be followed. 'A party who flouts such orders does so at his peril'. . .. Defendants rolled the dice on the district court's tolerance for deliberate obstruction, and they lost. We have no intention letting them return to the table. 'If one suggests that our decision today is strong medicine, that is precisely what it is intended to be'". Id. (citing and quoting *Update Art, Inc. v. Modiin Publishing, Ltd.,* 843 F.2d 67, 73 (2d Cir. 1988)).

Therefore, in view of the foregoing, this Court should provide a recommendation to the District Judge for an entry of default judgement against the Defendant.

Signed this twelfth day of December 2021.  Date 12/12/2021.

Respectfully,

*D. Sgt*

D. George Sweigert
Veteran U.S. Air Force

CERTIFICATE OF SERVICE

The Plaintiff asserts under the penalties of perjury that copies of these pleadings have been sent to Jason Goodman on 12/12/2021 at truth@crowdsourcethetruth.org .

# **EXHIBIT A**

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# Southern Division

George Webb Sweigert,

                              Plaintiff,

-against-                       CASE: 2:20-cv-12933-GAD-KGA

Cable News Network

                              Defendant.

---

Non-party declarant
D. G. SWEIGERT, C/O
GENERAL DELIVERY
NEVADA CITY, CA 95959
Spoliation-notice@mailbox.org

Jason Goodman
252 7th Avenue #6s
New York, NY 10001
(323) 744-7594
truth@crowdsourcethetruth.org
Pro Se

Plaintiff
George Webb Sweigert
1671 W. Stearns Road, Suite E
Temperance, MI 48182
Tel. 503-919-0748
Georg.webb@gmail.com

Robin Luce Herrmann (P46880)
Jennifer A. Dukarski (P74257)
Javon R. David (P78214)
BUTZEL LONG, a professional corporation
Attorneys for Defendant Cable News Network, Inc.
41000 Woodward Avenue
Stoneridge West
Bloomfield Hills, MI 48304 (248) 258-1616
Luce-Herrmann@butzel.com
Dukarski@butzel.com
Davidj@butzel.com

1

## DECLARATION OF D. G. SWEIGERT

NOW COMES D. GEORGE SWEIGERT, *pro se* non-attorney third-party, to provide the attached letter sent to all identified parties of this litigation. The attached is a truthful and accurate reproduction of the source document.

Respectfully submitted on this 23rd day of July 23, 2021.

*D. Swt*

D. G. SWEIGERT, C/O
GENERAL DELIVERY
NEVADA CITY, CA 95959
Spoliation-notice@mailbox.org

# EXHIBIT ONE

D. GEORGE SWEIGERT
*Pro Se Non-Attorney*
GENERAL DELIVERY
NEVADA CITY, CA 95959

**July 21, 2021**

**Colin Michael Sullivan #285203**
**License Status: Active**
**Address: Patreon,**
**600 Townsend St, Ste 500**
**San Francisco, CA 94103-5696**

**REF: 1:20-cv-07269-VEC-OTW, SDNY**

**SUBJ:** WARNING CONCERNING ALLEGED WIRE FRAUD

**SIR/MADAM:**

1. Essentially this communication creates allegations concerning Patreon knowingly broadcasting video content produced by an enterprise known as CROWDSOURCE THE TRUTH, which operates the COUNTER LAWFARE FUND, that smacks of wire fraud.

2. The latest "litigation stunt" perpetrated by the CROWDSOURCE THE TRUTH enterprise appears to have been video content placed on Patreon that describes a purported act of judicial corruption. The video speakers claim to have evidence of such "corruption" in a federal court. These assertions appear to be knowingly false with regards to any "corruption".

3. As you are well aware New York City attorney John H. Snyder has appeared on these COUNTER LAWFARE Patreon podcast shows. Specifically, a podcast video that directly addressed "fraud on the court" and/or "corruption" in the federal courts of Detroit, Michigan.

4. These artifacts of so-called "stunt litigation" are the brainchild of the attorneys and para-legal staff that seem to orbit CROWDSOURCE THE TRUTH like flies. This group produces *criminal indictments* as part of its *Citizens Grand Jury* hoax. Some broadcasts appear to intimidate federal jurists with social media slurs and smears unless a judicial verdict is rendered, or a case heard.

4

5.  The latest alleged instantiation of wire fraud is the transmission of a fraudulent artifact to the U.S. District Court serving Detroit, Michigan, an alleged "fraudulent artifact" known as **ECF document number 20.**

| 07/20/2021 | 20 | AMICUS CURIAE BRIEF by Jason Goodman (DPer) (Entered: 07/20/2021) |

*U.S. District Court, Eastern District of Michigan (Detroit) CIVIL DOCKET FOR CASE #: 2:20-cv-12933-GAD-KGA*

6.  John H. Snyder, esq., affirmatively participated in creating said video content (Michigan court "corruption") and may have ghost written **ECF document 20**, which can be said to imply the use of judicial intimidation, through the use of social media, to slur and smear court officials.







7. Documents filed in federal court suggest that you (Patreon) have exchanged e-mail messages with CROWDSOURCE THE TRUTH after you were made aware of racketeering allegations in 2018. See **EXHIBIT C-24** in attachment.

8. These acts of "stunt litigation", that are promoted on Patreon, represent staged litigation drama and are used to apparently fuel fundraising by this group. The same group with which you (Patreon) apparently exchanged e-mail messages on December 8, 2020 to coordinate the filing of other artifacts of "stunt litigation". [**EXHIBIT C-24**]

9. As Larry Klayman, esq. is associated with this group, there is a wealth of expertise in this area of the creation of so-called sham documents which smack of stunt litigation. This sham stunt litigation drama then becomes the subject of Patreon and YouTube video podcasts that push fund raising for the COUNTER LAWFARE fund (see broadcasts on 01/06/2021 at the U.S. Capitol sponsored by CROWDSOURCE THE TRUTH). All this activity is alleged to fuel a racketeering enterprise.

10.     Patreon will recall the video podcast series created by the COUNTER LAWFARE REPORT and Brian Vukadinvick, Crown Point, Indiana, that smeared and slurred several Indiana federal judges on the COUNTER LAWFARE REPORT.



7

11. Therefore, prepare accordingly as if Patreon were to be sued in Detroit, Michigan for acting as a facilitating accomplice under the federal wire fraud laws with CROWDSOURCE THE TRUTH and their affiliates.

Sincerely,

*D. GEORGE SWEIGERT*

## CERTIFICATE OF SERVICE

I, hereby certify, under penalties of perjury, that a true copy of the accompanying documents has been filed electronically with pdf copies to all parties.

| | |
|---|---|
| Jason Goodman | George Webb Sweigert |
| truth@crowdsourcethetruth.org | Georg.webb@gmail.com |
| | |
| | L Robin Luce Herrmann (P46880) |
| | Jennifer A. Dukarski (P74257) |
| | Javon R. David (P78214) |
| | luce-Herrmann@butzel.com |
| | Dukarski@butzel.com |
| | Davidj@butzel.com |

I hereby attest that the foregoing is true and accurate under the penalties of perjury.

*D. Sgt*

***D. GEORGE SWEIGERT***
**GENERAL DELIVERY**
**NEVADA CITY, CA 95959**
**Spoliation-notice@mailbox.org**