U.S. DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| D. GEORGE SWEIGERT<br><br>Vs.<br><br>JASON GOODMAN | Case 1:18-cv-08653-VEC-SDA<br><br>VALERIE E. CAPRONI |
|---|---|

<u>NOTICE OF MOTION</u>

<u>FOR LIMITED REOPENING OF DISCOVERY</u>

<u>PURSUANT TO F.R.C.P. Rule 16(b)</u>

Respectfully,

*[signature]*

D. George Sweigert
America's RV Mailbox
514 Americas Way, PMB 13339
Box Elder, SD 57719-7600
Email: SPOLIATION-NOTICE@MAILBOX.ORG

Signed this sixteenth day of December 2021.  Date 12/16/2021.

Respectfully,

*[signature]*

D. George Sweigert
Veteran U.S. Air Force

CERTIFICATE OF SERVICE

The Plaintiff asserts under penalties of perjury that copies of these pleadings have been sent to Jason Goodman on 12/16/2021 at truth@crowdsourcethetruth.org

1

**MEMORANDUM OF LAW**

# TABLE OF CONTENTS

**FACTUAL BACKGROUND** ................................................................................................... 6

**LEGAL FRAMEWORK** ....................................................................................................... 10

   *Rule 56 motions support rationale for "good cause"* ............................................... 11

**CONCLUSION** ....................................................................................................................... 13

# **TABLE OF AUTHORITIES**

**Cases**

*Burke v State Univ. of New York, Inst. of Tech. at Utica/Rome*, 3:12- CV-1013, 2012 WL 5986548, at *4 (N.D.N.Y. Nov. 29, 2012) ................................................................ 10

*Grochowski v. Phoenix Constr.,* 318 F.3d 80, 86 (2d Cir. 2003) .................................................. 8

*Holmes v. Grubman,* 568 F.3d 329, 334-35 (2d Cir. 2009) ........................................................... 8

*In re Gen. Elec. Co. Sec. Litig.,* No. 09 Civ. 1951 (DLC), 2012 WL 2892376, at *3 (S.D.N.Y. July 12, 2012) ................................................................................................................... 8

*United Rubber V. Lee Nat'l Corp.*, 323 F. Supp. 1181, 1187 (S.D.N.Y. 1971) ............................ 10

**Rules**

Fed. R. Civ. P. 56(d) ..................................................................................................................... 9

Local Civil Rule 16.1 .................................................................................................................... 9

Rule 15(a) ...................................................................................................................................... 8

Rule 16(b) ............................................................................................................................ 8, 9, 10

Rule 16(b) of the Federal Rules of Civil Procedure ..................................................................... 8

Rule 16(b)(3) ................................................................................................................................. 8

Rule 16(b)(4) ................................................................................................................................. 8

Rule 56(c) .................................................................................................................................... 10

Rule 56(d) ..................................................................................................................................... 9

**Treatises**

Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1522.2 (3d ed) ............... 8

Louis, Federal Summary Judgment Doctrine: A Critical Analysis, 83 Yale L,J. 745, 761 (1974) ................................................................................................................................... 10

Wright & Miller, Federal Practice & Procedure at § 1522.2 ........................................................ 8

## FACTUAL BACKGROUND

The Court has summarized the factual background of this case on numerous occasions.

"ORDER SCHEDULING INITIAL PRETRIAL CONFERENCE: An Initial Pretrial Conference in accordance with **Rule 16(b)** of the Federal Rules of Civil Procedure will be held on Thursday, October 24, 2019 at 11:00 a.m. in Courtroom 11C, United States Courthouse, 500 Pearl Street, New York, NY 10007," Dkt. 91.

"Following a telephone conference with the parties, it is hereby ORDERED as follows: 1. No later than October 31, 2019, Plaintiff shall file a letter with the Court indicating whether Plaintiff intends to pursue his claim under New York General Business Law § 349 and/or the relief set forth in 135 of the Second Amended Complaint("SAC"). 2. No later than November 14, 2019, Defendant shall file his Answer or otherwise respond to the SAC. 3. No later than November 21, 2019, the parties shall file any interrogatories for the Court's review," Dkt. 97.

