```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF NEW YORK

In re:                            :
                                          Docket #18cv8653
SWEIGERT,                         :   1:18-cv-08653-VER-SDA

              Plaintiff,          :

   - against -                    : New York, New York
                                      December 15, 2021
GOODMAN,                          :

              Defendant.          :

----------------------------------- :  REMOTE DISCOVERY
                                       CONFERENCE

                    PROCEEDINGS BEFORE
                 HONORABLE STEWART D. AARON
                UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For Plaintiff:         D. GEORGE SWEIGERT, PRO SE
                       America's RV Mailbox
                       514 American Way
                       PMB 13339
                       Box Elder, SD  57719-7600

For Defendant:         JASON GOODMAN, PRO SE
                       252 7th Avenue, #6S
                       New York, NY  10001



Transcription Service: Carole Ludwig, Transcription Services
                       155 East Fourth Street #3C
                       New York, New York 10009
                       Phone:  (212) 420-0771
                       Email:  Transcription420@aol.com



Proceedings recorded by electronic sound recording;
Transcript produced by transcription service.
```

<u>**INDEX**</u>

<u>**E X A M I N A T I O N S**</u>

| <u>**Witness**</u> | <u>**Direct**</u> | <u>**Cross**</u> | <u>**Re-Direct**</u> | <u>**Re-Cross**</u> |
|---|---|---|---|---|
| None | | | | |

<u>**E X H I B I T S**</u>

| <u>**Exhibit Number**</u> | <u>**Description**</u> | <u>**ID**</u> | <u>**In**</u> | <u>**Voir Dire**</u> |
|---|---|---|---|---|
| None | | | | |

                                                                    3

1

2              HONORABLE STEWART D. AARON (THE COURT):  This is

3    the matter of Sweigert against Goodman, 18cv8653.  This

4    line is being recorded.  This is Magistrate Judge -- this

5    is Magistrate Judge Aaron, if I could have the parties

6    identify themselves, please, for the record.

7              MR. D. GEORGE SWEIGERT (THE PLAINTIFF):  This is

8    the plaintiff, D. George Sweigert.

9              MR. JASON GOODMAN (THE DEFENDANT):  Pro se

10   defendant, Jason Goodman.

11             THE COURT:  Good afternoon.  The purpose of this

12   conference is to discuss certain discovery issues and I did

13   review the parties' correspondence that I received prior to

14   today and I want to first talk about the videos.  I saw in

15   the filing that the defendant made yesterday that with

16   respect to the videos that were requested by the plaintiff,

17   there were links provided in the exhibit that was attached

18   to the letter and those links appeared to me, for the most

19   part, to match up to the requests.  So let me hear from the

20   plaintiff as to whether, what deficiencies he asserts with

21   respect to the videos requested?

22             THE PLAINTIFF:  Well, Your Honor, I haven't

23   actually checked those links but I'll take your word

24   that if those links work they can be substitutes.

25   However, the point of the matter was that if that's

1
2  the title that those videos were given then, and those
3  links are going to another location to get that video
4  and the videos aren't, haven't changed at all, then I
5  suppose that would be acceptable.
6          THE COURT:  Okay, Mr. Sweigert, you ought not
7  take my word for anything, all I indicated was that I
8  saw there were links that were provided. I admittedly
9  clicked on one or two, but it's not my job to see
10  whether the discovery provided to you was adequate. So
11  unless you tell me otherwise, I am going to take Mr.
12  Goodman's response as satisfying the obligation that
13  was imposed upon him.
14          I now want to talk about the videos that were
15  referenced in the report and recommendation I made to
16  Judge Caproni.  I saw, Mr. Goodman, in your response
17  of yesterday, that with respect to the videos that
18  relate to what I refer to as statements four and five,
19  that those, YouTube took them down or something along
20  those lines, and I'd like to understand whether you're
21  telling me that those videos, therefore, are no longer
22  available to you?
23          THE DEFENDANT:  Your Honor, I go to what I
24  would categorize as great lengths to preserve every
25  digital document that I create.  I've been in the

1                                                           5

2   video production business for three decades. And just

3   because YouTube takes down a channel or Mr. Sweigert

4   writes letters to BitChute and other people and files

5   complaints against my social media properties with the

6   specific intention of getting them taken down, even

7   when that happens I preserve copies. And while it is

8   possible that I may, over the course of thirty years,

9   have made an error and may have lost some of what I've

10  created, I do not believe any of the videos in

11  question have been lost, I have them all, and I have

12  gone to great lengths to provide them to the plaintiff

13  while he is simultaneously trying to get them

14  eliminated from the internet so he can write pleadings

15  claiming that I deleted them.

