IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| D. GEORGE SWEIGERT, | Case No.: 1:18-cv-08653-VEC-SDA |
| Plaintiff, | |
| vs. | **NOTICE OF MOTION** |
| JASON GOODMAN, | |
| Defendant | |

## TO THE COURT AND PLAINTIFF

Please take notice that JASON GOODMAN, pro se Defendant will move this Court, pursuant to 28 U.S.C. § 144 and 455 of the Federal Rules of Civil Procedure, for the immediate recusal or disqualification of Judge Valerie Caproni.

Signed this 10th day of January 2022

Respectfully submitted,

_____
Jason Goodman, Defendant, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
(323) 744-7594
truth@crowdsourcethetruth.org

NOTICE OF MOTION FOR DISQUALIFICATION OF JUDGE VALERIE CAPRONI - 1

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

D. GEORGE SWEIGERT,

       Plaintiff,

vs.

JASON GOODMAN,

       Defendant

Case No.: 1:18-cv-08653-VEC-SDA

**AFFIDAVIT OF JASON GOODMAN IN SUPPORT OF PLAINTIFF'S MOTION FOR RECUSAL OR DISQUALIFICATION OF JUDGE VALERIE CAPRONI**

1. I, Jason Goodman, hereby swear under oath and declare under penalty of perjury that the following is true and correct to the best of my knowledge and belief.

2. I am over the age of 18, legally and mentally competent to make this affidavit under oath.

3. I am the pro se Plaintiff in Goodman v Sharp et al ("Goodman v Sharp") and the owner of Multimedia System Design, Inc. ("MSD") Defendant in related litigation, THE NATIONAL ACADEMY OF TELEVISION ARTS AND SCIENCES, INC. and ACADEMY OF TELEVISION ARTS & SCIENCES vs MULTIMEDIA SYSTEM DESIGN, INC., ("NATAS v MSD").

4. At an October 25, 2021, show cause hearing in NATAS v MSD, Judge Caproni unfairly obstructed my testimony, interrupting repeatedly with unnecessary and deliberately humiliating insults, blocking the presentation of my evidentiary statements.

5. After unjustly obstructing the evidence, Judge Caproni concluded that there was no evidence and accused me of being "like QAnon".

6. QAnon has nothing to do with me, nothing to do with this case, and nothing to do with the Defendant in NATAS v MSD or any other case involving me. This topic could only have come from an extrajudicial source. Likening me to an entity that has been branded as a source of domestic terrorism is unjust, wrong, and a clear demonstration of Judge Caproni's unfounded extrajudicial bias against me.

7. Non-party D. George Sweigert ("Sweigert") has made strenuous ongoing efforts to falsely associate me with Qanon, publishing hoax stories and false statements on his blog, Twitter and elsewhere in addition to other outrageous things. Judge Caproni's extrajudicial bias is even more disturbing because she presides over unrelated litigation in which Sweigert is Plaintiff. (*See* Sweigert v Goodman1:18-cv-08653-VEC-SDA).

8. Judge Caproni allowed Sweigert to interfere in NATAS v MSD until he succeeded in causing the withdrawal of attorney John Snyder ("Snyder"). Even after that dramatic development, Judge Caproni has done nothing substantial to punish this grossly prejudicial act deliberately caused by a vexatious non-party.

9. Judge Caproni has determined, based on false claims of adverse parties made without evidence, that I am a "conspiracy theorist". This term has no legal force and effect. It is used to insult those who question the accuracy of news or historical accounts, show interest or curiosity in unsolved crimes or challenge conventional thinking in any way.

10. Judge Caproni's extra judicial bias is based on facts from outside this case that have nothing to do with me. Public expressions of her personal animus and bias have fueled even more online harassment and encouraged vexatious non-parties including Sweigert to continue interference in this and other cases.

AFFIDAVIT OF JASON GOODMAN IN SUPPORT OF MOTION
FOR RECUSAL OR DISQUALIFICATION OF JUDGE
VALERIE CAPRONI - 2

11. In other unrelated litigation, (*See* Goodman v Bouzy1:21-cv-10878-AT-JLC) Sweigert has attempted similar actions, only to be shut down within days.

12. Similar to action taken by the Honorable M. Hannah Lauck in the Eastern District of Virginia, and unlike Judge Caproni, the Honorable Analisa Torres wasted no time instructing Sweigert she will not allow him to clog her docket. Within days of her assignment to Goodman v Bouzy (*See* 1:21-cv-10878-AT-JLC) she made it clear that she would refuse facially frivolous pleadings from non-parties.

13. By contrast, Judge Caproni has allowed HUNDREDS of frivolous filings from Sweigert even encouraging him to file a motion to intervene in NATAS v MSD.  The court has been advised all along of Sweigert's putative criminal extrajudicial behavior.  Instead of taking action to stop him, the Court has chosen to deny meaningful, evidence rich filings such as the Amicus Curiae brief I filed in NATAS v MSD. (*See* 1:20-cv-07269-VEC-OTW ECF No. 124). No reason was given for unjustly holding the brief in abeyance.

14. Judge Caproni is aware that Sweigert has engaged in a continuous, ongoing, and destructive campaign of harassment that included a threat against attorney Snyder's infant daughter, leading directly to his withdrawal as cited in his affidavit. (*See* 1:20-cv-07269-VEC-OTW ECF No. 100 – 102)

15. Even after this occurred, Judge Caproni took NO SUBSTANTIAL ACTION to curtail Sweigert's behavior or punish him for directly and substantially interfering in a manner that is dramatically prejudicial and destructive to me and my interests.

16. Every attorney interviewed cited harassment as a primary reason they refused the case.

AFFIDAVIT OF JASON GOODMAN IN SUPPORT OF MOTION
FOR RECUSAL OR DISQUALIFICATION OF JUDGE
VALERIE CAPRONI - 3

17. Judge Caproni's failure to take appropriate action to end Sweigert's psychotic screed has empowered him to remove my ability to defend my corporation in NATAS v MSD.

18. Judge Caproni is aware I have alleged Sweigert used a deceptive email address to contact NATAS and provoke litigation.  That email address was the subject of the illegitimate and abusive show cause hearing ordered by Judge Caproni on October 25, 2021.  Despite the turmoil caused by this very significant email address, Judge Caproni has refused every option my former attorney and I have pursued to learn the identity of its owner.

19. Adding insult to injury, Judge Caproni then brazenly ignored a timely filed response to her final show cause order in NATAS v MSD, unjustly seeking default judgement against my unrepresented corporation. (*See* 1:20-cv-07269-VEC-OTW ECF No. 139)

20. Judge Caproni's expression of extrajudicial bias related to Qanon and failure to take meaningful action against Sweigert has emboldened him to expand his harassment campaign beyond threatening infants to now include threats against my elderly family members, who also have nothing to do with this or any other case involving Sweigert.

21. On or around November 27, 2021, my octogenarian father Dr. Mark Goodman ("Dr. Goodman") experienced a hack of his AOL email account.  **(EXHIBIT x)**

22. Nearly every person Dr. Goodman knows got an email asking them to send a Google gift card.  However, Dr. Goodman never sent the email.  Dr. Goodman additionally received a link via MMS text message that purported to come from his niece. **(EXHIBIT x)**

23. A phone call confirmed the message was not from Dr. Goodman's niece.  It may be a phishing link.  Phishing is a technique in which a trap is set for a target.  In this case, the Google gift card was bait intended to be clicked on. This could download malicious

AFFIDAVIT OF JASON GOODMAN IN SUPPORT OF MOTION
FOR RECUSAL OR DISQUALIFICATION OF JUDGE
VALERIE CAPRONI - 4

software and provide hackers with more personal information or control over the device. This criminal scheme is the work of sophisticated hackers.  The court may recall, persistently disruptive non-party Sweigert is a professional hacker, having authored The Ethical Hackers Field Operation Guide (*See* 1:20-cv-07269-VEC-OTW ECF No. 92-1).

