U.S. DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| D. GEORGE SWEIGERT<br><br>Vs.<br><br>JASON GOODMAN | Case 1: 18-cv-08653-VEC<br><br>Judge Valerie E. Caproni |

# MOTION FOR SANCTIONS AGAINST DEFENDANT PURSUANT TO RULE 11

# FOR DOCKETING NO. 353

Respectfully,

*[signature]*

D. George Sweigert
Veteran U.S. Air Force
America's RV Mailbox
514 Americas Way, PMB 13339
Box Elder, SD 57719-7600
Email: SPOLIATION-NOTICE@MAILBOX.ORG

Signed this tenth day of January 2022 (1/10/2022).

Respectfully,

*[signature]*

D. George Sweigert
Veteran U.S. Air Force

CERTIFICATE OF SERVICE

The Plaintiff asserts under penalties of perjury that copies of these pleadings have been sent to Jason Goodman on 1/10/2022 at truth@crowdsourcethetruth.org

# TABLE OF CONTENTS

**INTRODUCTION** ........................................................................................................................ 4

**FILED FOR IMPROPER PURPOSE** ...................................................................................... 6

   *Court's inherent powers* ............................................................................................................ 7

# **TABLE OF AUTHORITIES**

**Cases**

*Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991)...................................................................... 9

*Coleman v. Grand*, 18-cv-5663 (ENV) (RLM), (E.D.N.Y. Feb. 22, 2021) .................................. 6

*Enmon v. Prospect Capital Corp.,* 675 F.3d 138, 143 (2d Cir. 2012) ........................................... 9

*Enmon,* 675 F.3d at 143 ................................................................................................................. 9

*Goodman v. George Webb Sweigert*, 21-cv-10878 (AT), S.D.N.Y ............................................... 4

*Goodman v. Sharp et al*, 21-cv-10627 (VEC), S.D.N.Y. ............................................................... 4

*Goodman vs. Sharp,* Case 1:21-cv-10627-UA, S.D.N.Y. .............................................................. 5

*Huggins v. Moore*, 94 N.Y.2d 296, 303, 704 N.Y.S.2d 904, 726 N.E.2d 456 (1999).................... 6

*LifeTree Trading Pte., Ltd. v. Washakie Renewable Energy,* LLC, 14-cv-9075 (JPO), 2017 WL
    2414805 (S.D.N.Y. June 2, 2017) ........................................................................................ 10

*NATAS v. MSDI*, 20-CV-7269 (VEC), S.D.N.Y............................................................................ 5

*Nat'l Academy of Television Arts & Sciences v. Multimedia Systems Design, Inc. (MSDI), and
    Jason Goodman*, 20-cv-07269 (VEC), S.D.N.Y...................................................................... 4

*Passlogix,* 708 F. Supp. 2d at 394................................................................................................. 9

*Schlaifer Nance & Co. Inc. v. Estate of Warhol,* 194 F.3d 323, 336-37 (2d Cir. 1999)................. 9

*Shah v. Eclipsys Corp.,* No. 08–CV–2528 (JFB)(WDW), 2010 U.S. Dist. LEXIS 67700, at *50–
    51 (E.D.N.Y. July 7, 2010) ..................................................................................................... 9

**Rules**

Fed. R. Civ. P. 11(b)(1)................................................................................................................... 7

# INTRODUCTION

In a nutshell, the Defendant Jason Goodman (herein "Goodman" or Defendant) filed a repetitive and redundant legal pleading on January 10, 2022 (Dkt. 353) which is duplicative of a motion filed in this Court on November 10, 2021 (Dkt.324), which was answered by an ORDER on November 11, 2021 (Dkt. 327).

| | | |
|---|---|---|
| 11/10/2021 | 324 | NOTICE OF MOTION FOR RECUSAL OR **DISQUALIFICATION OF JUDGE VALERIE CAPRONI.** Document filed by Jason Goodman.(sc) (Entered: 11/10/2021) |
| 11/11/2021 | 327 | MEMO ENDORSED ORDER denying 324 Motion for Recusal. ; denying 324 Motion to Disqualify. ENDORSEMENT: Application DENIED. See Lewis v. Tuscan Dairy Farms, Inc., 25 F.3d 1138, 1141 (2d Cir. 1994); Liteky v. United States, 510 U.S. 540, 555 (1994) (citing United States v. Grinnell Corp., 384 U.S. 563, 583 (1966)). The Clerk of Court is respectfully directed to close the open motion at docket entry 324. SO ORDERED. (Signed by Judge Valerie E. Caproni on 11/11/21) (yv) (Entered: 11/12/2021) |
| 01/10/2022 | 353 | NOTICE OF MOTION, re: to **Disqualify Judge Valerie Caproni**. Document filed by Jason Goodman.(sc) (Entered: 01/10/2022) |

[emphasis added]

The Defendant in this case is involved in several lawsuits.

*Nat'l Academy of Television Arts & Sciences v. Multimedia Systems Design, Inc. (MSDI), and Jason Goodman*, 20-cv-07269 (VEC), S.D.N.Y.

*Goodman v. Sharp et al*, 21-cv-10627 (VEC), S.D.N.Y.

*Goodman v. George Webb Sweigert*, 21-cv-10878 (AT), S.D.N.Y.

The Court described the parties (in *Sweigert v. Goodman*) as being engaged in "outlandish conspiracy theories and accusing one another of criminal conduct and other

misbehavior on the internet," Dkt. 142. "The term "outlandish conspiracy theories" also remains, in the Court's view, the most succinct way of contextualizing the parties' fracas," Dkt. 143.

As the Court is aware, Mr. Goodman "traffics in wild conspiracy theories."

