UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

D George Sweigert,

                     Plaintiff,

-against-

Jason Goodman,

                     Defendant.

1:18-cv-08653 (VEC) (SDA)

**ORDER**

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE:**

Before the Court is a motion by Plaintiff to reopen discovery. (*See* 12/28/2021 Not. of Mot., ECF No. 348; Pl.'s 12/28/2021 Decl., ECF No. 349.) For the reasons set forth below, Plaintiff's motion is DENIED.

**PROCEDURAL HISTORY**

On June 14, 2018, this action was commenced. (*See* Compl., ECF No. 1.) On September 17, 2019, the action was referred to me for general pretrial purposes and to issue reports and recommendations on dispositive motions. (*See* Order of Ref., ECF No. 89.) On October 24, 2019, a telephone conference was held with the parties (*see* 10/24/19 Order, ECF No. 97), and thereafter discovery ensued.

On April 22, 2021, the Court entered an Opinion and Order directing the parties to appear for a telephone conference on May 4, 2021 to set a briefing schedule for Defendant's anticipated summary judgment motion and "to address the remaining discovery disputes, as well as discovery deadlines." (*See* 4/22/2021 Order, ECF No. 259, at 7.) On May 4, 2021, the Court held a telephone conference and thereafter issued an Order denying a motion to stay discovery that had been filed in the interim by Defendant; setting a May 18, 2021 deadline for the completion

of the remaining discovery; and setting a schedule for Defendant's anticipated summary judgment motion. (*See* 5/4/2021 Order, ECF No. 270, ¶¶ 2-4.)

On June 1, 2021, Defendant first moved for summary judgment (*see* Def.'s 6/1/21 Not. of Mot., ECF No. 277), which motion later was amended. (*See* Def.'s 7/19/21 Am. Not. of Mot., ECF No. 302.) After issuing a Report and Recommendation on Defendant's motion for summary judgment on October 29, 2021, the Court entered an Order permitting Plaintiff to obtain additional discovery limited to two issues that had arisen in conjunction with Defendant's motion. (*See* 10/29/2021 Order, ECF No. 322.) In response to Plaintiff's application pursuant to Federal Rule of Civil Procedure 56(d), the Court granted Plaintiff permission to take Defendant's deposition on the issue of actual malice and, with respect to video evidence, permitted Plaintiff to file a letter by November 12, 2021, setting forth "each video file he seeks that Defendant has not produced" and ordered Defendant to produce such videos. (*Id*. at 1-2.) The Court extended the deadline for the completion of discovery for these two limited purposes. (*See id*. at 2.)

On November 11, 2021, Plaintiff filed his letter setting forth the videos that he sought from Defendant. (11/11/2021 Letter, ECF No. 330.) The following day, Plaintiff filed a corrected version. (11/12/2021 Letter, ECF No. 331.) On November 25, 2021, Plaintiff filed a letter seeking a subpoena, pursuant to Federal Rule of Civil Procedure 45, for Google to produce "[a]ll copyright/privacy strikes, authorization logging (sessions), off-line and on-line changes to configuration settings (privacy mode) for the YouTube channel 'JASON GOODMAN' between 11/11/2020 and 11/11/2021." (11/25/2021 Letter, ECF No. 335.) On November 27, 2021, Plaintiff filed another letter adding one additional video to his list. (11/27/2021 Letter, ECF No. 336.)

On December 10, 2021, Plaintiff filed a letter stating that he had not received any video files from Defendant. (12/10/2021 Letter, ECF No. 338.) Defendant filed a response on December 13, 2021, stating that he previously had mailed to Plaintiff a thumb drive containing "full copies of all the video files relevant to this case" and attaching his response to Plaintiff's additional discovery requests addressing the videos listed by Plaintiff in his November 12 and November 27 letters and providing video links. (Def.'s 12/13/2021 Letter, ECF No. 340.) The Court held a telephone conference with the parties on December 15, 2021 to discuss the remaining discovery issues. (*See* 12/15/2021 Tr., ECF No. 350.) During the conference, Plaintiff acknowledged that he previously had received from Defendant a thumb drive containing approximately 40 videos, and was able to access the document filed by Defendant at ECF No. 340 containing links to additional videos. (*See id*. at 8-10.) Despite multiple opportunities, Plaintiff did not identify any videos that he had not received or raise any further issues regarding video evidence. (*See generally id*.)

