USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/24/2022

# MEMO ENDORSED

*D George Sweigert*
*America's RV Mailbox*
*514 Americas Way, PMB 13339*
*Box Elder, SD 57719-7600*
*Email: SPOLIATION-NOTICE@MAILBOX.ORG*

**January 21, 2022**

Hon. Judge Valerie E. Caproni                                      **VIA ECF**
Thurgood Marshall United States Courthouse
500 Pearl Street
New York, NY 10007

REF: 1:18-CV-08653-VEC-SDA, *D. George Sweigert vs. Jason Goodman*

Your Honor,

The undersigned is the Plaintiff in this case, a non-attorney.

Please consider this a letter motion pursuant to F.R.C.P. Rule 60(b) to correct footnote no. 7 in the recent OPINION AND ORDER TO SHOW CAUSE docket no. 358; stated below in relevant part:

Each of the twelve defamation claims arises from a different statement Goodman made about Sweigert. Although as to some of the statements the Court does not have access to the actual video or audio in which the statement was made (although Goodman has now produced copies of all of the videos or audio to Sweigert, he had not at the time Judge Aaron issued the R&R), Goodman does not dispute that he made the statements at issue.

The Defendant has not "now produced copies of all of the videos or audio to Sweigert." By ORDER (Dkt. 322) the titles of videos not received by the Plaintiff were provided to the Court prior to a November 12, 2021 deadline.  The Defendant was instructed to provide these materials to the Plaintiff by 12/3/2021.  Dkt. 331 contained the subject letter requesting those video titles (see last pages of this letter).

By Plaintiff's letter of 12/10/2021 (Dkt. 338) the Court was informed that the discovery materials had not been received by the Plaintiff and were one week late.

A telephone conference was held on 12/15/2021 with both parties (Dkt. 343) at which time the Defendant stated that he mailed discovery materials to the wrong address in Nevada City, California instead of the Plaintiff's address provided to the Court on 9/9/2021 (Dkt. 316). That address has appeared on all pleadings and letters submitted to the Court since that time.

For the foregoing reasons footnote no. 7 of the OPINION AND ORDER TO SHOW CAUSE appears to need correction.

The standard for granting a motion for reconsideration is "strict." Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." Id. (citation omitted). "A motion for reconsideration should be granted only when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr., 729 F.3d 99, 104 (2d Cir. 2013) (citation omitted).

Signed January twenty first, 2022.  Date 1/21/2022.

Respectfully,                                                    CERTIFICATE OF SERVICE

                                                                The Plaintiff asserts under the penalties of perjury
                                                                that copies of these pleadings have been sent to
                                                                Jason Goodman on 1/21/2022 at
                                                                truth@crowdsourcethetruth.org .

D. George Sweigert
Veteran U.S. Air Force

2

| | | |
|---|---|---|
| 09/09/2021 | 316 | NOTICE OF CHANGE OF ADDRESS by D George Sweigert. New Address: AMERICAS RV MAILBOX, 514 Americas Way, PMB 13339, Box Elder, South Dakota, 57719-7600. (sc) Modified on 9/10/2021 (sc). (Entered: 09/10/2021) |
| 10/29/2021 | 322 | ORDER: Accordingly, it is hereby Ordered as follows: No later than November 12, 2021, Plaintiff shall file a letter setting forth each video file he seeks that Defendant has not produced. Defendant shall produce copies of such video files no later than December 3, 2021. Failure to do so may result in the imposition of sanctions. See Fed. R. Civ. P. 37. If Plaintiff seeks to depose Defendant on the issue of actual malice, Plaintiff shall file a letter, no later than December 10, 2021, setting forth at least four proposed dates prior to February 28, 2022 for the deposition to occur.1 Any such deposition shall occur in Courtroom 11C, 500 Pearl Street, New York, NY 10007 and shall be supervised by the Court. The deadline for the completion of discovery is extended until February 28, 2022 for the limited purposes set forth above. The Clerk of Court is respectfully requested to mail a copy of this Order to the pro se Defendant. SO ORDERED. (Discovery due by 2/28/2022.) (Signed by Magistrate Judge Stewart D. Aaron on 10/29/2021) (js) Transmission to Docket Assistant Clerk for processing. (Entered: 10/29/2021) |
| 11/12/2021 | 331 | LETTER addressed to Magistrate Judge Stewart D. Aaron from D. George Sweigert, dated 11/2/21 re: "CORRECTED COPY REPLACES ECF 330(Pages 4 & 5 truncated in original)" -This letter is responsive to the Magistrate's Report & Recommendation(ECF 321) that states, "No later than 11/12/21, Plaintiff shall file a letter setting forth each video file he seeks that Defendant has not produced. Defendant shall produce copies of such video files no later than 12/3/21. Failure to do so may result in an imposition of sanctions etc. Such a list is attached as EXHIBIT ONE to this letter(as indicated). Document filed by D George Sweigert.(sc) (Entered: 11/12/2021) |
| 12/10/2021 | 338 | LETTER addressed to Magistrate Judge Stewart D. Aaron from D. George Sweigert, dated 12/10/21 re: The undersigned has not received any discovery materials from the defendant which were due 12/3/21. This includes NO video podcast files. Nothing has been received from the defendant in this regard. Document filed by D George Sweigert.(sc) (Entered: 12/10/2021) |

Plaintiff's motion for reconsideration is DENIED.

The Court did not make a mistake or inadvertence in its prior Opinion.  *See* Fed. R. Civ. P. 60(b).  The record reflected that Mr. Sweigert was in possession of the files at issue at the time the Court entered its Opinion.  On December 15, 2021, Judge Aaron held a conference with the parties to discuss all remaining discovery issues.  *See* Conf. Tr., Dkt. 350.  As Judge Aaron wrote in a recent order: "[d]espite multiple opportunities, Plaintiff did not identify any videos [at the conference] that he had not received or raise any further issues regarding video evidence."  *See* Order, Dkt. 359.  The Undersigned is not responsible for Mr. Sweigert's lack of preparation -- or perhaps his purposeful caginess to advance some unknown strategic end -- at the conference with Judge Aaron.

The Clerk of Court is respectfully directed to close the open motion at docket entry 360.  The Clerk is further directed to mail a copy of this endorsement to the *pro se* Defendant and to note the mailing on the docket.

SO ORDERED.

Date: January 24, 2022

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE