USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/31/2022

*D George Sweigert*
*America's RV Mailbox*
*514 Americas Way, PMB 13339*
*Box Elder, SD 57719-7600*
Email: SPOLIATION-NOTICE@MAILBOX.ORG

**January 30, 2022**

Hon. Valerie E. Caproni, District Judge     **VIA ECF**
Thurgood Marshall United States Courthouse
500 Pearl Street
New York, NY 10007

REF: 1:18-CV-08653-VEC-SDA, *D. George Sweigert vs. Jason Goodman*

YOUR HONOR,

    The undersigned is the Plaintiff in this case, a non-attorney.

    The undersigned respectfully requests an additional week to comply with the requirements of the ORDER TO SHOW CAUSE (OSC) (Dkt. 358) to provide supporting rationale why the sanction of a filing restriction may be inappropriate. Presently, responses are due from both parties by **February 4, 2022.** The undersigned respectfully requests an extension to **February 11, 2022.**

    The sanctions suggested in the OSC (Dkt. 358) are analogous to Fed. R. Civ. Proc. Rule 11 sanctions, which provide for a 21-day period to provide for an adequate response.

> "At a minimum, the notice requirement mandates that the subject of a [Rule 11] sanctions motion be informed of: . . . the specific conduct or omission for which the sanctions are being considered so that the subject of the sanctions motion can prepare a defense. Indeed, only conduct explicitly referred to in the instrument providing notice is sanctionable."

    *Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370, 389 (2d Cir. 2003). "These procedural protections are intended to reduce the number of motions for sanctions and to provide opportunities for parties to avoid sanctions altogether." *Perpetual Sec., Inc. v. Tang,* 290 F.3d 132, 141–42 (2d Cir. 2002) (citing *Hadges v. Yonkers Racing Corp.,* 48 F.3d 1320, 1327 (2d Cir. 1995)).

    Frankly, given the labyrinthine nature of the court system, let alone the labyrinthine nature of the law, this is a very confusing and developing area of jurisprudence in the Second Circuit and the *pro se* Plaintiff needs more time to adequately research his defenses.

1

The Third Circuit has intimated that it affords *pro se* litigants significant procedural leniency. See *Tabron v. Grace,* 6 F.3d 147, 153-54 n.2 (3d Cir. 1993) (*pro se* litigant failed to raise an issue of contention in a timely manner. The court noted that they "have traditionally given *pro se* litigants greater leeway where they have not followed the technical rules of pleading and procedure."). See generally *Jacobsen v. Filler*, 790 F.2d 1362, 1364-66 (9th Cir. 1986) (reflects the difficulty *pro se* litigants have with knowing how to respond to opposing parties' motions).

In the spirit of the foregoing, the undersigned respectfully requests an extension to respond to the OSC (Dkt. 358) until:

**February 11, 2022**

Signed this thirtieth day day of January 2022.  Date 1/30/2022.

Respectfully,

*/s/ D. Sweigert*

D. George Sweigert

CERTIFICATE OF SERVICE

The Plaintiff asserts under penalties of perjury that a copy of this letter has been sent to Jason Goodman on 1/30/2022 at truth@crowdsourcethetruth.org

ENDORSEMENT: The deadline for both Sweigert and Goodman to respond to the Order to Show Cause (ECF No. 358) is extended until February 11, 2022. SO ORDERED.

Dated: January 31, 2022