```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/17/2022
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

D George Sweigert,

                             Plaintiff,

        -against-

Jason Goodman,

                             Defendant.

1:18-cv-08653 (VEC) (SDA)

**ORDER**

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE:**

      On January 19, 2022, District Judge Caproni ordered the parties each to show cause before the undersigned why the Court should not enter an order requiring the parties to seek leave before making any filings that have not previously been ordered by the Court. (*See* Opinion & Order to Show Cause, ECF No. 358.) The parties submitted their responses to the Order to Show Cause on February 10, 2022. (Def.'s OTSC Response, ECF No. 365; Pl.'s OTSC Response, ECF No. 366.)

      "It is well settled that 'courts may resort to restrictive measures that except from normally available procedures litigants who have abused their litigation opportunities'" *Komatsu v. City of New York*, No. 20-CV-07502 (ER), 2020 WL 7251384, at *1 (S.D.N.Y. Nov. 17, 2020) (quoting *In re Martin-Trigona*, 9 F.3d 226, 228 (2d Cir. 1993)), including by imposing a "leave of court requirement with respect to future filings." *In re Martin-Trigona*, 9 F.3d at 229 (internal quotation marks omitted). As set forth in the Order to Show Cause, the record in this case is rife with warnings to the parties that their conduct fails to comply with what is of expected of litigants in this Court, their *pro se* status notwithstanding. Moreover, each frivolous or repetitive filing requires the Court to expend limited resources. *See Raghavendra v. Fenn*, No. 16-CV-04118 (JMA)

(SIL), 2019 WL 4963257, at *6 (E.D.N.Y. Oct. 7, 2019) (implementing anti-filing injunction and noting that every filing, no matter how repetitious or frivolous required "some portion of the institution's limited resources") (internal quotation marks omitted). In addition to the frivolous filings identified in the Order to Show Cause, Defendant recently filed a repetitive motion to disqualify Judge Caproni and, in response, Plaintiff filed a motion for sanctions and a motion for leave to file supplemental authority.[1] (*See* ECF Nos. 353, 354 & 367.) Nonetheless, as this case is approaching its conclusion, the Court will not impose a filing injunction at this time. However, the parties again are warned that further frivolous filings will result in the imposition of sanctions, without any further opportunity for the parties to be heard. Now that discovery in this action is complete, the Court expects the parties to limit their filings to those ordered by the Court or that are necessary to advance this case to trial.

      The Clerk of Court is respectfully requested to terminate the motion at ECF No. 354 and to mail a copy of this Order to the *pro se* Defendant.

**SO ORDERED.**

DATED:      New York, New York
               February 17, 2022

                                                                                     _____
                                                                    STEWART D. AARON
                                                                    United States Magistrate Judge

---

[1] Plaintiff's motions are denied. Plaintiff does not identify any sanctions that he seeks. In any event, although the Court agrees that Defendant's motion to disqualify was duplicative, the Court, in its discretion, declines to impose sanctions.