```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/22/2022
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

D George Sweigert,

                Plaintiff,

-against-

Jason Goodman,

                Defendant.

1:18-cv-08653 (VEC) (SDA)

ORDER

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE:**

In Order for the parties and the Court to prepare for trial, the particular claims on which Plaintiff intends to proceed must be clearly established. While the Court gave Plaintiff significant latitude to seek discovery regarding claims that arose during the course of this action, and thus do not appear in the operative pleading, discovery is now closed and Plaintiff must specifically identify the alleged defamatory statements and alleged violations of his statutory right to privacy upon which he intends to proceed so that both sides ultimately may prepare for trial. Accordingly, it is hereby Ordered that, no later than Friday, March 18, 2022, Plaintiff shall file a letter with the following information:

1. For each defamation claim Plaintiff intends to pursue at trial he must: (1) quote the alleged defamatory statement;[1] (2) identify the source of the statement including, if applicable, the video or audio file in which the statement was made, the date of the

---

[1] Plaintiff is limited to statements that he identified in the operative pleading (consisting of the Second Amended Complaint (ECF No. 88) as supplemented by paragraphs 1, 39-45, 47-50 of the First Supplemental Complaint (ECF No. 150)) or during discovery in the responses filed at ECF Nos. 225, 230, 231, 232, 241, 330, or 336. The Court will not consider any additional statements unless Plaintiff can identify where on the docket the statement previously was identified.

video or audio file, and the time stamp for the beginning and end of the alleged defamatory statement; (3) affirm that Plaintiff has provided the Court with a complete copy of the source in which the allegedly defamatory statement is found (*e.g.*, the full video file, a screen shot of the tweet, the full audio file of the podcast, etc.);[2] (4) identify the evidence on which Plaintiff intends to rely to prove fault; (5) identify the evidence on which Plaintiff intends to rely to prove falsity; and (6) identify the evidence on which Plaintiff intends to rely to prove special damages or state that Plaintiff contends the statement is defamatory *per se*.[3] Plaintiff must provide this information in a chart. Below is a sample of the chart format, with a hypothetical example unrelated to this litigation depicting an entry on the chart:

| Def. Claim No. | Allegedly Defamatory Statement; location on the docket where the statement was previously identified. | Source of the Statement | Affirmation | Evidence of Fault | Evidence of Falsity | Evidence of special damages or contention that statement is defamation *per se* |
|---|---|---|---|---|---|---|
| 1 | "The sky is orange." Second Amended Complaint, ¶ 57. | Video entitled "Colors of the Sky" posted on the "Science is Interesting" YouTube Channel on February 1, 2020. Statement at 2:04-2:16. | Full video provided to Court | Pages 8-11 of Defendant's Deposition Transcript; 2005 Article from *Nature* Journal | Pages 7-11 of Transcript of Deposition of Dr. Science; Plaintiff's anticipated trial testimony | Statement is defamation *per se* |

---

[2] Plaintiff also must send a USB drive or other media storage device containing these materials to the Court using Federal Express. The deadline for providing these materials is also March 18, 2022. The Court will not allow Plaintiff to proceed on any claim for which he does not have a copy of the complete source material.

[3] "Under New York law a defamation plaintiff must establish five elements: (1) a written [or spoken] defamatory statement of and concerning the plaintiff, (2) publication to a third party, (3) fault, (4) falsity of the defamatory statement, and (5) special damages or per se actionability." *Palin v. N.Y. Times Co.*, 940 F.3d 804, 809 (2d Cir. 2019).

2. For each statutory right to privacy claim Plaintiff intends to pursue at trial, he must: (1) identify each use of Plaintiff's name, portrait or picture for advertising purposes or for the purposes of trade that he contends violated his statutory right to privacy;[4] (2) affirm that he has provided the Court with a complete copy of the source in which the use of Plaintiff's name, portrait or picture is found;[5] (3) identify the evidence on which Plaintiff intends to rely to demonstrate each such use; (4) explain why the newsworthy privilege does not apply.[6] Plaintiff must provide this information in a chart. Below is a sample of the chart format, with a hypothetical example unrelated to this litigation depicting an entry on the chart:

| Alleged Right to Privacy Violation No. | Use of Plaintiff's name, portrait or picture; location on the docket where violation was previously identified. | Affirmation | Evidence | Explanation as to why newsworthy privilege does not apply |
|---|---|---|---|---|
| 1 | Figurine with Plaintiff's likeness sold on Defendant's website<br><br>Second Amended Complaint ¶ 106 | Screen shot from Defendant's website provided to Court | Invoices received in discovery; Pages 7-10 of Defendant's deposition transcript | Defendant's website is connected to his private toy store; no connection to newsworthy events |

---

[4] Here too Plaintiff is limited to alleged violations of his statutory right to privacy that have been previously identified by Plaintiff on the docket in this litigation. *See* note 1, *supra*.

[5] Plaintiff also must send a USB drive or other media storage device containing these materials to the Court using Federal Express. The deadline for providing these materials is also March 18, 2022. Plaintiff may provide screen shots or photographs of the allegedly infringing materials. The Court will not allow Plaintiff to proceed on any claim for which he does not have a copy of the full source material.

[6] "To prevail on a claim pursuant to N.Y. Civil Rights Law §§ 50-51, a plaintiff must demonstrate that 'defendant made use, within the state of New York, of plaintiff's name, portrait, or picture for advertising purposes or for the purposes of trade' without plaintiff's written consent.'" *Sweigert v. Goodman*, No. 18-CV-08653 (VEC), 2021 WL 2678621, at *5 (S.D.N.Y. June 30, 2021) (quoting *Titan Sports, Inc. v. Comics World Corp.*, 870 F.2d 85, 87 (2d Cir. 1989)); *see also* N.Y. Civ. Rights Law § 51. Moreover, "New York Courts have consistently refused to construe the terms 'advertising' or 'purposes of trade' as encompassing publications concerning newsworthy events or matters of public interest." *Sweigert*, 2021 WL 2678621, at *7 (citing *Mason v. Jews for Jesus*, No. 06-CV-6433, 2006 WL 3230279, at *3 (S.D.N.Y. Nov. 8, 2006) (cleaned up)).

Plaintiff's filing must be limited to the two charts. Any text outside the two charts will be disregarded by the Court. In addition, Plaintiff must attach a copy of the Federal Express tracking information used to mail the USB to the Court. The USB must be mailed to Magistrate Judge Stewart D. Aaron, 500 Pearl Street, Room 1970, New York, NY 10007.

Plaintiff is warned that any claim not included in his letter will not be considered moving forward and that the Court will not accept piecemeal, corrected or amended filings.[7] Plaintiff shall carefully prepare a single filing in response to this Order, which must include every claim upon which he intends to proceed at trial. Plaintiff is further warned that failure to identify sufficient evidence to support a required element of any claim may result in the Court's dismissal of that claim as a matter of law prior to trial.

The Clerk of Court is respectfully requested to mail a copy of this Order to the *pro se* Defendant.

**SO ORDERED.**

DATED:    New York, New York
          February 22, 2022

*[signature: Stewart D. Aaron]*

STEWART D. AARON
United States Magistrate Judge

---

[7] The Court reminds Plaintiff that failure to adhere to this warning will result in sanctions. (*See* Order, ECF No. 371 at 2.)