IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| D. GEORGE SWEIGERT | Case No.: 1:18-cv-08653-VEC-SDA |
| Plaintiff, | |
| vs. | **NOTICE OF MOTION TO STRIKE** |
| JASON GOODMAN, | |
| Defendant | |

Defendant Jason Goodman ("Goodman") pro se will respectfully move the Court

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, for an Order striking scandalous

material from the docket.

Signed this 23nd day of February 2022

Respectfully submitted,

_____

Jason Goodman, Defendant, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
(323) 744-7594
truth@crowdsourcethetruth.org

DEFENDANT'S APPLICATION FOR A SHOW CAUSE HEARING SEEKING TO COMPEL PLAINTIFF TO
UNDERGO PSYCHOLOGICAL EVALUATION - 1

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

D. GEORGE SWEIGERT

      Plaintiff,

vs.

JASON GOODMAN,

      Defendant

Case No.: 1:18-cv-08653-VEC-SDA

**MOTION TO STRIKE AND JUDICIAL NOTICE OF RELATED PLEADING**

      Defendant Jason Goodman ("Goodman") pro se respectfully moves the Court Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure for an Order striking scandalous material from the docket and to notify the Court of a related pleading filed in unrelated litigation.

      On February 22, 2022, Goodman filed an objection to an Order issued by Judge Gershwin Drain in the Eastern District of Michigan ("MIED") based on multiple clear errors by the Court. *See Sweigert v Goodman 2:22-cv-10002 ECF No. 22*. The filing contains unrefuted, prima facie evidence that implicates Plaintiff D. George Sweigert ("Sweigert") in a conspiracy to commit fraud on the court with the intent to influence the outcome of a case. **(EXHIBT A)**

      Goodman has repeatedly alerted this Court to the various ways in which Sweigert has acted in bad faith and even conspired with other litigants in unrelated litigation *See THE NATIONAL ACADEMY OF TELEVISION ARTS AND SCIENCES, INC. and ACADEMY OF TELEVISION ARTS & SCIENCES, v MULTIMEDIA SYSTEM DESIGN, INC.* The Court has repeatedly, maliciously, and needlessly derided Goodman as a "conspiracy theorist" based on no facts or evidence. This term has no legal meaning and no force or effect. Judge Caproni abuses her Judicial authority by treating her negative personal opinion of Goodman as a quasi-legal

DEFENDANT'S APPLICATION FOR A SHOW CAUSE HEARING SEEKING TO COMPEL PLAINTIFF TO UNDERGO PSYCHOLOGICAL EVALUATION - 1

finding without supporting evidence.  Judge Caproni endeavors to hang the Judicial equivalent of a "kick me" sign on Goodman with her scurrilous, legally meaningless, brazen personal insult and it must be stricken from the record in this matter and all others before Judge Caproni pertaining to Goodman.  This is imperative particularly in the light of new evidence presented to the Court in MIED and absent any contradictory evidence from the Plaintiff or the Court.

**The Court Must Strike Its Scandalous and False Disparagement of Defendant**

Scandalous matter is that which improperly casts a derogatory light on someone, usually a party to the action.  The striking of offensive material is particularly appropriate when the offensive material is not responsive to an argument but, rather, constitutes an inappropriate attempt to abuse the Court's process and attack an individual personally.  Goodman presented irrefutable evidence that Sweigert participated in a conspiracy.  Sweigert has not presented countermanding evidence in his denials.  The Court's claim that Goodman is a "conspiracy theorist" has no basis in fact, is unsupported by evidence and tends to cast a derogatory light on Goodman.  The Court should strike ALL instances of Judge Caproni's needlessly insulting and incorrect disparagement "conspiracy theorist".  Goodman's theories are based on facts and evidence and in this case, exposed a conspiracy.  Judge Caproni has no basis to include false claims in her orders.  Each claim of "conspiracy theorist" must be stricken from the record.

