UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

D George Sweigert,

                Plaintiff,

    -against-

Jason Goodman,

                Defendant.

1:18-cv-08653 (VEC) (SDA)

**OPINION AND ORDER**

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE:**

Pending before the Court is a motion by Defendant Jason Goodman ("Defendant"), pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, to "strik[e] scandalous material from the docket." (Def.'s Mot. to Strike, ECF No. 373.) For the reasons set forth below, Defendant's motion is DENIED. In addition, it is hereby ORDERED that Defendant must seek leave before making any filings that have not previously been ordered by the Court.

**BACKGROUND**

On January 19, 2022, District Judge Caproni ordered the parties each to show cause before the undersigned why the Court should not enter an order requiring the parties to seek leave before making any filings that have not previously been ordered by the Court. (*See* Opinion & Order to Show Cause, ECF No. 358.) After the parties responded, an Order was entered by me on February 17, 2022, stating that "the Court will not impose a filing injunction at this time," but also "warn[ing] [the parties] that further frivolous filings will result in the imposition of sanctions, without any further opportunity for the parties to be heard." (*See* 2/17/22 Order, at 2.) The February 17 Order also stated that, "[n]ow that discovery in this action is complete, the Court expects the parties to limit their filings to those ordered by the Court or that are necessary to

advance this case to trial." (*See id*.) On February 23, 2022, Defendant filed the motion now before the Court seeking to strike certain language contained in prior decisions issued by the Court. (*See* Def.'s Mot. to Strike at 2.) This motion is unrelated to the trial of this case.

## LEGAL STANDARDS

Under Rule 12(f) of the Federal Rules of Civil Procedure, on a motion or *sua sponte*, a court "may strike from ***a pleading*** an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis supplied). Thus, as the Court noted in a prior Opinion and Order in this case, "Rule 12(f) is limited to 'pleadings[,]' as defined by Federal Rule of Civil Procedure 7(a) . . . ."[1] *Sweigert v. Goodman*, No. 18-CV-08653 (VEC) (SDA), 2021 WL 4295262, at *2 (S.D.N.Y. Sept. 21, 2021); *see also* 5C Charles Alan Wright, et al., *Federal Practice and Procedure* § 1380 & n.8.50 (3d ed.) (stating, "Rule 12(f) motions only may be directed towards pleadings as defined by Rule 7(a); thus, motions, affidavits, briefs, and other documents outside the pleadings are not subject to Rule 12(f)," and collecting cases). Even where a motion to strike properly is made, "Federal Courts have discretion in deciding whether to grant [a] motion[] to strike." *Sweigert*, 2021 WL 603069, at *1 (S.D.N.Y. Feb. 16, 2021) (citation omitted).

## DISCUSSION

Defendant's Rule 12(f) motion to strike is not addressed to any pleading in the case. Rather, it is addressed to language contained in prior decisions of the Court. As such, Defendant's motion is without proper legal basis. *See Act Now to Stop War & End Racism Coal. v. D.C.*, 286 F.R.D. 117, 132 (D.D.C. 2012), *vacated in part on other grounds*, 846 F.3d 391 (D.C. Cir. 2017)

---

[1] Rule 7(a) defines pleadings as the complaint, answer, answer to crossclaims and counterclaims, third-party complaint, answer to third-party complaint, and replies when ordered by the court. *See* Fed. R. Civ. P. 7(a).

("This Court searched, in vain, for a single case where a party used a Rule 12(f) motion to strike unflattering passages from a judicial opinion. There is not a shred of law, not a colorable argument that Rule 12(f) has anything to do with judicial opinions or non-party submissions."). Accordingly, Defendant's motion to strike is DENIED.

Defendant was given a final warning by the Court in its February 17 Order "to limit [his] filings to those ordered by the Court or that are necessary to advance this case to trial." (*See* 2/17/22 Order at 2.) By filing the instant motion, Defendant has failed to heed that warning. Thus, hereafter in this case, Defendant must seek leave before making any filings that have not previously been ordered by the Court.

## **CONCLUSION**

By reason of the foregoing, Defendant's motion to strike (ECF No. 373) is DENIED. In addition, it is hereby ORDERED that Defendant must seek leave, in the manner described on page 22 in the Court's Order to Show Cause (ECF No. 358),[2] before making any filings that have not previously been ordered by the Court.

---

[2] To reiterate, such requests must include: (a) a one-page motion titled "Motion for Leave to File" that explains why the party should be permitted to file the letter or motion; and (b) a one-page statement, made under the penalty of perjury, stating (i) that the filing is not unnecessarily duplicative or piecemeal; (ii) that the submission is not frivolous or made in bad faith or for any improper purpose, and (iii) that the filing complies with this Court's orders, the Federal Rules of Civil Procedure, and this Court's Local Rules. (*See* Opinion and Order to Show Cause at 22.)

The Clerk of Court is respectfully requested to mail a copy of this Order to the *pro se* Defendant.

**SO ORDERED.**

DATED:   New York, New York
February 24, 2022

*Stewart D. Aaron*
_____
STEWART D. AARON
United States Magistrate Judge