**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/23/2022

UNITED STATES DISTRICT COURT
FOR THE SOUTHERRN DISTRICT OF NEW YORK

D. George Sweigert,
                           Plaintiff,
     -against-                       CASE: 18-cv-08653-VEC-SDA

Jason Goodman                        HON. VALERIE E. CAPRONI
                           Defendant.

MOTION FOR RECONSIDERATION
OF A JUDICIAL ORDER (ECF. NO. 379 AND 381)

Hereby sworn under oath on this twenty-second day of March, 2022 (3/22/2022).

*[signature: D. Sgt]*

**D. G. SWEIGERT, C/O
AMERICA'S RV MAILBOX, PMB 13339
514 Americas Way, Box Elder, SD 57719
Spoliation-notice@mailbox.org**

# MOTION FOR RECONSIDERATION
# OF A JUDICIAL ORDER (ECF. NO. 379 AND 381)

**Pursuant to the Federal Rules of Civil Procedure the *pro se* Plaintiff hereby invokes Rule 60(b) to respectfully request this Court revise ORDERS ECF no. 379 and 381 to have the practical effects of DISMISSED WITHOUT PREJUDICE.**

The pro se Plaintiff requests this Court review *Gravatt v. Columbia University,* 845 F.2d 54 (1988), Second Circuit · No. 533, Docket 87-7677 845 F.2d 54.  In *Gravatt* the presiding judge converted a request for voluntarily withdrawal without prejudice as a request with prejudice.

*Pro se* Plaintiff asserts that the presiding judge acted in a like manner in deciding **ECF 379 and 381** without the benefit of the presentment of the claims at trial. Thus, a WITH PREJUDICE determination as to merits seems inappropriate under *Gravatt.*

*Pro se* Plaintiff asserts that his rights were abridges when the presiding judge did not offer the undersigned an opportunity to understand the practical effects of the significance of WITH or WITHOUT PPREDICE dismissal and allow a withdrawal of the offers of dismissal and surrender of claims made by the *pro se* Plaintiff.

Respectfully submitted March 22, 2022 (3/22/2022) under the penalties of perjury.

*[signature: D. Swt]*

**D. G. SWEIGERT, C/O**
**AMERICA'S RV MAILBOX, PMB 13339**
**514 Americas Way, Box Elder, SD 57719**

### CERTIFICATE OF SERVICE

I, hereby certify, under penalties of perjury, that a true copy of the accompanying documents has been filed electronically with pdf copies to all parties.

Defendant
JASON GOODMAN
252 7TH AVENUE APT 6S
NEW YORK, NY 10001
(323) 744-7594
truth@crowdsourcethetruth.org

I hereby attest that the foregoing was transmitted via e-mail message March 22, 2022 (3/22/2022) under the penalties of perjury.

*[signature: D. Swt]*

**D. G. SWEIGERT, C/O**
**AMERICA'S RV MAILBOX, PMB 13339**
**514 Americas Way, Box Elder, SD 57719**

Mr. Sweigert's motion for reconsideration of the Court's orders dismissing his claims with prejudice is DENIED. After almost four years of litigation, 381 filings, and on the eve of trial, Mr. Sweigert voluntarily withdrew his claims in this action. *See* Mem. of Law, Dkt. 378 ("[W]ith this motion the Plaintiff surrenders all his claims with regards to defamation and defamation per se in favor of adjudication addressed by NYCRL Sec. 50 and 51."); Notice, Dkt. 380 ("[T]he pro se non-attorney Plaintiff hereby withdraws and surrenders all claims with regards to New York's Civil Rights Law (NYCRL) Section 50 and 51.").

"[I]f the plaintiff either moves for dismissal without prejudice or fails to specify whether the request is for dismissal with or without prejudice, the matter is left to the [court's] discretion .... The trial court may grant a Rule 41(a) dismissal without prejudice or may require that the dismissal be with prejudice." *Corrado v. New York State Unified Ct. Sys.*, 698 F. App'x 36, 37 (2d Cir. 2017) (citing 9 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2367). Moreover, "[v]oluntary dismissal without prejudice is ... not a matter of right." *Id.* (quoting *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990)).

The Court construed Mr. Sweigert's voluntary withdrawal of his claims as a request for dismissal pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. The Court found a dismissal with prejudice to be appropriate. Mr. Sweigert's claims were ripe for trial: multiple motions had been resolved, discovery had been completed, and the trial was scheduled. If the Court had dismissed Mr. Sweigert's claims without prejudice, he would be free to refile his claims in other courts and start the process from the beginning. If Mr. Sweigert truly wished to pursue his claims, he should have continued this case. The Court will not tolerate judicial gamesmanship; Mr. Sweigert does not get a judicial mulligan.

The Clerk of Court is respectfully directed to close the open motion at docket entry 382. The Clerk is further requested to mail a copy of this endorsement to the *pro se* Defendant and to note the mailing on the docket.

SO ORDERED.

Date: March 23, 2022

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE