**Pro Se Plaintiff**

D. G. SWEIGERT, C/O
MAILBOX, PMB 13339
514 Americas Way, Box Elder, SD 57719
Spoliation-notice@mailbox.org

December 24, 2022

REF:  *Sweigert v. Goodman*, No. 18-CV-8653 (VEC)

Judge Valerie E. Caproni
United States District Court
40 Foley Square, Courtroom 443
Southern District of New York
40 Foley Square
New York, NY 10007
CaproniNYSDChambers@nysd.uscourts.gov

Pre-motion letter advising the Court of a F.R.C.P. Rule 60(b)(2) or (b)(3) or (b)(6) motion

Your Honor,

Evidence has come to light in the civil trial of *Robert David Steele vs. Jason Goodman* (3:21-cv-00573-JAG Steele et al v. Goodman, John A. Gibney, Jr, presiding, ED of Virginia) that supposed spoliated video evidence is now available on a YouTube account that Mr. Goodman claimed was "destroyed by the Plaintiff" in this instant action.  Recall this video evidence was crucial to support the undersigned's allegations.  At the time, Magistrate Stewart D. Aaron could not review this video evidence as it was claimed to had been spoliated by the undersigned by Mr. Goodman, taking no responsibility.  This is a conspiracy theory pushed by Mr. Goodman on his broadcast channels.

In fact, the true status of Mr. Goodman's YouTube account is the core issue in an appeal he has filed in the U.S. Court of Appeals for the Second Circuit known as Docket 22-952, Jason Goodman, *Counter-Claimant-Counter- Defendant Appellant* v.The National Academy of Television Arts and Sciences, Inc., Academy of Television Arts & Sciences, *Plaintiffs-Appellees.*

Mr. Goodman has now stated his intention in several YouTube videos, to have Elon Musk, as C.E.O. of Twitter, "out" Your Honor as the following:

- An enemy of the state that must be impeached
- Called out for your hatred of the 1st and 4th Amendments to the U.S. Constitution
- Investigated for your conspiratorial alliance with Adam Sharp to weaponize Twitter as a state-controlled propaganda tool

1

To this end, Mr. Goodman was "hovering" around New York Twitter headquarters for two days broadcasting his desires to make personal contact with Elon Musk and serve him documents to implicate the Court in a conspiracy to take control of Twitter by agents of the F.B.I. On 11/1/2022 the N.Y.P.D. issued a disorderly conduct citation (attached) at Twitter headquarters following Mr. Goodman's violent outbursts to security staff. According to Mr. Goodman's own broadcasts the N.Y.P.D. threatened to have emergency medical services confine Mr. Goodman on a psychiatric hold.

During these YouTube tirades Mr. Goodman has brought up the subject of his YouTube channel termination, again and again – without apprising his audience of discoveries made in the *Steele v. Goodman* lawsuit. The implication is that Your Honor conspired with Adam Sharp to destroy Mr. Goodman's YouTube channel (which has recently been accessed by the Plaintiff's attorney in *Steele v. Goodman*, according to court records).

Furthermore, over two dozen videos that Mr. Goodman claimed were destroyed in this instant litigation have now suddenly resurfaced. Your Honor will recall that Mr. Goodman advised this court – several times – that this video evidence was no longer accessible via the Internet as the channel had been terminated via the actions of the undersigned and that the evidence was destroyed. This is not the case. Now, Mr. Goodman claims that Your Honor had something to do with this evidence spoliation, and broadcasts such conspiracy theories to thousands of election deniers that supported the January 6, 2021 march on the Capitol, in which Mr. Goodman was in attendance.

It is now crystal clear that Mr. Goodman has not only committed fraud upon this Court with his gross misrepresentations of the evidence spoliation; but, is creating a widespread smear campaign to destroy the Court's reputation.

Other courts have harshly criticized Goodman for his "acrimonious and vexatious litigation practices," which have extended beyond his principal antagonist to others with nominal involvement and even to Court personnel. See Order Enjoining Defendant From Contacting Court Personnel And Family at 2, *Sweigert v. Goodman*, No. 22-cv-10002 (E.D. Mich. Feb. 11, 2022), ECF No. 12 (enjoining Goodman from "obtain[ing] the personal cellular and home phone numbers of Court staff and their family members and contact[ing] them outside of Court business hours"); Order Striking Filings at 3, *Sweigert v. Multimedia Sys. Design, Inc.*, No. 2:22- cv-10642-GAD-EAS (E.D. Mich. July 20, 2022), ECF No. 46 (noting that "Goodman continues to engage in this inappropriate behavior in this case, despite the Court's command that [he] stop making harassing phone calls to Court personnel").

As Judge Analisa Torres recently observed:

"Goodman is a frequent litigant, and it is at least arguable whether he should continue to receive special solicitude from the Court. Id.; see also ECF No. 82 (adopting R&R, ECF No. 59); ECF No. 59 at 10 n.9; Goodman v. Sharp et al., 21 Civ. 10627 (S.D.N.Y.) (Goodman is a pro se Plaintiff); The National Academy of Television Arts and Sciences, Inc. et al. v. Multimedia System Design, Inc., 20 Civ. 7269 (S.D.N.Y.) (Goodman is a pro se intervenor); Sweigert v. Cable News Network, Inc., 20 Civ. 12933 (E.D. Mich.) (Goodman sought leave to file an amicus brief)." (Case 1:21-cv-10878-AT-JLC Document 83 Filed 12/20/22 Page 2 of 2)

In sum, the time is ripe for the Court to reconsider the issue of evidence spoliation and entertain a motion to set-aside the previous orders of this Court to dismiss this action.

Respectfully,

*D. Sgt*

**Pro Se Plaintiff**

**D. G. SWEIGERT**

I hereby attest that the foregoing was transmitted via PDF file and e-mail message to the below party on December 24, 2022 under the penalties of perjury.

*D. Sgt*

**PRO SE PLAINTIFF**

**D. G. SWEIGERT**

**Pro Se Defendant**
**JASON GOODMAN, CROWDSOURCE THE TRUTH**
252 7th Avenue, #6
New York, New York 10001
(323) 744-7594
truth@crowdsourcethetruth.org