The Court described the parties as being engaged in "outlandish conspiracy theories and accusing one another of criminal conduct and other misbehavior on the internet," Dkt. 142. "The term "outlandish conspiracy theories" also remains, in the Court's view, the most succinct way of contextualizing the parties' fracas," Dkt. 143.

The Second Amended Complaint was deemed supplemented, "only by paragraphs 1, 39 through 45 and 47 through 50 of Plaintiff's Verified Supplemental Complaint that is filed at ECF No. 150," Dkt. 160.

"Discovery shall now ensue with respect to Plaintiff's remaining claims for defamation and under the New York Civil Rights Law. … Given the prior history of this case and the parties'

animosity towards one another, it is the Courts intention to have the interrogatories take the place of live depositions," Dkt. 165.

"No later than January 15, 2021, Defendant shall respond under oath to the following interrogatories: as further set forth in this order. No later than January 15, 2021, Defendant shall produce to Plaintiff the following documents for the period from June 14, 2015 to the present: a) All documents and communications between Defendant and Patreon.com (or its representatives) regarding Plaintiff. b) All documents and communications between Defendant and any law enforcement agency regarding Plaintiff. c) All emails sent or received by Defendant regarding Plaintiff. d) All documents regarding any social media posts by Defendant that refer to Plaintiff and/or display his picture. e) All documents regarding Plaintiff's purported participation in what Plaintiff refers to as the "Port of Charleston, S.C. dirty bomb hoax of June 14, 2017." No later than January 15, 2021, Defendant shall file with the Court, for the Court's approval, no more than 25 interrogatories and no more than 25 document requests directed to Plaintiff that are limited to the issues raised by Plaintiff's remaining claims for defamation and under the New York Civil Rights Law. Defendant's failure to timely file such interrogatories and/or document requests may be deemed by the Court to be a waiver of Defendant's right to obtain discovery in this case. The Clerk of Court is respectfully requested to mail a copy of this Order to the pro se parties," Dkt. 173.

"It is hereby Ordered that Defendant shall respond to Plaintiffs motion to compel (ECF No. 188) no later than Monday, February 8, 2021. Defendant is warned that failure to comply with Court Orders may result in the imposition of sanctions including a recommendation to the District Judge that a default judgment be entered against him. The Clerk of Court is respectfully requested to mail a copy of this Order to the pro se parties," Dkt. 190.

"Accordingly, Defendant shall file sworn responses to the interrogatories contained in my December 7, 2020 Order no later than February 24, 2020. If Defendant fails to file such sworn responses, he will be subject to sanctions, up to and including my recommendation that a default judgment be entered against him," Dkt. 195.

"Following a telephone conference with the parties, and for the reasons stated on the record, it is hereby Ordered that Plaintiff's motion to compel (ECF No. 215) is GRANTED IN PART and DENIED IN PART as follows: No later than April 12, 2021, Defendant shall respond to Plaintiff's Interrogatory Nos. 1(c) and 1(d) for the time period of January 1, 2017 to the present. No later than April 12, 2021, Defendant shall produce any documents responsive to Plaintiff's Document Request Nos. 2(a), 2(c) and 2(d), for the time period of January 1, 2017 to the present, by mailing such documents to Plaintiff at the following address (as listed on the docket): General Delivery, Nevada City, CA 95959," Dkt. 224.

Defendant files "MOTION SEEKING LEAVE TO AMEND ANSWER TO INCLUDE A SPECIAL MOTION TO DISMISS PURS. TO NEWLY ENHANCED NYCVR 76-A & THE FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION," Dkt. 239.

"The discovery deadlines in this action remain in effect. The Court will decide the motion at ECF No. 239 in due course," Dkt. 246.