16          THE COURT:  Okay, so I'm aware that you

17  previously provided a, in your May 15th supplemental

18  interrogatory responses filed at ECF 274, you

19  indicated you were sending to Mr. Sweigert a USB

20  memory stick containing 46.8 gigabytes of video data,

21  that was in response to request number 2(D), and you

22  indicated at that time it was mailed to plaintiff's

23  Nevada City address. In the most recent correspondence

24  from you, you talk about different amounts of data.

25  For example, in one part of the letter you sent, of

1                                                                   6

2  yesterday, you indicated it was 64 gigabytes on a

3  thumb drive in the initial discovery phase.  But what

4  I'm trying to get at is the videos that were

5  referenced in my report and recommendation as not

6  having been provided to me, were they provided to Mr.

7  Sweigert on that thumb drive or in any other manner?

8          THE DEFENDANT:  So to clarify the thumb drive

9  issue, it's a 64 gigabyte bucket with 48 gigabytes

10 worth of material in it.  And, yes, that was provided

11 to Mr. Sweigert, I may have not recalled correctly

12 when I wrote that thing which address I sent it to,

13 it's become quite a challenge for me to keep track of

14 Mr. Sweigert's mailing addresses and where I am

15 supposed to produce this material to. If it was sent

16 to the Nevada City address, then that would explain

17 why he hasn't received it because, as you may recall

18 from our previous conferences, so far every email

19 address he's given me, when I check with the post

20 office they say it's not his address, and the stuff

21 gets lost or returned, or whatever.

22          So given the facts you've just reminded me of

23 there, it is possible that Mr. Sweigert doesn't have

24 that thumb drive. But it was sent and I do believe it

25 contained every video that I am aware of that has

anything to do with him or anything that he has asked
for. And I will double check but I thought I had
included links in my response that satisfied what you
were looking for, Your Honor.  I have no interest in
blocking any access to any video I have ever created
and I even probably in this letter that he didn't get,
I said this thumb drive contains everything you're
looking for and if there's anything missing, there's
no need to file a pleading, I'll give you whatever you
want. I, he can scrutinize any video I've ever made, I
think the question is why is Mr. Sweigert going to
such lengths to delete my video channels.  Even when I
create an evidence channel on BitChute, he contacted
BitChute and told them that this was a copyright
infringement, that was a deception. Using his videos
as evidence in this lawsuit is not a copyright
infringement, it is a fair use of the video.

THE COURT:  Okay, Mr. Sweigert, in a letter,
or to be more precise, in a memorandum and declaration
you filed with the Court on June the 2nd of this year
at ECF 281 and 282, first of all, in the memorandum at
page 7 you stated that a USB jump drive that contained
137 video files in the MP4 format was received via
postal authorities, and then in the declaration that

1                                                                          8

2   accompanied it, it indicated the USB contained

3   approximately 43.5 gigabytes of information. So I

4   assume you are not saying that you didn't get that

5   jump drive, what you had previously been saying, that

6   there were videos that were missing from it, but my

7   question for you, Mr. Sweigert is do you contend that

8   that thumb drive did not contain the videos that were

9   referenced in my report and recommendation that I

10  didn't have access to?

11          THE PLAINTIFF:  Well, okay, there's some

12  compounded things here and after I answer this

13  question I would like to update the Court on all the

14  links that I checked while the defendant was speaking,

15  the links that supposedly work. So I would like to address

16  that after this.

17          So the video, the videos that we're talking about,

18  so there's two jump drives, if you want to think of it that

19  way, the one that we're talking about that the declaration

20  was written about on June 2nd, that it's just a curiosity

21  that there was approximately 66 videos that were my creation

22  on a deactivated YouTube channel. So for whatever reason,

23  the defendant decided to additionally put 66 videos on that

24  jump drive which were not his creation, which are not

25  subject to this litigation, which are irrelevant. So that

1                                                                    9

2   leaves I think 40 videos approximately and the videos that I

3   was requesting that we, the question about these links, we

4   can deal with that in a second, those were the videos that

5   do not appear in those 44. So the first jump drive of June

6   2nd were not inclusive of the videos that I requested for

7   the second discovery responses, second jump drive, if you

8   will, and those are the questions that I had.

9           THE COURT:  All right, I'm going to just restate

10  my question so we're clear.  There were certain videos that

11  I, personally, did not have access to when I issued my

12  report and recommendation on the summary judgment motion.  I

13  identified them as consisting of relating to statements

14  four, five, six, seven, eight and nine.