24. Coincident with the hack of Dr. Goodman's email, Sweigert sent a message to members of medical boards and companies that have employed Dr. Goodman, replete with false accusations and unsubstantiated claims maligning Dr. Goodman. **(EXHIBIT x).**

25. The close time proximity of these two events, coupled with Sweigert's claimed expertise in hacking and the obsessive persistence with which he pursues me, my associates, my friends and now my family, give rise to suspicion that these two events are related.

26. On or around December 23, 2021, Sweigert contacted Google attempting to spoliate evidence, falsely claiming a public record was an "illegal bootleg copy". **(EXHIBIT x)**

27. Sweigert is in the regular practice of making false and defamatory statements to this court and third parties in his efforts to destroy evidence, my business and personal reputation. Despite copious evidence of this, Judge Caproni has failed to act.

28. By failing to act against Sweigert's putative criminal acts, and repeatedly and consistently ignoring facts favorable to me, Judge Caproni has violated her oath of office. 28 U.S. Code § 453 compels judges to "administer justice without respect to persons and do equal right to the poor and to the rich".

29. Judge Caproni has concluded that I am "like Qanon" despite no evidence to support this statement.  Judge Caproni has expressed personal bias against me, allowing my friends,

AFFIDAVIT OF JASON GOODMAN IN SUPPORT OF MOTION
FOR RECUSAL OR DISQUALIFICATION OF JUDGE
VALERIE CAPRONI - 5

business associates, their children, and my own family to be targeted by malicious

hackers and in violation of her oath of office.  Judge Caproni MUST be disqualified.

30. In three cases before Judge Caproni I've alleged Sweigert deliberately fomented action

against me for a wrongful purpose.  Judge Caproni has witnessed Sweigert harass me, my

friends, family members, associates, and former attorney's child.  Despite all this, Judge

Caproni has failed to act in the interest of justice as she has sworn to under oath of office.

31. Judge Caproni has failed to take adequate action to curtail inappropriate and likely illegal

extrajudicial harassment by non-party Sweigert due to her personal animus and bias

against me and her stated agreement with adverse parties' false conclusions.

32. Judge Caproni has publicly and unnecessarily derided and insulted me as a conspiracy

theorist who traffics in misinformation and is like Qanon.  No facts support these

derogatory and legally meaningless insults.  These false claims demonstrate personal

animus toward me, embolden antagonists, and must be stricken from the record.

33. Judge Caproni has repeated, and galvanized false unfounded claims set forth by non-

parties, reiterating them in her memoranda and prejudicing any potential jury against me.

Judge Caproni's false statements of animus and bias must be stricken from the record.

34. Ordinarily, the mere appearance of conflict is sufficient grounds for recusal.  Prior to the

Judge declaring me a conspiracy theorist trafficking in misinformation, a guest on my

show alleged Judge Caproni violated the law regarding TWA 800.  The nature and timing

of her order could create the appearance of a conflict.  She should be disqualified to avoid

appearance of a conflict of interest.

AFFIDAVIT OF JASON GOODMAN IN SUPPORT OF MOTION
FOR RECUSAL OR DISQUALIFICATION OF JUDGE
VALERIE CAPRONI - 6

35. In defiance of 28 U.S. Code § 453 Judge Caproni fails to administer justice without respect to persons.  I am unable to receive fair judgement in this or any case over which Judge Caproni presides because her extrajudicial bias and deep-seated personal animus against me causes her to believe, contrary to evidence, that I am "like Qanon".

36. Upon filing of this affidavit showing extrajudicial bias and prejudice, pursuant to 28 U.S.C. § 144, Judge Caproni must "proceed no further [t]herein, but another judge shall be assigned to hear such proceeding".  Judge Caproni previously defied this statute when she failed to recuse herself from Sweigert v Goodman (*See* 1:18-cv-08653-VEC-SDA ECF No. 327).  Doing so without providing any explanation was an egregious violation of her oath of office, unjust and further evidence of animus and bias against me.

37. Failure to voluntarily recuse or otherwise disqualify Judge Valerie Caproni will result in immediate filing of a petition for a writ of mandamus from the 2nd Circuit.

38. If Sweigert's interference in NATAS v MSD is allowed to stand, it will be tantamount to Judge Caproni allowing him to supersede justice and her own authority.

39. Matters concerning me should be stayed pending the adjudication of the disqualification.

Signed this 10th day of January 2022

Respectfully submitted,

_____  Jason Goodman, Defendant, Pro Se
                           252 7th Avenue Apt 6s
                           New York, NY 10001
                           (323) 744-7594
                           truth@crowdsourcethetruth.org

AFFIDAVIT OF JASON GOODMAN IN SUPPORT OF MOTION
FOR RECUSAL OR DISQUALIFICATION OF JUDGE
VALERIE CAPRONI - 7

1
2
3

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

4   D. GEORGE SWEIGERT,                         Case No.: 1:18-cv-08653-VEC-SDA

5              Plaintiff,

6   vs.                                         **MOTION FOR RECUSAL OR**
                                                **DISQUALIFICATION OF JUDGE**
7   JASON GOODMAN,                              **VALERIE CAPRONI**

8              Defendant

9

10         Pro Se Plaintiff Jason Goodman moves the Court pursuant to 28 U.S.C. § 144 and 455 (a)

11  for the recusal or disqualification of Judge Valerie Caproni for demonstrating repeated, ongoing,

12  and continuously escalating excessive animosity and personal bias against Goodman with such a

13  high degree of antagonism it is likely to make impartial judgment impossible and is derived from

14  an extra judicial source.  Judge Caproni provided NO EXPLANATION for her failure to recuse

15  in violation of 28 U.S. Code §144 so this motion is being resubmitted because the first was

16  completely ignored.

17

18         This application is timely because on January 3, 2022, Judge Caproni inappropriately

19  issued an order falsely stating Defendant Multimedia System Design, Inc ("MSD") failed to

20  show cause by December 31, 2021 in the matter of THE NATIONAL ACADEMY OF

21  TELEVISION ARTS AND SCIENCES, INC. and ACADEMY OF TELEVISION ARTS &

22  SCIENCES vs MULTIMEDIA SYSTEM DESIGN, INC., (1:20-cv-07269-VEC-OTW)

23  ("NATAS v MSD").  The response to the show cause order was filed timely and stamped by the

24  clerk on December 30, 2021**.**  If the response was defective, those defects should be addressed by

25  the court, none were identified.  The filing was simply ignored unjustly by judge Caproni. By

26

27

28

MOTION FOR RECUSAL OR DISQUALIFICATION OF JUDGE VALERIE CAPRONI - 1

ignoring the response Judge Caproni forces default judgement rather than addressing the merits of the response.  This follows shortly after she unjustly held in abeyance an Amicus Currie brief containing irrefutible evidence of criminal acts by parties adverse to Goodman.  This is only the most recent demonstration of personal animus and bias against Goodman which renders fair judgement impossible and mandates the recusal or disqualification of judge Caproni.