> Multimedia System Design, Inc. d/b/a "Crowdsource the Truth" ("MSDI") produces video content that, inter alia, traffics in wild conspiracy theories. In June 2020, MSDI used an image of the Emmy Award Statuette holding a model of the COVID-19 virus as part of a video honoring countries that downplayed the seriousness of the COVID-19 pandemic.
> Judge Valerie E. Caproni, *NATAS v. MSDI*, 20-CV-7269 (VEC), S.D.N.Y.
> https://casetext.com/case/national-academy-of-television-arts-and-sciences-inc-v-multimedia-system-design-inc

In new litigation, Defendant Jason Goodman has proclaimed that the YouTube "JASON GOODMAN" channel operates as an extension of his status as a natural person.   See para. "59. *Despite taking initial action against the "Jason Goodman" YouTube channel, owned by the natural person who is Plaintiff in this matter*", Complaint, ECF doc. 1, *Goodman vs. Sharp,* Case 1:21-cv-10627-UA, S.D.N.Y.

To this point, an identical pleading to Dkt. 353 was filed in *Jason Goodman v. Adam Sharp,* 21-cv-10627 (VEC), S.D.N.Y., known as Dkt. 16, which was subsequently answered by an ORDER, Dkt. 17 (see below).

| 01/07/2022 | 16 | NOTICE OF MOTION, re: for Recusal of Judge Valerie Caproni. Document filed by Jason Goodman.(sc) (Entered: 01/07/2022) |

> Case 1:21-cv-10627-VEC   Document 17   Filed 01/10/22   Page 20 of 60
>
> Plaintiff requests that the Court recuse herself based on the Court's statements and rulings in a related case in which Plaintiff's company is the Defendant. *See The National Academy of Television Arts and Sciences, Inc., et al. v. Multimedia System Design, Inc.*, No. 20-CV-7269. Plaintiff's request is DENIED.
>
> A judge is required to recuse herself from "any proceeding in which [her] impartiality might *reasonably* be questioned." 28 U.S.C. § 455(a) (emphasis added). Recusal is warranted if "an objective, disinterested observer fully informed of the underlying facts . . . entertain significant doubt that justice would be done absent recusal." *United States v. Yousef*, 327 F.3d 56, 169 (2d Cir. 2003) (internal quotation marks and citation omitted).
>
> The showing of personal bias to warrant recusal must ordinarily be based on "extrajudicial conduct . . . not conduct which arises in a judicial context." *Lewis v. Tuscan Dairy Farms, Inc.*, 25 F.3d 1138, 1141 (2d Cir. 1994) (internal quotation marks and citation omitted). And "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555 (citation omitted); see also *Fulton v. Robinson*, 289 F.3d 188, 199 (2d Cir. 2002) (affirming denial of recusal motion filed in case by plaintiff where judge had ruled against him on all his motions and where plaintiff had "speculated that the judge may have been acquainted with [him]").
>
> Plaintiff states no facts suggesting that the undersigned "displayed a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555. Any reasonable and objective observer would perceive Plaintiff's dissatisfaction only with the Court's rulings and judicial statements.
>
> As there is no need for the undersigned to recuse herself from this action, the Court denies Plaintiff's motion seeking her recusal.
>
> SO ORDERED.
>
> *Valerie Caproni*   1/10/2022
>
> HON. VALERIE CAPRONI
> UNITED STATES DISTRICT JUDGE

## **FILED FOR IMPROPER PURPOSE**

Rule 11 of the Federal Rules of Civil Procedure requires an attorney or an unrepresented party to sign each pleading and motion submitted to the court. "By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances .

6

. . it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1)

If Jason Goodman filed his recent pleading of January 10, 2022 (Dkt. 353) as an instantiation of so-called "stunt litigation" then the Court would be well advised to consider if such a filing was docketed with an "improper purpose" motive.

An inquiry into the actions and events that occurred contemporaneously with the filing of this pleading (Dkt. 353) may be in order as to the identical pleading to Dkt. 353 that was filed in *Jason Goodman v. Adam Sharp,* 21-cv-10627 (VEC), S.D.N.Y., known as Dkt. 16, which was subsequently answered by an ORDER, Dkt. 17.

***Court's inherent powers***

"Because of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers v. NASCO, Inc*., 501 U.S. 32, 44 (1991). "In order to impose sanctions pursuant to its inherent power, a district court must find that: (1) the challenged claim was without a colorable basis and (2) the claim was brought in bad faith, i.e., motivated by improper purposes such as harassment or delay.[emphasis added]" *Enmon v. Prospect Capital Corp.,* 675 F.3d 138, 143 (2d Cir. 2012). Although both findings "must be supported by a high degree of specificity in the factual findings," *Wolters Kluwer Fin. Serv., Inc. v. Scivantage,* 564 F.3d 110, 114 (2d Cir. 2009), "bad faith may be inferred 'only if actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay.[emphasis added]'" *Enmon,* 675 F.3d at 143. (internal citation and quotation marks omitted).

A claim is "entirely without color when it lacks any legal or factual basis. Conversely, a claim is colorable when it has some legal and factual support, considered in light of the reasonable beliefs of the individual making the claim." *Schlaifer Nance & Co. Inc. v. Estate of Warhol,* 194 F.3d 323, 336-37 (2d Cir. 1999).

Signed this tenth day of January 2022 (1/10/2022).

| Respectfully, | CERTIFICATE OF SERVICE |
|---|---|
| *[signature]* D. George Sweigert  Veteran U.S. Air Force | The plaintiff asserts under penalties of perjury that copies of these pleadings have been sent to Jason Goodman on 1/10/2022 at truth@crowdsourcethetruth.org |