On December 28, 2021, Plaintiff filed the motion to reopen discovery that is now before the Court.

## DISCUSSION

Plaintiff seeks to reopen discovery for two purposes (1) obtaining additional videos, and (2) serving non-party subpoenas. (*See* 12/28/2021 Not. of Mot.) These are addressed in turn below.

I. **Additional Videos**

The Court's October 29, 2021 Order set a deadline of November 12, 2021 for Plaintiff to identify each video he sought from Defendant that had not yet been produced. (*See* 10/29/21

3

Order ¶ 1.) Plaintiff now requests an additional 22 videos purportedly to establish that Defendant acted with actual malice.[1] (*See* 12/28/2021 Not. of Mot. at 5-6; *see also id*. Ex. 1.)[2]

Plaintiff's request for an additional 22 videos is denied on two grounds. First, it is untimely, as the Court's October 29, 2021 Order was clear that Plaintiff was to identify each video he sought from Defendants no later than November 12, 2021. (*See* 10/29/21 Order.) Plaintiff failed to request the 22 videos by the November 12, 2021 deadline.[3] Plaintiff has had ample opportunity to seek video evidence in this case and has not demonstrated good cause for failure to do so. Second, in its discretion, the Court finds that Plaintiff has not shown how these additional videos are relevant to the issue of actual malice, or proportional to the needs of the case, and that this latest request appears to be nothing more than a fishing expedition. Accordingly, his motion to reopen discovery to seek additional videos is denied.

**II.    Subpoenas Regarding Jason Goodman YouTube Channel**

Plaintiff also seeks to obtain, via third-party subpoenas on Google, YouTube, Patreon and SubscribeStar, "an indexed tabular listing of videos presently stored on their platforms in social

---

[1] To the extent that Plaintiff challenges the applicability of the actual malice standard, that issue is not properly the subject of this motion.

[2] Inexplicably, Plaintiff also contends that he has not received any discovery from Defendant since May 2021, including any of the discovery materials described in ECF No. 340. (*See* 12/28/2021 Not. of Mot. at 4.) As for the videos described in ECF No. 340, Defendant included links to all but one of those videos and Plaintiff plainly had access to that video at the time of the December 15, 2021 conference.

[3] It also appears that several of the 22 videos were among the ones previously requested, including at least five that were the subject of Defendant's motion for summary judgment. These videos are: The Trolls of Mount Shasta (Statement 4 in the R&R); Does Sweigert's Social Engineering Spin the Bit Spread Spy in the Padlocked Bag with David Hawkins (Statement 5 in the R&R); Libel, Lies and Lawsuits – Queen Tut Evidence Exposed (Statement 7 in the R&R), Michael Barden Targeted individual (Statement 8 in the R&R); and Clear and Present Danger (Statement 9 in the R&R). Plaintiff was explicitly asked about these videos during the December 15, 2021 conference and did not indicate then that he did not receive them. Indeed, Plaintiff explicitly acknowledged that he had a copy of the Trolls of Mount Shasta video. (*See* 12/15/2021 Tr. at 9.)

media accounts controlled by the Defendant." (*See* 12/28/2021 Not. of Mot. at 20.) In its discretion, the Court finds that Plaintiff has not shown how such an index is relevant to any claim or defense in this case, or proportional to the needs of the case. To the extent that Plaintiff is requesting actual videos from the non-parties, as opposed to an index of such videos, the Court finds that such a request is an impermissible attempt to evade the November 12, 2021 deadline set forth in my prior Order. Accordingly, Plaintiff's motion to reopen discovery to serve third-party subpoenas is denied.

The Clerk of Court is respectfully requested to mail a copy of this Order to the *pro se* Defendant.

**SO ORDERED.**

DATED:   New York, New York
         January 20, 2022

_____
STEWART D. AARON
United States Magistrate Judge