Signed this 23nd day of February 2022

Respectfully submitted,

_____
Jason Goodman, Defendant, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
(323) 744-7594
truth@crowdsourcethetruth.org

DEFENDANT'S APPLICATION FOR A SHOW CAUSE HEARING SEEKING TO COMPEL PLAINTIFF TO UNDERGO PSYCHOLOGICAL EVALUATION - 2

**(EXHIBIT A)**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

| | |
|---|---|
| GEORGE W. SWEIGERT | Case No.: 2:22-cv-10002-GAD-KGA |
| Plaintiff, | |
| vs. | **OBJECTION TO ORDER TO SHOW CAUSE AND MOTION TO DISMISS** |
| JASON GOODMAN, | |
| Defendant | |

Jason Goodman ("Goodman") by and for himself pro se respectfully objects to Judge Drain's Show Cause Order and moves to strike the order along with its false allegations and mischaracterization of facts. Goodman further moves the Court to dismiss this action for lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, and failure to state a claim. Goodman has not been served with this action and the Court has not acknowledged payment of the filing fee. The order at ECF No. 12 should be considered an error in its entirety and stricken from the record. The content of the order reveals that the Court is unfamiliar with the facts of this matter including but not limited to the names of the litigants over which it presides. The statements and conclusions of the Court are fundamentally incorrect, unsupported by evidence and inconsistent with facts. Judge Drain's attempt to defend and shield Court employees from Goodman's well-founded allegations and lawful interactions with a court order is a gross abuse of Judicial authority and a dangerous encroachment on the Executive branch.

Goodman had good cause to exercise his legal rights by contacting the Court, its employees and law enforcement with important questions and well-founded claims about

OBJECTION TO ORDER TO SHOW CAUSE AND MOTION TO DISMISS - 1

evidence that is likely to prove a fraud on the Court that was intended to alter the outcome of a case. Rather than investigating that evidence and confirming or refuting Goodman's well-founded allegations, Judge Drain has unjustly and illegally enjoined Goodman with the prior restraint of his first amendment rights to speak to people on their publicly listed telephone numbers and with their voluntary participation.

## PARTIES AND NON-PARTIES

George Webb Sweigert ("Webb") is the pro se plaintiff in this matter. Webb is also the pro se plaintiff in another matter before Judge Drain, Sweigert v Cable News Network ("Webb v CNN") *See Sweigert v Cable News Network*, *20-cv-12933*. Webb is not an attorney, has no legal training and has a history of filing defective, frivolous pro se cases that are quickly dismissed; *See George Sweigert v. John Podesta, et al, SWEIGERT et al v. PEREZ et al, SWEIGERT et al v. PODESTA et al, SWEIGERT v. MCCABE et al*. An example of Webb's authentic signature and personal writing style can be seen in a filing made via U.S. Postal Service ("USPS") on March 11, 2021, *See Sweigert v Cable News Network*, *No. 20-cv-12933 ECF No. 6*. **(EXHIBIT A)**

Jason Goodman ("Goodman") is the putative defendant in the matter; however, Goodman has not been served, the filing fee has not been paid and the Complaint is defective ab initio.

Non-party David George Sweigert ("David") is Webb's brother (hereinafter collectively referenced as "Sweigert Brothers") and shares a nearly identical name that has led to substantial confusion in this Court and other U.S. District Courts. David is the vexatious non-party who attempted to intervene in Webb v CNN one week after the initial filing of the case. *See Sweigert v Cable News Network, No. 20-cv-12933 ECF No. 3*. David is not a member of the Bar but, by his own admission has attended law school and has extensive experience doing legal research, formulating litigation strategies, and writing pro se pleadings. David is also a retired Air Force

OBJECTION TO ORDER TO SHOW CAUSE AND MOTION TO DISMISS - 2

IT specialist, professional hacker, social engineer, and author of The Ethical Hacker's Field Operations Guide (https://drive.google.com/file/d/1BeVtzd7TKGpMvNonaUdD-Ls2RlGJm7JM/view?usp=sharing).  The book is a detailed manual that describes tactics and methods that enable readers to send and receive clandestine messages, penetrate complex computer networks, and evade detection among other things.

Non-party Richard Loury ("Loury") is believed to be the Pro Se Litigation Administrator at the Court and the Author of ECF No. 12 and ECF No. 44 in Webb v CNN as revealed by the document properties inspector of Adobe Acrobat DC and Acrobat Professional software.

Non-party Kim Grant ("Grant") is believed to be Loury's supervisor at the court.

Non-party Kinikia Essix ("Essix") is the Administrative Clerk of the court.