"Accordingly, the Court grants the Defendant's motion to amend his answer to add a defense under the New York anti-SLAPP statute. See Fed. R. Civ. P. 15 … The Court also grants Defendants motion for leave to file an appropriate dispositive motion under the New York anti-SLAPP statute. Since an answer already has been filed by Defendant, Defendants motion may be made as a motion for judgment on the pleadings, pursuant to Rule 12(c) of the Federal

8

Rules of Civil Procedure, or as a motion for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure. After such a motion has been filed and fully briefed, I will make a report and recommendation to District Judge Caproni regarding the appropriate disposition of such motion. The Court denies Defendant's request for a stay of discovery, as Defendant has not established that a stay is required and/or warranted. Discovery is ongoing and the Court declines to apply any limitations on discovery that may be imposed under the New York Civil Practice Law and Rules," Dkt. 259.

"[I]t is hereby Ordered as follows: 1. Defendant Goodman shall file his amended Answer no later than May 11, 2021. (See ECF No. 259.) 2. Defendant's motion to stay discovery (ECF No. 263) is denied. No later than May 18, 2021, Defendant Goodman shall respond to Plaintiff's discovery requests, as set forth in the Court's March 11, 2021 Order (ECF No. 224). Failure to do so will result in a recommendation to the District Judge that a default judgment be entered against him," Dkt. 270.

"Accordingly, it is hereby Ordered as follows: No later than November 12, 2021, Plaintiff shall file a letter setting forth each video file he seeks that Defendant has not produced. Defendant shall produce copies of such video files no later than December 3, 2021. Failure to do so may result in the imposition of sanctions. See Fed. R. Civ. P. 37. If Plaintiff seeks to depose Defendant on the issue of actual malice, Plaintiff shall file a letter, no later than December 10, 2021, setting forth at least four proposed dates prior to February 28, 2022 for the deposition to occur," Dkt. 322.

**LEGAL FRAMEWORK**

Where a court has filed a scheduling order pursuant to Rule 16(b) of the Federal Rules of Civil Procedure that limits the parties' ability to amend the complaint, "the lenient standard under Rule 15(a), which provides leave to amend 'shall be freely given,' must be balanced against the requirement in Rule 16(b) that the Court's scheduling order 'shall not be modified except upon a showing of good cause.'" *Grochowski v. Phoenix Constr.,* 318 F.3d 80, 86 (2d Cir. 2003) (quoting older versions of Federal Rules of Civil Procedure 15(a) and 16(b)), cited in *Holmes v. Grubman,* 568 F.3d 329, 334-35 (2d Cir. 2009). Whether good cause exists requires the court to inquire into the "diligence of the moving party." Id.; see also *In re Gen. Elec. Co. Sec. Litig.,* No. 09 Civ. 1951 (DLC), 2012 WL 2892376, at *3 (S.D.N.Y. July 12, 2012) (holding that plaintiffs' lack of diligence does not constitute good cause, and that "[h]aving made a tactical decision to pursue a particular legal theory ... Plaintiffs will not be excused from the necessary consequences of this decision").

However, a scheduling order or other determinative discovery order creating some type of deadline cannot be located in the docket by the undersigned, save ECF no. 91 and 97 that address an Initial Pretrial Conference in accordance with Rule 16(b) that was apparently held on October 24, 2019.  It is instructive to note that Rule 16(b) is specifically cited as the reason for the 10/24/2019 conference.  Rule 16(b) is never again cited in the docket.

Federal Rule of Civil Procedure Rule 16(b) governs scheduling orders. A well-respected treatise notes that "any scheduling order issued under Rule 16(b) and the timetable it establishes will be binding." Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1522.2 (3d ed).

Rule 16(b)(3) states, "The scheduling order must limit the time to join other parties, amend the pleadings, complete discovery, and file motions."  Rule 16(b)(4) then provides that once a scheduling order has been entered, it "may be modified only for good cause and with the judge's consent."  There is no such scheduling order on the docket, save for ECF no.s 91 and 97.

The scheduling order controls and leave to amend will be denied in the absence of "some showing of why an extension is warranted." Wright & Miller, Federal Practice & Procedure at § 1522.2.

Rule 16(b) mandates the time for the Court to issue a scheduling order after receiving the parties' Rule 26(f) report or holding a conference with the parties - "within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared."