15          THE PLAINTIFF:  Right.

16          THE COURT:  Mr. Sweigert, do you have, do you have

17  those videos?

18          THE PLAINTIFF:  I don't know. I really, I'm not

19  trying to be smart-alecky or not. I think if The Trolls of

20  Mt. Shasta was one of them, I do have that video, that I'm

21  pretty sure of. The second one, something about, I don't

22  know, I would have to double check.

23          THE COURT:  Okay, because I construed the request

24  that you made to Mr. Goodman, pursuant to my Court Order, as

25  being the videos that were you, and I'm going to use your

1   word, missing, the ones that hadn't been provided to you,

2   and you hadn't listed those and, therefore, it led me to

3   believe that you have them.  So and that's going to be,

4   that's the assumption that I'm proceeding under.  You wanted

5   to say something else about Mr. Goodman's response that you

6   received yesterday? I know it was dated earlier, it was

7   dated December 1st.

8             THE PLAINTIFF:  Well the only thing I think for,

9   to provide absolute clarity, is this issue about BitChute

10  and videos that are on BitChute, and evidence repositories

11  that are created, all that content is my content, it has

12  nothing to do with any potential videos that would have

13  content of defamation and slander. So when Mr. Goodman says

14  that I'm actively trying to defeat his ability to have

15  videos or produce videos, if we're talking about him

16  producing my videos, which I already have copies of, and him

17  taking those videos and putting them on yet another

18  (indiscernible) social media property, it's somewhere out in

19  the internet, and it's all my content, I own it, and he puts

20  it up, I have it taken down and he says I'm obstructing, I'm

21  causing problems, I think that's just an argument. I mean it

22  reveals itself.

23            So I just wanted to clear that up for the Court

24  that this issue about BitChute is not about video content

1

2  that he owns or he's created, it's about video content that

3  I own and I created.

4          THE COURT:  All right.  So from my perspective,

5  we're done on videos.  The --

6          THE RESPONDENT:  Your Honor, may I address

7  that?

8          THE COURT:  No, you may not.  This is all back

9  and forth between the two of you and having nothing to

10  do with the issues in my case.  I'm dealing with the

11  issues in my case.  So as far as I'm concerned, I'm

12  done on videos.  I did see that, Mr. Sweigert, you put

13  in additional requests for videos which is not what the

14  Court intended, and I am upholding the objections that Mr.

15  Goodman made to them.  And based upon what's been produced,

16  I think you have the videos that you requested and,

17  obviously, whatever questions you want to ask Mr. Goodman at

18  his upcoming deposition about those videos, you certainly

19  are free to ask.

20          I want to turn next to the issue of the

21  deposition.  I have been advised by the Court that due to

22  extant Covid protocols, we are not holding depositions at

23  the courthouse.  Pre-Covid that is something that was done,

24  but I'm told that I can't do that.  So, therefore, I'm going

25  to order that the deposition proceed remotely and, Mr.

1
2   Sweigert, it is your option, it will be at your expense and,
3   therefore, your option, to do it by telephone. On the
4   telephone will be, or would be if you do it by telephone,
5   you, me, Mr. Goodman and a court reporter who is hired at
6   your expense.  Alternatively, Mr. Sweigert, there are video
7   deposition services out there post pandemic that set up a
8   screen and would have all of us on video, and there would be
9   somebody who is recording it. They are professional
10  videographers using videoconferencing technology, and
11  that's what the rules require and that's what I am going
12  to require. So I'm going to give you a week to decide
13  whether you want to do it by telephone or whether you want
14  to do it by videoconferencing technology using a
15  videoconferencing deposition firm. These firms provide
16  both the court reporter, as I understand it, as well as
17  the videographer, and both the court reporter and the
18  videographer are certified to perform those functions.
19          And so, Mr. Goodman, you received the letter, as
20  I did, from Mr. Sweigert, setting forth the proposed
21  dates, February 22nd, February 23rd, February 24th and
22  February 25th, which of those dates would you like to
23  choose?
24          THE DEFENDANT:  That's posed to me, Your Honor,
25  or to Mr. Sweigert?

```
 1                                                    13

 2              THE COURT:  Mr. Sweigert --

 3              THE DEFENDANT:  The 22nd.

 4              THE COURT:  Let mem finish.  Mr. Sweigert told

 5    me his available dates in a letter dated December the

 6    9th and I assume you received a copy of this --

 7              THE DEFENDANT:  Yes.

 8              THE COURT:  And it lists February 22nd, 23rd,

 9    34th and 25th and I'm asking you to pick one of those

10    dates.

11              THE DEFENDANT:  The 22nd, please, sir.

12              THE COURT:  Okay.  So it will be February the

13    22nd and Mr. Sweigert, within seven days you'll advise,

14    you'll file a letter indicating whether it's going to

15    be by telephone or by, you know, video. And once you

16    advise that I'll enter an order requiring you a

17    certain number of days in advance to provide to Mr.

18    Goodman and to the Court either A) dial-in

19    information, again, court reporting services should be

20    able to make a dial-in number available if you choose

21    telephone, and if you choose videoconferencing,

22    obviously that court reporting service can provide a

23    link that both Mr. Goodman and I, and the court

24    reporter and the videographer can, can log in to for

25    lack of a better term.
```