On November 10, 2021, Plaintiff Goodman moved to disqualify Judge Caproni in unrelated litigation (*See* Sweigert v Goodman 1:18-cv-08653-VEC-SDA ECF No. 324).  Judge Caproni denied the order providing no reason, no explanation, and no memorandum in violation of 28 U.S. Code § 144.  Judge Caproni engaged in further demonstrations of bias including completely ignoring a critical and timely filing.  Previously, in a hearing on unrelated litigation the judge accused Defendant of being deceptive while under oath and likened him to "Qanon" a subversive internet subculture associated with violence, murder, domestic terrorism, and the criminal acts of January 6, 2021.  This false and unsubstantiated statement by the judge demonstrates extreme personal extrajudicial animosity and bias against Goodman.  Goodman has no affiliation with Qanon and Qanon has nothing to do with this case or any other involving Goodman   Judge Caproni's personal political bias against Goodman is so great, and her animosity so overwhelming, it has prevented her from taking appropriate action to prevent damaging interference, unfavorable to Goodman, even in the face of threats against an innocent child or cyber harassment of Goodman's octogenarian father.

I.    **INTRODUCTION**

In Liteky v. United States, 510 U.S. 540, 555 (1994) the Supreme Court ruled: "Judicial remarks during the course of a trial [may] support a bias or partiality challenge [if they]

MOTION FOR RECUSAL OR DISQUALIFICATION OF JUDGE VALERIE CAPRONI - 2

reveal an opinion that derives from an extrajudicial source; and they will do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible."

28 U.S. Code § 144 calls for mandatory disqualification of Judges who display personal bias or prejudice to an adverse party. "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge SHALL [emphasis added] proceed no further therein, but another judge SHALL [emphasis added] be assigned to hear such proceeding."  28 U.S.C. § 144.

The affidavit attached is timely and specific as to the extrajudicial bias and prejudice and is not conclusory.  Judge Caproni, has unfairly ignored crucial, timely filings made by Goodman.  In her own words, she branded and defamed Goodman as "Qanon" in a public hearing.  The judge's remarks have fueled further extrajudicial harassment and defamation of Goodman by third parties, including aggressive antagonist and Plaintiff in unrelated litigation presided over by judge Caproni, D. George Sweigert ("Sweigert").  After evidence responsive to Judge Caproni's statements accusing Goodman of lying proved his testimony to be true, Judge Caproni refused to allow an Amicus Curaie brief to be filed and then ignored a crucial defensive filing opting to move the case toward default judgement rather than ruling on the merits.  Judge Caproni has allowed threats against an innocent child to go unaddressed, causing attorney John Snyder ("Snyder") to withdraw, a highly prejudicial development for Goodman.  Further buttressing 28 U.S.C. § 144, is 28 U.S.C. § 455, whereby a judge must be disqualified "in any proceeding in which [their] impartiality might reasonably be questioned," 28 U.S.C. § 455(a). The test for disqualification is objective, Defendant does not need to present "the reality of bias or prejudice but its appearance." Liteky v. United States, (1994).

MOTION FOR RECUSAL OR DISQUALIFICATION OF JUDGE VALERIE CAPRONI - 3

In addition to this instant matter, Judge Caproni also presides over NATAS v MSD.  Goodman is the owner, CEO, sole stockholder, and singular employee of Defendant MSD which became unrepresented as a direct result of Judge Caproni's failure to act against Sweigert's outrageous ongoing extrajudicial harassment as directly cited in Snyder's affidavit withdraw.  Despite the court being aware of this threat, no action has been taken. **(EXHIBIT x)**

Judge Caproni's lack of action is tacit approval and has caused Sweigert to expand his persistent, vexatious, extrajudicial activities which continue to harm Goodman in the wake of Judge Caproni's failure to recuse in violation of 28 U.S. Code § 144.  Even after Snyder's withdrawal, Judge Caproni has demonstrated further bias, holding an important Amicus Curaie brief in abeyance and then ignoring a timely filed pleading, effectively blocking evidence unfavorable to parties adverse to Goodman in NATAS v MSD. Due to her extrajudicial bias, the judge has ignored facts helpful to Goodman in favor of false claims by adverse parties and outrageous extrajudicial behavior detrimental to Goodman.  After Goodman's company was left unrepresented and unable to obtain new counsel the judge added insult to injury, disallowing Goodman from responding as ordered, again for no stated reason, effectively creating a judicial catch-22.  Judge Caproni has repeatedly shown an unjustly favorable bias toward adverse parties including NATAS and Sweigert.  Judge Caproni should have taken steps to curtail Sweigert's ongoing and continuous harassment of Goodman, attorney Snyder, Snyder's young child and now Goodman's immediate family members who have nothing to do with the case.  Judge Caproni's failure to act, and moreover her ratification of false claims against Goodman have emboldened malicious antagonists including Sweigert, increasing harm to Goodman.  Judge Caproni's personal bias against Goodman emanates from an extrajudicial source and now threatens to end NATAS v MSD based not on the merits but rather a default based on errors,

MOTION FOR RECUSAL OR DISQUALIFICATION OF JUDGE VALERIE CAPRONI - 4

omissions, and false, unsubstantiated claims. Judge Caproni's personal animus and bias has made it impossible for her to render fair judgement in this and any other matter involving Goodman. Judge Caproni must be disqualified, and her orders stricken from the record.

In Steele et al v Goodman et al, the Honorable M Hannah Lauck took decisive action against non-party Sweigert refusing to consider his filings, halting the interference. **(EXHIBIT x)**. Judge Caproni has observed Plaintiff's vexatious behavior for years in both this case and NATAS v MSD but took no similar action to bring Plaintiff to heel until compelled by Goodman. Even then judge Caproni's insufficient action came too late to end Sweigert's harassment. Judge Caproni's bias against Goodman has caused her to allow Sweigert broad latitude to interfere with and unjustly harm Goodman in multiple cases. Judge Caproni is aware that Sweigert deliberately attacked attorney Snyder with internet posts perceived to be a threat against his 3-year-old daughter as cited in his withdrawal. **(EXHIBT x)**

In Goodman v Bouzy, the honorable Analisa Torres wasted no time in blocking Sweigert's vexatious pleadings. Within days of being assigned to the case, Judge Torres put Sweigert on notice, unequivocally warning that inappropriate filings and behavior would not be tolerated in her court. **(EXHIBT X)**

Sweigert's egregious efforts are calculated to interfere with any case involving Goodman and even unrelated cases intended to peripherally harm Goodman including Sweigert v CNN (*See* 2:20-cv-12933-GAD-KGA). Judge Caproni's inaction has encouraged and emboldened Sweigert, assisting his goal of financially damaging Goodman, degrading his business, and damaging his public reputation, while simultaneously preventing any case involving Goodman from proceeding on its merits and simply moving to default.

MOTION FOR RECUSAL OR DISQUALIFICATION OF JUDGE VALERIE CAPRONI - 5

In this and other matters, Sweigert has clogged the docket with frivolous pleadings intended to waste time and harm Goodman.  Because claims made in pleadings are immune from libel, Sweigert uses them to fuel his psychotic, hoax blog posts and harassing communications which he claims are "news" or "litigation related emails".  Sweigert sends messages almost daily to virtually every attorney that has ever heard of Goodman, law enforcement including NY AG Lettita James and now even Scotland Yard.  These emails are harassment couched in the form of legal pleadings or letters to law enforcement.  They are merely protected defamation which Judge Caproni has allowed to proceed unabated.