## THE COURT SHOULD NOT SANCTION GOODMAN

The Court should not sanction Goodman because he did not harass anyone or do anything illegal.  Goodman did not violate any state or federal law or commit any civil tort.  Even if the Court allows Webb's Complaint to survive, it does not have personal jurisdiction over Goodman because he is not a citizen of Michigan and did not violate any law or civil tort in Michigan. This Court does not have subject matter jurisdiction because Webb has failed to form a cognizable claim or properly file the case.  Goodman's evidence-based allegations made in good faith in an Amicus Brief are immune to defamation claims, even if the allegations are proven false.  Michigan is not the proper venue for this case because neither Webb nor Goodman live in Michigan and there was no harm done in Michigan.  The Court cites United States v. Aleo, et al. in describing bad faith, however the Court overlooks the findings of the Sixth Circuit which stated, "Even if Freeman's motion was meritless, and even if Freeman should have known this, the court has not given any evidence to support its position that Freeman filed the motion to

OBJECTION TO ORDER TO SHOW CAUSE AND MOTION TO DISMISS - 3

harass". *See United States v. Aleo, (6th Cir. 2012).* Goodman's claims have merit. The Court presented no evidence supporting its allegations Goodman harassed anyone. Goodman contacted Court employees asking questions related to suspicion of criminal activity on the ECF docket.

Above all else, pursuant to Article II of the U.S. Constitution, the Executive Branch enforces laws created by the Legislative. Judge Drain violated the separation of powers doctrine and exceeded his Judicial authority by policing Goodman's interaction with Court personnel. The Court has no authority to sanction Goodman for lawful acts, even those it dislikes.

## BACKGROUND

On October 31, 2020, Webb filed a defective, time barred complaint against CNN alleging defamation and other things. *See Sweigert v. Cable News Network, Inc, 20-cv-12933.* One-week later, David attempted to intervene in the case claiming related litigation and hoping to change the venue to the Southern District of New York ("SDNY") and involve Goodman. *See Sweigert v. Cable News Network, Inc, 20-cv-12933 ECF No. 3.* The Sweigert Brothers have claimed that they are estranged and have virtually no contact, but a reasonable observer is likely to conclude that the intervention was coordinated with the initial filing.

On June 4, 2021, the Court issued a Show Cause Order *See 2:20-cv-12933 ECF No. 10* which threatened dismissal for failure to timely serve Defendant CNN. Webb responded with ECF No. 12; however, the document has numerous suspicious characteristics. Goodman's attention was drawn to the name "RichardLoury" in the Author field of the properties inspector in Adobe Acrobat software. Further examination of the docket and information learned from calls with Court employees has revealed evidence likely to prove that the Sweigert Brothers conspired with Loury to fraudulently influence the outcome of this and other cases. Goodman alleges this instant action is an attempt to prevent exposure of supporting facts and evidence.

OBJECTION TO ORDER TO SHOW CAUSE AND MOTION TO DISMISS - 4

## AUTHOR OF A PDF DOCUMENT

It is important to clarify the distinction between Authoring ("Author") a PDF document and filing a PDF document. Two clerks in the Eastern District of Michigan have confirmed by telephone that it is their normal duty to file litigants' documents on the ECF docket, but they are strictly prohibited from Authoring, editing, or otherwise assisting in the creation or manipulation of documents for anyone in any way. This matches similar statements other clerks in other U.S. District courts have previously told Goodman. The Author of a filing should only be the litigant if pro se or otherwise their counsel. Filing a PDF document would not make the filer the Author.

Typing a document on a computer and saving it as a PDF normally would make the logged in user the PDF document's Author. Scanning a paper document and saving it as a PDF makes the person operating the scanner the Author. Editing a PDF document, including adding or removing pages, or combing documents and saving a new version, would make the Editor the Author. Unless the feature is disabled or the Author deliberately eliminates their own name, the information is automatically stored within the document. Copying a PDF from one computer to another, including the server hosting the ECF docket, would not make the clerk who copied that file the Author. Webb must be compelled to explain how Loury's name got onto the document.

## OTHER SUSPICIOUS ASPECTS OF PLAINTIFF FILINGS

ECF No. 12 initially raises suspicion because its lawyerly composition contrasts the layperson's stream of consciousness writing style of ECF No. 6 which rambles on but fails to form any cognizable claim. By comparison, ECF No. 12 is concise, properly plead and satisfies the Show Cause Order without losing focus. It also includes a signature that does not match Webb's handwriting as seen on ECF No. 6 and elsewhere. Curiously, ECF No. 6 was drafted on

OBJECTION TO ORDER TO SHOW CAUSE AND MOTION TO DISMISS - 5

February 18, 2022, filed on March 11, 2022 and was not entered on the docket until April 1, 2022. **(EXHIBIT B)**

Goodman has never met Loury and was not aware of Loury until he observed his name in the Author field of ECF No. 12. No clear explanation has been given as to why the name of a clerk of the Court would appear as the Author on a pro se litigant's document. Its presence indicates that Loury not only filed the document which he does not deny, but that he was the creator of the PDF document, not Webb as sworn under penalty of perjury. The Court, litigants and public viewers of the docket are given no indication that pro se plaintiff Webb was assisted in drafting, editing, or otherwise Authoring his pleadings. Loury is not an attorney so any assistance provided by him would violate Michigan legislature section 600.916 which prohibits the practice of law without a license and is punishable by a $7500 fine or up to 93 days in jail.