As stated in Local Civil Rule 16.1, Exemptions from Mandatory Scheduling Order, only matters involving habeas corpus petitions, social security disability cases, motions to vacate sentences, forfeitures, and reviews from administrative agencies are exempted from the mandatory scheduling order required by Fed. R. Civ. P. 16(b).  See page 26, https://www.nysd.uscourts.gov/sites/default/files/local_rules/2021-10-15%20Joint%20Local%20Rules.pdf

***Rule 56 motions support rationale for "good cause"***

When a nonmoving party finds that it cannot present facts that are essential to oppose summary judgment, the Federal Rules of Civil Procedure provide for a remedy.  Under Fed. R. Civ. P. 56(d), the nonmoving party can submit an affidavit that asks for additional time for discovery, which will permit the court to either (1) defer considering the motion for summary

judgment (or deny it all together); (2) allow more time for the nonmoving party to obtain additional discovery; or (3) issue any other order as is necessary.

As the Court is aware the Plaintiff sought additional discovery opportunities in June 2021 after the Defendant filed his motion for summary judgment. Plaintiff sought additional discovery to prove his defamation *per se* allegations to the level of "actual malice", see ECF no.s 280, 281, and 282. These pleadings ("Rule 56 motion") were never adjudicated and were left floating on the docket like hanging chads.

ECF no.s 280, 281, and 282 are unaddressed the Plaintiff has been denied an opportunity for conducting additional discovery (per "Rule 56 motion") without being heard.

Rule 56(d) is a procedure to safeguard against premature summary judgment motions, . "A party may respond to a motion for summary judgment with an affidavit stating that further discovery is necessary," (ECF doc. 280, 281 and 282) see *Burke v State Univ. of New York, Inst. of Tech. at Utica/Rome*, 3:12- CV-1013, 2012 WL 5986548, at *4 (N.D.N.Y. Nov. 29, 2012).

The Court is reminded that within the meaning of Rule 56(c) and summary judgment some courts have explained that even if the evidence favoring the nonmovant was so slight that at trial the court would be compelled to grant the movant's motion for a directed verdict or judgment notwithstanding the verdict, the evidence would nevertheless be sufficient to create a genuine issue for purposes of defeating a summary judgment motion. See *United Rubber V. Lee Nat'l Corp.*, 323 F. Supp. 1181, 1187 (S.D.N.Y. 1971) (interpreting Second Circuit law to preclude grant of summary judgment even though a jury verdict for the nonmovant could not be supported); see also Louis, Federal Summary Judgment Doctrine: A Critical Analysis, 83 Yale L,J. 745, 761 (1974). The opportunity to collect such evidence has been denied to the Plaintiff for no good cause shown.

## **CONCLUSION**

There has been no official "closure of discovery" identified on the Court's docket (per Rule 16(b)). Tellingly, the Magistrate Judge announced that "discover was closed" at a discovery conference on December 15th, 2021. This proclamation ("discovery is closed") appears to be arbitrary and capricious as there appears to be a lack of adequate notice to the parties announcing the closure of discovery normally articulated in a Rule 16(b) scheduling order.

As Rule 16(b) allows for reopening of discovery, conditioned upon a scheduling order, it appears that discovery remains open in this lawsuit. As Rule 16(b) provides for a revision of a scheduling order deadline (and none exists here) for "good cause" shown, the Court should rely on the previous unaddressed Rule 56(d) motions (ECF no.s 280, 281 and 282) to permit additional discovery of relevant evidence needed by the Plaintiff.

Therefore, the Court should cure this oversight and provide for additional discovery time by the Plaintiff pursuant to Rule 16(b) and Rule 56(d).

Signed this sixteenth day of December 2021. Date 12/16/2021.

Respectfully,

*D. Sgt* (signature)

D. George Sweigert
Veteran U.S. Air Force

CERTIFICATE OF SERVICE

The Plaintiff asserts under penalties of perjury that copies of these pleadings have been sent to Jason Goodman on 12/16/2021 at
truth@crowdsourcethetruth.org