1

2          Any questions about that, Mr. Sweigert?

3          THE PLAINTIFF:  Just to understand, both

4   options, it's a, I make the private arrangements with

5   a private carrier, the Court's not involved in that,

6   I would make the arrangements?

7          THE COURT:  That's correct.

8          THE PLAINTIFF:  Okay.

9          THE COURT:  But there are certifications that

10  are associated with this type of work.

11         THE PLAINTIFF:  Yes, I understand.

12         THE COURT:  There are firms out there that do

13  this kind of thing.  And obviously the New York based

14  ones, there are many, many and I am confident, if

15  you're not familiar with them, I may have discussed

16  these with you in the past and if I haven't, for both

17  sides, the New York Legal Assistance Group, they're

18  referred to as NYLAG, N-Y-L-A-G, and the contact

19  information for NYLAG is available on the Court's

20  website, they give advice to pro se litigants and I am

21  confident that NYLAG would be able to provide you

22  information if you didn't have otherwise access to it

23  as to certified firms that that service, court

24  reporters as well as videographers.

25         THE PLAINTIFF:  That sounds great, Your Honor,

1                                                          15

2   that's how I'll proceed, thank you.

3           THE COURT:  All right, so February the 22nd it

4   is.  So that's all that I wanted to cover.  Mr.

5   Sweigert, I saw you had other things in correspondence

6   to me so I'll give you a brief opportunity to raise

7   whatever it is you want to raise and then, Mr. Goodman,

8   I'll obviously hear from you.  So, Mr. Sweigert, go ahead.

9           THE PLAINTIFF:  Well I don't want to belabor

10  anything. I think, just on the one point of my mailing

11  address, my mailing address is South Dakota. I went to

12  great expense to get this mailbox really as a courtesy to

13  Mr. Goodman, so that's where items should be sent and I've

14  been really clear about that.  And so all I can tell you

15  is I didn't get anything. So I think that's the issue on

16  the mailing and I think that clears things up on this end.

17  I don't think there is any reason to go forward.

18          I was in discussions in email back and forth

19  with Google's legal staff and Mr. Goodman about the

20  possibility of a Rule 45 subpoena to get some information

21  from Google, the Google account at YouTube of the

22  Jason Goodman account. And I know in the past the

23  Court has said that if you're seeking subpoenas, the

24  subpoena is really something that the Clerk of the

25  Court stamps off and takes care of, but I do have an

1
2  interest in continuing working things out with Google
3  and perhaps getting a valid Court issued subpoena to
4  get certain information from Google on that YouTube
5  account. And I would be interested to find out the
6  Court's opinion on this matter.
7         THE COURT:  Well my opinion is discovery is
8  closed.  Let me understand what it is that you're
9  seeking from Google.  You told me you have the videos
10 and that the links work, what is it that you're
11 seeking to get from Google outside the discovery
12 period?  There is a mechanism through a motion to try
13 to obtain discovery outside of the expired period,
14 there are certain standards that must be met. And what
15 I want to understand is what is it that you're seeking
16 from Google?
17        THE PLAINTIFF:  Well, if a reporter at *The New*
18 *York Times* wrote an article on a word processor saved
19 that file, those are the raw files we're talking
20 about, they're just raw computer files. So when Mr.
21 Goodman sends me these files, they're raw computer
22 files. Now when the actual story is printed in *The New*
23 *York Times*, there might be a headline, there might be
24 a caption to a photo, things of that nature. And some
25 of these raw files when they're sent to Google, Mr.

17

Goodman's added headlines and video descriptions that
in themselves contain defamatory information.  So that
was my interest in getting a complete totality of
understanding the context of this electronic file was
published in this forum, this is how it appeared, this
is the headline that was used, this is the video
description that was used, here's the thumbnail that
appeared, so it was really just a contextual thing to
have a complete picture of how these videos were
presented to the public.