In a NATAS v MSD hearing on October 25, 2021, while under oath, Goodman attempted to explain evidence that informed his opinion that Sweigert deliberately fomented that litigation and is now cooperating with NATAS by providing information which has been used against the Defendant MSD in that case.  Rather than allowing Goodman to explain the full breadth of evidence, Judge Caproni cut him off mid-sentence and angrily barked "This is like, you know, QAnon"  **(EXHIBIT x)** without factual basis, much less any relevance to the case.  Goodman has no association whatsoever with Qanon and has vehemently denounced it from its inception.  Judge Caproni's statement shows clear disdain for Goodman and obvious bias.  Aside from Judge Caproni's disparaging statement borne out of her own extrajudicial prejudice, Qanon has no relevance to this case.  Judge Caproni has previously ruled that Goodman is a "conspiracy theorist" without citing evidence, of which there is none, and further falsely stated that Goodman traffics in misinformation.  Even after newly presented evidence has proven Goodman's testimony to be true, Judge Caproni has taken no action and made no correction or acknowledgement.  Judge Caproni has instead demonstrated further animus and bias, ignoring Goodman's timely filed response to her NATAS v MSD show cause order.  Judge Caproni's

MOTION FOR RECUSAL OR DISQUALIFICATION OF JUDGE VALERIE CAPRONI - 6

defamatory statements about Goodman must be stricken from the record as they are harming

Goodman in an ongoing manner.  The claim of misinformation is false and prejudicial.  It is

unfounded and deliberately damaging to Goodman.  It must be stricken from the record and

Judge Caproni must be disqualified.

## II.    GOVERNING LAW

Judicial disqualification is governed by 28 U.S. Code sections 144 and 455.

Under Section 455(a), judges must disqualify themselves "in any proceeding in which [their]

impartiality might reasonably be questioned," including where they have any "personal bias or

prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the

proceeding" (id. § 455(b)(1). Section 455(b)(1) "simply provides a specific example of a

situation in which a judge's 'impartiality might reasonably be questioned' pursuant to section

455(a)." United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980). What matters under section

455(a) "is not the reality of bias or prejudice but its appearance[,]" and the test for

disqualification under section 455(a) is objective. Liteky, 510 U.S. at 548. Upon filing "a timely

and sufficient affidavit that the judge before whom the matter is pending has a personal bias or

prejudice either against him or in favor of any adverse party, such judge shall proceed no further

therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144.  "The

affidavit shall state the facts and the reasons for the belief that bias or prejudice exists and shall

be filed not less than ten days before the beginning of the term at which the proceeding is to be

heard, or good cause shall be shown for failure to file it within such time."1 Id. The allegations

in the affidavit must be taken as true. United States v Azhocar, 581 F.2d 735, 740 (9th Cir 1978).

"Whenever an affidavit of bias or prejudice directed at a Judge of this Court is

filed pursuant to 28 U.S.C. § 144, and the Judge has determined not to recuse him or herself and

MOTION FOR RECUSAL OR DISQUALIFICATION OF JUDGE VALERIE CAPRONI - 7

found that the affidavit is neither legally insufficient nor interposed for delay, the Judge shall

refer the request for disqualification to the Clerk for random assignment to another Judge." Civil

L.R. 3-14.

Under both section 455 and 144, recusal is appropriate where "a reasonable

person with knowledge of all the facts would conclude that the judge's impartiality might

reasonably be questioned." Yagman v. Republic Ins., 987 F.2d 622, 626 (9th Cir. 1993). "The

'reasonable person' in this context means a 'well-informed, thoughtful observer,' as opposed to a

'hypersensitive or unduly suspicious person.'" Clemens v. U.S. Dist. Court for Central Dist. Of

California, 428 F.3d 1175 (9th Cir. 2005) (citing In re Mason, 916 F.2d 384, 386 (7th Cir.

1990)). This is an objective standard, from the perspective of "someone who 'understand[s] all

the relevant facts' and has examined the record and the law." United States v. Holland, 519 F.3d

909, 913 (9th Cir.2008).  Recusal is justified in cases of "actual bias or the appearance of bias."

Yagman, 987 F.2d at 626; accord Liteky, 510 U.S. 540 (what matters "is not the reality of bias or

prejudice but its appearance").

Accusations of bias cannot arise from "mere disagreement" with judicial rulings;

legitimate claims must demonstrate "deep-seated favoritism or antagonism that would make fair

judgment impossible." Liteky, 510 U.S. at 555. Generally disqualification is supported by

evidence from an "extrajudicial source"—"something other than rulings, opinions formed, or

statements made by the judge during the course of trial." Holland, 519 F.3d at 913-14. But

judicial remarks that are critical or disapproving of, or hostile to, counsel, the parties, or their

cases, will support a bias or partiality challenge "if they reveal such a high degree of favoritism

or antagonism as to make fair judgment impossible." Id., accord Liteky, 510 U.S. at 551 (absent

any "extrajudicial source," a judge's "favorable or unfavorable predisposition" in the course of

MOTION FOR RECUSAL OR DISQUALIFICATION OF JUDGE VALERIE CAPRONI - 8

the proceedings will be characterized as bias or prejudice "if it is so extreme as to display clear inability to render fair judgment"). Judge Caproni has demonstrated such bias, by categorizing Goodman as a "Qanon" aligned "conspiracy theorist" contrary to fact and absent any evidence. Judge Caproni accused Goodman of making statements that "don't square" a phrase that indicates she believed Goodman was lying under oath. Even when evidence proves those statements to be true and correct, judge Caproni demonstrates bias by not striking her damaging statements from the record, and further completely ignoring a timely response to a critical order.

### III.   A REASONABLE PERSON WITH KNOWLEDGE OF THE FACTS WOULD CONCLUDE THAT JUDGE CAPRONI'S IMPARTIALITY MIGHT BE REASONABLY QUESTIONED IN THIS CASE

#### A.  Judge Caproni ignored a timely filed response to her show cause order

In response to Judge Caproni's show cause order a letter was filed and stamped by the clerk on December 30, 2021, one day prior to the December 31, 2021 deadline. Judge Caproni did not address the letter at all in her order ECF No. 140. The order cited five other ECF items but did not acknowledge the response.

#### B.  Judge Caproni has mocked and insulted Goodman

The term "conspiracy theorist" is so imprecise in its definition and application, it has no meaning beyond implied derision. It is little more than a juvenile insult, dredged from the bowels of obvious prejudice. Using the term in these proceedings is tantamount to calling a litigant "ugly" and basing a judgement on that finding. The statements must be stricken from the record to end the ongoing harm they are causing. The intentionally unflattering title has no objective definition, no legal force and effect and no place in an impartial judge's rulings. Its insertion into the record by Judge Caproni serves only to demean Goodman and elevate the

MOTION FOR RECUSAL OR DISQUALIFICATION OF JUDGE VALERIE CAPRONI - 9

1

2

dubious claims of adverse parties.  It has no evidentiary or other value in resolving this or any

dispute apart from harming Goodman and demonstrating judge Caproni's bias against him.