### ERRONIOUS CONCLUSIONS IN THE ORDER TO SHOW CAUSE

#### The Court incorrectly concluded that there was a history of litigation between the parties

The Court is in error when it cites a "history of acrimonious and vexatious litigation" between Goodman and Webb while referencing a case between Goodman and Webb's brother David. The Court incorrectly cited unrelated litigation that does not demonstrate an acrimonious history between the parties. This is a clear error and should be stricken from the record.

#### The Court incorrectly concluded that Goodman "harassed" Court personnel

The Order to Show Cause states that Goodman "has contacted Court personnel complaining about the manner in which pro se documents are filed on the Court's electronic case management docketing system." This is false. On June 28, 2021, Goodman contacted the court to make an inquiry about electronic filing procedures for pro se litigants. The person who answered the phone identified himself as Judge Parker's Case Manager. He said Loury was now

OBJECTION TO ORDER TO SHOW CAUSE AND MOTION TO DISMISS - 6

the pro se litigation manager, and it was normal for him to file PDF documents on the docket for pro se litigants but absolutely forbidden for him to Author PDF documents for anyone.

Goodman called the court again on June 30, 2021 and spoke with Loury. Loury admitted that he was aware of Webb v CNN and when directly asked "Have you interacted with George Webb Sweigert on this?" Loury responded, "yes I have" but then resisted further questions regarding the nature and purpose of that interaction. It may not be unusual for the Pro Se Litigation manager to speak or interact with a pro se litigant, but this is normally limited to answering procedural questions or inquires related to filing and local rules. To the best of Goodman's knowledge, no District Court in the United States allows Court employees, particularly not those who are not attorneys, to assist in the creation of litigants' documents.

On January 28, 2022 Webb filed an amended complaint in Webb v CNN *See ECF No. 44*. Once again, "RichardLoury" appears in the Author field of the document. **(EXHIBIT C)**

This second appearance of Loury's name prompted Goodman to call again. Due to the suspicious nature of Loury's answers during the first call, Goodman chose to contact him outside of Court hours, considering the possibility that the Court phones might be recorded, and Loury may be reluctant to talk at work. The call was extremely brief. After a polite greeting, Goodman asked how Loury's name got on ECF No. 44. Loury did not respond and immediately hung up.

In a phone call on February 1, 2022, Loury's supervisor Grant stated without equivocation that Loury was empowered to edit litigants' documents in ways that included combining multi-document submissions into single filings, separating large submissions into multiple smaller files, and scanning mailed items. When asked, Grant could not clearly describe the circumstances, procedures or local rules that governed this process, nor could she cite the specific reason why Loury would have interceded to edit ECF No. 12 or No. 44. Grant could not

OBJECTION TO ORDER TO SHOW CAUSE AND MOTION TO DISMISS - 7

explain why Loury, or any other clerk, was not named as Author on ECF No. 6, a filing that was

scanned after being sent via USPS by Webb. Grant's responses contradicted other clerks at the

court and caused Goodman to believe she either did not know the rules or was ignoring them.

To obtain clarity regarding the rules of the Court and clerks' ability to Author or edit PDF

documents, Goodman contacted Essix because her name is published at the top of the Court's

web site and Goodman believed her to be the supervisor of all clerks at the Court. Goodman

contacted her office by telephone several times over the course of many days. Frustrated by the

lack of response, Goodman utilized publicly available telephone directory websites seeking an

alternate means of contacting the unresponsive Essix. This resulted in an inadvertent call to her

husband. The call was brief and cordial. A prompt response came from Essix which was also

cordial. Goodman explained the issue with ECF No. 12 and Essix said she would conduct her

own investigation and get back to Goodman after that. There has been no response from Essix.