       THE COURT:  Okay.  All I can say is if you
want to try to subpoena Google, you can make a written
motion and, again, you could speak with NYLAG, if you
like.  Under Rule 16(b) of the Federal Rules of Civil
Procedure, you have to make a showing as to good cause
to reopen discovery and that the discovery sought is
relevant and proportional to the needs of the case. I
should point out, even if I were to grant you
permission to serve a subpoena, Google would have the
right as a third party to assert objections to the
subpoena, and under Rule 45 one of the things they
have the right to do is to cost shift. They get to
say, you know what, we have to hire people to do this,
et cetera, and we'll do this so long as Mr. Sweigert

1

2  reimburses our expenses of dollars X.  So I just point

3  that out as something for you to be aware of should

4  you choose to file such a motion, that just because

5  permission is granted to issue the subpoena, doesn't

6  mean Google needs to comply with it, it means Google

7  gets to assert objections and seek to cost shift.

8          Did you have anything else -- did you have

9  anything else, Mr. Sweigert?

10          THE PLAINTIFF:  Thank you for the explanation,

11  I understand that, and I don't have anything else,

12  Your Honor.

13          THE COURT:  All right.  Mr. Goodman, we're

14  sticking to the discovery in this case, do you have

15  anything that you would like to raise with respect to

16  the discovery in this case?

17          THE DEFENDANT:  Well, I just want, you've

18  mentioned here that Google could object to a subpoena

19  request, can I object to a subpoena request?

20          THE COURT:  Yes, Mr. Goodman, you would be

21  able to, if a motion were made by Mr. Sweigert, you

22  would have the opportunity to object to the subpoena

23  being issued, absolutely.

24          THE DEFENDANT:  Okay, so I think it's

25  important in consideration of the possible motion that

1
2  we're discussing, that the Court be made aware that

3  Mr. Sweigert was not able to determine if he had this

4  material that he's asking for, he doesn't know. And I

5  believe it's because so much of his time is occupied

6  with bombarding me with emails that are unrelated to

7  this case, interfering with other cases, harassing my

8  family members and doing all kinds of things that are

9  way outside the scope of anything having to do with

10  this, I would say that this, you know, proposed

11  subpoena to Google falls into that category. And I

12  would like to request the Court, I don't want to make

13  any more filings, you told us not to file anything, so

14  I would like to make a specific request --

15          THE COURT:  Mr. Goodman, I never told you not

16  to file anything.

17          THE DEFENDANT:  Ah, sorry, I misunderstood.

18          THE COURT:  I don't know where you got that

19  from.

20          THE DEFENDANT:  I misunderstood.

21          THE COURT:  If a motion is made, you

22  absolutely are entitled to respond to it, if you have

23  a motion to make, you should make a motion.

24          THE DEFENDANT:  Very good, thank you, sir.

25          THE COURT:  Okay?  Anything else relating to

                                                                    20

1

2   discovery in this case, Mr. Goodman?

3         THE DEFENDANT:  I presume discovery is closed

4   and I have no further questions.

5         THE COURT:  It's closed except for your

6   deposition.

7         THE DEFENDANT:  Right.

8         THE COURT:  Yes, okay.  Very well, so you can

9   expect to see an order setting the February 22nd date

10   for the deposition as well as requiring Mr. Sweigert

11   within seven days to advise the Court as to the method

12   by which he, the remote method by which, by which he

13   will take the deposition. Thank you very much and this

14   matter is adjourned.

15         THE DEFENDANT:  Sorry, I have one further

16   question, Your Honor.

17         THE COURT:  Did we lose Mr. Sweigert?

18         THE PLAINTIFF:  I'm still here, Your Honor.

19         THE COURT:  Okay, go ahead, Mr. Goodman,

20   relating to discovery in this case, go ahead.

21         THE DEFENDANT:  Relating to this case.  Do I

22   have, can the Court -- I guess I don't want to ask you

23   for legal advice, I'm not trying to do that, I think I

24   need to contact an attorney. I just, I need a

25   restraining order against Mr. Sweigert, he does

21

1

2   nothing but harass me all day. That's all I have to

3   say.

4           THE COURT:  All right, this matter is

5   adjourned, thank you.

6              (Whereupon the matter is adjourned.)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                                                                22

2

3                    C E R T I F I C A T E

4

5          I, Carole Ludwig, certify that the foregoing

6    transcript of proceedings in the United States District

7    Court, Southern District of New York, Sweigert v. Goodman,

8    et al., Docket #18cv8653, was prepared using digital

9    transcription software and is a true and accurate record of

10   the proceedings.

11

12

13

14

15   Signature  *Carole Ludwig*

16

17   Date:   December 30, 2021

18

19

20

21

22

23

24

25