3

4

5

**C.  Judge Caproni has not taken reasonable steps that are within her**

**purview to curtail Sweigert's damaging extrajudicial interference**

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Sweigert has clogged the docket with hundreds of pleadings the judge herself has

deemed "incomprehensible" while simultaneously attempting numerous inappropriate

disruptions and extrajudicial harm.  Sweigert is a judicial menace, in addition to being a cyber

stalker and serial harasser.  His outrageous behavior has directly impacted not only this case but

also NATAS v MSD and Sweigert v CNN in the Eastern District of Michigan **(EXHIBIT x)** and

now Goodman v Bouzy (*See* 1:21-cv-10878-AT-JLC).  Goodman has been rendered unable to

defend his rights or properly access the U.S. District court system due to perpetual inappropriate

interference from Sweigert who has no fear at all of judicial repercussions.  Despite all this,

Judge Caproni has not taken reasonable steps any impartial judge should take to curtail or punish

Sweigert's inappropriate actions.  Dismissing Sweigert v Goodman sua sponte for instance,

would be appropriate in this example.  Judge Caproni is aware attorney Snyder withdrew from

NATAS v MSD in direct response to what he characterized as a threat from Sweigert against his

infant daughter.  After that incident, Sweigert sent unprovoked and unsubstantiated defamatory

emails about Goodman's octogenarian father to various medical boards and hospital executives

with the deliberate intent of harming Goodman's innocent father, demonstrating that there is no

limit to Sweigert's outrageous behavior.  It would be well within reason and the judge's broad

capabilities to take action to compel Sweigert to behave like a normal litigant.  Because of her

personal animus and bias against Goodman, Judge Caproni has not done that.  Her tacit approval

emboldens Sweigert and other Goodman antagonists and amplifies the malicious antics serving to dramatically increase these proceedings and substantially harm Goodman.

## CONCLUSION

For the reasons stated herein, Judge Valerie Caproni must recuse herself from this and any other legal action involving Defendant or otherwise be disqualified by the Court.

## CERTIFICATE OF COUNSEL

I, Jason Goodman Plaintiff pro se, hereby certify that this Motion and accompanying affidavit along with the facts contained therein, made pursuant to 28 U.S. Code § 144 and 455 is being made in good faith.

Signed this 10th day of January 2022

Respectfully submitted,

_____

Jason Goodman, Defendant, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
(323) 744-7594
truth@crowdsourcethetruth.org

**(EXHIBIT A)**



**From: Jason Goodman (Crowdsource the Truth)** jason@21stcentury3d.com
**Subject:** Fwd: Checking In
**Date:** November 27, 2021 at 8:06 AM
**To:** Mark and ▉▉▉ Goodman ▉▉▉▉ @aol.com

You have been hacked

Begin forwarded message:

**From:** MARK GOODMAN <▉▉▉▉ @aol.com>
**Date:** November 27, 2021 at 7:59:41 AM EST
**Subject: Checking In**
**Reply-To:** MARK GOODMAN <▉▉▉▉ @gmail.com>

How are you? Hope everything is good with you.

I need a little favor from you.

Kind regards,

MARK GOODMAN

**(EXHIBIT B)**



**(EXHIBIT C)**

**From:** **Spoliation Notice** spoliation-notice@mailbox.org
**Subject:** Re: New lawsuit against Jason Goodman, for your records
**Date:** November 29, 2021 at 6:37 PM
**To:** Jason Goodman truth@crowdsourcethetruth.org
**Cc:** spoliation@posteo.net, George Webb Sweigert georg.webb@gmail.com, cedinfo@dcbar.org, ethics@dcbar.org, usms.wanted@usdoj.gov, 60m@cbsnews.com, tips@thedailybeast.com, tips@forbes.com, tips@nypost.com, tips@dailycaller.com, ad1-agc@nycourts.gov, tips@zerohedge.com, tips@propublica.org, Spoliation Notice spoliation-notice@mailbox.org, comped@nysed.gov, medbd@nysed.gov, opmc@health.ny.gov

DS

Litigation privileged communication

Dear Jason Goodman:

Interesting you bring up this issue of cooperation.

The undersigned has reason to believe that you have been cooperating with your father to create your alleged anti-vax and COVID-19 conspiracy theory podcasts. This means he is a valuable witness in the on-going litigation issues.

As a courtesy to you, the New York State medical board has been included on this e-mail message.

See attached.

https://nyulangone.org/doctors/1427014810/mark-a-goodman?cid=syn_yext&y_entity_id=1427014810-primary

Best,

D. George Sweigert

Litigation privileged communication



# Mark A. Goodman, MD

| Website | Directions | Save | Call |

Cardiologist in Uniondale, New York

**COVID-19 info:** nyulangone.org

**Get online care:** nyulangone.org

**Address:** 975 Stewart Ave, Garden City, NY 11530

**Health & safety:** Mask required · Temperature check required · Staff wear masks · Staff get temperature checks · More details

**Phone:** (516) 222-8600

**Appointments:** nyulangone.org

# Dr. Mark A. Goodman MD

★★★☆☆ (3/5) Patient Experience Rating

**Cardiology**
Adult Congenital Heart Disease

📍 **Garden City, NY**

Male · 21+ Yrs Experience · English



**(EXHIBIT D)**

**From: Spoliation Notice** spoliation-notice@mailbox.org
**Subject:** https://drive.google.com/file/d/1BeVtzd7TKGpMvNonaUdD-Ls2RlGJm7JM/view
**Date:** December 23, 2021 at 3:14 PM
**To:** truth@crowdsourcethetruth.org, georg.webb@gmail.com, google-legal-support@google.com, removals@google.com
**Cc:** ad1-agc@nycourts.gov, nmay@ftc.gov, arosenberg@ftc.gov, igorecki@ftc.gov, mmoeller@ftc.gov, cleach@ftc.gov, ezullow@ftc.gov, balbert@ftc.gov, ablack1@ftc.gov, beau.buffier@ag.ny.gov, dbutrymowicz@ftc.gov, elinor.hoffmann@ag.ny.gov, dhuyett@ftc.gov, Jeremy.Kasha@ag.ny.gov, amy.mcfarlane@ag.ny.gov, public.integrity@ag.ny.gov, Labor.Bureau@ag.ny.gov, ifraud@ag.ny.gov, Intergovernmental.Affairs@ag.ny.gov, Civil.Rights@ag.ny.gov, Letitia.james@ag.ny.gov, spoliation@posteo.net, legal@support.youtube.com, support@youtube.com, colin@patreon.com, legal@patreon.com, google-legal-support@google.com, Spoliation Notice spoliation-notice@mailbox.org

To:  Google Legal Staff

This is the illegal bootleg copy that JASON GOODMAN has placed on the Google drive site.

It would be prudent for Google to remove this illegal copy to avoid forthcoming litigation.

https://drive.google.com/file/d/1BeVtzd7TKGpMvNonaUdD-Ls2RlGJm7JM/view

The undersigned is the owner of this copyrighted work, stolen by JASON GOODMAN.

As a courtesy to your staff, the undersigned has included the U.S. Federal Trade Commission on this e-mail message.

Best,

D. Geo. Sweigert

**(EXHIBIT E)**



**SDNY.ORG**

Jason Goodman George Webb Cyber Stalking Alt-Right DEFANGO Robert David Steele Larry Klayman

Home     New Page     Blog

All Posts                                                                                        Log in / Sign up

#SDNYORG ♛     a day ago     2 min read                                               ⋮

## [ALERT:] U.S. Marshals Service advised of Citizens Grand Jury activities to protect federal judges

Updated: 5 hours ago



Above:  The CrowdSource The Truth Citizens Grand Jury seems to be shrinking now that every move they make is reported to the U. S. Marshals Service (U.S.M.S.). part of the "domestic terrorism lite" club.

Let's Chat!