### Goodman's Actions Do Not Satisfy the Elements of Harassment

Judge Drain's unfounded and false accusations of harassment must be stricken from the

record. Michigan Penal Code 750.411h(3) specifically states "Harassment does not include

constitutionally protected activity or conduct that serves a legitimate purpose." Goodman's

allegations are made in good faith and based on unimpeachable evidence that has not been

refuted or even addressed by the Court or the accused. When Goodman filed his Amicus Brief in

Webb v CNN, he received a Pro Se Document Submission receipt. **(EXHIBIT D)**

Webb offered no evidence in his defective Complaint. The Court has also failed to

produce evidence of an electronic filing receipt along with its admonishment and illegal prior

restraint of Goodman. Goodman had a legitimate purpose to contact the Court and its

uncooperative employees. The persistently evasive nature of certain Court employees and

OBJECTION TO ORDER TO SHOW CAUSE AND MOTION TO DISMISS - 8

refusal to provide answers to legitimate questions gave Goodman reasonable motivation to exercise his legal rights to communicate with them and ultimately law enforcement. Goodman did not break any laws in obtaining the publicly published phone numbers of Court employees who refused to answer questions or return calls. Goodman did not intentionally contact any family member of any Court employee. Even if Goodman's telephone etiquette or investigative tactics are distasteful to Judge Drain or conversation participants as alleged, Goodman did nothing illegal and his actions do not rise to the level of harassment. No court employee received "repeated or continuing unconsented contact" as required by the Michigan Penal Code. Loury only received a second phone call from Goodman six months after the first when his name appeared inappropriately for a second time on ECF No. 44. The call was justified.

## PRIMA FACIE EVIDENCE OF CONSPIRACY TO COMMIT FRAUD

New documents filed after the Show Cause Order provide further evidence of an illicit conspiracy between Loury and the Sweigert Brothers. ECF No. 46 was allegedly filed by Webb on February 15, 2022. The document however bears the same January 25, 2022 date as ECF No. 44, Authored by "RichardLoury" according to document properties. An Errata Notice at ECF No. 47 corrects the date error later that same day on February 15, 2022. This filing does not match the pattern and practice of Webb and his irresponsible, wildly defective filings. This modus operandi matches David who has been admonished by Judge Valerie Caproni for similarly frequent, and duplicative filings. On information and belief, Goodman alleges the legally naïve Webb does not even know what an errata notice is or have the presence of mind to file one if he does. Goodman alleges David cooperated with Loury to file ECF Nos. 12 and 44 – 47 at least. Webb's failure to report this to the Court makes him complicit. No explanation has been given by Webb, Loury or the Court as to how or why Loury was required to interact with

OBJECTION TO ORDER TO SHOW CAUSE AND MOTION TO DISMISS - 9

any of Webb's documents causing his name to become embedded in the metadata of the filing. Webb has not provided the email receipt from the Court's Temporary Pro Se Document Upload web page as proof of filing. Webb has not explained why he used electronic filing for ECF No. 1, USPS filing for ECF No. 6 and electronic filing for all other filings. The Court has failed to provide evidence in its own possession that could prove or disprove Goodman's allegations. Judge Drain's Order must be vacated and stricken from the record due to substantial errors and the extraordinary nature of the brazenly illegal prior restraint imposed on Goodman's inalienable rights and in violation of the authority vested in the Judicial branch. The Court must strike Judge Drain's clear errors and incorrect findings and seek the true evidence that will prove or disprove Goodman's well-founded, good faith allegations of conspiracy to commit fraud on the Court.

## CONCLUSION

For the reasons stated herein, Goodman should not be sanctioned. Judge Drain's Show Cause Order must be vacated, and its false conclusions and illegal prior restraint of Goodman's Constitutional rights must be stricken from the record. Both this action and Webb v CNN should be dismissed with prejudice due to fraud on the Court and further investigation should be carried about by the appropriate authorities.


Signed this 22nd day of February 2022

Respectfully submitted,

_____

Jason Goodman, Defendant, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
(323) 744-7594
truth@crowdsourcethetruth.org

OBJECTION TO ORDER TO SHOW CAUSE AND MOTION TO DISMISS - 10

**(EXHIBIT A)**

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF MICHIGAN

### Southern Division

George Webb Sweigert

Plaintiff,

Against-    CASE 2:20-cv-12933-GAD-KGA

Cable News Network

Defendant.

---

## RESPONSE TO MOTION FOR CHANGE OF VENUE BY INTERVENOR

NOW COMES GEORGE WEBB SWEIGERT, pro se Plaintiff in SWEIGERT V CABLE NEWS NETWORK, in response to a motion to change the venue of this lawsuit to the US Court in the Southern District of New York. I moved to Michigan in September of 2020 due to numerous death threats from an ex-Navy Officer named Ken Hale in Norfolk, Virginia.