**Federal judges breath easier now that the COUNTER LAWFARE FUND is reported to the U.S. Marshals Service for any noticeable activity.**

**NEWS ALERT:  Larry Klayman has reported he will be in Tombstone, Arizona between July 26th and July 28th, 2021.  All law enforcement advised.**

Tombstone Marshal's Department
**JIM ADAMS**
315 E. Fremont Street
PO Box 339
Tombstone, AZ 85638
Phone: (520) 457-2244
Email: jadams@cochise.az.gov



**Conspiracy crack-pots Larry "Skipper" or "Skip" Klayman and Jason "Little Buddy" Goodman will now have their daily activities reported to the U.S.M.S. in an effort to alert judicial staff to the emerging potential *domestic terrorist lite* threat.**

Let's Chat!



U.S. Department of Justice
United States Marshals Service

# WANTED
## BY U.S. MARSHALS





**GOODMAN, Jason aka Little Buddy and KLAYMAN, Lawrence aka Skip**

Let's Chat!





### Techdirt Is Fighting A New Lawsuit

from the *slapp-suits* dept
Thu, Jul 22nd 2021 10:44am — **Mike Masnick**

Techdirt was recently sued in Florida by Larry Klayman for an article that we published concerning the US Court of Appeals for the District of Columbia Circuit suspending his license for 90 days. We strongly believe that this case is entirely without merit, and is a clear attempt to silence opinion and criticism via the court system.

Last week, we asked the court to dismiss the lawsuit under Florida's anti-SLAPP law, and we hope that the court will agree. Beyond that, while litigation is still ongoing, we'll have no further comment, other than to note our continued advocacy for the adoption of more state anti-SLAPP laws and a strong federal anti-SLAPP law.

https://www.techdirt.com/articles/20210722/09501147223/techdirt-is-fighting-new-lawsuit.shtml

adopted the magistrate's report and recommendation. Additionally, in their last motion they randomly attacked each of Jeffrey and Cassandra Storrs' letters complimenting Cade the record. *See* ECF Nos. [128-1]; [128-2] (reply to response to reconsideration). To address the attach . . . Storrs read mail, during a video proceeding, was forced to . . . 'on more than one occasion the . . . act [sic] in a grossly inappropriately [sic] manner with the children. His conduct may not have been sexual in the sense that he intended to or did derive any sexual pleasure from it or that he intended that the children would. That, however, does not mean that he didn't engage in those acts or that his behavior was proper." *Klayman v. City Pages*, 650 Fed. Appx. 744, 746 (11th Cir. 2016) (citing records from Klayman's 2009 divorce hearing regarding Klayman's behavior towards his own children). *See* Exhibit -- 2. Plaintiffs' failure to consider how placing

[O]n more than one occasion the Plaintiff act [sic] in a grossly inappropriately [sic] manner with the children. His conduct may not have been sexual in the sense that intended to or did derive any sexual pleasure from it or that he intended that the children would. That, however, does not mean that he didn't engage in those acts or that his behavior was proper.

And for all his protestations of innocence ... he repeatedly invoked his Fifth Amendment right against self-incrimination ... [Because this is a civil proceeding,] the Court may draw an adverse inference from a party's decision not to respond to legitimate questions....

D.E. 95–2 at 22. Mr. Klayman filed an

Let's Chat!



---

## OPINION AND EDITORIAL

---

All citizens should be on the look out for the "feed the tree of liberty with the blood of tyrants" crowd at the COUNTER LAWFARE FUND, operated by CrowdSource The Truth. Any noticeable activity should be reported to the U.S. Marshals Service as a courtesy.

Kindly document statements at the time-marks for these so-called "domestic threat" videos.  Report the video with URL link and time-marks of commentary.  Phrases like:

*We need to take action now*

*We are going to indict so and so with a criminal indictment*

*We are re-writing the Constitution*

*We our racist bigots*

*We work for SPUTNIK and other Russian media groups*

*We use judicial intimidation to put federal judges on notice*

*We make videos of ourselves masturbating*

*We store 500 naked pictures of ourselves on our laptop*

*We covet TINDER messages from 18 year old girls*

*We are in debt and don't pay child support*

*We have inappropriate contact with our children*

Let's Chat!

*etc.*





Every Breath You Take



**Copy of Jason Goodman's Police Report**
**Please download and send to all law enforcement agencies**



Jason-Goodman-Police-Report - Copy (1).pdf
Download PDF • 1.08MB



Let's Chat!

Above:  John H. Snyder, esq. of the COUNTER LAWFARE REPORT (replacing Brian Vukadinovich).  The newest member of the so-called *domestic terrorist lite* club.



# CREEPY FACTS ABOUT JASON GOODMAN





**Above:  Jason Goodman physically stalking George Webb (apparently punched in the kidney region)**



**"I support Jason Goodman", "Dr." Jerome Corsi, PhD**

Let's Chat!



## NEW TROUBLES IN MICHIGAN FEDERAL COURT

Instead of holding an evidentiary hearing on this most serious matter, Judge Lillard addressed it verbally, stating she had called now-U.S. District Court Judge Gershwin Drain regarding the order, and he denied authoring it



U.S. District Court Judge Gershwin Drain

on his docket. The phone

*parte* action in violation dure.

Jason Goodman Key witness

previously worked in the cutor's Office with Judge lley Drain, constituting a conflict of interest. Lillard has said in a published article that she considers Wayne Co. Prosecutor Kym Worthy her "mentor." Chief Judge Timothy Kenny recused Lillard from

**Above:  SPUTNIK radio affiliate Jason "Pinko" Goodman may be in hot water for throwing allegations towards the Clerk of the Court in the Eastern District of Michigan.**

**Jason Goodman is seeking to have a "public corruption" case investigated.  Goodman says that NATO hater George Webb schemed with the Clerk of the Court.  Some observers remark that it appeared as a "kiss of death" document, apparently meaning talk of possible political trauma, aka industrial accident.**

Let's Chat!



Above:  Russian SPUTNIK affiliate Jason Goodman outside the federal courthouse.

FAIR USE NOTICE

This channel may make use of copyrighted material the use of which has
not always been specifically authorized by the copyright owner.
This constitutes a 'fair use' of any such copyrighted material as provided for in
section 107 of the US Copyright Law.
In accordance with Title 17 U.S.C. Section 107, the material on this channel is offered
publicly and without profit, to the public users of the internet for comment
and nonprofit educational and informational purposes.
Copyright Disclaimer Under Section 107 of the Copyright Act 1976,
allowance is made for "fair use" for purposes such as criticism, comment,
news reporting, teaching, scholarship, and research. Fair use is a use permitted.
No copyright(s) is/are claimed.
The content is broadcasted for Study, Research and Educational purposes.

The broadcaster gains no profit from broadcasted content,
so it falls under "Fair Use" guidelines. www.copyright.gov/fls/fl102.html

Let's Chat!

37 views     0 comments

1

Let's Chat!

## Recent Posts

See All

### [ALERT:] TWA 800 mystery still orbits SDNY Judge Valerie E....

👁 101          💬 0                              1 ♥

### [ALERT:] Philadelphia Independence Center to host so-...

👁 137          💬 0                              6 ♥

### [ALERT]: Will Larry Klayman's UFO theories scare SDNY Judge Valer...

👁 106          💬 0                              6 ♥

©2020 by SDNY.ORG. Proudly created with Wix.com

Let's Chat!

**(EXHIBIT F)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

**ROBERT DAVID STEELE,** *et al.*,

     **Plaintiffs,**

**v.**                                              **Civil Action No. 3:17cv601**

**JASON GOODMAN,** *et al.*,

     **Defendants.**

## ORDER

     For the reasons stated in the accompanying Memorandum Opinion, the Court DENIES

Sweigert's Motion to Intervene, (ECF No. 93), and will not consider future filings by Sweigert.