Mr. Hale has threatened to "flamethrower" my family, to "Jonestown" my family, and to "Waco" my family. I, George Webb Sweigert, have several texts from Mr. Hale threatening that he was "five minutes away" numerous times from the small island I was residing on in Maryland by the name of Cobb Island. Mr. Hale made these threats at around 10 PM on a Saturday night after driving five hours from Norfolk, Virginia. I, George Webb Sweigert, believe I have the right to relocate in order to protect myself and my family.

I provided all these death threats to Reporter Donie O'Sullivan of CNN before he wrote his article about me accusing me of somehow attacking individuals when I was working on a legitimate news story. I, George Webb Sweigert, am also a reporter like Mr. Donie O'Sullivan with CNN. CNN chose to suppress these death threats against me, and instead, falsely claimed that I somehow wished harm on the individuals involved in one of my news reports. Donie O'Sullivan completely and falsely reported this story, somehow making me the belligerent party.

Since the 2020 Donie O'Sullivan stories about me, I have received hundreds of threats online from Mr. O'Sullivan's followers. My Twitter account of four years has been hacked on destroyed. YouTube has destroyed four years of work with 4,000 videos since the completely false and misleading stories by Mr. O'Sullivan. His followers have called law enforcement in every State in the United States that I enter informing State law officials that I am somehow a terrorist for covering legitimate news stories like the 2020 Presidential Election.

Mr. Sullivan's followers continue to misrepresent that my reporting of a drug ring in the Port of Norfolk, Virginia run by an international terrorist known as Daewoo Ibrahim and his associate Imran Awan, somehow relate to a YouTube channel called Crowd Source The Truth and their reporting on an incident at the Port of Charleston. I was a guest on this show in the summer of 2017, and I clearly stated that any terrorist incident carried out by Mr. Ibrahim and Mr. Awan would occur at the Port of Norfolk, one of their drug ports. International drug smugglers Daewoo Ibrahim's family members have been convicted in terrorist bombings in the Port of Mumbai and Ibrahim's family members are also suspected of the recent bombings in Sri Lanka.

I have been predominantly been in the Carolinas and Georgia covering the Senate elections since leaving Michigan after the election. I typically cover stories in the South and winter in the South.

I, George Webb Sweigert, believe I have a right to seek refuge in Michigan from the followers of Mr. O'Sullivan. I also believe I have the right to seek refuge in Michigan from ex-Navy officers from the Port of Norfolk who has acted out on their death threats by driving within five minutes of my domicile in the summer of 2020.

Therefore, I believe the Motion For Change Of Venue should be denied, and the right and proper jurisdiction for this case should be my place of residence.

Respectfully submitted on this 18th day of February 2021

George Webb Sweigert
1671 Stearns Road
Temperance, Michigan 48182



1671 STEARNS ROAD
TEMPERANCE, MI 48182
ATTN: GW

CERTIFIED MAIL

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

7019 1640 0000 4808 1451

MAR 29 2021
CLERK'S OFFICE
U.S. DISTRICT COURT

461226-2177 0052

US DISTRICT COURT 3-11-21
ATTN: CLERK'S OFFICE
231 LA FAYETTE STREET
DETROIT, MI 48226

U.S. POSTAGE PAID
FCM LETTER
NEW ORLEANS, LA
70113
MAR 11, 21
AMOUNT
$4.15
R2305K134449-36

48226

1000

RECEIVE
MAR 29 2021
U.S. CLERK'S OFFICE
U.S. DISTRICT COURT

**(EXHIBIT B)**

Since the 2020 Donie O'Sullivan stories about me, I have received hundreds of threats online from Mr. O'Sullivan's followers. My Twitter account of four years has been hacked on destroyed. YouTube has destroyed four years of work with 4,000 videos since the completely false and misleading stories by Mr. O'Sullivan. His followers have called law enforcement in every State in the United States that I enter informing State law officials that I am somehow a terrorist for covering legitimate news stories like the 2020 Presidential Election.

Mr. Sullivan's followers continue to misrepresent that my reporting of a drug ring in the Port of Norfolk, Virginia run by an international terrorist known as Daewoo Ibrahim and his associate Imran Awan, somehow relate to a YouTube channel called Crowd Source The Truth and their reporting on an incident at the Port of Charleston. I was a guest on this show in the summer of 2017, and I clearly stated that any terrorist incident carried out by Mr. Ibrahim and Mr. Awan would occur at the Port of Norfolk, one of their drug ports. International drug smugglers Daewoo Ibrahim's family members have been convicted in terrorist bombings in the Port of Mumbai and Ibrahim's family members are also suspected of the recent bombings in Sri Lanka.