The Court DENIES AS MOOT Sweigert's other motions. (ECF Nos. 102, 108, 124.) The Court

STRIKES Sweigerts' miscellaneous filings from the record. (ECF Nos. 51, 54, 55, 56, 58, 59,

60, 75, 77, 84, 103, 120, 137, 138, 140, 142, 145, 147, 149, 150.) The Court will address all

other pending motions by separate Memorandum Opinion and Order. (ECF Nos. 109, 121,

126, 127.)

     Let the Clerk send a copy of this Memorandum Opinion and Order to all counsel of

record and to Sweigert, Goodman, and Lutzke at their respective addresses of record.

     It is SO ORDERED.

                                            /s/

                                      M. Hannah Lauck
                                      United States District Judge

Date: 7/25/19

Richmond, Virginia

**(EXHIBIT G)**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ————————————————— X | |
| THE NATIONAL ACADEMY OF : | |
| TELEVISION ARTS AND SCIENCES, INC. : | |
| and ACADEMY OF TELEVISION ARTS & : | |
| SCIENCES, : | Civil Action No. 1:20-cv-07269 |
| : | |
| Plaintiffs, : | |
| -v- : | **NOTICE OF MOTION** |
| : | |
| MULTIMEDIA SYSTEM DESIGN, INC. : | |
| d/b/a "CROWDSOURCE THE TRUTH", : | |
| : | |
| Defendants. : | |
| ————————————————— X | |

Please take notice that JOHN H. SNYDER, counsel for Defendant Multimedia System

Design, Inc. and its owner, Jason Goodman, will move this Court, pursuant to Local Rule 1.4 as

well as Rules 1.7 and 1.16 of the N.Y. Rules of Professional Conduct, at a time and date to be

determined by the Court, for an order:

1) Granting Attorney Snyder leave to withdraw as counsel of record; and

2) adjourning the discovery hearing scheduled for August 16, 2021 at 1:30pm (before

Judge Wang) for at least 90 days.

Dated:      New York, New York
            August 13, 2021                    _____
                                               John H. Snyder PLLC
                                               John H. Snyder
                                               555 Fifth Avenue, Suite 1700
                                               New York, NY 10017
                                               (917) 292-3081
                                               john@jhs.nyc

                                               *Counsel of Record for Defendant*
                                               *and Mr. Goodman*

1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————— X

THE NATIONAL ACADEMY OF :
TELEVISION ARTS AND SCIENCES, INC. :
and ACADEMY OF TELEVISION ARTS & :
SCIENCES, :  Civil Action No. 1:20-cv-07269
 :
    Plaintiffs, :
   -v- :  **DECLARATION OF**
 :  **JOHN H. SNYDER**
MULTIMEDIA SYSTEM DESIGN, INC. :
d/b/a "CROWDSOURCE THE TRUTH", :
 :
    Defendants. :
———————————————————————— X

   JOHN H. SNYDER, an attorney licensed to practice in the State of New York and this

Court, states as follows in support of his motion for leave to withdraw as counsel of record in the

above-captioned matter, which is made pursuant to SDNY Local Rule 1.4, as well as Rule 1.7 and

1.16 of the N.Y. Rules of Professional Conduct. I also respectfully request a 90-day adjournment

of the discovery sanctions hearing scheduled for August 16, 2021, so as to give Mr. Goodman and

his company time to find new counsel.

   1.  Your Declarant has practiced in this Court for 16 years, including volunteering

significant time as an unpaid court-appointed mediator for the Southern District. I have always

represented my clients with loyalty and zeal, advancing my client's lawful objectives to the best

of my ability. Nor have I shied away from representing underdogs and clients with unpopular

opinions. As a young lawyer, I learned that our system of justice depends on lawyers being willing

to take on hard cases and unpopular clients.

   2.  With considerable regret, I must respectfully ask the Court for leave to withdraw

from the representation of Jason Goodman and his company, Multimedia System Design, Inc.

1

Simply put, Mr. Goodman's journalism appears to have attracted opposition, including but not limited to Mr. Sweigert, whose antipathy toward Mr. Goodman is beyond anything I have experienced in nearly two decades as a New York litigator.

3.      The Court is aware of David Sweigert, the *pro se* plaintiff in *Sweigert v. Goodman*. For many months, Mr. Sweigert has been making negative posts about me on his blog, which of course I ignored. Then, in May 2021, Sweigert started sending emails to dozens of recipients (including the New York Attorney General), purporting to make a bar complaint against me. Again, I ignored Mr. Sweigert. However, a couple weeks ago, Mr. Sweigert crossed the line by posting a photograph of my young child. In light of the surrounding circumstances, I construe this as either a threat or a warning.

4.      Since the time Mr. Sweigert posted a photo of my child, I have made inquiries and formed the opinion that Mr. Sweigert (and others who share antipathy toward Mr. Goodman) are not people I want to fight with. I cannot determine what motivates them, but I have no reason to assume they are harmless.

5.      In moving to withdraw, I intend no criticism of Mr. Goodman or his journalistic pursuits. Mr. Goodman is a cordial and cooperative client who works extremely hard on his craft. Nevertheless, Mr. Goodman's work seems to have attracted opposition that is outside of my comfort zone.

6.      Rule 1.16 of the N.Y. Rules of Professional Conduct makes withdrawal mandatory when "the lawyer knows or reasonably should know that the representation will result in a violation of these Rules or of law. . . ."

7.      Under Rule 1.7 of the N.Y. Rules of Professional Conduct, "a lawyer shall not represent a client if a reasonable lawyer would conclude that . . . there is a significant risk that the

lawyer's professional judgment on behalf of a client will be adversely affected by the lawyer's own financial, business, property or other personal interests."

8.     In this instance, my professional judgment is 100% impaired. I have agonized over this decision, but at the end of the day, I cannot zealously represent Mr. Goodman's interests if I am worried about my family. For that reason, I consider my withdrawal to be mandatory.

9.     It will be a challenge for Mr. Goodman to find new counsel. For that reason, I respectfully request that the pending August 16, 2021 discovery sanctions hearing be adjourned for at least 90 days in order to give Mr. Goodman and his company time to retain new counsel.

10.     Mr. Goodman has authorized me to advise the Court that he consents to my withdrawal. I have assured Mr. Goodman that I will cooperate fully in transitioning the file. I further confirm that Mr. Goodman has no further financial obligation to my firm.

11.      I declare under penalty of perjury that the foregoing is true and correct.


Executed on August 13, 2021.



_____
JOHN H. SNYDER

3

**(EXHIBIT H)**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __1/4/2022__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JASON GOODMAN,

                 Plaintiff,

      -against-

CHRISTOPHER ELLIS BOUZY; BOT
SENTINEL, INC.; GEORGE WEBB
SWEIGERT,

               Defendants.

21 Civ. 10878 (AT)

**ORDER**

ANALISA TORRES, United States District Judge:

Nonparty David George Sweigert has filed a number of documents, including a notice of related litigation, two declarations, an "*amicus curiae* brief," and two affidavits. No. 21-CV-10878, Docs. 2-8. Nonparties are not permitted to file documents in a case unless they have been granted permission to intervene under Rule 24 of the Federal Rules of Civil Procedure.

Because David George Sweigert is a nonparty, and he has not been granted permission to file documents in this case, the Clerk of Court is directed to strike these documents from the docket. (ECF Nos. 2-8.)