I have been predominantly been in the Carolinas and Georgia covering the Senate elections since leaving Michigan after the election. I typically cover stories in the South and winter in the South.

I, George Webb Sweigert, believe I have a right to seek refuge in Michigan from the followers of Mr. O'Sullivan. I also believe I have the right to seek refuge in Michigan from ex-Navy officers from the Port of Norfolk who has acted out on their death threats by driving within five minutes of my domicile in the summer of 2020.

Therefore, I believe the Motion For Change Of Venue should be denied, and the right and proper jurisdiction for this case should be my place of residence.

Respectfully submitted on this 18th day of February 2021

George Webb Sweigert
1671 Stearns Road
Temperance, Michigan 48182

Respectfully submitted this 18th day of June 2021,

George Webb Sweigert (pro se),
george.webb@gmail.com, 503-919-0748
1671 W Stearns Road, Temperance, MI 48182

**2:20-cv-12933-GAD-KGA** Sweigert v. Cable News Network, Inc.
Gershwin A. Drain, presiding
Kimberly G. Altman, referral
**Date filed:** 10/31/2020
**Date of last filing:** 02/16/2022

# History

| Doc. No. | Dates | | Description |
|---|---|---|---|
| 1 | *Filed:* *Entered:* | 10/31/2020 11/02/2020 | Complaint |
| 3 | *Filed:* *Entered:* *Terminated:* | 11/06/2020 11/16/2020 06/04/2021 | Motion |
| | *Filed:* *Entered:* | 11/13/2020 11/20/2020 | Fee Received |
| 4 | *Filed & Entered:* | 12/02/2020 | Regarding Parties Responsibility to Notify Court of Address Changes |
| 5 | *Filed:* *Entered:* | 12/07/2020 12/14/2020 | Request |
| 6 | *Filed:* *Entered:* | 03/11/2021 04/01/2021 | Response to Motion |
| | *Filed & Entered:* | 04/30/2021 | Certificate of Service |
| 7 | *Filed & Entered:* | 04/30/2021 | Notice of Hearing on Motion |
| | *Filed & Entered:* | 06/03/2021 | Certificate of Service |
| 8 | *Filed & Entered:* | 06/03/2021 | Notice of Hearing on Motion |
| 9 | *Filed & Entered:* | 06/04/2021 | Order on Motion - Free |
| 10 | *Filed & Entered:* | 06/04/2021 | Order to Show Cause |
| | *Filed & Entered:* | 06/07/2021 | Certificate of Service |
| 12 | *Filed:* *Entered:* | 06/18/2021 06/21/2021 | Response to Order to Show Cause |
| 11 | *Filed & Entered:* | 06/21/2021 | Summons Issued |
| 13 | *Filed & Entered:* | 06/22/2021 | Summons Issued |
| 14 | *Filed & Entered:* | 07/06/2021 | Certificate of Service/Summons Returned Executed |
| 15 | *Filed & Entered:* | 07/19/2021 | Motion to Dismiss |
| 16 | *Filed & Entered:* | 07/19/2021 | Statement of Disclosure of Corporate Affiliations |
| 17 | *Filed & Entered:* | 07/19/2021 | Notice of Appearance |
| 18 | *Filed & Entered:* | 07/19/2021 | Notice of Appearance |
| 19 | *Filed & Entered:* | 07/19/2021 | Notice of Appearance |
| 20 | *Filed & Entered:* | 07/20/2021 | Amicus Curiae Brief |
| 21 | *Filed & Entered:* | 07/21/2021 | Response to Motion |