The Clerk of Court is directed to mail a copy of this order to Plaintiff Jason Goodman and to David George Sweigert and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:     January 4, 2022
           New York, New York

_____
                    ANALISA TORRES
              United States District Judge

**(EXHIBIT I)**

1        MR. GOODMAN:  I know it is not.  I am very confident.

2        THE COURT:  What is your evidence?  This is like, you

3    know, QAnon.

4        MR. GOODMAN:  Nothing to do with QAnon, your Honor.

5    And you know what?  This case has constantly tried to associate

6    me with that, calling me a conspiracy theorist which is a

7    pejorative term with no legal force and act.

8        THE COURT:  Mr. Goodman, I am suggesting that you

9    are --

10        MR. GOODMAN:  You did say I am an conspiracy

11    theorist --

12        THE COURT:  Don't interrupt me.

13        Just saying "I know" doesn't get you anywhere because

14    you are in a court of law.  So, unless there's some evidence,

15    some fact, what you've got is just your speculation.

16        MR. GOODMAN:  This is a member of the Academy who

17    is -- the Academy doesn't know who it is and why aren't they

18    being compelled to present some evidence that they know who

19    that person is?  Here is the reason it's being protected.  It

20    is not a famous person as an email address that was created

21    specifically to do this.

22        THE COURT:  And your evidence of that is what?

23        MR. GOODMAN:  My evidence of that is that I have been

24    in Hollywood for a lot years and I've known a lot of actors and

25    directors and they do not have email addresses that lead to

**(EXHIBIT J)**

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

George Webb Sweigert,

          Plaintiffs,

    v.

Cable News Network, Inc.,

        Defendants.

Case No. :20-cv-12933-GAD-KGA

Honorable Gershwin A. Drain

---

**BRIEF OF *AMICUS CURIAE* JASON GOODMAN IN SUPPORT
OF DEFENDANT'S MOTION TO DISMISS**

Jason Goodman

252 7th Avenue #6s

New York, NY 10001

(323) 744-7594

truth@crowdsourcethetruth.org

Pro Se

Robin Luce Herrmann (P46880)

Jennifer A. Dukarski (P74257)

Javon R. David (P78214)

BUTZEL LONG, a professional corporation

Attorneys for Defendant Cable News

Network, Inc.

41000 Woodward Avenue

Stoneridge West

Bloomfield Hills, MI 48304 (248) 258-1616

Luce-Herrmann@butzel.com

Dukarski@butzel.com

Davidj@butzel.com

## PRELIMINARY STATEMENT

Jason Goodman is a pro se non-attorney, non-party to this case. Goodman comes now as a friend of the court to share facts and evidence Goodman alleges reveal a fraud on the court intended to affect the outcome of this case.

## STATEMENT OF FACTS

Non-party D. George Sweigert ("Sweigert") is the brother of Plaintiff George Webb Sweigert ("Webb"). On November 6, 2020, non-party Sweigert filed a motion requesting the court change the venue of this legal action to the Southern District of New York. *See* ECF No. 3 (MOTION FOR CHANGE OF VENUE BY INTERVENOR-APPLICANT PARTY OF INTEREST). Sweigert's pleadings indicate his belief that Sweigert v CNN is related litigation to Sweigert v Goodman, and in his view, in the interest of judicial efficiency should be transferred to the Southern District of New York. The transfer was denied via ECF No. 9.

Non-party movant Sweigert is the Plaintiff in Sweigert v. Goodman (Case 1:18-cv-08653-VEC-SDA) in which he is suing Amicus Goodman currently pending in the SDNY.

Goodman first became acquainted with Webb and Sweigert in 2017. Since his introduction to Webb and Sweigert, Goodman has been the Defendant in four separate civil lawsuits. Sweigert has attempted to intervene in three of the four suits and was denied.

On information and belief, Goodman alleges that Sweigert and Webb, in an effort to improperly involve Goodman in Sweigert v CNN, have conspired with or otherwise deceived a third individual, an employee of the court, Richard Loury ("Loury"), to commit a fraud on the court. Document properties of ECF No. 12 reveal that Loury is named as the author of pro se Plaintiff Webb's pleading. **(EXHIBIT A)**. These properties are visible in the free reader Adobe Acrobat DC or the commercial application Adobe Acrobat Professional.

On June 30, 2021, Goodman telephoned Loury at the court and asked how his name came to be associated with ECF No. 12 as the "author". Loury stated "documents are sent to me. In order for us to upload something, I have to save it onto my computer. The document is uploaded

onto the website". When questioned further, he simply repeated himself. Mr. Loury implied but did not directly state that his name would be associated with the document merely as a function of him temporarily saving it on his computer prior to filing it electronically on the docket. This is incorrect and does not explain how Loury's name would be recorded within the PDF document's embedded metadata as the "author" of the document. The "author" must be someone with the name "Richard Loury" officially stored on their computer as the active user unless someone otherwise altered the document to contain Loury's name.

Non-party movant Sweigert is the author of the Ethical Hacker's Field Operations Guide (https://drive.google.com/file/d/1BeVtzd7TKGpMvNonaUdD-Ls2RlGJm7JM/view). The guide details tactics and methods for manipulating computer systems, transmitting clandestine communications and evading detection, among other things. In several pleadings in Sweigert v Goodman, Sweigert has made note of various aspects of PDF document metadata indicating his knowledge in this area.

## **CONCLUSION**

For the reasons stated in Defendant's motion to dismiss and further for the foregoing reasons, Defendant's motion to dismiss should be granted. Additionally, Amicus Curiae Goodman prays the court will further investigate this matter relating to ECF No. 12 and alleged fraud on the part of Sweigert and Webb and take such action as it deems necessary.

By: _____
Jason Goodman
252 7th Avenue #6s
New York, NY 10001
truth@crowdsourcethetruth.org
(323) 744-7594
Pro Se *Amicus Curiae*

Robin Luce Herrmann (P46880)
Jennifer A. Dukarski (P74257)
Javon R. David (P78214)
BUTZEL LONG, a professional corporation
Attorneys for Defendant Cable News
Network, Inc.
41000 Woodward Avenue
Stoneridge West
Bloomfield Hills, MI 48304 (248) 258-1616
Luce-Herrmann@butzel.com
Dukarski@butzel.com
Davidj@butzel.com

**EXHIBIT A**

Case 2:20-cv-12933-GAD-KGA ECF No. 12, PageID.62 Filed 06/18/21 Page 1 of 2

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION
### AT DETROIT

| | | |
|---|---|---|
| **George Webb Sweigert,** | **:** | **CASE** |
| | **:** | |
| **Plaintiff,** | **:** | **NO - 2:20-cv-12933-GAD-KGA** |
| | **:** | |
| **V.** | **:** | **US DISTRICT COURT JUDGE** |
| | **:** | |
| | **:** | **Judge Gershwin A. Drain** |
| | **:** | |
| **CABLE NEWS NETWORK, INC** | **:** | **RESPONSE TO ORDER** |
| | **:** | **TO SHOW CAUSE** |

**PLAINTIFF'S RESPON**

Plaintiff hereby files this Respor
and, for the reasons stated here

The Plaintiff, George Webb Swe
lawsuit in District of Columbia ir
transactions were conducted in
added to some of the administra
the Court.

The Defendant, Cable News Ne
than the CNN Headquarters in
confused in person efforts to se

The Plaintiff requests for the Co
served on the Defendant. Two
Service.



- 4 -