| 22 | Filed & Entered: | 07/27/2021 | Declaration |
|----|------------------|------------|-------------|
| 23 | Filed & Entered: | 08/04/2021 | Reply to Response to Motion |
|    | Filed & Entered: | 09/21/2021 | Certificate of Service |
| 24 | Filed & Entered: | 09/21/2021 | Notice of Hearing on Motion |
| 25 | Filed & Entered: | 10/19/2021 | Request |
| 26 | Filed:<br>Entered: | 10/20/2021<br>10/21/2021 | Declaration |
| 27 | Filed:<br>Entered: | 10/25/2021<br>10/26/2021 | Declaration |
|    | Filed:<br>Entered: | 11/01/2021<br>11/02/2021 | Certificate of Service |
| 28 | Filed & Entered: | 11/01/2021 | Notice of Hearing on Motion |
| 29 | Filed & Entered: | 11/02/2021 | Declaration |
| 30 | Filed & Entered: | 11/02/2021 | Response (Free) |
| 31 | Filed & Entered: | 11/15/2021 | Declaration |
| 32 | Filed:<br>Entered: | 11/18/2021<br>11/19/2021 | Declaration |
| 33 | Filed & Entered: | 12/02/2021 | Declaration |
| 35 | Filed:<br>Entered: | 12/13/2021<br>12/14/2021 | Motion to Amend/Correct |
|    | Filed & Entered: | 12/14/2021 | Certificate of Service |
|    | Filed & Entered: | 12/14/2021 | Certificate of Service |
| 34 | Filed & Entered: | 12/14/2021 | Notice of Hearing on Motion |
| 36 | Filed & Entered: | 12/28/2021 | Response to Motion |
| 37 | Filed & Entered: | 12/29/2021 | Reply to Response to Motion |
| 38 | Filed & Entered: | 01/03/2022 | Docket Annotation |
| 39 | Filed & Entered: | 01/04/2022 | Declaration |
| 40 | Filed & Entered: | 01/10/2022 | Declaration |
| 41 | Filed:<br>Entered: | 01/12/2022<br>01/13/2022 | Motion to Extend |
| 42 | Filed & Entered: | 01/18/2022 | Declaration |
|    | Filed & Entered: | 01/19/2022 | Text-Only Notice of Hearing Cancelled |
|    | Filed & Entered: | 01/19/2022 | Certificate of Service |
| 43 | Filed & Entered: | 01/25/2022 | Response to Motion |
| 44 | Filed & Entered: | 01/28/2022 | Amended Complaint |
| 45 | Filed & Entered: | 02/15/2022 | Motion |
| 46 | Filed:<br>Entered: | 02/15/2022<br>02/16/2022 | Response to Motion |
| 47 | Filed:<br>Entered: | 02/15/2022<br>02/16/2022 | Notice (Other) |
| 48 | Filed:<br>Entered: | 02/15/2022<br>02/16/2022 | Notice (Other) |
| 49 | Filed: | 02/16/2022 | Motion to Strike |

| | *Entered:* | 02/17/2022 | | |
|---|---|---|---|---|
| [50](#) | *Filed:* | 02/16/2022 | ● | Notice (Other) |
| | *Entered:* | 02/17/2022 | | |
| [51](#) | *Filed:* | 02/16/2022 | ● | Exhibit |
| | *Entered:* | 02/17/2022 | | |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 02/22/2022 12:02:32 | | |
| **PACER Login:** | jasongoodman | **Client Code:** | |
| **Description:** | History/Documents | **Search Criteria:** | 2:20-cv-12933-GAD-KGA |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

**(EXHIBIT C)**

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION
### AT DETROIT

:                           Defendant.

George Webb Sweigert,      :
CASE

:                          :

:                          :

:                          :

Plaintiffs,                :
                           CASE NO.2:21-cv-12933

:                          JUDGE GERSHWIN DRAIN

:

v.                         PLAINTIFF'S AMENDED
                           COMPLAINT

                           DEFAMATION AND FALSE

:

:

CABLE NEWS

:



**(EXHIBIT D)**



**From:** no-reply@mied.uscourts.gov
**Subject:** Pro Se Document Submission
**Date:** July 20, 2021 at 12:51 PM
**To:** truth@crowdsourcethetruth.org

# Pro Se Document Submission

Filer's Name: Jason Goodman

Filer's Email: truth@crowdsourcethetruth.org

Filer's Phone: 323-744-7594

Case Number: cv 12933-GAD-KGA

Filer's Signature: S/ Jason Goodman

---

File 1: Uploaded as "Amicus Brief Goodman with Exhibit.pdf", saved and attached as "File_1_ProSe_20210720_11_10_15_213.pdf"
Description: Amicus Curiae brief from Pro Se non-party Jason Goodman

I agree to each of the following:

1. I am intending to file the attached document(s) with the court.
2. I am not a licensed attorney, e-filer or submitting on behalf of an incarcerated party.
3. If filing a new case and paying the filing fee, the payment information will be sent in a separate email. Do not upload summons until payment of the filing has been received or directed to do so by the Court.

For technical assistance, please call (313) 234-5025.